IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

In re AbbVie Inc., et al. ) Case No. 14-cv-1748
) Honorable Matthew F. Kennelly

This Document Relates to All Cases

## APRIL 1, 2014 JOINT STATUS REPORT

NOW COME counsel for Plaintiffs, Defendants AbbVie Inc. and Abbott Laboratories (the "AbbVie Defendants"), Defendants Eli Lilly and Company and Lilly USA LLC[1] (the "Eli Lilly Defendants"), and Defendant Endo Pharmaceuticals, Inc. ("Endo"), and hereby file this Joint Status Report in the above-referenced cases for the Court's consideration before the April 4, 2014 status hearing.

### A. Status of Consolidated Cases

1. The chart attached as Exhibit A identifies for each case listed in the March 14, 2014 Order of the Executive Committee: the status of service of summons or waiver of summons, whether counsel has yet appeared for the defendants, and identification (including the docket entry number) of any pending motions.

2. As explained in more detail below, on Friday, March 28, Plaintiffs' counsel filed a petition before the Judicial Panel on Multidistrict Litigation, asking for almost all of the AndroGel cases in this District to be consolidated with AndroGel cases in other districts and transferred for coordinated or consolidated pretrial proceedings. The brief in support is attached as Exhibit B.

---

[1] Erroneously sued as Lilly USA, Inc. in *Lau*, 14-cv-1298.

### B. Status of Cases Not Yet Consolidated

3. There are six AndroGel product liability cases now pending in this District that have not yet been consolidated: *Dula*, 14-cv-1726; *LaRoche*, 14-cv-1826; *George*, 14-2085; *Lueck*, 14-cv-2140; *Emmons*, 14-cv-2221; and *Darby*, 14-cv-2227.

4. *Dula* was filed against the AbbVie Defendants on March 12, 2014 and assigned to Judge Lefkow. It is substantially identical to the consolidated cases. The AbbVie Defendants were served on March 24, 2014. Counsel has not appeared. No motions are pending.

5. *LaRoche* was removed by the AbbVie Defendants on March 14, 2014 and assigned to Judge Holderman. It is substantially identical to the consolidated cases. The AbbVie Defendants have not been served, and counsel has not appeared. No motions are pending.

6. *George* was filed against the AbbVie Defendants on March 25, 2014 and assigned to Judge Dow, although captioned to be included in the consolidated proceedings. It is substantially identical to the consolidated cases. The AbbVie Defendants have not been served, and counsel has not appeared. No motions are pending.

7. *Lueck* was filed against the AbbVie Defendants on March 26, 2014 and assigned to Judge Leinenweber, although captioned to be included in the consolidated proceedings. It is substantially identical to the consolidated cases. The AbbVie Defendants have not been served, and counsel has not appeared. No motions are pending.

8. *Emmons* was filed against the AbbVie Defendants on March 28, 2014 and assigned to Judge Coleman, although the civil cover sheet notes that it is related to the consolidated proceedings. It is substantially identical to the consolidated cases. The AbbVie Defendants have not been served, and counsel has not appeared. No motions are pending.

9. *Darby* was filed against the AbbVie Defendants on March 28, 2014 and assigned to Judge Feinerman. It is substantially identical to the consolidated cases. The AbbVie Defendants have not been served, and counsel has not appeared. No motions are pending.

### C. Designation of Lead Counsel

10.     *Defendants' Position:*  Defendants submit that in light of Plaintiffs' MDL petition, it is premature to designate lead counsel for these cases.  At the appropriate time after the MDL petition is decided and assuming that the cases are assigned to this Court, lead counsel for both Plaintiffs and Defendants can be designated for pretrial proceedings.

11.     *Plaintiffs' Position:*  Plaintiffs suggest Ron Johnson and Trent Miracle as lead Plaintiffs' counsel.

### D. Motions to Dismiss or Transfer

12.     *Defendants' Position:*  At the appropriate time after the MDL petition is resolved and assuming the cases are assigned to this Court, Defendants are likely to file a motion to dismiss.

13.     Rather than filing largely duplicative motions to dismiss each complaint, in dozens of cases, Defendants submit that any consolidated proceeding and judicial economy would best be served by a single motion to dismiss.  All of these cases share a common core of allegations, and individual issues related to each Plaintiff (such as different medical conditions and differences in governing state laws) can be addressed in categorical fashion.  The alternative, filing dozens of largely duplicative motions to dismiss, would impose a significant and unnecessary burden on the Court and parties.  The use of a single motion and single briefing will save time, effort, and expense for everyone.

