IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

|  |  |
|---|---|
| In re AbbVie Inc., et al. | ) <br> ) Case No. 14-cv-1748 <br> ) Honorable Matthew F. Kennelly <br> ) |

This Document Relates to All Cases

**DEFENDANTS' JOINT STATUS REPORT**

NOW COME Defendants AbbVie Inc., Abbott Laboratories, Eli Lilly and Company, Lilly USA LLC, Endo Pharmaceuticals, Inc., and Auxilium Pharmaceuticals, Inc. (collectively, "Defendants") and submit this Joint Status Report.

At the April 4 status conference, this Court directed Defendants to respond by June 4 to the complaints that were previously transferred and about to be transferred. The deadline was memorialized in Pretrial Order No. 2, paragraph 4. Then, in a minute entry on April 11, this Court directed Defendants to confer and make a proposal regarding when responses to complaints *not* referenced in Pretrial Order No. 2, paragraph 4—in other words, complaints filed after the hearing on April 4—should be due.

This issue was discussed during the April 4 conference. Counsel for AbbVie and Abbott asked Your Honor whether Defendants would be required to respond to any subsequently-filed cases while the June 4 motions to dismiss were being prepared and pending. Your Honor stated that responses to those complaints would not be required. Defendants respectfully submit that this remains the appropriate course of action. Responses to all other complaints should be due only after the Court's ruling on the June 4 motions to dismiss.

The June 4 motions to dismiss will address 39 complaints under the laws of 23 states. This Court's ruling on the motions should provide the parties with concrete guidance about which causes of action are or are not viable and what allegations will or will not suffice to state a

claim. As the parties discussed at the April 4 conference, the ruling can then be applied, in an orderly fashion, to all subsequently filed complaints and taken into account as Plaintiffs' counsel considers whether to file amended complaints (if the ruling permits it). In order for that to happen, responses to the subsequently-filed complaints must be due after the Court's ruling.

The alternative—requiring responses to complaints as those responses come due in the ordinary course—would eliminate the benefit to all subsequently-filed cases of having a ruling from the Court in the earlier set of cases. It would result in Defendants filing repetitive motions to dismiss the subsequently-filed cases, using motions that would be nearly identical to the June 4 motions. The more cases that are filed, the more motions that would be required. No party would profit from this pointless proliferation of paper.

Requiring responses to the subsequently-filed cases (of which there are eleven[1] so far, with plaintiffs' counsel reportedly planning on filing more each week) as they come due in the ordinary course would also disrupt the briefing schedule that this Court set for the June 4 motions to dismiss. For example, the summons and complaint in the *Komrada* case, No. 14-cv-02429, were served on April 8, so the answer or other pleading would be due in the ordinary course on April 29. It would be nonsensical for the motions to dismiss the subsequently-filed cases to be due well before the June 4 motions to dismiss the earlier set of cases. The efficiencies promised to this Court and the parties by the June 4 omnibus motions to dismiss would be lost.

Defendants therefore make the following proposal for complaints not referenced in Pretrial Order No. 2, paragraph 4. If the Court grants the June 4 motions to dismiss in whole or part, Plaintiffs in the subsequently-filed cases will have four weeks after the ruling to file any amended complaints permitted by the ruling, and Defendants will then have four weeks beyond that deadline to respond in the subsequently-filed cases. If the Court completely denies the June

---

[1] Two of these cases, Benn, 14-cv-00774, and *Gallagher*, 14-cv-00776, were cases that had previously been filed before the Court, voluntarily dismissed, and terminated. Those Plaintiffs moved on 4/15/14 to reopen those cases.

4 motions to dismiss, Defendants will have four weeks after the ruling to respond to the subsequently-filed complaints.

Dated: April 18, 2014                            Respectfully submitted,

                                                      WINSTON & STRAWN LLP

By: */s/ Scott P. Glauberman*
James F. Hurst
Thomas J. Frederick
Scott P. Glauberman
Bryna J. Dahlin
**WINSTON & STRAWN LLP**
35 West Wacker Drive
Chicago, Illinois 60601
Tel: (312) 558-5600
Fax: (312) 558-5700
sglauberman@winston.com
tfrederick@winston.com
jhurst@winston.com
bdahlin@winston.com

*Attorneys for AbbVie Inc. and Abbott Laboratories*

David E. Stanley (pro hac vice)
**REED SMITH LLP**
355 S. Grand Avenue, Suite 2900
Los Angeles, CA 90071
Tel: (213) 457-8000
dstanley@reedsmith.com

Timothy R. Carraher
**REED SMITH LLP**
10 South Wacker Drive, 40th Floor
Chicago, IL 60606
Tel: (312) 207-6549
Fax: (312) 207-6400
tcarraher@reedsmith.com

*Attorneys for Eli Lilly and Company and Lilly USA LLC*

Andrew K. Solow

**KAYE SCHOLER LLP**
425 Park Avenue
New York, NY 10022
Tel: (212) 836-7740
Fax: (212) 836-6776

*Attorneys for Endo Pharmaceuticals Inc.*

Tinos Diamantatos
**MORGAN, LEWIS & BOCKIUS**
77 West Wacker Drive
5th Floor
Chicago, IL 60601
Tel: (312) 324-1145
Fax: (312) 353-2067
tdiamantatos@morganlewis.com

*Attorneys for Auxilium Pharmaceuticals Inc.*

## **CERTIFICATE OF SERVICE**

  I, Scott Ahmad, hereby certify that on April 18, 2014, the foregoing document was filed via the Court's CM/ECF system, which will automatically serve and send email notification of such filing to all registered attorneys of record.


                 */s/ Scott Ahmad*