# EXHIBIT A

DRAFT 5/27/2014

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: ABBVIE, INC., PRODUCTS LIABILITY LITIGATION | Master Docket Case No. 1:14-cv-01748<br><br>Hon. Judge Matthew F. Kennelly |
| This Document Relates to All Cases | **STIPULATED PROTECTIVE ORDER** |

This matter comes before this Court pursuant to Fed. R. Civ. P. 26(c) and Northern District of Illinois Local Rule 26.2, on the parties' Agreed Motion for Stipulated Protective Order.

WHEREAS, the requests for discovery in this case may encompass documents or information that may reveal trade secrets, confidential business information, other proprietary information, or personal information;

WHEREAS, the requests for discovery in this case may encompass documents or information that are protected from disclosure by the attorney-client privilege, attorney work product, or by any other privilege;

WHEREAS, the Parties as defined herein seek a protective order limiting the disclosure thereof in accordance with Fed. R. Civ. P. 26(c);

THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED that the following Stipulated Protective Order governs confidential or privileged documents in this consolidated litigation:

1.      Definitions:

a.     "Defendant" means any named Defendant who has been named and appeared in the *In Re AbbVie, Inc. Products Liability Litigation*, CV-14-01748.

b.     "Litigation" or "*Testosterone Litigation*" means any litigation against Defendants that involve claims that testosterone replacement therapy caused or causes cardiovascular, clotting or stroke events (the "*Testosterone Litigation*").

c.     "Action" means a particular lawsuit in the Litigation commenced by a Plaintiff or Plaintiffs against any Defendant subject to this Order.

d.     "Party" means any Party to an Action, including all of its officers, directors, employees, consultants, and outside counsel (and their support staff).

e.     "Producing Party" means a Party or non-party that produces Confidential Information in this Action.  Any non-party that produces Confidential Information in this action, pursuant to subpoena, Order, or otherwise, shall be deemed a Producing Party for the purposes of this Order.  To the extent that any Party has an interest in maintaining the confidentiality of Confidential Information produced by any non-party, that Party may designate such as "Confidential" as if it was a Producing Party pursuant to this Order.

f.     "Receiving Party" means a Party that receives Confidential Information from a Producing Party.

g.     The term "Person" means any natural person, corporation, partnership, sole proprietorship, group, association, organization, business entity, governmental body, or agency.

h.     The term "Confidential" and "Confidential Information" means any information so designated by any Producing Party (as defined herein) that it reasonably and in good faith believes is of the type protectable under Rule 26(c)(1)(G) of the Federal Rules of Civil

Procedure or is required to be kept confidential by law or by agreement with a third party or otherwise. As used in the Order, the term "Confidential" means information designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" by the producing party that falls within those categories set forth in Paragraph 3, including: (a) information prohibited from disclosure by statute; (b) information that reveals trade secrets; (c) research, technical, regulatory, commercial or financial information that the party has maintained as confidential; (d) medical information concerning any individual; (e) personal identity information; (f) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; or (g) personnel or employment records of a person who is not a party to the case. Information that is available to the public may not be designated as "Confidential."

Material produced or disclosed that is subject to designation as "Confidential" pursuant to this Order includes any document, including, without limitation, any writings, video or audio tapes, electronically stored information in any form, materials, oral or written testimony, answers to interrogatories, responses to requests for admission, deposition testimony, deposition transcripts and exhibits, and other responses to requests for information or any tangible thing, produced by a Party or non-party in this Action.

