# APPENDIX A

# APPENDIX A
# CHART OF MOTION TO DISMISS PLAINTIFFS

| Plaintiff | Residence | Age | Injuries Alleged | Medication |
|---|---|---|---|---|
| 1. Aurecchia | Rhode Island | 63 | myocardial infarction | AndroGel |
| 2. Marino | Missouri | 50 | transient ischemic attack | AndroGel |
| 3. Myers | Texas | 61 | myocardial infarction | AndroGel |
| 4. Cripe | Kansas | 42 | spinal cord infarction; paralysis | AndroGel |
| 5. Johnson | New Mexico | 61 | myocardial infarction | AndroGel |
| 6. Kelly Sr. | Pennsylvania | 60 | myocardial infarction | AndroGel |
| 7. Gibby | North Carolina | 61 | pulmonary embolism, deep vein thrombosis | AndroGel |
| 8. Hardee | Georgia | 50 | stroke | AndroGel |
| 9. Lau | Florida | 43 | cerebrovascular accident | AndroGel, Axiron |
| 10. Bartholic | Kansas | 52 | myocardial infarction | AndroGel |
| 11. O'Donnell | Massachusetts | 45 | myocardial infarction | AndroGel |
| 12. Blades | Wyoming | 60 | blood clots in lungs and legs; deep vein thrombosis | AndroGel |
| 13. Carpenter | California | 56 | blood clots in lungs and legs; deep vein thrombosis | AndroGel |
| 14. Humphries | Texas | 46 | blood clots in legs and arm | AndroGel |
| 15. Dobbs | Indiana | 42 | deep vein thrombosis; pulmonary embolism | AndroGel |
| 16. Headley | Colorado | 54 | deep vein thrombosis, pulmonary embolism | AndroGel |
| 17. Hughes | Minnesota | 57 | blood clots in lungs | AndroGel |
| 18. Jackson | Ohio | 53 | stroke, deep vein thrombosis | AndroGel |
| 19. Gordon, M. | Arizona | 56 | blood clots, pulmonary embolism | AndroGel |
| 20. Jones | New Hampshire | 54 | pulmonary embolisms | AndroGel |
| 21. King | Oregon | 39 | blood clots in lungs and legs | AndroGel |
| 22. Lewis | North Carolina | 57 | stroke | AndroGel |
| 23. Saylor | Texas | 54 | pulmonary embolisms | AndroGel |
| 24. Cataudella | Arizona | 74 | pulmonary embolism | AndroGel, Fortesta |
| 25. Bailey | California | 50 | myocardial infarction | AndroGel |
| 26. Gordon, J. | Ohio | 63 | myocardial infarction | AndroGel |
| 27. White | New York | 56 | cerebrovascular accident | AndroGel |
| 28. Montgomery | Michigan | 60 | cerebrovascular accident | AndroGel |
| 29. Ortiz | California | 52 | stroke | AndroGel |
| 30. DeLeon | New York | 47 | myocardial infarction | AndroGel |
| 31. Dula | Georgia | 49 | myocardial infarctions | AndroGel |
| 32. LaRoche | Texas |  | myocardial infarction; stenosis of the left carotid artery; coronary artery disease (resulting in death) | AndroGel |
| 33. George | California | 38 | stroke | AndroGel |
| 34. Lueck | Ohio | 45 | myocardial infarction (resulting in death) | AndroGel |
| 35. Emmons | Rhode Island | 46 | myocardial infarction | AndroGel |
| 36. Darby | Colorado | 55 | myocardial infarction | AndroGel |
| 37. Parker | Nevada |  | myocardial infarction | AndroGel, Testim |
| 38. DeForest | Tennessee | 48 | heart attack | AndroGel |
| 39. Covey | Texas | 57 | deep vein thrombosis | AndroGel |

# APPENDIX B

**APPENDIX B**
**ADDITIONAL AUTHORITY IN STATES SUBJECT TO MOTION TO DISMISS THAT RECOGNIZE THE LEARNED INTERMEDIARY DOCTRINE**

