Judge: Matthew F. Kennelly
Magistrate Judge: Sidney I. Schenkier
Lead Case: 14cv1748
Filed: 06/06/14
emt

# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

IN RE: ANDROGEL PRODUCTS
LIABILITY LITIGATION                                          MDL No. 2545

## TRANSFER ORDER

**Before the Panel:**[*]  Pursuant to 28 U.S.C. § 1407, plaintiffs in 15 Northern District of Illinois actions and plaintiffs in an action (*Barrios*) pending in the Eastern District of Louisiana move, separately, to centralize this litigation involving injuries arising from the use of testosterone replacement therapies in, respectively, the Northern District of Illinois or the Eastern District of Louisiana.  The Eastern District of Louisiana movants alternatively suggest centralization in the Eastern District of Pennsylvania.  This litigation currently consists of 45 actions pending in four districts, as listed on Schedule A.[1]

At oral argument, plaintiffs asserted that all responding plaintiffs now support centralization of all cases involving injuries arising from the use of testosterone replacement therapies, regardless of manufacturer.  Plaintiffs have variously suggested the following districts be selected as the transferee district: the Central District of California, the Eastern District of Louisiana, the Southern and Northern Districts of Illinois, the Eastern District of Pennsylvania, the District of New Jersey and the Eastern District of New York.

Defendants' positions on the motions for centralization vary significantly.  Defendants AbbVie Inc. and Abbott Laboratories Inc. (collectively Abbbot); Eli Lilly and Co. and Lilly USA LLC; and Endo Pharmaceuticals, support establishing an all-testosterone replacement therapy MDL in the Northern District of Illinois.  Defendant Actavis, Inc. opposes creation of an all-testosterone therapy MDL but does not oppose transferring cases in which plaintiff took AndroGel and one of its testosterone products, the AndroDerm patch, to an MDL involving Abbott's AndroGel product.  Defendant Auxilium Pharmaceuticals, Inc., opposes creation of an all-testosterone replacement therapy MDL but does not oppose the creation of an AndroGel-only MDL, and argues that any MDL created should be located in N.D. Illinois.  Defendants Pfizer, Inc. and Pharmacia & Upjohn Co.

---

[*]  Judge Ellen Segal Huvelle took no part in the decision of this matter.

[1]  The motions for centralization originally included two Northern District of Illinois actions (*Mecikalski* and *Reid*) that were later remanded to state court.  Additionally, in their initial motion, the Northern District of Illinois plaintiffs sought centralization of Androgel actions; these plaintiffs later changed their request to include all testosterone replacement therapy cases in the MDL.  Further, the Panel has been notified of 81 potentially related actions filed in various districts.  These and any other related actions are potential tag-along actions.  *See* Panel Rules 1.1(h), 7.1 and 7.2.

suggest creation of an MDL involving testosterone replacement gels only, opposes inclusion of cases against them in any MDL and suggest Section 1407 separation and remand of non-gel testosterone replacement therapy claims.

On the basis of the papers filed and hearing session held, we find that these actions involve common questions of fact, and that centralization of all actions in the Northern District of Illinois will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. On January 31, 2014, the U.S. Food and Drug Administration announced that it was "investigating the risk of stroke, heart attack, and death in men taking FDA-approved testosterone products." Plaintiffs filed the actions now before us in the wake of this announcement. All actions involve plaintiffs (or their survivors) who used one or more testosterone replacement therapies and contend that their (or their decedent's) use of the drugs caused their injuries, which include heart attack, stroke, deep vein thrombosis, and pulmonary embolism. All testosterone replacement therapy actions will share factual questions regarding general causation and the background science regarding the role of testosterone in the aging body (possibly including examination of the recent studies that prompted the FDA investigation), as well as involve common regulatory issues in light of the FDA's announcement and subsequent actions, if any.

