**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **In re: TESTOSTERONE** | ) | |
| **REPLACEMENT THERAPY** | ) | **Case No. 14 C 1748** |
| **PRODUCTS LIABILITY LITIGATION** | ) | **MDL No. 2545** |

**This document relates to all cases**

**MDL CASE MANAGEMENT ORDER NO. 1**

By order dated June 6, 2014, the Judicial Panel on Multidistrict Litigation (JPML) has transferred to this Court the civil actions listed in Attachment A to this Order, under MDL Case No. 2545.   The JPML has subsequently entered conditional transfer orders in other cases, and it is expected that a significant number of additional cases will be transferred to this Court hereafter.   It appears to the Court that these cases merit special attention as complex litigation.   For these reasons, the Court enters the following order:

**1.      Applicability of order.**   Pending further order by this Court, this order shall govern the practice and procedure in the actions that the JPML has transferred and is transferring to this Court as part of MDL No. 2545.   This Order also applies to all cases filed in the Northern District of Illinois that have been or will be reassigned to the undersigned judge as part of MDL No. 2545.   The Order will also apply to any "tag-along" actions later filed in, removed to, or transferred to this Court.

**2.      Consolidation of actions.**   All actions that have been or are hereafter transferred to the undersigned judge as part of MDL No. 2545, whether originally filed in this district or elsewhere, are consolidated for pretrial purposes.   Any actions later filed

in, removed to, or transferred to this Court will be consolidated automatically with this action, without the need for a motion or entry of an order by the Court.   This consolidation does not constitute a determination that the actions should be consolidated for trial, and it does not have the effect of making anyone or any entity a party to any action in which he, she, or it has not been named as a party.

3.     **Filing.**   The Clerk is maintaining a master case file under the heading "In re Testosterone Replacement Therapy Products Liability Litigation," Case Number 14 C 1748.   All filings with the Clerk should be made under that caption and case number. When a party intends that something it is filing applies to all of the consolidated actions, the party should indicate that by using the words "This Document Relates to All Cases" in or just after the case caption.   When a party intends that something it is filing applies only to some of the consolidated actions, the party making the filing should file it both under Case Number 14 C 1748 and under the individual case number assigned to the particular case.   The party making such a filing should indicate that by using the words "This Document Relates to [*fill in case number*]" in or just after the case caption.

4.     **Service list.**   This order is being served upon the counsel whose appearances are currently listed on the docket of Case Number 14 C 1748 as of the date the order is docketed.   Counsel who receive this order via notice of electronic filing are requested to forward a copy of the order to any other attorneys who have filed appearances in cases that have been or are being transferred to this Court.

5.     **Extension and stay.**

a.     **Responses to complaints.**   Any defendant that has not yet

2

responded to a complaint in which it is named as a defendant is granted an extension of time for responding to the complaint until a date to be set later by this Court, a topic that the Court will address at the initial conference.

      **b.**    **Discovery.**   Pending the initial conference and until further order of this Court, all outstanding discovery is stayed, and no further discovery may be initiated.   Relief from this stay may be granted for good cause shown, such as the ill health of a proposed deponent.

      **c.**    **Pending motions.**   All pending motions that predate transfer of any action are hereby terminated and must be refiled in this Court and noticed for resolution on dates to be set following the initial conference.

    **6.**    **Initial conference.**   The Court sets the MDL proceeding and all transferred cases for an initial status and scheduling conference, to be held on July 10, 2014 at 11:00 a.m. in Judge Matthew F. Kennelly's courtroom, Room 2103, 219 South Dearborn Street, Chicago, Illinois.   An in-person appearance will be required to participate in this conference.   For later status and scheduling conference, the Court hopes and expects to permit those who cannot or would prefer not to attend in person to listen in via telephone conference.   At all conferences, however, an in-person appearance will be required for any attorney or other person who wishes to be heard.

      **a.**    **Attendance.**   Because it appears that a manageable number of defendants have been named in the cases transferred to this Court, one attorney for each such defendant must attend the initial conference.   To minimize unnecessary expense and facilitate a manageable conference, however, the Court

3

is not requiring attorneys for each plaintiff to attend.   Plaintiffs with similar interests should attempt to agree, to the extent practicable, on an attorney who may act on their joint behalf at the conference.   By designating another party's attorney to represent its interests at the conference, a party will not be precluded from other representation during the litigation.   Attendance at the conference will not waive objections to jurisdiction, venue, or service.

> **b.    Other participants.**   Persons and entities who are not named as parties in this litigation but who may later be joined as parties, or who are parties in related litigation pending in other federal and state courts, are invited to attend the conference in person or by counsel.

