UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: TESTOSTERONE REPLACEMENT THERAPY PRODUCTS LIABILITY LITIGATION | MDL No. 2545 |
| This Document Relates to All Cases | Master Docket Case No. 1:14-cv-01748<br><br>Hon. Judge Matthew F. Kennelly |

**DEFENDANTS' DISCLOSURES REGARDING PRESERVATION OF VOICEMAILS, DATA FROM MOBILE DEVICES, INSTANT MESSAGES, AND EMAIL FOLDER STRUCTURES**

At the June 9 hearing, the Court ordered Defendants to submit individual disclosures with information regarding the additional burden and expense they would incur to preserve voicemails, text messages, and other mobile device data, instant messages, and email folder structures subject to a litigation hold. Accordingly, below is a general summary of each Defendant's specific policies and procedures for retaining voicemail, data from mobile devices, instant messages, and email folder structures. The following supporting declarations are also attached:

**Exhibit A**:   Declaration of Matthew W. Gasaway ("AbbVie/Abbott Decl.").

**Exhibit B**:   Declaration of Kathy Junod ("Auxilium Decl.").

**Exhibit C**:   Declaration of Michael R. Meadows ("Lilly Decl.").

**Exhibit D**:   Declaration of Marc Eisner ("Endo Decl.").

**Exhibit E**:   Declaration of Edward Gramling ("Pfizer Decl.").

**Exhibit F**:   Declaration of Michael Towers ("Actavis Decl. I").

**Exhibit G**:   Declaration of Michael Towers ("Actavis Decl. II").

**Exhibit H**:   Declaration of Michael Towers ("Actavis Decl. III").

**<u>Voicemails</u>**

The majority of Defendants either do not retain voicemails or retain them for a very short period of time in the ordinary course of business, and some have corporate policies and procedures that limit the use of voicemails such that they are only approved for non-substantive business purposes. If ordered to preserve voicemails subject to a litigation hold, Defendants would incur the additional expense and burden of storing additional large volumes of almost entirely irrelevant voicemail data for an indefinite amount of time.

The collection, review, and production of voicemails would also result in significant additional expense and burden on all parties, regardless of preservation. Because voicemails are audio files that are not text-searchable, they are time-consuming and costly to review because they have to be reviewed and listened to one-by-one to determine relevance.

| **Defendant** | **Retained in the Ordinary Course of Business?** | **Burden?** | **Corporate Policy or Procedure Limiting Use?** |
|---|---|---|---|
| AbbVie/Abbott *See* AbbVie Decl. ¶¶ 9-16. | No | Yes | Yes |
| Auxilium *See* Auxilium Decl. ¶¶ 4-9. | Yes | Yes | No |
| Endo *See* Endo Decl. ¶¶ 29-32. | Yes | Yes | No |
| Lilly *See* Lilly Decl. ¶¶ 3-9. | No | Yes | Yes |
| Pfizer *See* Pfizer Decl. ¶¶ 3-5. | No | Yes | No |
| Actavis *See* Actavis Decl. I ¶¶ 4-12. | Yes, for between 10 and a maximum of 35 days | Yes | No |

**Text Messages and Data Stored Locally On Mobile Devices**

All Defendants offer certain employees the ability to use company-owned mobile devices. Some Defendants also offer their employees the ability to use their own mobile devices, which synch to the company's internal servers in the ordinary course of business. When mobile phones access company servers generally, data is stored and backed up on to the company's internal servers. Moreover, most Defendants have policies or technology prohibiting their employees from text messaging for substantive business discussions, or from saving company data locally to a mobile device. Thus, it is unlikely that any unique, relevant information resides on these devices.

No Defendant currently retains text messages or local mobile device data in the ordinary course of business. Defendants also cannot centrally preserve text messages because this data is controlled by various third-party cellular service providers. As a result, collecting text messages and other locally saved mobile data for all employees manually would be a significant burden and would cause Defendants to incur significant expense.

| **Defendant** | **Retained in the Ordinary Course of Business?** | **Burden?** | **Corporate Policy or Procedure Limiting Use?** |
|---|---|---|---|
| AbbVie/Abbott *See* AbbVie Decl. ¶¶ 24-29. | No | Yes | Yes |
| Auxilium *See* Auxilium Decl. ¶¶ 15-20. | No | Yes | No |
| Endo *See* Endo Decl. ¶¶ 24-28. | No | Yes | Yes |
| Lilly *See* Lilly Decl. ¶¶ 13-16. | No | Yes | Yes |

| **Defendant** | **Retained in the Ordinary Course of Business?** | **Burden?** | **Corporate Policy or Procedure Limiting Use?** |
|---|---|---|---|
| Pfizer *See* Pfizer Decl. ¶¶ 7-12. | No | Yes | Yes |
| Actavis *See* Actavis Decl. II ¶¶ 4-10. | No | Yes | No |

**Instant Messages**

Some Defendants retain instant messages in the ordinary course of business, while others do not. Regardless, most Defendants have policies or procedures limiting the use of instant messages for substantive business communications. If ordered to preserve instant messages subject to a litigation hold, Defendants that do not currently retain instant messages in the ordinary course of business would incur the additional expense and burden of storing additional large volumes of data for an indefinite amount of time.

| **Defendant** | **Retained in the Ordinary Course of Business?** | **Burden?** | **Corporate Policy Or Procedure Limiting Use?** |
|---|---|---|---|
| AbbVie/Abbott *See* AbbVie Decl. ¶¶ 17-23. | No | Yes | Yes |
| Auxilium *See* Auxilium Decl. ¶¶ 10-14. | Yes | N/A | Yes |
| Endo *See* Endo Decl. ¶¶ 33-35. | No | Yes | Yes |
| Lilly *See* Lilly Decl. ¶¶ 10-12. | Yes | N/A | No |
| Pfizer *See* Pfizer Decl. ¶ 6. | Yes | N/A | No |
| Actavis *See* Actavis Decl. III ¶¶ 4-8. | No | Yes | No |

**Email Folder Structures**

Most Defendants journal emails at the time each email is delivered to the user.[1] This journaling process does not capture an individual user's folder structure within his or her individual mailbox, because individual folder structures are employee-generated and employee-maintained *after* an email has already been delivered.

