IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | | |
|---|---|---|---|
| In Re:  TESTOSTERONE | ) | | |
| REPLACEMENT THERAPY | ) | Case No.: | 14 C 1748 |
| PRODUCTS LIABILITY LITIGATION | ) | MDL No.: | 2545 |

**This document relates to:**

-   Don Estep v. Pharmacia & Upjohn Co., Inc., et al.; Case No. 1:14-CV-04856

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR REMAND

Plaintiff Don Estep, by and through counsel of record, hereby moves this Court to remand the instant case to the Circuit Court of Cook County, Illinois, pursuant to 28 U.S.C. § 1447(c), and in support thereof states as follows:

## BACKGROUND AND PROCEDURAL HISTORY

This case arises from serious injuries sustained by Plaintiff due to his use of Defendants' testosterone therapy products. Plaintiff originally filed his Petition in Cook County, Illinois, on June 26, 2014. Plaintiff named three groups of Defendants: (1) AbbieVie and Abbott Laboratories (collectively "Abbott"), the removing defendants, are incorporated in Delaware but **have their principal places of business in *Cook County, Illinois***; (2) Pharmacia & Upjohn Co., Inc. ("Pharmacia"), was incorporated in Delaware and has its principal place of business in New York; (3) Pfizer, Inc. ("Pfizer") was incorporated in Delaware and has its principal place of business in New York.

On June 27, 2014, the day after Plaintiff filed his Petition in Cook County, Abbott filed its *Notice of Removal* ("Notice").  Plaintiff did not have a chance to attempt service on any of the defendants.  Abbott essentially admits in its Notice that the removal was improper under 28 U.S.C. 1441(b)(2), as it has its principal place of business in Cook County, Illinois, but argues that section

does not apply because none of the defendants was served with process prior to removal.  Abbott is incorrect.

**ARGUMENT AND LEGAL AUTHORITY**

This case should be remanded back to state court because (1) Abbott's removal was contrary to the express language of 28 U.S.C. 1441(b)(2); and (2) Abbott's argument that 1441(b)(2) does not apply is incorrect.

**I.  Legal Standard for Removal/Remand**

Removal is statutory and procedural rules for removal are strictly construed. *Goodman v. Medical Engineering Corp.*, 189 F.3d 477 (10th Cir. 1999). All doubts are resolved in favor of remand. *Id.*; *Laughlin v. Kmart Corp.,* 50 F.3d 871, 873 (10th Cir.1995). The removing party bears the burden of establishing federal jurisdiction. *Tropp v. W.-S. Life Ins. Co.,* 381 F.3d 591, 595 (7th Cir.2004); *Boyd v. Phoenix Funding Corp.,* 366 F.3d 524, 529 (7th Cir. 2004). "A plaintiff is presumed to be able to choose his own forum, and courts interpret the removal statute narrowly, resolving any doubts in favor of remand." *Scheinman v. BMW of North America, LLC*, No. 10-4848, 2010 WL 3937489, at *1 (N.D. Ill. September 30, 2010).

"A defendant may remove an action from state court to federal court only when a federal court would have had original jurisdiction over the action." *Perez v. Forest Laboratories, Inc.*, 902 F.Supp.2d 1238, 1241 (E.D. Mo. 2012), citing *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Removal on the grounds of diversity jurisdiction under 28 U.S.C. 1441(b) is narrower than if the case was originally filed in federal court. *Perez*, 902 F.Supp.2d at 1241.  28 U.S.C. 1441(b)(2) specifically and unambiguously states:

> "A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title **may not be removed if any of the parties in interest properly joined and served as**

**defendants is a citizen of the State in which such action is brought**." (emphasis added).

Simply put, federal courts cannot exercise diversity jurisdiction over a case where at least one defendant is a citizen of the forum state. *Perez*, 902 F.Supp.2d at 1241. Violation of the forum defendant rule is a jurisdictional defect and cannot be waived. *Id*. Ultimately, the burden rests with the party seeking removal to prove jurisdiction is proper. *Id*.

District courts have an obligation to examine their own subject matter jurisdiction, and under the removal statute "[i]f *at any time before final judgment* it appears that the district court lacks subject matter jurisdiction, the matter *shall* be remanded." 28 U.S.C. § 1447(c) (emphasis added). Subject matter jurisdiction cannot be created by consent, and the lack of subject matter jurisdiction cannot be waived. The Court is required to resolve all doubts about federal jurisdiction in favor of remand. *Goodman v. Medical Engineering Corp.*, 189 F.3d 477 (10th Cir. 1999); *Wilkinson v. Shackelford,* 478 F.3d 957, 963 (8th Cir. 2007) (citing *Transit Cas. Co. V. Certain Underwriters at Lloyd's of London,* 119 F.3d 619, 625 (8th Cir. 1997)). There is no discretion where there is no jurisdiction.

