UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| IN RE: TESTOSTERONE REPLACEMENT | ) | Case No. 14-cv-01748 |
| THERAPY PRODUCTS LIABILITY | ) | |
| LITIGATION | ) | MDL No. 2545 |
| | ) | |
| This document relates to: Estep v. Pharmacia & | ) | Judge Matthew F. Kennelly |
| Upjohn Company Inc., Pfizer Inc., AbbVie Inc., | ) | |
| and Abbott Laboratories.; No. 14-cv-04856. | ) | |

**ABBVIE'S AND ABBOTT LABORATORIES' BRIEF IN OPPOSITION
TO PLAINTIFF'S MOTION TO REMAND**

Plaintiff Don Estep, a citizen of Texas, filed a complaint in Illinois state court against four companies that are not citizens of Texas. By alleging Defendants sold medicines that caused him to suffer strokes and a heart attack, his complaint sought to recover more than $75,000. The complete diversity and amount in controversy requirements were therefore satisfied, giving this Court original jurisdiction over the dispute. Defendants AbbVie and Abbott Laboratories, with the consent of Defendants Pfizer and Pharmacia & Upjohn, timely filed a notice of removal, 28 U.S.C. § 1441(a), bringing the case into federal court.

Plaintiff has moved to remand the case back to state court. He admits that the parties are completely diverse, a sufficient amount is in controversy, and this Court has original jurisdiction. His sole argument for remand is his assertion that the statute barred removal here, on account of a removal exception that applies only if any defendant "properly joined and served" is a citizen of the state in which the case was filed. 28 U.S.C. § 1441(b)(2).

By its own terms, that exception does not apply here. Plaintiff admits that the Illinois citizens, AbbVie and Abbott Laboratories, were not served when the case was removed. The statutory exception on which Plaintiff relies, which applies only to properly served defendants, therefore cannot apply here.

Plaintiff argues that the exception applies even though the Defendants were not served. In other words, he would delete the words "and served" from the statute. But Congress put those

words in the statute, and Congress has never determined to delete them. As the Seventh Circuit has stated again and again, this Court's job is to apply statutes as they were written, not as one party to litigation wishes they had been written. Just last week, the Seventh Circuit held, "The text is what it is, no matter which side benefits," and it must be "applied as written, without contradiction or enlargement based on anyone's notions of wise policy." *Bormes v. U.S*, — F.3d —, 2014 WL 3583937, at *4 (7th Cir.). Under that principle, federal courts across the country have held that removal is proper under the circumstances present here.

For all of these reasons and those stated below, AbbVie and Abbott Laboratories respectfully urge this Court to defer ruling on Plaintiff's motion to remand, or to deny it.

## **BACKGROUND**

Plaintiff filed his complaint in the Circuit Court of Cook County, Illinois on June 26. It asserts state law causes of action based on his allegation that he suffered serious personal injuries from medicines sold by the Defendants. (Compl. ¶ 1.) It also alleges that he is a citizen of Texas, Pfizer and Pharmacia & Upjohn are citizens of Delaware and New York, and AbbVie and Abbott Laboratories are citizens of Delaware and Illinois.[1] (*Id*. ¶¶ 2, 5, 8, 9.) For his damages, Plaintiff seeks recovery for "bodily injury, disfigurement, conscious pain, suffering, mental suffering, embarrassment, shame, loss of enjoyment of life, shortened life expectancy, loss of association, loss of earnings, loss of profits, and loss of salary." (*Id*. ¶ 92.)

AbbVie and Abbott Laboratories timely filed a notice of removal. Pfizer and Pharmacia & Upjohn consented. (Notice of Removal at 1.)

## **ARGUMENT**

This MDL Court has discretion to defer ruling on Plaintiff's motion, pursuant to its responsibility "to manage [its] own dockets in light of 'economy of time and effort itself, for counsel, and for litigants.'" *In re Zyprexa Prods. Liab. Litig.*, 594 F.2d 113, 127 (2d Cir. 2010)

---

[1] AbbVie was established at the beginning of 2013 as an independent, publicly traded company from the pharmaceutical business of co-defendant Abbott Laboratories, which no longer sells AndroGel (the medicine that the complaint attributes to AbbVie and Abbott Laboratories) in the United States.

