**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE: TESTOSTERONE REPLACEMENT THERAPY PRODUCTS LIABILITY LITIGATION | Case No. 1:14-cv-1748<br>MDL No. 2545<br>Hon. Matthew F. Kennelly |
| THIS DOCUMENT RELATES TO:<br><br>*Don Estep v. Pharmacia & Upjohn Company Inc., et al.*, Case No. 1:14-cv-4856 | |

**OPPOSITION OF DEFENDANTS PFIZER INC. AND PHARMACIA & UPJOHN COMPANY, INC. TO PLAINTIFF'S MOTION FOR REMAND**

On June 26, 2014, Plaintiff Don Estep, a resident of Texas, filed an action in the Circuit Court of Cook County, Illinois. Defendants AbbVie Inc. and Abbott Laboratories ("the Abbott Defendants"), with the consent of Defendants Pfizer Inc. and Pharmacia & Upjohn Company, Inc. ("the Pfizer Defendants"), timely removed the action prior to service of the Complaint on any of the Defendants. On July 22, 2014, Plaintiff filed a motion to remand the case to state court. The Pfizer Defendants join the opposition submitted by the Abbott Defendants and submit this memorandum in further opposition to Plaintiff's motion.[1]

Plaintiff's motion should be denied for a number of reasons. First, the removal statute unambiguously allows removal if there is complete diversity and an in-state defendant has not yet been served. An action that is otherwise removable "may not be removed if any of the parties in interest properly joined *and served* as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2) (emphasis added). The language of the statute is clear and unambiguous: if an in-state defendant has not been served, the parties may remove the action to federal court. Where the language of a statute is clear and unambiguous, courts should

---

[1] Because the Pfizer Defendants join the opposition of the Abbott Defendants, the Pfizer Defendants will not repeat in full the arguments made in that opposition.

1

not interpret the statute in a manner contrary to its plain language. *See Andersen Consulting LLP v. UOP*, 991 F. Supp. 1041, 1042-43 (N.D. Ill. 1998) ("A court's starting point to determine the intent of Congress is the language of the statute itself. If the language is 'clear and unambiguous,' the court must give effect to the plain meaning of the statute."). Plaintiff's proposed interpretation – that only an out-of-state defendant who has been served may remove an action where an in-state defendant has not yet been served – reads into the statute a requirement not found in the plain language and obviates the words "and served."

Second, Plaintiff's proposed interpretation is inconsistent with the intent of Congress, which recently made other changes to the removal statute but left the "and served" language intact. In 2011, Congress enacted the Federal Courts Jurisdiction and Venue Clarification Act of 2011, which made various changes to the removal statute (such as allowing each defendant 30 days after receipt of service to file the notice of removal, rather than from the time the first defendant was served) but which left the "properly joined *and served*" language intact. Other district courts have interpreted Congress' decision to leave this language unchanged as confirming that Congress intended to allow the removal of cases in which the in-state defendant was not yet served. *See Munchel v. Wyeth LLC*, Civ. A. No. 12-906-LPS, 2012 WL 4050072, at *4 (D. Del. Sept. 11, 2012) ("[B]y retaining the 'properly joined and served language,' the amendment reinforces the conclusion that Congress intended for the plain language of the statute to be followed.").

Third, while Plaintiff's motion relies heavily on the decision of another judge in this district, other district judges within the Seventh Circuit correctly have allowed removal where an in-state defendant has not yet been served. For example, in *In re Yasmin & Yaz (Drospirenone) Mktg., Sales Practices & Relevant Products Liab. Litig.*, MDL No. 2100, 2010 WL 3937414

2

(S.D. Ill. Oct. 4, 2010), the Southern District of Illinois denied a plaintiff's motion to remand where defendants removed just a few hours before the in-state defendant was served. "This fact, standing alone, is a sufficient ground for denying Plaintiff's motion to remand." 2010 WL 3937414 at *11.

Similarly, courts have criticized the Northern District's holding in *Holmstrom v. Harad*, 05 C 2714, 2005 WL 1950672 (N.D. Ill. Aug. 11, 2005), the case on which Plaintiff primarily relies, as being inconsistent with the language of the statute and Congress' intent. In *Massey v. Cassens & Sons, Inc.*, 05-CV-598-DRH, 2006 WL 381943 (S.D. Ill. Feb. 16, 2006), the court explained that the removal statute "contains no proviso" that at least one defendant be served. 2006 WL 381943, at *1. Moreover, given the "clarity" of the statute, "it is not this Court's role to insert one. . . . Nor is it this Court's place to require, contrary to at least the language of 28 U.S.C. § 1446(b), that a defendant be served prior to removal. . . . Instead, this Court must be faithful to the language Congress actually employed. In this instance, that language provides no basis for remand." *Id.* (citations omitted); *see also In re Pradaxa (Dabigatran Etexilate) Products Liab. Litig.*, MDL No. 2385, No. 12-60092, 2013 WL 656822, at *4 n.18 (S.D. Ill. Feb. 22, 2013) (declining to adopt *Holmstrom* as contrary to the plain language of § 1441(b)).

Based on the foregoing reasons, the Pfizer Defendants respectfully request that the Court deny Plaintiff's motion to remand.

Dated:  July 28, 2014                             */s/ Matthew A. Holian*

                                                Loren H. Brown
                                                Cara D. Edwards
                                                DLA Piper LLP (US)
                                                1251 Avenue of the Americas, 45th Floor
                                                New York, NY 10020-1104
                                                (212) 335-4500
                                                loren.brown@dlapiper.com
                                                cara.edwards@dlapiper.com

Matthew A. Holian
Jessica C. Wilson
DLA Piper LLP (US)
33 Arch Street, 26th Floor
Boston, MA 02110-1447
(617) 406-6009
matt.holian@dlapiper.com
jessica.wilson@dlapiper.com

*Attorneys for Defendants Pfizer Inc. and Pharmacia & Upjohn Company, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 28th day of July, 2014, a true and correct copy of the foregoing **OPPOSITION OF DEFENDANTS PFIZER INC. AND PHARMACIA & UPJOHN COMPANY, INC. TO PLAINTIFF'S MOTION FOR REMAND** was electronically filed via the CM/ECF system, which will effectuate service on all counsel of record who are properly registered for ECF service.

*/s/ Matthew A. Holian*
Matthew A. Holian
DLA PIPER LLP (US)
33 Arch Street, 26th Floor
Boston, MA 02110-1447
Phone: (617) 406-6009
Fax: (617) 406-6109
matt.holian@dlapiper.com

*Attorneys for Defendants Pfizer Inc. and Pharmacia & Upjohn Company, Inc.*