**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS**

In re: Testosterone Replacement   )   Case No. 14 C 1748
Therapy Products Liability Litigation   )   MDL No. 2545

**This document relates to all cases**

**<u>MDL CASE MANAGEMENT ORDER NO. 4</u>**

By this order, the Court appoints plaintiffs' lead counsel, liaison counsel, executive committee, and steering committee, as well as the organizational structure for defense counsel.  With regard to defense counsel, the Court approves and adopts Defendants' Submission In Support of Defendants' Liaison Counsel (docket no. 149), filed on July 3, 2014.

A number of attorneys for various plaintiffs made a joint proposal for an organizational structure and assignments.  Other attorneys who were not part of the joint proposal also made separate requests to be part of the organizational structure for plaintiffs' counsel.  The Court interviewed applicants for the plaintiffs' counsel positions in open court on July 29, 2014.

The joint proposal includes 32 attorneys in total:  3 proposed co-lead counsel; another 7 to serve on the plaintiffs' counsel executive committee along with co-lead counsel; a steering committee including 20 attorneys, and 2 co-liaison counsel.  This is a significantly larger group than in the "typical" product liability multi-district litigation proceeding.  Counsel have, however, made a reasonable argument that this is not the typical MDL proceeding, largely in view of the fact that it involves claims against six different defendants for different product forms.  Some pretrial matters will involve

issues common to all six defendants, but some will involve issues that are defendant-specific. The Court has some misgivings regarding the size of the group but is persuaded, at least for the time being, that the structure and size proposed is reasonable and appropriate. (As indicated below, the Court has added two attorneys who were not included in the joint proposal.)

The Court has taken into account all applicants' written submissions as well as the oral presentations made in open court. With regard to some applicants, the Court has also consulted with other judges who have presided over MDL proceedings in which applicants had leadership roles. The Court has also considered the factors set forth in Case Management Order No. 1 and in the Manual for Complex Litigation (4th) § 10.22.

All appointments are made for a one-year period and will expire on August 15, 2015. Appointees may apply for reappointment when their term expires. A re-application process will be established at an appropriate time in advance of the expiration date. Counsel are advised in advance that applications for reappointment will be required to include references to the nature and scope of the applicant's work, including time and resources expended during the previous term.

The Court makes the following appointments:

| | |
|---|---|
| Co-lead counsel: | Ronald E. Johnson, Jr.<br>Trent B. Miracle<br>Christopher A. Seeger |
| Executive Committee:<br>(includes co-lead counsel) | Timothy Becker<br>Michael Papantonio<br>Seth Katz<br>Michael London<br>Maury A. Herman<br>Michelle Kranz |

2

|  |  |
|---|---|
|  | Bill Robins |
| Steering Committee: (includes counsel listed above) | Martin Crump<br>T. Matthew Leckman<br>Lawrence J. Gornick<br>Matthew Teague<br>Gregory Spizer<br>Frank Petosa<br>Kristine Kraft<br>Elwood C. Stevens, Jr.<br>Christopher Tisi<br>Arnold Levin<br>Alex H. MacDonald<br>Mark A. Hoffman<br>Dawn M. Barrios<br>Derriel C. McCorvey<br>Roger W. Orlando<br>Rachel Abrams<br>W. Mark Lanier<br>David S. Ratner<br>Will Moody, Jr.<br>Yvonne Flaherty<br>Dianne Nast<br>Kathleen Chavez[1] |
| Co-Liaison Counsel: | Brian J. Perkins<br>Myron Cherry |

Plaintiffs' co-lead counsel are directed to promptly prepare, and provide to the Court by no later than August 7, 2014, a draft order embodying the Court's appointments and spelling out the responsibilities of co-lead counsel, the executive committee, the steering committee, and co-liaison counsel. The order may also include other matters that co-lead counsel, the executive committee, or the steering committee

---

[1] Ms. Chavez applied for a position on the steering committee. She did not appear at the July 29, 2014 hearing. One of her law partners orally advised the Court that Ms. Chavez's application was being withdrawn in consideration of the fact that the partner had also applied. The Court respectfully declines to accept the withdrawal of Ms. Chavez's application and hereby appoints her to the steering committee.

consider to be appropriate for inclusion in the order. Any objections to the form or content of the order must be filed by no later than August 11, 2014.

Defendants' liaison counsel, as designated in defendants' joint submission of July 3, 2014, is directed to promptly prepare and circulate among "lead counsel" for each defendant, and is to propose to the Court by no later than August 7, 2014, a draft order embodying the Courts appointment(s) and spelling out the responsibilities of the counsel thus appointed. The order may also include other matters that liaison counsel and any defendant's "lead counsel" consider to be appropriate for inclusion in the order. Any objections to the form or content of the order must be filed by no later than August 11, 2014.

It is so ordered.

                                                _____
                                                  MATTHEW F. KENNELLY
                                                  United States District Judge

Date: July 31, 2014