IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | | |
|---|---|---|---|
| In re: TESTOSTERONE | ) | | |
| REPLACEMENT THERAPY | ) | Case No.: | 14 C 1748 |
| PRODUCTS LIABILITY LITIGATION | ) | MDL No.: | 2545 |

**This document relates to:**

- *Don Estep v. Pharmacia & Upjohn Co., Inc., et al.*; Case No. 1:14-CV-04856

## REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR REMAND

Plaintiff Don Estep, by and through counsel of record, hereby states as follows for his *Reply Memorandum in Support of Plaintiff's Motion for Remand*:

Plaintiff filed his *Motion for Remand* and memorandum in support of the same ("Plaintiff's Motion to Remand") on July 22, 2014. On July 28, 2014, *AbbieVie's and Abbott Laboratories' Brief in Opposition to Plaintiff's Motion to Remand* ("Abbott Opposition") and the *Opposition of Defendants Pfizer Inc. and Pharmacia & Upjohn Company, Inc. to Plaintiff's Motion for Remand* ("Pfizer Opposition") (collectively "Defendants' Oppositions") were filed. On July 29, 2014, the parties appeared for oral argument before this Court, and Plaintiff was given until August 8, 2014, to file the instant reply. For the reasons below, Defendants removal is improper and remand is appropriate.

Put simply, Defendants argue that removal of this case prior to any defendant being served in the state court action was proper solely because 28 U.S.C. 1441(b)(2) contains the words "properly joined and served." In full, that section states "A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." Defendants contend this language allows removal

and then prevents remand based on (1) the general rules of statutory interpretation and (2) Congressional intent. Defendants' arguments are unavailing and have been previously rejected by this District. *See Holmstrom v. Harad*, No. 05 C 2714, 2005 WL 1950672 (N.D. Ill. Aug. 11, 2005); *Vivas v. Boeing Co.*, 486 F. Supp. 2d 726 (N.D. Ill. 2007).

First and foremost, this District has already addressed the precise issue before this Court on two occasions. *Holmstrom*, 2005 WL 1950672; *Vivas*, 486 F. Supp. 2d 726. In both *Holmstrom* and *Vivas*, remand was granted and Defendants' "joined and served" argument was rejected. The fact is that the decisions of this District are directly contrary to the rationale asserted in the Defendants' Oppositions, and the legal precedent of this District dictates a remand in this case. Despite this authority, Defendants' Oppositions fail to cite any Seventh Circuit Court of Appeals or Northern District of Illinois case supporting their position regarding the specific procedural issue now before the Court.

In both *Holmstrom* and *Vivas*, this District specifically addressed the exact statutory interpretation and Congressional intent arguments made in Defendants' Oppositions, and found those arguments unpersuasive and lacking. In *Holmstrom,* this Court addressed the question of "whether, under § 1441(b), the citizenship of a forum defendant defeats removal when, prior to removal, no defendant has been served or otherwise appeared" - *the exact issue in our case*. No. 05 C 2714, 2005 WL 1950672 at * 1. In that case, the defense made the same statutory interpretation argument against remand that is made in the Defendants' Oppositions – i.e. that the unambiguous, plain language of the statute states "properly joined and served." *Id. at *2. Despite that argument, the *Holmstrom* Court granted plaintiff's motion to remand, stating in relevant part:

> Initially, we recognize the tension between this result and the literal language of § 1441(b). The forum defendant rule expressed

>in § 1441(b) precludes removal only when a forum defendant has been "joined and served." 28 U.S.C. § 1441(b). Peterson's straightforward argument, therefore, is that the presence of two unserved Illinois defendants should not bar removal. Peterson further contends that nothing in the removal statute explicitly limits the "joined and served" requirement to cases in which at least one defendant has been served prior to removal. Peterson's contention notwithstanding, we find that remand is proper. Simply put, the policy of the "joined and served" requirement is not implicated in this situation.

*Id.* at *2. This District has already directly addressed the defendants' statutory interpretation argument, and found that the "joined and served" requirement is not implicated in the situation where a case is removed prior to service on any of the defendants.

In *Vivas,* this District also considered defendants' argument that the rules of statutory interpretation require the "joined and served" requirement of 28 U.S.C. 1441(b)(2) to be strictly enforced. 486 F. Supp. 2d 726. The *Vivas* Court found that doing so would frustrate the intent of Congress and the courts, and granted remand, specifically stating:

>"When interpreting statutes, first and foremost, we give words their plain meaning unless doing so would frustrate the overall purpose of the statutory scheme, lead to absurd results, or contravene clearly expressed legislative intent." *United States v. Vallery,* 437 F.3d 626, 630 (7th Cir.2006); *see also Nixon v. Mo. Municipal League,* 541 U.S. 125, 138, 124 S.Ct. 1555, 1564, 158 L.Ed.2d 291 (2004). In this case, Boeing's interpretation of the removal statute would frustrate the consistent efforts of both Congress and the courts to determine diversity jurisdiction based on the genuine interests of the parties to the controversy. *Gottlieb v. Westin Hotel Co.,* 990 F.2d 323, 327 (7th Cir.1993) (citing *Rose v. Giamatti,* 721 F.Supp. 906, 913 (S.D.Ohio 1989)) (citations omitted) (reviewing the doctrine of fraudulent joinder and the "long-established doctrine that a federal court, in its determination of whether there is diversity of citizenship between the parties, must disregard nominal or formal parties to the action and determine jurisdiction based only upon the citizenship of the real parties to the controversy."); *see also* 14B Charles A. Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice & Procedure Juris.3d § 3723 (2007).

