IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: Testosterone Replacement | ) | Case No. 14 C 1748 |
| Therapy Products Liability Litigation | ) | MDL No. 2545 |

This Document Relates To: All Cases

CASE MANAGEMENT ORDER NO. 7

(Preliminary Discovery Plan and Procedures)

1. **SCOPE AND APPLICABILITY OF PLAN**. This Preliminary Discovery Plan and Procedures (the "Plan") is intended to conserve judicial and party resources, eliminate duplicative discovery, serve the convenience of the parties and witnesses, and promote the just and efficient conduct of this litigation. The following protocols and limitations in this Case Management Order ("CMO") No. 7 shall apply in all cases in MDL 2545:

2. **DISCOVERY ON PLAINTIFFS (BY DEFENDANTS)**. The proposed Plaintiff Fact Sheet ("PFS") that shall be served on and responded to by Plaintiffs, and the accompanying procedural requirements for completing that PFS, production of the relevant documents requested by the PFS, and completion of duly-executed authorizations for the release of relevant records, shall be the subject of a separate Case Management Order that the parties anticipate submitting for the Court's approval at or slightly in advance of the September 2014 status conference. The parties shall continue negotiations over the form of the PFS and the proposed CMO.

3.  **DISCOVERY ON DEFENDANTS (BY PLAINTIFFS).**

    A.   There shall be no discovery served or propounded on the defendants in this MDL except that which is from the co-leads and/or Executive Committee of this MDL.

    B.   In advance of the August 22, 2014 status conference, the PSC have propounded a Master Set of Interrogatories and Master Set of Document Requests on certain Defendants individually, and have agreed to provide *courtesy copies* of 30(b)(6) deposition notices on corporate organization structure and MIS/ESI topics. The timing and responses to said discovery shall be subject to negotiation and meet-and-confer. Defendants shall not be required to respond to the Master Set of Interrogatories and Master Set of Documents Requests or any of the 30(b)(6) deposition notices absent agreement by the parties or an order of the Court. However, the parties anticipate continuing to meet-and-confer on the timing for these discovery responses and 30(b)(6) depositions and the procedural requirements for responding to same shall be the subject of a separate Case Management Order that the parties anticipate submitting for the Court's approval at or slightly in advance of the September 2014 status conference. The parties further understand that following the September 2014 status conference, the PSC intends to serve additional 30(b)(6) deposition notices on topics including but not limited regulatory and post-marketing surveillance, sales and marketing, and scientific affairs on various defendants.

4.  **RULE 26 INITIAL DISCLOSURES.**

    A.   The parties agree that the requirements of Fed.R.Civ.P. 26(a)(1)(A) shall hereby be waived for all parties. However, in an effort to advance the litigation, each defendant currently served with a case in this MDL agrees to provide the following information within 45 days of this Order:

  **1.** An initial list of persons most knowledgeable (including the general subject matter of that knowledge) and potential document custodians;

  **2.** An initial general description of the location of documents, including but not limited to specific databases and other document sources, containing potentially relevant and/or discoverable information.

  **3.** The insurance information required pursuant to Fed.R.Civ.P.26(a)(1)(iv).

**B.** Each defendant in this MDL shall only be required to provide one set of the disclosures described in the preceding paragraph, notwithstanding their responses to other discovery. Service of these disclosures shall be made on the PSC's co-lead counsel.

**5. OTHER DISCOVERY MATTERS TO BE ADDRESSED BY THE PARTIES.** In addition to the matters related to the PFS, the parties shall continue negotiating and meeting-and-conferring regarding CMOs governing the following issues, for the implementation either via joint submissions or via competing submissions with the Court's assistance:

**A.** An Electronically Stored Information (ESI) Protocol;

**B.** A Document Preservation Order;

**C.** A Defense Fact Sheet ("DFS");

**D.** A Deposition Protocol; and

E.  A Discovery/Trial Plan (which shall include, but not be limited to, parameters for case specific discovery of individual plaintiffs, general discovery from defendants, *Daubert* and/or summary judgment motions and trial dates).

Date: August 25, 2014

IT IS SO ORDERED.

_____
Matthew F. Kennelly
United States District Judge