**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE: TESTOSTERONE REPLACEMENT ) | |
| THERAPY PRODUCTS LIABILITY ) | **No. 14 C 1748** |
| LITIGATION ) | **MDL No. 2545** |
| ------------------------------------------------------------- ) | |
| ) | |
| This document applies to: ) | |
| ) | |
| DON ESTEP, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **No. 14 C 4856** |
| ) | |
| PHARMACIA & UPJOHN CO., INC., ) | |
| PFIZER, INC., ABBVIE INC. , ) | |
| and ABBOTT LABORATORIES, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

MATTHEW F. KENNELLY, District Judge:

**Background**

On June 26, 2014, Don Estep, a citizen of Texas, sued the following entities in

Illinois state court: 1) AbbVie Inc. & Abbott Laboratories (collectively AbbVie), whose

principal place of business is in Illinois; 2) Pharmacia & Upjohn Co., Inc., whose

principal place of business is in New York; and 3) Pfizer, Inc., whose principal place of

business is also in New York, to recover for injuries that he claims were caused by

defendants' testosterone replacement therapy products.  It is undisputed that the parties

are of diverse citizenship and that the amount in controversy exceeds $75,000.

The same day that Estep filed the lawsuit, AbbVie and Abbott removed it to this

court, with the consent of Pharmacia and Pfizer. None of the defendants, of course, had yet been served with process. Indeed, it is virtually certain it would have been impossible for Estep to serve any of them that quickly, even an in-state defendant like AbbVie. Illinois law (with exceptions irrelevant here) requires process to "be served by a sheriff, or if the sheriff is disqualified, by a coroner of some county of the State." 735 ILCS 5/2-202(a).

Once removed here, the case was assigned to the undersigned judge. The Court is presiding over coordinated pretrial proceedings in a multidistrict litigation (MDL) proceeding involving testosterone replacement therapy products liability cases.

Estep has moved to remand the case to state court pursuant to 28 U.S.C. § 1447(c). Estep relies on 28 U.S.C. § 1441(b)(2), known as the forum defendant rule, which states that "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." Because AbbVie is a citizen of Illinois, Estep says, the case was not properly removable.

The creation of diversity jurisdiction "was based on the desire of the Framers to assure out-of-state litigants courts free from susceptibility to potential local bias." *Lumbermen's Mut. Cas. Co. v. Elbert*, 348 U.S. 48, 54 (1954) (Frankfurter, J., concurring). There is no need for this sort of protection, however, in a case in which the defendant is a citizen of the forum state. *Perez v. Forest Labs., Inc.*, 902 F. Supp. 2d 1238, 1242 (E.D. Mo. 2012). This is the policy that underlies the forum defendant rule. "The rule is designed to preserve the plaintiff's choice of a (state) forum, under

circumstances where it is arguably less urgent to provide a federal forum to prevent prejudice against an out-of-state party." *Hurley v. Motor Coach Indus., Inc.*, 222 F.3d 377, 380 (7th Cir. 2000). In a case like this one where at least one of the multiple defendants named is a citizen of the forum state, "the forum defendant rule still bars removal as the likelihood of local bias against all defendants is too attenuated to justify removal." *Perez*, 902 F. Supp. 2d at 142 (citing *Dresser Indus., Inc. v. Underwriters at Lloyd's of London*, 106 F.3d 494, 499 (3d Cir. 1997)).

The defendants concede that AbbVie and Abbott are citizens of Illinois. They argue, however, that section 1441(b)(2) did not bar removal, because those defendants had not been served as of the date they filed the notice of removal.

For the reasons stated below, the Court grants Estep's motion to remand.

### Discussion

The defendants have asked the Court to defer ruling on Estep's motion, suggesting that the Court's time is better spent on other matters at this point in the litigation, as additional remand motions are likely to be filed in the future.[1] As Estep argues, however, addressing his motion now allows the Court to provide guidance to litigants when similar situations arise in this MDL proceeding the future, ultimately saving time for the litigants and the Court. For this reason, the Court proceeds to address Estep's motion to remand.

