## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

IN RE: TESTOSTERONE REPLACEMENT      Case No. 1:14-CV-01748
THERAPY PRODUCTS LIABILITY      MDL 2545
LITIGATION

                                 JUDGE MATTHEW F. KENNELLY

This document relates to: __ALL ACTIONS.__

### CASE MANAGEMENT ORDER NO. 9
### (Plaintiff Fact Sheets and Records Authorizations)

The Court hereby issues the following Case Management Order to govern the form, procedure, and schedule for the completion and service of Plaintiff Fact Sheets ("PFS") and the execution of authorizations for the release of certain records.

**I.**      __Scope of Order__

This Order applies to all Plaintiffs and their counsel in: (a) all actions transferred to *In Re: Testosterone Replacement Therapy Products Liability Litigation* ("MDL 2545") by the Judicial Panel on Multidistrict Litigation ("JPML") pursuant to its Order of June 6, 2014; (b) all related actions originally filed in or removed to this Court; and (c) any "tag-along" actions transferred to this Court by the JPML pursuant to Rules 6.2 and 7.1 of the Rules of Procedure of the JPML, subsequent to the filing of the final transfer order by the Clerk of this Court (collectively "Member Actions").

**II.**      __Plaintiff Fact Sheets__

**A.**      The form PFS that shall be used in MDL 2545 and all Member Actions is attached as Exhibit A. In accordance with the schedule set forth below, every Plaintiff in each Member Action shall:

     **1.**      Complete and execute a PFS;

    **2.**      Serve the completed and executed PFS upon counsel for each Defendant named in the Member Action ("Defendant") in the manner described in Section V below;

    **3.**      Produce to Defendant all responsive, non-privileged documents in his or her possession and custody that are requested in the PFS;

    **4.**      Provide duly executed record release authorizations referenced below in the forms attached hereto; and

    **5.**      Serve courtesy copy of the PFS and associated materials upon the Plaintiffs' Executive Committee ("PEC") in the manner described in Section V below.

**B.**    <u>**Substantial Completion.**</u>

In completing the PFS, every Plaintiff is required to provide a PFS that is substantially complete in all respects. For a PFS to be "substantially complete in all respects," the responding Plaintiff must answer the questions contained in the PFS to the best of his or her ability.

**C.**    <u>**Amendments &Verification**</u>:

    **1.**      Each Plaintiff shall remain under a continuing duty to supplement the information provided in the PFS pursuant to Fed. R. Civ. P. 26(e).

    **2.**      Each completed PFS shall be signed and dated by the Plaintiff or the proper plaintiff representative (not litigation counsel) under penalty of perjury. All responses in a PFS or amendment thereto are binding on the relevant plaintiff as if they were contained in answers to interrogatories under Fed. R. Civ. P. 33, and can be used for any purpose and in any manner that answers to interrogatories can be used pursuant to the Federal Rules of Civil Procedure, subject to the Confidentiality provisions of Section VI below. The Requests for Production of Documents in the PFS shall be treated as document requests under Fed. R. Civ. P. 34.

3.      The questions in the PFS shall be answered without objection as to relevance or the form of the question, though Plaintiffs' counsel reserve the right to raise any valid objections, including regarding verification of document productions, prior to trial.

D.      **Fact Sheet Deficiency Dispute Resolution**

1.      **Deficiency Letter.**

a.      If a Defendant disputes the sufficiency of any response(s) in a PFS, Defendant's Counsel shall notify Plaintiff's attorney of record of the purported deficiencies in writing via email and allow such Plaintiff an additional thirty (30) days to correct the alleged deficiency.    A copy of the email shall be sent via email to Michelle L. Kranz, at Pservice@toledolaw.com, as the designee of the PEC.

b.      Defendant's email communication shall identify the case name, docket number, and thirty (30) day deadline date and include sufficient detail regarding the alleged deficiency(ies).

c.      The parties' meet and confer obligations shall begin upon receipt by Plaintiff's attorney of record of the deficiency email and, absent agreement of the parties, be completed by the conclusion of the thirty (30) day deadline date.

2.      **Motion to Compel.**

a.      Should the individual Plaintiff:  (i) fail to cure the stated deficiency(ies); (ii) fail to assert objections to same; or (iii) otherwise fail to provide responses (including the requested documents and signatures on applicable authorizations), and absent agreement of the parties to further extend the period for meeting and conferring, at any time following expiration

of the thirty (30) days of such notice, Defendant may then file a Motion to Compel the responsive discovery information.

        b.      Any such filing shall be via ECF, with a courtesy copy via email to Plaintiff's attorney of record and Michelle L. Kranz, at Pservice@toledolaw.com on behalf of the PSC.

        c.      Any motion to compel pursuant to this CMO need not be noticed for presentment as required by Local Rule 5.3(b).

        d.      Any response to such a motion shall be filed and served within twenty-one (21) days following the date of service. Any reply, if necessary, shall be filed within ten (10) days following the date of service of the opposition.

        e.      Absent an Order from the Court granting a request by either/both parties for oral argument, the Court will rule on such motions without hearing argument.

**E.**     **Failure to Serve a PFS or Any Authorizations**

    **1.**     **Warning Letter.**

        a.      Should any plaintiff fail to serve an executed PFS -- and/or serve an executed PFS but fail to provide any authorizations for records -- within the time required in this CMO, defendant(s) shall send a warning letter via email to that Plaintiff's attorney of record, with a courtesy copy via email to Michelle L. Kranz, at Pservice@toledolaw.com on behalf of the PEC. To be clear, should a plaintiff provide no authorizations, that plaintiff will be subject to the provisions of this section (II.E.). However, if a plaintiff provides some, but not all, authorizations, and/or there is a dispute about particular authorizations, then the deficiency procedures in Section II.D. shall apply.

   **b.**  The parties' meet and confer obligations, if any, shall begin upon receipt by Plaintiff's attorney of record of the Warning Letter and, absent agreement of the parties, be completed by the conclusion of the thirty-five (35) day deadline date.

   **2.**  **Motion Practice.**

   **a.**  Should a plaintiff fail to provide an executed PFS -- and/or serve an executed PFS but fail to provide any authorizations for records -- within the thirty-five (35) days from the date when the warning letter was mailed, defendant(s) may then move the Court for dismissal of the action with prejudice.

   **b.**  Defendant(s) shall not be required to file a motion to compel in advance of a motion for dismissal based upon a plaintiffs' failure to serve an executed PFS and/or an executed PFS but fail to provide any authorizations for records within the time limits, including the warning period.

   **c.**  Any motion to dismiss pursuant to this CMO need not be noticed for presentment as required by Local Rule 5.3(b). Any response to such a motion shall be filed and served within twenty-one (21) days following the date of service.  Any reply, if necessary, shall be filed within ten (10) days following the date of service of the opposition.

   **d.**  Any such filing shall be via ECF, with a courtesy copy via email to Plaintiff's attorney of record and Michelle L. Kranz, at Pservice@toledolaw.com on behalf of the PSC.

