UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: TESTOSTERONE REPLACEMENT
THERAPY PRODUCTS LIABILITY LITIGATION                                    MDL No. 2545

TRANSFER ORDER

**Before the Panel:**[*]  Pursuant to Panel Rule 7.1, defendant Dr. Gregory S. Funk in the action (*Potts*) listed on Schedule A moves to vacate our order that conditionally transferred *Potts* to MDL No. 2545.  Plaintiffs support the motion.  Defendant Auxilium Pharmacueticals, Inc., opposes the motion and, alternatively, suggests Section 1407 separation and remand of the medical negligence claim against Dr. Funk.

After considering all argument of counsel, we find this action involves common questions of fact with the actions previously transferred to MDL No. 2545, and that transfer will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.  Moreover, transfer is warranted for reasons set out in our order directing centralization.  In that order, we held that the Northern District of Illinois was an appropriate Section 1407 forum for actions sharing factual questions arising from allegations that the use of one or more testosterone replacement therapies caused plaintiffs or their decedent to suffer injuries such as heart attack, stroke, deep vein thrombosis, or pulmonary embolism.  *See In re: Androgel Prods. Liab. Litig.*, __ F. Supp. 2d __, 2014 WL 2547824 (J.P.M.L., June 6, 2014).  This action involves allegations that use of Testim caused plaintiff's blood clots and pulmonary embolism and clearly falls within the MDL's ambit.

Defendant Funk and plaintiffs do not significantly dispute that this action shares questions of fact with actions pending in MDL No. 2545.  Instead, they argue that transfer would be inconvenient to them and that it would be more efficient to resolve in the transferor court whether the claim against Dr. Funk was validly asserted.  Relatedly, Auxilium alternatively requests that we separate and remand the medical negligence claims against Dr. Funk.  While we appreciate counsel's arguments, transfer of *Potts* in its entirety without further delay is, in our view, the best approach in these circumstances.  Any unique aspects to *Potts* are outweighed by the efficiencies gained by transfer of this factually-related action.  Further, granting Auxilium's request for separation and remand of the medical negligence claims against Dr. Funk would prejudice the substantive issues pending in *Potts* – namely, resolution of plaintiffs' motion to remand.  Certain parties' arguments that the motion to remand will linger in the MDL are undercut by the transferee judge's expeditious handling of other motions to remand to state court.  *See Don Estep v. Pharmacia & Upjohn Co., Inc., et al.*, N.D. Illinois, C.A. No. 1:14-cv-04856, doc. 21 (September 15, 2014 order of remand).

---

[*]  Judge Ellen Segal Huvelle did not participate in the decision of this matter.

-2-

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, this action is transferred to the Northern District of Illinois and, with the consent of that court, assigned to the Honorable Matthew F. Kennelly for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

Marjorie O. Rendell                Charles R. Breyer
Lewis A. Kaplan                    Sarah S. Vance
R. David Proctor

IN RE: TESTOSTERONE REPLACEMENT
THERAPY PRODUCTS LIABILITY LITIGATION  MDL No. 2545

## SCHEDULE A

<u>Southern District of Alabama</u>

POTTS, ET AL. v. AUXILIUM PHARMACEUTICALS, INC., ET AL., C.A. No. 1:14-345