**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE: TESTOSTERONE REPLACEMENT THERAPY PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to All Cases | Case No. 1:14-cv-01748 MDL No. 2545 |

### CASE MANAGEMENT ORDER NO. 11 : PRESERVATION ORDER

All Parties to this litigation and their counsel recognize that certain potentially relevant materials should be appropriately preserved. The Parties agree they are responsible for taking reasonable and proportionate steps, pursuant to Federal Rule of Civil Procedure 26(b)(2)(C), to preserve relevant and discoverable Documents, Electronically Stored Information ("ESI") and Tangible Things within their possession, custody, or control. The Parties understand that additional meet and confers may be required to continue identifying materials to be the subject of this order. To assist in these efforts, the court enters the following Order.

I. **DEFINITIONS**

    A. "Documents, Electronically Stored information ("ESI"), and Tangible Things" shall be defined as they are in Rule 34 of the Federal Rules of Civil Procedure.

    B. "Parties" shall mean all named Plaintiffs and all named Defendants who have appeared in this litigation. "Party" shall mean any individually named Plaintiff or Defendant who has appeared in this litigation.

    C. "Plaintiff" shall mean a Plaintiff, Plaintiff's spouse (in loss of consortium cases) and Plaintiff's executor or decedent (in survivor or wrongful death cases).

D. "Custodian" shall mean a current or former employee of a defendant that the Parties agree or the Court determines possesses relevant information.

E. "Custodial File" shall mean all potentially relevant Documents, ESI and Tangible Things existing since litigation became reasonably foreseeable in a Custodian's possession, custody, or control, or emails sent or received by a Custodian managed by the archiving process[1], and shall include, but not be limited to, Documents and ESI contained in hard copy files, hard drives, user network drives,[2] and legacy Lotus Notes data. There shall be no obligation to create and preserve hard drive images.

F. "Preservation" shall mean maintaining the integrity of potentially relevant Documents, ESI, and Tangible Things and shall include taking reasonable steps to prevent the destruction, alteration, shredding, or deletion of such materials, as well as any negligent or intentional handling that would make that material incomplete or inaccessible. The Parties understand that there are limits to preservation pursuant to Federal Rules of Civil Procedure 26(b)(2)(B) and 26(b)(2)(C). As such, the Parties agree that they will negotiate in good faith and with reasonable transparency to avoid imposing excessive costs and burdens upon each other regarding preservation. No Party is under an obligation to preserve the following: "deleted," "slack," "fragmented," or "unallocated" data on hard drives;

---

[1] Defendants' respective methods of preserving emails are described in declarations previously submitted to the Court.

[2] To the extent Defendants Auxilium, Endo, Lilly, and Pfizer utilize an email archiving or "journaling" process that does not capture Outlook folder structure data, those Defendants are not required to preserve such data. To the extent Actavis Defendants custodians utilize Microsoft Outlook, data about the folder structure for emails placed in folders by those custodians will be preserved. For Actavis Defendants custodians who utilize Lotus Notes, there is no requirement to preserve folder structure for those custodians. To the extent any Defendant preserves calendaring data of a custodian in the usual course of business, the Defendant will continue to do so for that custodian.

2

random access memory (RAM) or other ephemeral data; or on-line access data such as temporary internet files, history, cache, cookies, etc. As provided below, certain Parties shall not be required to preserve certain other sources of data, such as back-up tapes and (in some instances) telephone voicemail recorded messages, information stored on mobile devices, or instant messaging data, where the Party does not retain the data in the ordinary course of business.

