UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: TESTOSTERONE REPLACEMENT THERAPY PRODUCTS LIABILITY LITIGATION | MDL No. 2545 |
| THIS DOCUMENT APPLIES TO ALL ACTIONS | Master Docket Case No. 1:14-cv-01748<br><br>Honorable Matthew F. Kennelly<br><br>**CASE MANAGEMENT ORDER NO. 12 REGARDING THE FILING OF ACTIONS IN THE NORTHERN DISTRICT OF ILLINOIS OR DIRECTLY IN THE MDL PROCEEDINGS** |

**I.     Scope of Order**

This Order applies to cases based on the use of prescription testosterone replacement therapies ("TRT products") that (i) currently are pending in MDL No. 2545 ("the MDL Proceedings"), or (ii) in the future are filed either in the Northern District of Illinois and transferred into the MDL Proceedings or filed directly in the MDL Proceedings ("Directly Filed Cases").

**II.    Directly Filed Cases**

A.     <u>Direct filing permitted</u>: Subject to the limitations set forth below, in order to eliminate potential delays associated with transfer to this Court of cases filed in or removed to other federal district courts, to avoid the potential inefficiencies of any possible motions with respect to cases implicating federal subject matter jurisdiction, and to promote judicial efficiency, any plaintiff whose case would be subject to transfer to MDL 2545 may file his or her

case directly in the Northern District of Illinois or directly in the MDL Proceedings, subject to the rules set forth below.

  B. <u>Rules regarding Directly Filed Cases prior to remand</u>:

    i. <u>Directly Filed Cases prior to the entry of this Order</u>:

      a. <u>AbbVie/Abbott Only Cases</u>:  If the case was filed against AbbVie and/or Abbott, and no non-AbbVie/Abbott-related Defendants, it shall be treated as if originally filed in the Northern District of Illinois, for all pretrial and trial proceedings.  In other words, Plaintiffs and AbbVie/Abbott shall be precluded from seeking remand of these cases to a venue or jurisdiction outside of the Northern District of Illinois, or making any other venue or convenience objections.

      b. <u>Non-AbbVie/Abbott Cases or Cases Where AbbVie/Abbott are co-Defendants</u>: If the case names any non-AbbVie/Abbott-related Defendants, including if the case names any AbbVie/Abbott-related Defendants as co-Defendants with any non-AbbVie/Abbott-related Defendants, the case shall be treated as if it was originally filed in the federal district where the Plaintiff was a citizen at the time of the filing of his or her first Complaint.  All Parties reserve all rights with respect to venue, forum convenience, personal jurisdiction, and *Lexecon*.  These issues will be addressed at the time the MDL Court intends to remand such cases as set forth below in Paragraph C.

    ii. <u>Directly Filed Cases after the entry of this Order</u>: Any Directly Filed Cases after the entry of this Order, other than certain cases involving AbbVie/Abbott only as identified below in this paragraph, shall be treated as if originally filed in the federal district where the Plaintiff was a citizen at the time of the filing of his or her first Complaint.  All Parties reserve all rights with respect to venue, forum convenience, personal jurisdiction, and *Lexecon*.

These issues will be addressed at the time the MDL Court intends to remand such cases as set forth below in Paragraph C. Any plaintiff in an AbbVie/Abbott only case will have the case treated as originally filed in the Northern District of Illinois (thus all parties are waiving any remand or convenience rights) if they plead in the venue section of their original complaint that venue is proper in the Northern District of Illinois.

  C. <u>Rules regarding Directly Filed Cases at the time of remand</u>:  Except for the agreed waivers with regard to AbbVie/Abbott only cases set forth in this order, the rules set forth above are designed to allow the Parties to reserve until the time the MDL Court intends to remand such cases any arguments regarding venue, forum convenience, personal jurisdiction, and *Lexecon* in determining to which federal district the case shall be remanded.  The Parties shall work reasonably to resolve such disputes prior to remand, and the Parties shall submit any unresolved disputes to the presiding judge of the MDL proceedings for binding determination, subject toappeal to the appropriate federal circuit court of appeals when the MDL court's determination becomes final and appealable.  Should any Defendant named and served in any directly filed case pursuant to this CMO have a good faith belief that they are not a proper defendant in any federal district court in the United States, counsel for that defendant shall promptly meet-and-confer with the attorney who filed the matter and a member of PEC on how best to address the issue.

  D. <u>No effect on cases filed outside the Northern District of Illinois or not directly in MDL 2545</u>:  This Order has no bearing or effect on cases originally filed outside of the Northern District of Illinois and transferred into the MDL Proceedings by the JPML via a transfer order, at any time, except that, for all cases transferred into the MDL, the Parties agree to reserve until the

time the MDL Court intends to remand such cases any disputes or challenges with respect to venue, forum convenience, personal jurisdiction, and *Lexecon*.

   E. <u>Possible agreed Northern District of Illinois trials</u>: In addition to the agreed waivers set forth above, upon the express stipulation of all Parties, the Parties may agree, at a future date, to hold in the Northern District of Illinois the trial of any case implicating federal subject matter jurisdiction.

   F. <u>No impact on choice of law</u>: The fact that a case was filed directly in the MDL Proceedings pursuant to this Order will have no impact on choice of law, including the statute of limitations that otherwise would apply.

   G. <u>Caption</u>: Any complaint that is filed directly in MDL 2545 shall bear the following caption:

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: TESTOSTERONE REPLACEMENT THERAPY PRODUCTS LIABILITY LITIGATION | MDL No. 2545<br><br>Master Docket Case No. 1:14-cv-01748<br><br>Honorable Matthew F. Kennelly |
| JANE DOE,<br><br>      Plaintiff,<br><br>vs.<br><br>XYZ CORPORATION and ABC COMPANY,<br><br>      Defendants. | COMPLAINT AND JURY DEMAND<br><br>Civil Action No.: _____ |

H.  In accordance with Case Management Order No. 3, any attorney admitted to practice and in good standing in any United States District Court is admitted *pro hac* vice in this litigation and association of co-counsel for purposes of litigation, including direct filing, is not required.

I.  Prior to any plaintiff's attorney filing a complaint in the United States District Court for the Northern District of Illinois or directly in the MDL Proceedings pursuant to this Order, that attorney must register for and/or have a Northern District of Illinois CM/ECF log in name and password.

Date: October 24, 2014

**IT IS SO ORDERED.**

_____
MATTHEW F. KENNELLY
United States District Judge