**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE: TESTOSTERONE REPLACEMENT THERAPY PRODUCTS LIABILITY LITIGATION | Case No. 14 C 1748<br>MDL No. 2545<br>Judge Matthew F. Kennelly |
| This document relates to:<br>*All cases* | |

**CASE MANAGEMENT ORDER NO. __
REGARDING COORDINATION WITH STATE COURT LITIGATION**

This MDL Proceeding centralizes federal court cases asserting product liability claims arising from testosterone replacement therapy ("TRT"). This Court recognizes that similar or identical cases involving product liability claims against the same defendants based on use of the same testosterone-containing products are also pending, or will be filed, in various state courts. At the same time, the Court recognizes that while this multidistrict proceeding involves products manufactured by six different defendants, the various state court proceedings may involve fewer than all six products and defendants, or even, more typically, just one. Accordingly, in the interests of efficiency and conservation of resources, to the extent practicable, consistent with the sovereign jurisdiction of the state court judges, and consistent with the parties' choice of venue in which to litigate their claims, the parties agree to the following Case Management Order No. _____ Regarding Coordination With State Court Proceedings.

**Coordination to the Extent Practicable and Feasible.** The Plaintiffs and Defendants in this litigation, and in particular, the lead counsel for the same, shall make reasonable efforts to coordinate with each other, to the extent practicable and feasible in light of the more limited number of defendants and the different schedules in the various state court litigations, the conduct of the litigation in the MDL with other TRT cases pending in state courts. Such coordination is consistent with the tenets of efficiency, conservation of judicial resources, and a reduction in duplicative discovery, and is intended to serve the convenience of the parties and witnesses, while at the same time, protecting the interests of the plaintiffs in the MDL and state court proceedings. It is therefore contemplated by this Court and the parties that all discovery

conducted in these parallel proceedings may be utilized in both the MDL and related state court actions, consistent and in accordance with applicable substantive state law, rules of civil procedure, and applicable rules of evidence, subject to and conditioned upon an appropriate cost-sharing provision between the federal and coordinated state litigations.

**Coordination with State Courts.** In order to achieve the full benefits of this MDL proceeding, this Court may make efforts to coordinate with the state courts presiding over related TRT cases, to the extent that such state courts desire such coordination and cooperation. These coordination efforts may include joint orders that will permit the parties in state court actions to fully utilize any discovery conducted in the MDL proceedings and *vice versa*, without prejudice to either the state or federal actions. The Court expects parties in the MDL proceeding to take reasonable steps to assure such coordination is achieved, whenever practicable.

**Coordination by Plaintiffs' Counsel.** All discovery directed to the defendants and non-party witnesses relating to cases in the MDL shall be undertaken by or under the direction of the Plaintiffs' Steering Committee ("PSC") on behalf of all plaintiffs in the MDL proceedings. The PSC, to the extent feasible and practicable, shall coordinate this discovery with the plaintiffs in the state court proceedings, consistent with the case management orders and court ordered deadlines in these proceedings. The PSC shall, where practicable, and provided appropriate provisions for the payment of fees and costs related to common benefit work is agreed in advance, coordinate their requests with the plaintiffs in the state court litigations to reduce duplicative discovery. To facilitate such coordination, Trent Miracle is hereby appointed Federal-State Plaintiffs' Liaison. At each Case Management Conference, the Federal-State Plaintiffs' Liaison (or in his absence, his designee), shall report to the Court on the status of proceedings in the various state courts and on the status of coordination between the federal and state proceedings.

**IT IS SO ORDERED.**

_____
MATTHEW F. KENNELLY
United States District Judge

DATE: