*Subject to Joint Defense Privilege*
*11.21.2014 (9 a.m. ET)*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| IN RE: TESTOSTERONE REPLACEMENT THERAPY PRODUCTS LIABILITY LITIGATION | Case No. 1:14-CV-01748<br>MDL 2545<br><br>**JUDGE MATTHEW F. KENNELLY** |
| **This document relates to: <u>ALL ACTIONS.</u>** | |

**CASE MANAGEMENT ORDER NO. 19**
<u>(Case Management Plan as to principal non-AbbVie defendants)</u>

Pursuant to and in furtherance of Case Management Orders No. 13 and 14, the Court hereby approves the following agreed case management plan submitted by the parties, governing merits discovery by Plaintiffs against defendants Auxilium Pharmaceuticals, Inc. ("Auxilium"); Eli Lilly and Company and Lilly USA, Inc. (collectively "Lilly"); Actavis, Inc., Actavis Pharma, Inc., Anda, Inc., Watson Laboratories, Inc., a Nevada corporation, and Watson Laboratories, Inc., a Delaware corporation (collectively "Actavis"); Pfizer Inc. and Pharmacia & Upjohn Company LLC (collectively "Pfizer") and Endo Pharmaceuticals, Inc. ("Endo") (collectively, the "Principal Non-AbbVie Defendants").

This Order does not apply to any other defendants or any corporate affiliate or partner of Auxilium, Lilly, Actavis, Pfizer and Endo. Counsel are directed to be prepared to report to the Court at the next case management conference regarding how they propose to deal with scheduling as to such parties.

**I.      DISCOVERY ON PRINCIPAL NON-ABBVIE DEFENDANTS (BY PLAINTIFFS).**

      **A.**    The Court sets the following timelines and deadlines with respect to non-expert fact discovery by Plaintiffs against certain of the non-AbbVie Defendants.

| Deadline | Auxilium | Lilly | Actavis | Pfizer/Endo |
|---|---|---|---|---|
| 1. PSC to propound master written discovery and initial 30(b)(6) deposition notices of non-substantive nature[1] | 12/19/2014 | 1/23/2015 | 2/13/2015 | 3/20/2015 |
| 2. Parties to attempt to reach agreement on search terms, and will report to Court by January, 2015 Case Management Conference. | Completed | Pending | Pending | Pending |
| 3. Defendants shall serve any objections to the scope of the PSC's 30(b)(6) deposition notices of non-substantive nature and identify witnesses and propose such dates for such depositions to take place | January 23, 2015 | 30 days from service of PSC's 30(b)(6) notices | 30 days from service of PSC's 30(b)(6) notices | 30 days from service of PSC's 30(b)(6) notices |
| 4. Defendants to serve responses to initial written discovery and begin rolling production of non-custodial files responsive documents. | February 25, 2015 | 60 days from service of the PSC's initial written discovery | 60 days from service of the PSC's initial written discovery | 60 days from service of the PSC's initial written discovery |

---

[1]These initial 30(b)(6) depositions on MIS/ESI Topics and Defendants' corporate organization/structure (including roles and reporting obligations for regulatory and post-marketing surveillance, sales and marketing, and scientific affairs) will be limited to each witness's corporate capacity and to only the limited issues outlined in the 30(b)(6) notice (subject to Defendant's objections). The Court further directs, pursuant to the parties' agreement, that questions in these initial 30(b)(6) depositions shall be limited to non-substantive questions regarding the responsibilities of relevant employees of the defendants and the documents the defendants may possess relating to the substance of the allegations, and questions aimed at supporting the substance of the allegations in the operative complaints shall be deemed outside the scope of these non-substantive depositions. Nothing in this CMO shall be deemed a limitation on the PSC's right to seek additional non-substantive depositions prior to the close of non-expert fact discovery. Non-substantive 30(b)(6) deponents may be re-deposed for their own factual or substantive knowledge.

| **Deadline** | **Auxilium** | **Lilly** | **Actavis** | **Pfizer/Endo** |
|---|---|---|---|---|
| 5. PSC to serve their initial request for custodial files to be produced by Defendants. | Already Served | 7 days after Defendant serves responses to initial written discovery. | 7 days after Defendant serves responses to initial written discovery. | 7 days after Defendant serves responses to initial written discovery. |
| 6. Substantive witness depositions, including both 30(b)(6) and fact witness depositions, shall not begin until after the following date:[2] | No sooner than May 15, 2015, absent agreement of the parties | No sooner than June 15, 2015, absent agreement of the parties | No sooner than July 15, 2015, absent agreement of the parties | No sooner than August 1, 2015, absent agreement of the parties |
| 7. Non-Expert Fact discovery to be completed. This does not relieve a party of its duty to supplement its disclosures under any CMOs entered in this case, or other applicable law and rules. Any request to extend or reopen fact discovery after this date must be supported by a showing of good cause and due diligence. | September 12, 2016 or 14 days prior to PSC expert disclosures in event of earlier MDL bellwether trial against this Defendant, whichever is earlier | September 12, 2016 or 14 days prior to PSC expert disclosures in event of earlier MDL bellwether trial against this Defendant, whichever is earlier | November 21, 2016 or 14 days prior to PSC expert disclosures in event of earlier MDL bellwether trial against this Defendant, whichever is earlier | November 21, 2016 or 14 days prior to PSC expert disclosures in event of earlier MDL bellwether trial against this Defendant, whichever is earlier |

**B.** Provided that search terms have been agreed to or resolved, absent agreement of the parties (or if the parties cannot agree, upon a showing of good cause by the relevant Defendant), Defendants shall produce a requested custodial file within forty-five (45) days of the request.

---

[2] The scope, timing and limitations on fact witness and substantive 30(b)(6) depositions, if any, shall be addressed by the Court in a subsequent order on a deposition protocol.

II. **BELLWETHER SELECTION PROTOCOL, SCHEDULING AND TRIAL DATES**

The parties are directed to meet and confer on or before September 10, 2015 regarding a proposed Case Management Order to govern the following matters: (i) the potential nomination and selection of additional bellwether plaintiffs other than in cases where the AbbVie entities are the sole defendants (e.g. this may include plaintiffs with cases against a non-AbbVie defendant or defendants and/or cases against the AbbVie defendant and non-AbbVie defendant(s)); (ii) the scheduling and/or deadlines pertaining to fact and expert discovery for such bellwethers; (iii) the process and parameters for selecting such bellwethers; and (iv) proposed trial dates. Plaintiffs have advised that they contemplate that the trial dates to be proposed will include an initial trial involving Defendant Auxilium.

IT IS SO ORDERED.

**December 19, 2014**

_____
 **MATTHEW F. KENNELLY**
 **UNITED STATES DISTRICT JUDGE**