**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: TESTOSTERONE | ) | Case No. 14 C 1748 |
| REPLACEMENT THERAPY | ) | MDL No. 2545 |
| PRODUCTS LIABILITY LITIGATION | ) | This document relates to all cases |

**AMENDED CASE MANAGEMENT ORDER NO. 17
(Coordination with state court cases –
appointing Indiana and California liaison counsel)**

This MDL Proceeding is for testosterone replacement therapy ("TRT") product liability cases in federal court. The cases were centralized in this district as *In re Testosterone Replacement Therapy Products Liability Litigation*, MDL No. 2545. Essentially identical cases, involving the same types of claims against the same defendants based on use of the same TRT products, are also pending in various state courts. The state and federal cases began to be filed around the same time, starting in February 2014.

As the *Manual for Complex Litigation* notes, "[s]tate and federal judges, faced with the lack of a comprehensive statutory scheme, have undertaken innovative efforts to coordinate parallel or related litigation." This Court's goal is to engage in a cooperative effort to coordinate, to the extent practicable, parallel and overlapping proceedings in the federal and state cases, in order to reduce costs and avoid unnecessary duplication of effort.

To that end, this order sets forth procedures that will apply in the federal MDL Proceeding in order to facilitate, to the maximum extent possible, coordination with parallel state court cases. This order applies to all cases that are today or may in the

future become part of *In re Testosterone Replacement Therapy Products Liability Litigation*, MDL No. 2545 (the "MDL Proceeding"), and it binds all parties and their counsel in all such cases, including all attorneys appointed by this Court to leadership positions in the MDL Proceeding.

This order is *not* intended to prescribe how parallel state court cases should proceed, because this Court has no desire to do so and, in any event, lacks the authority to do so. However, the Court welcomes the opportunity to communicate with any state court about issues of common interest in TRT cases.

**A.     State-Federal Liaison Counsel**

1.      Trent Miracle, who is one of the Co-Lead Counsel for plaintiffs in the MDL Proceeding, is appointed Plaintiffs' State-Federal Liaison Counsel. In addition, Mr. Miracle will also act as Liaison Counsel for cases pending in Illinois state court and for cases pending in Missouri state court.

2.      Mark Hoffman, who is a member of the Plaintiffs' Steering Committee in the MDL Proceeding, is appointed as Plaintiffs' Liaison Counsel for cases pending in Pennsylvania state court.

3.      Bill Robins, who is a member of the Plaintiffs' Executive Committee in the MDL Proceeding, is appointed as Plaintiffs' Liaison Counsel for cases pending in California state court.

4.      Robert Dassow is appointed as Plaintiffs' Liaison Counsel for cases pending in Indiana state court.

5.      Membership on the Plaintiffs' Steering Committee is a preferred qualification for service as State-Federal Liaison Counsel. As additional state court

cases are identified, State-Federal Liaison Counsel for cases in those courts will be proposed by Plaintiffs' Co-Lead Counsel for appointment by this Court. The Court will determine on a case-by-case basis whether it is necessary and appropriate to appoint such State-Federal Liaison Counsel.

6. The appointments described in paragraphs 1-5 will last for the duration of the MDL Proceeding, unless the Court determines, in its discretion, to remove or replace any appointed attorney.

7. This order imposes obligations on defendants' counsel just as it imposes obligations on plaintiffs' counsel. The Court understands that the attorneys and law firms representing the defendants in the MDL Proceeding likely will represent the same defendants in parallel state court cases. Each manufacturer defendant shall designate an attorney who will act as its State-Federal Liaison Counsel. That attorney will be responsible, on behalf of the particular defendant, for the obligations of defense counsel set forth in this order. Overall responsibility for ensuring defense counsel's compliance with the obligations set forth in this order is assigned to Defendants' previously appointed Liaison Counsel. Subject to approval by the Court, Defendants' Liaison Counsel may delegate this responsibility to another attorney of record for a defendant in the MDL Proceeding.

**B.   Responsibilities of Plaintiffs' and Defendants' State-Federal Liaison Counsel**

The responsibilities of the parties' State-Federal Liaison Counsel are as follows:

1. The parties shall jointly maintain a comprehensive and up-to-date list identifying all state court TRT cases, including the parties, attorneys, jurisdiction, judge, and status. Defendants' Liaison Counsel or an attorney delegated by him shall on a

regular basis notify the Plaintiffs' State-Federal Liaison Counsel and the Plaintiffs' Liaison Counsel for cases pending in particular state courts about the filing of new state court cases.

2. Plaintiffs' State-Federal Liaison Counsel (and/or, as appropriate, Plaintiffs' Liaison Counsel to particular state courts) shall communicate on a regular basis with plaintiffs' counsel in the state court cases regarding the status, schedule, and developments in the MDL Proceeding and in the state court cases, including all case management orders. They may not divulge information that a defendant has designated as confidential under the MDL Protective Order unless and until the state court has entered a protective order that provides substantially similar protections to the one entered in the MDL Proceeding.

3. The State-Federal Liaison Counsel for plaintiffs and each defendant shall use their best efforts to coordinate discovery and case schedules in the MDL proceeding with discovery and case schedules in the state court cases, in order to enhance efficiency and avoid undue duplication of effort and unwarranted expense.

4. The State-Federal Liaison Counsel for plaintiffs and each defendant use their best efforts to ensure that orders entered in state court cases and the MDL Proceeding on the subjects of case schedules, protective orders, confidentiality, electronically stored information (ESI) protocols, plaintiff fact sheets, defendant fact sheets, and preservation orders contain materially identical provisions, so as to avoid or minimize, to the extent reasonably possible, imposing competing or inconsistent obligations.

