**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE: TESTOSTERONE REPLACEMENT THERAPY PRODUCTS LIABILITY LITIGATION | MDL No. 2545 |
| This Document Relates to All Cases | Master Docket Case No. 1:14-cv-01748 |
| | Honorable Matthew F. Kennelly |

**JOINT STATUS REPORT
FOR FEBRUARY 20, 2015 CASE MANAGEMENT CONFERENCE**

The Court's February 12, 2015 minute entry directed lead counsel for Plaintiffs and Defendants to file this joint report regarding the status of the parties' discussions, agreements and disagreements on the proposed agenda items for the February 20, 2015 case management conference. Since the last case management conference, the parties conferred and made progress toward agreement on the agenda items, as follows:

I.     **MDL Product Liability Cases**

A.     ***Status of Master Complaint and Short Form Answer:*** The parties have had extensive negotiations related to Short Form Answers, Master Complaint and a Master Pleadings Case Management Order. It is likely that agreement will be reached this week.

B.     ***Status of Search Terms negotiations:*** AbbVie and the PEC engaged in lengthy negotiations over the scope of the proposed search terms and format to be employed in connection with AbbVie's document production. As set forth in more detail in their respective memorandums, each Party requested the Court allow additional time so that an agreed upon proposal may be reached. Specifically, the PEC requested AbbVie supply certain analytical data related to the potential search. The arguments related to this issue are set forth in the

memorandums. *See generally* Dkt. No. 634 and 640. In the event the Court is not prepared to endorse this proposal, the Parties are prepared to present argument on the list the Court should adopt at the Case Management Conference.

**C.** ***Update on Plaintiff Fact Sheets:*** In accordance with CMO 9, the first batch of Plaintiff Fact Sheets was due December 29, 2014. Defendants sent warning letters and deficiency letters in some cases. Plaintiffs continue to address any and all deficiencies where necessary. AbbVie will be filing a motion to amend CMO 9, based upon the current status of fact sheet production and the current pretrial schedule relating to the process of bellwether selection.

**D.** ***Status of rolling document production:***

<u>Custodial Files</u>. The PSC requested custodial files and certificates of completeness for 9 custodians identified on November 18, 2014, due January 2, 2015. The PSC contends that AbbVie's failure to provide these custodial files and certificates of completeness is a violation of CMO 13.

AbbVie contends that the production of the complete custodial files and certificates of completeness is premature. Thus far, AbbVie has produced 1.5 million pages of custodial files for those 9 custodians, using search terms agreed to in the Cook County state court litigation. As set forth in Section B herein, however, the search term negotiations for custodial files in this MDL are still ongoing. Therefore, AbbVie believes the PSC's demand for full custodial files and completeness certifications is plainly premature. AbbVie will be able to produce the complete custodial files and to produce certificates of completeness only after the search terms are known. AbbVie has repeatedly explained this to Plaintiffs.

<u>Rolling Productions</u>. The PSC also contends that AbbVie has failed to comply with CMO

13 § III (B)(2) by failing to make rolling document productions every 14 days commencing on November 14, 2014, as no productions were made on December 31, 2014, January 15, 2015, or February 15, 2015.

It is AbbVie's position that under CMO 13, no documents were due to be produced on December 31, January 15, or February 15. AbbVie has produced documents as follows:

| Production Date | Documents Produced |
|---|---|
| Nov. 14 | First production of IND/NDA files |
| Dec. 1 | Organizational charts; AbbVie separation agreement |
| Dec. 8 | ESI policies; additional organizational charts |
| Dec. 12 | First production of custodial files for initial 5 custodians (Ballina, Koev, Khan, Miller, Snabes), using Cook County Search terms |
| Dec. 15 | Second production of IND/NDA files; additional organizational charts and governance documents |
| Jan. 20 | Agreements; additional organizational charts |
| Jan. 28 | Document retention schedule; former employee policy |
| Jan. 31 | Second production of custodial files for initial 5 custodians; first production of custodial files for next 7 custodians (Storey, Wieczorek, Tiesch , Gautsch, Jain, Niemcryk, Klema), all using Cook County search terms |

In three months, AbbVie has made eight productions of documents totaling over 2 million pages. AbbVie contends that it has substantially complied with CMO 13.

IND/NDA Production

AbbVie's initial IND/NDA production ("VOL_001") contained 10,723 documents, which amounted to 484,818 pages. AbbVie's second IND/NDA production ("Prod_20141215")

contained just 779 documents and 25,247 pages, bringing the total to 510,065 pages. More than 26% of those pages (132,687) are made up of files that are not reviewable as produced in TIFF format, including statistical files, video files, and system files.

Custodial Production

In its custodial production to date, AbbVie has produced a total of 28,550 documents and 1,516,927 pages for nine custodians. After deduplication, this production actually consists of just 4,779 unique emails and their various attachments, and a few thousand pages of scanned paper files.[1]

**E.** *State/Federal coordination status:* Pursuant to CMO 17, the parties conferred and began maintaining a comprehensive and up-to-date list identifying all state court TRT cases, including the parties, attorneys, jurisdiction, judge and status. Defendants have pushed for identical or substantially similar orders in Cook County and Pennsylvania for orders such as the Plaintiff Fact Sheet, Protective Order, and an ESI protocol, and have continued to apprise the judges in those cases of updates in the MDL. In addition, Defendants have been apprising Plaintiffs of the production of documents in the Cook County case, which will also be available in the MDL, and are coordinating with Mark Hoffman in Pennsylvania to achieve uniformity in search terms across the different cases. Defendants will use their best efforts to coordinate discovery and case schedules in the MDL proceeding with discovery and case schedules in the state court cases. Plaintiffs' State-Federal Liaison Counsel will continue to communicate with plaintiffs' counsel in the state court cases regarding the status, schedule, and developments in the MDL proceeding and in the various state court cases. The most immediate issue of State/Federal coordination relates to the protocol for depositions, particularly the duration of depositions.

