## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

IN RE: TESTOSTERONE REPLACEMENT      Case No. 1:14-CV-01748
THERAPY PRODUCTS LIABILITY      MDL 2545
LITIGATION

                                       JUDGE MATTHEW F. KENNELLY

This document relates to: <u>ALL ACTIONS.</u>

### *AMENDED* CASE MANAGEMENT ORDER NO. 9
### (Plaintiff Fact Sheets and Records Authorizations)

The Court hereby issues the following <u>Amended</u> Case Management Order to govern the

form, procedure, and schedule for the completion and service of Plaintiff Fact Sheets ("PFS")

and the execution of authorizations for the release of certain records. <u>For ease of reference to all</u>

<u>counsel and litigants, all amendments to this CMO are indicated by being underlined</u>.

**I.**      <u>Scope of Order</u>

This Order applies to all Plaintiffs and their counsel in: (a) all actions transferred to *In*

*Re: Testosterone Replacement Therapy Products Liability Litigation* ("MDL 2545") by the

Judicial Panel on Multidistrict Litigation ("JPML") pursuant to its Order of June 6, 2014; (b) all

related actions originally filed in or removed to this Court; and (c) any "tag-along" actions

transferred to this Court by the JPML pursuant to Rules 6.2 and 7.1 of the Rules of Procedure of

the JPML, subsequent to the filing of the final transfer order by the Clerk of this Court

(collectively "Member Actions").

**II.**      <u>Plaintiff Fact Sheets</u>

**A.**      The form PFS that shall be used in MDL 2545 and all Member Actions is attached as

Exhibit A. In accordance with the schedule set forth below, every Plaintiff in each Member

Action shall:

1.      Complete and execute a PFS;

2.      Serve the completed and executed PFS upon counsel for each Defendant named in the Member Action ("Defendant") in the manner described in Section V below;

3.      Produce to Defendant all responsive, non-privileged documents in his other possession and custody that are requested in the PFS;

4.      Provide duly executed record release authorizations referenced below in the forms attached hereto; and

5.      Serve courtesy copy of the PFS and associated materials upon the Plaintiffs' Executive Committee ("PEC") in the manner described in Section V below.

**B.      Substantial Completion.**

In completing the PFS, every Plaintiff is required to provide a PFS that is substantially complete in all respects. For a PFS to be "substantially complete in all respects," the responding Plaintiff must answer the questions contained in the PFS to the best of his or her ability.

**C.      Amendments &Verification**:

1.      Each Plaintiff shall remain under a continuing duty to supplement the information provided in the PFS pursuant to Fed.R.Civ.P. 26(e).

2.      Each completed PFS shall be signed and dated by the Plaintiff or the proper plaintiff representative (not litigation counsel)under penalty of perjury.  All responses in a PFS or amendment thereto are binding on the relevant plaintiff as if they were contained in answers to interrogatories under Fed. R. Civ. P. 33, and can be used for any purpose and in any manner that answers to interrogatories can be used pursuant to the Federal Rules of Civil Procedure, subject to the Confidentiality provisions of Section VI below.  The Requests for Production of Documents in the PFS shall be treated as document requests under Fed. R. Civ. P. 34.

2

**3.**     The questions in the PFS shall be answered without objection as to relevance or the form of the question, though Plaintiffs' counsel reserve the right to raise any valid objections, including regarding verification of document productions, prior to trial.

**D.     <u>Fact Sheet Deficiency Dispute Resolution</u>**

**1.     Deficiency Letter.**

**a.**     If a Defendant disputes the sufficiency of any response(s) in a PFS, Defendant's Counsel shall notify Plaintiff's attorney of record of the purported deficiencies in writing via email and allow such Plaintiff an additional thirty (30) days to correct the alleged deficiency.     A copy of the email shall be sent via email to Michelle L. Kranz, at Pservice@toledolaw.com, as the designee of the PEC.

**b.**     Defendant's email communication shall identify the case name, docket number, and thirty (30) day deadline date and include sufficient detail regarding the alleged deficiency(ies).

**c.**     The parties' meet and confer obligations shall begin upon receipt by Plaintiff's attorney of record of the deficiency email and, absent agreement of the parties, be completed by the conclusion of the thirty (30) day deadline date.

