IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: TESTOSTERONE | ) | |
| REPLACEMENT THERAPY | ) | |
| PRODUCTS LIABILITY LITIGATION | ) | MDL No. 2545 |
| | ) | |
| This document relates to all cases. | ) | Honorable Matthew F. Kennelly |

**CASE MANAGEMENT ORDER # 20**
**(MASTER PLEADINGS)**

The Court finds that the Parties have conferred regarding a Case Management Order addressing master pleadings in these MDL proceedings. The Parties having stipulated thereto, the Court hereby orders as follows:

**I.     GENERAL PROVISIONS**

1.     <u>Scope of Order</u>.  This Order shall apply to all product liability cases currently pending in MDL No. 2545 and to all related actions that have been or will in the future be originally filed in, transferred to, or removed to this Court and assigned thereto (collectively, "the MDL proceedings").  This Order is binding on all parties and their counsel in all such cases.

2.     <u>Purpose of Order</u>.  In light of the number of product liability complaints filed to date and likely to be filed in the future in the MDL proceedings, and the inefficiencies of drafting those complaints and individual answers to those complaints, the Parties have agreed to the following procedures for the use of master pleadings.  This order is not intended to alter the applicable provisions of the Federal Rules of Civil Procedure or the Local Rules of this Court, except as otherwise provided herein or in any subsequent Case Management Order.

**II.     MASTER COMPLAINT AND SHORT FORM COMPLAINTS**

3.     <u>Deadline for Filing Master Complaint</u>.  By March 17, 2015, the Plaintiffs' Steering Committee ("PSC") shall file a Master Complaint on behalf of all plaintiffs asserting

product liability claims in the MDL proceedings. The Master Complaint shall include allegations against every Defendant currently a party to these proceedings and may name as Defendants new parties not previously named as a defendant in any case currently in these proceedings. If the PSC later identifies additional Defendant(s) it wishes to add to the Master Complaint, it shall seek leave from the Court pursuant to Federal Rule of Civil Procedure 15 to file an Amended Master Complaint with allegations against the additional Defendant(s).

4. <u>Content of Short Form Complaints</u>. At the same time the PSC files the Master Complaint, the PSC also shall file as Exhibit A thereto a Short Form Complaint, which shall be an abbreviated form that future plaintiffs will complete in lieu of filing new standalone complaints. The Short Form Complaint shall adopt the Master Complaint by reference and shall contain, at a minimum:

  a. The name of the Plaintiff(s);

  b. The city and state in which Plaintiff(s) currently resides;

  c. The city and state in which Plaintiff(s) resided at the time of the injury allegedly caused by a testosterone replacement therapy ("TRT") (and, if the TRT user is deceased, where the TRT user resided at the time of his alleged injury);

  d. The approximate dates that the TRT user used any TRT;

  e. Which TRT(s) the TRT user used;

  f. What primary injury the Plaintiff(s) alleges was a result of the TRT user's use of TRT;

  g. Whether any Plaintiff is asserting a claim for loss of consortium, survival, or wrongful death;

  h. Which Defendant(s) Plaintiff(s) is suing;,

    i.  Which causes of action in the Master Complaint Plaintiff(s) adopts; and

    j.  Whether Plaintiff(s) demands a jury.

  5.  <u>Short Form Complaints for Cases Filed After Master Complaint</u>.  After the filing of the Master Complaint, any plaintiff who files a complaint directly in these MDL proceedings, pursuant to the direct filing order (Case Management Order No. 12), must do so by filing a Short Form Complaint and no other complaint.  This Order shall not be construed to amend the direct filing order in any other respect.  After the filing of the Master Complaint, any plaintiff whose case becomes part of these MDL proceedings by transfer from another district or from another judge in this district must file a Short Form Complaint within 30 days after the date of transfer.  For purposes of the application of statutes of limitation and/or repose, any plaintiffs mentioned in this paragraph shall be deemed to have filed his or her complaint as of the date of filing of that plaintiff's original complaint, not the date of filing of the Master Complaint.

### III. MASTER ANSWERS AND SHORT FORM ANSWERS

  6.  <u>Deadline for Filing Master Answers</u>.  Within 45 days of the filing of the Master Complaint, each Defendant named in it shall file a separate Master Answer.  If the PSC later obtains leave of Court to name additional Defendant(s), such additional Defendant(s) must file a separate Master Answer to the Amended Master Complaint within 60 days.  Defendants who previously filed a Master Answer will not answer any Amended Master Complaint absent agreement of the parties or a Court order requiring them to answer.

