**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re:  TESTOSTERONE | ) | |
| REPLACEMENT THERAPY | ) | |
| PRODUCTS LIABILITY LITIGATION | ) | MDL No. 2545 |
| | ) | |
| This document relates to all cases | ) | Honorable Matthew F. Kennelly |

**CASE MANAGEMENT ORDER #21
(DEPOSITION PROTOCOL)**

The Court finds that the Parties have met and conferred with regard to a Case Management Order addressing depositions of generic fact witnesses in these MDL proceedings. The Parties having stipulated thereto, the Court orders as follows:

**I.     GENERAL PROVISIONS**

This Order shall apply to all cases currently pending in MDL No. 2545 and to all related actions that have been or will be originally filed in, transferred to, or removed to this Court and assigned thereto (collectively, "the MDL proceedings").  This Order is binding on all Parties and their counsel in all cases currently pending or subsequently made part of these proceedings and shall govern each case in the proceedings.  "Party" or "Parties" refers to any Party, including Third Parties, to any case currently pending in MDL No. 2545.  This Order controls depositions of all generic fact witnesses, including Third Parties, taken in this MDL proceeding.

**II.     GOVERNING LAW**

Discovery shall be governed by the applicable provisions of the Federal Rules of Civil Procedure and the Local Rules of the presiding Court, except as otherwise provided herein or in any other Case Management Order.  Unless specifically modified herein, nothing in this Order shall be construed to abrogate, modify, or enlarge the Federal Rules of Civil Procedure or the

1

Local Rules of the presiding Court. This Order incorporates prior case management orders

entered in this MDL, including CMO No. 17 (Coordination with State Court Cases), Section C,

Paragraphs 5-7, regarding depositions.

## III. DEPOSITIONS

    **A.    Deposition Point Persons**. Depositions and matters related to depositions

shall be coordinated by Point Persons designated for plaintiffs and each defendant. The Parties

will cooperate to expand the notifications as necessary and convenient, but for a communication

concerning the notice or scheduling of a deposition to be effective, it must be made by email to

the deposition Point Person(s). Point Persons for plaintiffs and each defendant must be

designated within fifteen (15) days after entry of this Order.

    **B.    Number of Depositions of Defendants.** In this MDL, Plaintiffs shall be

entitled to take the following depositions for each Defendant:

| | |
|---|---|
| AbbVie/Abbott: | 43 Depositions |
| Auxilium: | 34 Depositions |
| Lilly: | 31 Depositions |
| Watson/Actavis: | 22 Depositions |
| Endo: | 20 Depositions |
| Pfizer: | 8 Depositions[1] |

The number of depositions apply to depositions of individual fact witnesses as well as to

depositions of corporate representatives designated pursuant to Federal Rule of Civil Procedure

---

[1] Any additional defendant will confer with the PEC to determine the number of depositions that may be taken of that Defendant.

30(b)(6).[2]  If plaintiffs wish to conduct additional depositions, plaintiffs shall meet and confer with defendants to determine if an agreement can be reached on the number of additional depositions.  If the Parties are unable to agree on the number of additional depositions, the dispute shall be submitted promptly to the Court for resolution.

> **C.**     **Fact and Corporate Witness Depositions.** Depositions noticed under Rule 30 for individual fact witnesses and those noticed under Rule 30(b)(6) for corporate depositions, may, but are not required to, be consolidated.  The decision to consolidate the depositions shall be left to the sole discretion of the noticing party.  In the event that the noticing party opts to consolidate the depositions, the noting party shall be entitled to two separate seven hour periods for each deposition.  Each deposition shall be counted separately for purposes of the limitations set forth in Paragraph III(B).

> **D.**     **Deposition Notices**

> **1.**     **Notice of Deposition Procedures**.     Absent extraordinary circumstances, counsel should consult in advance with opposing counsel and counsel for proposed deponents in an effort to schedule depositions at mutually convenient times and locations.  Counsel are expected to cooperate and coordinate the scheduling of depositions. Deposition notices on behalf of the MDL shall be issued by a PEC member or liaison counsel.

