UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: TESTOSTERONE REPLACEMENT THERAPY PRODUCTS LIABILITY LITIGATION | Case No. 1:14-CV-01748<br>MDL 2545<br><br>JUDGE MATTHEW F. KENNELLY |
| This document relates to: <u>ALL ACTIONS</u> | |

**AMENDED CASE MANAGEMENT ORDER NO. 14
CASE MANAGEMENT PLAN – Part 2
<u>(AbbVie bellwether cases – selection and pretrial / trial schedule)</u>**

The Court hereby issues the following Amended Case Management Order No. 14. For ease of reference to all counsel and litigants, all amendments to this CMO are indicated by being underlined.

The Court has considered the parties' proposals and revised proposals for a case management plan relating to the selection and trial of AbbVie-only bellwether cases. The Court is unpersuaded that the revised proposal by the AbbVie defendants to bifurcate expert discovery and summary judgment (as between general causation and other matters) represents a fair, efficient, and reasonable way to manage the pretrial proceedings in this case. One factor in this regard, but certainly not the only one, is the fact that this MDL proceeding involves six other manufacturer defendants. The Court is unconvinced that there is a fair, efficient, and reasonable way to adopt AbbVie's proposal in a way that makes the overall MDL proceeding manageable.

The Court has, however, elongated to some extent the overall process as proposed by plaintiffs for selecting AbbVie-only bellwether cases. The Court has done so to ensure fairness to all parties and to maximize the likelihood that the bellwether selection and trial process will be both representative and productive. The Court has also established a fact discovery cutoff date

for the AbbVie-only bellwether cases, subject to modification upon a showing of good cause and due diligence.

The Court enters this schedule based on the express understanding, as discussed at the most recent case management conference, that counsel will promptly negotiate and present a proposed case management plan or plans for the non-AbbVie-only cases.

The Court orders the following:

**I.     PROTOCOL FOR SELECTION OF ABBVIE BELLWETHER CASES**

    A.    On or before <u>August 10, 2015</u>, the parties shall submit to the Court a proposed Case Management Order ("CMO") identifying the process and parameters for selecting AbbVie-only bellwether plaintiffs for two tiers of cases: (1) Thromboembolism ("TE") clotting injury cases (e.g., deep vein thrombosis ("DVT"), Pulmonary Embolism ("PE"), or other clotting cases; and (2) cardiovascular cases (e.g., heart attack). The Court will endeavor to enter a CMO in this regard by <u>August 31, 2015</u>.  <u>Only cases that have been filed and for which plaintiff's fact sheets have been completed in accordance with Amended CMO 9 on or before June 15, 2015 will be eligible to be selected as a bellwether plaintiff.</u>

    B.    By October 31, 2015, the Plaintiffs and Defendants shall identify the following AbbVie-only cases:

        1.    Eight (8) TE injury bellwether candidates per side that shall serve as bellwether discovery plaintiffs. The process and mechanisms of designations and selections of bellwethers shall be done in accordance with a separate CMO that will be submitted to the Court on or before <u>August 10, 2015</u>, as set forth in paragraph I.A, above.

    2. Eight (8) cardiovascular injury bellwether candidates per side that that shall serve as bellwether discovery plaintiffs. The process and mechanisms of designations and selections of bellwethers shall be done in accordance with a CMO that will be submitted to the Court on or before <u>August 10, 2015</u>, as set forth in paragraph I.A, above.

## II. ABBVIE BELLWETHER FACT DISCOVERY SCHEDULE

  A. Between November 1, 2015 and January 15, 2016, core bellwether discovery shall take place, with a maximum of four (4) depositions per side for each case. This shall be designed to provide information to enable the parties to assess the larger pool of cases and, consistent with paragraph II.B, below, to provide information to the Court to enable the Court to select which cases shall serve as the first bellwether trials consistent with paragraph II.C, below.

