UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: TESTOSTERONE REPLACEMENT THERAPY PRODUCTS LIABILITY LITIGATION<br><br>This document relates: **All ACTIONS** | Case No. 1:14-CV-01748<br>MDL 2545<br><br>**JUDGE MATTHEW F. KENNELLY** |

*SECOND AMENDED* CASE MANAGEMENT ORDER NO. 18
(Service of Process)

The Court hereby issues the following **Second Amended** Case Management Order to govern Service of Process. This CMO replaces and supersedes CMO 18, CMO 18A and Amended CMO 18. For ease of reference to all counsel and litigants, all amendments to this CMO are indicated by being underlined.

I. SCOPE OF ORDER

This Order relates solely to Defendants AbbVie Inc. and Abbott Laboratories (collectively "AbbVie"); Auxilium Pharmaceuticals, Inc. ("Auxilium"); Eli Lilly and Company and Lilly USA, Inc. (collectively "Lilly"); <u>Acrux Commercial Pty Ltd and Acrux DDS Pty Ltd (collectively "Acrux")</u>; Actavis, Inc., Actavis Pharma, Inc., Anda, Inc., Watson Laboratories, Inc., a Nevada corporation, and <u>Actavis Laboratories UT, Inc. (f/k/a</u> Watson Laboratories, Inc., a Delaware corporation) (each an "Actavis Defendant"); Pfizer Inc. and Pharmacia & Upjohn Company LLC (collectively "Pfizer") and Endo Pharmaceuticals Inc. ("Endo"). This Order specifically does not apply to any corporate affiliate or partner of AbbVie, Auxilium, Lilly, <u>Acrux,</u> an Actavis Defendant, Pfizer and Endo, other than those entities listed above. Responsive pleadings shall be due in accordance with the orders of this Court. Nothing herein is intended to modify the requirements of the Federal Rules of Civil Procedure related to service of process

1

with regard to any other Defendant(s). This Order applies to all cases now pending in this Court and a part of MDL 2545, as well as all cases that are later transferred to, removed to, or filed directly in this MDL pursuant to Case Management Order No. 12 ("CMO 12").

## II. REQUESTS FOR WAIVER OF SERVICE AS TO ABBVIE, AUXILIUM, LILLY, ACRUX AND ENDO

Without waiver of any defenses, Defendants AbbVie, Auxilium, Lilly, Acrux and Endo agree that Plaintiffs may request a waiver of service of process pursuant to the provisions of Fed. R. Civ. P. 4(d) by emailing a copy of the summons and complaint and waiver form, along with a request for a read receipt for the email, to each applicable defendant in that Complaint as follows:

| **Defendant** | **Contact Person & Firm** | **Email Address** |
|---|---|---|
| AbbVie | Christopher R. Boisvert<br>Dechert LLP | AbbVie-TRTMDL-ServiceWaiver@dechert.com |
| Auxilium | Andrew K. Solow<br>Kaye Scholer LLP | Auxilium-TRTMDL-ServiceWaiver@Kayescholer.com |
| Endo | Andrew K. Solow<br>Kaye Scholer LLP | Endo-TRTMDL-ServiceWaiver@Kayescholer.com |
| Lilly | David E. Stanley<br>Reed Smith LLP | Lilly-TRTMDL-ServiceWaiver@reedsmith.com |
| Acrux | David E. Stanley<br>Reed Smith LLP | Acrux-TRTMDL-ServiceWaiver@reedsmith.com |

The request shall be deemed effective on the day that the summons, complaint, and notice required under Rule 4(d) are sent by email to the applicable Defendant as set forth above; provided, however, that the deadline for any response shall be extended if an email is not received on the same day that it is sent for reasons outside of the recipient's control (*e.g.*, because the email is returned as undeliverable, is diverted to a spam folder by the recipient's email program, or is inadvertently deleted prior to being opened). In the event a plaintiffs' counsel does not receive a read receipt from the email indicating it was opened by the counsel

listed above within five days of it being sent, plaintiffs' counsel must confer with the relevant Defendant's Lead Counsel listed in Case Management Order No. 5 to determine why the email was not opened and attempt to resolve the issue.

General mailing to AbbVie, Auxilium, Lilly, <u>Acrux</u> and/or Endo, emailing to counsel for those Defendants (except as provided above), or use of other methods of transmission (*e.g.*, Federal Express or DHL) to those Defendants or their counsel will not be sufficient to effect the request. However, this Order does not prevent any plaintiff from effecting service of process pursuant to any method authorized under the Federal Rules of Civil Procedure. Plaintiff's counsel shall be responsible for filing a return of service with the Court.

