# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| ANDREW CORZO, SIA HENRY, ALEXANDER LEO-GUERRA, MICHAEL MAERLENDER, BRANDON PIYEVSKY, BENJAMIN SHUMATE, BRITTANY TATIANA WEAVER, and CAMERON WILLIAMS, individually and on behalf of all others similarly situated, | Case No. 1:22-cv-00125 |
| Plaintiffs, | Hon. Matthew F. Kennelly |
| v. | |
| BROWN UNIVERSITY, CALIFORNIA INSTITUTE OF TECHNOLOGY, UNIVERSITY OF CHICAGO, THE TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK, CORNELL UNIVERSITY, TRUSTEES OF DARTMOUTH COLLEGE, DUKE UNIVERSITY, EMORY UNIVERSITY, GEORGETOWN UNIVERSITY, THE JOHNS HOPKINS UNIVERSITY, MASSACHUSETTS INSTITUTE OF TECHNOLOGY, NORTHWESTERN UNIVERSITY, UNIVERSITY OF NOTRE DAME DU LAC, THE TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA, WILLIAM MARSH RICE UNIVERSITY, VANDERBILT UNIVERSITY, and YALE UNIVERSITY, | |
| Defendants. | |

**PLAINTIFFS' RESPONSE TO LETTER RE:
POTENTIAL RULE 1.5(F) VIOLATION (ECF No. 878)**

This responds to Mr. Bach-y-Rita's letter to the Court dated June 19, 2025 (ECF 878) (the "Letter"). By way of background, Mr. Bach-y-Rita, an employee of Freedman Normand Friedland LLP (FNF), is involved in an employment and compensation dispute with FNF, now in arbitration before the American Arbitration Association (AAA). On June 16, 2025, mediation between FNF and Mr. Bach-y-Rita failed. The next day, Mr. Bach-y-Rita's counsel, Mr. Jason Cyrulnik, contacted Class Counsel, threatening to allege ethical violations unless Class Counsel postponed the upcoming fairness hearing regarding class settlements with two Defendants. Specifically, Mr. Cyrulnik claimed Class Counsel lacked written consent from the eight Named Plaintiffs for the fee division among the three Class Counsel firms litigating this case on behalf of the Settlement Class. Despite attempts to resolve the matter without burdening the Court, Mr. Bach-y-Rita filed his Letter.

The Letter lacks merit for three reasons.

**First**, Rule 1.5(f) of the Illinois Rules of Professional Conduct (which relates to division of fees among counsel) is inapplicable in class actions where the "client is the *class*," fees are drawn from the class *as a whole* (not any individual client), and the *Court* awards the fee. *See Rand v. Monsanto Co.*, 926 F.2d 596, 600 (7th Cir. 1991) (Easterbrook, J.) (emphasis added), *overruled on other grounds by Chapman v. First Index, Inc.*, 796 F.3d 783 (7th Cir. 2015) ("Rule 23 is designed for the nation as a whole. Slavishly following the different state rules on the allocation of costs would balkanize litigation.").

**Second**, the issue is moot. After Mr. Cyrulnik raised this issue for the first time two days ago, and out of an abundance of caution, Class Counsel obtained written consent to Class Counsel's agreement regarding division of any fees awarded by the Court from **all eight** of the

Named Plaintiffs in this action. Thus, to the extent the Rule applies, Class Counsel are in full compliance with it.

**Finally**, one reasonable inference from Mr. Bach-y-Rita's Letter—and its curious timing—is that it is an improper attempt to leverage accusations of ethical misconduct on the eve of a fee hearing for his benefit in a private arbitration. Indeed, to the extent the Letter is construed as an objection or request to extend time, it is procedurally untimely. As Mr. Bach-y-Rita knows, the objection deadline to the pending settlements or fee request (April 9, 2025) has passed with no objections. Seeking judicial intervention now on a moot issue to accommodate a private employment dispute serves no *class* interest.

Plaintiffs respectfully submit, for the foregoing reasons and those previously submitted, that the Court should approve the settlements with Caltech and JHU and grant Settlement Class Counsel's Motion for Service Awards, Reimbursement of Expenses, and Attorneys' Fees.

Dated: June 19, 2025                                     Respectfully Submitted,

/s/ Robert D. Gilbert                                   /s/ Edward J. Normand
Robert D. Gilbert                                        Devin "Vel" Freedman
Elpidio Villarreal                                       Edward J. Normand
Robert S. Raymar                                         Richard Cipolla
David S. Copeland                                        Joseph Delich
Natasha Zaslove                                          Peter Bach-y-Rita
**GILBERT LITIGATORS &**                                 **FREEDMAN NORMAND**
  **COUNSELORS, P.C.**                                     **FRIEDLAND LLP**
11 Broadway, Suite 615                                   155 E. 44th Street, Suite 915
New York, NY 10004                                       New York, NY 10017
Tel: (646) 448-5269                                      Tel: (646) 494-2900
rgilbert@gilbertlitigators.com                           vel@fnf.law
pdvillarreal@gilbertlitigators.com                       tnormand@fnf.law
rraymar@gilbertlitigators.com                            rcipolla@fnf.law
dcopeland@gilbertlitigators.com                          jdelich@fnf.law
nzaslove@gilberlitigators.com                            pbachyrita@fnf.law

/s/ Eric L. Cramer                                       Ivy Ngo

Eric L. Cramer
David Langer
Jeremy Gradwohl
**BERGER MONTAGUE PC**
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Tel: (215) 875-3000
ecramer@bm.net
dlanger@bm.net
jgradwohl@bm.net

Richard Schwartz
**BERGER MONTAGUE PC**
1720 W Division
Chicago, IL 60622
Tel: (773) 257-0255
rschwartz@bm.net

**FREEDMAN NORMAND
 FRIEDLAND LLP**
1 SE 3d Avenue, Suite 1240
Miami, FL 33131
Tel: (786) 924-2900
ingo@fnf.law

Daniel J. Walker
Robert E. Litan
Hope Brinn
**BERGER MONTAGUE PC**
1001 G Street, NW, Suite 400 East
Washington, DC 20001
Tel: (202) 559-9745
rlitan@bm.net
dwalker@bm.net
hbrinn@bm.net

*Counsel for Plaintiffs and the Settlement Class*

3