Exhibit 2

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: TESTOSTERONE REPLACEMENT THERAPY PRODUCTS LIABILITY LITIGATION | MDL No. 2545 |
| | Master Docket Case No. 1:14-cv-01748 |
| | Hon. Judge Matthew F. Kennelly |
| This document relates to: | |
| MEDICAL MUTUAL OF OHIO, | No. 1:14-cv-08857 |
| Plaintiff, | |
| v. | |
| ABBVIE INC., ABBOTT LABORATORIES, ABBOTT PRODUCTS, INC., SOLVAY AMERICA, INC., SOLVAY NORTH AMERICA, LLC, SOLVAY PHARMACEUTICALS, INC., SOLVAY PHARMACEUTICALS SARL, SOLVAY, S.A., AUXILIUM, INC., ELI LILLY AND COMPANY, LILLY USA, INC., ACRUX LIMITED, ACTAVIS PLC, ACTAVIS, INC., ACTAVIS PHARMA, INC. WATSON PHARMACEUTICALS, INC., WATSON LABORATORIES, INC., ANDA, INC., and ENDO PHARMACEUTICALS, INC., | |
| Defendants. | |

## AFFIDAVIT OF EDWIN J. BUCKINGHAM III

I, Edwin J. Buckingham III, being duly sworn, hereby declare and state as follows:

1.      Until my retirement in March 2013, I was an executive for Solvay America, Inc., a defendant in this action, including, most recently, as the Senior Executive Vice President and North American General Counsel. I currently serve as a consultant to Solvay America, Inc.

2.      I am an adult citizen and resident of the state of Texas and am competent to provide this Affidavit. Based upon my personal knowledge, information presently available to me as a result of the scope and duties of my employment, including from communications from or with various company personnel who possess relevant information obtained in the course and scope of their employment, and/or review of relevant corporate records, I am knowledgeable about the subjects included in this Affidavit.

3.      SAI is a corporation organized and existing under the laws of the state of Delaware. SAI's principal place of business is located in Houston, Texas. SAI has never been incorporated in Illinois or Ohio and has never maintained its principal place of business in Illinois or Ohio.

4.      SAI maintains its official books and records at its principal place of business in Houston, Texas.

5.      SAI has approximately 180 employees in the United States (located in seven states).  SAI has no employees in Illinois and only two employees in Ohio. None of SAI's senior executive management are located in or work out of offices in Illinois or Ohio.

6.    SAI is a holding company and sells no products. Its only activity is to provide certain corporate services to subsidiaries and affiliates, which reimburse it for these services at cost.

7.    SAI is the second company to use the name Solvay America, Inc. Before November 2005, a distinct and separate company was called Solvay America, Inc. The company called Solvay America, Inc. before 2005 is identified in this affidavit as "Old SAI" to avoid confusion.

8.    SAI was incorporated as Soltex Polymer Corporation in 1974. Soltex Polymer Corporation, which subsequently operated under the name Solvay Polymers, Inc., conducted a business of manufacturing and selling high density polyethylene and polypropylene. Beginning in 1984, Solvay Polymers, Inc. was held by Old SAI.

9.    In 2005, Old SAI transferred its non-pharmaceutical subsidiaries to SAI (then known as Solvay Polymers, Inc.).

10.    Effective November 30, 2005, Old SAI distributed the stock of SAI (then known as Solvay Polymers, Inc.) to Solvay, S.A., such that Old SAI retained only its pharmaceutical subsidiaries, which included Solvay Pharmaceuticals, Inc. and Solvay Pharmaceuticals, Inc.'s wholly-owned subsidiary Unimed Pharmaceuticals, Inc.

11.    Effective December 1, 2005, Old SAI changed its name to Solvay Pharma US Holdings, Inc. As explained more fully below, that company was later sold to Abbott Laboratories along with the rights and obligations/liabilities associated with the AndroGel® product at issue in this case.

12.     Also on December 1, 2005, Solvay Polymers, Inc. changed its name to Solvay America, Inc. This is the company that has been sued by plaintiff in this case.

13.     SAI has never held any of the shares of Solvay Pharmaceuticals, Inc., or otherwise had control over that entity. Before 2005, SAI was a sister company of Solvay Pharmaceuticals, Inc., as both were subsidiaries of Old SAI.

14.     SAI has never held any of the shares of Unimed Pharmaceuticals, Inc., or otherwise had control over that entity.

15.     SAI has never held any rights to the New Drug Application ("NDA") for AndroGel® or otherwise had regulatory responsibility for AndroGel®.

16.     SAI has never had any involvement in the development, design, manufacture, testing, labeling, distribution, marketing, promotion or sale of AndroGel®.

17.     I am aware of the existence and have seen copies of a Stock and Asset Purchase Agreement, dated as of September 26, 2009, among Solvay, S.A. (and other sellers), and Abbott Laboratories (and other buyers). Pursuant to that Agreement, Abbott Laboratories, through an Abbott subsidiary: (i) acquired all of the capital stock of the parent corporation of Solvay Pharma US Holdings, Inc. (which, as described above, held the all of the Solvay-related United States pharmaceutical operations and was the parent corporation of Solvay Pharmaceuticals, Inc. and its wholly-owned subsidiary Unimed Pharmaceuticals, Inc.); and (ii) acquired the business of all of these companies, which included the NDA for, and all rights and obligations associated with, AndroGel®. Upon information and belief, this transaction was completed in February 2010.

18.    I declare under penalty of perjury that the foregoing statements are true and correct.


Executed on this 13th day of March, 2015 at _Houston, Texas_____.


_Edwin J. Buckingham III_


Subscribed to and sworn
Before me this 13th day of
March, 2015.


_Marie G. Johansen_
Notary Public