**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS**

| IN RE: TESTOSTERONE REPLACEMENT THERAPY PRODUCTS LIABILITY LITIGATION | MDL No. 2545 |
|---|---|
| This Document Relates to All Cases | Master Docket Case No. 1:14-cv-01748<br><br>Hon. Judge Matthew F. Kennelly |

**JOINT STATUS REPORT
FOR AUGUST 14, 2015 CASE MANAGEMENT CONFERENCE**

The Court directed counsel to file this joint report regarding the status of the parties' discussions, agreements and disagreements on the proposed agenda items for the August 14, 2015 case management conference.

## I. *Product Liability Cases*

    A. *Status of production of AbbVie Custodial Files and Deposition Coordination*:

In accordance with July 23, 2015 Status Report, the PSC provided AbbVie with an initial list of deposition witnesses whose depositions will commence in October (five depositions in October and five in November). The PSC and AbbVie are working together on the schedule for production and the schedule for the individual depositions, in order to assure sufficient time between the production of a particular custodial file and the deposition date. Beyond the file for Pablo Hernandez, which already has been produced, the productions of the remaining 9 custodial files will begin this week and continue on a rolling basis.

The scheduling of the deposition of Pablo Hernandez remains an open issue and is the subject of a motion for protective order in the litigation pending in state court in Cook County, Illinois scheduled to be heard on August 12th.

The parties are continuing to meet and confer regarding the scope and timing of production of additional custodial files, including open issues contained in the parties' July 23rd status report. The parties are prepared to present any unresolved issues regarding custodial productions or update the Court on the ongoing meet and confer progress.

  B.  *Report on Other AbbVie Discovery Responses*

    1.  Adverse Event database production - The parties have met and conferred regarding the technical aspects of the Adverse Event database production and AbbVie has agreed to produce a sample set within the next week. The parties are continuing to meet and confer to ensure that the production will go forward on schedule and without issue.

    2.  Other non-custodial file productions - The parties are continuing to meet and confer on open issues including but not limited to identifying remaining sources for production.

  C.  *Report on Discovery Status regarding the Other Defendants (the Non-AbbVie Defendants):*

**Auxilium:**

The Plaintiffs and Auxilium have been cooperating on the various discovery production issues since December 2014. Last December, the parties agreed on a list of more than 500 search terms. At the same time, Auxilium agreed to an initial custodial production of approximately 37 custodial files, as noted below, this production is expected to begin in August

2

and conclude in October of this year. It was also agreed that Auxilium would produce its non-custodial files on a rolling production in advance of producing custodial files.

On July 20, 2015, Auxilium made its fourteenth rolling Production of non-custodial documents. It is understood that there may be one or two additional non-custodial productions, after which the custodial production will begin on an agreed upon schedule, comprised of tiered productions, beginning with the custodians identified in Auxilium's initial CMO 7 disclosures.

**Lilly/Acrux (Axiron):**

The parties have reached an agreement as to search terms for the Lilly defendants. Lilly has produced IND/NDA documents n and has produced documents in response to Plaintiffs' First Request for Production.

Additionally, Lilly will be producing the first six requested custodial files on or before August 20, 2015. Thereafter an additional four custodial files that were requested will be produced on or before August 31st. Discussions are ongoing concerning the production schedule for additional custodial' files.

The parties have also agreed that Initial Disclosures as to the Acrux defendants will be served on or before August 17th. The parties are also currently working through other discovery matters involving the Acrux defendants as outlined in CMO 23.

**Actavis:**

To date, Actavis has produced its NDA documents and has produced documents in response to plaintiffs' first set of requests for production. As it pertains to written discovery

3

requests, Actavis has responded to plaintiffs' first set of requests for the production of documents. The PSC served interrogatories, but by agreement withdrew its initial set and served an amended set. Actavis defendants' responses are currently due August 17, 2015.

One Rule 30(b)(6) deposition has been completed. A Rule 30(b)(6) corporate organization deposition was noticed and scheduled; however, the parties agreed not to go forward; instead, Actavis agreed to produce documents identifying its corporate organization rather than proceeding with the deposition. Those documents have been produced. There are also other Rule 30(b)(6) notices that have been served and withdrawn without prejudice, and the parties are working to address either having a deponent or receiving the necessary information. The topics of those notices include: Regulatory, Post-Marketing Surveillance, Sales and Marketing, and Scientific Affairs.

