UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: TESTOSTERONE REPLACEMENT THERAPY PRODUCTS LIABILITY LITIGATION | Case No. 1:14-CV-01748<br><br>MDL 2545<br><br>JUDGE MATTHEW F. KENNELLY |

**This Document Relates to All Cases**

## DEFENDANTS' MOTION TO COMPEL

Pursuant to Federal Rule of Civil Procedure 37(a)(1), Defendants AbbVie Inc. and Abbott Laboratories (collectively "AbbVie")[1] hereby move this Court for an order requiring Plaintiffs to participate in the discovery deposition of Pablo Hernandez on August 20-21, 2015—as Plaintiffs had agreed to do—or waive their ability to take Mr. Hernandez's discovery deposition in the MDL. In support thereof, AbbVie states as follows:

1. The Court is empowered to enforce discovery agreements between the parties and compel compliance therewith. *See, e.g.,* Fed. R. Civ. P. 37(a)(1); *Westek Assocs. v. Tri-Lite Elecs., Inc.*, No. 85-C-10591, 1986 U.S. Dist. LEXIS 17735, *2-*4 (N.D. Ill. Nov. 13, 1986) (awarding sanctions for discovery violation after Court granted motion to compel party to comply with discovery agreement); *Abundiz v. Explorer Pipeline Co.*, No. 3:00-CV-2029, 2004 U.S. Dist. LEXIS 10343, *16 (N.D. Tex. May 24, 2004) (granting in part motion to enforce discovery agreement).

---

[1] AbbVie Inc. was established in January 2013 as an independent, publicly traded company from the innovative pharmaceutical business of Co-Defendant Abbott Laboratories, which no longer sells AndroGel in the United States.

**PSC Agreed to Take Mr. Hernandez's Deposition on August 20-21, 2015**

2.  On June 23, 2015, Trent Miracle, on behalf of the Plaintiffs' Steering Committee ("PSC"), agreed with AbbVie and Co-Plaintiffs in the Cook County state court litigation to participate during the third week of August in the discovery deposition of Pablo Hernandez, Senior Product Manager for AndroGel. *See* June 23, 2015 T. Miracle email, attached as Ex. A. The parties later settled on the dates of August 20-21, 2015, allowing two full days for all interested parties to examine the witness.

3.  The parties reached this agreement pursuant to their obligations in the MDL to use their "best efforts to coordinate discovery and case schedules in the MDL proceeding with discovery and case schedules in the state court cases, in order to enhance efficiency and avoid undue duplication of effort and unwarranted expense." *See* MDL CMO No. 17 ("Coordination with state court cases").

4.  On July 8, 2015, Mr. Miracle appeared at the Cook County case management conference and informed Judge Donald Suriano that the PSC would participate in Mr. Hernandez's deposition. As a result, Judge Suriano ordered that "The deposition of Pablo Hernandez shall proceed on August 20-21, 2015." *See* July 8, 2015 Order, attached as Ex. B.

5.  On July 9, 2015, this Court appointed Peter Flowers—who is co-lead counsel for TRT Plaintiffs in Cook County and also represents Plaintiffs in the MDL—to the PSC as liaison counsel to further encourage state-federal coordination. *See* July 9, 2015 Tr. at 12-13.

6.  By the third week of July, the PSC indicated to AbbVie that they would prefer to take Mr. Hernandez's deposition in October, subsequently confirming their request in writing. *See* July 27, 2015 C. Seeger email, attached as Ex. C ("The MDL plaintiffs would prefer to take the Pablo Hernandez deposition in October. ... For scheduling purposes, we'd be happy to schedule his

deposition early October if that works for the state lawyers."). AbbVie's counsel had requested, repeatedly, during the fourth week of July that the PSC coordinate with the Cook County Plaintiffs to postpone the deposition. *See* July 21, 2015 H. Freiwald email to C. Seeger and T. Miracle, attached as Ex. D. However, by Friday, July 24, 2015, the PSC had not done so.

7. On July 24, 2015, AbbVie requested that the TRT Plaintiffs in Cook County agree to defer Mr. Hernandez's deposition until the first week of October to allow the PSC more time to prepare. However, despite repeated efforts, with subsequent involvement by the PSC, the Cook County Plaintiffs would not agree to postpone the deposition.

