IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: TESTOSTERONE | ) | Case No. 14 C 1748 |
| REPLACEMENT THERAPY | ) | |
| PRODUCTS LIABILITY LITIGATION | ) | MDL No. 2545 |

### ORDER ON PLAINTIFFS' MOTION TO COMPEL
### AUXILIUM'S PRIVILEGE LOG INFORMATION

Plaintiffs have moved to compel production of certain documents on which defendant Auxilium Pharmaceuticals, Inc. has asserted a claim of attorney-client privilege. The documents were transmitted to or from personnel with a company called Heartbeat Ideas, a marketing consulting firm with which Auxilium contracted to help plan marketing for Testim, Auxilium's testosterone replacement therapy product. The parties' dispute boils down to whether communication by or to Heartbeat amounted to communicating otherwise privileged information to a third party, which ordinarily would result in waiver of the privilege.

Auxilium urges application of what is sometimes called the "functional equivalent" doctrine, under which otherwise privileged communications between an organization and a non-employee are protected even if the non-employee is the functional equivalent of an employee of the organization. The parties agree that Pennsylvania law applies. Because that state's supreme and appellate courts have not addressed this issue, this Court must predict how the Pennsylvania Supreme Court would rule if it had to decide the point.

The Court agrees with Auxilium that if faced with this issue, the Pennsylvania Supreme Court would apply the functional equivalent doctrine and would rule that Heartbeat Ideas' personnel qualify as the functional equivalent of Auxilium employees. Though Pennsylvania, like most states, construes the attorney-client privilege narrowly, it has recently eschewed a formalistic approach to the privilege in favor of a more practical application, ruling that the privilege covers not just communications from client to attorney but also communications going the other direction, *Gillard v. AIG Ins. Co.*,

609 Pa. 65, 15 A.3d 44 (2011). And Pennsylvania followed the federal courts in abandoning the narrower "control group" test for coverage of the privilege in the corporate context.

The Restatement of the Law Governing Lawyers, which the Pennsylvania Supreme Court cited with approval on another point in *Gillard*, 609 Pa. at 78, 15 A.3d at 52, says that the privilege is not waived when information is disclosed to outside agents of an organization who reasonably need to know the communication in order to act for the organization, *see* Restatement (3d) of the Law Governing Lawyers § 73 (2000), and Auxilium has sufficiently established that Heartbeat's personnel fall within this description. The Court also finds persuasive the rulings on this point by two district courts in Pennsylvania, both of which recognized the functional equivalent doctrine. *See Smith v. Unilife Corp.*, No. 13-5101, 2015 WL 667432, at *2-3 (E.D. Pa. Feb. 13, 2015); *In re Flonase Antitrust Litig.*, 879 F. Supp. 2d 454, 459-60 (E.D. Pa. 2012). Though these not rulings are not an authoritative determination of how the Pennsylvania Supreme Court would decide the point, they nonetheless contain persuasive discussions of the relevant principles and policy considerations.

The Court has reviewed the 15 documents that Auxilium withheld in whole or in part. Documents 1 and 2 are e-mail strings with the same redactions; the same is true of documents 4, 5, and 6 and of documents 7 and 8. (The Court notes that in the *in camera* materials provided in hard copy, the purportedly unredacted version of document 9 actually was redacted. The Court therefore reviewed the digital version that was provided together with the hard copy.) One of the redactions is slightly overinclusive; it includes the *fact* of consultation with counsel, which is not privileged, as well as the subject, which is privileged. For this reason, in documents 1 and 2, Auxilium is directed to disclose the first 8 words of the redacted sentence (through the word "legal").

The remainder of the material redacted or withheld is properly withheld under *Gillard* and *Nationwide Mut. Ins. Co. v. Fleming*, 2007 PA Super 145, ¶¶ 11-12, 924 A.2d 1259, 1264 (2007), which though overruled in *Gillard* on the "two-way street" issue otherwise accurately describes the requirements for application of the privilege under

Pennsylvania law.

Date: October 4, 2015    _____
MATTHEW F. KENNELLY
United States District Judge