UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: TESTOSTERONE REPLACEMENT THERAPY PRODUCTS LIABILITY LITIGATION | Case No. 1:14-CV-01748<br>MDL 2545<br><br>JUDGE MATTHEW F. KENNELLY |
| This document relates to: <u>ALL ACTIONS.</u> | |

CASE MANAGEMENT ORDER NO. 26

DISMSSAL OF CASES

I. SCOPE OF ORDER

To ensure that the Court and the Clerk's office have accurate information regarding motions and requests for dismissal, both with and without prejudice, liaison counsel for plaintiffs and defendants shall follow the following protocol prior to the entry of Orders and Judgments of Dismissal. Nothing in this Case Management Order shall be construed as altering or enlarging the timing or adequacy of an opposition to a motion dismiss as set forth in any rule or prior Case Management Order, including but not limited to Case Management Order No. 9 (CMO 9), the local rules of this Court, or the Federal Rules Civil Procedure.

II. PROCEDURE

    A. DEFENDANTS' OBLIGATIONS

        1. Prior to any regularly scheduled Case Management Conference at which the Court will be asked to enter dismissals, counsel for defendants shall prepare a list of cases and/or claims ripe for dismissal as well as any cases and/or claims that defendants contend were improperly dismissed without prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(a) and/or applicable Case Management Orders in this MDL ("Dismissal List") as of the last day of the preceding

month. The Dismissal List shall be sent to the PSC and all counsel of record in the cases identified on the dismissal list no less than fourteen days (14) prior to any such Case Management Conference. A case and/or claim shall be ripe for dismissal and inclusion on the Dismissal List when either: (a) a motion or request for dismissal has been fully briefed by the relevant parties; or (b) the time within which to respond to a motion or request for dismissal has expired without response.

      2.      The Dismissal List shall be in the form of Exhibit A and provide the following information:

      a) Case name;

      b) Civil Action Number;

      c) Plaintiffs' Counsel (including name, address, and e-mail address);

      d) Indication of the basis for dismissal;

      e) Indication of the type of dismissal (with or without prejudice)

      f) Whether dismissal is to be of the entire action, and if not, identification of each defendant to be dismissed from the action.

**B.    PSC OBLIGATIONS**

      **1.**      Not more than seven (7) days after receipt of defendants' Dismissal List, the PSC shall: (a) endeavor to determine whether plaintiff's counsel of record in each listed case consents or objects to the dismissal in the form indicated by the defendants (b) indicate on the Dismissal List whether plaintiff's counsel of record in each listed case consents or objects to the dismissal in the form indicated by the defendants. For the purposes of the personal appearance requirements set forth in this Case Management Order, the absence of a response from plaintiff's

counsel of record with respect to any case on the Dismissal List shall render that case a "Disputed" case.

2. The PSC shall also notify all plaintiffs' counsel of record in any Disputed case on the Dismissal List that the case and/or claims will be subject to dismissal as requested unless such counsel appears in person to contest defendants' application. To maintain the prompt and accurate entry of dismissals on the Court's docket, and to provide sufficient notice to counsel of record in Disputed dismissals, the Disputed dismissals will be addressed by the Court, not at the Case Management Conference for which the Agreed Dismissal List will be submitted pursuant to Section D. 1, but in the <u>following</u> month's regularly scheduled Case Management Conference, pursuant to Section D.2. The notice to counsel of record in cases involving Disputed dismissals shall indicate the date, time and location of the Case Management Conference at which counsel's appearance is required.

C. **COUNSEL OF RECORDS' OBLIGATIONS**

1. Counsel of record for plaintiffs and defendants in any Disputed case shall appear in person as provided pursuant to Section B.2. and Section D.2. herein to present the Disputed cases to the Court. Failure of plaintiff's counsel to appear, absent good cause shown to the Court in advance of the Case Management Conference at which the Disputed cases will be heard, shall result in the entry of dismissal as requested by defendants.

D. **CASE MANAGEMENT CONFERENCE; JOINT STATUS REPORT & PROPOSED AGENDA**

1. **Agreed Dismissals.** A completed Agreed Dismissal List of each case and/or claim in which plaintiff's counsel of record consents to the dismissal of such case and/or claim as indicated on the Dismissal List, shall be included as a line item on the Court's Agenda

and Joint Status Report submitted by the parties in advance of the applicable Case Management Conference. No appearance is required at the applicable Case Management Conference by plaintiff's counsel of record for any case on the Agreed Dismissal List.

    **2.**  **Disputed Cases.**  A separate Dismissal List identifying each Disputed case and/or claim shall be included as a line item on the Court's Agenda and Joint Status Report submitted by the parties in advance of the following month's Case Management Conference at which counsel of record are required to appear in person pursuant to Section B.2. herein.

    **3.**  The Court will Order the dismissals in the form and as to the parties identified on the Dismissal List of all cases and/or claims as to which the plaintiff's counsel consents and may order the dismissal in all Disputed cases as to which no attorney appeared at the applicable Case Management Conference to argue in opposition to the dismissal.

    **4.**  All contested motions as to which counsel for the applicable plaintiff appears at the applicable Case Management Conference shall be decided as and when the Court deems appropriate.

    **5.**  The Court's Agenda and Joint Status Report submitted by the parties in advance of the applicable Case Management Conference shall also identify each case in which a stipulation has been filed since the previous Case Management Conference in which the parties have agreed to dismiss the case in its entirety or to dismiss claims against any or all defendants in that action so that the Court can enter a dismissal pursuant to the terms of the previously-filed stipulation.

  **E.**  **BRIEFING SCHEDULES ON PENDING MOTIONS**

    **1.**  Nothing in this Case Management Order shall modify the briefing schedule otherwise applicable to motions to dismiss presented in this Court, nor any provision in

any other Case Management Order entered in this MDL regarding the timing and procedure to be followed with respect to requests for dismissal of an action.

**IT IS SO ORDERED**.

_____
**MATTHEW F. KENNELLY**
**UNITED STATES DISTRICT JUDGE**

November 10, 2015

EXHIBIT A

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **IN RE: TESTOSTERONE REPLACEMENT THERAPY PRODUCTS LIABILITY LITIGATION** | **Case No. 1:14-CV-01748**<br>**MDL 2545**<br>**JUDGE MATTHEW F. KENNELLY** |

**This document relates to: ALL ACTIONS.**

**DISMISSAL LIST SUBMITTED PURSUANT TO**

**CASE MANAGEMENT ORDER NO. ___**

| Case Name | C.A. No. | Plaintiff's Counsel | Basis (e.g. PFS Default, Rule 41 Dismissal, etc.) | Dismissed Parties/Claims/ Entire Action | With/Without Prejudice | Plaintiff Consents/Disputes |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |