## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

| IN RE: TESTOSTERONE REPLACEMENT THERAPY PRODUCTS LIABILITY LITIGATION | MDL No. 2545 |
|---|---|
| This Document Relates to All Cases | Master Docket Case No. 1:14-cv-01748 |
| | Honorable Matthew F. Kennelly |

### JOINT STATUS REPORT FOR THE ABBVIE BELLWETHER TRIAL PLAINTIFFS FOR SEPTEMBER 8, 2016 CASE MANAGEMENT CONFERENCE

The Court directed counsel to file this joint report regarding the status of the AbbVie bellwether trial plaintiffs and the discovery and trial preparation related thereto for the September 8, 2016, case management conference. The parties' respective positions are presented below.

### I.  PSC'S REPORT ON THE STATUS OF BELLWETHER DISCOVERY

**Konrad v. AbbVie, 15-cv-00966**

This case involves a MI and was proposed by both parties as a bellwether trial case. Plaintiff is represented by Matthew P. Teague of Beasley, Allen, Crow, Methvin, Portis & Miles, P.C.

During core discovery, AbbVie took the plaintiff's deposition on May 4, 2016. One doctor deposition (Dr. Overby) was noticed by plaintiff and taken during core discovery on June 10, 2016. Plaintiff requested three sales representatives during core discovery, but none were taken.

Since the case was selected as a bellwether trial case on August 4, 2016, AbbVie requested two doctor depositions (Dr. Johnson and Dr. Morrow). AbbVie notified Plaintiff that they had requested deposition dates directly from the doctors on August 17, 2016. Dr. Morrow

first was not available until mid-October. Defense counsel contacted Plaintiff to request assistance with scheduling the deposition at an earlier time and Dr. Morrow subsequently agreed to be deposed on September 22, 2016. AbbVie then elected not to take the deposition of Dr. Johnson, who also agreed to be deposed on September 22, 2016.

Since the case was selected as a bellwether trial case, on August 16, 2016, plaintiff renewed his request for the three sales representatives, Jason Thornton, Jennie Fields, and Brooke Myers. On August 16, 2016, plaintiff also requested the deposition of District Manager, Chris Buren. The deposition of Ms. Fields was conducted on August 30, 2016. The depositions of Mr. Thornton and Mr. Buren have not been scheduled by AbbVie, despite plaintiff's requests, and the plaintiff has withdrawn his request for Ms. Myers' deposition. On September 6, 2016, Defense emailed Plaintiff and said dates for Thornton and Buren would be forthcoming and that Mr. Buren's files would be forthcoming, but as of the time of filing, no dates or files had been produced.

In addition, plaintiff propounded certain limited case specific discovery on AbbVie on August 15, 2016. More specifically, plaintiff propounded 17 interrogatories and 29 document demands. To date, AbbVie has not made any objection nor sought to meet and confer with the plaintiff counsel; except AbbVie just provided lead counsel with a list of general objections relative to the written discovery served in all 8 bellwether trial cases. As noted below, the PSC is endeavoring to assist with these discovery demands to help determine which can perhaps be withdrawn, which should be maintained, and which can be differed.

In summary, the total depositions that are being sought/taken by each side in this case is as follows:[1]

| Name of deponent | Requested by | Status |
|---|---|---|
| Dr. Morrow | Defendant (on 8/17/16) | Scheduled for 9/22/16 |
| Chris Buren (district manager) | Plaintiff (on 8/16/16) | Requested (no response from AbbVie) |
| Jason Thornton (sales representative) | Plaintiff (on 6/23/16 and 8/6/16) | Scheduled for 9/21/16 |
| Jennie Fields (sales representative) | Plaintiff (on 7/8/16 and 8/16/16) | Held on 8/30/16 |

**Mitchell v. AbbVie, 14-cv-09178**

This case involves a MI and was a case proposed by the PSC as a trial pick. Plaintiff is represented by David J. Diamond of Goldberg & Osborne.

During core discovery, AbbVie took the plaintiff's deposition on April 22, 2016. AbbVie took one doctor deposition (Dr. Canzler) on June 22, 2016. AbbVie had requested one other doctor deposition (Dr. Juliano) at that time, but ultimately elected not to take it.