14.     Based on what Defendants know today, the likely grounds for the motion to dismiss may include the following: (a) failure to plead adequately that the subject products caused the complained-of injuries, (b) failure under governing state laws to plead actionable breach of warranty claims, (c) failure of claims due to the learned intermediary doctrine, (d) failure to plead claims based on fraud with the particularity that Rule 9(b) requires, (e) failure under governing state laws to plead sufficient tort-based claims, and (f) failure under state product liability statutes that bar certain claims. Defendants may develop additional grounds for the motion to dismiss through further investigation and research.

15.     In their position statement below, Plaintiffs state that they oppose any effort to utilize a master complaint for Rule 12 purposes.  Defendants have not suggested one; Defendants have simply suggested filing one brief in support of motions to dismiss certain of the complaints.  Plaintiffs also state that the adequacy of each complaint depends on the allegations of that individual complaint.  That is true, but it ignores the fact that the complaints are nearly identical, practically photocopies of each other.  Finally, none of the dismissal arguments require discovery, contrary to Plaintiffs' claims.  They will test the sufficiency of the complaints.

16.     ***Plaintiffs' Position:***  Plaintiffs oppose any effort to utilize a Master Complaint or Consolidated Pleading for purposes of Rule 12 or other dispositive motion practice.  As evidenced below, the vast majority of the issues identified by Defendants as a potential basis for dismissal are inherently individual in nature.  For example, purported deficiencies in the "adequacy" of the pleadings invariably will require a review of each Complaint in terms of whether the individual plaintiff pled sufficient facts so as to "adequately" plead causation (Topic 14(a)), Fraud (Topic 14(d)), or the elements of a particular state law tort claim (Topic 14(e)).  Similarly, several of the purported deficiencies can only be assessed *after* completion of discovery and are inherently individual in nature (*e.g.*, whether a learned intermediary defense exists and, if so, what the intermediary knew (Topic 14(c)).  Finally, to the extent Defendants contend resolution of one issue will be dispositive on current or later filed claims, it may achieve the result it wants without the need for a "single motion."  Specifically, to the extent Defendants seek to challenge purported "bars" to state tort liability (*see* Topics 14(b) (warranty claims), and Topic 14(f) (state bans on tort claims)), the outcome of that motion practice will provide guidance to current and future plaintiffs in terms of the viability of their respective causes of action.  As such, consolidated motion practice is inappropriate.  However, to the extent the Court is inclined to conduct such motion practice, Plaintiffs ask to brief the issue so as to provide guidance to the Court on the use of so-called "consolidated pleadings."  The Manual for Complex Litigation, Fourth, specifically provides that, even where a transfer by the MDL Panel

is anticipated, the Court has authority to rule on pending motions to dismiss, motions to stay and/or motions relating to discovery. *Manual for Complex Litigation, Fourth,* § 32.35.

    **E.**    **Stay of All Cases**

    17.    ***Defendants' Position:***  As noted above, on March 28, 2014, Plaintiffs filed with the Judicial Panel for Multi-District Litigation (JPML) a Petition for Centralization Pursuant to 28 U.S.C. § 1407, seeking to centralize all pending cases for pre-trial purposes in the Northern District of Illinois. (*See* Ex. B.) In the brief in support (*id.* at 4), Plaintiffs state that they expect "the number of cases will rapidly expand." They "anticipate thousands of cases will be filed in state and federal courts across the country." (*Id.* at 6.) They also state that "there is a definite need for centralized coordination of these actions [in an MDL] to avoid overlapping discovery and conflicting pretrial rulings. Judicial economy can only truly achieved … [through an MDL]. The number of Plaintiffs' counsel involved also continues to expand. Coordinated treatment is needed to ensure uniformity in discovery rulings and to avoid duplicative discovery efforts." (*Id.* at 6-7.)

    18.    Given Plaintiffs' representations to the Panel, Defendants suggest that all cases should be stayed pending resolution of Plaintiffs' Petition. If the consolidated cases are to become part of an MDL, the MDL judge—whether Your Honor or another judge—should hear any motion to dismiss and enter all case management orders. As Plaintiffs explain, they expect "thousands" more cases to be filed, and if not coordinated, those cases will have "overlapping discovery and conflicting pretrial rulings." And with the number of Plaintiffs' attorneys continuing to expand, any effort now to set schedules or begin motion practice or discovery will be doomed to repetition after more cases are filed and more attorneys appear. The only sensible, orderly way to proceed is to see if the Panel grants an MDL.