The designation of material or information as "Confidential" under this Order, also includes any information copied or extracted from the designated material or information as well as copies, excerpts, summaries, or compilations thereof.

i. **"Counsel of Record"**

*Plaintiffs' Version: None*

*Defendants' Version: means (i) counsel who appear on the pleadings as counsel for a Party in an Action, and (ii) other counsel at the same law firm who are working on that Action,*

*including partners, associates, and employees of such counsel to whom it is reasonably necessary to disclose the information for this Litigation, including supporting personnel employed by the attorneys, such as paralegals, translators, legal secretaries, and legal clerks, or (iii) independent legal translators retained to translate in connection with this Action, or independent shorthand reporters retained to record and transcribe testimony in connection with this Action. "Counsel of Record" shall include (i) Plaintiff's counsel of record in other actions naming a Producing Party Defendant in substantially similar litigation who are subject to this Order or to an Order in their case substantially identical to this Order and (ii) counsel of record for a Defendant in other actions naming that Defendant in substantially similar litigation who are subject to this Order or to an Order in their case substantially identical to this Order. Liaison Counsel, Lead Counsel or any attorney designated to a steering or leadership committee shall not be considered "Counsel of Record" for the purposes of this Order unless they have appeared as counsel in an action in the Litigation in which the Producing Party Defendant is a party.*

2. <u>Scope</u>: This Protective Order applies to all Designated Confidential Information, and also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof.

3. <u>Categories and Designation of Confidential Information</u>: Pursuant to this Court's Standing Order regarding Protective Orders, documents in the following categories may be designated as confidential:

a) <u>Plaintiffs' Designations</u>: Plaintiffs may produce information that includes, personal information of the Plaintiffs, including all medical records, work history and personal information (e.g. Social Security Numbers);

b)      <u>Defendants' Designations</u>: Defendants may produce information that includes confidential strategic marketing documents; research, development, regulatory, and commercial information; safety-related documents; product formula information; trade secrets; correspondence with regulatory bodies; research, technical, commercial or financial information that has been maintained as confidential; internal sales documents; and other non-public sensitive or proprietary information.

4.      <u>Purpose is to Facilitate the Exchange of Information</u>:  This Protective Order is entered solely for the purpose of facilitating the exchange of information between the Parties to this action without involving the Court unnecessarily in this process.  Nothing in this Protective Order, nor the production of any documents or disclosure of any information pursuant to this Order, shall be deemed to have the effect of (a) an admission or waiver, including waiver under the Federal Rules of Evidence or applicable Local Rules, by any Party or other subscriber to this Order; (b) altering the confidentiality of any such information; or (c) altering any existing obligation of any party or other subscriber, or the absence of such obligation.

5.      <u>Use of Designated Confidential Information by Any Counsel of Record</u>:  All Designated Confidential Information and its contents, as well as copies, summaries, notes, memoranda, and computer databases relating thereto, shall be and remain confidential and shall not be disclosed in any fashion, except as set forth below in Paragraph 9.  All Designated Confidential Information shall be used solely for the purposes of discovery.

*__Plaintiffs' Version—Continuation of Paragraph 5__:  Notwithstanding Paragraph 5, Designated Confidential Information may be disclosed to any Plaintiff's Counsel of Record representing a party in any litigation against Defendants that involves claims that the use of testosterone caused cardiovascular, clotting or stroke events (the "Testosterone Litigation"),*

*provided, however, that the Plaintiff's Counsel of Record to whom disclosure is to be made has signed a Confidentiality Agreement, the form of which is attached as Exhibit A.*

***Defendants' Version—Continuation of Paragraph 5:*** *Persons having knowledge of Confidential Information by virtue of their participation in the Litigation, or by virtue of obtaining any documents or other Confidential Information produced or disclosed in the Litigation pursuant to this Order, shall use that Confidential Information only in connection with the Action in which it was produced, in actions in the Litigation involving the same Defendant that produced the Designated Confidential Information, or with federal or state regulatory requirements.*

6.  <u>Procedure for Designation of "Confidential" Information</u>:  Confidential Information may be designated by any Producing Party as "Confidential" by placing or affixing on each page of such Document, or on the face of such thing, the legend "CONFIDENTIAL— SUBJECT TO PROTECTIVE ORDER".  Moreover, a Party may designate Confidential Information produced by non-parties that contain that Party's Confidential Information as "Confidential".  Interrogatory answers, responses to requests for admission, deposition transcripts and exhibits, pleadings, motions, affidavits, letters and briefs that quote, summarize, or contain materials entitled to such protection may be designated "Confidential".