**Arizona**: *Dyer v. Best Pharmacal*, 577 P.2d 1084, 1088 (Ariz. App. 1978).

**California**: *Brown v. Superior Court*, 751 P.2d 470, 477 n. 9 (Cal. App. 1988).

**Colorado**: *O'Connell v. Biomet*, 250 P.3d 1278, 1280-83 (Colo. App. 2010).

**Georgia**: *McCombs v. Synthes*, 587 S.E.2d 594, 595–96 (Ga. 2003).

**Florida**: *Buckner v. Allergan Pharms.*, 400 So.2d 820, 822 (Fla. App. 1981).

**Indiana**: *Ingram v. Hook's Drugs, Inc.*, 476 N.E.2d 881, 887-88 (Ind. App. 1985).

**Kansas**: *Savina v. Sterling Drug*, 795 P.2d 915, 928-29 (Kan. 1990).

**Massachusetts**: *MacDonald v. Ortho Pharm. Corp.*, 475 N.E.2d 65, 68 (Ma. 1985).

**Michigan**: *Brown v. Drake-Willock Intern., Ltd.*, 530 N.W.2d 510, 516 (Mich. App. 1995).

**Minnesota**: *Mulder v. Parke Davis & Co.*, 181 N.W.2d 882, 885, fn.1 (Minn. 1970).

**Missouri**: *Janssen Pharmaceutica, Inc. v. Bailey*, 878 So.2d 31, 57 (Miss. 2004).

**Nevada**: *Klasch v. Walgreen Co.*, 264 P.3d 1155, 1159 (Nev. 2011).

**New Hampshire**: *McCue v. Norwich Pharmacal Co.*, 453 F.2d 1033, 1035 (1st Cir. 1972) (applying New Hampshire law).

**New Mexico**: *Serna v. Roche Labs*, 684 P.2d 1187, 1189 (N.M. App. 1984).

**New York**: *Spensieri v. Lasky*, 723 N.E.2d 544, 549 (N.Y. 1999).

**North Carolina**: N.C. Gen. Stat. § 99B–5(c) (1996); *see also In re Zyprexa*, 2010 WL 4052913 (E.D.N.Y.) (applying North Carolina law).

**Ohio**: *Howland v. Purdue Pharma L.P.*, 821 N.E.2d 141, 146 (Ohio 2004).

**Oregon**: *McEwen v. Ortho Pharm. Corp.*, 528 P.2d 522, 528–30 (Or. 1974); *Griffith v. Blatt*, 51 P.3d 1256, 1262 (Or. 2002).

**Pennsylvania**: *Creazzo v. Medtronic, Inc.*, 903 A.2d 24, 31-32 (Pa. Super. 2006).

**Tennessee**: *Pittman v. Upjohn Co.*, 890 S.W.2d 425, 429 (Tenn. 1994).

**Texas**: *Centocor v. Hamilton*, 372 S.W.3d 140, 168-69 (Tex. 2012).

**Wyoming**: *Rohde v. Smiths Med.*, 165 P.3d 433, 436 n. 5 (Wyo. 2007).

# APPENDIX C

# APPENDIX C
# ADDITIONAL EXPRESS WARRANTY AUTHORITY

**Arizona**: *Gilmore v. DJO*, 663 F. Supp. 2d 856, 860 (D. Ariz. 2009) (dismissing breach of express warranty claim against device manufacturer where the allegations were "conclusory" and lacked "factual content").

**Florida**: *Brady v. Medtronic, Inc.*, 2014 WL 1377830, at *8 (S.D. Fla. 2014) (dismissing claim for breach of express warranty in device case where plaintiff failed to allege "other than in a conclusory fashion" the specific express warranties made to him or his physician).

**Georgia**: *Grieco v. Tecumseh Prods.*, 2013 WL 5755436, at *7 (S.D. Ga.) (granting summary judgment to defendant on breach of express warranty claim where plaintiff alleged express warranty was created through oral statements, internet materials, and a written warranty but provided no evidence to support the allegations).