We are typically hesitant to centralize litigation on an industry-wide basis. In these circumstances, however, we think it is the best solution. Plaintiffs suggest that related cases will number in the thousands. Significantly, in the actions and potential tag-along actions already filed, a number of plaintiffs used more than one testosterone replacement therapy. The other approaches proposed by the parties—centralizing only AndroGel cases (and perhaps transferring "combination cases"), separating and remanding claims against certain manufacturers, or transferring only claims related to testosterone replacement gels—could prove too procedurally complicated, might result in a *de facto* industry-wide centralization as cases involving multiple drugs become part of the MDL, or may require successive motions for centralization. All of these alternative proposals likely would delay the resolution of the common core issues in this litigation.

Our decision here is in keeping with our past decisions in similar circumstances. For instance, we recently centralized litigation involving multiple manufacturers involving a class of diabetes drugs. *See, e.g., In re: Incretin Mimetics Prods. Liab. Litig.*, 968 F. Supp. 2d 1345 (J.P.M.L. 2013) (centralizing actions against competing defendants which manufactured four similar diabetes drugs that allegedly caused pancreatic cancer). Similarly, we also have centralized other hormone replacement therapy on an industry-wide basis. *See* MDL No. 1507 – *In re: Prempro Products Liab. Litig.* (originally centralized to include only Wyeth's hormone replacement therapy products but later expanded to include other Wyeth products and the drugs of other manufacturers). Centralization of claims involving all testosterone replacement therapies will reduce potentially costly expert discovery, facilitate the establishment of a uniform pretrial approach to these cases, reduce the potential for inconsistent rulings on such matters as *Daubert* rulings, and conserve the resources of the parties, their counsel, and the judiciary.

-3-

We are sympathetic to the concerns expressed by defendants against which only a few actions have been filed, particularly their concern that the claims against them may linger in an MDL in which the majority of claims are brought against the Abbott defendants, whose AndroGel product has a substantial market share. We are confident that any issues involving these different products and defendants can be accommodated by the transferee judge in a manner that guarantees the just and efficient resolution of all cases. For instance, the transferee judge may find it advisable to establish separate discovery and motion tracks for the various products. As with any other litigation, the transferee judge retains wide discretion as to how the MDL should be defined, and if, after close scrutiny, the transferee judge determines that remand of any claims or actions involving any particular product is appropriate, procedures are available whereby this may be accomplished with a minimum of delay. *See* Panel Rule 10.1.

The Northern District of Illinois is an appropriate transferee district for this litigation. This district provides a convenient and accessible forum for actions filed throughout the country regarding products sold nationwide. A significant number of actions are pending in this district, which is also where the Abbott defendants are based. Judge Matthew F. Kennelly, an experienced MDL jurist, is presiding over most of the actions pending in this district and already has taken initial steps to organize this litigation. We are confident that he will steer this litigation on a prudent course.

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, the actions listed in Schedule A are transferred to the Northern District of Illinois and, with the consent of that court, assigned to the Honorable Matthew F. Kennelly for coordinated or consolidated pretrial proceedings.

IT IS FURTHER ORDERED that, in light of this opinion, the MDL caption is changed to *In re: Testosterone Replacement Therapy Products Liability Litigation*.

PANEL ON MULTIDISTRICT LITIGATION

John G. Heyburn II
Chairman

Marjorie O. Rendell        Charles R. Breyer
Lewis A. Kaplan            Sarah S. Vance
R. David Proctor