**7.    Previous proceedings in Northern District of Illinois coordinated pretrial involving testosterone replacement therapy cases.**

In this district, several dozen cases that are now or will be part of MDL No. 2545 had already been transferred to the undersigned judge pursuant to Northern District of Illinois Internal Operating Procedure 13(e), a copy of which may be found on the District's website at http://www.ilnd.uscourts.gov/home/LocalRules.aspx?rtab=interalprocedure [sic].   The coordinated pretrial proceeding was entitled *In re AbbVie, Inc., et al.* and was assigned Case Number 14 C 1748.   When MDL No. 2545 was created, the Court directed, for administrative convenience, that Case Number 14 C 1748 would be designated as the MDL master file and would be re-captioned accordingly.

Some coordinated pretrial activity had already taken place in *In re AbbVie, Inc., et al.* prior to the creation of MDL No. 2545.   This included, among other things, the

following: (1) setting a briefing schedule on consolidated motions to dismiss in the first 40 or so Northern District of Illinois cases, and staying the filing of responses to the complaints on the remaining cases; (2) defendants' filings of motions to dismiss and supporting memoranda pursuant to that briefing schedule; (3) discussion, submission of proposals and position papers, and oral argument before the Court (on June 9, 2014) regarding entry of a protective order, an order regarding preservation of evidence, and a protocol for discovery of electronically stored information (ESI); and (4) development of a plaintiff's fact sheet.

Following the oral argument on June 9, 2014, the Court made rulings regarding various disputed matters relating to the protective order, evidence preservation order, and ESI discovery protocol, and directed counsel to engage in further discussion regarding other matters concerning the evidence preservation order and ESI discovery protocol. The Court expects counsel who appeared at the argument on June 9 to shortly submit a draft protective order that embodies the Court's rulings, and the Court anticipates entry of that order shortly after receiving it. The Court will enter the protective order as the protective order in MDL No. 2545. Any party who did not have an opportunity to be heard because it was not part of *in re AbbVie, Inc., et al.* will have the opportunity to submit requests to modify the protective order within a reasonable time after it is entered. The Court also anticipates that the rulings that it made on June 9, 2014 regarding the evidence preservation order and ESI protocol likewise will govern those subjects with regard to MDL No. 2545 but, again, will give any party who did not have an opportunity to be heard because it was not part of *in re AbbVie, Inc., et al.* a

5

chance to weigh in.

In addition, the Court anticipates keeping intact the briefing schedule it set for consolidated motions to dismiss as described above and will rule on those motions in due course once they are fully briefed.

A proposed plaintiff's fact sheet was presented to the Court following agreement to its contents by all parties involved in the *In re AbbVie, Inc., et al.* coordinated proceeding. The Court has not yet formally approved the fact sheet. This will be a matter for further discussions at the July 10 status hearing / scheduling conference. Plaintiffs' counsel who did not have an opportunity to weigh in will have an opportunity to do so and should make best efforts to make their views known to other counsel prior to the status hearing.

8.     **Purposes of initial conference.**   The initial conference set for July 10, 2014 will be held for the purposes specified in Federal Rules of Civil Procedure 16(a), 16(b), 16(c), and 26(f) and will be subject to the sanctions prescribed in Rule 16(f).   The subjects to be addressed at the initial conference include, but may not be limited to, the following:

- entry of orders directing preservation of evidence and a protocol for discovery of ESI, as well as approval of a plaintiff's fact sheet;

- when the defendants are to respond to complaints other than those as to which motions to dismiss have been filed under this case number (discussed above);

- deadlines for disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1)(A);

- the appointment of plaintiffs' lead counsel, a plaintiffs' steering committee, and plaintiffs' and defendants' liaison counsel; and

- (subject to time limitations) any other topics considered appropriate for discussion by any party.   <u>Any party that wishes to address a topic not on the Court's list must file, by no later than July 8, 2014, a "Request for Inclusion on July 10 Agenda" that describes the topic in reasonable detail.</u>

Pending entry of an order regarding preservation of evidence, all plaintiffs and all defendants shall take reasonable steps to preserve all documents, data, ESI, and tangible things containing information potentially relevant to the subject matter of the litigation.   All counsel are directed to make reasonable efforts to identify and notify parties and nonparties (including employees of corporate or institutional parties) of this directive.

Counsel are expected to familiarize themselves with the Manual for Complex Litigation, Fourth Edition, and are to be prepared to propose procedures that will facilitate the just, speedy, and inexpensive resolution of this litigation.