For those Defendants who do not centrally capture any data regarding email folder structure, accurately capturing each employee's complete folder structure would require collections from both the individual's mailbox and the journal. This would greatly increase the amount of data to be processed and stored. If ordered to preserve each individual user's complete folder structure, Defendants that journal emails at the time of their delivery would have to employ a significant amount of additional resources to set up a new archiving architecture and process.

| Defendant | Retained in the Ordinary Course of Business? | Burden? | Corporate Policy or Procedure Limiting Use? |
|---|---|---|---|
| AbbVie/Abbott *See* AbbVie Decl. ¶¶ 30. | N/A, does not collect from email archive | N/A | N/A |
| Auxilium *See* Auxilium Decl. ¶¶ 20-29. | No | Yes | No |
| Endo *See* Endo Decl. ¶¶ 8-23. | No | Yes | No |
| Lilly *See* Lilly Decl. ¶¶ 17-20. | No | Yes | No |
| Pfizer *See* Pfizer Decl. ¶ 13. | No | Yes | No |

---

[1] Neither AbbVie nor Abbott utilize any journaling process. Collection will occur from individual mailboxes.

| Actavis
See Actavis Decl. ¶¶ 9-12. | No for Lotus Notes users, N/A for Outlook users, foldering data centrally captured | Yes for Lotus Notes users, N/A for Outlook users | No |
|---|---|---|---|

**Conclusion**

As evidenced by the attached declarations, the minimal value of potentially relevant information in voicemails, data from mobile devices, instant messages, and individual email folder structures is far outweighed by the significant added burden and expense Defendants would incur if ordered to preserve these types of data. Accordingly, Defendants jointly request that the Court order that Defendants are not required to preserve voicemails, data from mobile devices, instant messages, and individual email folder structures.

Dated: July 7, 2014                                               Respectfully submitted,

**WINSTON & STRAWN LLP**

By:  */s Scott P. Glauberman*
Thomas J. Frederick
Scott P. Glauberman
Bryna J. Dahlin
Nicole E. Wrigley
35 West Wacker Drive
Chicago, IL 60601
Tel: (312) 558-5600
Fax: (312) 558-5700
sglauberman@winston.com
tfrederick@winston.com
jhurst@winston.com
bdahlin@winston.com
nwrigley@winston.com
*Attorneys for AbbVie Inc. and Abbott Laboratories*

David E. Stanley (*pro hac vice*)
Janet H. Kwuon (*pro hac vice*)

**REED SMITH LLP**
355 S. Grand Avenue, Suite 2900
Los Angeles, CA 90071
Tel: (213) 457-8000
dstanley@reedsmith.com
jkwuon@reedsmith.com
*Attorneys for Eli Lilly and Company and Lilly USA LLC*

Andrew K. Solow (*pro hac vice*)
**KAYE SCHOLER LLP**
425 Park Avenue
New York, NY 10022
Tel: (212) 836-7740
Fax: (212) 836-6776
asolow@kayescholer.com

Pamela J. Yates (*pro hac vice*)
**KAYE SCHOLER LLP**
1999 Avenue of the Stars, Suite 1700
Los Angeles, CA 90067
Tel: (310) 788-1278
Fax: (310) 788-1200
pyates@kayescholer.com
*Attorneys for Endo Pharmaceuticals Inc.*

Tinos Diamantatos
**MORGAN, LEWIS & BOCKIUS**
77 West Wacker Drive, 5th Floor
Chicago, IL 60601
Tel: (312) 324-1145
Fax: (312) 353-2067
tdiamantatos@morganlewis.com

James D. Pagliaro (*pro hac vice*)
Thomas J. Sullivan (*pro hac vice*)
Ezra D. Church (*pro hac vice*)
**MORGAN, LEWIS & BOCKIUS LLP**
1701 Market Street
Philadelphia, PA 19103
Tel: (215) 963-5000
Fax: (215) 963-5001
jpagliaro@morganlewis.com
tsullivan@morganlewis.com
echurch@morganlewis.com
*Attorneys for Auxilium Pharmaceuticals Inc.*

- 8 -

Loren Brown (*pro hac vice*)
**DLA PIPER LLP**
1251 Avenue of the Americas
New York, NY 10020
Tel: (212) 335-4500
Fax: (212) 335-4501
loren.brown@dlapiper.com

Matthew A. Holian (*pro hac vice)*
**DLA PIPER LLP**
33 Arch Street, 26th Floor
Boston, MA 02110
Tel: (617) 406-6000
Fax: (617) 406-6100
matt.holian@dlapiper.com
*Attorneys for Pfizer Inc. and Pharmacia & Upjohn Company LLC*

Joseph P. Thomas
Jeffrey F. Peck
K.C. Green
Jeffrey D. Geoppinger
**Ulmer & Berne LLP**
600 Vine Street
Suite 2800
Cincinnati, OH 45202
Tel: (513) 698-5000
Fax: (513) 698-5001
jthomas@ulmer.com
jpeck@ulmer.com
kcgreen@ulmer.com
jgeoppinger@ulmer.com
*Attorneys for Actavis, Inc., Actavis Pharma, Inc., Anda, Inc., and Watson Laboratories, Inc., a Nevada corporation*