## II. Abbott's Removal is Improper Pursuant to 28 U.S.C. 1441(b)(2)

As referenced above, the express language of section 1441(b)(2) prohibits removal where one of the defendants is a citizen of the forum state. Pursuant to 28 U.S.C. 1332(c)(1), a corporation, such as the defendants in this case, is a citizen of the state where it has its principal place of business. It is undisputed that Abbott has its principal place of business in Cook County, Illinois, and is, thus, a citizen of Illinois. As such, Abbott's Notice is improper, and this matter should be remanded to state court.

## III. 28 U.S.C. 1441(b)(2) Does Apply and Remand is Appropriate because none of the Defendants was served prior to Removal.

In its Notice, Abbott argues that 28 U.S.C. 1441(b)(2) does not apply because none of the

defendants was served with process prior to removal – despite being a Cook County citizen. Abbott's argument is incorrect and directly contrary to this Court's legal precedent.

This Court, in *Holmstrom v. Harad*, No. 05 C 2714, 2005 WL 1950672 at * 1 (N.D. Ill. Aug. 11, 2005), previously addressed the question of "whether, under § 1441(b), the citizenship of a forum defendant defeats removal when, prior to removal, no defendant has been served or otherwise appeared." In that case, the plaintiff named twenty-eight defendants in a shareholder derivative action under Illinois law. *Id.* at *1-2. Before plaintiff had an opportunity to serve any of the defendants, a defendant filed for removal. Plaintiff then sought remand.

Ultimately, the *Holmstrom* Court granted plaintiff's motion to remand. *Id.* at *2-3. In doing so, this Court recognized that an unserved forum defendant will generally not defeat removal, but held that an exception to that rule exists where no defendant was served prior to removal. *Id.* at *2. This Court provided the following rationale for its decision:

> The "joined and served" requirement makes sense, then, when one defendant has been served but the named forum defendant has not. After all, a plaintiff should not be able to prevent a served defendant from removing simply by naming, but not serving, a forum citizen as a defendant. When no defendant has been served, however, the non-forum defendant stands on equal footing as the forum defendant. Neither defendant in that scenario is obligated to appear in court. [citation omitted]. Nor has the thirty-day period for removal started to run for the unserved non-forum defendant. [citation omitted]. … the protection afforded by the "joined and served" requirement is wholly unnecessary for an unserved non-forum defendant. Given this, we will not apply the "joined and served" requirement here because no Defendant has been served. ***The citizenship of the unserved Illinois Defendants (i.e., the forum Defendants) therefore defeats removal at this stage***.

*Id.* at *2.

This Court again addressed this issue in *Vivas v. Boeing Co.*, 486 F. Supp. 2d 726 (N.D. Ill. 2007). In that case, a forum defendant filed its notice of removal prior to service of on any of the defendants. *Id.* at 733. The plaintiffs sought remand, which this Court granted. *Id.* at 733-35.

In doing so, this Court specifically relied on the *Holmstrom* holding, and stated the following reasoning:

> Combining the permission granted in 28 U.S.C. § 1446(b) for defendants to file a notice of removal before being served with the joined and served requirement of 28 U.S.C. § 1441(b) to allow a resident defendant to remove a case before a plaintiff even has a chance to serve him would provide a vehicle for defendants to manipulate the operation of the removal statutes. Allowing either party to do that would be against what the courts have long understood to be Congress's intent. Furthermore, the court is mindful of the admonition that "[t]he removal statute should be construed narrowly and any doubts about the propriety of removing a particular action should be resolved against allowing removal." *Wirtz Corp. v. United Distillers & Vintners NA, Inc.,* 224 F.3d 708, 715–16 (7th Cir.2000) (citing *Doe v. Allied–Signal, Inc.,* 985 F.2d 908, 911 (7th Cir.1993); *Illinois v. Kerr–McGee Chem. Corp.,* 677 F.2d 571, 576 (7th Cir.1982); *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108–09, 61 S.Ct. 868, 85 L.Ed. 1214 (1941); *In re Application of County Collector of the County of Winnebago,* 96 F.3d 890, 895 (7th Cir.1996)). Therefore, the court declines to apply § 1441(b) to permit Boeing to remove these cases based on diversity jurisdiction.

*Id.* at 734-35.

Based on this Court's decisions and guidance in *Holmstrom* and *Vivas*, our instant case should be remanded because (1) Abbot filed its Notice prior to any of the defendants being served and (2) Abbott is a citizen of Illinois.

Numerous other federal courts have also declined removal when service on a forum defendant has not yet occurred. *See e.g., Swindell-Filiaggi v. CSX Corp.,* No. 12-6962, 922 F.Supp.2d 514, 516-17, 2013 WL 489015, at *1 (E.D. Pa. Feb. 8, 2013)*; Mass. Mut. Life Ins. Co. v. Mozilo,* 2012 U.S. Dist. LEXIS 91478 (C.D. Cal. June 28, 2012); *Ethington v. Gen. Elec. Co.,* 575 F.Supp.2d 855, 862 (N.D. Ohio 2008)*; Sullivan v. Novartis Pharms. Corp.,* 575 F.Supp.2d 640, 647 (D. N.J. 2008)*; Holmstrom v. Harad,* No. 05 C 2714, 2005 WL 1950672, at *1-2 (N.D. Ill. Aug. 11, 2005). *Perez v. Forest Laboratories, Inc.*, 902 F.Supp.2d 1238 (E.D. Mo. 2012) is

one such case that presents a situation analogous to this one.