(Kaplan. J., concurring). As Judge Kaplan (a current member of the Judicial Panel on Multidistrict Litigation) explained, a district court managing a complex MDL "reasonably may conclude that the court's time, especially early in the litigation, is better spent on [other] activities" given that "new cases and new remand motions are likely to be filed throughout the pendency of the litigation." *Id.* For those reasons, this Court should defer ruling on Plaintiff's motion.

In the event this Court chooses to address Plaintiff's motion for remand, for the following reasons, Plaintiff's motion should be denied.

## I.      The removal was proper.

Plaintiff's motion presents one simple question: what does the statute say? "As the Supreme Court has instructed time and again, if 'the language at issue has a plain and unambiguous meaning with regard to the particular dispute in the case,' then that meaning controls and the court's 'inquiry must cease.'" *KM Enters. v. Global Traffic Tech.*, 725 F.3d 718, 728 (7th Cir. 2013) (quoting *Robinson v. Shell Oil*, 519 U.S. 337, 340 (1997)). "The preeminent canon of statutory interpretation requires that courts presume that the legislature says in a statute what it means and means in a statute what it says there." *Patriotic Veterans v. Indiana*, 736 F.3d 1041, 1047 (7th Cir. 2013).

Plaintiff cannot dispute that the statute here is clear. It forbids removal *only* if there is a "properly joined and served" in-state defendant. The statute is unambiguous, and it bars removal *only* if there has been proper service. All parties agree that the removal in this case occurred when there was no service. By the plain terms of the statute, then, the removal was proper. There the "inquiry must cease."

Relying on that plain language, district courts in this circuit, including several MDL courts in this circuit, have time and again denied remand because there was no service on an in-state defendant. The statute "preclude[s] removal … only if [the in-state defendant] had been properly served… That it was ultimately served does not affect the propriety of removal." *In re Bridgestone/Firestone*, 184 F. Supp. 2d 826, 828 (S.D. Ind. 2002). The fact that a case "was

removed before the forum defendant was served …, standing alone, is a sufficient ground for denying Plaintiff's motion to remand." *In re Yasmin & Yaz*, 2010 WL 3937414, at *11 (S.D. Ill.) (Herndon, J.). In short, the "presence of an unserved Defendant who is a citizen of the forum state does not prevent removal." *Test Drilling Serv. v. Hanor*, 322 F. Supp. 2d 953, 956-57 (C.D. Ill. 2003). In fact, "[c]ourts almost uniformly have read the forum-defendant provision of § 1441(b) to allow removal where an in-state defendant has not been served by the time the removal petition is filed." *Stop & Shop Supermarket v. Goldsmith*, 2011 WL 1236121, at *2 (S.D.N.Y. 2011);[2] *see also Massey v. Cassens & Sons*, 2006 WL 381943, at *2 (S.D. Ill.)