> Combining the permission granted in 28 U.S.C. § 1446(b) for defendants to file a notice of removal before being served with the joined and served requirement of 28 U.S.C. § 1441(b) to allow a resident defendant to remove a case before a plaintiff even has a chance to serve him would provide a vehicle for defendants to manipulate the operation of the removal statutes. Allowing either party to do that would be against what the courts have long understood to be Congress's intent. Furthermore, the court is mindful of the admonition that "[t]he removal statute should be construed narrowly and any doubts about the propriety of removing a particular action should be resolved against allowing removal." *Wirtz Corp. v. United Distillers & Vintners NA, Inc.,* 224 F.3d 708, 715–16 (7th Cir.2000) (citing *Doe v. Allied–Signal, Inc.,* 985 F.2d 908, 911 (7th Cir.1993); *Illinois v. Kerr–McGee Chem. Corp.,* 677 F.2d 571, 576 (7th Cir.1982); *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108–09, 61 S.Ct. 868, 85 L.Ed. 1214 (1941); *In re Application of County Collector of the County of Winnebago,* 96 F.3d 890, 895 (7th Cir.1996)). Therefore, the court declines to apply § 1441(b) to permit Boeing to remove these cases based on diversity jurisdiction.

*Id.* at 734-35. The key point is that Defendants' interpretation of the "joined and served" requirement frustrates the intent of Congress to avoid forum shopping by allowing defendants in every case to forum shop.

It should also be noted that strictly enforcing the "joined and served" requirement, as argued in Defendants' Oppositions, would render the "forum defendant rule" dead law. Defendants can simply have someone stand in the Cook County clerk's office watching for lawsuits being filed, and then immediately file a removal before the plaintiff ever has a chance to obtain a summons and service. This can not have been the intent of Congress. Why even keep 28 U.S.C. 1441(b)(2) in the United States Code if Congress intended for it to no longer have any application?

In its opposition, Abbott makes the following overstatement that requires clarification:

> "It is true, as Plaintiff notes, that some district courts have not followed the plain language of the statute. But that does not make it the right thing to do. The main decision on which plaintiff relies,

> *Holmstrom v. Harad*, 2005 WL 1950672 (N.D. Ill.), has been explicitly rejected for its failure to apply the statute's actual terms."

Abbott Opposition, P. 5. First, not only have "some district courts" chosen not to apply the plain language of the statute, this very District has held that way on two prior occasions. *Holmstrom*, 2005 WL 1950672; *Vivas*, 486 F. Supp. 2d 726. Additionally, Abbott argues *Holmstrom* has been "expressly rejected." This statement is misleading, as *Holmstrom* has certainly not been rejected by this District or the Seventh Circuit. In fact, this District, in the <u>published</u> *Vivas* opinion, specifically relied on the *Holmstrom* decision in granting remand. *Vivas*, 486 F. Supp. 2d 726, 734-35. In making this bold assertion, Abbott relies exclusively on unpublished decisions from the Southern District of Illinois and Northern District of California. Neither *Holstrom* nor *Vivas* has been rejected by any controlling authority, and both cases remain good law and provide the appropriate interpretation of the remand issue in this case.

The Pfizer Opposition also takes an inaccurate and aggressive position on *Holmstrom* that requires discussion:

> "Third, while Plaintiff's motion relies heavily on the decision of another judge in this district, other judges within the Seventh Circuit correctly have allowed removal where an in-state defendant has not yet been served."

Pfizer Opposition, PP. 2-3. First, Plaintiff relies on the decision of not one, but two judges from this District. Pfizer is correct, however, that Plaintiff does rely on decisions from <u>this District</u> in support of remand. Additionally, the only decisions cited in Pfizer's Opposition supporting the proposition that "other judges within the Seventh Circuit correctly have allowed removal" under these circumstances are unpublished Southern District of Illinois opinions. Pfizer Opposition, PP. 2-3.

Lastly, it is interesting that the statements from Defendants' Oppositions set forth above not so subtly imply that this District's two prior decisions are incorrect, while at the same time admitting that no national consensus on this issue exists. Just because the prior decisions of this District are contrary to the defendants' arguments does not make them wrong. In fact, a number of other jurisdictions have held consistent with this District's prior rulings.

The Abbott Opposition requests that ruling on Plaintiff's Motion to Remand be deferred until some unknown and unstated future date. Plaintiff opposes this request. First, addressing and ruling on the instant motion to remand now allows this Court to set its precedent on this issue early in the litigation. As this is the first such motion filed in this pending litigation, the Court's ruling will provide guidance and deter future improper removals, which will lessen the number of motions for remand this Court has to address during this litigation. Additionally, it is not appropriate to have this case remain pending in federal court if this Court does not have jurisdiction. Plaintiff has the right to have his case remanded and begin pushing the case forward in state court. Lastly, Abbott does not articulate any meaningful reason for delay. The briefing on this matter is completed with the filing of this reply, and counsel for Plaintiff already traveled to Chicago from Kansas City for oral arguments on July 29th. This motion is in a posture to be ruled on, and Plaintiff respectfully requests the Court rule on his motion.

WHEREFORE, for all of the foregoing reasons, Plaintiff respectfully requests this Court REMAND the above-captioned matter to state court due to this Court's lack of jurisdiction; deny Defendants' request to defer ruling on this motion; award Plaintiff attorneys' fees and costs pursuant to § 1447(c); and for such other relief as this Court deems just, equitable, and proper.

Respectfully submitted,

 **/s/ David C. DeGreeff**
David C. DeGreeff
SHAMBER, JOHNSON & BERGMAN
2600 Grand Blvd.; Suite 550
Kansas City, Missouri 64108
816-474-0004 telephone
816-474-0003 facsimile
ddegreeff@sjblaw.com
**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that on August 4, 2014, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system which will automatically serve and send a notice of electronic filing to all registered attorneys of record.

 **/s/ David C. DeGreeff**
**ATTORNEYS FOR PLAINTIFF**