"The party seeking removal has the burden of establishing federal jurisdiction, and federal courts should interpret the removal statute narrowly, resolving any doubt in favor of the plaintiff's choice of forum in state court." *Schur v. L.A. Weight Loss Ctrs.,*

---

[1] Indeed, there are now two other pending motions to remand in cases that are part of the MDL proceeding.

*Inc.*, 577 F.3d 752, 758 (7th Cir. 2009). The defendants contend that there is no such doubt in this case. They argue that Estep cannot rely on the forum defendant rule because it requires the defendant who is a citizen of the forum state to have been served with process before removal. In response, Estep asks the Court to consider the purpose of the rule, which protect the plaintiff's choice a state-court forum when he has sued a defendant who is a citizen of the forum state. In *Holmstrom v. Harad*, No. 05 C 2714, 2005 WL 1950672 (N.D. Ill. 2005), for instance, the court granted plaintiff's motion to remand on the basis of the forum-defendant rule even though none of the defendants had been served before removal, because "the policy of the 'joined and served' requirement [was] not implicated in [that] situation." *Id.* at *2. Estep also suggests that application of the forum-defendant rule in the way defendants urge creates a significant risk of forum-shopping, because the defendants are able to monitor the state court's electronic docket and can remove cases—even those in which *only* Illinois defendants are named—before the plaintiff has any chance to obtain service of summons.

Although "[t]he majority of courts that have interpreted section 1441(b) apply the plain language of the statute to allow removal when none of the forum defendants have been served," *Robertson v. Iuliano*, No. 10-1319, 2011 WL 476520, at *2 (D. Md. Feb. 4, 2011), there is an split in authority on the issue, with a number of courts looking to the statute's underlying purpose and precluding removal in this situation. *Goodwin v. Reynolds*, No. 12 C 0033, 2012 WL 4732215, at *3 (N.D. Ala. Sept. 28, 2012) (referring to "the divide between district courts regarding the application of 1441(b)").

As best the Court can determine, only one court of appeals has addressed the "service" aspect of the forum-defendant rule. *See McCall v. Scott*, 239 F.3d 808, 813,

n. 2 (6th Cir. 2001) ("Where there is complete diversity of citizenship . . . the inclusion of

an *unserved* resident defendant in the action does not defeat removal under 28 U.S.C.

§ 1441(b)."). The dearth of instructive circuit-level cases is perhaps unsurprising,

however, given the fact that a decision to remand a case based on the forum-defendant

rule is unreviewable via appeal. *Holmstrom v. Peterson*, 492 F.3d 833, 839 (7th Cir.

2007).

## A.     Authority applying the plain language of section 1441(b)

The Court finds the cases that rely on the underlying purpose of the forum-

defendant rule more persuasive than those that simply apply its language. The latter

focus on the clarity of the rule as set forth in the statute. In *Terry v. J.D. Streett & Co.*,

No. 09 C 01471, 2010 WL 3829201, at * 2 (E.D. Mo. Sept. 23, 2010) (internal quotation

marks omitted), for example, the court stated that it "must apply the statute as it is

written, and not as plaintiffs maintain it is intended." The court concluded that "the

forum defendant rule  . . . fails to aid plaintiffs" simply because the "defendant had not

been served before it removed the case . . . ." *Id. See also, e.g., Harvey v. Shelter Ins.

Co.*, No. 13-392, 2013 WL 1768658, at *2 (E.D. La. Apr. 24, 2013) ("[T]he plain

language of the statute must prevail over the plaintiff's policy arguments to the contrary.

The statutory forum defendant rule simply does not support plaintiff's position"), *Chace

v. Bryant*, No. 10 C 85, 2010 WL 4496800, at *2 (E.D.N.C. Nov. 1, 2010) ("There is no

dispute that . . . the resident defendant, had not been served at the time of removal . . . .