   **e.**  Absent an Order from the Court granting a request by either/both parties for oral argument, the Court will rule on such motions without hearing argument.

### III.    Records Authorizations

### A.    Medical Authorizations (Non-Mental Health)

Each Plaintiff who completes a PFS in accordance with the preceding paragraphs of this Order shall also produce duly executed Authorizations to Release Health Information for each (non-mental health) medical provider (including insurers and pharmacies) listed in the PFS. The Health Information Authorization that shall be used is attached hereto as Exhibit B and shall be served on Defendant's Counsel in accordance with the provisions of this Order.

### B.    Mental Health Medical Authorizations

Each Plaintiff who completes a PFS in accordance with the preceding paragraphs of this Order and who also asserts or alleges a psychiatric injury, condition or other type of mental health damage shall, in addition to the above-referenced (non-mental health) medical provider releases, serve an original signed authorization for the release of medical records from each mental health care provider identified in the PFS.  The Mental Health Records Authorizations that Plaintiffs shall complete in such cases is attached as Exhibit C and shall be served on Defendant's Counsel in accordance with the provisions of this Order.

### C.    Employment Authorizations

**1.**    Any Plaintiff who is asserting a claim for lost earnings or future lost earnings must also serve upon Defendant a completed Employment Records Authorization for each employer identified in the PFS. The form employment Records Authorization is attached hereto as Exhibit D and shall be served on Defendant's Counsel in accordance the provisions of this Order. By providing such Employment Records Authorizations, such Plaintiffs who provide those forms are expressly consenting to the release of their relevant earnings information through

the production of W2's, 1099's, or other compensation information for the specific years in question.

2.      In addition to the plaintiffs described in Section III.C.1., any Plaintiff who is included in an initial pool of bellwether cases (*i.e.*, not just plaintiffs selected as bellwether "trial" cases) must also serve upon Defendant a completed Employment Records Authorization for each employer identified in the PFS. The form employment Records Authorization is attached hereto as Exhibit D and shall be served on Defendant's Counsel in accordance the provisions of this Order.   By providing such Employment Records Authorizations, such Plaintiffs who provide those forms are expressly consenting to the release of their relevant earnings information through the production of W2's, 1099's, or other compensation information for the specific years in question.

3.      To the extent that Defendant(s) seek completed Employment Records Authorization for plaintiffs not covered in Section III.C.1. or Section III.C.2, this can only occur in a case where Plaintiff experienced the primary medical condition/injury listed in PFS Section VIII.A. during the scope of his/her employment responsibilities and/or while at the workplace or performing his/her work responsibilities, and the PEC, Plaintiff's attorney of record, and Defendant's counsel shall meet and confer in a good faith effort to resolve any such dispute. After such meet-and-confer efforts have been attempted in good faith, counsel for a party may raise any remaining dispute(s) with the Court.   The PEC and Plaintiff's attorney of record reserves the right to oppose such further authorizations, and challenge any application by Defendants seeking such authorizations.

**D.**     <u>"Special" Authorizations</u>

    **1.**     If any health care provider, employer, or other custodian of health records: (a) requires a specific form of authorization that is different than the authorizations referenced in and attached to this Order; (b) requires an updated or more recently-executed authorization than those already provided by a Plaintiff; (c) requires a notarized authorization; or (d) requires an original signature, Defendant shall notify Plaintiff's representative counsel and Michelle L. Kranz, at Pservice@toledolaw.com on behalf of the PEC of such requirement(s) by email and provide the requisite authorization that the defendant requests be executed, and the referenced Plaintiff shall, within thirty (30) days of such notice having been given, either produce an executed authorization or object in writing.

    **2.**     In the event of an objection, all reasons and bases must be expressly stated in writing, and the parties shall meet and confer in a good faith effort to resolve such objection(s). Following such efforts, any remaining disputed issues may be brought before the Court for resolution via a Motion to Compel.

**E.**     <u>Blank Authorizations</u>

    **1.**     Each Plaintiff shall also be required to execute five blank versions of the medical authorizations and two blank versions of the mental health and employer authorizations, which shall be held by Plaintiff's Attorney of Record.

    **2.**     If Defendant(s) learn of a healthcare provider, employer, disability provider, and/or insurer not identified in the PFS, Defendant(s) may request Plaintiff's attorney of record to complete one of the blank authorizations for the release of records from such provider in the form attached to the PFS.

8

3.    Within fifteen (15) calendar days of any written request for authorization(s), Plaintiff's Attorney of Record must either:  (i) provide the completed and executed authorization(s), or (ii) provide written objections to the production of some or all of said records. If Plaintiff's counsel objects, Defendant(s) shall meet and confer with Plaintiffs' counsel and, if the objection cannot be resolved, may file a motion to compel.

## IV.    RECORDS COLLECTION.

### A    Record Collection Vendor

1.    Upon consideration of the request by Defendants to designate one company to manage the collection, production, and organization of plaintiff-specific records in the MDL Proceeding (as well as any state court proceedings), the Court finds that such a designation will aid in the efficient management of this litigation.  It is ordered that Medical Research Consultants ("MRC"), headquartered in Houston, Texas, is designated as the Defendants' plaintiff-specific record management company for MDL 2545.

2.    Defendants shall not be responsible for the costs associated with providing copies of collected records to plaintiff's counsel.  The PSC and MRC shall negotiate the costs for copies of such records, and associated services.

3.    Defendants reserve the right to negotiate with the PSC or make an application to the Court, regarding the cost sharing for the costs associated with the collection of plaintiff specific medical, financial and employment records that are obtained.  The PSC opposes such a concept, and intends to challenge any application by Defendants seeking such a concept.

### B.    Timing of Collection of Records

Upon receipt of a completed PFS and/or any information identifying a plaintiff's healthcare providers, employers, disability providers, and/or insurers, MRC, at Defendant(s)

request, may immediately undertake to obtain those records by use of the written authorizations that are provided.

## V.      **Service and Timing of PFS**

**A.**      Each Plaintiff in a Member Action that is pending as of the entry of this Order shall have until December 29, 2014 to serve and produce to Defendant a completed PFS, signed and dated authorizations, and all responsive, non-privileged documents requested in the PFS that are in his or her possession or custody.

**B.**      Each Plaintiff in a Member Action that is not pending as of the entry of this Order shall have until 45 days from service of the last Defendant's Answer in a Member Action to serve and produce to Defendant a completed PFS, signed and dated authorizations, and all responsive, non-privileged documents requested in the PFS that are in his or her possession, custody, or control.