## II. DEFENDANTS' PRESERVATION OBLIGATIONS

### A. General

Defendants have met and conferred (and will continue to meet and confer) with Plaintiffs to identify sources of potentially relevant information that should be preserved in a manner consistent with the obligations set forth in this Order. Defendants shall take reasonable and proportionate steps to preserve and prevent the destruction, alteration, shredding, or deletion of potentially relevant Documents, ESI and Tangible Things, and refrain from degrading the accessibility (e.g., by moving data from a more readily accessible medium [hard drive] to a less accessible medium [backup tape]) of any unique relevant information, as well as any negligent or intentional handling that would make that material incomplete or inaccessible. Provided that reasonable and proportionate steps have otherwise been taken to preserve potentially relevant Documents, ESI and Tangible Things, Defendants shall have no obligation to preserve disaster recovery backup tapes that are not reasonably likely to contain unique and potentially relevant information. Except as provided in this order, to the extent Defendants' systems employ processes that automatically delete or discard unique and relevant information in the ordinary course of business, those processes shall be halted, unless such Party can demonstrate that the termination of such automatic systems would cause an undue burden or that the source of the information in question is not likely to contain relevant or potentially relevant information. ESI

3

falling outside the scope of this Order may be recycled, overwritten, or erased pursuant to each Defendant's otherwise applicable document retention practices, policies and schedules.

    B.  **Potentially Relevant Information**

Potentially relevant information is that which may be discoverable in this action pursuant to Federal Rule of Civil Procedure 26(b), including information that would be discoverable but for the claim of a privilege or protection such as the attorney work product protection or the attorney-client privilege, and includes information that relates to the testing, development, approval, manufacture, labeling, marketing and sale of testosterone therapy products, some of which may date back to 1975.

    C.  **Materials to be Preserved**

<u>Custodial Files</u>.  Defendants have begun to identify Custodians of relevant information. For each Custodian of potentially relevant information, Defendants shall take reasonable steps to preserve all unique relevant information from the Custodian's Custodial File.

<u>Voicemails</u>.  As described in declarations previously submitted to the Court, Defendants Auxilium and Endo retain voicemails in the ordinary course of business through their email systems and shall continue to do so.  To the extent Defendants Auxilium and Endo's voicemails are captured and retained in the same manner as email in the ordinary course of business, see section on Emails, below.  To the extent Defendants Auxilium and Endo do not retain voicemails apart from the email systems in the ordinary course of business, the Parties have agreed they shall not be required to preserve non-email voicemails in a systematic way or on a system-wide, central, or enterprise basis, or on an individual employee level.  Defendants Abbvie, Actavis, Lilly, and Pfizer do not retain voicemails in the ordinary course of business and, therefore, the Parties have agreed they shall not be required to preserve voicemails in a systematic way or on a

4

system-wide, central, or enterprise basis, or on an individual employee level. However, to the extent that an individual employee has otherwise identified potentially relevant voicemails, the parties shall meet and confer as appropriate to discuss other reasonable steps that could be taken to identify and further preserve such information.

<u>Company-Sponsored Instant Messages</u>. As described in declarations previously submitted to the Court, Defendants Auxilium, Lilly[3], and Pfizer retain company-sponsored instant messaging in the ordinary course of business. Such Defendants shall continue to preserve such messages. Defendants Abbvie, Actavis, and Endo do not retain company-sponsored instant messaging in the ordinary course of business and therefore, the Parties have agreed they shall not be required to preserve company-sponsored instant messaging in a systematic way or on a system-wide, central, or enterprise basis, or on an individual employee level. However, to the extent that an individual employee has otherwise identified potentially relevant Instant Messages, the Parties shall meet and confer as appropriate to discuss other reasonable steps that could be taken to identify and further preserve such information.

<u>Emails</u>. To the extent they exist, Defendants shall take reasonable steps to preserve all unique relevant email communications of each Custodian of potentially relevant information as described in previously submitted declarations to the Court. This includes voicemails captured through the email system, if any.

<u>Network Shares</u>. To the extent it exists, Defendants shall take reasonable steps to preserve unique relevant information from network shared areas (*e.g.*, "Departmental Shares").

---

[3] Lilly implemented Microsoft Lync in June 2012 for instant messaging. It centrally preserves Lync instant messages of individuals located in the US and Puerto Rico. (See Declaration of Michael R. Meadows, Lilly Vice President and Chief Technology Officer filed on July 7, 2014.)