5. The State-Federal Liaison Counsel for plaintiffs and each defendant shall

propose, for the consideration of the judges presiding over the state court cases, case management orders with provisions substantially identical to this order and those previously and hereafter entered in the MDL Proceeding. (This does not, of course, authorize any appearance in a state court case by an attorney who is not counsel of record for a party in that case.) If all of the TRT cases in a particular state court were filed by attorneys who do not have any cases in this MDL Proceeding, then the obligation of Plaintiffs' State-Federal Liaison Counsel will be to use best efforts to encourage the attorneys for the plaintiffs in the state court cases to support of entry of case management orders substantially identical to those entered in the MDL Proceeding. Any party may provide a copy of this Order to any judge in the state court cases.

      6.      Plaintiffs' State-Federal Liaison Counsel and Defendants' Liaison Counsel shall inform this Court at each case management conference or status hearing of the status of state-federal coordination efforts and any difficulties encountered in those efforts.

      7.      The Court may, in a future case management order or at a future status hearing, assign additional responsibilities to State-Federal Liaison Counsel.

**C.**     **Discovery**

      1.      The Plaintiffs' Steering Committee and counsel for defendants shall, to the extent practicable, coordinate discovery in the MDL Proceeding with discovery conducted in state court proceedings, consistent with case management orders and deadlines established in those proceedings. This Court's overall goal, as stated earlier, is to reduce the parties' costs and avoid unnecessary duplication of effort by the parties

and counsel.

2.  Plaintiffs' State-Federal Liaison Counsel and the Plaintiffs' Liaison Counsel to particular state court cases shall use their best efforts to encourage counsel for plaintiffs in state court cases serve written discovery requests that are the same or substantially similar to those served in the MDL Proceeding.

3.  With the goal of avoiding multiple requests for, and multiple productions of, the same documents, any plaintiff's counsel in any of the state court cases in which the state court has entered a protective order that provides substantially similar protections to the one entered in the MDL Proceeding may request production from any defendant in the MDL Proceeding of the documents produced by that defendant in the MDL Proceeding. This Order does not entitle plaintiff's counsel in any of the state court cases to any work product generated by plaintiffs' counsel in this MDL Proceeding, nor to access to any document depository established by plaintiffs' counsel in this MDL Proceeding, nor to access to any document vendor or ESI vendor retained by any party to this MDL Proceeding.

4.  Plaintiff fact sheets and defendant fact sheets will be used in the MDL Proceeding and may be used in state court cases to standardize and expedite certain discovery. State-Federal Liaison Counsel are to use their best efforts to ensure that substantially identical forms are used for fact sheets in both the state and MDL Proceedings.

5.  When noticing in the MDL Proceeding a deposition of any witness whose testimony may be relevant in a state court proceeding, counsel for both plaintiffs and defendants are to use best efforts to reach agreement on joint or parallel deposition

notices, or cross-notices, to be used in the state court cases and the MDL Proceeding. If a deposition initiated in the MDL Proceeding is not cross-noticed in a particular state court, counsel for defendants may cross-notice it there unless this is precluded by the law of the applicable state or by order of the pertinent state court.

6. Defendants shall promptly provide to Plaintiffs' State-Federal Liaison Counsel and the Liaison Counsel to particular state court cases (unless they are already counsel in the relevant state court cases) copies of all deposition notices served upon them in the state court cases. If plaintiffs in the MDL Proceeding intend to take the same witness's deposition, counsel for plaintiffs and defendants are to use their best efforts to coordinate the taking of the witness's deposition in a way that will avoid unreasonable duplication of effort.

7. The matter of deposition procedures (including, among other issues, the length of depositions, the number of attorneys who will question any witness and, if applicable, the sequence of questioning) will be dealt with in a later case management order. The Plaintiffs' Steering Committee and counsel for defendants are directed to use their best efforts to reach agreement on such protocols.

8. If a dispute regarding discovery is presented to this Court, State-Federal Liaison Counsel for both sides shall inform this Court regarding how the same or any similar dispute was previously resolved by any state court.

9. If a dispute about discovery is presented to any state court, State-Federal Liaison Counsel for both sides shall, if requested by the state court and to the extent practicable, inform the state court of how the same or any similar dispute was previously resolved by this Court.

10. Nothing in this order binds this Court or, of course, any state court, to resolve any discovery dispute in the same way that it has been resolved by any other court, whether state or federal. Rather, the Court's intent is to ensure that this Court and judges in state court TRT cases will have access to as much relevant information as possible regarding the resolution of discovery disputes by judges presiding over other TRT cases.

**D.     Miscellaneous**

1. Disputes regarding any matter or obligation set forth in this order may be presented to the Court if counsel are unable to reach agreement after good faith consultation.

2. This Order does not affect, or waive any objection to, the admissibility of any evidence in federal court. The admissibility of any evidence in any state court shall be determined by the state court. This Order is not intended to affect the governing law or choice of law rules of any case.

3. It is the goal of this Court that all discovery conducted in the parallel federal and state proceedings may be utilized in both the MDL Proceeding and related state court cases, to the extent this is consistent with applicable federal and state substantive law, rules of procedure, and rules of evidence. The Court does not intend by this to preempt negotiation of appropriate cost-sharing arrangements among counsel.

SO ORDERED this 7th
day of January, 2014.

_____
MATTHEW F. KENNELLY
United States District Judge