---

[1] Due to irregularities in the metadata produced, this is an estimate.

Discussions between the parties on this subject will continue, recognizing the Court's setting of March 3 as a deadline for reaching agreement.

F.   *Discussion of plan relating to non-core Defendants:* Some non-core Defendants (*i.e.*, those other than Abbott and AbbVie and the five principal Non-AbbVie Defendants) have been named in a few filed suits. In an effort to assess the viability of these non-core Defendants' presence in this litigation,  Plaintiffs endeavored to communicate with all Plaintiffs' counsel relating to these cases.   Where possible, Plaintiffs will continue to confer with counsel about dismissal of these non-core Defendants so as to further the expeditious resolution of the litigation as a whole.   Plaintiffs and counsel for non-core Defendants will continue to meet and confer about any and all progress made in this regard.

At this time, all non-core defendants who have been served have agreed to serve the disclosures required by CMO 7 by March 25, 2015, unless a non-core Defendant files a motion to dismiss by that date.  In that case, the non-core Defendant who filed the motion to dismiss will not be required to make the disclosures until after the motion to dismiss is ruled on.

II.   <u>**Medical Mutual of Ohio**</u>

At the last Status Conference, the Court set a briefing schedule regarding the Defendants' Motion to Dismiss as follows:

March 16, 2015 – Defense brief due;

June 1, 2015 – Plaintiff response due; and

July 7, 2015 – Defense reply brief due.

The parties are discussing the parameters of the Motion and page limit proposals and expect to present a proposed stipulation to the Court at the Status Conference. Plaintiff has also

notified defendants of the possibility of an amended complaint. The parties are discussing how

that will impact the briefing schedule, including any agreed modification, thereto.

Dated: February 17, 2015               Respectfully submitted,

*/s/ Scott P. Glauberman*
Scott P. Glauberman
Nicole E. Wrigley
Bryna J. Dahlin
**WINSTON & STRAWN LLP**
35 West Wacker Drive
Chicago, Illinois 60601
Tel: (312) 558-5600
Fax: (312) 558-5700
sglauberman@winston.com
nwrigley@winston.com
bdahlin@winston.com

*Attorneys for AbbVie Inc. and Abbott Laboratories*

David E. Stanley
Janet H. Kwuon
**REED SMITH LLP**
355 S. Grand Avenue, Suite 2900
Los Angeles, CA 90071
Tel: (213) 457-8000
dstanley@reedsmith.com
jkwuon@reedsmith.com

*Attorneys for Eli Lilly and Company and Lilly USA LLC*

Andrew K. Solow
**KAYE SCHOLER LLP**
250 West 55th Street
New York, NY 10019
Tel: (212) 836-7740
Fax: (212) 836-6776

Pamela J. Yates
**KAYE SCHOLER LLP**
1999 Avenue of the Stars, Suite 1700
Los Angeles, CA 90067

Tel: (310) 788-1278
Fax: (310) 788-1200

*Attorneys for Endo Pharmaceuticals Inc. and Auxilium Pharmaceuticals Inc.*

Loren H. Brown
Cara D. Edwards
**DLA PIPER LLP (US)**
1251 Avenue of the Americas
New York, NY 10020
Phone: (212) 335-4500
Fax: (212) 335-4501
loren.brown@dlapiper.com
cara.edwards@dlapiper.com

Matthew A. Holian
Jessica C. Wilson
**DLA PIPER LLP (US)**
33 Arch Street, 26th Floor
Boston, MA 02110
Phone: (617) 406-6000
Fax: (617) 406-6001
Email: matt.holian@dlapiper.com
Email: jessica.wilson@dlapiper.com

*Attorneys for Pfizer Inc. and Pharmacia & Upjohn Company LLC*

Joseph P. Thomas
Jeffrey F. Peck
K.C. Green
Jeffrey D. Geoppinger
**ULMER & BERNE LLP**
600 Vine Street, Suite 2800
Cincinnati, OH 45202
Phone: (513) 698-5000
Fax: (513) 698-5001
E-mail: jthomas@ulmer.com

*Attorneys for Actavis, Inc., Actavis Pharma, Inc., Anda, Inc., Watson Laboratories, Inc., a Nevada corporation, and Watson Laboratories, Inc., a Delaware corporation*

Trent B. Miracle

**SIMMONS HANLY CONROY**
One Court Street
Alton, IL 62002
Telephone: (618) 259-2222
Facsimile: (618) 259-2251
tmiracle@simmonsfirm.com

*Plaintiffs' Co-Lead Counsel*

Ronald Johnson, Jr.
**SCHACHTER, HENDY & JOHNSON PSC**
909 Wrights Summit Parkway, Suite 210
Ft. Wright, KY 41011
Phone: (859) 578-4444
Fax: (859) 578-4440
rjohnson@pschachter.com

*Plaintiffs' Co-Lead Counsel*

Christopher A. Seeger
**SEEGER WEISS LLP**
77 Water Street
New York, NY 10005
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com

*Plaintiffs' Co-Lead Counsel*

## **<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on February 17, 2015, the foregoing document was filed via the Court's CM/ECF system, which will automatically serve and send email notification of such filing to all registered attorneys of record.

*/s/ Marissa S. Ronk*