**2.     Motion to Compel.**

**a.**     Should the individual Plaintiff:(i) fail to cure the stated deficiency(ies); (ii) fail to assert objections to same; or (iii) otherwise fail to provide responses (including the requested documents and signatures on applicable authorizations), and absent agreement of the parties to further extend the period for meeting and conferring, at anytime following expiration

of the thirty (30) days of such notice, Defendant may then file a Motion to Compel the responsive discovery information.

b.     Any such filing shall be via ECF, with a courtesy copy via email to Plaintiff's attorney of record and Michelle L. Kranz, at Pservice@toledolaw.comon behalf of the PSC.

c.     Any motion to compel pursuant to this CMO need not be noticed for presentment as required by Local Rule 5.3(b).

d.     Any response to such a motion shall be filed and served within twenty-one (21) days following the date of service. Any reply, if necessary, shall be filed within ten (10) days following the date of service of the opposition.

e.     Absent an Order from the Court granting a request by either/both parties for oral argument, the Court will rule on such motions without hearing argument.

E.    **Failure to Serve a PFS or Any Authorizations**

1.    **Warning Letter.**

a.     Should any plaintiff fail to serve an executed PFS -- and/or serve an executed PFS but fail to provide any authorizations for records -- within the time required in this CMO, defendant(s) shall send a warning letter via email to that Plaintiff's attorney of record, with a courtesy copy via email to Michelle L. Kranz, at Pservice@toledolaw.comon behalf of the PEC.  To be clear, should a plaintiff provide no authorizations, that plaintiff will be subject to the provisions of this section (II.E.).  However, if a plaintiff provides some, but not all, authorizations, and/or there is a dispute about particular authorizations, then the deficiency procedures in Section II.D. shall apply.

      **b.**      The parties' meet and confer obligations, if any, shall begin upon receipt by Plaintiff's attorney of record of the Warning Letter and, absent agreement of the parties, be completed by the conclusion of <u>the forty-five (45) day deadline date</u>.

      **2.**      **Motion Practice.**

      **a.**      Should a plaintiff fail to provide an executed PFS -- and/or serve an executed PFS but fail to provide any authorizations for records -- within the <u>forty-five (45)</u> days from the date when the warning letter was mailed, defendant(s) may then move the Court for dismissal of the action with prejudice.

      **b.**      Defendant(s) shall not be required to file a motion to compel in advance of a motion for dismissal based upon a plaintiffs' failure to serve an executed PFS and/or an executed PFS but fail to provide any authorizations for records within the time limits, including the warning period.

      **c.**      Any motion to dismiss pursuant to this CMO need not be noticed for presentment as required by Local Rule 5.3(b). Any response to such a motion shall be filed and served within twenty-one (21) days following the date of service. Any reply, if necessary, shall be filed within ten (10) days following the date of service of the opposition.

      **d.**      Any such filing shall be via ECF, with a courtesy copy via email to Plaintiff's attorney of record and Michelle L. Kranz, at Pservice@toledolaw.com on behalf of the PSC.

      **e.**      Absent an Order from the Court granting a request by either/both parties for oral argument, the Court will rule on such motions without hearing argument.

### III.   Records Authorizations

### A.   Medical Authorizations (Non-Mental Health)

Each Plaintiff who completes a PFS in accordance with the preceding paragraphs of this Order shall also produce duly executed Authorizations to Release Health Information for each (non-mental health) medical provider (including insurers and pharmacies) listed in the PFS. The Health Information Authorization that shall be used is attached hereto as Exhibit B and shall be served on Defendant's Counsel in accordance with the provisions of this Order.

### B.   Mental Health Medical Authorizations

Each Plaintiff who completes a PFS in accordance with the preceding paragraphs of this Order and who also asserts or alleges a psychiatric injury, condition or other type of mental health damage shall, in addition to the above-referenced (non-mental health) medical provider releases, serve an original signed authorization for the release of medical records from each mental health care provider identified in the PFS. The Mental Health Records Authorizations that Plaintiffs shall complete in such cases is attached as Exhibit C and shall be served on Defendant's Counsel in accordance with the provisions of this Order.

### C.   Employment Authorizations

**1.**   Any Plaintiff who is asserting a claim for lost earnings or future lost earnings must also serve upon Defendant a completed Employment Records Authorization for each employer identified in the PFS. The form employment Records Authorization is attached hereto as Exhibit D and shall be served on Defendant's Counsel in accordance the provisions of this Order. By providing such Employment Records Authorizations, such Plaintiffs who provide those forms are expressly consenting to the release of their relevant earnings information through

the production of W2's, 1099's, or other compensation information for the specific years in question.