  7.  <u>Impact of Master Answers</u>.  As of the date on which each Defendant's Master Answer is filed, it will be deemed to have been filed in every current or future case against that Defendant in the MDL proceedings, without any further action required by that Defendant.  To the extent that any complaint filed before the Master Complaint contains allegations different

from or in addition to those in the Master Complaint, the Defendants' Master Answers shall be deemed to deny such allegations. Because the Master Answers shall be deemed filed in all cases that become part of these MDL proceedings without any further action by the Defendants, any plaintiff who wishes to dismiss his or her case must comply with Federal Rule of Civil Procedure 41(a)(1)(A)(ii). However, a plaintiff may dismiss his or her complaint without prejudice without the consent of the Defendant(s) prior to the date on which the Plaintiff Fact Sheet shall be due.

8. Content of Short Form Answers. In each Short Form Answer filed in these proceedings, the relevant Defendant shall adopt and incorporate its Master Answer, which shall include incorporating all affirmative defenses pled in the Master Answer or a subset thereof.

9. Deadline for Short Form Answers. Each Defendant must file a Short Form Answer by the later of: (1) thirty (30) days after a Defendant files its Master Answer, for complaints filed and served (or where service was waived) before the Defendant filed its Master Answer, or (2) thirty (30) days after service of a complaint and summons (or after the Plaintiff files an executed waiver of service pursuant to Case Management Order No. 18, which Plaintiffs shall file in the case-specific docket only, and not in the general docket) for complaints served (or where service is waived) after the Defendant filed its Master Answer. Defendants shall file their Short Form Answers only in the individual docket for each case (*i.e.*, Defendants shall not file any Short Form Answers in the master docket for the MDL as a whole).

10. Notice Regarding Affirmative Defenses. Each Defendant must file a notice, specifying which affirmative defenses it intends to assert against a particular plaintiff, within 30 days of (1) that plaintiff being selected as a bellwether trial plaintiff in the MDL proceedings; or (2) that plaintiff's case being set for trial in a transferor district or by a transferor judge.

11. Rule 12 Motions.

    a. <u>Core Defendants</u>.  In light of the guidance from the Court in ruling on certain motions to dismiss (Docket Entry No. 66), because the PSC has represented that it does not intend to add any new causes of action to the Master Complaint that did not appear in the complaints subject to that motion (other than references to state-specific consumer protection laws), and to conserve the Court's and the parties' resources, the following Defendants shall not file Rule 12 motions to dismiss the Master Complaint, except with respect to complaints that have been filed against them related to products approved pursuant to an Abbreviated New Drug Application ("ANDA"):  (1) AbbVie Inc. and Abbott Laboratories (collectively "AbbVie"); (2) Auxilium Pharmaceuticals, Inc. ("Auxilium"); (3) Eli Lilly and Company and Lilly USA, Inc. (collectively "Lilly"); (4) Actavis, Inc., Actavis Pharma, Inc., Anda, Inc., Watson Laboratories, Inc., a Nevada corporation, and Watson Laboratories, Inc., a Delaware corporation (each an "Actavis Defendant"); (5) Pfizer Inc. and Pharmacia & Upjohn Company LLC (collectively "Pfizer"); and (6) Endo Pharmaceuticals Inc. ("Endo") (collectively, "the Core Defendants").  The Core Defendants' grounds for Rule 12 motions to dismiss the Master Complaint are reserved and may be litigated later in individual cases (or, where an issue is applicable to some but not all cases in the litigation, in groups of cases), such as in motions for summary judgment in these proceedings or motions to dismiss or motions for summary judgment in transferor courts.

    b. <u>Non-Core Defendants</u>.  Any non-Core Defendant named in the Master Complaint may file a motion to dismiss the plaintiffs with claims against them, subject to subparagraph (c) below.

    c. <u>All Defendants</u>.  If the ground for a dispositive motion is ordinarily required to be pled as an affirmative defense, it must be pled in the relevant Defendant's Master

Answer in order to be raised later in the case; provided, however, that this Order shall not be construed to amend Rule 12(h). If the ground for such a motion is the Plaintiff's failure to serve the relevant Defendant(s) within 120 days, the Plaintiff shall have an additional 30 days after a Defendant's notice that it has not been properly served to effect service before the Defendant may move to dismiss for failure to serve. If any Defendant wishes to file a dispositive motion in these proceedings (whether a Core Defendant filing a motion to dismiss with respect to an ANDA medication, a Core Defendant filing a motion for summary judgment, or a non-Core Defendant filing a motion to dismiss or a motion for summary judgment), their counsel first must confer with Defendants' Liaison Counsel and the PSC regarding the basis for the motion and a procedure for raising such a motion in an orderly fashion.

**IT IS SO ORDERED.**

March 3, 2015

_____
**MATTHEW F. KENNELLY
UNITED STATES DISTRICT JUDGE**