A single deposition notice shall apply in all cases governed by this Order.  Unless otherwise agreed by the Parties, or exigent circumstances, depositions must be noticed at least

---

[2]Each 30(b)(6) deposition shall be governed by the time limits set forth in this Order and only count as one deposition against the limits set forth herein, regardless of the number of individuals who are designated as 30(b)(6) witnesses.  Defendants reserve their rights to object to the Notice.

thirty (30) days in advance, with notice served upon counsel.  Any objections to the notice shall be served no later than ten (10) days after the notice is served.

2.      **Contents of Notice**.  Each deposition notice shall include the name of each deponent, if known.  If the name of the deponent is unknown to the noticing Party, the deposition notice shall include the deponent's general occupational description.  Each deposition notice shall include contact information for the designated deposition Point Person that will allow interested counsel to obtain information regarding the deposition.  This Order shall be referenced in any Party or non-party subpoena or deposition notice.  If the deposition is to be videotaped, the notice shall state that the deposition will be recorded by video.

If a Party intends to depose a former employee of a Party, a subpoena shall be served upon counsel for the Party.  The Point Person for the Party receiving the notice shall have ten (10) days to inform plaintiffs' Point Person whether the former employee will be represented by counsel and the name of such counsel if not the same as counsel for the Party employer.  If no such notice is provided, counsel for plaintiffs shall be permitted to contact the former employee directly.  If the notice asks the deponent to produce, or if the witness may be asked about, documents that may contain confidential information, Case Management Order No. 8 (Protective Order) shall be referenced in the notice.

E.      **Attendance**

1.      **Who May Be Present**.  Unless otherwise ordered under Fed. R. Civ. P. 26(c) or agreed by the Parties, only the following may attend depositions:  counsel of record, members and employees of their firms, attorneys specially engaged by a Party for purposes of the deposition, counsel for the witness, the Parties or their respective representatives, experts or non-testifying consultants, court reporters, videographers, the deponent, and counsel

for the deponent. Employees of a defendant other than the defendant defending the deposition shall not attend the deposition absent agreement of the parties or order of the Court subject to the requirements of Section III.E.4.b. (Remote Participation), a person outside the categories above may attend a deposition remotely. Upon application, and for good cause shown, the Court may permit in-person attendance by a person who does not fall within any of the categories set forth above.

While the deponent is being examined about any stamped confidential document or the confidential information contained therein, persons to whom disclosure is not authorized under Case Management Order No. 8 (Protective Order) shall be excluded from the deposition. Any portion of the deposition transcript containing confidential information shall be sealed so as not to waive confidentiality for a period of time consistent with Case Management Order No. 8 (Protective Order). When a defendant's employees or former employees are being deposed, such defendant may ask that attendance at the deposition by any competitor co-defendants be limited to the attorneys-of-record for such co-defendants.

2. **Unnecessary Attendance**. Unnecessary attendance by counsel – either in person or by telephone – is discouraged. Counsel who have only marginal interest in a proposed deposition or who expect their clients' interests to be adequately represented by other counsel are encouraged not to attend. No attorney who attends, participates in or uses a deposition in these proceedings shall be entitled or subject to any assessment, fee or tax merely by reason of such attendance, participation or use.

3. **Notice of Intent to Attend a Deposition**. In order for counsel to make arrangements for adequate deposition space, any counsel who intends to attend a deposition noticed in this MDL – either in person or by telephone – should advise the deposition

Point Persons for plaintiffs and defendants not fewer than five (5) business days prior to the deposition, whenever feasible. The Point Persons will then confer regarding the expected attendance and make a final determination not fewer than three (3) business days prior to the scheduled date as to who may attend the deposition. Subject to other requirements in this Order, any person may attend remotely.

4.      **Noticing and Participating in Depositions Remotely.**

a.      **Noticing Telephonic Depositions.** A Party may indicate in its notice of deposition that it wishes to conduct the deposition by telephone. Unless an objection is filed and served within ten (10) days after such notice is received, it shall be deemed that the Parties have stipulated to a telephonic deposition pursuant to Fed. R. Civ. P. 30(b)(4).

b.      **Remote Participation.** In the event that a Party, or the Party's representative, wishes to attend a deposition remotely by telephone or internet, that Party shall notify the deposition Point Persons for plaintiffs and defendants not fewer than two (2) business days prior to the deposition. Any Party who participates remotely shall be deemed bound by Case Management Order No. 8 (Protective Order) and shall not re-record the deposition, by video or audio means. The Party seeking to attend remotely is responsible for securing the necessary telephone or internet connections. Persons participating remotely must identify all persons attending at the deposition remotely with them, such persons being subject to the restrictions on attendance set forth in this Order. Persons attending remotely must comply with the provisions set forth in Section III.E.2. Counsel participating in a deposition remotely are permitted to make objections, but are not permitted to conduct examinations of witnesses, absent extenuating circumstances, such as weather delay or physical restriction on travel.