  B. On or before February 15, 2016, in accordance with the CMO described in paragraph I.A above, the parties will develop a methodology for proposing and selecting, with the Court's involvement, which of the bellwether cases should be selected as initial trial cases. As part of that CMO, each side shall provide the Court with the specified number of bellwether cases from which the trial pool will be selected.

  C. By March 1, 2016, the Court will select which bellwether cases are to serve as the first three TE trials and which are to serve as the first three cardiovascular trials and shall designate the order of these bellwether trials.

  D. The bellwether cases that are initially selected and those that are ultimately the picked as the initial trials are to be representative cases.

  E. Fact discovery regarding the bellwether cases is to be completed by April 15, 2016. This does not relieve a party of its duty to supplement its disclosures as provided under the

Federal Rules of Civil Procedure, CMOs entered in this case, or other applicable law and rules. Any request to extend or reopen fact discovery after April 15, 2016 must be supported by a showing of good cause and due diligence.

### III. ABBVIE BELLWETHER EXPERT DISCOVERY SCHEDULE

A. On or before May 2, 2016, Plaintiffs shall disclose expert witness testimony for each of the first six (6) bellwether trial cases pursuant to Fed. R. Civ. P. 26(a)(2).

B. On or before June 6, 2016, Defendants shall disclose expert witness testimony for each of the first six (6) bellwether trial cases pursuant to Fed. R. Civ. P. 26(a)(2).

C. Any request by Plaintiffs to disclose rebuttal expert witness testimony must be made promptly following receipt of defendants' Fed. R. Civ. P. 26(a)(2) disclosures.

D. Each expert witness disclosure shall include at least two available dates when each expert is being tendered for deposition.

E. Depositions of expert witnesses are to be completed by July 11, 2016. The parties may propose a more extended schedule for case-specific expert depositions concerning bellwether trials 2 through 6.

F. The parties intend that the limitations on expert discovery set forth in Rule 26 of the Federal Rules of Civil Procedure, including the provision of Rule 26(b)(4)(A)-(D) limiting discovery with respect to draft reports, communications with experts, and depositions of consulting experts, shall apply to all cases, whether pending in state or federal court. Accordingly, in order to foster cooperation between the MDL and state court litigations, counsel for the parties shall jointly seek to enter in all state court proceedings, whether already filed or hereafter filed, an order expressly agreeing that the limitations on expert discovery set forth in Rule 26(b)(4)(A)-(D) shall apply in all such state court proceedings.

IV. **SUMMARY JUDGMENT & DAUBERT MOTIONS IN ABBVIE BELLWETHER CASES**

  A. Any motion for summary judgment or for partial summary judgment shall be filed on or before August 1, 2016.

  B. Any motions seeking to challenge expert testimony pursuant to *Daubert* shall be filed on or before August 1, 2016.

  C. Responses to summary judgment motions and *Daubert* motions shall be filed on or before August 29, 2016.

  D. Replies in support of summary judgment motions and *Daubert* motions shall be filed on or before September 19, 2016.

  E. The Court will endeavor to rule on any summary judgment and *Daubert* motions relating to the earlier bellwether trials by October 10, 2016 and on the remaining motions at reasonable intervals after that.

V. **INITIAL ABBVIE BELLWETHER TRIAL SCHEDULE**

  The first six AbbVie-only initial bellwether trials shall begin on the following dates:

  1. MDL TE #1 (Bellwether No. 1) shall begin on October 31, 2016.

  2. MDL TE #2 (Bellwether No. 2) shall begin on December 5, 2016.

  3. MDL TE #3 (Bellwether No. 3) shall begin on January 9, 2017.

  4. MDL Cardiovascular #1 (Bellwether No. 4) shall begin on February 13, 2017.

  5. MDL Cardiovascular #2 (Bellwether No. 5) shall begin on March 20, 2017.

  6. MDL Cardiovascular #3 (Bellwether No. 6) shall begin on April 24, 2017.

  This trial schedule is subject to modification if, among other reasons, summary judgment

is granted for defendants in some but not all of the selected bellwether trials.

IT IS SO ORDERED.

**Date: May 29, 2015**