### III. REQUESTS FOR WAIVER OF SERVICE AS TO AN ACTAVIS DEFENDANT

Without waiver of any defenses, defendants Actavis, Inc., Actavis Pharma, Inc., Anda, Inc., Watson Laboratories, Inc., a Nevada corporation, and <u>Actavis Laboratories UT, Inc. (f/k/a Watson Laboratories, Inc., a Delaware corporation)</u>, agree that Plaintiffs may request a waiver of service of process pursuant to the provisions of Fed. R. Civ. P. 4(d) by mailing a copy of the summons and complaint and waiver form to each applicable defendant(s) named in that Complaint as follows:

| **Defendant** | **Contact Person & Firm** | **Email Address** |
|---|---|---|
| Actavis, Inc. | The Corporation Trust Company | 311 South Division Street Carson City, NV 89703 |
| Actavis Pharma, Inc. | The Corporation Trust Company | 1209 Orange Street Wilmington, DE 19801 |
| Anda, Inc. | The Corporation Trust Company | 1200 South Pine Island Road Plantation, FL 33324 |
| Watson Laboratories, Inc., a Nevada corporation | The Corporation Trust Company | 311 South Division Street Carson City, NV 89703 |
| Actavis Laboratories UT, Inc. (f/k/a Watson | The Corporation Trust Company | 1209 Orange Street Wilmington, DE 19801 |

| Laboratories, Inc., a Delaware corporation) | | |
|---|---|---|

The request shall be deemed effective on the day that the documents required under Rule 4(d) are sent by mail to the applicable defendant(s) as set forth above. General mailing to Actavis, Inc., Actavis Pharma, Inc., Anda, Inc., Watson Laboratories, Inc., a Nevada corporation, and/or <u>Actavis Laboratories UT, Inc. (f/k/a</u> Watson Laboratories, Inc., a Delaware corporation), or its counsel, or use of other methods of transmission (*e.g.*, electronic transmission, Federal Express or DHL) to Actavis, Inc., Actavis Pharma, Inc., Anda, Inc., Watson Laboratories, Inc., a Nevada corporation, and/or <u>Actavis Laboratories UT, Inc. (f/k/a</u> Watson Laboratories, Inc., a Delaware corporation), or its counsel, will not be sufficient to effect the request. However, this Order does not prevent any plaintiff from effecting service of process pursuant to any method authorized under the Federal Rules of Civil Procedure. Plaintiff's counsel shall be responsible for filing a return of service with the Court.

## IV. SERVICE OF PROCESS AS TO PFIZER

Without waiver of any defenses, Pfizer agrees that Plaintiffs may effect service of process pursuant to the provisions of Fed. R. Civ. P. 4 by mailing a copy of the summons and complaint to Pfizer's registered agent for service of process at the following address: The Corporation Trust Company, 1209 Orange Street, Wilmington, DE 19801. Service shall be deemed effective on the day that the summons and complaint are sent to Pfizer as set forth above.

General mailing to Pfizer or its counsel (except as provided above), or use of other methods of transmission (*e.g.*, electronic transmission, Federal Express or DHL) to Pfizer or its counsel will not be sufficient to effect service. However, this Order does not prevent any plaintiff from effecting service pursuant to any other method authorized under the Federal Rules of Civil Procedure. Plaintiffs' counsel shall be responsible for filing a return of service with the Court.

## V. COMPLAINTS NOT SUBJECT TO THIS ORDER

If any Defendant that receives a request for waiver of service or that is served pursuant to this Order determines that Plaintiff:(i) is not a resident of the United States; (ii) has previously filed another suit against any of the Defendants in a case currently or previously pending in MDL 2545; (iii) has not named the correct Defendant entity or entities; and/or (iv) the Complaint is not pending in this Court or not otherwise a part of MDL 2545, such Defendant is not required to comply with the terms of this Order and shall instead notify Plaintiff's counsel 15 days after the Waiver of Service is received the grounds on which Defendant declines to execute the Waiver of Service (either *i*, *ii*, *iii*, or *iv* above). Nothing herein shall be deemed to be consent by any Defendant to use of these procedures in any other action.

**IT IS SO ORDERED**.

**MAT UNIT**

May 29, 2015