The parties still are meeting and conferring on search terms for custodial files, and negotiations are expected to continue this week. As it pertains to custodial file requests and production, to date the PSC has not requested the production of any custodial files, pending resolution on the search terms. The PSC anticipates to start its custodial file requests by selecting the 23 people Actavis identified on its Initial Disclosures as well as custodians already identified in productions already received from Actavis. Defendants anticipate negotiation of a tiered protocol for the rolling production of reasonable and appropriate numbers of custodial files.

**Endo (Delatestryl and Fortesta):**

Endo has produced its IND/NDA documents and rolling production of non-custodial file materials in response to the PSC's Request for Production.

The parties anticipate that in the near future they will reach agreement on the PSC's proposed list of First Tier custodians and revised list of proposed search terms so that custodial production may commence, or the parties will engage in a final meet and confer process in order to determine whether they can reach agreement on these issues without court intervention.

**Pfizer (Depo-Testosterone):**

Pfizer has produced more than 543,400 pages of documents to date, which comprise its regulatory correspondence with FDA and its rolling production of non-custodial file materials in response to the PSC's Request for Production. With the exception of certain adverse event data, Pfizer has largely completed its non-custodial production.

The parties have met and conferred regarding search terms and the list of individuals for whom Pfizer will produce custodial files, but have not yet been able to reach an agreement on those issues. The parties intend to continue to meet and confer in order to determine whether they can reach agreement on these issues without court intervention.

In addition, the parties recently met and conferred regarding the format and scope of the production of Pfizer's Adverse Event database, and will continue to meet and confer regarding those issues.

### D. *Voluntary Dismissals*

In some recent cases, the Court has entered an order dismissing a case without prejudice the day after a notice of voluntary dismissal was filed—before Defendants had an opportunity to respond to the notice of voluntary dismissal. In light of CMOs 9 and 20, as well as Fed.R.Civ. P. 41, Counsel would like an opportunity to discuss the issue with the Court to help the Court

manage the individual case dockets in an efficient manner and avoid unnecessary motion practice.

    **E.**    *Plaintiffs' Motion to Compel Production of Documents Pertaining to the Safety of Exogenous Testosterone*:  This motion has been fully briefed.

    **F.**    *Motion of Defendant AbbVie/Abbott Pursuant to the Court's June 15, 2015 Amended CMO to Ensure the Finality and Integrity of the Bellwether Pool:* This motion has been fully briefed.

    **G.**    *Parties August 10, 2015 Submissions Regarding Bellwether Selection Process*

**II.**    *Update on Medical Mutual of Ohio:*

    **A. *Filing of redacted complaint.***

The Second Amended Complaint was filed under seal on June 10, 2015.   Plaintiff has proposed redactions, and is awaiting Defendants' response and additional redactions.  Plaintiff's position is that a public version of the SAC should be filed as soon as possible. Considering that Defendants have already filed their motions to dismiss, they have had sufficient opportunity to review the SAC*.* Defendants initially prepared counterproposals based on a redline of the Second

6

Amended Complaint against the original, only to realize that some statements in both complaints purport or appear to come from non-public sources. (E.g., Compl. ¶ 204, SAC ¶ 369.) This issue did not affect the motion to dismiss, but it has substantially slowed Defendants' review of plaintiffs' proposed redactions. Defendants are nearing the end of their review and will counter propose further redactions no later than August 15, 2015.

### B. *Defendants' filing of extraneous documents with their motions to dismiss.*

PSC asserts that Defendants have filed a Declaration along with their Motion to Dismiss, attaching 73 exhibits of materials outside the pleadings, constituting almost 800 pages. Plaintiff's position is that the Declaration and exhibits, as well as associated references in the motion to dismiss briefing, are improper at this stage of the litigation. The parties are in discussions as to the retraction of these documents from the docket. If agreement is not reached, Plaintiff will seek appropriate relief from the Court.

Defendant's position is that the declaration in question attaches a number of materials showing that the allegations at the heart of this lawsuit were a matter of public record as early as 2000, and that this lawsuit is therefore untimely. In addressing a motion to dismiss, courts may consider not just the complaint itself, but also any documents that are (1) incorporated by reference in the complaint, or (2) subject to judicial notice. Several of the declaration's exhibits are cited and discussed in the Second Amended Complaint, and thereby incorporated by reference. The remaining exhibits are news articles that are part of the public record. A court may take notice of such articles for the fact that **their contents were in the public record at the time of publication** (albeit not for the **truth** of their contents). *See, e.g.*, *United States ex rel.*

7

*Bogina v. Medline Indus.*, 2015 U.S. Dist. LEXIS 36477, at *14 n.7 (N.D. Ill. Mar. 24, 2015); *Specht v. Google, Inc.*, 758 F. Supp. 2d 570, 586 (N.D. Ill. 2010). Defendants have asked the Court to take notice of these materials for that limited purpose only, which is entirely proper. Defendants will not "retract[]" these materials, and will oppose as groundless any motion Plaintiff may bring to strike them.