8. To maintain state-federal coordination and prevent prejudice, unnecessary burden and expense, AbbVie informed both the Cook County and MDL Plaintiffs that it would seek a protective order with Judge Suriano to prevent Mr. Hernandez's deposition from occurring twice within the span of a few weeks.

**PSC Agreed to Honor Its Commitment if AbbVie's Motion for Protective Order was Denied**

9. Because of the parties' prior agreement and in order to prevent prejudice to AbbVie, during a July 28, 2015 teleconference, Chris Seeger confirmed with AbbVie's counsel that if Judge Suriano ordered Mr. Hernandez's deposition to go forward on August 20, the PSC would honor its commitment and also participate on August 21.

10. On July 30, 2015, AbbVie filed a motion for protective order in Cook County.

11. On August 12, 2015, Judge Suriano heard AbbVie's motion for protective order. Neither Mr. Miracle nor Mr. Flowers (or any other representative of the PSC) attended the hearing. Judge Suriano denied AbbVie's motion for a protective order and ordered Mr. Hernandez's deposition to proceed on August 20, as previously agreed. *See* August 12, 2015 Order, attached as Ex. E.

**PSC Should Be Required to Honor Its Commitment in Order to Prevent Prejudice to AbbVie**

12. On August 13, 2015, AbbVie's counsel requested that Mr. Seeger honor his commitment on behalf of the PSC to participate in Mr. Hernandez's deposition to prevent multiple depositions and prejudice to AbbVie. Mr. Seeger would not agree, stating that the PSC would not participate without a ruling from this Court requiring participation in Mr. Hernandez's deposition or waiver of same.

13. "[T]he primary purpose behind the establishment of a multidistrict litigation transferee court . . . is to promote efficiency through the coordination of discovery." *In re Orthopedic Bone Screw Prods. Liab. Litig.*, MDL No. 1014, 1997 U.S. Dist. LEXIS 2743, *6 (E.D. Pa. Mar. 7, 1997); *In re Zimmer Nexgen Knee Implant Prods. Liab. Litig.*, 890 F. Supp. 2d 896, 904 (N.D. Ill. 2012) (same). The Court possesses the authority to compel compliance with discovery agreements and enter orders to ensure that discovery is completed through the most efficient and fair process available. *See, e.g.*, Fed. R. Civ. P. 37(a)(1); *Westek Assocs.*, 1986 U.S. Dist. LEXIS 17735; *Abundiz v. Explorer Pipeline Co.*, 2004 U.S. Dist. LEXIS 10343, *16. The Court should exercise that power and enforce the parties' agreement in order to prevent prejudice, unnecessary burden, and undue expense.

WHEREFORE, Defendants AbbVie Inc. and Abbott Laboratories respectfully request that this Court enter an order requiring Plaintiffs to participate in the discovery deposition of Pablo Hernandez on August 20-21, 2015 or waive their ability to take Mr. Hernandez's discovery deposition in the MDL.

Dated: August 13, 2015                    Respectfully submitted,

By:    */s / David M. Bernick*
David M. Bernick
DECHERT LLP
1095 Avenue of the Americas
New York, NY 10036-6797
Tel: (212) 698-3500
Fax: (212) 698-3599
david.bernick@dechert.com

Hope S. Freiwald
DECHERT LLP
2929 Arch St., Cira Centre
Philadelphia, PA 19104-2808
Tel: (215) 994-2514
Fax: (215) 655-2514
hope.freiwald@dechert.com

***Attorneys for AbbVie Inc. and Abbott Laboratories***

## **CERTIFICATION**

In accordance with Federal Rule of Civil Procedure 37(a)(1) and Local Rule 37.2, I hereby certify that on August 13, 2015, counsel for AbbVie conferred by teleconference with counsel for Plaintiffs in a good faith effort to resolve the issues raised in Defendants' Motion to Compel, but were unable to do so.

/s/ Nathan E. Hoffman

## **CERTIFICATE OF SERVICE**

I, Nathan E. Hoffman, hereby certify that on August 13, 2015, the foregoing document was filed via the Court's CM/ECF system, which will automatically serve and send email notification of such filing to all registered attorneys of record.

/s/ <i>Nathan E. Hoffman</i>