Plaintiff requested four sales representatives (Julie Adams, David Bradley, Pamela Peet, and Lane Weiner) during core discovery. However, only Ms. Adams' and Ms. Peet's depositions were held, as AbbVie claimed that it did not have contact information for Mr. Weiner and was unable to find him.

---

[1] Plaintiff initially requested one additional sales representative (Brooke Myers) on 8/25/16. However, plaintiff has since withdrawn this request. Defendant had also initially requested one additional doctors (Dr. Johnson) on August 17, 2016, which has since been withdrawn.

Since the case was selected as a bellwether trial case on August 4, 2016, AbbVie has requested two additional doctor depositions (Dr. Chelsky and Dr. Juliano). AbbVie requested these depositions from plaintiff on August 8, 2016 and August 15, 2016, respectively. Dr. Chelsky was deposed on August 31, 2016 and Dr. Juliano is scheduled to be deposed on September 20, 2016.

Additionally, AbbVie requested the deposition of Mr. Mitchell's wife on August 15, 2016. Her deposition was taken on August 31, 2016.

Since the case was selected as a bellwether trial case, on August 15, 2016, plaintiff requested the depositions of four sales representatives, David Bradley, Jesse Downing, Lane Weiner, and Anjanette Daiker. Plaintiff has since withdrawn his request for these depositions. Plaintiff also requested the depositions of the district managers, and regional managers in this case. AbbVie has provided the names of five district managers, and three regional managers, although it still has not identified the district manager in charge during the most relevant time period for this case (2007-2008). Plaintiff has since withdrawn his request for these district and regional managers, and is only requesting the deposition of the district manager who was in charge from 2007-2008 who has not yet been identified. AbbVie has not provided dates for the deposition of the district manager.

In addition, plaintiff propounded certain limited case specific discovery on AbbVie on August 26, 2016. More specifically, plaintiff propounded 18 interrogatories and 30 document demands.

In summary, the total depositions that are being sought/taken by each side in this case is as follows:[2]

| Name of deponent | Requested by | Status |
|---|---|---|
| Dr. Chelsky | Defendant (on 8/8/16) | Held on 8/31/16 |
| Dr. Juliano | Defendant (on 8/16/16) | Scheduled for 9/20/16 |
| Mrs. Mitchell | Defendant (on 8/16/16) | Held on 8/31/16 |
| Flea Foley Parker (district Manager) | Plaintiff (on 8/25/16) | Requested (no response from AbbVie) |
| Amy Post | Plaintiff (on 9/07/16) | Requested (no response from AbbVie) |

**Cribbs v. AbbVie, 15-cv-01056**

This case involves a MI and was proposed by AbbVie as a bellwether trial case.[3] Plaintiff is represented by Larry Goldhirsch, of Weitz & Luxenberg.

During core discovery, AbbVie took the plaintiff's deposition on March 31, 2016. AbbVie took one doctor deposition (Dr. Ottelin) during core discovery on May 18, 2016. Plaintiff requested two sales representatives during core discovery, although only one was held.

---

[2] Plaintiff initially requested four additional sales representatives and (Jesse Downing, requested 8/15/16; Lane Weiner, requested 4/27/16 and 8/15/16, Anjanette Daiker, requested 8/15/2016; David Bradley, requested 8/15/16), five district managers (Amy Post, requested 8/25/16; Brent Byquist, requested 8/25/16; Spence Penhart, requested 8/25/16; Brad Dowden, requested 8/25/16; Adel Gabriel, requested 8/25/16), and three regional managers (Robert Cusack, requested 8/25/16; Debbie Griggs-Smith requested 8/25/16; Michael Burger, requested 8/25/16).

[3] As the Court will recall, this is the case where AbbVie was unable to locate the sales representatives for months during the general bellwether discovery process, but after AbbVie argued vehemently to have it included in the bellwether trial pool, they were able to locate the sales representative, per the Court's order to do so (or lose the case as a possible trial case) within days.

Plaintiff initially requested the depositions of Robert Kesler and Angela Pierotti. Ms. Pierotti's deposition was held on May 19, 2016, but AbbVie claimed that it did not have any contact information for Mr. Kesler.[4]

Since the case was selected as a bellwether trial case on August 4, 2016, AbbVie requested four doctor depositions (Dr. Wallmeyer, Dr. Gumprecht, Dr. Betts, and Dr. Lee). AbbVie requested these depositions from plaintiff on August 16, 2016. Dr. Lee's deposition was held on August 31, 2016, and the remaining three doctor depositions have not yet been scheduled.