    19.    In the alternative, if this Court prefers not to stay the pending cases, the AbbVie Defendants and Endo suggest that all cases naming Defendants other than the AbbVie Defendants be stayed as to those Defendants, all other cases served on the AbbVie Defendants *before* Pretrial Order No. 1 be subject to motions to dismiss, and all cases against the AbbVie

Defendants served *after* Pretrial Order No. 1 be stayed for all purposes until this Court rules on the motion to dismiss. That ruling could dispose of some or all of the claims, define and narrow the issues going forward, or both. With the ruling in hand, the parties can confer about a sensible procedure for applying it to later-filed cases, and determine whether any further motion practice by Defendants or about later-filed complaints is necessary.

20. ***Plaintiffs' Position:*** Plaintiffs oppose a stay of any pending claims irrespective of the named Defendant(s). Currently, approximately ten percent (10%) of the cases involve "combination" cases—that is, a case in which multiple defendants may be responsible for the plaintiff's injury stemming from the plaintiff's use of more than one product. The number of combination cases will continue to increase over time. Because the mechanism of injury is the same for each manufacturer, there is no perceived benefit from staying combination cases. Additionally, Plaintiffs oppose staying discovery pending resolution of Defendants' Motion to Dismiss. Plaintiffs' Counsel—all of whom are experienced mass tort practitioners—are not aware of *any* case in which the case was disposed of vis-à-vis Rule 12 motion practice based on the failure to adequately plead negligence and related products liability claims (e.g., failure to warn or strict liability). As such, artificially delaying discovery so as to resolve Defendants' motion to dismiss is an unnecessary delay.

### F. Extension to Answer/Otherwise Plead

21. ***Defendants' Position:*** As explained above, Defendants request that these cases be stayed pending resolution of the Petition pending before the Panel. Alternatively, Defendants request a period of 90 days after the April 4, 2014 status hearing to file the motion to dismiss as described above. This amount of time is needed to ensure that the single motion adequately addresses not only the issues common to all Plaintiffs, but also the issues unique to each of the 12 Plaintiffs, who hail from 9 different states.

22. ***Plaintiffs' Position:*** Plaintiffs propose that the Court afford AbbVie the same date to Answer/Otherwise Plead that it did for Lilly; namely, Defendants be required to Answer or otherwise plead on or before April 15, 2014.

### G. Consolidation of Future Cases

23. The parties do not presently intend to file a motion to transfer any of the consolidated cases to any other District. In the event that these cases are not ordered consolidated by the JPML, it is possible that in the future Defendants might file a motion to transfer to this District substantially identical cases that may be pending or filed in the future in other Districts. The likely grounds for such motions would be the convenience of parties and witnesses, in the interest of justice, 28 U.S.C. 1404(a), and the efficiencies to be gained by including any such cases in the consolidated proceeding in this District. The AbbVie Defendants are both located in this District, but the Lilly Defendants and Endo are located outside the State of Illinois.

### H. Single Coordinated Discovery and Pretrial Schedule

24. *Defendants' Position:* At such time as the MDL petition is resolved and assuming that the cases are assigned to this Court, the parties and Court should discuss a single coordinated discovery and pretrial schedule. A single schedule will ensure that this litigation proceeds in an efficient, effective, and orderly fashion, given the number of cases on file and the number that may in the future be filed. Indeed, a single schedule should be one of the key benefits of these coordinated proceedings.

25. Plaintiffs' request for an accelerated discovery schedule, as set forth below, is particularly unworkable, in light of Plaintiffs' Petition for Centralization, and in light of the AbbVie Defendants' planned motion to dismiss. It is unreasonable to suggest, as Plaintiffs do, that while "thousands" of cases are still on the way, with the number of plaintiffs' attorneys continuing to expand, these three dozen cases should race ahead with discovery even before Defendants have an opportunity to move to dismiss, which may result in the dismissal or narrowing of the claims and issues that require discovery.

26. At such time as the MDL petition is resolved and assuming that the cases are assigned to this Court, the parties and Court should discuss a proposed discovery and pretrial schedule that should include, but not be limited to, the following:

(a) the development of uniform forms of discovery to be provided by each of the plaintiffs, including agreed Plaintiff's Fact Sheets, medical records authorizations, and compliance with any *Lone Pine* orders;

(b) reasonable limits on discovery of Defendants and Plaintiffs, including consideration of bellwether procedures to select a representative sample of case to be actively litigated after the parties have had a reasonable opportunity to discover the basic facts of all pending cases;

(c) procedures and rules for taking and coordination of depositions; and

(d) a schedule for expert discovery and *Daubert* motions.

27. ***Plaintiffs' Position***: Discovery should commence immediately. The interests of judicial economy and efficiency especially dictate moving forward with a discovery plan if it is possible the MDL is assigned to this District, as requested in the current MDL application. To effectuate this, the Court should order the Parties to meet and confer on or before April 18, 2014 to negotiate a Discovery Plan. The plan should assess the following:

a) Preliminary procedural orders including Protective Orders and ESI Protocols;

b) Creation of a preliminary custodial production list;

c) Entry of a custodial production protocol;

d) A time-line to negotiate, and agree to, Plaintiffs' Fact Sheets; and

e) General scheduling issues related to the prosecution of these cases, including *Daubert* and Trial.