7.  <u>Procedure for Production and Use of Documents Among Co-Defendants</u>: Defendants shall meet and confer in good faith to reach an agreement on a separate protocol for the production and use of Confidential Information among co-defendants in the Litigation and propose a draft order to the Court within thirty (30) days of the entry of this Order.  The Parties shall meet and confer in good faith on any proposal, and Plaintiffs shall be given the opportunity

to respond to any proposed protocol to the extent it impacts Plaintiffs' use of Confidential Information in the Litigation.

8.     Permitted Redactions:

*Plaintiffs' Version:   Confidential documents that are produced pursuant to a valid Document Request, Deposition Notice or Subpoena shall be produced in their entirety with no internal redaction predicated on a claim or contention that a portion of the document is "irrelevant" or "nonresponsive" with the exception of information that is covered by the attorney client privilege, work product doctrine or is required to be redacted pursuant to federal or state statute (e.g., the Health Insurance Portability and Accountability Act of 1996 ("HIPPA")).  No party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an Order providing such special protection.*

*Defendants' Version:   Confidential documents that are produced pursuant to a valid Document Request, Deposition Notice or Subpoena shall be produced in their entirety with no internal redaction predicated on a claim or contention that a portion of the document is "irrelevant" or "nonresponsive" with the exception of information that is wholly irrelevant to this Litigation and not reasonably calculated to lead to the discovery of admissible evidence, or that is covered by the attorney client privilege, work product doctrine or is required to be redacted pursuant to federal or state statute (e.g., the Health Insurance Portability and Accountability Act of 1996 ("HIPPA")).  No party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an Order providing such special protection.*

*In particular, to protect against unauthorized disclosure of confidential personal information or invasion of the physician-patient privilege and/or individual privacy interests or rights, any of the Defendants may redact from Designated Discovery Materials names, addresses, and other identifying information pertaining to: research subjects or patients; reporters of adverse events or persons or entities identified in such reports; and other individuals or entities whose names and other identifying information are protected from disclosure by the FDA or any of the Defendants by the regulations of the Food, Drug & Cosmetics Act, including, but not limited to, 21 C.F.R. §20.63, 21 C.F.R. §20.1ll, 21 C.F.R. §20.1l2, 21 C.F.R. §50.25, 21 C.F.R. §3l4.80 and 21 C.F.R. §803.9, or by the regulations of the Health Insurance Portability and Accountability Act (HIPAA). Pursuant to 21 C.F.R. §§ 314.430(e) & (f) and 20.63(f), the names of any person or persons reporting adverse experiences of patients and the names of any patients that are not redacted shall be treated as confidential, regardless of whether the document containing such names is designated as Confidential. Except for communications between a Plaintiff and their Counsel of Record, no such person shall be contacted, either directly or indirectly, based on the information so disclosed without the express written permission of the Producing Party. Defendants may also redact information regarding their other products unrelated to products at issue in the Testosterone Litigation.*

9.    <u>General Use of Confidential Information</u> <u>Designated as "Confidential"</u>: Unless otherwise ordered by the Court or permitted in writing by the Producing Party, a Receiving Party may disclose any information or item designated "Confidential" only to:

a)

***Plaintiffs' Version—9(a):*** *the partners, associates, secretaries, paralegal assistants, employees, in-house counsel and agents of Counsel of Record in the*

*Testosterone Litigation* to the extent reasonably necessary to render professional services in the *Testosterone Litigation*.

**Defendants' Version—9(a):** *Counsel of Record in (i) the Action as to which the material was produced, or (ii) Plaintiffs' Counsel of Record in other actions in the Litigation that name the Producing Party Defendants; In-house counsel for the Defendant who are actively involved in assisting with the defense of the Defendant in the Litigation; any person who prepared, received, or reviewed the Designated Confidential Information prior to its production in the Testosterone Litigation.*

b) court officials involved in the *Testosterone Litigation* (including Judges, court reporters, persons operating video recording equipment at depositions, and any special master appointed by the Court or designated by the parties).