**Indiana**: *Ein v. Goodyear Tire & Rubber*, 173 F. Supp. 497, 499 (N.D. Ind. 1959) (dismissing claim for breach of express warranties, where, inter alia, "the alleged written promises and warranties [were] not set out in the complaint").

**Massachusetts**: *Anthony's Pier Four v. Crandall Dry Dock Engineers*, 489 N.E.2d 172, 175 (Mass. 1986) (to plead a claim for breach of express warranty, the plaintiff must allege "that the defendant promised a specific result."); *Exum v. Stryker*, 2013 WL 3786469, at *3 (D. Mass.) (dismissing express warranty claim where the complaint "fail[ed] to specifically identify any particular affirmation made by Defendants).

**Michigan**: *Fire Ins. Exchange v. Electrolux Home Prod. Lit.*, 2006 WL 2925286, at *9-10 (E.D. Mich.). (under Michigan law, where Plaintiff alleged breach of express warranty for failure to provide a safe product, granting motion for summary judgment because Plaintiff did not "describe where this description was found or how it was the basis of the bargain").

**Missouri**: *In re Bisphenol–A (BPA) Polycarbonate Plastic Prods. Liab. Litg.,* 687 F. Supp. 2d 897, 904 (W.D. Mo. 2009) (under Missouri law, "Plaintiffs' failure to identify any expressions made by Defendants to them about their products precludes any claim that an express warranty was made or violated."); *In re GM Anti-Lock Brake Prod. Liab. Lit.*, 966 F. Supp. 1525, 1531) (E.D. Mo. 1997) ("express warranties must be explicit" and cannot be based on allegations of omissions from advertisements).

**New York**: *Horowitz v. Stryker Corp.*, 613 F. Supp. 2d 271, 286 (E.D.N.Y. 2009) (dismissing breach of express warranty claim alleged against artificial hip implant manufacturer where plaintiff failed to describe how representation that product was "safe" was made); *Lake v. Kardijian*, 874 N.Y.S.2d 751, 755 (N.Y. Sup. Ct. 2008) ("plaintiff has not identified any specific statements [by the device manufacturer defendant] which could constitute an express warranty, and has thereby failed to establish the existence of a claim…").

**Nevada**: *Kwasniewski v. Sanofi-Aventis U.S.*, 2013 WL 2558283, at *2 (D. Nev.) (dismissing express warranty and other representation claims because "factual allegations relating to the content of these representations are entirely absent in the Complaint").

**North Carolina**: *McCauley v. Hospira*, 2011 WL 3439145, at *6 (M.D.N.C.) (granting motion to dismiss under North Carolina law because "Plaintiff does not further address the alleged express warranty or its contents and does not address at all how the warranty was made, to whom it was made, or any other details with regard to the alleged warranty. This conclusory recitation of the elements of a breach of warranty claim is simply insufficient to state a claim for breach of express warranty").

**Ohio**: *Smith v Hartz Mountain Corp.*, 2012 WL 5451726, at *4 (N.D. Ohio) (dismissing breach of express warranty claim in products case where, inter alia, plaintiffs failed to identify the specific language they allege constitutes a warranty).

**Pennsylvania**: *Luke* v. *Am. Home Prods.,* 1998 WL 1781624, at *6 (C.P. Phila.) (in case against pharmaceutical manufacturer, sustaining preliminary objection in the form of a demurrer against breach of express warranty claim because, among other deficiencies, plaintiff did not allege "what the warranty allegedly covered"); *VanScoyoc v. Gen. Foam,* 7 Pa. D. & C. 4th 621,627 (C.P. Blair 1990) (granting motion to strike breach of express warranty allegations for failure to plead sufficient facts, including, among other deficiencies, "the substance of the express warranties averred").

**Rhode Island**: R.I. General Laws § 6A-2-313.