IN RE: ANDROGEL PRODUCTS
LIABILITY LITIGATION                                         MDL No. 2545

## SCHEDULE A

District of Colorado

SCHENKEIN v. ABBVIE, INC., ET AL., C.A. No. 1:14-00910          14cv4254

Northern District of Illinois

AURECCHIA V. ABBVIE INC. ET AL., C.A. No. 1:14-00772
MARINO v. ABBVIE, INC., ET AL., C.A. No. 1:14-00777
MYERS v. ABBVIE, INC., ET AL., C.A. No. 1:14-00780
CRIPE v. ABBVIE, INC., ET AL., C.A. No. 1:14-00843
JOHNSON v. ABBVIE, INC., ET AL., C.A. No. 1:14-00877
KELLY, SR. v. ABBVIE, INC., ET AL., C.A. No. 1:14-00879
GIBBY, ET AL. v. ABBVIE, INC., ET AL., C.A. No. 1:14-00917
HARDEE, ET AL. v. ABBVIE, INC., ET AL., C.A. No. 1:14-00918
LAU v. ABBVIE, INC., ET AL., C.A. No. 1:14-01298
BARTHOLIC v. ABBVIE, INC., ET AL., C.A. No. 1:14-01427
O'DONNELL v. ABBVIE, INC., ET AL., C.A. No. 1:14-01428
BLADES, ET AL. v. ABBVIE, INC., ET AL., C.A. No. 1:14-01471
CARPENTER, ET AL. v. ABBVIE, INC., ET AL., C.A. No. 1:14-01472
HUMPHRIES, ET AL. v. ABBVIE, INC., ET AL., C.A. No. 1:14-01473
DOBBS v. ABBVIE, INC., ET AL., C.A. No. 1:14-01474
HEADLEY v. ABBVIE, INC., ET AL., C.A. No. 1:14-01475
HUGHES, ET AL. v. ABBVIE, INC., ET AL., C.A. No. 1:14-01476
JACKSON, ET AL. v. ABBVIE INC., C.A. No. 1:14-01477
GORDON v. ABBVIE, INC., ET AL., C.A. No. 1:14-01478
JONES, ET AL. v. ABBVIE, INC., ET AL., C.A. No. 1:14-01479
KING, ET AL. v. ABBVIE, INC., ET AL., C.A. No. 1:14-01480
LEWIS, ET AL. v. ABBVIE, INC., ET AL., C.A. No. 1:14-01481
SAYLOR, ET AL. v. ABBVIE, INC., ET AL., C.A. No. 1:14-01482
CATAUDELLA v. ABBVIE, INC., ET AL., C.A. No. 1:14-01483
BAILEY v. ABBVIE, INC., ET AL., C.A. No. 1:14-01663
GORDON v. ABBVIE, INC., ET AL., C.A. No. 1:14-01665
WHITE v. ABBVIE, INC., ET AL., C.A. No. 1:14-01667
MONTGOMERY v. ABBVIE, INC., ET AL., C.A. No. 1:14-01668
ORTIZ v. ABBVIE, INC., ET AL., C.A. No. 1:14-01670
DELEON v. ABBVIE, INC., ET AL., C.A. No. 1:14-01673
DULA v. ABBVIE, INC., ET AL., C.A. No. 1:14-01726
LAROCHE v. ABBVIE, INC., ET AL., C.A. No. 1:14-01826

- A2 -

Northern District of Illinois (continued)

GEORGE v. ABBVIE, INC., ET AL., C.A. No. 1:14-02085
LUECK v. ABBVIE, INC., ET AL., C.A. No. 1:14-02140
EMMONS v. ABBVIE, INC., ET AL., C.A. No. 1:14-02221
DARBY, ET AL. v. ABBVIE, INC., ET AL., C.A. No. 1:14-02227
KOMRADA V. ABBVIE INC. ET AL., C.A. No. 1:14-02429

Eastern District of Louisiana

PEULER, ET AL. V. AUXILIUM PHARMACEUTICALS, INC., C.A. No. 2:14-00658  14cv4255
LOCOCO, ET AL V. ABBVIE, INC., ET AL., C.A. No. 2:14-00774              14cv4256
BARRIOS, ET AL. V. ABBVIE, INC., ET AL., C.A. No. 2:14-00839            14cv4257

Eastern District of Pennsylvania

TEJEDA v. ABBVIE, INC., ET AL., C.A. No. 2:14-00946           14cv4258
HUSTED V. ABBVIE INC., ET AL., C.A. No. 2:14-02111            14cv4259
ALBRIGHT, ET AL. V. ABBVIE INC., ET AL., C.A. No. 2:14-02112  14cv4260
HARRIS, ET AL. V. ABBVIE INC., ET AL., C.A. No. 2:14-02113    14cv4261