**9.    Federal Rule of Civil Procedure 7.1.**    All parties subject to the requirements of Federal Rule of Civil Procedure 7.1 are directed to make their disclosures required by that Rule on or before June 26, 2014, by a filing that complies with the requirements of Paragraph 3 of this order.

**10.    Orders entered by transferor courts.**   The Court hereby vacates all orders entered by transferor courts imposing dates for pleading or discovery.

**11.    Lead counsel, liaison counsel, and plaintiffs' steering committee.**

The Court intends to appoint lead counsel (or co-lead counsel) and a steering committee for the plaintiffs and liaison counsel for both the plaintiffs and the defendants. These counsel will have the responsibilities described in the Manual for Complex Litigation, Fourth Edition, § 40.22, subject to modification by the Court. The primary criteria for these appointments will be: (a) willingness and availability to commit to a time-consuming project; (b) ability to work cooperatively with others; (c) professional experience in this type of litigation; and (d) access to sufficient resources to advance the litigation in a timely manner. The Court will consider only attorneys who have filed an action that is part of this case.

Prior to the initial conference, counsel on each side are directed to confer and attempt to seek consensus on the selection of candidates for these positions. Applications and nominations must be filed by no later than July 3, 2014 and should address succinctly the criteria referenced above and any other relevant matters. No such submission on behalf of an individual may exceed three pages. Any objections to any application or nomination must be filed by no later than July 8, 2014 and are likewise limited to three pages.

Date: June 12, 2014

_____
MATTHEW F. KENNELLY
United States District Judge

8

Judge: Matthew F. Kennelly
Magistrate Judge: Sidney I. Schenkier
Lead Case: 14cv1748
Filed: 06/06/14
emt

**ATTACHMENT A**

### UNITED STATES JUDICIAL PANEL
on
### MULTIDISTRICT LITIGATION

IN RE: ANDROGEL PRODUCTS
LIABILITY LITIGATION　　　　　　　　　　　　　　　MDL No. 2545

### TRANSFER ORDER

　　**Before the Panel:**[*] Pursuant to 28 U.S.C. § 1407, plaintiffs in 15 Northern District of Illinois actions and plaintiffs in an action (*Barrios*) pending in the Eastern District of Louisiana move, separately, to centralize this litigation involving injuries arising from the use of testosterone replacement therapies in, respectively, the Northern District of Illinois or the Eastern District of Louisiana. The Eastern District of Louisiana movants alternatively suggest centralization in the Eastern District of Pennsylvania. This litigation currently consists of 45 actions pending in four districts, as listed on Schedule A.[1]

　　At oral argument, plaintiffs asserted that all responding plaintiffs now support centralization of all cases involving injuries arising from the use of testosterone replacement therapies, regardless of manufacturer. Plaintiffs have variously suggested the following districts be selected as the transferee district: the Central District of California, the Eastern District of Louisiana, the Southern and Northern Districts of Illinois, the Eastern District of Pennsylvania, the District of New Jersey and the Eastern District of New York.

　　Defendants' positions on the motions for centralization vary significantly. Defendants AbbVie Inc. and Abbott Laboratories Inc. (collectively Abbbot); Eli Lilly and Co. and Lilly USA LLC; and Endo Pharmaceuticals, support establishing an all-testosterone replacement therapy MDL in the Northern District of Illinois. Defendant Actavis, Inc. opposes creation of an all-testosterone therapy MDL but does not oppose transferring cases in which plaintiff took AndroGel and one of its testosterone products, the AndroDerm patch, to an MDL involving Abbott's AndroGel product. Defendant Auxilium Pharmaceuticals, Inc., opposes creation of an all-testosterone replacement therapy MDL but does not oppose the creation of an AndroGel-only MDL, and argues that any MDL created should be located in N.D. Illinois. Defendants Pfizer, Inc. and Pharmacia & Upjohn Co.

---

[*]　Judge Ellen Segal Huvelle took no part in the decision of this matter.

[1]　The motions for centralization originally included two Northern District of Illinois actions (*Mecikalski* and *Reid*) that were later remanded to state court. Additionally, in their initial motion, the Northern District of Illinois plaintiffs sought centralization of Androgel actions; these plaintiffs later changed their request to include all testosterone replacement therapy cases in the MDL. Further, the Panel has been notified of 81 potentially related actions filed in various districts. These and any other related actions are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1 and 7.2.

-2-

suggest creation of an MDL involving testosterone replacement gels only, opposes inclusion of cases against them in any MDL and suggest Section 1407 separation and remand of non-gel testosterone replacement therapy claims.