In *Perez*, the plaintiff sued a number of pharmaceutical defendants in state court for counts sounding in products liability. Within six days of filing suit, and before plaintiff could serve any of the defendants, a non-forum defendant filed for removal. The non-forum defendants argued the forum defendant rule was inapplicable since the forum defendant was never served. *Perez v. Forest Laboratories, Inc.*, 902 F.Supp.2d at 1242. Plaintiff argued that to indulge such an argument would be to condone defendants' practice of "hawking" the docket – basically to electronically monitor all court filings and then file for removal before plaintiff has an opportunity to serve any of the defendants. *Id*.

The *Perez* court found the practice of "hawking" particularly distasteful. The *Perez* court analyzed the actual purpose behind diversity jurisdiction and found that it was to prevent prejudice to out-of-state defendants by removing the bias of state court proceedings. *Id*. at 1243. However, that purpose is negated when there are forum-defendants; the risk of bias when there are both forum-defendants and non-forum defendants is "attenuated." *Id*. This court went on to recognize that while the forum-defendant rule could create an opportunity for gamesmanship on behalf of plaintiffs who name a forum-defendant but never serve that defendant in order to avoid federal removal, there is also a risk that when applied too literally, the diversity removal statute could have the opposite effect: defendants could use the forum-defendant rule to hawk the dockets and file for removal before any of the defendants have an opportunity to receive service. *Id*. Thus, the real purpose of the "joined and served" requirement is to prevent plaintiffs from improperly joining diversity-destroying defendants they have no intention of actually serving or pursuing for damages. *Id*. The *Perez* Court then noted that,

> "Pre-service removal by means of monitoring the electronic docket

> smacks more of forum shopping by a defendant, than it does of protecting the defendant from the improper joinder of a forum defendant that plaintiff has no intention of serving. When the 'joined and served' language was added to Section 1441(b) in 1948, 'Congress could not possibly have anticipated the tremendous loophole that would one day manifest from technology enabling forum defendants to circumvent the forum defendant rule by ... electronically monitoring state court dockets.' As a matter of common sense, ... Congress did not add the 'properly joined and served' language in order to reward defendants for conducting and winning a race, which serves no conceivable public policy goal, to file a notice of removal before the plaintiffs can serve process…. Allowing a defendant to remove a case before a plaintiff even has a chance to serve him would provide a vehicle for defendants to manipulate the operation of the removal statutes. The court adds that Congress surely could not have intended to sanction lawyers camping out at the courthouse, monitoring state filings in order to remove before service can be effected."

*Id*. at 1243-44. Ultimately, remand was granted in the *Perez* case, and for the foregoing reasons, this Court should follow suit and immediately remand this case as well.

Based on the foregoing, Abbott's Notice is improper and this matter should be remanded to state court.

### IV.        Plaintiff is Entitled to Attorneys' Fees and Costs due to Defendants' Lack of Good Faith in Removing this Case.

Pursuant to 28 U.S.C. § 1447(c), "An order remanding the case may require payment of just costs and actual expenses, including attorney fees, incurred as a result of the removal." Abbott is a resident and citizen of the very county in which the removed action was pending, and should know its attempted removal is improper. Moreover, it is clear Abbott is "hawking the docket" in a strategic attempt to forum shop, as it filed the Notice the day after Plaintiff's petition was filed. Abbott was not joined by Plaintiff in an attempt to improperly prevent removal; to the contrary, Abbott manufactures Androgel, one of the testosterone products at issue. Abbott has wasted this

Court's and Plaintiff's time and resources. There is a lack of an objective basis for removal, and, accordingly, attorneys' fees and costs should be awarded.

## CONCLUSION

WHEREFORE, for all of the foregoing reasons, Plaintiff respectfully requests this Court REMAND the above-captioned matter to state court due to this Court's lack of jurisdiction; award Plaintiff attorneys' fees and costs pursuant to § 1447(c); and for such other relief as this Court deems just, equitable, and proper.

Respectfully submitted,

**NIEMEYER, GREBEL & KRUSE, LLC**


 **/s/ Michael S. Kruse**
Michael S. Kruse
200 S. Hanley, Suite 1103
St. Louis, MO 63105
314/387-9181 telephone
314/665-3017 facsimile
kruse@ngklawfirm.com
**ATTORNEYS FOR PLAINTIFF**

<u>**CERTIFICATE OF SERVICE**</u>

        I hereby certify that on July 22, 2014, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to:


Scott P. Glauberman
James F. Hurst
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, Illinois 60601
Tel: (312) 558-5600
Fax: (312) 558-5700
sglauberman@winston.com
tfrederick@winston.com
 jhurst@winston.com
bdahlin@winston.com
**ATTORNEYS FOR ABBVIE INC. & ABBOTT LABORATORIES**


       **/s/ Michael S. Kruse**
       **ATTORNEYS FOR PLAINTIFF**