---

[2] Indeed, courts around the country have denied remand on this basis. *McCall v. Scott*, 239 F.3d 808, 813 n.2 (6th Cir. 2001) ("Where there is complete diversity of citizenship … the inclusion of an unserved resident defendant in the action does not defeat removal under 28 U.S.C. § 1441(b)."); *Harvey v. Shelter Ins.*, 2013 WL 1768658, at *2 (E.D. La.) ("[t]he forum defendant rule codified in § 1441(b) plainly provides that a civil action may not be removed if any defendant *that has been joined and served* is a forum defendant"); *Goodwin v. Reynolds*, 2012 WL 4732215, at *3-8 (N.D. Ala.) (finding the language of Section 1441 "clear," "plain and unambiguous"); *Banks v. Kmart*, 2012 WL 707025, at *2 (E.D. Pa.) ("[u]nder the plain language of the removal statute, removal is barred only if a defendant is a forum defendant and has been 'properly joined and served'"); *Robertson v. Iuliano*, 2011 WL 476520, at *2 (D. Md.) ("The majority of courts that have interpreted section 1441(b) apply the plain language of the statute to allow removal when none of the forum defendants have been served."); *Watanabe v. Lankford*, 684 F. Supp. 2d 1210, 1219 (D. Haw. 2010) ("[T]he forum defendant rule does not require remand in the instant case because Lankford, a properly joined in-state defendant, had not been served at the time of removal."); *Leonard v. Mylan*, 718 F. Supp. 2d 741, 743 n.2 (S.D. W. Va. 2010) ("Home-state defendants are generally precluded from removing a case to federal court. But this rule only applies when the home-state defendant has been 'properly joined and served.' This case was removed before any of the [in-state] defendants were served."); *Chace v. Bryant*, 2010 WL 4496800, at *2 (E.D.N.C.) ("The plain language of Section 1441(b) 'implies that a diverse but resident defendant who has not been served may be ignored in determining removability.'"); *Terry v. J.D. Street*, 2010 WL 3829201, at *2 (E.D. Mo.) ("The text of § 1441(b), however, is clear, and this Court must apply the statute as it is written.") (citations omitted); *Lamy v. United Parcel Serv.*, 2010 WL 1257931, at *2 (D. Nev.) ("Here, although Bledsoe was joined as a defendant, he has not yet been served with the complaint and summons… Accordingly, removal on diversity grounds was proper."); *Evans v. Rare Coin Wholesalers*, 2010 WL 595653, at *2 (E.D. Tex.) ("The statutory language clearly requires *service* on the forum defendant—at the time of removal—for removal to be improper."); *Bivins v. Novartis Pharms.*, 2009 WL 2496518, at *2 (D.N.J.) ("Under the plain meaning of the statute, removal of this case was proper because [the in-forum defendant] had not yet been served when it filed its notice of removal"); *Stan Winston Creatures v. Toys "R" Us*, 314 F. Supp. 2d 177, 180 (S.D.N.Y. 2003) ("[T]he language of § 1441(b) makes plain that its prohibition on removal applies only where a defendant who has been 'properly joined *and served*' is a resident of the

(federal courts have decided "virtually uniformly" that the statute bars removal only if the in-state defendant was served before removal).

It is true, as Plaintiff notes, that some district courts have not followed the plain language of the statute. But that does not make it the right thing to do. The main case on which Plaintiff relies, *Holmstrom v. Harad*, 2005 WL 1950672 (N.D. Ill.), has been explicitly rejected for its failure to apply the statute's actual terms. The *Holmstrom* opinion was "contrary to the plain language of the statute… The statute contains no proviso, and given its clarity, it is not the Court's role to insert one." *In re Pradaxa*, MDL No. 2385, 2013 WL 656822, at *4 n.18 (S.D. Ill.) (Herndon, J.); *see also Ann Arbor Emps.' Ret. Sys. v. Gecht*, 2007 WL 760568, at *8 (N.D. Cal.) ("the language of § 1441(b) is clear").

Ignoring the statute's explicit requirement of service, Plaintiff argues instead that Congress did not "intend" to allow removal under these circumstances, and that the "purpose" of the exception for properly served in-state defendants counsels against allowing removal here. (Mem. at 5, 6, 7.) But the Seventh Circuit has repeatedly warned against disregarding a statute's language in favor of premonitions of intents and purposes—most recently just a few days ago.

The appellant there, like Plaintiff here, argued that a statute should be given its "natural meaning." *Bormes*, 2014 WL 3583937, at *1. The Seventh Circuit completely rejected that idea: "Congress need not add 'we really mean it!' to make statutes effectual." *Id*. at *2. Courts may not rewrite a statute to achieve "good public policy" or "more of what [one party] sees as the legislative goal." *Id*. at *4. "The text is what it is, no matter which side benefits" and must be "applied as written, without contradiction or enlargement based on anyone's notions of wise policy." *Id*. If the statute ought to be changed, "the solution is an amendment, not judicial re-writing of a pellucid" statutory phrase. *Id*. at *2.

---

forum state."); *Ott v. Consol. Freightways*, 213 F. Supp. 2d 662, 665 (S.D. Miss. 2002) ("[W]here, as here, diversity does exist between the parties, an unserved resident defendant may be ignored in determining removability under 28 U.S.C. § 1441(b).").