Therefore, 28 U.S.C. § 1441(b) does not apply to bar removal of this action"), *In re

Yasmin & Yaz (Drospirenone) Mktg., Sales Practices & Relevant Prods. Liab. Litig.*,

MDL No. 2100, 2010 WL 3937414, at *11 (S.D. Ill. Oct. 4, 2010) ("The Bayer

Defendants removed this action on May 1, 2009 at 11:18 am . . . .  Plaintiffs served McKesson on May 1, 2009 at 1:50 pm . . . .  This fact, standing alone, is a sufficient ground for denying Plaintiff's motion to remand").

The court in *Munchel v. Wyeth LLC.*, No. 12 C 906, 2012 WL 4050072 (D. Del. Sept. 11, 2012), divined a Congressional intent to reject decisions that took a contrary approach.  The court noted that section 1441(b) was amended in 2011 from its previous version, which stated that "[a]ny other such action ***shall be removable only if*** none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought" to the current version, which states that "[a] civil action . . . ***may not be removed if any*** of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." *Id.* at *4 (internal quotation marks omitted).  The court in *Munchel* took the retention of the "properly joined and served' language to mean that Congress intended for courts to apply the plain language of the statute despite contrary decisions by some courts.  The court cited *Regal Stone Ltd. v. Longs Drug Stores California, L.L.C.,* 881 F. Supp. 2d 1123, 1129 (N.D. Cal. 2012), for the proposition that courts must construe Congressional inaction as "satisfaction with the unamended portion, or at least tolerance of its inadequacies." *Munchel*, 2012 WL 4050072, at *4.   As the court in *Regal Stone* noted, however, the amendment's "legislative history strongly suggests that when Congress amended the removal statutes, it simply did not have the issue of premature removal in mind."  *Regal Stone*, 881 F. Supp. 2d at 1129 (noting that the history "omit[s] mention of [the] district court split").  This understanding of the amendment is bolstered by the court's affirmation in *Perez v. Forest Laboratories* that the 2011 changes to section 1441(b) did

not impact its analysis. *Perez*, 902 F.Supp.2d at 1241 n.4. The Court agrees that there

is no basis to read into the amended forum-defendant rule any Congressional intention

to adopt one line of district court decisions and reject another. Congress's silence on

the topic is just that—silence. It is not commentary on the accuracy of one

interpretation as opposed to another.

## B. Authority relying on the purpose underlying section 1441(b)

The Court finds the cases looking beyond the language of section 1441(b)

persuasive because they seek to fulfill the principle animating the plain language rule

and are therefore faithful to Congressional intent. These courts have relied on the

principle that a court must "give [a statute's] words their plain meaning *unless* doing so

would frustrate the overall purpose of the statutory scheme, lead to absurd results, or

contravene clearly expressed legislative intent." *Jefferson v. United States*, 546 F.3d

477, 483 (7th Cir. 2008) (internal quotation marks omitted) (emphasis added). *See*

*United States v. Am. Trucking Ass'ns*, 310 U.S. 534, 543 (1940) (internal quotation

marks omitted) ("even when the plain meaning did not produce absurd results but

merely an unreasonable one plainly at variance with the policy of the legislation as a

whole this Court has followed that purpose, rather than the literal words").[2]

In *Vivas v. Boeing Co.*, 486 F. Supp. 2d 726, 734 (N.D. Ill. 2007), the court

concluded that "[c]ombining the permission granted in 28 U.S.C. § 1446(b) for

defendant to file a notice of removal before being served with the joined and served

---

[2] There does not appear to be any legislative history regarding the adoption of the forum
defendant rule in the first instance. *See Sullivan v. Novartis Pharms. Corp.*, 575 F.
Supp. 2d 640, 644 (D. N.J. 2008) (reporting that the court was unable to locate "a
specific statement from Congress [or] from the advisory Committee on Revision of the
Judicial Code . . . regarding the addition of the 'properly joined and served' language").