**C.**      Plaintiffs shall serve the completed PFS and authorizations upon a Defendant by emailing them to the following for each Defendant:

1. **AbbVie Inc. and Abbott Laboratories:**  AbbVie-TRT-PFS@winston.com

2. **Auxilium Pharmaceuticals Inc.:**  Auxilium-TRT-PFS@morganlewis.com

3. **Contract Pharmaceuticals Limited Canada:**  Auxilium-TRT-PFS@morganlewis.com

4. **DPT Laboratories, Ltd.:**  Auxilium-TRT-PFS@morganlewis.com

5. **GlaxoSmithKline, LLC:**  Auxilium-TRT-PFS@morganlewis.com

6. **Eli Lilly and Company and Lilly USA LLC:**  Lilly-TRT-PFS@reedsmith.com

7. **Endo Pharmaceuticals Inc.:**  Endo-TRT-PFS@kayescholer.com

8. **Pfizer Inc. and Pharmacia & Upjohn Company LLC:**  Pfizer-TRT-PFS@dlapiper.com

9. **Actavis, Inc., Actavis Pharma, Inc., Anda, Inc. and Watson Laboratories, Inc., a Nevada corporation:**  actavis-trt-pfs@ulmer.com

10. **Paddock Laboratories/Perrigo:**  Michael.Healy@sedgwicklaw.com

11. **Fagron Inc.:** aliederman@morrisonmahoney.com

12. **ProStrakan Group PLC:** Carolyn Purwin-Ryan at cpurwin@c-wlaw.com

Service by email to the above email addresses shall constitute effective service of the PFS upon Defendant. As additional Defendants are served, or the above email addresses change, they will be added, as necessary, to this order, and/or notice shall be provided to the PSC by contacting Michelle L. Kranz, at Pservice@toledolaw.com.

D. Concurrent with service to Defendant, Plaintiffs shall serve the completed PFS and authorizations upon the PEC by emailing them to Michelle L. Kranz, at Pservice@toledolaw.com.

## VI. Confidentiality

A. **Confidentiality**: All information disclosed on a PFS, the PFS itself, and all related documents (including health care records and information) produced there with or pursuant to an executed authorization shall be deemed confidential and treated as "Confidential Information" pursuant to CMO 8 entered in this MDL.

## VII. Other Matters

A. The PEC and Defendant's counsel shall meet and confer in a good faith effort to resolve any other disputes not specifically addressed above regarding the production of documents and/or the completion or service of a PFS and/or authorization(s), including but not limited to deficiencies. After such meet-and-confer efforts have been attempted in good faith, counsel for a party may raise any remaining dispute(s) with the Court.

**B.**     The admissibility of information in the PFS shall be governed by the Federal Rules and no objections are waived by virtue of any PFS response.

**IT IS SO ORDERED.**

**MATTHEW F. KENNELLY**
**UNITED STATES DISTRICT JUDGE**

October 6, 2014

EXHIBIT A

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: TESTOSTERONE REPLACEMENT THERAPY PRODUCTS LIABILITY LITIGATION | Case No. 1:14-CV-01748 MDL 2545 |

This document relates to: _____          JUDGE MATTHEW F. KENNELLY.

## PLAINTIFF FACT SHEET

Plaintiff's Name: _____

Please provide the following information for each individual on whose behalf a claim is being made. If you are completing this questionnaire in a representative capacity, please respond to all questions with respect to the person who was treated with Testosterone Replacement Therapy ("TRT"). Those questions using the term **"You"** refer to the person who was treated with TRT.

If you do not have enough room on this Fact Sheet form to fit your complete response to any question or request, please either complete that response on a supplemental page, or on additional copies of the pages for which you need more room.

**In filling out this form, please use the following definitions:**

(1) **"Healthcare provider"** means any hospital, clinic, center, physician's, infirmary, medical or diagnostic laboratory, or other facility that provides healthcare, including, but not limited to, medical, x-ray department, laboratory, physical therapist or physical therapy department, rehabilitation specialist, physician, mental health care professional, chiropractor, therapist, nurse, or other persons or entities involved in the evaluation, diagnosis, care and/or treatment of you;

(2) **"Document" means any writing or record of every type that is in your possession or the possession of your counsel,** including but not limited to written documents, e-mail, cassettes, videotapes, DVDs, photographs, charts, computer discs or tapes, x-rays, drawings, graphs, phono-records, non-identical copies and other data compilations from which information can be obtained and translated, if necessary, by the respondent through electronic devices into reasonably usable form. This includes anything provided to you by your healthcare provider(s). You may attach as many sheets of paper as necessary to fully answer these questions. Excluded from this definition are documents that are protected by the attorney-client privilege and/or the work-product doctrine.

**In completing this Fact Sheet you are under oath and must provide information that is true and correct to the best of your knowledge after reasonable inquiry. This Fact Sheet must also be supplemented if additional information or documents become known after completion.**

Information within this Fact Sheet is subject to the Protective Order entered as Case Management Order #8 and will only be used for purposes related to this litigation and/or for

purposes of reporting to a regulatory agency to which Defendants are obligated to report plaintiff's information and such information will not be disclosed otherwise outside this litigation without the plaintiff's written consent.

## I.    CASE INFORMATION

A.    Name of person completing this form: _____

B.    Name of the person treated with TRT (if different): _____

C.    State the following for the civil action that was filed for the above listed individual(s) on whose behalf a claim is being made ("Action"):

    1.    Case caption: _____

    2.    Case / Docket Number: _____

    3.    Court in which Action was originally filed: _____

    4.    Contact information for the principal attorney representing you:

        (a)    Attorney Name: _____

        (b)    Email address: _____

        (c)    Firm Name and City: _____

D.    If you are completing this Plaintiff Fact Sheet in a representative capacity (e.g., on behalf of the estate of a deceased person), complete the following (otherwise continue to Section II):

    1.    Your name, including other names you have used or by which you have been known and dates you used those names: _____

    2.    Current Address: _____

        In what capacity are you representing the individual or estate:_____ _____

    3.    If you were appointed as a representative by a court, then state the following:

        (a)    Court that appointed you and date of appointment: _____ _____

        (b)    What is your relationship to the individual you represent: _____ _____

TRT PLAINTIFF FACT SHEET
CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER

**The rest of this Plaintiff Fact Sheet requests information about the person who was treated with TRT. Whether you are completing this Plaintiff Fact Sheet for yourself or for someone else, "you" means the person who was treated with TRT.**

## II.    PERSONAL INFORMATION

A.    Your name (first, middle name or initial, last): _____

B.    Any other names used or by which you have been known, including alias/nicknames, and dates you used those names: _____

_____

C.    Social Security Number: _____

D.    Date of Birth: _____

E.    Place of Birth: _____

F.    Sex:    Male _____    Female _____

G.    Current Address: _____

Identify each address at which you resided for the last ten (10) years and the approximate dates you resided at each one.

| Address | Approx. Dates of Residence |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |

H.    Current marital status: _____

I.    Spouse's name and date of marriage: _____

J.    Has your spouse filed a loss of consortium or other claim in connection with this lawsuit?
        Yes _____    No _____    N/A _____