<u>Internet and Intranet Sites, Social Media</u>. To the extent it exists, Defendants shall take reasonable steps to preserve all unique relevant information from company internet or intranet sites, as well as company pages on social media sites (*e.g.*, Facebook, Google+).

<u>Databases</u>. Defendants shall take reasonable steps to preserve all unique relevant data maintained in its systems.

Pursuant to Case Management Order No. 7, most Defendants have provided to Plaintiffs an initial list and description of the systems which may contain potentially relevant data, including (without limitation) data, to the extent it exists, related to: (a) Clinical trials, including investigator initiated trials, designed or planned and whether or not initiated or completed; (b) Adverse events/post-marketing surveillance; (c) Sales, including but not limited to detail call logs; (d) Sales tracking; (e) Marketing; (f) Regulatory; (g) Professional Information Requests (PIRs); (h) Safety; (i) Compliance; (j) Dear Healthcare Provider letters and addressees; (k) Pre-Clinical Studies; (1) Scientific Literature; (m) Key opinion leaders or other healthcare professionals who receive compensation related to marketing or education activities; (n) Sales force training materials; and (o) Independent sales contractors. However, the Parties agree that each Party may have his, her, or its own position on the relevance and discoverability of such data.

<u>Third parties</u>. Defendants shall take reasonable steps to ensure the preservation of unique relevant information that it owns, or controls, but which may be in the possession of third parties. To the extent a Defendant takes reasonable steps to secure such unique relevant information, it shall not be responsible for the subsequent loss, deletion or destruction of such unique relevant information by the third party.

Other. Defendants shall promptly disclose to Plaintiffs any additional categories of Documents, ESI and Tangible Things that may contain potentially relevant information, and the Parties will then meet and confer to discuss proper methods of preservation.

### III. PLAINTIFFS' PRESERVATION OBLIGATIONS

Plaintiffs shall take reasonable steps to ensure the preservation of potentially relevant Documents, ESI and Tangible Things. This may include (without limitation):

(1) Product labels, packaging and any remaining, unused testosterone replacement therapy product.

(2) Product literature, literature addressing conditions that may be treated with testosterone replacement therapy, and medical and scientific literature.

(3) Literature from or about clinics, hospitals, medical offices, and other facilities where Plaintiff either inquired about or received testosterone replacement therapy.

(4) Medical, pharmacy, insurance, employment, Medicare/Medicaid, and Social Security records in their possession or control.

(5) Relevant emails and other documents relating to testosterone replacement therapy, including but not limited to plaintiff's use of testosterone replacement therapy. Plaintiff is not required to preserve such data in its original electronic format.

(6) Relevant postings or statements made by Plaintiff on the internet, including the content of any personal webpage(s), blogs, or social media accounts (e.g. Facebook, Myspace, LinkedIn, Twitter) and including relevant information that may have been marked "private" on social media website(s). This obligation can be satisfied by Plaintiffs' being made aware that this Order prohibits them from deleting relevant data on any personal webpage(s), blogs, or social media accounts.

(7) Journal, diary and calendar entries made by Plaintiff.

### IV. MUTUAL PRESERVATION OBLIGATION

Mobile Devices (Including Text Messages). As described in declarations previously submitted to the Court, no Defendant retains unique data from mobile devices (including text messages) in the ordinary course of business. The Parties have agreed that no Party (including Plaintiffs) shall be required to preserve mobile data either in a systematic way or on a system-

wide, central, or enterprise basis, or on an individual level (whether a Defendant's employee or Plaintiff), nor shall they be required to request that service providers for Defendants' employees' mobile devices or Plaintiffs' mobile devices preserve such data.

## V.    RESERVATION OF RIGHTS

Nothing in this Order shall be construed to affect the relevance, discoverability or admissibility of evidence. All objections to relevance, discoverability or admissibility of evidence are maintained and may be asserted at any time. Nothing in this Order shall limit the Parties' ability to meet and confer, as may be necessary, to discuss further modifications to this Order.

IT IS SO ORDERED.

_____
HONORABLE MATTHEW F. KENNELLY
UNITED STATES DISTRICT JUDGE

Date: October 22, 2014