2.     In addition to the plaintiffs described in Section III.C.1., any Plaintiff who is included in an initial pool of bellwether cases (*i.e.*, not just plaintiffs selected as bellwether "trial" cases) must also serve upon Defendant a completed Employment Records Authorization for each employer identified in the PFS. The form employment Records Authorization is attached hereto as Exhibit D and shall be served on Defendant's Counsel in accordance the provisions of this Order. By providing such Employment Records Authorizations, such Plaintiffs who provide those forms are expressly consenting to the release of their relevant earnings information through the production of W2's, 1099's, or other compensation information for the specific years in question.

3.     To the extent that Defendant(s) seek completed Employment Records Authorization for plaintiffs not covered in Section III.C.1. or Section III.C.2, this can only occur in a case where Plaintiff experienced the primary medical condition/injury listed in PFS Section VIII.A. during the scope of his/her employment responsibilities and/or while at the workplace or performing his/her work responsibilities, and the PEC, Plaintiff's attorney of record, and Defendant's counsel shall meet and confer in a good faith effort to resolve any such dispute. After such meet-and-confer efforts have been attempted in good faith, counsel for a party may raise any remaining dispute(s) with the Court.  The PEC and Plaintiff's attorney of record reserves the right to oppose such further authorizations, and challenge any application by Defendants seeking such authorizations.

**D.**      **"Special" Authorizations**

**1.**      If any health care provider, employer, or other custodian of health records: (a) requires a specific form of authorization that is different than the authorizations referenced in and attached to this Order; (b) requires an updated or more recently-executed authorization than those already provided by a Plaintiff; (c) requires a notarized authorization; or (d) requires an original signature, Defendant shall notify Plaintiff's representative counsel and Michelle L. Kranz, at Pservice@toledolaw.com on behalf of the PEC of such requirement(s) by email and provide the requisite authorization that the defendant requests be executed, and the referenced Plaintiff shall, within thirty (30) days of such notice having been given, either produce an executed authorization or object in writing.

**2.**      In the event of an objection, all reasons and bases must be expressly stated in writing, and the parties shall meet and confer in a good faith effort to resolve such objection(s). Following such efforts, any remaining disputed issues may be brought before the Court for resolution via a Motion to Compel.

**E.**      **Blank Authorizations**

**1.**      Each Plaintiff shall also be required to execute five blank versions of the medical authorizations and two blank versions of the mental health and employer authorizations, which shall be held by Plaintiff's Attorney of Record.

**2.**      If Defendant(s) learn of a healthcare provider, employer, disability provider, and/or insurer not identified in the PFS, Defendant(s) may request Plaintiff's attorney of record to complete one of the blank authorizations for the release of records from such provider in the form attached to the PFS.

**3.**     Within fifteen (15) calendar days of any written request for authorization(s), Plaintiff's Attorney of Record must either:(i) provide the completed and executed authorization(s), or (ii) provide written objections to the production of some or all of said records. If Plaintiff's counsel objects, Defendant(s) shall meet and confer with Plaintiffs' counsel and, if the objection cannot be resolved, may file a motion to compel.

## IV.     RECORDS COLLECTION.

### A     Record Collection Vendor

**1.**     Upon consideration of the request by Defendants to designate one company to manage the collection, production, and organization of plaintiff-specific records in the MDL Proceeding (as well as any state court proceedings), the Court finds that such a designation will aid in the efficient management of this litigation.  It is ordered that Medical Research Consultants ("MRC"), headquartered in Houston, Texas, is designated as the Defendants' plaintiff-specific record management company for MDL 2545.

**2**.     Defendants shall not be responsible for the costs associated with providing copies of collected records to plaintiff's counsel.  The PSC and MRC shall negotiate the costs for copies of such records, and associated services.

### B.     Timing of Collection of Records

Upon receipt of a completed PFS and/or any information identifying a plaintiff's healthcare providers, employers, disability providers, and/or insurers, MRC, at Defendant(s) request, may immediately undertake to obtain those records by use of the written authorizations that are provided.