**F.      Conduct of Depositions**

**1.      Examinations Taken By Plaintiffs.**

      **a.      Number of Examiners.** Subject to the agreement of the parties, except in depositions that have been cross-noticed in actions pending in state court (see below), questioning should ordinarily be conducted by no more than two (2) MDL attorneys for all MDL plaintiffs.  Each MDL examiner shall avoid duplicative questioning.  When there is examination by two (2) MDL attorneys examining a witness, the presumptive understanding is that the first MDL examiner should conduct his or her examination to completion before any questioning by the second MDL examiner.  The second MDL examiner's questioning is limited to non-redundant (i.e. new) subject matters not previously covered, and duplicative questioning by the second MDL examiner is prohibited, except as necessary to provide foundation for the examination. MDL examiners shall not be permitted to tag team a witness during witness examinations, but to the extent that a subject area was not covered, the first MDL examiner  may be permitted to re-examine the witness following the second MDL examiner subject to agreement by the parties.

      **b.      Sequence of Examination Taken By Plaintiffs**.  The questioning of defendants' current and former employees will be conducted in the following sequence: (1) the MDL examiner(s) for Plaintiffs; (2) non-repetitive questioning by state court counsel;[3] (3) Defendants' Lead Counsel; (4) non-repetitive questioning by other defendants; (5) individual counsel for the deponent, if any, other than counsel above; and (6) any re-examination

---

[3] The parties have agreed to this provision with the caveat that it should be open to modification for purposes of facilitating participation by plaintiffs' counsel with state court proceedings, in order to enhance federal-state coordination.

by the MDL examiner to the extent the MDL examiner has not exceeded the time limitations set forth in Section III.F.4 (Length of Examination) of this Order.

Consistent with CMO No. 17, the PSC shall work cooperatively with respect to the division of time with any participating state court plaintiffs' counsel. The Parties shall conduct the examinations so as to avoid duplicative questioning, subject to the terms of this Order.

**2.     Sequence of Examinations Taken by Defendants.** Questioning at the depositions to be taken by defendants shall be conducted in the following sequence: (a) the primary examiner selected by defendants; (b) the primary examiner selected by the plaintiffs; (c) non-repetitive questions by other MDL plaintiffs' attorneys; (d) individual counsel for the deponent, if any; (e) any re-cross and re-direct by (a)-(d), *supra*; and (f) examination by plaintiffs' and defendants' attorneys in cross-noticed state cases in the following order: non-repetitive questioning by counsel for state defendants; non-repetitive questioning by counsel for state plaintiffs; counsel for the deponent; and any re-cross and re-direct. Examination of treating physicians, plaintiffs and case specific witnesses, shall be the subject of a future CMO.

**3.     Documents Used at Depositions**

**a.     Production of Documents.** Rule 45 of the Federal Rules of Civil Procedure, including the pre-notice requirements, shall govern subpoenas directing third-party witnesses to produce documents.

**b.     Copies of Documents**. A sufficient number of extra copies of documents about which deposing counsel expects to examine a deponent should be provided to examining counsel for the Parties and the deponent during the course of the deposition.

### c.     Marking of Deposition Exhibits.

All documents previously produced and used as exhibits with witnesses from a particular defendant or non-party witnesses shall be referred to clearly either by: (a) the Bates stamp numbers appearing on the documents; (b) a previously marked exhibit number; or (c) a clearly identifiable alternative designation.  Documents that have not been previously produced shall be assigned a Bates stamp number from a range of numbers reserved for this purpose.  The first time such a document is introduced as an exhibit at a deposition, it shall be marked with the assigned Bates stamp number within fourteen (14) days of the deposition.

### d.     Objections to Documents.  Objections to the relevance or

admissibility of documents used as deposition exhibits are preserved for later ruling by the Court or by the trial judge.  All Parties shall cooperate as necessary so that the Court may issue a ruling on any objection to a document prior to trial or prior to any remand of cases for trial in the transferor courts.