Dated: August 11, 2015	Respectfully submitted,

/s/ Trent B. Miracle
Trent B. Miracle
**SIMMONS HANLY CONROY**
One Court Street
Alton, IL 62002
Telephone: (618) 259-2222
Facsimile: (618) 259-2251
tmiracle@simmonsfirm.com

*Plaintiffs' Co-Lead Counsel*

Ronald Johnson, Jr.
**SCHACHTER, HENDY & JOHNSON PSC**
909 Wrights Summit Parkway, Suite 210
Ft. Wright, KY 41011
Phone: (859) 578-4444
Fax: (859) 578-4440
rjohnson@pschachter.com

*Plaintiffs' Co-Lead Counsel*

Christopher A. Seeger
**SEEGER WEISS LLP**
77 Water Street
New York, NY 10005
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com

*Plaintiffs' Co-Lead Counsel*
David M. Bernick
**DECHERT LLP**
1095 Avenue of the Americas

New York, NY 10036
Tel: (212) 698-3500
Fax: (212) 698-3599
david.bernick@dechert.com

Hope S. Freiwald
**DECHERT LLP**
Cira Center
2929 Arch Street
Philadelphia, PA 19104
Tel: (215) 994-2514
Fax: (215) 994-2222
hope.freiwald@dechert.com

*Attorney for AbbVie Inc. and Abbott Laboratories*

David E. Stanley
Janet H. Kwuon
**REED SMITH LLP**
355 S. Grand Avenue, Suite 2900
Los Angeles, CA 90071
Tel: (213) 457-8000
dstanley@reedsmith.com
jkwuon@reedsmith.com

*Attorneys for Eli Lilly and Company and Lilly USA LLC*

Andrew K. Solow
**KAYE SCHOLER LLP**
250 West 55th Street
New York, NY 10019
Tel: (212) 836-7740
Fax: (212) 836-6776
andrew.solow@kayescholer.com

Pamela J. Yates
**KAYE SCHOLER LLP**
1999 Avenue of the Stars, Suite 1700
Los Angeles, CA 90067
Tel: (310) 788-1278
Fax: (310) 788-1200
pamela.yates@kayescholer.com

*Attorneys for Endo Pharmaceuticals Inc. and Auxilium Pharmaceuticals, Inc.*

Loren H. Brown
Cara D. Edwards
**DLA PIPER LLP (US)**
1251 Avenue of the Americas
New York, NY 10020
Phone: (212) 335-4500
Fax: (212) 335-4501
loren.brown@dlapiper.com
cara.edwards@dlapiper.com

Matthew A. Holian
Jessica C. Wilson
**DLA PIPER LLP (US)**
33 Arch Street, 26th Floor
Boston, MA 02110
Phone: (617) 406-6000
Fax: (617) 406-6001
Email: matt.holian@dlapiper.com
Email: jessica.wilson@dlapiper.com

*Attorneys for Pfizer Inc. and Pharmacia & Upjohn Company LLC*

Joseph P. Thomas
Jeffrey F. Peck
K.C. Green
Jeffrey D. Geoppinger
**ULMER & BERNE LLP**
600 Vine Street, Suite 2800
Cincinnati, OH 45202
Phone: (513) 698-5000
Fax: (513) 698-5001
E-mail: jthomas@ulmer.com

*Attorneys for Actavis, Inc., ActavisPharma, Inc., Anda, Inc., Watson Laboratories, Inc., a Nevada corporation, and Watson Laboratories, Inc., a Delaware corporation*

>James W. Matthews (*pro hac vice*)
>Robert W. Sparkes, III (*pro hac vice*)
>**K&L GATES LLP**
>State Street Financial Center
>One Lincoln Street
>Boston, MA 02111
>Tel: (617) 261-3100
>Fax: (617) 261-3175
>E-mail: james.matthews@klgates.com
>E-mail: robert.sparkes@klgates.com

**CERTIFICATE OF SERVICE**

I hereby certify that on August 11, 2015, the foregoing document was filed via the Court's CM/ECF system, which will automatically serve and send email notification of such filing to all registered attorneys of record.

>*/s/ Trent B. Miracle*