Additionally, AbbVie requested the deposition of Mr. Cribbs' wife on August 19, 2016. Her deposition has not been scheduled.

Since the case was selected as a bellwether trial case, plaintiff has requested the deposition of three district managers, Steven King, Thomas Dovel, and Chermaine Daniel. Mr. King, Ms. Daniel, and Mr. Dovel's depositions were requested by plaintiff on August 22, August 24, and August 30, 2016, respectively. Plaintiff has withdrawn his request for all of these depositions except for Mr. Dovel's which has not been scheduled by AbbVie. Plaintiff also requested the deposition of a regional manager, Michael Dixon, on August 22, 2016, which has also since been withdrawn.

In summary, the total depositions that are being sought/taken by each side in this case is as follows:[5]

---

[4] After this Court issued CMO 30 on August 4, 2016 making the Cribbs case a trial pick contingent on AbbVie locating Mr. Kesler, AbbVie successfully located Mr. Kesler on August 15, 2016, and his deposition is currently scheduled for September 9, 2016.

[5] Plaintiff initially requested three additional sales representatives (Chermaine Daniel, requested 8/24/16; Steven King, requested 8/22/16; Michael Dixon, 8/22/16). However, plaintiff has since withdrawn these requests.

| Name of deponent | Requested by | Status |
|---|---|---|
| Dr. Wallmeyer | Defendant (on 8/16/16) | AbbVie working with doctor to schedule, plaintiff will assist |
| Dr. Gumprecht | Defendant (on 8/16/16) | AbbVie working with doctor to schedule, plaintiff will assist |
| Dr. Betts | Defendant (on 8/16/16) | AbbVie working with doctor to schedule, plaintiff will assist |
| Dr. Lee | Defendant (on 4/27/16 and 8/18/16) | Held on 8/31/16 |
| Mrs. Cribbs | Defendant (on 8/19/16) | Requested (parties working on mutually convenient dates) |
| Thomas Dovel (District Manager) | Plaintiff (on 8/30/2016) | Requested (no response from AbbVie) |
| Robert Kesler (sales representative) | Plaintiff (on 4/13/16 and per Court Order on 8/4/16) | Scheduled for 9/9/16 |

**Frost v. AbbVie, 15-cv-01484**

This case involves a stroke and was a case proposed by AbbVie as a trial pick. Plaintiff is represented by T. Matthew Leckman of Pogust, Braslow & Millrood, LLC.

During core discovery, AbbVie took the plaintiff's deposition on May 4, 2016. One doctor deposition (Dr. Chow) was requested by plaintiff and was held on June 30, 2016.

Plaintiff requested two sales representatives (Maria Hernandez and Sharon Fortunato) during core discovery. However, only Ms. Hernandez' deposition was held, as AbbVie claimed that it did not have contact information for Ms. Fortunato.

Since the case was selected as a bellwether trial case on August 4, 2016, AbbVie has requested two additional doctor depositions (Dr. Ziman and Dr. Mi). AbbVie requested these depositions from plaintiff on August 24, 2016 and August 26, 2016, respectively. Dr. Mi and Dr. Ziman's depositions are scheduled for September 19, 2016. Dr. Ziman's deposition has not been scheduled.

Since the case was selected as a bellwether trial case, plaintiff has renewed his request for the deposition of sales representative, Sharon Fortunato, on August 17, 2016, and requested the deposition of district manager, Pablo Hernandez.

In addition, plaintiff propounded certain limited case specific discovery on AbbVie on August 12, 2016. More specifically, plaintiff propounded 14 interrogatories and 11 document demands.

In summary, the total depositions that are being sought/taken by each side in this case is as follows:

| Name of deponent | Requested by | Status |
|---|---|---|
| Dr. Mi | Defendant (on 8/26/16) | Scheduled for 10/12/16[6] |
| Dr. Ziman | Defendant (on 8/24/16) | Scheduled for 9/19/16 |
| Sharon Fortunato (sales representative)[7] | Plaintiff (on 6/13/16 and 8/17/16) | Requested (no response by AbbVie) |

---

[6] The doctor limited the deposition on September 19th to one hour, but offered three hours for a deposition on October 12th. The parties have agreed to the deposition on October 12th.