28. If the parties are unable to agree to a proposed Discovery Plan, Protective Order and ESI Protocol by April 18, 2014, Plaintiffs propose that the parties submit the issue to the Court for review no later than April 25, 2014. Plaintiffs further propose the parties supply the Court with simultaneous briefings limited to twenty pages (20) outlining their respective positions on the issues set forth in Paragraph 27(a)-(e). Replies, if any, shall be simultaneously filed on May 2, 2014 and be limited to ten (10) pages. A hearing on the issue will be set at the Court's convenience.

Dated: April 1, 2014                    Respectfully submitted,

                                                               WINSTON & STRAWN LLP

                                     By: */s/ Scott P. Glauberman*
                                            James F. Hurst
                                            Thomas J. Frederick
                                            Scott P. Glauberman
                                            Bryna J. Dahlin
                                            **WINSTON & STRAWN LLP**
                                            35 West Wacker Drive
                                            Chicago, Illinois 60601
                                            Tel: (312) 558-5600
                                            Fax: (312) 558-5700
                                            sglauberman@winston.com
                                            tfrederick@winston.com
                                            jhurst@winston.com
                                            bdahlin@winston.com

                                            *Attorneys for AbbVie Inc. and Abbott Laboratories*

                                            David E. Stanley (pro hac vice)
                                            **REED SMITH LLP**
                                            355 S. Grand Avenue, Suite 2900
                                            Los Angeles, CA 90071
                                            Tel: (213) 457-8000
                                            dstanley@reedsmith.com

                                            Timothy R. Carraher
                                            **REED SMITH LLP**
                                            10 South Wacker Drive, 40th Floor
                                            Chicago, IL 60606
                                            Tel: (312) 207-6549
                                            Fax: (312) 207-6400
                                            tcarraher@reedsmith.com

                                            *Attorneys for Eli Lilly and Company and Lilly USA LLC*

                                            Andrew K. Solow
                                            **KAYE SCHOLER LLP**
                                            425 Park Avenue
                                            New York, NY 10022
                                            Tel: (212) 836-7740
                                            Fax: (212) 836-6776

*Attorneys for Endo Pharmaceuticals Inc.*

Scott A. Morgan
**MORGAN LAW FIRM, LTD.**
55 W. Wacker Drive, Suite 900
Chicago, IL 60601
Tel: (312) 327-3386
smorgan@smorgan-law.com

John Sawin
**SAWIN LAW FIRM, LTD.**
55 W Wacker Drive, Floor 9
Chicago, IL 60601-1794
Tel: (312)853-2490
Fax: (312)327-7072
jsawin@sawinlawyers.com

Trent B. Miracle
Brendan A. Smith
**SIMMONS BROWDER GIANARIS ANGELIDES & BARNERD LLC**
One Court Street
Alton, IL 62002
Tel: (618) 259-2222
Fax: (618) 259-2251
tmiracle@simmonsfirms.com

David S. Ratner (pro hac vice)
Benedict P. Morelli (pro hac vice)
David T. Sirotkin (pro hac vice)
**MORELLI ALTERS RATNER LLP**
950 Third Avenue
11th Floor
New York, NY 10022
Tel: 212-751-9800
bmorelli@morellialters.com
dartner@morellialters.com
dsirotkin@morellialters.com

Ronald E. Johnson, Jr.
Sarah N. Lynch
**SCHACHTER HENDY & JOHNSON PSC**
909 Wright's Summit Parkway, Suite #210
Ft. Wright, KY 41011
Tel: (859) 578-4444

rjohnson@pschachter.com
slynch@pschachter.com

Timothy J. Becker
Jacob R. Rusch
**JOHNSON BECKER, PLLC**
33 South Sixth Street, Suite 4530
Minneapolis, MN 55402
Tel: (612) 436-1804
tbecker@johnsonbecker.com
jrusch@johnsonbecker.com

Peter J. Flowers
**MEYERS & FLOWERS, LLC**
3 North Second Street, Suite 300
St. Charles, IL 60174
Tel: (630) 232-6333
Fax: (630) 845-8982
pjf@meyers-flowers.com

*Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I, Scott Ahmad, hereby certify that on April 1, 2014, the foregoing document was filed via the Court's CM/ECF system, which will automatically serve and send email notification of such filing to all registered attorneys of record.


*/s/ Scott Ahmad*