c) any witness testifying at a deposition in an Action, but only if (1) the witness prepared, received, or reviewed the Designated Confidential Information prior to its production in the Litigation, (2) is a current or former employees of the Producing Party, or (3) is a treating physician of the plaintiff in the Action in which the deposition is being taken. If a treating physician is shown Confidential Information at his or her deposition and declines to be bound by the provisions of this Order, that physician shall not be permitted to retain a copy of the Confidential Information disclosed to him or her at the deposition.

d) non-attorney consultants or experts retained for the purpose of assisting Counsel of Record in the Action*, provided, however, that in all such cases, the individual to whom disclosure is to be made has signed a Confidentiality Agreement, the form of which is attached as Exhibit A;

e) any third-party document vendor retained by Counsel of Record in the *Testosterone Litigation*, including vendors who use and store documents based in a "cloud-based" technology; provided, however, that such vendors shall take all reasonable and necessary steps to ensure that the document storage method they use is secure and may not be accessed by individuals who are not authorized to review Confidential Information subject to this Order and who have not executed the Confidentiality Agreement described herein, and which, at a minimum, must require each individual user to have a distinct log-in and password;

f) any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper; and

g) any employees of Defendants who are involved with the receipt, review, evaluation and reporting of adverse event reports and other patient-related information to governmental and regulatory agencies to whom Defendants may be obligated to report Plaintiffs' information as well as any governmental or regulatory agencies to whom Defendants may be obligated to report such Plaintiffs' information. The disclosure and use of Confidential Plaintiffs' information permitted under this paragraph 9(g) of this Order shall continue for as long as Defendants have an obligation to maintain, review, evaluate and disclose such Plaintiffs' information regardless of whether that Plaintiff's claims or the Litigation have been concluded. No such disclosure by Defendants' employees shall constitute a waiver of the Plaintiffs' Confidential Information or in any way expand upon any Federal or State statutory or regulatory reporting requirements.

h) Court filings or submissions, provided that any Designated Confidential information is filed and or submitted under seal. Given the complexity of these cases coupled with the scope of the anticipated production, the requirements set forth in Local Rule 26.2, along

with the Court's Standing Order governing the filing of Confidential Documents are waived and Designated Confidential material will be filed or submitted under seal without the need for a prior motion to seal.

Nothing in this provision shall require any party to disclose the identity of any expert prior to those dates set forth in the Court's Scheduling Order regarding production of expert disclosures.

10.     <u>Disclosure of Confidential Information to Outside Consultants or Experts:</u>

Before disclosing Confidential information to any outside consultant or expert, the Party wishing to make such disclosure shall use diligent efforts to determine whether the person is currently employed by or currently consults with any other Party in the *Testosterone Litigation* or any other commercial entity engaged in manufacture, marketing or sale regarding testosterone therapy of any kind and ensure that such consultant or expert will comply with the terms of this Order.

11.     <u>Jurisdiction of this Court to Hear Disputes:</u>     The Parties and each person executing the Confidentiality Agreement submit to the jurisdiction of this Court for the purposes of enforcement of this Order, either prior to or following the completion of this action. Jurisdiction of this action is to be retained by this Court after final determination for purposes of enabling any party or persons affected by this Order to apply to the Court at any time for such direction or further decree as may be appropriate for the construction or enforcement of this Order or for such additional relief as may become appropriate.

12.     <u>Attendance at Depositions:</u>     Only the Parties and persons described in Paragraph 9, including the court reporter and the witness, shall be present at depositions. Portions of depositions shall be deemed confidential only if designated as such when the

deposition is taken or within thirty (30) business days after receipt of the transcript. Such designation shall be specific as to the portions to be protected. Deposition exhibits that are Designated as Confidential Information pursuant to this Protective Order will continue to be protected without further designation being required. The continued protection of such documents will not be dependent upon the transcript being designated as protected. Until the expiration of the 30-day period, the entire deposition will be treated as Confidential.