On the basis of the papers filed and hearing session held, we find that these actions involve common questions of fact, and that centralization of all actions in the Northern District of Illinois will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. On January 31, 2014, the U.S. Food and Drug Administration announced that it was "investigating the risk of stroke, heart attack, and death in men taking FDA-approved testosterone products." Plaintiffs filed the actions now before us in the wake of this announcement. All actions involve plaintiffs (or their survivors) who used one or more testosterone replacement therapies and contend that their (or their decedent's) use of the drugs caused their injuries, which include heart attack, stroke, deep vein thrombosis, and pulmonary embolism. All testosterone replacement therapy actions will share factual questions regarding general causation and the background science regarding the role of testosterone in the aging body (possibly including examination of the recent studies that prompted the FDA investigation), as well as involve common regulatory issues in light of the FDA's announcement and subsequent actions, if any.

We are typically hesitant to centralize litigation on an industry-wide basis. In these circumstances, however, we think it is the best solution. Plaintiffs suggest that related cases will number in the thousands. Significantly, in the actions and potential tag-along actions already filed, a number of plaintiffs used more than one testosterone replacement therapy. The other approaches proposed by the parties—centralizing only AndroGel cases (and perhaps transferring "combination cases"), separating and remanding claims against certain manufacturers, or transferring only claims related to testosterone replacement gels—could prove too procedurally complicated, might result in a *de facto* industry-wide centralization as cases involving multiple drugs become part of the MDL, or may require successive motions for centralization. All of these alternative proposals likely would delay the resolution of the common core issues in this litigation.

Our decision here is in keeping with our past decisions in similar circumstances. For instance, we recently centralized litigation involving multiple manufacturers involving a class of diabetes drugs. *See, e.g., In re: Incretin Mimetics Prods. Liab. Litig.*, 968 F. Supp. 2d 1345 (J.P.M.L. 2013) (centralizing actions against competing defendants which manufactured four similar diabetes drugs that allegedly caused pancreatic cancer). Similarly, we also have centralized other hormone replacement therapy on an industry-wide basis. *See* MDL No. 1507 – *In re: Prempro Products Liab. Litig.* (originally centralized to include only Wyeth's hormone replacement therapy products but later expanded to include other Wyeth products and the drugs of other manufacturers). Centralization of claims involving all testosterone replacement therapies will reduce potentially costly expert discovery, facilitate the establishment of a uniform pretrial approach to these cases, reduce the potential for inconsistent rulings on such matters as *Daubert* rulings, and conserve the resources of the parties, their counsel, and the judiciary.

-3-

We are sympathetic to the concerns expressed by defendants against which only a few actions have been filed, particularly their concern that the claims against them may linger in an MDL in which the majority of claims are brought against the Abbott defendants, whose AndroGel product has a substantial market share. We are confident that any issues involving these different products and defendants can be accommodated by the transferee judge in a manner that guarantees the just and efficient resolution of all cases. For instance, the transferee judge may find it advisable to establish separate discovery and motion tracks for the various products. As with any other litigation, the transferee judge retains wide discretion as to how the MDL should be defined, and if, after close scrutiny, the transferee judge determines that remand of any claims or actions involving any particular product is appropriate, procedures are available whereby this may be accomplished with a minimum of delay. *See* Panel Rule 10.1.

The Northern District of Illinois is an appropriate transferee district for this litigation. This district provides a convenient and accessible forum for actions filed throughout the country regarding products sold nationwide. A significant number of actions are pending in this district, which is also where the Abbott defendants are based. Judge Matthew F. Kennelly, an experienced MDL jurist, is presiding over most of the actions pending in this district and already has taken initial steps to organize this litigation. We are confident that he will steer this litigation on a prudent course.

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, the actions listed in Schedule A are transferred to the Northern District of Illinois and, with the consent of that court, assigned to the Honorable Matthew F. Kennelly for coordinated or consolidated pretrial proceedings.

IT IS FURTHER ORDERED that, in light of this opinion, the MDL caption is changed to *In re: Testosterone Replacement Therapy Products Liability Litigation*.