Plaintiff also argues that doubts should be resolved in favor of remand. (Mem. at 2.) There are no doubts here. And, in any event, a policy of construing federal jurisdiction narrowly "does not override the unambiguous and plain language of § 1441(b)." *Valido-Shade v. Wyeth*, 875 F. Supp. 2d 474, 476 (E.D. Pa. 2012) (denying remand because the in-state defendant was not served prior to removal).

Finally, Plaintiff argues that Congress could not have intended to require service in the modern era of electronic court dockets, which in some instances may allow a defendant to learn of a lawsuit prior to service. (Mem. at 6-7.) That argument ignores Congress's ability to amend the removal statute if Congress finds its language to be outmoded. But Congress has not done so, even after the practice of removing cases prior to service became well-known. In fact, Plaintiff's argument has already been rejected. As one court held:

> As a consequence of advances in technology [with electronic court dockets], there may well be fewer diversity actions precluded from removal under § 1441(b) than heretofore. If this result is deemed to be bad public policy, the remedy lies with Congress which, subject to constitutional limitations, controls the scope of this court's subject matter jurisdiction and any right of removal.

*Valido-Shade*, 875 F. Supp. 2d at 478.

The practice of removing before service on in-state defendants had begun at least by 1992. *Wensil v. E.I. Du Pont de Nemours*, 792 F. Supp. 447, 448 (D.S.C. 1992) (denying remand). Almost 20 years later, the statute was amended by the Federal Courts Jurisdiction and Venue Clarification Act of 2011. The amendment addressed several removal provisions that had been the subject of conflicting decisions by courts. For example, Congress adopted the "later-served" defendant rule, under which each defendant has 30 days to remove after that defendant is served. But Congress left *intact* the provision barring removal only if there is a properly served in-state defendant. By retaining it, "the [2011] amendment reinforces the conclusion that Congress intended for the plain language of the statute to be followed." *Munchel v. Wyeth*, 2012 WL 4050072, at *4 (D. Del.). "The proper course is … to treat Congress's silence on the current [removal] regime's efficacy as an endorsement." *Regal Stone v. Longs Drug Stores*, 881 F. Supp. 2d 1123, 1129 (N.D. Cal. 2012) (denying plaintiff's motion for remand because the in-state

defendant had not been served prior to removal). For all of these reasons, Plaintiff's motion for remand should be denied.

**II.    Plaintiff's request for attorneys' fees and costs should be denied.**

Plaintiff requests attorneys' fees and costs under 28 U.S.C. § 1447(c) on the theory that the removal was meritless to the point of lacking good faith. (Mem. at 7-8.) That request should be denied.

Section 1447(c) gives a court discretion to award fees and costs only "where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital*, 546 U.S. 132, 141 (2005). The Seventh Circuit has explained, "[a]s a general rule, if at the time the defendant filed his notice in federal court, clearly established law demonstrated that he had no basis for removal, then a district court should award a plaintiff his attorneys' fees. By contrast, if clearly established law did not foreclose a defendant's basis for removal, then a district court should not award attorneys' fees." *Lott v. Pfizer*, 492 F.3d 789, 792 (7th Cir. 2007).

As explained above, removal in this case was supported by the statute's plain language and also the well-reasoned decisions of numerous courts. Thus, no matter this Court's decision on remand, Plaintiff cannot show that clearly established law foreclosed Defendants' basis for removal. Plaintiff's request for fees and costs should be denied.

## **CONCLUSION**

For the foregoing reasons, AbbVie and Abbott Laboratories respectfully urge this Court to defer ruling on Plaintiff's motion to remand, or to deny it.

Dated: July 28, 2014

WINSTON & STRAWN LLP

By:   /s/ Scott P. Glauberman
Scott P. Glauberman
James F. Hurst
Bryna Dahlin
Nicole E. Wrigley
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, Illinois 60601
Tel: (312) 558-5600
Fax: (312) 558-5700
sglauberman@winston.com
jhurst@winston.com
bdahlin@winston.com
nwrigley@winston.com

*Attorneys for AbbVie Inc. and Abbott Laboratories*

## <u>CERTIFICATE OF SERVICE</u>

I, Marissa Ronk, hereby certify that on July 28, 2014, the foregoing document was filed via the Court's CM/ECF system, which will automatically serve and send email notification of such filing to all registered attorneys of record.


*/s/ Marissa Ronk*____