requirement of 28 U.S.C. § 1441(b) . . . would provide a vehicle for defendants to manipulate the operation of the removal statutes."[3] The court further found that this would "frustrate the consistent efforts of both Congress and the courts to determine diversity jurisdiction based on the genuine interests of the parties to the controversy." *Id.* For this reason, the court declined to apply the forum-defendant rule to allow removal of the cases at hand and granted plaintiff's motion to remand. *Id.* at 735.

The court adopted a similar approach in *Fields v. Organon USA Inc.*, No. 07 C 2922, 2007 WL 4365312, at *4-5 (D.N.J. Dec. 12, 2007). It stated that the "plain language of § 1441(b) does appear to imply that a forum defendant may remove an action so long as it does so before being served" but noted that this "creates a procedural anomaly whereby defendants can always avoid the imposition of the forum defendant rule so long as they monitor the state docket and remove the action to federal court before they are served by the plaintiff." The court reasoned that "[t]he result of blindly applying the plain 'properly joined and served' language of § 1441(b) is to eviscerate the purpose of the forum defendant rule," and it concluded that "such a bizarre result cannot possibly have been the intent of the legislature." *Id.* at *5. The court therefore ruled that removal is improper when the removing party is a citizen of the forum, regardless of whether that party was served prior to removal. *Id. Accord, Swindell-Filiaggi v. CSX Corp.,* 922 F. Supp. 2d 514, 521 (E.D. Pa. 2013) (internal quotation marks omitted) ("declin[ing] to enforce the plain meaning of 28 U.S.C. §

---

[3] Estep's argument that "the legal precedent of this District *dictates* a remand in this case" is plainly wrong. Pl.'s Reply Br. at 2 (emphasis added). District court cases are merely persuasive, not binding.

1441(b)(2) because doing so produces a result that is at clear odds with congressional intent . . . to abridge the right of removal"); *Laugelle v. Bell Helicopter Textron, Inc.,* No. 10 C 1080, 2012 WL 368220, at *3 (D. Del. Feb. 2, 2012) (finding removal improper under section 1441(b) even though none of the defendants had been served beforehand in light of the Third Circuit's preference for remand, the purpose of the forum-defendant rule, and the deference generally accorded to the plaintiff's choice of forum); *Mohammed v. Watson Pharms. Inc.*, No. 09 C 0079, 2009 WL 857517, at *3 (C.D. Cal. Mar. 26, 2009) ("depart[ing] from a literal interpretation of Section 1441(b)" because it "thwarts the purpose of Section 1441(b) and merely promotes gamesmanship on the part of removing defendants").

Some courts that have taken this approach have considered the increasingly relevant role of technology.  In *Perez,* the court concluded that "Congress did not add the 'properly joined and served' language in order to reward defendants for conducting and winning a race . . . to file a notice of removal before the plaintiffs can serve process."  It stated that "[p]re-service removal by means of monitoring the electronic docket smacks more of forum shopping by a defendant, than it does of protecting the defendant from the improper joinder of a forum defendant that plaintiff has no intention of serving."  *Perez*, 902 F. Supp. 2d at 1243 (internal quotation marks omitted).  The court remarked that the "'joined and served' language was added to Section 1441(b) in 1948," when "'Congress could not possibly have anticipated the tremendous loophole that would one day manifest from technology enabling forum defendants to circumvent the forum defendant rule by . . . electronically monitoring state court dockets.'"  *Id.* (quoting *Sullivan*, 575 F. Supp. 2d at 645).