K.    Name(s) of any former spouse(s), date(s) of marriage, and dates the marriage(s) were terminated, and the nature of the termination (e.g., death, divorce): _____

_____

TRT PLAINTIFF FACT SHEET
CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER

L.    If you have children, list each child's name and date of birth:

| Child's Name | Date of Birth |
|---|---|
|  |  |
|  |  |
|  |  |

M.    Provide the following information about your parents and siblings.

| Name | Relationship to You | Age | Date of Death (if applicable) | Cause of Death (if applicable) |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

N.    Identify all schools you attended, starting from and including high school:

| Name of School | City/State | Approx. Dates of Attendance | Degree Awarded | Major or Primary Field |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

O.    Are you currently employed?  Yes _____  No _____

    1.    If yes, identify your current employer as follows:

        (a)    Name: _____

        (b)    Address: _____

        (c)    Dates of employment: _____

TRT PLAINTIFF FACT SHEET
CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER

    (d)    Position(s):_____

    (e)    Supervisor(s): _____

P.    Identify all of your employers for the past ten (10) years with name, address and telephone number, your employment dates, your position(s) there, and your reason for leaving:

| Name of Employer | Address. | Approx. Dates of Employment | Position(s) | Reason for Leaving |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

Q.    Are you asserting a claim for lost earnings or future lost earnings:  Yes _____ No _____

    1.    If Yes, please state the total amount of time that you have lost from work as a result of any injuries, illnesses, or disabilities claimed in this Action: _____ _____

    2.    If Yes, please provide your earned annual income for each of the last five (5) years:

        (a)    Year _____    Income $_____

        (b)    Year _____    Income $_____

        (c)    Year _____    Income $_____

        (d)    Year _____    Income $_____

        (e)    Year _____    Income $_____

R.    Are you claiming any out-of-pocket medical expenses and/or bills, including amounts, as a result of any injuries, illnesses, or disabilities claimed in this Action? Yes _____ No _____

    1.    If yes, state the approximate amount of such expenses at this time: $ _____

    2.    Have any medical expenses been reimbursed or paid on your behalf? Yes _____ No _____ Unsure _____

        (a)    If yes, identify the entity(ies) that provided reimbursement or paid those expenses on your behalf: _____ _____ _____

5

S.    Have you ever served in any branch of the military?  Yes _____ No _____

    1.    If yes, identify the branch and dates of service: _____

    2.    If yes, were you ever discharged for any reason relating to your medical or physical condition?  Yes _____ No _____

        (a)    If yes, state what that condition was:_____

    3.    Have you ever been rejected from military service for any reason relating to your medical or physical condition? Yes _____ No _____

        (a)    If yes, state what that condition was: _____

T.    Have you applied for workers' compensation, social security, or state or federal disability benefits within the last ten (10) years?  Yes _____ No _____

    1.    If yes, then as to each application, separately state:

        (a)    Date (or year) of application: _____

        (b)    Nature of claimed injury/disability: _____

        (c)    To what agency(ies) or company(ies) did you submit your application: ___ _____

U.    Have you filed a lawsuit or asserted a claim for damages for personal injury within the past ten (10) years, other than the present lawsuit? Yes _____ No _____

    1.    If yes, then as to each lawsuit or claim, separately state:

        (a)    Nature of case or claim: _____

        (b)    Court where filed: _____

        (c)    Case caption (case name or names of adverse parties): _____

        (d)    Case number: _____

        (e)    Name of your attorney: _____

V.    In the last ten (10) years, have you been convicted of or pled guilty to any felony and/or have you been convicted of or pled guilty to any crime that involved an alleged act of dishonesty or providing a false statement?  Yes _____ No _____

    1.    If yes, then as to each conviction or guilty plea, separately state:

        (a)    Charge to which you pled guilty to or were convicted: _____ _____

(b)     Court where the action was pending: _____

(c)     Date of conviction: _____

### III.     HEALTHCARE PROVIDERS OF THE PERSON TREATED WITH TRT ("YOU")

A.     Identify each physician or other healthcare provider (other than mental healthcare providers, who are addressed in Section III.E below) who has rendered care and treatment to you any time beginning five (5) years prior to your first treatment with TRT up to the present, including physicians or other healthcare providers for your TRT-related injury(ies) as set-forth in Section VII.A below:

| Name | Specialty | Address | Reason for Visit | Approx. Dates/Years of Visits |
|------|-----------|---------|------------------|-------------------------------|
|      |           |         |                  |                               |
|      |           |         |                  |                               |
|      |           |         |                  |                               |
|      |           |         |                  |                               |

B.     Identify each hospital, clinic, or health care facility where you were hospitalized (inpatient, outpatient, or emergency room visit) beginning years five (5) years prior to your first treatment with TRT up to the present:

| Name | Address | Approximate Admission Date(s) | Reason for Admission |
|------|---------|-------------------------------|----------------------|
|      |         |                               |                      |
|      |         |                               |                      |
|      |         |                               |                      |
|      |         |                               |                      |

TRT PLAINTIFF FACT SHEET
CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER

C.    Identify each pharmacy that has dispensed medication to you beginning five (5) years prior to your first treatment with TRT up to the present:

| Name | Address | Name of Medication(s) Dispensed | Approx. Dates/Years You Used Pharmacy |
|------|---------|-------------------------------|--------------------------------------|
|      |         |                               |                                      |
|      |         |                               |                                      |
|      |         |                               |                                      |
|      |         |                               |                                      |

D.    Identify each insurance carrier by whom you were covered by health insurance or any other form of medical coverage at any time beginning five (5) years prior to treatment with TRT up to the present, and include all private insurance and public assistance (such as Medicaid, Medicare, and TriCare) if applicable:

| Name of Insurance Company or Public Assistance Program | Policy Number | Name of Policyholder / Insured (if different than you) | Approx. Dates of Coverage |
|--------------------------------------------------------|---------------|--------------------------------------------------------|---------------------------|
|                                                        |               |                                                        |                           |
|                                                        |               |                                                        |                           |

E.    Are you asserting a claim for any psychological or psychiatric injury (other than garden variety emotional distress) as a consequence of your use of TRT? Yes _____ No _____

1.    If yes, identify each psychiatrist, psychologist, or other mental health care provider who you have seen for any psychiatric and/or psychological condition(s) from the five (5) years prior to your treatment with TRT until the present:

| Name | Specialty | Address | Reason for Visit | Approx. Dates/Years of Visits |
|------|-----------|---------|------------------|-------------------------------|
|      |           |         |                  |                               |
|      |           |         |                  |                               |

## IV.    MEDICAL BACKGROUND OF THE PERSON TREATED WITH TRT ("YOU")

A.    Current Height: _____

B.    Current Weight: _____

C.    Do you currently suffer from any serious physical injuries, illnesses or disabilities other than those that you believe were caused by TRT? Yes _____ No _____

    1.    If yes, provide the information requested below:

| Injury, Illness or Disability | Date of Onset | Date of Diagnosis | Physician Who Diagnosed You (Name and Address) |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