## V.     Service and Timing of PFS

A.     Each Plaintiff in a Member Action that is pending as of the entry of this Order shall have until May 8, 2015 to serve and produce to Defendant a completed PFS, signed and dated authorizations, and all responsive, non-privileged documents requested in the PFS that are in his or her possession or custody.

B.     Each Plaintiff in a Member Action that is not pending as of the entry of this Order shall have 80 days from the date their Member Action is filed in or transferred to this Court to serve and produce to Defendant a completed PFS, signed and dated authorizations, and all responsive, non-privileged documents requested in the PFS that are in his or her possession, custody, or control. In any Member Action that is not pending as of the entry of this Order and is filed against AbbVie Inc., Abbott Laboratories or their predecessors (the "AbbVie Entities"), AbbVie Inc. shall provide written notice to the Plaintiff within 7 days of the transfer order or filing in this Court of the requirement to complete a PFS and the requirement to file a Short Form Complaint pursuant to the CMO regarding Master Pleadings. For purposes of this section, the date of transfer to the MDL shall be the date on which this Court posts the finalized transfer order on its general docket.

C.     In any Member Action filed against an AbbVie Entity, but not against any of the other Defendants listed in Paragraph D below, the Plaintiff in the Member Action will take reasonable actions to produce to AbbVie at the earliest practicable date a PFS completed in accordance with Sections A or B above, whichever is applicable. Both AbbVie and the PSC will cooperate to facilitate the early completion of such PFSs.

D.     Plaintiffs shall serve the completed PFS and authorizations upon a Defendant by emailing them to the following for each Defendant:

1. **AbbVie Inc. and Abbott Laboratories:** AbbVie-TRT-PFS@dechert.com

2. **Auxilium Pharmaceuticals Inc.:** Auxilium-TRT-PFS@kayescholer.com

3. **Contract Pharmaceuticals Limited Canada:** CPLC-TRT-PFS@morganlewis.com

4. **DPT Laboratories, Ltd.:** DPT--TRT-PFS@morganlewis.com
5. **GlaxoSmithKline, LLC: GSK-TRT-PFS** @morganlewis.com

6. **Eli Lilly and Company and Lilly USA LLC:** Lilly-TRT-PFS@reedsmith.com

7. **Endo Pharmaceuticals Inc.:** Endo-TRT-PFS@kayescholer.com

8. **Pfizer Inc. and Pharmacia & Upjohn Company LLC:** Pfizer-TRT-PFS@dlapiper.com

9. **Actavis, Inc., ActavisPharma, Inc., Anda, Inc. and Watson Laboratories, Inc., a Nevada corporation:** actavis-trt-pfs@ulmer.com

10. **Paddock Laboratories/Perrigo:**Michael.Healy@sedgwicklaw.com

11. **Fagron Inc.:**aliederman@morrisonmahoney.com

12. **ProStrakan Group PLC:** Carolyn Purwin-Ryan at cpurwin@c-wlaw.com

Service by email to the above email addresses shall constitute effective service of the PFS upon Defendant. As additional Defendants are served, or the above email addresses change, they will be added, as necessary, to this order, and/or notice shall be provided to the PSC by contacting Michelle L. Kranz, at Pservice@toledolaw.com.

**D.** Concurrent with service to Defendant, Plaintiffs shall serve the completed PFS and authorizations upon the PEC by emailing them to Michelle L. Kranz, at Pservice@toledolaw.com. Defendants counsel shall cooperate with PEC and its designee Michelle L. Kranz, Esq., in ensuring that the PEC has received served PFS's.

## VI.     Confidentiality

**A.     Confidentiality**: All information disclosed on a PFS, the PFS itself, and all related documents (including health care records and information) produced there with or pursuant to an executed authorization shall be deemed confidential and treated as "Confidential Information" pursuant to CMO 8 entered in this MDL.


## VII.     Other Matters

**A.**     The PEC and Defendant's counsel shall meet and confer in a good faith effort to resolve any other disputes not specifically addressed above regarding the production of documents and/or the completion or service of a PFS and/or authorization(s), including but not limited to deficiencies. After such meet-and-confer efforts have been attempted in good faith, counsel for a party may raise any remaining dispute(s) with the Court.

**B.**     The admissibility of information in the PFS shall be governed by the Federal Rules and no objections are waived by virtue of any PFS response.


**IT IS SO ORDERED.**

_____

**MATTHEW F. KENNELLY**
**UNITED STATES DISTRICT JUDGE**

March 3, 2014