### 4.     Length of Examination.

a.     Absent agreement of the Parties or a Court order allowing additional time pursuant to Rule 30(d)(1), the length of depositions shall not exceed seven (7) hours of examination for depositions noticed by the PSC in this MDL, or where the PSC has been cross-noticed and is participating.[4] The seven (7) hours of examination shall not include questioning by the party defending the deposition. The PSC shall be entitled to a minute-for-minute re-cross following any examination by the defending party.  To the extent that the party

---

[4] The parties have agreed to this provision with the caveat that it should be open to modification for purposes of facilitating participation by plaintiffs' counsel with state court proceedings, in order to enhance federal-state coordination.

defending the deposition conducts a further re-direct examination following the PSC and/or any state court counsel re-cross, the PSC shall be entitled to a minute for minute re-re-cross.

To the extent the party defending the deposition anticipates that its questioning of its own witness will exceed forty-five minutes, it will provide notice at least ten (10) days before the scheduled deposition, so arrangements can be made for the deposition to continue into a second day. In such case, the questioning by the party defending the deposition shall commence on the second day with any additional questioning pursuant to the terms of this Order following thereafter.

5. **Deposition Day**. A Deposition Day typically shall commence at 9:00 a.m. Minimally, there shall be one fifteen (15) minute morning break and two fifteen (15) minute afternoon breaks, with one (1) hour for lunch. Variations in this schedule may be made by agreement of counsel who noticed the deposition and counsel for the deponent.

6. **Location for Depositions**.

a. **Location for Depositions of Witnesses.** Unless otherwise agreed upon by counsel, depositions of witnesses who reside or work in the United States will take place at one of the following locations, at defendants' election: (1) the offices of such witness's attorney(s), or (2) at the location in the district where the witness resides or works. If the deposition is to take place at a location other than at the offices of the witness's counsel, the witness's counsel will make arrangements for an appropriate location. In the case of a former employee of a defendant, defense counsel will make reasonable efforts to obtain the agreement of former employees of defendants to appear at the designated locations.

b. **Arrangements for Deposition Space**. Parties responsible for securing deposition space shall reserve an adequately-sized room and all counsel shall be

provided with a separate room in which to confer during breaks, and reasonable access to the Internet and basic office services including but not limited to copy and fax machines without charge.

### G.      Objections and Directions Not to Answer.

**1.      Preservation of Objections.**  All objections, except those as to form and privilege, are reserved until trial or other use of the depositions.  As soon as any one attorney representing a Party states the word "objection," all Parties shall be deemed to have preserved all possible objections to the form of the question or the responsiveness of the answer. Counsel for other Parties should avoid repeating the objection.  If an explanation for the basis of the objection is requested, counsel other than the first to object may reiterate the objection and explain.

**2.      Prohibition on Speaking Objections**.  Counsel shall comply with Fed. R. Civ. P. 30(c)(2) concerning objections at depositions.

**3.      Objections as to Authenticity.**  Any objection to the authenticity of an exhibit used in the deposition must be made by the objecting Party within thirty (30) days of the deposition, or the exhibit will be deemed authentic.  If a Party subsequently obtains information that an exhibit is not authentic, that Party will promptly notify the Party that offered the exhibit, and all Parties shall cooperate as necessary so that the Court may issue a ruling on any objection to a document prior to trial or prior to any remand of cases for trial in the transferor courts.

**4.      Directions Not to Answer.**  Counsel shall not direct or request that a witness refuse to answer a question unless that counsel has objected to the question on the ground that the question seeks (a) privileged information, (b) information that the Court has

ordered may not be discovered or (c) where the Parties have agreed that a 30(b)(6) deposition will be limited to the 30(b)(6) topics, and the question exceeds the scope of the topics. Alternatively, counsel may direct a deponent not to answer when the deponent or Party, through counsel, states his, her or its intention to present a motion to the Court for termination of the deposition on the ground that it is being conducted in bad faith or in such a manner as to unreasonably annoy, embarrass or oppress the Party or deponent, or to discover evidence that the deponent's counsel believes is not discoverable.