[7] As it pertains to Sharon Fortunato, she was a sales representative identified by AbbVie who called on plaintiff's prescribing doctor, Dr. Christopher Chow. Early in core discovery, AbbVie counsel served Plaintiff's counsel with the names and call notes of AbbVie sales representatives who had called on Plaintiff's prescriber, Dr. Christopher Chow. Shortly thereafter, AbbVie counsel served a supplemental production of call notes purporting to be those of former Solvay sales representatives who had also called on Dr. Chow. AbbVie advised that there was no custodial file available for this Ms. Fortunato. Notwithstanding, plaintiff's counsel elected to depose her as a sales representative during core discovery. AbbVie advised that there was no last known address. Plaintiff's counsel followed with formal Interrogatories targeted to the same, and AbbVie counsel has reiterated they have no contact information. To date, AbbVie counsel has provided no information about her whereabouts, and Plaintiff's counsel is unaware of any effort on AbbVie's part to locate her.

After the case was selected by the Court as a bellwether trial case, Plaintiff's bellwether counsel undertook to locate Ms. Fortunato, through his own investigative means. Over the course of the past days, notwithstanding AbbVie's Plaintiff's bellwether counsel uncovered revealing information in part of the master AbbVie document production which related to Ms. Fortunato's whereabouts. In doing so, Plaintiff's bellwether counsel found emails addressed to Ms. Fortunato – and at least one fellow former Solvay employee on the supplemental call notes

| Pablo Hernandez (district manager) | Plaintiff (on 8/13/16) | Requested (no response by AbbVie) |
|---|---|---|

As noted in the footnote above, given the very recent discovery regarding the sales representative and the wrong call notes being provided in this case, the PSC is compelled to report this finding and wants to address with AbbVie and the Court how this sets this case back under the current deadlines.

**Myers v. AbbVie, 15-cv-01085**

This case involves a PE, and was proposed by the PSC as a bellwether trial case. Plaintiff is represented by Mark A. Hoffman, of Ross Feller Casey LLP.

During core discovery, AbbVie took the plaintiff's deposition on May 2, 2016. AbbVie took one doctor (Dr. Tong) during core discovery on April 26, 2016. AbbVie initially also requested the deposition of Dr. Lorreman, but elected not to take it. Plaintiff requested two sales representatives during core discovery, Amber Giron, and Carol Suiche, but AbbVie claimed not to have contact information for either of these representatives, so the depositions were not taken.[8]

---

production – which clearly placed her in a sales district in the state of Ohio. Given the *Frost* case is a California case, where Plaintiff's prescriber is a career-long California physician, this seemed like an odd finding. Investigating further, Plaintiff's counsel noticed a call note referencing an acquaintance of Dr. Chow's from his residency at "Summa." Summa Health System is an Akron Health System. It also happens to be the current place of employment of a Dr. Christopher Chow – but *not* the Dr. Christopher Chow who prescribed AndroGel for Plaintiff.

In short, AbbVie's supplemental production of Solvay call notes in this case appears to have been for the wrong doctor. And Plaintiff is now missing whatever pre-July 2010 sales calls Solvay and/or AbbVie made to his prescriber, setting that portion of the discovery back to the position it was in at the outset of the core period.

[8] It should be noted that Amber Giron was a sales representative that plaintiff requested on 3/25/16 and then again on 8/15/16. AbbVie claimed it was unable to locate Ms. Girion, but finally located her on 8/24/15. Plaintiff bellwether's counsel has now withdrawn this deposition request.

Since the case was selected as a bellwether trial case on August 4, 2016, AbbVie requested one doctor deposition (Dr. Lorreman). AbbVie requested this deposition from plaintiff on August 31, 2016. Dr. Lorreman's deposition is currently scheduled for September 23, 2016.

Since the case was selected as a bellwether trial case, on August 15, 2016, plaintiff renewed his request for the deposition of sales representative, Amber Giron, and also requested the deposition of one district manager, Cassandra Perkins. Neither of these depositions have been scheduled, and AbbVie has informed plaintiff's counsel that they do not have a custodial file, nor do they have contact information for Ms. Perkins. Defendants also requested the deposition of the plaintiff's spouse on August 31, 2016. This deposition is currently scheduled for September 8, 2016.