13.     Challenges to "Confidential" Designations: Issuance of this Protective Order will not be given binding effect as a determination of good cause for Rule 26(c) purposes. If a party moves for relief from the Protective Order's limitations, the Court will engage in an appropriate balancing of the interests between privacy and public access to make a new determination of good cause in light of the facts then before the Court. A party shall not be obligated to challenge the propriety of a "Confidential" designation at the time made, and failure to do so shall not preclude a subsequent challenge thereto. Prior to any motion regarding the designation of Confidential Information, in the event that a party disagrees with the Producing Party's designation of any document or information as "Confidential" under this Protective Order, the objecting party shall advise counsel for the Producing Party, in writing, of the objection and identify the document or item with sufficient specificity to permit identification. Within fourteen (14) days of receiving the objection, the Parties shall confer to determine whether the Producing Party will change the designation. If the dispute cannot be resolved between the Parties, within the fourteen (14) day meet and confer period, the Receiving Party (i.e. the party challenging the confidential designation) may file a motion to compel de-designation. All challenged Designated Confidential documents and information, including all references to the substance of any such Designated Confidential material shall be filed under seal as provided in Paragraph 9(h)

herein. During the pendency of any motion to compel, the designated document or item shall continue to be treated as Designated Confidential Information subject to the provisions of this Order. On the hearing of any motion to compel, the burden shall be on the Producing Party who made the designation to establish that the designated document or item should be deemed confidential.

14.     Requirement for a Privilege Log.

There is no duty to produce privileged documents or information. For any document the Producing Party designates as subject to a claim of privilege, immunity or work-product protection that is responsive to a valid Document Request the Producing Party shall supply a Privilege Log. The Privilege Log shall be supplied within [**Plaintiffs: thirty (30)**] [**Defendants: sixty (60)**] days of producing a completed Custodial File. For non-custodial documents, the Producing Party shall supply Privilege Logs on a rolling basis within [**Plaintiffs: thirty (30)**] [**Defendants: sixty (60)**] days of production. The privilege log shall identify documents or information and the basis for any disputed claim of privilege in a manner that, without revealing information itself privileged or protected, will enable the other parties to assess the applicability of the privilege or protection. The Privilege Log shall be produced in a manner that is set forth in the attached Exhibit B ("Privilege Log").

15.     Limits to Privilege Log Content.

***Plaintiffs' Version—Paragraph 15:*** *The following types of documents are deemed presumptively privileged and need not be disclosed on the privilege log: (a) communication between out-side counsel and in-house counsel; (b) internal communication between a law firm or any court approved leadership structure including, but not limited to Co-Lead Counsel, Plaintiffs' Executive Committee or Plaintiffs' Steering Committee; and (c) communication*

between a Plaintiff and their lawyer, law firm or any employee of a Court Appointed leadership firm.

   ***Defendants' Version—Paragraph 15:***  *To make document production more efficient, the parties have agreed to adopt the following protocol with respect to handling responsive documents that may include privileged information.*

   (1)  *No Party need list on a privilege log documents generated after the filing of the initial complaint relating to testosterone therapy commenced or naming that party unless such documents fall within the scope of agreed or Court-Ordered discovery.*

   (2)  *An email thread may be logged in a single entry;*

   (3)  *The following types of documents are deemed presumptively privileged and need not be disclosed on the privilege log:*

  *(a) communication between out-side counsel and in-house counsel;*

  *(b) internal communication: (i) within a law firm (ii) between a law firm or any court approved leadership structure including, but not limited to Co-Lead Counsel, Plaintiffs' Executive Committee or Plaintiffs' Steering Committee;(iii) within and among lawyers representing defendants in the Testosterone Litigation; or (iv) within a legal department of a corporation or of another organization; and*

  *(c) communication between a Plaintiff and their lawyer, law firm or any employee of a Court Appointed leadership firm.*

16.     Challenges to Privilege.

After the receipt of a privilege log, any Party may dispute a claim of privilege, however, prior to any submission to the Court for an *in camera* review, the Party disputing a claim of privilege shall provide in writing the identification of the documents for which it questions the claim of privilege and the reasons (including legal support) for its assertion that the documents are not privileged. Within twenty (20) business days of receiving notice of the dispute, the Party seeking to support the claim of privilege shall provide a written response supporting the claim of privilege (including legal support). The Parties will then meet and confer in good faith as to the claims of privilege. If agreement cannot be met after thirty days, any party may thereafter submit the Discovery Material under seal to the Court for a determination as to privilege.