PANEL ON MULTIDISTRICT LITIGATION

John G. Heyburn II
Chairman

Marjorie O. Rendell               Charles R. Breyer
Lewis A. Kaplan                   Sarah S. Vance
R. David Proctor

IN RE: ANDROGEL PRODUCTS
LIABILITY LITIGATION                                    MDL No. 2545


## SCHEDULE A


District of Colorado

SCHENKEIN v. ABBVIE, INC., ET AL., C.A. No. 1:14-00910          14cv4254

Northern District of Illinois

AURECCHIA V. ABBVIE INC. ET AL., C.A. No. 1:14-00772
MARINO v. ABBVIE, INC., ET AL., C.A. No. 1:14-00777
MYERS v. ABBVIE, INC., ET AL., C.A. No. 1:14-00780
CRIPE v. ABBVIE, INC., ET AL., C.A. No. 1:14-00843
JOHNSON v. ABBVIE, INC., ET AL., C.A. No. 1:14-00877
KELLY, SR. v. ABBVIE, INC., ET AL., C.A. No. 1:14-00879
GIBBY, ET AL. v. ABBVIE, INC., ET AL., C.A. No. 1:14-00917
HARDEE, ET AL. v. ABBVIE, INC., ET AL., C.A. No. 1:14-00918
LAU v. ABBVIE, INC., ET AL., C.A. No. 1:14-01298
BARTHOLIC v. ABBVIE, INC., ET AL., C.A. No. 1:14-01427
O'DONNELL v. ABBVIE, INC., ET AL., C.A. No. 1:14-01428
BLADES, ET AL. v. ABBVIE, INC., ET AL., C.A. No. 1:14-01471
CARPENTER, ET AL. v. ABBVIE, INC., ET AL., C.A. No. 1:14-01472
HUMPHRIES, ET AL. v. ABBVIE, INC., ET AL., C.A. No. 1:14-01473
DOBBS v. ABBVIE, INC., ET AL., C.A. No. 1:14-01474
HEADLEY v. ABBVIE, INC., ET AL., C.A. No. 1:14-01475
HUGHES, ET AL. v. ABBVIE, INC., ET AL., C.A. No. 1:14-01476
JACKSON, ET AL. v. ABBVIE INC., C.A. No. 1:14-01477
GORDON v. ABBVIE, INC., ET AL., C.A. No. 1:14-01478
JONES, ET AL. v. ABBVIE, INC., ET AL., C.A. No. 1:14-01479
KING, ET AL. v. ABBVIE, INC., ET AL., C.A. No. 1:14-01480
LEWIS, ET AL. v. ABBVIE, INC., ET AL., C.A. No. 1:14-01481
SAYLOR, ET AL. v. ABBVIE, INC., ET AL., C.A. No. 1:14-01482
CATAUDELLA v. ABBVIE, INC., ET AL., C.A. No. 1:14-01483
BAILEY v. ABBVIE, INC., ET AL., C.A. No. 1:14-01663
GORDON v. ABBVIE, INC., ET AL., C.A. No. 1:14-01665
WHITE v. ABBVIE, INC., ET AL., C.A. No. 1:14-01667
MONTGOMERY v. ABBVIE, INC., ET AL., C.A. No. 1:14-01668
ORTIZ v. ABBVIE, INC., ET AL., C.A. No. 1:14-01670
DELEON v. ABBVIE, INC., ET AL., C.A. No. 1:14-01673
DULA v. ABBVIE, INC., ET AL., C.A. No. 1:14-01726
LAROCHE v. ABBVIE, INC., ET AL., C.A. No. 1:14-01826

- A2 -

Northern District of Illinois (continued)

GEORGE v. ABBVIE, INC., ET AL., C.A. No. 1:14-02085
LUECK v. ABBVIE, INC., ET AL., C.A. No. 1:14-02140
EMMONS v. ABBVIE, INC., ET AL., C.A. No. 1:14-02221
DARBY, ET AL. v. ABBVIE, INC., ET AL., C.A. No. 1:14-02227
KOMRADA V. ABBVIE INC. ET AL., C.A. No. 1:14-02429

Eastern District of Louisiana

PEULER, ET AL. V. AUXILIUM PHARMACEUTICALS, INC., C.A. No. 2:14-00658  14cv4255
LOCOCO, ET AL V. ABBVIE, INC., ET AL., C.A. No. 2:14-00774  14cv4256
BARRIOS, ET AL. V. ABBVIE, INC., ET AL., C.A. No. 2:14-00839  14cv4257

Eastern District of Pennsylvania

TEJEDA v. ABBVIE, INC., ET AL., C.A. No. 2:14-00946  14cv4258
HUSTED V. ABBVIE INC., ET AL., C.A. No. 2:14-02111  14cv4259
ALBRIGHT, ET AL. V. ABBVIE INC., ET AL., C.A. No. 2:14-02112  14cv4260
HARRIS, ET AL. V. ABBVIE INC., ET AL., C.A. No. 2:14-02113  14cv4261