9

Applying section 1441(b) in the manner that AbbVie urges would result in the elimination of the forum-defendant rule in Illinois, at least for a vigilant defendant. As the Court has noted, Illinois law typically requires the county sheriff to serve summons. As a practical matter, this does not and cannot happen immediately, or anything close to it. If a plaintiff who filed a lawsuit in the Circuit Court of Cook County were to go from the clerk's office to the sheriff's office and request instantaneous service of summons on the defendant, the request would be dismissed out of hand. Even for the most diligent plaintiff, there will be a gap before process can be served, and this enables a vigilant defendant to beat the process server to the punch and remove the case to federal court. This results from the fact that recordkeeping and docketing technology is several generations ahead of the procedure and technology used to serve legal process. A case filed in the Circuit Court is entered into an electronic recordkeeping system perhaps not instantaneously, but close to it. By way of example, on the afternoon of September 12, 2014, the undersigned judge went onto the Circuit Court Clerk's online "electronic full case docket search" site, selected the Law Division (where personal injury cases typically are filed), did a date search for matters filed the previous day (September 11, 2014), and immediately got a list of about a dozen cases, listing the case number and the names of the plaintiff and defendant. *See* http://www.cookcountyclerkofcourt.org/?section=CASEINFOPage&CASEINFOPage=24 00 (last visited Sept. 12, 2014).

This technological disparity between the means of access to public records and the procedure for service of summons enables an Illinois defendant who expects to be sued frequently—like AbbVie, which knows it has a pending MDL proceeding

concerning its testosterone replacement therapy drug and is being sued in such cases many times each week—to essentially render the forum-defendant rule a nullity. Congress, which enacted the forum defendant rule and the "joined and served" clause before the age of computers—not to mention the Internet—could not have foreseen or intended this outcome. *Cf. Laugelle*, 2012 WL 368220, at *2 (a strict reading of the statute "would promote inequitable application of the removal statute across the country due to the varying rules on in-state service, and would wreak havoc in many jurisdictions where immediate service is improper . . . ."); *Ethington v. Gen Elec. Co.*, 575 F. Supp. 2d 855, 863 (N.D. Ohio 2008) ("[R]igidly applying the plain meaning of the forum defendant rule's test would be especially inequitable in states such as New Jersey which do not even allow for perfecting service until the clerk's office has processed the complaint and issued a TAN number (or its equivalent in states other than New Jersey).").

AbbVie's notice of removal in this case states that Estep filed suit in state court on June 26, 2014. AbbVie filed its notice of removal *the same day*. The notice candidly states that AbbVie "pulled [the complaint] from court records." Given AbbVie's ability to obtain on its own near-instantaneous information about the filing of suit, application of the literal language of section 1441(b) would defeat the statute's purpose. The Court therefore declines to read the statute that way. Rather, the Court concludes that the forum defendant rule bars removal of the present case, because defendants AbbVie and Abbott are citizens of the forum state. The Court therefore remands the case to state court.

### C.        Attorney's fees

Estep has requested attorney's fees pursuant to 28 U.S.C. § 1447(c), which states that "[a]n order remanding the case may require payment of just costs and actual expenses, including attorney fees, incurred as a result of the removal."  Estep indicates that he is entitled to the fees because Abbott was "'hawking the docket' in a strategic attempt to forum shop."  Pl.'s Opening Br. at 7.  The defendants cite *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005), for the proposition that "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.  Conversely, when an objectively reasonable basis exists, fees should be denied."

Given defendants' reliance on the language of section 1441(b), an award of attorney's fees in this case would be inappropriate.  *See, e.g., Holmstrom*, 2005 WL 1950672, at *3 (denying plaintiff's request for attorney's fees because defendant offered a reasonable argument in favor of removal).

### Conclusion

For the foregoing reasons, the Court grants plaintiff's motion for remand [Case No. 14 C 1748, docket no. 204].  The Clerk is directed to remand Case No. 14 C 4856 to the Circuit Court of Cook County.

_____
MATTHEW F. KENNELLY
Date:  September 15, 2014                                        United States District Judge

12