D.    For the period of time fifteen (15) years prior to your use of TRT up to the present, have you ever used tobacco (including cigarettes, cigars, pipes, and/or chewing tobacco/snuff)? Yes _____ No _____

    1.    If yes, provide the information requested for each type of tobacco ever used:

| Type(s) of tobacco used | Dates of Use (approx.) | Amount Used Per Day (approx.) | Date Use Stopped (Leave Blank if Currently Use) |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |

E.    For the period of time five (5) years prior to your treatment with TRT up to the present, did you drink alcohol? Yes _____ No _____

    1.    If yes, what was your approximate average alcohol consumption during that time:

    _____ approximately drinks per day, or

    _____ approximately drinks per week, or

    _____ approximately drinks per month, or

    _____ approximately drinks per year, or

    Other: _____

TRT PLAINTIFF FACT SHEET
CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER

F.   For the period of time five (5) years prior to your first treatment with TRT up to the present, did you consume caffeinated beverages?  Yes _____ No _____

    1.   If yes, what was your approximate average caffeine consumption during that time:

        _____ approximately drinks per day, or

        _____ approximately drinks per week, or

        _____ approximately drinks per month, or

        _____ approximately drinks per year, or

        Other: _____

    2.   Identify the type(s) of caffeinated beverages consumed:

G.   Excluding the injury(ies) that are the subject of your current lawsuit, have you ever been diagnosed with or sought treatment for any of the following conditions?

| Condition | Yes | No | Unsure | If, Yes, Approx. Date of Onset/ Diagnosis |
|---|---|---|---|---|
| Aneurysm or Aortic aneurysm | | | | |
| Angina (stable or unstable) or chest pain | | | | |
| Any blood clotting disorder | | | | |
| Abnormal or irregular heart-beat | | | | |
| Arteriosclerosis (hardening of the arteries) | | | | |
| Bleeding disorder | | | | |
| Blood clots or thrombosis | | | | |
| Cardiovascular disease | | | | |
| Congenital heart abnormality or condition | | | | |
| Congestive heart failure or cardiomyopathy | | | | |

10

| | | | | |
|---|---|---|---|---|
| Coronary artery disease or other heart disease | | | | |
| Deep Vein Thrombosis (DVT) | | | | |
| Enlarged heart/cardiomegaly | | | | |
| Heart attack (or myocardial infarction [MI]); silent MI | | | | |
| Hypertension or high blood pressure; pre-hypertension | | | | |
| Pulmonary Embolism (PE) | | | | |
| Seizure disorder or epilepsy | | | | |
| Any Stroke: ischemic or hemorrhagic; brain hemorrhage; transient ischemic attack (TIA) | | | | |
| Venous thromboembolism (VTE) | | | | |

H.    If you answered "yes", to question G, then provide the information requested below:

| Condition | Health Care Provider | Treatment Received | Approx. Dates or Years of Treatment/Visits |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |

I.    Are you are claiming that you suffered from a stroke, transient ischemic attacks, blood clots, venous thromboembolism, deep vein thrombosis, or a pulmonary embolism as a result of your treatment with TRT?  Yes _____ No _____

J.    Are you are you claiming that you suffered from a heart attack, myocardial infarction, or any other heart-related condition as a result of your treatment with TRT? Yes _____ No _____

11

K.     If you answered "yes", to questions I or J, then provide the information requested below with regard to all treatment received by you in the last ten (10) years for any of these conditions, regardless of whether the treatment occurred before or after your treatment with TRT:

| Condition | Health Care Provider | Treatment Received | Approx. Dates or Years of Treatment/Visits |
|-----------|---------------------|--------------------|--------------------------------------------|
|           |                     |                    |                                            |
|           |                     |                    |                                            |
|           |                     |                    |                                            |
|           |                     |                    |                                            |

## V.     MEDICATIONS OF THE PERSON TREATED WITH TRT ("YOU")

A.     Are you currently taking any medications, either by prescription or over-the-counter, including any supplements or herbal remedies ? Yes _____ No _____

  1.     If yes, provide the information requested below for each medication, supplement or remedy:

| Name of Medication | Approx. Dates of Use | Why Do You Use This Medication? | Prescrioing Health Care Provider | Pharmacy or Store Where Purchased |
|--------------------|---------------------|---------------------------------|----------------------------------|-----------------------------------|
|                    |                     |                                 |                                  |                                   |
|                    |                     |                                 |                                  |                                   |
|                    |                     |                                 |                                  |                                   |
|                    |                     |                                 |                                  |                                   |

B.     To the best of your recollection are there any prescription medications, other than those identified, in Section V.A., above, that you have taken on a regular basis (meaning taken for approximately 30 consecutive days) for any duration for the five (5) years prior to your first treatment with TRT up to the present. Yes _____ No _____

  1.     If yes, provide the information requested below for each medication, supplement or remedy:

TRT PLAINTIFF FACT SHEET
CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER

| Name of Medication | Approx. Dates of Use | Why Did You Use This Medication? | Prescribing Health Care Provider | Pharmacy or Store Where Purchased |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |

C. For the period of one (1) year prior to the onset of injuries for which recovery is sought in this action, have you ever taken/ingested any illegal or illicit drug  Yes___ No___

    1.    If yes, provide the information requested below:

| Name of Drug | Approx. Dates of Use |
|---|---|
| | |
| | |

## VI. FAMILY MEDICAL HISTORY OF THE PERSON TREATED WITH TRT ("YOU")

A. Indicate, to the best of your knowledge, whether your biological parents, siblings, or grandparents have ever suffered from any of the following conditions:

| Condition | Yes | No | Unsure |
|---|---|---|---|
| Aneurysm or Aortic aneurysm | | | |
| Angina (stable or unstable) or chest pain | | | |
| Any blood clotting disorder | | | |
| Abnormal or irregular heart-beat | | | |
| Arteriosclerosis (hardening of the arteries) | | | |
| Bleeding disorder | | | |
| Blood clots or thrombosis | | | |
| Cardiovascular disease | | | |
| Congenital heart abnormality or condition | | | |
| Congestive heart failure or cardiomyopathy | | | |
| Coronary artery disease or other heart disease | | | |
| Deep Vein Thrombosis (DVT) | | | |
| Enlarged heart/cardiomegaly | | | |
| Heart attack (or myocardial infarction [MI]); silent MI | | | |
| Hypertension or high blood pressure; pre-hypertension | | | |
| Pulmonary Embolism (PE) | | | |
| Seizure disorder or epilepsy | | | |

TRT PLAINTIFF FACT SHEET
CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER

| | | | |
|---|---|---|---|
| Any Stroke: ischemic or hemorrhagic; brain hemorrhage; transient ischemic attack (TIA) | | | |
| Venous thromboembolism (VTE) | | | |