   **H**. **Disputes During Depositions.** Disputes between the Parties should be addressed to this Court rather than the district court in the district in which the deposition is being conducted. Disputes arising during depositions that cannot be resolved by agreement and that, if not immediately resolved, will significantly disrupt the discovery schedule or require rescheduling of the deposition, or might result in the need to conduct a supplemental deposition, shall be presented to the Court, and if the Court is not available, and to the extent the Parties are still unable to resolve the dispute, the deposition shall continue as to matters not in dispute with full reservation of rights for a ruling at the earliest possible time. If the nature of the dispute would not stop the deposition from going forward, the Parties may elect to either present the matter to the Court by telephone, or to present the dispute in writing. In the event that the Court is available to resolve the dispute, facilities shall be provided so that counsel attending the deposition and the deposition reporter can hear the proceedings. The deposition reporter shall make a transcript of the conference call proceedings, which shall be transcribed immediately and bound separately. In the event the Court is unavailable by telephone to resolve disputes arising during the course of the deposition, the deposition shall nevertheless continue to be taken as to matters not in dispute. Nothing in this Order shall deny counsel the right to (1) suspend a

deposition pursuant to Fed. R. Civ. P. 30(d)(3); or (2) file an appropriate motion with the Court after the deposition, and appear personally before the Court.

I.     **Video Depositions**.  By so indicating in its notice of a deposition, a Party, at its expense, may record a deposition by videotape or digitally-recorded video pursuant to Fed. R. Civ. P. 30(b)(3) subject to the following rules:

1.     **Real-time Feed.**  All video depositions will be stenographically recorded by a court reporter with "real-time feed" transcription capabilities.

2.     **Video Operator.**  The operator(s) of the video recording equipment shall be subject to the provisions of Fed. R. Civ. P. 28(c).  At the commencement of the deposition, the operator(s) shall swear or affirm to record the proceedings fairly and accurately.

3.     **Attendance.**  Each witness, attorney and other person attending the deposition shall be identified on the record at the commencement of the deposition.

4.     **Filing.**  The operator shall preserve custody of the original video medium (tape or DVD) in its original condition until further order of the Court.

5.     **Interruptions.**  No attorney or Party shall direct instructions to the video operator as to the method of operating the equipment.  The video camera operation will be suspended during the deposition only upon stipulation by counsel and "off-the-record" discussions.

6.     **Filming**.  The videographer shall film the witness only while the witness is seated in the witness chair and shall not film the witness at any other time, including when entering or leaving the deposition room.  The videographer shall not film any persons in the room, except for the witness.

**J.**      **Correction and Signing of Depositions.**   Unless waived by the deponent, the transcript of a deposition shall be submitted to the deponent for correction and signature within thirty (30) days after the end of the deposition.   The deposition may be signed by the deponent before any notary within thirty (30) days after the transcript is submitted to the deponent.   If no corrections are made during this time, the transcript will be presumed accurate.

**K**.      **Cost of Deposition**.   The noticing Party shall bear the initial expense of both videotaping and stenographic recording.   The Parties shall pay for their own copies of transcripts and videotapes/DVDs of depositions.

**L.**      **Use of Depositions.**   Depositions of witnesses conducted in this MDL may be used in related cases in any state court to the extent permitted by that state's laws and rules.   Depositions may, under the conditions prescribed in Fed. R. Civ. P. 32(a)(1)-(4) or as otherwise permitted by the Federal Rules of Evidence, be used by or against any Party (including Parties later added and Parties in cases subsequently filed in, removed to or transferred to this Court as part of this litigation) who is: (a) party to this litigation; (b) was present or represented at the deposition; or (c) within sixty (60) days after becoming a Party in any action that is a part of this MDL proceeding fails to show just cause why such deposition shall not be useable against such Party.

**M.**      **Production of Curriculum Vitae and Prior Testimony.**

For each witness, (i) a current and updated curriculum vitae and (ii) a list of any and all prior testimony that either (a) the witness recalls or (b) was given while the witness was employed by the defendant offering the witness for deposition shall be produced thirty (30) days before the actual date of the deposition, absent agreement of the parties. Upon a request from Plaintiffs, Defendants will provide any prior testimony from that witness that is within the

14

possession, custody, or control of the witness, or the defendants subject to any applicable

protective orders governing those transcripts.

SO ORDERED the 9th day of March, 2015.

_____

Hon. Matthew F. Kennelly
Judge of the United States District Court