In addition, plaintiff propounded certain limited case specific discovery on AbbVie on August 15, 2016. More specifically, plaintiff propounded 10 interrogatories and 5 document demands.

In summary, the total depositions that are being sought/taken by each side in this case is as follows:

| Name of deponent | Requested by | Status |
|---|---|---|
| Dr. Lorreman | Defendant (on 8/31/16) | Scheduled for 9/23/16 |
| Mrs. Myers | Defendant (on 8/31/16) | Scheduled for 9/8/16 |
| Cassandra Perkins (district manager) | Plaintiff (on 8/15/16) | Requested (no response by AbbVie) |

**Garcia v. AbbVie, 15-cv-01086**

This case involves a DVT, and was proposed by AbbVie as a bellwether trial case. Plaintiff is represented by Nancy Mismash, of Robert J. Debry & Associates.

During core discovery, AbbVie took the plaintiff's deposition on March 11, 2016. AbbVie took one doctor (Dr. Asay) during core discovery on May 12, 2016. AbbVie had requested two other doctor depositions (Dr. Hatch and Dr. Etzel) for May 12, and May 13, 2016, but chose not to take them as scheduled. Plaintiff requested two sales representative depositions during core discovery, John Beesley and Kimberly Taggert. These depositions were held on June 30, 2016 and June 28, 2016, respectively.

Defendant renewed its request to depose Dr. Etzel on June 29, 2016 if the case was selected as a bellwether case. On August 9, 2016, Plaintiff notified AbbVie that Dr. Etzel's office was holding dates for his deposition and would confirm his availability at the end of August. Dr. Etzel's office confirmed his availability on August 23, 2016, and the parties selected the mutually agreeable date of September 23, 2016. However, AbbVie has since requested that the deposition be rescheduled to 9/30/16, and plaintiff is reaching out to the doctor to accommodate this request.

Since the case was selected as a bellwether trial case, on August 15, 2016, plaintiff requested that AbbVie identify and provide deposition dates for any district or regional managers who supervised the sales representatives that called on plaintiff's prescribing physicians. On August 30, 2016, AbbVie identified three district managers and two regional managers. On September 2, 2016, Plaintiff withdrew the request for the deposition of the district and regional managers other than Torrey Brinkerhoff. To date, AbbVie has not scheduled the deposition of Torrey Brinkerhoff.

In addition, plaintiff propounded certain limited case specific discovery on AbbVie on August 24, 2016. More specifically, plaintiff propounded 7 interrogatories and 9 document demands.

In summary, the total depositions that are being sought/taken by each side in this case is as follows:[9]

| Name of deponent | Requested by | Status |
| --- | --- | --- |
| Dr. Etzel | Defendant (on 6/29/2016 ) | Requested (was scheduled for 9/23/16, however AbbVie has requested that it be moved to 9/30/16, and plaintiff is reaching out to the doctor) |
| Torrey Brinkerhoff (district manager) | Plaintiff (on 8/15/16) | Requested (no response by AbbVie) |

**Nolte v. AbbVie, 14-cv-08135**

This case involves a PE and was proposed by the PSC as a bellwether trial pick. Plaintiff is represented by David J. Diamond of Goldberg & Osborne.

During core discovery, AbbVie took the plaintiff's deposition on May 10, 2016. AbbVie took one doctor deposition (Dr. Stazzone) on July 1, 2016.

Plaintiff requested three sales representatives, Tara Keen, Nancy O'Neill, and Christine Alexander, during core discovery. However, only Ms. Keen's deposition was taken because Ms. Alexander was on maternity leave during that time, and AbbVie informed plaintiff that Ms. O'Neill had Parkinson's Disease and could not sit through a deposition, so plaintiff withdrew that request.

Since the case was selected as a bellwether trial case on August 4, 2016, AbbVie has requested three health care provider depositions (Dr. Madani, Dr. Kratz, and Nurse Practitioner

---

[9] Plaintiff initially requested two additional district managers (Brady Cottle, requested 8/15/16; Brandon Milne, requested 8/15/16), and two additional regional managers (Stephen Tindell, requested 8/15/16; Byron Rex, requested 8/15/16). However, plaintiff has since withdrawn these requests.

Mahler).  AbbVie requested these depositions from plaintiff on August 31, 2016.  These three depositions have not been scheduled.