17.     <u>Inadvertent Production of "Confidential" or Privileged Documents</u>: If a Producing Party inadvertently or unintentionally produces a document or information without marking it as Designated Confidential Information or marking it with the incorrect confidentiality designation, the Producing Party shall, within twenty (20) business days of discovering the inadvertent production, give notice to the Receiving Party in writing, and thereafter the Receiving Party shall treat the document according to its new designation. Inadvertent or unintentional disclosure shall not be deemed a waiver in whole or in part of the Producing Party's claim of restriction either as to specific documents and information disclosed or on the same or related subject matter.

18.     <u>Challenges to Inadvertent Production of "Confidential" or "Privileged" Material</u>. If a Producing Party inadvertently or unintentionally produces any document(s) or information the Producing Party determines was entitled to a claim of privilege or immunity from discovery (including but not limited to attorney-client privilege, work product immunity, and immunities

created by federal or state statute or regulation), the Producing Party shall, within twenty (20) business days of discovering the inadvertent production, give notice to the receiving party in writing of the Producing Party's claim of privilege or immunity from discovery. The Receiving Party shall immediately return the original and all copies in its possession of the restricted materials to the Producing Party.

*Plaintiffs' Version: However, the receiving party may retain sufficient copies to be presented to the Court in connection with any motion to compel production of the documents, or for the sole purpose of resolving any dispute arising from the claim of privilege or immunity. Such inadvertent or unintentional production may be deemed a waiver in whole or in part of the Producing Party's claim of privilege or immunity from discovery either as to specific documents and information disclosed or on the same or related subject matter based on the facts constituting the inadvertent production. In the event the Parties disagree over the attorney-client privilege or work product exception, the receiving party may move to compel the production following a proper meet and confer. If either party wishes to file the disputed documents or information as an exhibit to any such motion, it must do so under seal. Should the Court ultimately find that the document is privileged and protected from discovery the receiving party will destroy any copies it maintains, including those that it maintained for purposes of litigating the issue of whether the document was privileged or protected.*

*Defendants' Version: Inadvertent or unintentional production may not be deemed a waiver in whole or in part of the Producing Party's claim of privilege or immunity from discovery either as to specific documents and information disclosed or on the same or related subject matter based on the facts constituting the inadvertent production. This provision is, and shall be construed as, an Order under Rule 502(d) of the Federal Rules of Evidence.*

- 16 -

*Accordingly, as is explicitly set forth in Rule 502(d), a Party's production of documents, whether inadvertent or intentional, is not a waiver of any privilege or protection "in any other federal or state proceeding." Fed. R. Evid. 502(d). The fact of the inadvertent production itself cannot be the basis for a motion to compel. In the event the Parties disagree over any claim of privilege or immunity from discovery, the Receiving Party may move to compel the production following a conference between the Parties.*

19. <u>Subpoenas</u>: If another court or an administrative agency subpoenas or orders production of Designated Confidential Information which a Party has obtained under the terms of this Order, or if a Party otherwise is legally obligated to produce such Designated Confidential Information, such Party shall, within five days, give written notice to the Party or other person who designated the document as confidential of such subpoena, order or other legal process. If the Producing Party seeks to quash or modify such process or discovery request in accordance with the applicable rules and before the Receiving Party is otherwise required to comply with such process or discovery request, the Receiving Party shall withhold production or disclosure of such Designated Confidential Information during the pendency of the Producing Party's application to quash or modify such process or discovery request.

20. <u>Unauthorized Disclosure of Designated Confidential Information</u>:

***Plaintiffs' Version:*** *None.*

***Defendants' Version:*** *If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Designated Confidential Information to any person or in any circumstance not authorized under this Order, including but not limited to attorney-client privilege, work product immunity, and immunities created by federal or state statute or regulation, including, without limitation, the FDCA and HIPAA and regulations related thereto, the Receiving Party must*

*immediately (a) notify in writing the Producing Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Designated Confidential Information, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the Confidentiality Agreement that is attached hereto as Exhibit A. The Receiving Party shall keep the Producing Party apprised of its remedial efforts under (b) through (d).*

21.  <u>No Limitations on Party's Use of its Own Information</u>:  This Protective Order shall not limit a Producing Party's use of its own Designated Confidential Information.