B.    For each condition for which you answered "Yes" in the previous chart, provide the information requested below:

| Condition | Relationship to You |
|---|---|
| | |
| | |
| | |

## VII.    TREATMENT WITH TRT

A.    Identify the total period of time you were treated with TRT: _____

    1.    Were there times when your TRT treatment was discontinued during that period?
        Yes _____ No _____ Don't Recall _____

B.    Complete the following chart with respect to each TRT medication to identify each product with which you were treated:

| Drug Name | Prescribing Physician | Pharmacy That Dispensed | Approx Dates of Use | How Often Administered or Applied |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |

C.    If you were treated with TRT, but do not presently recall the name of the drug, provide the information requested below:

| Type: (Patch, Gel, Injection, Tablets, Pellets or Capsules) | Dates of Use | Prescribing or Dispensing Health Care Provider | Pharmacy or store where purchased | Date(s) of purchase |
|---|---|---|---|---|
| | | | | |
| | | | | |

14

D.     Did you ever receive any samples of TRT? Yes _____ No _____ Don't recall _____

     1.     If yes, identify who gave you the sample, when you received it, the specific products included in the samples, and how many samples you received: _____

                _____

E.     State whether you requested TRT from any Health Care Provider. Yes _____ No _____

     1.     If yes, identify the drug requested: _____

                _____

     2.     Identify the reason requested: _____

                _____

     3.     Identify the Health Care Provider(s) from whom TRT was requested: _____

                _____

F.     Were you given any written instructions, warnings, or other information regarding the use of TRT? Yes _____ No _____ Don't recall _____

     1.     If yes, state when the written instructions, warnings, or other information regarding the use of TRT were given and identify each person or entity from whom you received the instructions, warnings or other information._____

                _____

          (a)     Approx. date: _____

          (b)     Name of person or entity (and address if not otherwise provided): _____

                _____

G.     Do you have in your possession or does your attorney have any of the actual packaging information that accompanied the actual TRT product with which you allege to have been treated? Yes _____ No _____

     1.     If yes, who currently has custody of the packaging information and/or any remaining medication? _____

H.     Were you given any oral instructions, warnings, or other information regarding the use of TRT? Yes _____ No _____ Don't recall _____

     1.     If yes, state when the oral instructions, warnings, or other information regarding the use of TRT were given and identify each person or entity from whom you received the instructions, warnings, or other information.

          (a)     Approx. date: _____

          (b)     Name of person or entity (and address and telephone number if not otherwise provided): _____

15

I.  What symptoms do you believe you were experiencing before receiving a prescription for TRT? _____

J.  Were your testosterone levels tested prior to receiving a prescription for TRT?
    Yes _____ No _____ Don't recall _____

K.  Did you receive a diagnosis of androgen deficiency or hypogonadism prior to receiving a prescription for TRT?  Yes _____ No _____ Don't recall _____

    1.  If yes, identify the approx. date you were diagnosed and the Health Care Provider who made the diagnosis: _____

L.  Were your testosterone levels tested while you took or used TRT?
    Yes _____ No _____ Don't recall _____

M.  Did you experience any changes or differences in the symptoms you describe above in Question I after being treated with TRT?  Yes _____ No _____ Don't recall _____

    1.  If yes, describe those changes or differences: _____
        _____

N.  Have you ever seen or heard any advertisements (e.g., in magazines, television commercials, radio, or web-related advertisements) for TRT?

    Yes _____ No _____ Don't recall _____

    1.  If yes, identify the advertisement or commercial, and approximately when you saw the advertisement or commercial:_____
        _____

O.  Have you ever seen or heard any advertisements (e.g., in magazines, television commercials, radio or web-related advertisements) relating to low testosterone or hypogonadism?  Yes _____ No _____ Don't recall _____

    1.  If yes, identify the advertisement or commercial, and approximately when you saw the advertisement or commercial:_____
        _____

P.  Have you ever visited any website containing information regarding TRT or the treatment of low testosterone or hypogonadism?  Yes _____ No _____ Don't recall _____

    1.  If yes, identify the website, when visited, and describe any information you obtained:_____
        _____

Q.  Excluding online questionnaires prepared by your attorneys, have you completed an online questionnaire about TRT or the treatment of low testosterone or hypogonadism?
    Yes _____ No _____ Don't recall _____

TRT PLAINTIFF FACT SHEET
CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER

      1.     If yes, identify the questionnaire, when completed, and describe your responses:_

_____

_____

R.     Other than through your attorneys, have you or do you believe you have had any communication, oral or written, with any company that makes a TRT product or their representatives (including email, text messages, via the website)?

     Yes _____ No _____ Don't recall _____

      1.     If yes, provide the information requested below:

| Date of Communication | Type of Communication | Name of Company and/or Any Representative | Substance of Communication |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |

## VIII.  INJURIES OF THE PERSON TREATED WITH TRT ("YOU") AND DAMAGES

A.     Are you claiming any physical injuries, illnesses or disabilities related to your treatment with TRT? Yes _____ No _____

     If yes, provide the information requested below:

      1.     Identify the injuries, illnesses or disabilities that you claim are related to your treatment with TRT. _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

      2.     Are the injuries, illnesses, or disabilities continuing? Yes _____ No _____

     If Yes, explain: _____

_____

_____

TRT PLAINTIFF FACT SHEET
CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER

3.      How did you first become aware of your injuries, illnesses or disabilities?_____
        _____
        _____
        _____

4.      Were there any witnesses when your injuries, illnesses or disabilities occurred?
        Yes _____ No _____

        (a)     If yes, identify his or her name(s), address(es), and his or her relationship
                to you: _____
                _____
                _____

B.      Were you ever hospitalized for your injuries, illnesses, or disabilities?
        Yes _____ No _____

        (a)     If yes, provide the information requested below:

| Date of admission (approx.) | Date of discharge (approx.) | Hospital name(s) and address(es) |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

C.      Have you had any communications, oral or written, with any doctor or other Health Care
        Provider (not affiliated with your attorney) about whether the injuries, illnesses or
        disabilities claimed in this Action are or are not related to your treatment with TRT?
        Yes _____ No _____ Don't know _____

        1.      If "Yes", please identify the name, address and approximate date of
                communication with said health care provider: _____
                _____
                _____

TRT PLAINTIFF FACT SHEET
CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER

## IX.   FACT WITNESSES

A.   Please identify all persons who you believe possess information concerning your claimed injury(ies) and damages other than your Healthcare Providers and/or Oral Healthcare Providers, and please state their name address and his/her/their relationship to you:

Name:_____

Address:_____

_____

Relationship to you:_____

Name:_____

Address:_____

_____

Relationship to you:_____

Name:_____

Address:_____

_____

Relationship to you:_____

## X.   DECEASED PERSONS TREATED WITH TRT

A.   If you are filling this out on behalf of a deceased person, provide either a copy of the Death Certificate for that person or the following information:

1.   Date of death: _____

2.   Place of death (city, state and country): _____

3.   Facility or location where death occurred: _____

4.   Name of physician who signed death certificate: _____

5.   Cause of death: _____

6.   State whether an autopsy was performed, and if so, who performed it (i.e., name of Medical Examiner) and when: _____

19

## XI.   AUTHORIZATIONS

A.   For each Health Care Provider and/or pharmacy identified anywhere on the Fact Sheet, provide a completed and signed (but undated) Health Care Authorization in the form attached as Exhibit B to Case Management Order No. 9 ("CMO 9").

B.   If you are eligible for Medicare benefits, provide completed and signed (but undated) authorizations and/or waivers permitting release of documents and information relating to your Medicare coverage and any benefits or payments you have received.

C.   If you answered "yes" to question E in Section III, stating that you are you asserting a claim for any psychological or psychiatric injury (other than garden variety emotional distress) as a consequence of your use of TRT, provide a completed and signed (but undated) Authorization for Release of Mental Health records attached as Exhibit C to CMO 9 for each agency or company you submitted your application to in the last 10 years.

D.   If you answered "yes" to question Q in Section II, and you are asserting a claim for lost earnings or future loss of earnings, then for each Employer identified on the Fact Sheet, provide a completed and signed Employment Authorization attached as Exhibit D to CMO 9 for each employer.

E.   If you answered "yes" to question T in Section II, stating that you applied for workers' compensation in the past ten (10) years, provide completed and signed (but undated) authorizations and/or waivers permitting release of documents and information from each agency or company you submitted your application to in the last 10 years.

F.   If you answered "yes" to question T in Section II, stating that you applied for disability in the past ten (10) years, provide completed and signed (but undated) authorizations and/or waivers permitting release of documents and information from each agency or company you submitted your application to in the last 10 years.

G.   For each insurer listed in response to question D in Section III, provide completed and signed (but undated) authorizations and/or waivers permitting release of documents and information from said insurer(s).

## XII.   DOCUMENT REQUESTS

By responding Yes or No, identify if you have any of the following documents in your custody or possession, including in hard copy or in electronic form (You need NOT obtain records from in response to this obligation to produce documents, rather this only requests documents in your custody or possession)). Nothing in any of the document requests herein shall be interpreted to seek the production of materials that are protected by the attorney-client privilege or the work product doctrine.

For any documents you have (and have thus indicated so, by checking "Yes"), attach a copy of those documents to this Plaintiff Fact Sheet:

TRT PLAINTIFF FACT SHEET
CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER

1. All non-privileged documents you reviewed that assisted you in the preparation of your answers to this Plaintiff Fact Sheet. Yes _____ No _____

2. A copy of all medical records and/or documents in currently in your possession related to your treatment with TRT. Yes _____ No _____

3. A copy of all medical records and/or documents from any hospital or Health Care Provider who treated you from a period of five(5) years prior to your first treatment with TRT to date who treated you for any disease, condition, or symptom referred to in any of your answers to the questions above and concerning any condition or injury you claim is related to being treated with TRT, including but not limited to all tests or imaging studies of any part of your body that relate in any manner to the diagnosis, treatment, care or management of your condition and the injuries alleged in the Action. Yes _____ No _____

4. If you have been the claimant or subject of any workers' compensation, social security or other disability proceeding, all documents currently in your possession related to such proceeding. Yes _____ No _____

5. All documents constituting, concerning or relating to product use instructions, product warnings, package inserts, pharmacy handouts or other materials distributed with or provided to you in connection with your treatment with TRT. Yes _____ No _____

6. Copies of all advertisements or promotions or brochures for TRT you claim to have seen before or during your TRT treatment. Yes _____ No _____

7. Copies of all articles discussing TRT you claim to have seen before or during your TRT treatment. Yes _____ No _____

8. Copies of the entire packaging, including the box and label for TRT (plaintiffs or counsel must maintain the originals of the items requested in this subpart). Yes _____ No _____

9. All documents relating to your purchase of TRT, including but not limited to, receipts, prescriptions, pharmacy records, prescription records, containers, labels, or records of purchase. Yes _____ No _____

10. All documents known to you and in your custody or possession which mention TRT or any alleged health risks related to TRT in your possession at or before the time of the injury(ies) alleged in the Action, other than legal documents, documents provided by your attorney, or documents obtained or created for the purpose of seeking legal advice or assistance. Yes _____ No _____

11. All documents constituting any communications or correspondence between you and any representative of any company that makes a TRT product. Yes _____ No _____

12. All documents you (and not your attorney)obtained from any source relating to TRT or to the alleged effects of using TRT. Yes _____ No _____

TRT PLAINTIFF FACT SHEET
CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER

13. All documents you (and not your attorney) obtained from any source relating to low testosterone or hypogonadism. Yes _____ No _____

14. If you are making a for claim loss of earnings or earnings capacity, your W-2s for each of the last five years. Yes _____ No _____

15. If you are making a claim for loss of earnings or earnings capacity all employment records relating to being treated with TRT or to your alleged injuries, illnesses, or disabilities. Yes _____ No _____

16. If you claim loss from medical expenses, copies of all bills from any physician, hospital, pharmacy or other Health Care Provider. Yes _____ No _____

17. All insurance, Medicare/Medicaid/other public programs, and social security records relating to being treated with TRT or to your alleged injuries, illnesses, or disabilities. Yes _____ No _____

18. Copies of letters of testamentary or letters of administration relating to your status as plaintiff (if applicable). Yes _____ No _____

19. Copy of decedent's death certificate and autopsy report (if applicable). Yes ___ No _____

## XIII. DECLARATION

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that all of the information provided and in connection with this Plaintiff Fact Sheet is true and correct to the best of my knowledge information and belief at the present time.

Further, I acknowledge that I have an obligation to supplement the above responses if I become aware of additional responsive information, or if I learn that they are in some material respects incomplete or incorrect:


Date: _____          _____
                                    Signature


                                    _____
                                    Print Name

TRT PLAINTIFF FACT SHEET
CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER

EXHIBIT B

## LIMITED AUTHORIZATION TO DISCLOSE HEALTH INFORMATION
**(Pursuant to the Health Insurance Portability and Accountability Act "HIPAA" of 4/14/03)**

**TO:** _____

**Patient Name:** _____ **SSN:** _____ **DOB:** _____

I, _____, hereby authorize you to release and furnish to:
_____, copies of the following information:

- All records, including inpatient, outpatient, and emergency room treatment, all clinical charts, reports, documents, correspondence, x-rays, test results, statements, questionnaires/histories, office and doctor's handwritten notes, and records created or received by you or other physicians or staff, as well as all autopsy, laboratory, histology, cytology, pathology, radiology, CT Scan, MRI, echocardiogram and cardiac catheterization reports.
- All radiology films, mammograms, myelograms, CT scans, photographs, bone scans, pathology/cytology/histology/autopsy/immunohistochemistry specimens, cardiac catheterization videos/CDs/films/reels, and echocardiogram videos.
- All pharmacy/prescription records including NDC numbers and drug information handouts/monographs.
- All billing records including all statements, itemized bills, and insurance records.

1. To my medical provider: **this authorization is being forwarded by, or on behalf of, attorneys for the defendants. You are not authorized to discuss any aspect of the above-named person's medical history, care, treatment, diagnosis, prognosis, information revealed by or in the medical records, or any other matter bearing on his or her medical or physical condition, unless you receive and additional authorization permitting such discussion. Subject to all applicable legal objections, this restriction does not apply to discussing my medical history, care, treatment, diagnosis, prognosis, information revealed by or in the medical records, or any other matter bearing on my medical or physical condition at a deposition or trial.**

2. I understand that the information in my health record may include information relating to sexually transmitted disease, acquired immunodeficiency syndrome (AIDS), or human immunodeficiency virus (HIV). It may also include information about behavioral or mental health services, and treatment for alcohol and drug abuse.

3. I understand that I have the right to revoke this authorization at any time. I understand that if I revoke this authorization I must do so in writing and present my written revocation to the health information management department. I understand the revocation will not apply to information that has already been released in response to this authorization. I understand the revocation will not apply to my insurance company when the law provides my insurer with the right to contest a claim under my policy. Unless otherwise revoked, this authorization will expire two years from the date of execution.

4. I understand that authorizing the disclosure of this health information is voluntary. I can refuse to sign this authorization. I need not sign this form in order to assure treatment. I understand I may inspect or copy the information to be used or disclosed as provided in CFR 164.524. I understand that any disclosure of information carries with it the potential for an unauthorized re-disclosure and the information may not be protected by federal confidentiality rules. If I have questions about disclosure of my health information, I can contact the releaser indicate above.

5. A notarized signature is not required. CFR 164.508. A copy of this authorization may be used in place of an original.

Print Name: _____ (plaintiff/representative)

Signature: _____ Date: _____

EXHIBIT C

AUTHORIZATION FOR THE RELEASE OF MENTAL HEALTH RECORDS
PURSUANT TO 45 CFR 164.508(a) (2) (HIPAA)

TO: _____

Name of Mental Healthcare Provider/Physician/Facility

_____

Address (Street, City, State, Zip Code)

RE:  Patient Name: _____

Date of Birth: _____ Social Security Number: ____ --____--___

Address:_____

I, _____, authorize you to release and furnish to:

[INSERT DEFENSE COUNSEL]

and/or her/his/their designated agent, [insert agent, if any] copies of full and complete protected medical and mental health information, including the following:

For use in the In Re Testosterone Therapy Replacement Products Liability Litigation, MDL 2545. *To my healthcare provider: This authorization is forwarded by attorneys for defendant(s). This authorization permits you to release copies of records you made in connection with examinations, diagnosis and treatment of me ; it does not permit you, nor does it authorize you, to speak to anyone concerning your care and treatment of me, unless you receive a separate and additional authorization permitting such discussion. Subject to all applicable legal objections, this restriction does not apply to discussing my medical history, care, treatment, diagnosis, prognosis, information revealed by or in the records, or any other matter bearing on my medical or physical condition at a deposition or trial.*

- All psychiatric, psychological or other confidential records relating to my emotional or other psychiatric/psychological condition for the purpose of review and evaluation in connection with a legal claim. I expressly request that the designated records custodian of all covered entities u n d e r HIPAA identified above disclose full and complete protected medical and mental information including the following:

  o All psychiatric/psychological records, including inpatient, outpatient and emergency room treatment, all clinical charts, reports, order sheets, progress notes, nurse's notes, clinic records, treatment plans, admission records, discharge summaries, requests for and reports of consultations, documents, correspondence, test results, statements, questionnaires/histories, records received by other physicians, pharmacy and prescription records, billing records and records of billing to third party payers and payment or denial of benefits.

This protected health information is disclosed for the following purposes: <u>The currently pending litigation involving the person named above.</u>

This authorization is given in compliance with 42 CPR 2.31, the restrictions of which have been specifically considered and expressly waived.

You are authorized to release the above records to the representatives of defendants noted above who have agreed to pay reasonable charges made by you to supply copies of such records.

I acknowledge that I have the right to revoke this authorization by written notification to you at the above referenced address. However, I understand that any actions already taken in reliance on this authorization cannot be reversed, and my revocation will not affect those actions.

I acknowledge the potential for information disclosed pursuant to this authorization to be subject to redisclosure by the recipient and no longer be protected under 45 CPR 164.508.

I understand that the covered entity to whom this authorization is directed may not condition treatment, payment, enrollment or eligibility benefits on whether or not I sign the authorization.

I understand that the nature of this authorization is to authorize the release of my mental health records.

**A notarized signature is <u>not</u> required.** CFR 164.508. A facsimile, copy or photocopy of this Authorization shall have the same force as an original. *Unless otherwise revoked, this authorization shall expire at the conclusion of my involvement in the captioned litigation.*

I have read the above and authorize the disclosure of the protected mental health information as stated.

Print Name: _____ (plaintiff/representative)

Signature: _____ Date: _____

# EXHIBIT D

AUTHORIZATION FOR RELEASE OF EMPLOYMENT/PAYROLL RECORDS

TO: _____

Name of Employer

_____

Address (Street, City, State, Zip Code)

RE: Plaintiff/Employee Name(s): — — — — — — — — — — — — — — — — — — — — — — — — — —

Date of Birth: _____      Social Security Number: _____-_____- _____

RE: Patient Name: _____

Date of Birth: _____ Social Security Number: ____ --____--___

Address: _____

I, _____, authorize you to release and furnish to:

[INSERT DEFENSE COUNSEL]

and/or his/her/their designated agent, [insert agent, if any], all my employment/personnel/payroll records, including the following:

- All information, including but not limited to any and all employment records, personnel records, applications for employment, W-2 forms, documents related to the beginning of and termination of employment, employee performance evaluations, payroll records, vacation and illness benefits and use, reprimand/commendation notices, and all other documents, papers, checks and ledgers showing wages, salaries, other earnings and employee benefits, and the amount of time and number of days worked.

The release of the information listed above is being authorized for purposes of compliance with discovery in the captioned litigation. Any person, firm, or entity that releases information pursuant to this authorization is absolved from any liability that might otherwise result from the release of this information. I understand that I have the right to revoke this authorization at any time by providing to you a written revocation and agree to simultaneously provide a copy of such revocation to the record requestors identified above. I also understand that any revocation will not apply to information that has already been released in response to this authorization. *Unless otherwise revoked, this authorization shall be continuing in nature and will expire at the conclusion of my involvement in the captioned litigation.*

A notarized signature is <u>not</u> required. A facsimile, copy or photocopy of this Authorization shall have the same force as an original.

I have read the above and authorize the disclosure of my employment/payroll/personnel information as stated.

Print Name: _____ (plaintiff/representative)

Signature: _____   Date: _____