Additionally, AbbVie requested the deposition of Mr. Nolte's wife on August 31, 2016. Her deposition has not been scheduled.

Since the case was selected as a bellwether trial case, on August 18, 2016, plaintiff renewed his request for the deposition of sales representative, Christine Alexander. Plaintiff also requested the depositions of the district manager, and regional manager in this case. AbbVie has since identified three district managers, and two regional managers in this case. Plaintiff has since withdrawn his request for all sales representative, district and regional manager depositions except for District Manager, Joyce Meyer. AbbVie has not scheduled Ms. Meyer's deposition.

In addition, plaintiff propounded certain limited case specific discovery on AbbVie on August 26, 2016.  More specifically, plaintiff propounded 18 interrogatories and 30 document demands.

In summary, the total depositions that are being sought/taken by each side in this case is as follows:[10]

| Name of deponent | Requested by | Status |
|---|---|---|
| Dr. Madani | Defendant (on 8/31/16) | Abbvie working with doctor to schedule, plaintiff will assist |
| Dr. Kratz | Defendant (on 8/31/16) | Abbvie working with doctor to schedule, plaintiff will assist |
| NP Mahler | Defendant (on 8/31/16) | Abbvie working with doctor to schedule, plaintiff will assist |
| Mrs. Nolte | Defendant (on 8/31/16) | Requested (parties are working on mutually |

---

[10] Plaintiff initially requested one additional sales representative (Christine Alexander, requested 4/27/16 and 8/18/16), two additional district managers (Corey Kruger,  requested 8/25/16; Paul Currier, requested 8/25/16), and two additional regional managers (Stephen Tindell, requested 8/25/16; Debbie Griggs-Smith, requested 8/25/16). However, plaintiff has since withdrawn these request.

| | | convenient dates) |
|---|---|---|
| Joyce Meyer (district manager) | Plaintiff (on 8/25/16) | Requested (no response by AbbVie) |

**Rowley v. AbbVie, 15-cv-02760**

This case involves a DVT and was a case proposed by AbbVie as a trial pick. Plaintiff is represented by Nancy Mismash of Robert J. Debry & Associates.

During core discovery, AbbVie took the plaintiff's deposition on March 9, 2016. AbbVie took one health care provider deposition (PA Hunsaker) on July 8, 2016.

Plaintiff requested one sales representative, Dane Wilcox, during core discovery. Mr. Wilcox' deposition was taken on June 7, 2016.

Since the case was selected as a bellwether trial case on August 4, 2016, AbbVie has requested four additional health care provider depositions (Dr. Callister, Dr. Hyladhl, and PA Pitcher). AbbVie requested the depositions of Dr. Callister, Dr. Hyldahl, and PA Pitcher from plaintiff on August 17, 2016, and requested Dr. Bohman's deposition on August 9, 2016. Dr. Bowman's deposition was held on August 18, 2016. Dr. Callister's deposition was scheduled for September 16, 2016, but AbbVie has now withdrawn its request for Dr. Callister and PA Brent Pitcher's depositions. The parties are waiting for dates from the remaining health care provider, Dr. Hyldahl.

Since the case was selected as a bellwether trial case, on August 15, 2016, plaintiff requested that AbbVie identify and provide dates for depositions of the district and regional managers who supervised the sales representatives that called on plaintiff's prescribing physician. On August 24, 2016, AbbVie identified a district manager, Michael Thomas Christie, and two regional managers, Michael Coleman and Kate McKinley. On September 2, 2016,

Plaintiff advised AbbVie that only the deposition of district manager Michael Thomas Christie would be taken.  To date, AbbVie has not scheduled Mr. Christie's deposition.

In addition, plaintiff propounded certain limited case specific discovery on AbbVie on August 24, 2016. More specifically, plaintiff propounded 7 interrogatories and 10 document demands.

In summary, the total depositions that are being sought/taken by each side in this case is as follows:[11]

| Name of deponent | Requested by | Status |
| --- | --- | --- |
| Dr. Bohman | Defendant (on 8/5/16) | Taken 8/18/2016 |
| Dr. Hyldahl | Defendant (on 8/17/16) | AbbVie working with doctor to schedule, plaintiff will assist |
| Michael Thomas Christie (district manager) | Plaintiff (on 8/15/16) | Requested (no response by AbbVie) |

**Plaintiffs' Position on the Written Discovery Propounded in the 8 Bellwether Trial Cases**

The PSC received a list of written objections from AbbVie on Friday afternoon regarding written discovery propounded in the 8 bellwether trial cases.[12]   As noted in each summary above, the discovery requested averages 11.375 interrogatories per case and 14.25 document demands per bellwether trial case.  AbbVie was the party that advocated for a truncated Defense Fact Sheet used initially for the larger group of 100 cases, with the understanding that more heightened and detailed information would be requested and provided later when the cases were

---

[11] Plaintiff initially requested two additional regional managers (Kate McKinley, requested 8/15/16; Michael Coleman, requested 8/17/16). However, plaintiff has since withdrawn these requests. Defendant had initially requested two additional health care provider depositions (Dr. Callister, requested 8/17/16; PA Brent Pitcher, requested 8/17/16).

narrowed down as finalists.  AbbVie was also the party that advocated for a larger pool for bellwether cases.

Notwithstanding, the PSC is undertaking to work with plaintiffs' bellwether counsel to assess and review the discovery demands propounded.  More specifically, we are hoping to see if certain demands can be either withdrawn (because it might be duplicative of some general MDL discovery), differed (e.g., the demand asks for something that would be the subject of a final Pretrial order like trial exhibits or witness list), or whether the demand should be answered by AbbVie.  Just as the PSC has made significant progress in assisting to cull down the requested sales representative and district manger depositions being sought by the bellwether counsel (and which AbbVie will hopefully now produce without objection), we are hopeful that we can cull the list of written discovery that AbbVie will respond to without objection.

## II.     ABBVIE'S REPORT ON THE STATUS OF BELLWETHER DISCOVERY

AbbVie has reviewed Plaintiffs' report on the discovery status of each case and has advised Plaintiffs of any inconsistencies it found, which it will not detail here.  The below report and attached Exhibit A reflect AbbVie's current, accurate understanding of all of the discovery efforts to date and AbbVie does not believe that there is anything in Plaintiff's report that changes the facts as they now stand.

## I.     Scheduling Related to Healthcare Providers and Spouses:

As set forth in AbbVie's August 29th Report to the Court, AbbVie has been working since July to schedule depositions of Plaintiffs' physicians, with mixed success.  The problem continues, even while AbbVie has continued to narrow its discovery in order to target essential trial witnesses.  Following the telephonic, status conference with the Court on August 31, 2016, AbbVie suggested that the PSC reach out to the Plaintiffs' counsel in the individual cases to ask

them to assist with AbbVie's scheduling efforts, including by contacting Plaintiffs' doctors to ask for their cooperation (as this Court recommended). The PSC agreed and this has taken place. For its own part, AbbVie further intensified its calling activity, reaching out every day including over an additional dozen contacts with Plaintiffs' doctors and Plaintiffs' individual counsel to attempt to get depositions set since our telephonic conference with the Court.

As of the filing of this report, of the 17 doctors and 5 spouses whom AbbVie is seeking to depose, only 3 doctors and 1 spouse have been deposed. AbbVie has confirmed dates of availability in September for 9 of the remaining 14 doctors. However, 7 of the 9 confirmed dates are after the current discovery cut-off of September 19th. Of the 5 remaining doctors, two doctors have offered dates of availability only in October, and AbbVie is continuing its efforts, including seeking the assistance of Plaintiffs' counsel, to schedule the remaining 3 doctors. Attached as Exhibit A is a chart reflecting the status of scheduling each doctor and/or spouse by case. The parties will be prepared to address the impact of the depositions scheduled for a date after the current discovery cut-off as well as the remaining unscheduled depositions on the bellwether scheduled at the September 8th CMC. AbbVie also will ask the Court to set an expedited conference, including counsel for the individual Plaintiffs, to discuss what can be done to expedite the outstanding depositions.

## II.    Scheduling Related to Sales Witnesses

As AbbVie previously advised the Court, individual Plaintiffs' lawyers have served AbbVie with substantial, additional sales-related discovery requests in the trial cases, beginning after the selection of the bellwether cases on August 8, 2016, and continuing up to August 26, 2016. With respect to sales representatives who called on Plaintiffs' prescribing physicians, Plaintiffs have revisited their requests and now request 3 additional sales representatives. One

sales representative was deposed last week, 1 is scheduled to take place on September 9th, and 1 was originally scheduled for September 1st but is being rescheduled at Plaintiff's counsel's request. A new date of September 21st was recently offered.

Plaintiffs have also requested that AbbVie identify the district and regional sales managers who supervised the sales representatives who called on Plaintiffs' prescribing physicians, which AbbVie has done. Plaintiffs currently have revisited their requests and now request AbbVie to produce custodial files and schedule depositions for 12 district managers and 1 regional manager[13].

As AbbVie informed the Court during last week's telephonic, status conference and as more fully set forth in the Joint Status Report for the September 8th CMC (filed on September 6, 2016), AbbVie has objected to the discovery of sales managers as case-specific discovery. Despite no agreement having been reached regarding whether these witnesses count under the general discovery caps, on August 25th, AbbVie began the collection of custodial files for all managers requested (27 at that time and have since then re-prioritized as Plaintiffs removed managers). Further, AbbVie started to reach out on September 2nd to obtain the sales managers' dates of availability for deposition. Exhibit A also identifies the status of each sales representative and/or sales manager currently requested by case.

Given the number of sales manager depositions requested, in addition to doctors, spouses, and sales representatives, and the need to collect and produce files for manager-level witnesses, AbbVie believes it is unlikely that depositions of sales managers can be completed before the current discovery cut-off.

---

[13] Although we understand that Plaintiffs may be dropping their request for this regional manager it has not yet been communicated to AbbVie and AbbVie would raise an additional objection to any request for a regional manager as a regional manager is even further removed from interactions with doctors. A regional manager is the supervisor of a district manager.

### III.    Written Discovery

Close to 200 written discovery requests now have been served in the eight individual bellwether trial cases. The requests are overwhelmingly cumulative of requests previously made by the PSC.  Following the telephonic status conference on August 31st, and to expedite a meet and confer process in advance of the September 8 CMC, AbbVie prepared a chart categorizing the requests and indicating (very briefly) by category AbbVie's objections or general positions. The chart was provided to the PSC (on September 2nd), who advised it would reach out to the individual Plaintiffs' counsel to determine whether certain requests could be withdrawn or narrowed.  As of the date of this report, no Plaintiff has responded to AbbVie's chart or position, so it is unclear which (if any) of these discovery requests will be litigated.

### IV.    Other Discovery

At the CMC, AbbVie will apprise the Court about the other case specific discovery ongoing, none of which should affect the current schedule. This includes updating the trial bellwethers' PFSs, collecting new medical records, and certain visual records (films/studies), and making arrangements for independent medical examinations (to be conducted following Plaintiffs' expert disclosures).

Dated: September 7, 2016                        Respectfully submitted,

                                               */s/ Trent B. Miracle*
                                               Trent B. Miracle
                                               SIMMONS HANLY CONROY
                                               One Court Street
                                               Alton, IL 62002
                                               Telephone: (618) 259-2222
                                               Facsimile: (618) 259-2251
                                               tmiracle@simmonsfirm.com

                                               Ronald Johnson, Jr.
                                               SCHACHTER, HENDY & JOHNSON PSC

909 Wrights Summit Parkway, Suite 210
Ft. Wright, KY 41011
Phone: (859) 578-4444
Fax: (859) 578-4440
rjohnson@pschachter.com

Christopher A. Seeger
**SEEGER WEISS LLP**
77 Water Street
New York, NY 10005
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com

*Plaintiffs' Co-Lead Counsel*

David M. Bernick
Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, NY 10019-6064
Phone:  (212) 373-3405
Fax: (212) 492-0405
dbernick@paulweiss.com

*Attorney for AbbVie, Inc.*

Hope S. Freiwald
Michelle H. Yeary
**DECHERT LLP**
Cira Center
2929 Arch Street
Philadelphia, PA 19104
Tel: (215) 994-2514
Fax: (215) 994-2222
hope.freiwald@dechert.com
michelle.yeary@dechert.com

*Attorney for AbbVie Inc. and Abbott Laboratories*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 7, 2016, the foregoing document was filed via the Court's CM/ECF system, which will automatically serve and send email notification of such filing to all registered attorneys of record.

*/s/ Brendan A. Smith*