22.  <u>Modification Permitted</u>:  Nothing in this Protective Order shall prevent any Party or other Person from seeking modification of this Protective Order or from objecting to discovery that it believes to be otherwise improper.

23.  <u>Destruction of Documents Following Conclusion of Litigation</u>: Unless otherwise agreed or order, this Order shall remain in full force and effect after dismissal or entry of final judgment not subject to further appeal.   Except as provided under Paragraph 9(g) for use in connection with regulatory reporting requirements, within 60 days after dismissal or entry of final judgment not subject to further appeal, all Designated Confidential Information, including copies of same, shall be returned to the Producing Party unless: (1) the document has been offered into evidence or file without restriction as to its disclosure; (2) the parties agree to destruction to the extent practicable in lieu of return; or (3) as to documents bearing the notations, summations or other mental impressions of the Receiving Party, that the Receiving Party  elects to destroy the documents and certifies to the Producing Party that has done so. Notwithstanding the above requirements, all Counsel of Record in the *Testosterone Litigation* may retain (1) attorney work product that refers or relates to designated Confidential Information

so long as that work product does not duplicate verbatim substantial portions of Confidential Information and (2) one complete set of all documents filed with the Court, including those filed under seal, as required by any errors and omissions carrier or to defend against any allegation of professional negligence. Any retained Confidential Information shall continue to be protected by this Order. The Clerk of this Court may return to counsel or destroy any Designated Confidential Information in its possession.

24. <u>Publicly Available Information</u>. Nothing in this Order shall preclude the disclosure by any party of publicly available documents or information.

25. <u>Third-Party Disclosure</u>. Nothing in this Order shall in any way require any Receiving Party to indemnify or hold harmless the Producing Party for the disclosure of confidential information, materials or documents by a third-party.

For the Plaintiffs:

_____     Date:_____
INSERT SIGNATURE BLOCK

For the Defendants:

_____     Date:_____
Lead Counsel for [INSERT DEFENDANT]

APPROVED the _____ day of _____, 2014.

_____
Judge of the United States District Court

# EXHIBIT A

**INSERT CAPTION**

## CONFIDENTIALITY AGREEMENT

        1.      I acknowledge that I am about to receive confidential information supplied in the above-captioned matter.

        2.      I have read the Protective Order dated _____ ("Protective Order") governing the restricted use of confidential information produced in the above-captioned litigation, a copy of which Protective Order has been provided to me. I understand the Protective Order and agree to abide by it.

        3.      I will not utilize any Designated Confidential Information or other information subject to the Protective Order for any purpose other than with respect to actions in the *Testosterone Litigation* naming [DEFENDANT NAME] or in connection with federal or state regulatory requirements. I further affirm that I will not reveal the Confidential Information to, nor discuss it with, anyone, except in accordance with the terms of the Protective Order.

        4.      I understand unauthorized disclosures of Designated Confidential Information or their substance constitute contempt of court.

        5.      I submit to the jurisdiction of the United States District Court for the Northern District of Illinois, as necessary to enforce the provisions of the Protective Order.

Dated:_____          _____

                                       Signature

                                       _____

                                       Printed Name

                                       _____

                                       Address

                                       _____

                                       City, State, Zip

                                       _____

**Error! Unknown document property name.**

EXHIBIT A

Telephone Number

Privilege Log

| Number | BEGBATES | ENDBATES | DOCUMENT DATE | TITLE | CUSTODIAN NAME | DUPLICATE CUSTODIAN NAME(S) | AUTHOR | TO | FROM | CC | BCC | DOCUMENT TYPE (File Extension) | PRIVILEGE WITHHELD REASON | PRIVILEGE - NARRATIVE DESCRIPTION |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | |