**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE: TESTOSTERONE REPLACEMENT THERAPY PRODUCTS LIABILITY LITIGATION | MDL No. 2545 |
| | Master Docket Case No. 1:14cv1748 |
| | Honorable Matthew F. Kennelly |
| MEDICAL MUTUAL OF OHIO | **No. 1:14-cv-8857** |
| Plaintiff, | **ANSWER OF DEFENDANTS ABBVIE INC., ABBOTT LABORATORIES, ABBOTT PRODUCTS, INC., SOLVAY PHARMACEUTICALS, INC., AND UNIMED PHARMACEUTICALS, LLC TO THE THIRD AMENDED CLASS ACTION COMPLAINT** |
| v. | |
| ABBVIE INC., ABBOTT LABORATORIES, ABBOTT PRODUCTS, INC., SOLVAY PHARMACEUTICALS, INC., UNIMED PHARMACEUTICALS, LLC, AUXILIUM, INC., GLAXOSMITHKLINE LLC, OSCIENT PHARMACEUTICALS, INC., ELI LILLY AND COMPANY, LILLY USA, INC., ACRUX COMMERCIAL PARTY LTD., ACRUX DDS PARTY LTD., ACTAVIS PLC, ACTAVIS, INC., ACTAVIS PHARMA, INC., WATSON PHARMACEUTICALS, INC., WATSON LABORATORIES, INC., ANDA, INC., and ENDO PHARMACEUTICALS, INC., | **JURY TRIAL DEMANDED** |
| Defendants. | |

<u>THE ABBVIE DEFENDANTS' ANSWER TO THE THIRD AMENDED CLASS ACTION
COMPLAINT, DEFENSES, AND JURY DEMAND</u>

Defendants AbbVie Inc., Abbott Laboratories, Abbott Products, Inc., Solvay

Pharmaceuticals, Inc., and Unimed Pharmaceuticals, LLC (together, the "AbbVie Defendants")[1]

by and through their undersigned counsel, hereby set forth the following Answer and Defenses to

Plaintiff's Third Amended Class Action Complaint ("Complaint").

The AbbVie Defendants respond herein to the allegations in the Complaint insofar as

such allegations pertain to them.  Except as otherwise expressly set forth below, the AbbVie

Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of

each and every allegation contained in the Complaint to the extent that such allegations refer or

relate to any other defendant, person or entity.

Any allegations, averments, contentions or statements in the Complaint not specifically

and unequivocally admitted in this Answer are denied.

The AbbVie Defendants respond to each of the paragraphs of the Complaint as follows:

I.      **NATURE OF THE CASE**

1.      The AbbVie Defendants admit that Plaintiff MMO purports to bring this case on

behalf of itself and a putative class of TPPs.  The AbbVie Defendants admit that AndroGel is

FDA approved for use as a testosterone replacement therapy upon prescription of a learned

intermediary and is currently marketed by AbbVie Inc.  The AbbVie Defendants are without

knowledge or information sufficient to form a belief about the truth of the remaining allegations

contained in this paragraph and therefore deny them.

2.      The AbbVie Defendants are without knowledge or information sufficient to form

---

[1] For avoidance of doubt, the "AbbVie Defendants" as used herein does not include Solvay America, Inc., Solvay
North America, LLC, Solvay Pharmaceuticals SARL, Solvay, S.A., or any other entity not specifically defined
herein as part of the "AbbVie Defendants."

a belief about the truth of the allegations contained in this paragraph and therefore deny them.

3.      Denied.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations are denied.

4.      Denied.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations are denied.

5.      The AbbVie Defendants admit that Arlene Weintraub is identified as the author of an article published by Bloomberg.com on or around November 6, 2014, titled *Safety Concerns Slow Sales of Testosterone Therapy*.  The article, being in writing, speaks for itself.  The AbbVie Defendants deny the Complaint's characterization of that article.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations, and any remaining or inconsistent allegations in this paragraph, are denied.

6.      Denied.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations are denied.

7.      Denied.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations are denied.

8.      The cited document, ABBVIE00012607, being in writing, speaks for itself.  The AbbVie Defendants deny the Complaint's characterization of that document.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no

response. To the extent a response may be required, those allegations, and any remaining or inconsistent allegations in this paragraph, are denied.

9. The AbbVie Defendants admit that there were TRT medications that pre-existed the introduction of AndroGel. Any remaining or inconsistent allegations in this paragraph are denied.

10. The AbbVie Defendants deny the Complaint's definition of "classical hypogonadism" and "hypogonadism." The AbbVie Defendants also deny the Complaint's characterization of the "appropriate[] limit[s]" of TRT use. The AbbVie Defendants are without knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and therefore deny them.

11. Denied. As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response. To the extent a response may be required, those allegations are denied.

12. To the extent this paragraph purports to characterize an unidentified written document, such a document, being in writing, speaks for itself. The Complaint's characterization of that document is denied. As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response. To the extent a response may be required, those allegations, and any remaining or inconsistent allegations in this paragraph, are denied.

13. Denied. As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response. To the extent a response may be required, those allegations are denied.

14.     To the extent this paragraph purports to characterize unidentified written communications, such communications, being in writing, speak for themselves.  The Complaint's characterization of those communications is denied.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations, and any remaining or inconsistent allegations in this paragraph, are denied.

15.     The AbbVie Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph and therefore deny them.

16.     The cited document, ABBVIE-FST01092086, being in writing, speaks for itself. To the extent this paragraph purports to characterize additional unidentified written documents, such documents, being in writing, speak for themselves.  The AbbVie Defendants deny the Complaint's characterization of those documents.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations, and any remaining or inconsistent allegations in this paragraph, are denied.

17.     Denied.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations are denied.

18.     The AbbVie Defendants deny the allegations in the first and last sentences of this paragraph.  The AbbVie Defendants admit that Abbott Laboratories published an annual report in 2011.  That report, being in writing, speaks for itself, and the AbbVie Defendants deny the Complaint's characterization of that report.  The AbbVie Defendants admit that the 2011 sales of AndroGel totaled approximately $874 million, and the 2012 sales of AndroGel totaled

4

approximately $1.15 billion. The AbbVie Defendants are without knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in this paragraph and therefore deny them.

19.     The AbbVie Defendants admit that David Von Drehle is identified as the author of an article published in Time Magazine on or around August 15, 2014, titled *Manopause?! Aging, insecurity and the $2 billion testosterone industry*. The article, being in writing, speaks for itself. The AbbVie Defendants deny the Complaint's characterization of that article. To the extent this paragraph purports to characterize unidentified written communications, such communications, being in writing, speak for themselves. The AbbVie Defendants deny the Complaint's characterization of those communications. As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response. To the extent a response may be required, those allegations, and any remaining or inconsistent allegations in this paragraph, are denied.

20.     To the extent this paragraph purports to characterize an unidentified written document, such a document, being in writing, speaks for itself. The Complaint's characterization of that document is denied. As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response. To the extent a response may be required, those allegations, and any remaining or inconsistent allegations in this paragraph, are denied.

21.     The cited document, ABBVIE-FST00490065, being in writing, speaks for itself. The AbbVie Defendants deny the Complaint's characterization of that document. As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no

response.  To the extent a response may be required, those allegations, and any remaining or inconsistent allegations in this paragraph, are denied.

22.     The AbbVie Defendants admit that Roni Caryn Rabin is identified as the author of a blog post published by the New York Times on or around February 3, 2014, titled *Weighing Testosterone's Benefits and Risks*.  The post, being in writing, speaks for itself.  The AbbVie Defendants deny the Complaint's characterization of that post.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations, and any remaining or inconsistent allegations in this paragraph, are denied.

23.     To the extent this paragraph purports to characterize publicly available written communications or documents, such communications or documents, being in writing, speak for themselves.  The AbbVie Defendants deny the Complaint's characterization of those communications and documents.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations, and any remaining or inconsistent allegations in this paragraph, are denied.

24.     The AbbVie Defendants admit that Lisa M.  Schwartz, M.D., M.S.  and Steven Woloshin, M.D., M.S. are identified as authors of an "Invited Commentary" published in JAMA in or around August 2013, titled *Low T as a Template: How to Sell Disease*, which, being in writing, speaks for itself.  The AbbVie Defendants deny the Complaint's characterization of that commentary.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations, and any remaining or inconsistent allegations in this paragraph, are denied.

25.     The AbbVie Defendants admit that Natasha Singer is identified as the author of an article published by the New York Times on or around November 23, 2013, titled *Selling That New-Man Feeling*.  The article, being in writing, speaks for itself.  The AbbVie Defendants deny the Complaint's characterization of that article.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations, and any remaining or inconsistent allegations in this paragraph, are denied.

26.     Denied.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations are denied.

27.     The AbbVie Defendants admit that Jacques Baillargeon, et al. are identified as authors of an article published by JAMA Internal Medicine on or around August 12, 2013, titled *Trends in androgen prescribing in the United States, 2001 to 2011*.  The article, being in writing, speaks for itself.  The AbbVie Defendants deny the Complaint's characterization of that article. As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations, and any remaining or inconsistent allegations in this paragraph, are denied.

28.     Denied.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations are denied.

29.     Denied.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations are denied.

30.     To the extent this paragraph purports to characterize the AndroGel website, that website, being in writing, speaks for itself.  The AbbVie Defendants deny the Complaint's characterization of that website.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations, and any remaining or inconsistent allegations in this paragraph, are denied.

31.     The cited document, ABBVIE-00009732, being in writing, speaks for itself.  The AbbVie Defendants deny the Complaint's characterization of that document.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations, and any remaining or inconsistent allegations in this paragraph, are denied.

32.     Denied.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations are denied.

33.     Denied.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations are denied.

34.     Denied.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations are denied.

35.     Denied.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations are denied.

36.     Denied.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations are denied.

37.     Denied.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations are denied.

## II.     PARTIES

38.     The AbbVie Defendants admit that Plaintiff MMO seeks to represent the putative class that it defines in its Complaint.  The AbbVie Defendants are without knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in this paragraph and therefore deny them.

39.     Denied.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations are denied.

40.     The AbbVie Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph and therefore deny them.

41.     Denied.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations are denied.

42.     Denied.

43.     The AbbVie Defendants deny that Unimed is "a direct, wholly-owned subsidiary of Defendant AbbVie Products."  There is no party in the caption of this case named "AbbVie Products."  The AbbVie Defendants admit the remaining allegations in this paragraph.

44.     The AbbVie Defendants admit that Abbott Products, Inc. is a former name of the entity subsequently known as Abbott Products LLC and now known as AbbVie Products LLC. The AbbVie Defendants admit that AbbVie Products LLC is a Georgia limited liability company, registered to do business in Georgia.  Any remaining or inconsistent allegations in this paragraph are denied.

45.     The AbbVie Defendants admit that AbbVie Inc. was incorporated in Delaware on or around April 10, 2012, and that AbbVie Inc.'s principal place of business is in Illinois.  The AbbVie Defendants admit that AbbVie Inc. currently markets and sells AndroGel.  AbbVie Inc. admits that it conducts business in the United States, including in the state of Illinois.  Any remaining or inconsistent allegations in this paragraph are denied.

46.     The AbbVie Defendants admit that Abbott Laboratories is an Illinois corporation with its principal place of business in Illinois.  The AbbVie Defendants admit that, in 2012, Abbott Laboratories announced the separation of its research-based pharmaceuticals business, which became known as AbbVie Inc.  The AbbVie Defendants admit that Abbott Laboratories conducts business in the United States, including in the state of Illinois.  Any remaining or inconsistent allegations in this paragraph are denied.

47.     This paragraph contains no allegations and requires no response.  To the extent a response may be required, the allegations in this paragraph are denied.

48.     As the allegations in this paragraph are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, the allegations in this paragraph are denied.

49.     As the allegations in this paragraph are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, the allegations in this paragraph are denied.

50.     As the allegations in this paragraph are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, the allegations in this paragraph are denied.

51.     As the allegations in this paragraph are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, the allegations in this paragraph are denied.

52.     As the allegations in this paragraph are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, the allegations in this paragraph are denied.

53.     As the allegations in this paragraph are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, the allegations in this paragraph are denied.

54.     As the allegations in this paragraph are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, the allegations in this paragraph are denied.

55.     As the allegations in this paragraph are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, the allegations in this paragraph are denied.

56.     As the allegations in this paragraph are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, the allegations in this paragraph are denied.

57.     As the allegations in this paragraph are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, the allegations in this paragraph are denied.

58.     As the allegations in this paragraph are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, the allegations in this paragraph are denied.

59.     As the allegations in this paragraph are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, the allegations in this paragraph are denied.

60.     As the allegations in this paragraph are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, the allegations in this paragraph are denied.

61.     As the allegations in this paragraph are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, the allegations in this paragraph are denied.

62.     As the allegations in this paragraph are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, the allegations in this paragraph are denied.

### III.  JURISDICTION AND VENUE

63.     The allegations in this paragraph state legal conclusions to which no response is required.  To the extent a response is required, any factual allegations in this paragraph are denied.

64.     The allegations in this paragraph state legal conclusions to which no response is required.  To the extent a response is required, any factual allegations in this paragraph are denied.

### IV.  FACTUAL ALLEGATIONS: TRT DRUGS' BACKGROUND

65.     The allegations in this paragraph state legal conclusions to which no response is required.  To the extent a response is required, the allegations in this paragraph are denied.

66.     The AbbVie Defendants admit that AndroGel is FDA approved for use as a testosterone replacement therapy upon prescription of a learned intermediary and is currently marketed by AbbVie Inc.  The AbbVie Defendants admit that AndroGel is delivered transdermally and state that the FDA approved prescribing information, being in writing, speaks for itself.  The AbbVie Defendants admit that AndroGel 1% was approved by the FDA on or around February 28, 2000, and that AndroGel 1.62% was approved by the FDA on or around April 29, 2011.  The AbbVie Defendants admit that AndroGel was originally sold in single-use packets and later became available in the form of multiple-dose pumps as well.  Any remaining or inconsistent allegations in this paragraph are denied.

67.     As the allegations in this paragraph are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, the allegations in this paragraph are denied.

68.     As the allegations in this paragraph are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, the allegations in this paragraph are denied.

69.     As the allegations in this paragraph are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, the allegations in this paragraph are denied.

70.     As the allegations in this paragraph are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, the allegations in this paragraph are denied.

71.     As the allegations in this paragraph are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, the allegations in this paragraph are denied.

72.     The allegations in this paragraph state legal conclusions to which no response is required.  To the extent a response is required, the allegations in this paragraph are denied.

73.     The allegations in this paragraph state legal conclusions to which no response is required.  To the extent a response is required, the allegations in this paragraph are denied.

74.     To the extent this paragraph purports to characterize AndroGel's FDA-approved labeling, AndroGel's labeling, being in writing, speaks for itself.  The Complaint's characterization of that labeling, of the extent of the FDA's approval of TRT drugs, and any remaining or inconsistent allegations in this paragraph are denied.

## V. SOURCES OF INFORMATION ABOUT PRESCRIPTION DRUGS RELIED UPON BY MEDICAL DECISION MAKERS, INCLUDING PLAINTIFF MMO AND THE TPP CLASS MEMBERS[2]

75.     The AbbVie Defendants admit that David L. Sackett et al. are identified as authors of an editorial published in the British Medical Journal in or around January 1996, titled *Evidence based medicine: what it is and what it isn't*. The editorial, being in writing, speaks for itself. The AbbVie Defendants deny the Complaint's characterization of that editorial. As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response. To the extent a response may be required, those allegations, and any remaining or inconsistent allegations in this paragraph, are denied.

76.     The AbbVie Defendants admit that David L. Sackett et al. are identified as authors of an editorial published in the British Medical Journal in or around January 1996, titled *Evidence based medicine: what it is and what it isn't*. The editorial, being in writing, speaks for itself. The AbbVie Defendants deny the Complaint's characterization of that editorial. As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response. To the extent a response may be required, those allegations, and any remaining or inconsistent allegations in this paragraph, are denied.

77.     The AbbVie Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph and therefore deny them.

78.     As the allegations in this paragraph are not directed at the AbbVie Defendants, the AbbVie Defendants make no response. To the extent a response may be required, the AbbVie Defendants are without knowledge or information sufficient to form a belief about the truth of

---

[2] The section headings provided herein are taken directly from the Complaint for ease of review. By using them here, the AbbVie Defendants do not express agreement with the terms used in these section headings, nor do they admit to any statements or allegations, whether express or implied, contained in these section headings.

the allegations contained in this paragraph, as these allegations make broad representations about "pharmaceutical companies" and "marketing" generally, and therefore deny them.

79.     The AbbVie Defendants admit that The Kaiser Family Foundation published a paper in or around March 2002, titled *National Survey of Physicians Part II: Doctors and Prescription Drugs.* The paper, being in writing, speaks for itself. The AbbVie Defendants deny the Complaint's characterization of that paper. As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response. To the extent a response may be required, those allegations, and any remaining or inconsistent allegations in this paragraph, are denied.

80.     The AbbVie Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph and therefore deny them.

81.     The AbbVie Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph concerning what doctors "believed" and therefore deny them. As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response. To the extent a response may be required, those allegations, and any remaining or inconsistent allegations in this paragraph, are denied.

82.     The AbbVie Defendants admit that employees of one or more AbbVie Defendants sometimes provided information regarding AndroGel and/or hypogonadism to doctors. As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response. To the extent a response may be required, those allegations, and any remaining or inconsistent allegations in this paragraph, are denied.

83.     The AbbVie Defendants admit that employees of one or more AbbVie Defendants sometimes provided information regarding AndroGel and/or hypogonadism to healthcare professionals.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations, and any remaining or inconsistent allegations in this paragraph, are denied.

84.     The AbbVie Defendants admit that some jurisdictions require doctors to attend CME courses, and that some CME courses describe clinical trial information.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations, and any remaining or inconsistent allegations in this paragraph, are denied.

85.     The AbbVie Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph and therefore deny them.

86.     The AbbVie Defendants admit that R.  Van Harrison is identified as the author of an article published in the Journal of Continuing Education in the Health Professions in or around 2003, titled *The uncertain future of continuing medical education: commercialism and shifts in funding*.  The article, being in writing, speaks for itself.  The AbbVie Defendants deny the Complaint's characterization of that article.  The AbbVie Defendants are without knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in this paragraph and therefore deny them.

87.     As the allegations in this paragraph are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, the AbbVie Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph and therefore deny them.

88.     As the allegations in this paragraph are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, the AbbVie Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph and therefore deny them.

89.     To the extent this paragraph purports to characterize "ACCME standards" and "FDA guidance," such information, being in writing, speaks for itself.  The Complaint's characterization of that information is denied.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations, and any remaining or inconsistent allegations in this paragraph, are denied.

90.     The AbbVie Defendants admit that Ashley Wazana, M.D.  is identified as the author of an article published in JAMA on or around January 19, 2000, titled *Physicians and the Pharmaceutical Industry Is a Gift Ever Just a Gift?*  The article, being in writing, speaks for itself.  The AbbVie Defendants deny the Complaint's characterization of that article.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations, and any remaining or inconsistent allegations in this paragraph, are denied.

91.     Denied.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations are denied.

92.     Denied.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations are denied.

18

93.     The AbbVie Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph regarding what "the CME vendors understood" and therefore deny them.  Any remaining or inconsistent allegations in this paragraph are denied.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations, and any remaining or inconsistent allegations in this paragraph, are denied.

94.     The AbbVie Defendants deny the allegations in the last sentence of this paragraph.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations are denied.  The AbbVie Defendants are without knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and therefore deny them.

95.     The AbbVie Defendants admit that John Fauber is identified as the author of an article published on medpagetoday.com on or around October 18, 2015, titled *Slippery Slope: Testosterone Muscles Its Way to Profits*.  The article, being in writing, speaks for itself.  The AbbVie Defendants deny the Complaint's characterization of that article.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations, and any remaining or inconsistent allegations in this paragraph, are denied.

96.     The AbbVie Defendants admit that John Fauber is identified as the author of an article published on medpagetoday.com on or around October 18, 2015, titled *Slippery Slope: Testosterone Muscles Its Way to Profits*.  The article, being in writing, speaks for itself.  The AbbVie Defendants deny the Complaint's characterization of that article.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To

the extent a response may be required, those allegations, and any remaining or inconsistent allegations in this paragraph, are denied.

97.     The AbbVie Defendants admit that John Fauber et al. are identified as authors of an article published in the Journal Sentinel on or around October 17, 2015, titled *Testosterone courses downplay risks, lead to overuse in older men*.  The article, being in writing, speaks for itself.  The AbbVie Defendants deny the Complaint's characterization of that article.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations, and any remaining or inconsistent allegations in this paragraph, are denied.

98.     The AbbVie Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations contained in the first sentence of this paragraph and therefore deny them.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations, and any remaining or inconsistent allegations in this paragraph, are denied.

99.     The AbbVie Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations contained in the first sentence of this paragraph and therefore deny them.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations, and any remaining or inconsistent allegations in this paragraph, are denied.

100.     The cited articles and reports, being in writing, speak for themselves.  The AbbVie Defendants deny the Complaint's characterization of those articles and reports.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations are denied.  The AbbVie

Defendants are without knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and therefore deny them.

101.     Denied.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations are denied.

102.     The AbbVie Defendants admit that Nikolaos A.  Patsopoulos et al. are identified as authors of an article published in the British Medical Journal on or around May 6, 2006, titled *Origin and funding of the most frequently cited papers in medicine: database analysis*.  The article, being in writing, speaks for itself.  The AbbVie Defendants deny the Complaint's characterization of that article, as well as any remaining or inconsistent allegations in this paragraph.

103.     The AbbVie Defendants admit that Michelle M.  Mello, J.D., Ph.D.  et al. are identified as authors of an article published in the New England Journal of Medicine on or around May 26, 2005, titled *Academic Medical Centers' Standards for Clinical-Trial Agreements with Industry*.  The article, being in writing, speaks for itself.  The AbbVie Defendants deny the Complaint's characterization of that article, as well as any remaining or inconsistent allegations in this paragraph.

104.     Certain allegations in this paragraph state legal conclusions to which no response is required.  To the extent a response is required, those allegations are denied.  To the extent this paragraph purports to characterize written statements, such statements, being in writing, speak for themselves.  The Complaint's characterization of those statements, and any remaining or inconsistent allegations in this paragraph, are denied.

105.     The AbbVie Defendants admit that Richard Smith is identified as the author of an article published in PLOS Medicine on or around May 17, 2005, titled *Medical Journals Are an Extension of the Marketing Arm of Pharmaceutical Companies*; Bodil Als-Nielsen, M.D. et al. are identified as authors of an article published in JAMA in or around 2003, titled *Association of Funding and Conclusions in Randomized Drug Trials*; and C. Seth Landefeld, M.D. is identified as the author of an article published in the American Journal of Medicine in or around December 2004, titled *Commercial support and bias in pharmaceutical research.* The articles, being in writing, speak for themselves. The AbbVie Defendants deny the Complaint's characterization of those articles, as well as any remaining or inconsistent allegations in this paragraph.

106.     The AbbVie Defendants admit that Roy H. Perlis et al. are identified as authors of an article published in the American Journal of Psychiatry in or around October 2005, titled *Industry sponsorship and financial conflict of interest in the reporting of clinical trials in psychiatry*. The article, being in writing, speaks for itself. The AbbVie Defendants deny the Complaint's characterization of that article. As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response. To the extent a response may be required, those allegations, and any remaining or inconsistent allegations in this paragraph, are denied.

## VI.     USE OF TRT DRUGS IS TIED TO SERIOUS ADVERSE EVENTS

107.     Denied. As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response. To the extent a response may be required, those allegations are denied.

22

108.    Denied.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations are denied.

109.    Denied.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations are denied.

110.    Denied.

111.    Denied.

112.    Denied.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations are denied.

113.    The AndroGel medication guide, being in writing, speaks for itself.  The Complaint's characterization of the AndroGel medication guide is denied.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations, and any remaining or inconsistent allegations in this paragraph, are denied.

114.    The prescribing information and medication guide for AndroGel, being in writing, speak for themselves.  The AbbVie Defendants deny the Complaint's characterization of such materials.  It is denied that the label should have contained the remaining warnings set forth in this paragraph or that Plaintiff MMO's proffered warnings are accurate or appropriate.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations, and any remaining or inconsistent allegations in this paragraph, are denied.

115.    The prescribing information and medication guide for AndroGel, being in writing, speak for themselves.  The AbbVie Defendants deny the Complaint's characterization of such materials.  It is denied that the label should have contained the remaining warnings set forth in this paragraph or that Plaintiff MMO's proffered warnings are accurate or appropriate.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations, and any remaining or inconsistent allegations in this paragraph, are denied.

116.    The prescribing information and medication guide for AndroGel, being in writing, speak for themselves.  The AbbVie Defendants deny the Complaint's characterization of such materials.  It is denied that the label should have contained the remaining warnings set forth in this paragraph or that Plaintiff MMO's proffered warnings are accurate or appropriate.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations, and any remaining or inconsistent allegations in this paragraph, are denied.

117.    The prescribing information and medication guide for AndroGel, being in writing, speak for themselves.  The AbbVie Defendants deny the Complaint's characterization of such materials.  It is denied that the label should have contained the remaining warnings set forth in this paragraph or that Plaintiff MMO's proffered warnings are accurate or appropriate.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations, and any remaining or inconsistent allegations in this paragraph, are denied.

118.    The prescribing information and medication guide for AndroGel, being in writing, speak for themselves.  The AbbVie Defendants deny the Complaint's characterization of such

materials. It is denied that the label should have contained the remaining warnings set forth in this paragraph or that Plaintiff MMO's proffered warnings are accurate or appropriate. As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response. To the extent a response may be required, those allegations, and any remaining or inconsistent allegations in this paragraph, are denied.

119. The prescribing information and medication guide for AndroGel, being in writing, speak for themselves. The AbbVie Defendants deny the Complaint's characterization of such materials. It is denied that the label should have contained the remaining warnings set forth in this paragraph or that Plaintiff MMO's proffered warnings are accurate or appropriate. As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response. To the extent a response may be required, those allegations, and any remaining or inconsistent allegations in this paragraph, are denied.

120. The prescribing information and medication guide for AndroGel, being in writing, speak for themselves. The AbbVie Defendants deny the Complaint's characterization of such materials. It is denied that the label should have contained the remaining warnings set forth in this paragraph or that Plaintiff MMO's proffered warnings are accurate or appropriate. As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response. To the extent a response may be required, those allegations, and any remaining or inconsistent allegations in this paragraph, are denied.

121. Denied. As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response. To the extent a response may be required, those allegations are denied.

122.     To the extent this paragraph purports to characterize written information, such information, being in writing, speaks for itself.  The AbbVie Defendants deny the Complaint's characterization of that information.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations, and any remaining or inconsistent allegations in this paragraph, are denied.

123.     Denied.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations are denied.

124.     The cited document, ABBVIE-00002621, being in writing, speaks for itself.  The AbbVie Defendants deny the Complaint's characterization of that document.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations, and any remaining or inconsistent allegations in this paragraph, are denied.

125.     Denied.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations are denied.

126.     Denied.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations are denied.

127.     The AbbVie Defendants lack knowledge or information sufficient to form a belief regarding the "study" described but not identified or cited in full.  As such, the AbbVie Defendants deny the allegations in this paragraph.

128.     The AbbVie Defendants admit that Lin Xu et al. are identified as authors of an article published in BioMed Central The Open Access Publisher on or around April 18, 2013, titled *Testosterone therapy and cardiovascular events among men: a systematic review and meta-analysis of placebo-controlled randomized trials*.  The article, being in writing, speaks for itself.  The AbbVie Defendants deny the Complaint's characterization of that article.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations, and any remaining or inconsistent allegations in this paragraph, are denied.

129.     The AbbVie Defendants admit that Rebecca Vigen, Colin I.  O'Donnell, Anna E. Barón, and Gary K.  Grunwald, et al. are identified as authors of an article published in JAMA on or around November 6, 2013, titled *Association of Testosterone Therapy with Mortality, Myocardial Infarction, and Stroke in Men with Low Testosterone Levels*.  The article, being in writing, speaks for itself.  The AbbVie Defendants deny the Complaint's characterization of that article.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations, and any remaining or inconsistent allegations in this paragraph, are denied.

130.     The AbbVie Defendants admit that Rebecca Vigen, Colin I.  O'Donnell, Anna E. Barón, and Gary K.  Grunwald, et al. are identified as authors of an article published in JAMA on or around November 6, 2013, titled *Association of Testosterone Therapy with Mortality, Myocardial Infarction, and Stroke in Men with Low Testosterone Levels*.  The article, being in writing, speaks for itself.  The AbbVie Defendants deny the Complaint's characterization of that article.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie

Defendants make no response.  To the extent a response may be required, those allegations, and any remaining or inconsistent allegations in this paragraph, are denied.

131.    The AbbVie Defendants admit that William D.  Finkle, Sander Greenland, Gregory K.  Ridgeway, John L.  Adams, et al. are identified as authors of an article published in PLOS ONE on or around January 29, 2014, titled *Increased Risk of Non-Fatal Myocardial Infarction Following Testosterone Therapy Prescription in Men*.  The article, being in writing, speaks for itself.  The AbbVie Defendants deny the Complaint's characterization of that article, as well as any remaining or inconsistent allegations in this paragraph.

132.    The AbbVie Defendants admit that William D.  Finkle, Sander Greenland, Gregory K.  Ridgeway, John L.  Adams, et al. are identified as authors of an article published in PLOS ONE on or around January 29, 2014, titled *Increased Risk of Non-Fatal Myocardial Infarction Following Testosterone Therapy Prescription in Men*.  The article, being in writing, speaks for itself.  The AbbVie Defendants deny the Complaint's characterization of that article, as well as any remaining or inconsistent allegations in this paragraph.

133.    The AbbVie Defendants admit that the FDA issued a "Drug Safety Communication" on or around January 31, 2014, titled "FDA Drug Safety Communication: FDA evaluating risk of stroke, heart attack and death with FDA-approved testosterone products."  The communication, being in writing, speaks for itself.  The AbbVie Defendants deny the Complaint's characterization of that communication, as well as any remaining or inconsistent allegations in this paragraph.

134.    The AbbVie Defendants admit that on or around June 19, 2014, the FDA issued an announcement regarding certain required changes to the labeling of TRT medications.  The FDA's announcement, being in writing, speaks for itself.  The AbbVie Defendants deny the

28

Complaint's characterization of that announcement, as well as any remaining or inconsistent allegations in this paragraph.

135.     The AbbVie Defendants admit that on or around June 19, 2014, the FDA issued an announcement regarding certain required changes to the labeling of TRT medications.  The FDA's announcement, being in writing, speaks for itself.  The AbbVie Defendants deny the Complaint's characterization of that announcement, as well as any remaining or inconsistent allegations in this paragraph.

136.     The AbbVie Defendants admit that AbbVie Inc., in cooperation with the FDA, modified the product label and medication guide for AndroGel on or around June 19, 2014. Such modification, being in writing, speaks for itself.  The AbbVie Defendants deny the Complaint's characterization of that modification, as well as any remaining or inconsistent allegations in this paragraph.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations, and any remaining or inconsistent allegations in this paragraph, are denied.

137.     The prescribing information and medication guide for AndroGel, being in writing, speak for themselves.  The AbbVie Defendants deny the Complaint's characterization of such materials.  It is denied that the label should have contained the remaining warnings set forth in this paragraph or that Plaintiff MMO's proffered warnings are accurate or appropriate.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations, and any remaining or inconsistent allegations in this paragraph, are denied.

138.     The prescribing information and medication guide for AndroGel, being in writing, speak for themselves.  The AbbVie Defendants deny the Complaint's characterization of such materials.  It is denied that the label should have contained the remaining warnings set forth in this paragraph or that Plaintiff MMO's proffered warnings are accurate or appropriate.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations, and any remaining or inconsistent allegations in this paragraph, are denied.

139.     The AbbVie Defendants admit that on or around March 3, 2015, the FDA issued an FDA Drug Safety Communication, which, being in writing, speaks for itself.  The AbbVie Defendants deny the Complaint's characterization of that communication, as well as any remaining or inconsistent allegations in this paragraph.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations, and any remaining or inconsistent allegations in this paragraph, are denied.

140.     The AbbVie Defendants admit that on or around March 3, 2015 the FDA issued an FDA Drug Safety Communication, which, being in writing, speaks for itself.  The AbbVie Defendants deny the Complaint's characterization of that communication, as well as any remaining or inconsistent allegations in this paragraph.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations, and any remaining or inconsistent allegations in this paragraph, are denied.

141.     The AbbVie Defendants admit that on or around March 3, 2015 the FDA issued an FDA Drug Safety Communication, which, being in writing, speaks for itself.  The AbbVie

30

Defendants deny the Complaint's characterization of that communication, as well as any remaining or inconsistent allegations in this paragraph. As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response. To the extent a response may be required, those allegations, and any remaining or inconsistent allegations in this paragraph, are denied.

142. The AbbVie Defendants admit that on or around March 3, 2015 the FDA issued an FDA Drug Safety Communication, which, being in writing, speaks for itself. The AbbVie Defendants deny the Complaint's characterization of that communication, as well as any remaining or inconsistent allegations in this paragraph. As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response. To the extent a response may be required, those allegations, and any remaining or inconsistent allegations in this paragraph, are denied.

143. The prescribing information and medication guide for AndroGel, being in writing, speak for themselves. The AbbVie Defendants deny the Complaint's characterization of such materials. It is denied that the label should have contained the remaining warnings set forth in this paragraph or that Plaintiff MMO's proffered warnings are accurate or appropriate. As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response. To the extent a response may be required, those allegations, and any remaining or inconsistent allegations in this paragraph, are denied.

144. Denied. As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response. To the extent a response may be required, those allegations, and any remaining or inconsistent allegations in this paragraph, are denied.

31

145.     Denied.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations are denied.

146.     Denied.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations are denied.

147.     The AbbVie Defendants admit that Lin Xu et al. are identified as authors of an article published in BioMed Central The Open Access Publisher on or around April 18, 2013, titled *Testosterone therapy and cardiovascular events among men: a systematic review and meta-analysis of placebo-controlled randomized trials*.  The article, being in writing, speaks for itself.  The AbbVie Defendants deny the Complaint's characterization of that article.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations, and any remaining or inconsistent allegations in this paragraph, are denied.

148.     Denied.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations are denied.

149.     Denied.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations are denied.

150.     The AbbVie Defendants lack knowledge or information sufficient to form a belief regarding documents or communications described but not identified or cited in full.  As such, the AbbVie Defendants deny the allegations in this paragraph related to such documents or

communications. As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response. To the extent a response may be required, those allegations, and any remaining or inconsistent allegations in this paragraph, are denied.

151. Denied. As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response. To the extent a response may be required, those allegations are denied.

152. As the allegations in this paragraph are not directed at the AbbVie Defendants, the AbbVie Defendants make no response. To the extent a response may be required, the allegations in this paragraph are denied.

153. Denied. As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response. To the extent a response may be required, those allegations are denied.

154. Denied. As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response. To the extent a response may be required, those allegations are denied.

155. Denied. As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response. To the extent a response may be required, those allegations are denied.

156. To the extent this paragraph purports to characterize uncited written communications or documents, such communications or documents, being in writing, speak for themselves. The Complaint's characterization of those communications or documents is denied. As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants

make no response. To the extent a response may be required, those allegations, and any remaining or inconsistent allegations in this paragraph, are denied.

157.   The AbbVie Defendants lack knowledge or information sufficient to form a belief regarding statements described but not identified or cited in full. As such, the AbbVie Defendants deny the allegations in this paragraph.

158.   Denied. As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response. To the extent a response may be required, those allegations are denied.

159.   Denied. As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response. To the extent a response may be required, those allegations are denied.

160.   The AbbVie Defendants admit that AbbVie Inc., in cooperation with the FDA, modified the product label and medication guide for AndroGel on or around June 19, 2014. These materials, being in writing, speak for themselves. The AbbVie Defendants deny the Complaint's characterization of that modification and deny that any additional or different information was required. As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response. To the extent a response may be required, those allegations, and any remaining or inconsistent allegations in this paragraph, are denied.

161.   Denied. As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response. To the extent a response may be required, those allegations are denied.

162.     Denied.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations are denied.

163.     Denied.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations are denied.

## VII.    INSURANCE COVERAGE FOR DEFENDANTS' TRT DRUGS WAS VITAL TO THE SUCCESS OF THEIR FRAUDULENT MARKETING SCHEME

164.     Denied.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations are denied.

165.     The AbbVie Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations contained in the first sentence of this paragraph and therefore deny them.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations, and any remaining or inconsistent allegations in this paragraph, are denied

166.     Denied.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations are denied.

167.     The AbbVie Defendants admit that AndroGel has at various times been approved on the formularies of some TPPs, including that of Plaintiff MMO.  The AbbVie Defendants admit that AbbVie Inc. has a "managed health care" group whose employees' responsibilities include communicating with certain TPPs.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be

35

required, those allegations, and any remaining or inconsistent allegations in this paragraph, are denied

168.     Denied.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations are denied.

169.     The cited document, ABBVIE-FST16059786, being in writing, speaks for itself. The AbbVie Defendants deny the Complaint's characterization of that document.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations, and any remaining or inconsistent allegations in this paragraph, are denied.

170.     Denied.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations are denied.

171.     The AbbVie Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph and therefore deny them.

172.     The AbbVie Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph and therefore deny them.

173.     The AbbVie Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph and therefore deny them.

174.     The AbbVie Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph and therefore deny them.

175.     The AbbVie Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph and therefore deny them.

176.    The AbbVie Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph and therefore deny them.

177.    The AbbVie Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph and therefore deny them.

178.    Denied.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations are denied.

179.    Denied.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations are denied.

180.    The AbbVie Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph and therefore deny them.

181.    The AbbVie Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph and therefore deny them.

182.    The AbbVie Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph and therefore deny them.

183.    The AbbVie Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph and therefore deny them.

184.    The AbbVie Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph and therefore deny them.

185.    Denied.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations are denied.

186.     The AbbVie Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph and therefore deny them.

187.     The AbbVie Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph and therefore deny them.

188.     The AbbVie Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph and therefore deny them.

189.     The AbbVie Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph and therefore deny them.

190.     The AbbVie Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph and therefore deny them.

191.     The AbbVie Defendants admit that AndroGel has at various times been preferred on the formularies of some TPPs.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations, and any remaining or inconsistent allegations in this paragraph, are denied

192.     The AbbVie Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph and therefore deny them.

193.     The AbbVie Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph and therefore deny them.

194.     The AbbVie Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph and therefore deny them.

195.     The AbbVie Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph and therefore deny them.

196. The AbbVie Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph and therefore deny them.

197. The AbbVie Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph and therefore deny them.

198. The AbbVie Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph and therefore deny them.

199. The AbbVie Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph and therefore deny them.

200. The AbbVie Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph and therefore deny them.

201. The AbbVie Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph and therefore deny them.

202. The AbbVie Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph and therefore deny them.

203. The AbbVie Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph and therefore deny them.

204. The AbbVie Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph and therefore deny them.

205. The AbbVie Defendants are without knowledge or information sufficient to form a belief about allegations related to information that Plaintiff MMO purportedly received in or around May 2008 and therefore deny them. The AbbVie Defendants deny that any AbbVie Defendant provided "false and misleading information." As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response. To the extent a

response may be required, those allegations, and any remaining or inconsistent allegations in this paragraph, are denied.

206.   Denied.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations are denied.

207.   Denied.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations are denied.

208.   The cited document, ABBVIE-FST16059786, being in writing, speaks for itself. The AbbVie Defendants deny the Complaint's characterization of that document.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations, and any remaining or inconsistent allegations in this paragraph, are denied.

209.   To the extent this paragraph purports to characterize unidentified written information about AMCP, such information, being in writing, speaks for itself.  The Complaint's characterization of that information is denied.  The AbbVie Defendants are without knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in this paragraph and therefore deny them.

210.   To the extent this paragraph purports to characterize unidentified written information about AMCP, such information, being in writing, speaks for itself.  The Complaint's characterization of that information is denied.  The AbbVie Defendants are without knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in this paragraph and therefore deny them.

211.    The AbbVie Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph and therefore deny them.

212.    The AbbVie Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph and therefore deny them.

213.    The AbbVie Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph and therefore deny them.

214.    The AbbVie Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph and therefore deny them.

215.    The AbbVie Defendants admit that employees or representatives of one or more AbbVie Defendants have at times attended events sponsored by AMCP.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations, and any remaining or inconsistent allegations in this paragraph, are denied

216.    Denied.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations are denied.

217.    The AbbVie Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph and therefore deny them.

218.    Denied.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations are denied.

219.    The AbbVie Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph and therefore deny them.

220.     Denied.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations are denied.

221.     As the allegations in this paragraph are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, the allegations in this paragraph are denied.

222.     Denied.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations are denied.

223.     Denied.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations are denied.

224.     Denied.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations are denied.

**VIII.   FORMATION OF THE FALSE AND MISLEADING TRT DRUGS MARKETING ENTERPRISES**

225.     Denied.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations are denied.

226.     Denied.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations are denied.

227.    Denied.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations are denied.

228.    Denied.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations are denied.

229.    Denied.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations are denied.

230.    Denied.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations are denied.

231.    Denied.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations are denied.

232.    Denied.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations are denied.

233.    Denied.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations are denied.

234.     Denied.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations are denied.

235.     Denied.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations are denied.

236.     The AbbVie Defendants admit that AbbVie Inc. has a "managed health care" group whose employees' responsibilities include communicating with certain TPPs.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations, and any remaining or inconsistent allegations in this paragraph, are denied.

237.     Denied.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations are denied.

238.     Denied.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations are denied.

239.     The cited document, ABBVIE-FST14864925, being in writing, speaks for itself.  The AbbVie Defendants deny the Complaint's characterization of that document.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations, and any remaining or inconsistent allegations in this paragraph, are denied.

240.     The cited document, ABBVIE-FST14864925, being in writing, speaks for itself. The AbbVie Defendants deny the Complaint's characterization of that document.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations, and any remaining or inconsistent allegations in this paragraph, are denied.

241.     Denied.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations are denied.

242.     Denied.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations are denied.

243.     Denied.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations are denied.

244.     Denied.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations are denied.

245.     Denied.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations are denied.

246.     Denied.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations are denied.

247.    Denied.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations are denied.

248.    As the allegations in this paragraph are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, the allegations in this paragraph are denied.

249.    As the allegations in this paragraph are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, the allegations in this paragraph are denied.

250.    As the allegations in this paragraph are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, the allegations in this paragraph are denied.

251.    As the allegations in this paragraph are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, the allegations in this paragraph are denied.

252.    The AbbVie Defendants are without knowledge or information sufficient to form a belief about allegations related to what Plaintiff MMO does and does not know and therefore deny them.  The AbbVie Defendants deny that any "Formulary Access Enterprise" exists as to AbbVie.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations in this paragraph are denied.

253.    The AbbVie Defendants deny the allegations in the first sentence in this paragraph.  The AbbVie Defendants are without knowledge or information sufficient to form a

belief about the truth of the allegations in this paragraph concerning P&T committees and therefore deny them. As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response. To the extent a response may be required, those allegations, and any remaining or inconsistent allegations in this paragraph, are denied.

254. Denied. As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response. To the extent a response may be required, those allegations are denied.

255. Denied. As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response. To the extent a response may be required, those allegations are denied.

256. Denied. As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response. To the extent a response may be required, those allegations are denied.

257. Denied. As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response. To the extent a response may be required, those allegations are denied.

258. Denied. As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response. To the extent a response may be required, those allegations are denied.

259. The AbbVie Defendants are without knowledge or information sufficient to form a belief about the allegations related to how Plaintiff MMO or any other TPP "viewed" any information that any Defendant may have provided to them and therefore deny those allegations. The AbbVie Defendants state that any information that the AbbVie Defendants may have

47

provided to any TPP was in fact "legitimate science." As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response. To the extent a response may be required those allegations, and any remaining or inconsistent allegations in this paragraph, are denied.

260.     Denied. As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response. To the extent a response may be required, those allegations are denied.

261.     Denied. As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response. To the extent a response may be required, those allegations are denied.

262.     Denied. As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response. To the extent a response may be required, those allegations are denied.

263.     Denied. As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response. To the extent a response may be required, those allegations are denied.

264.     Denied. As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response. To the extent a response may be required, those allegations are denied.

265.     Denied. As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response. To the extent a response may be required, those allegations are denied.

266.     Denied.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations are denied.

267.     Denied.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations are denied.

268.     The AbbVie Defendants admit that in the year 2015, AbbVie's net revenues from sales of AndroGel were in the millions of dollars.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations, and any remaining or inconsistent allegations in this paragraph, are denied.

269.     Denied.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations are denied.

270.     Denied.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations are denied.

271.     Denied.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations are denied.

272.     Denied.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations are denied.

273.     The AbbVie Defendants lack knowledge or information sufficient to form a belief regarding the allegations in this paragraph regarding a "talk" by Dr. Swerdloff that are described but not identified or cited in full.  As such, the AbbVie Defendants deny the allegations related to those statements.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations, and any remaining or inconsistent allegations in this paragraph, are denied.

274.     Denied.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations are denied.

275.     Denied.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations are denied.

276.     Denied.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations are denied.

277.     Denied.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations are denied.

278.     As the allegations in this paragraph are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, the allegations in this paragraph are denied.

279.    As the allegations in this paragraph are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, the allegations in this paragraph are denied.

280.    As the allegations in this paragraph are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, the allegations in this paragraph are denied.

281.    As the allegations in this paragraph are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, the allegations in this paragraph are denied.

282.    The AbbVie Defendants are without knowledge or information sufficient to form a belief about the allegations related to what Plaintiff MMO does and does not know and therefore deny those allegations.  The AbbVie Defendants deny the existence of any AndroGel Peer Selling Enterprise.  As to any remaining allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations are denied.

283.    Denied.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations are denied.

284.    The cited document, ABBVIE-00012051, being in writing, speaks for itself.  The AbbVie Defendants deny the Complaint's characterization of that document.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations, and any remaining or inconsistent allegations in this paragraph, are denied.

51

285.    As the allegations in this paragraph are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, the allegations in this paragraph are denied.

286.    Denied.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations are denied.

287.    The cited document, ABBVIE-00015696, being in writing, speaks for itself.  The AbbVie Defendants deny the Complaint's characterization of that document.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations, and any remaining or inconsistent allegations in this paragraph, are denied.

288.    The cited documents, ABBVIE-00220996 and ABBVIE-00011733, being in writing, speak for themselves.  The AbbVie Defendants deny the Complaint's characterization of those documents.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations, and any remaining or inconsistent allegations in this paragraph, are denied.

289.    The cited document, ABBVIE-00009520, being in writing, speaks for itself.  The AbbVie Defendants deny the Complaint's characterization of that document.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations, and any remaining or inconsistent allegations in this paragraph, are denied.

290.    The AbbVie Defendants deny the allegations in the first sentence of this paragraph.  The AbbVie Defendants are without knowledge or information sufficient to form a

belief about the truth of the allegations contained in the second sentence of this paragraph and therefore deny them. To the extent this paragraph purports to characterize an unidentified written document, that document, being in writing, speaks for itself. The AbbVie Defendants deny the Complaint's characterization of that document. As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response. To the extent a response may be required, those allegations, and any remaining or inconsistent allegations in this paragraph, are denied.

291.    Denied. As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response. To the extent a response may be required, those allegations are denied.

292.    The cited document, ABBVIE-00011359, being in writing, speaks for itself. The AbbVie Defendants deny the Complaint's characterization of that document. As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response. To the extent a response may be required, those allegations, and any remaining or inconsistent allegations in this paragraph, are denied.

293.    Denied. As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response. To the extent a response may be required, those allegations are denied.

294.    Denied. As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response. To the extent a response may be required, those allegations are denied.

295.    As the allegations in this paragraph are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, the allegations in this paragraph are denied.

296.    As the allegations in this paragraph are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, the allegations in this paragraph are denied.

297.    As the allegations in this paragraph are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, the allegations in this paragraph are denied.

298.    As the allegations in this paragraph are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, the allegations in this paragraph are denied.

299.    The AbbVie Defendants are without knowledge or information sufficient to form a belief about the allegations related to what Plaintiff MMO does and does not know and therefore deny those allegations.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations are denied.

300.    Denied.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations are denied.

301.    Denied.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations are denied.

302.    Denied.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations are denied.

303.    The cited document, ABBVIE-00012116, being in writing, speaks for itself.  The AbbVie Defendants deny the Complaint's characterization of that document.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations, and any remaining or inconsistent allegations in this paragraph, are denied.

304.    The cited document, ABBVIE-00010963, being in writing, speaks for itself.  The AbbVie Defendants deny the Complaint's characterization of that document.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations, and any remaining or inconsistent allegations in this paragraph, are denied.

305.    Denied.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations are denied.

306.    Denied.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations are denied.

307.    Denied.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations are denied.

308.     Denied.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations are denied.

309.     To the extent this paragraph purports to characterize an unidentified written document, such document, being in writing, speaks for itself.  The Complaint's characterization of that document is denied.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations, and any remaining or inconsistent allegations in this paragraph, are denied.

310.     As the allegations in this paragraph are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, the allegations in this paragraph are denied.

311.     To the extent this paragraph purports to characterize an unidentified written document, such document, being in writing, speaks for itself.  The Complaint's characterization of that document is denied.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations, and any remaining or inconsistent allegations in this paragraph, are denied.

312.     To the extent this paragraph purports to characterize an unidentified written document, such document, being in writing, speaks for itself.  The Complaint's characterization of that document is denied.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations, and any remaining or inconsistent allegations in this paragraph, are denied.

313.     Denied.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations are denied.

314.     Denied.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations are denied.

315.     Denied.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations are denied.

316.     Denied.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations are denied.

317.     The cited document, ABBVIE-00011649, being in writing, speaks for itself.  The AbbVie Defendants deny the Complaint's characterization of that document.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations, and any remaining or inconsistent allegations in this paragraph, are denied.

318.     The AbbVie Defendants admit that Lin Xu et al. are identified as authors of an article published in BioMed Central The Open Access Publisher on or around April 18, 2013, titled *Testosterone therapy and cardiovascular events among men: a systematic review and meta-analysis of placebo-controlled randomized trials*.  The article, being in writing, speaks for itself.  The AbbVie Defendants deny the Complaint's characterization of that article.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no

response. To the extent a response may be required, those allegations, and any remaining or inconsistent allegations in this paragraph, are denied.

319.     Denied. As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response. To the extent a response may be required, those allegations are denied.

320.     To the extent this paragraph purports to characterize an unidentified written document, such document, being in writing, speaks for itself. The Complaint's characterization of that document is denied. As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response. To the extent a response may be required, those allegations, and any remaining or inconsistent allegations in this paragraph, are denied.

321.     The cited document, ABBVIE-FST01255274, being in writing, speaks for itself. The AbbVie Defendants deny the Complaint's characterization of that document. As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response. To the extent a response may be required, those allegations, and any remaining or inconsistent allegations in this paragraph, are denied.

322.     Denied. As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response. To the extent a response may be required, those allegations are denied.

323.     The AbbVie Defendants are without knowledge or information sufficient to form a belief about the allegations in this paragraph regarding what certain physicians "knew" and therefore deny those allegations. As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response. To the extent a response may be

required, those allegations, and any remaining or inconsistent allegations in this paragraph, are denied.

324.    Denied.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations are denied.

325.    Denied.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations are denied.

326.    Denied.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations are denied.

327.    Denied.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations are denied.

328.    The allegations in this paragraph state legal conclusions to which no response is required.  To the extent a response is required, the allegations in this paragraph are denied.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations are denied.

329.    The AbbVie Defendants admit that one or more AbbVie Defendants have, at various times, utilized truthful and lawful direct to consumer advertising.  The AbbVie Defendants deny that such advertising was fraudulent, misleading, deceptive, or in any other way improper.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie

Defendants make no response. To the extent a response may be required, those allegations, and any remaining or inconsistent allegations in this paragraph, are denied.

330. The AbbVie Defendants admit that one or more AbbVie Defendants have, at various times, utilized truthful and lawful direct to consumer advertising. As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response. To the extent a response may be required, those allegations, and any remaining or inconsistent allegations in this paragraph, are denied.

331. The AbbVie Defendants lack knowledge or information sufficient to form a belief regarding unidentified "[a]d campaigns on television, print, and the internet." As such, the AbbVie Defendants deny those allegations in this paragraph. As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response. To the extent a response may be required, those allegations, and any remaining or inconsistent allegations in this paragraph, are denied.

332. The cited document, ABBVIE-00009888, being in writing, speaks for itself. The AbbVie Defendants deny the Complaint's characterization of that document. As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response. To the extent a response may be required, those allegations, and any remaining or inconsistent allegations in this paragraph, are denied.

333. The cited document, ABBVIE-00009888, being in writing, speaks for itself. The AbbVie Defendants deny the Complaint's characterization of that document. As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response. To the extent a response may be required, those allegations, and any remaining or inconsistent allegations in this paragraph, are denied.

334.    The cited document, ABBVIE-00011568, being in writing, speaks for itself.  The AbbVie Defendants deny the Complaint's characterization of that document.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations, and any remaining or inconsistent allegations in this paragraph, are denied.

335.    Denied.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations are denied.

336.    Denied.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations are denied.

337.    Denied.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations are denied.

338.    Denied.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations are denied.

339.    Denied.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations are denied.

340.    Denied.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations are denied.

341.     The AbbVie Defendants admit that one or more AbbVie Defendants have paid for advertisements.  The Complaint's characterization of the purported ad and the purported "message" is denied.  Any remaining or inconsistent allegations in this paragraph are denied.

342.     The AbbVie Defendants lack knowledge or information sufficient to form a belief regarding the "ad[s]" generally described but not identified or cited in full.  As such, the AbbVie Defendants deny those allegations in this paragraph.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations, and any remaining or inconsistent allegations in this paragraph, are denied.

343.     As the allegations in this paragraph are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, the allegations in this paragraph are denied.

344.     As the allegations in this paragraph are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, the allegations in this paragraph are denied.

345.     The AbbVie Defendants lack knowledge or information sufficient to form a belief regarding the "ads on the internet" generally described but not identified or cited in full.  As such, the AbbVie Defendants deny those allegations in this paragraph.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations, and any remaining or inconsistent allegations in this paragraph, are denied.

346.     To the extent this paragraph purports to characterize an "advertisement" or unidentified written document, such information speaks for itself.  The Complaint's

characterization of that information is denied. The AbbVie Defendants specifically deny that they "promot[ed] AndroGel as an anti-aging and anti-depression medication" or that they promoted AndroGel in a "fraudulent" manner. As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response. To the extent a response may be required, those allegations, and any remaining or inconsistent allegations in this paragraph, are denied.

347.    The AbbVie Defendants admit that one or more AbbVie Defendants supported the website www.DriveForFive.com. The content of the website, being in writing, speaks for itself. The Complaint's characterization of that website and its purported "message," and any remaining or inconsistent allegations in this paragraph, are denied.

348.    To the extent this paragraph purports to characterize an unidentified written document, such document, being in writing, speaks for itself. The AbbVie Defendants deny the Complaint's characterization of that document. As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response. To the extent a response may be required, those allegations, and any remaining or inconsistent allegations in this paragraph, are denied.

349.    The AbbVie Defendants admit that Nicole Dubowitz and Dr. Adriane Fugh-Berman are identified as authors of an editorial published in the Chicago Tribune on or around September 15, 2013, titled *Outside Opinion: Testosterone treatments are dangerous for men*. The editorial, being in writing, speaks for itself. The AbbVie Defendants deny the Complaint's characterization of that editorial. As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response. To the extent a response may be

required, those allegations, and any remaining or inconsistent allegations in this paragraph, are denied.

350.    The AbbVie Defendants are without knowledge or information sufficient to form a belief regarding allegations concerning "the Endocrine Society warn[ing]" described but not identified or cited in full.  As such, the AbbVie Defendants deny those allegations in this paragraph.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations, and any remaining or inconsistent allegations in this paragraph, are denied.

351.    The AbbVie Defendants admit that one or more AbbVie Defendants have, at various times, utilized truthful and lawful direct to consumer advertising through various media as well as disease state awareness materials.  The AbbVie Defendants lack knowledge or information sufficient to form a belief regarding the purported "state[ments] by one market research firm" described but not identified or cited in full, and therefore deny those allegations. As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations, and any remaining or inconsistent allegations in this paragraph, are denied.

352.    As the allegations in this paragraph are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, the allegations in this paragraph are denied.

353.    Denied.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations are denied.

354.    Denied.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations are denied.

355.    Denied.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations are denied.

## IX.    THE ABBVIE DEFENDANTS' FRAUDULENT MARKETING OF ANDROGEL

356.    The AbbVie Defendants admit that hypogonadism is a condition associated with low testosterone serum concentrations, and that the diagnosis of hypogonadism may sometimes involve a history or physical examination and/or laboratory tests.  Any remaining or inconsistent allegations in this paragraph are denied.

357.    Denied.

358.    To the extent this paragraph purports to characterize unidentified written documents, such documents, being in writing, speak for themselves.  The Complaint's characterization of those documents, and any remaining or inconsistent allegations in this paragraph, are denied.

359.    The cited document, ABBVIE-00011521, being in writing, speaks for itself.  The AbbVie Defendants deny the Complaint's characterization of that document, as well as any remaining or inconsistent allegations in this paragraph.

360.    The cited document, ABBVIE-00011521, being in writing, speaks for itself.  The AbbVie Defendants deny the Complaint's characterization of that document, as well as any remaining or inconsistent allegations in this paragraph.

361.    Denied.

362.     The AbbVie Defendants admit that AbbVie Inc. has a "managed health care" group whose employees' responsibilities include communicating with certain TPPs.  The cited document, ABBVIE-00273563, being in writing, speaks for itself.  The AbbVie Defendants deny the Complaint's characterization of that document, as well as any remaining or inconsistent allegations in this paragraph.

363.     The cited document, ABBVIE-00074793, being in writing, speaks for itself.  The AbbVie Defendants deny the Complaint's characterization of that document, as well as any remaining or inconsistent allegations in this paragraph.

364.     The cited document, ABBVIE-00074793, being in writing, speaks for itself.  The AbbVie Defendants deny the Complaint's characterization of that document, as well as any remaining or inconsistent allegations in this paragraph.

365.     The cited document, ABBVIE-00074793, being in writing, speaks for itself.  The AbbVie Defendants deny the Complaint's characterization of that document, as well as any remaining or inconsistent allegations in this paragraph.

366.     The cited document, ABBVIE-00043998, being in writing, speaks for itself.  The AbbVie Defendants deny the Complaint's characterization of that document, as well as any remaining or inconsistent allegations in this paragraph.

367.     The cited documents, ABBVIE-00184550 and ABBVIE-00012435, being in writing, speak for themselves.  The AbbVie Defendants deny the Complaint's characterization of those documents, as well as any remaining or inconsistent allegations in this paragraph.

368.     The cited documents, ABBVIE-00264522 and ABBVIE-00469722, being in writing, speak for themselves.  The AbbVie Defendants deny the Complaint's characterization of those documents, as well as any remaining or inconsistent allegations in this paragraph.

369.     The AbbVie Defendants admit that, at various times, one or more employees of the AbbVie Defendants were aware that Medco (now Express Scripts) was MMO's PBM.  The cited documents, ABBVIE-FST09331645 and ABBVIE-FST06404556, being in writing, speak for themselves.  The AbbVie Defendants deny the Complaint's characterization of those documents, as well as any remaining or inconsistent allegations in this paragraph.

370.     Denied.

371.     Denied.

372.     Denied.

373.     Denied.

374.     The cited document, ABBVIE-FST14272731, being in writing, speaks for itself. The AbbVie Defendants deny the Complaint's characterization of that document, as well as any remaining or inconsistent allegations in this paragraph.

375.     The cited document, ABBVIE-00116549, being in writing, speaks for itself.  The AbbVie Defendants deny the Complaint's characterization of that document, as well as any remaining or inconsistent allegations in this paragraph.

376.     The cited document, ABBVIE-00116548, being in writing, speaks for itself.  The AbbVie Defendants deny the Complaint's characterization of that document, as well as any remaining or inconsistent allegations in this paragraph.

377.     Denied.

378.     The AbbVie Defendants admit that Mark Hollinden is AbbVie Inc.'s current managed care account manager for the region where MMO is located.  The cited documents, ABBVIE-FST06404556 and ABBVIE-FST09399303, being in writing, speak for themselves.

The AbbVie Defendants deny the Complaint's characterization of those documents, as well as any remaining or inconsistent allegations in this paragraph.

379.     The cited document, ABBVIE-FST14176846, being in writing, speaks for itself. The AbbVie Defendants deny the Complaint's characterization of that document, as well as any remaining or inconsistent allegations in this paragraph.

380.     The cited document, ABBVIE-FST06090643, being in writing, speaks for itself. The AbbVie Defendants deny the Complaint's characterization of that document, as well as any remaining or inconsistent allegations in this paragraph.

381.     The cited document, ABBVIE-00291402, being in writing, speaks for itself.  The AbbVie Defendants deny the Complaint's characterization of that document, as well as any remaining or inconsistent allegations in this paragraph.

382.     The cited document, ABBVIE-FST11937355, being in writing, speaks for itself. The AbbVie Defendants deny the Complaint's characterization of that document, as well as any remaining or inconsistent allegations in this paragraph.

383.     The cited document, ABBVIE–FST14864925, being in writing, speaks for itself. The AbbVie Defendants deny the Complaint's characterization of that document, as well as any remaining or inconsistent allegations in this paragraph.

384.     The cited document, ABBVIE-00017561, being in writing, speaks for itself.  The AbbVie Defendants deny the Complaint's characterization of that document, as well as any remaining or inconsistent allegations in this paragraph.

385.     The cited document, ABBVIE-FST06305295, being in writing, speaks for itself. The AbbVie Defendants deny the Complaint's characterization of that document, as well as any remaining or inconsistent allegations in this paragraph.

386. Denied.

387. The AbbVie Defendants admit that one or more AbbVie Defendants, at various times, provided grants to support independent CME. The AbbVie Defendants also admit that, in or around March 2006, a CME event titled "First Report: The Therapeutic Challenges of Hypogonadism and its Comorbidities" took place. The cited document, ABBVIE-FST01271604, being in writing, speaks for itself. The AbbVie Defendants deny the Complaint's characterization of that document, as well as any remaining or inconsistent allegations in this paragraph.

388. The cited document, ABBVIE-FST01271604, being in writing, speaks for itself. The AbbVie Defendants deny the Complaint's characterization of that document, as well as any remaining or inconsistent allegations in this paragraph.

389. The cited document, ABBVIE-FST01271604, being in writing, speaks for itself. The AbbVie Defendants deny the Complaint's characterization of that document. The AbbVie Defendants lack knowledge or information sufficient to form a belief regarding the other cited document, ABBVIE-FST0939926, which appears to have been cited incorrectly. As such, the AbbVie Defendants deny the allegations in this paragraph related to that document. Any remaining or inconsistent allegations in this paragraph are denied.

390. The AbbVie Defendants lack knowledge or information sufficient to form a belief regarding the cited document, ABBVIE-FST0939926, which appears to have been cited incorrectly. As such, the AbbVie Defendants deny the allegations in this paragraph related to that document. Any remaining or inconsistent allegations in this paragraph are denied.

391. Denied.

392.    The AbbVie Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph and therefore deny them.

393.    The AbbVie Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph and therefore deny them.

394.    Denied.

395.    Denied.

396.    Denied.

397.    Denied.

398.    Denied.

399.    Denied.

400.    The cited document, ABBVIE-FST01271604, being in writing, speaks for itself. The AbbVie Defendants deny the Complaint's characterization of that document, as well as any remaining or inconsistent allegations in this paragraph.

401.    Denied.

402.    AbbVie's most recent Form 10-K, being in writing, speaks for itself. The AbbVie Defendants deny the Complaint's characterization of that document, as well as any remaining or inconsistent allegations in this paragraph.

403.    The cited document, ABBVIE-00220996, being in writing, speaks for itself. The AbbVie Defendants deny the Complaint's characterization of that document, as well as any remaining or inconsistent allegations in this paragraph.

404.    The AbbVie Defendants admit that, at various times, one or more employees of the AbbVie Defendants were aware of the formulary status of AndroGel within certain TPP plans. The cited document, ABBVIE-00220996, being in writing, speaks for itself. The AbbVie

70

Defendants deny the Complaint's characterization of that document, as well as any remaining or inconsistent allegations in this paragraph.

405.     The cited document, ABBVIE-00291402, being in writing, speaks for itself.  The AbbVie Defendants deny the Complaint's characterization of that document, as well as any remaining or inconsistent allegations in this paragraph.

406.     To the extent this paragraph purports to characterize publicly-available written documents, such documents, being in writing, speak for themselves.  The AbbVie Defendants deny the Complaint's characterization of those documents, as well as any remaining or inconsistent allegations in this paragraph.

407.     The cited document, ABBVIE-00264798, being in writing, speaks for itself.  The AbbVie Defendants deny the Complaint's characterization of that document, as well as any remaining or inconsistent allegations in this paragraph.

408.     The cited document, ABBVIE-FST00364276, being in writing, speaks for itself.  The AbbVie Defendants deny the Complaint's characterization of that document, as well as any remaining or inconsistent allegations in this paragraph.

409.     The AbbVie Defendants admit that Plaintiff MMO currently includes AndroGel as a TRT medication on its formulary.  The cited document, ABBVIE-00024370, being in writing, speaks for itself.  The AbbVie Defendants deny the Complaint's characterization of that document, as well as any remaining or inconsistent allegations in this paragraph.

410.     To the extent this paragraph purports to characterize publicly-available written documents, such documents, being in writing, speak for themselves.  The AbbVie Defendants deny the Complaint's characterization of those documents, as well as any remaining or inconsistent allegations in this paragraph.

71

411.    To the extent this paragraph purports to characterize an unidentified written document, such document, being in writing, speaks for itself.  The AbbVie Defendants deny the Complaint's characterization of that document, as well as any remaining or inconsistent allegations in this paragraph.

412.    Denied.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations are denied.

413.    The cited document, ABBVIE-FST00921950, being in writing, speaks for itself. The AbbVie Defendants deny the Complaint's characterization of that document, as well as any remaining or inconsistent allegations in this paragraph.

414.    The cited documents, ABBVIE-00365402 and ABBVIE-00185225, being in writing, speak for themselves.  The AbbVie Defendants deny the Complaint's characterization of those documents, as well as any remaining or inconsistent allegations in this paragraph.

415.    The AbbVie Defendants admit that Christina Wang, and Ronald S.  Swerdloff, et al. are identified as authors of an article published in the Journal of Clinical Endocrinology & Metabolism in or around 2000, titled *Transdermal Testosterone Gel Improves Sexual Function, Mood, Muscle Strength, and Body Composition Parameters in Hypogonadal Men*.  The article, being in writing, speaks for itself, and the AbbVie Defendants deny the Complaint's characterization of that article.   The cited document, ABBVIE-FST00301865, being in writing, speaks for itself.  The AbbVie Defendants deny the Complaint's characterization of that document, as well as any remaining or inconsistent allegations in this paragraph.

416.    Denied.

417.    Denied.

418.    Denied.

419.    To the extent this paragraph purports to characterize an unidentified written document, such document, being in writing, speaks for itself.  The Complaint's characterization of that document, and any remaining or inconsistent allegations in this paragraph, are denied.

420.    The cited document, ABBVIE-00114835, being in writing, speaks for itself.  The AbbVie Defendants deny the Complaint's characterization of that document, as well as any remaining or inconsistent allegations in this paragraph.

421.    Denied.

422.    The cited document, ABBVIE-00360348, being in writing, speaks for itself.  The AbbVie Defendants deny the Complaint's characterization of that document, as well as any remaining or inconsistent allegations in this paragraph.

423.    The AbbVie Defendants admit that Natasha Singer is identified as the author of an article published by the New York Times on or around November 23, 2013, titled *Selling That New-Man Feeling*.  The article, being in writing, speaks for itself.  The AbbVie Defendants deny the Complaint's characterization of that article, as well as any remaining or inconsistent allegations in this paragraph.

424.    The cited document, ABBVIE-00263257, being in writing, speaks for itself.  The AbbVie Defendants deny the Complaint's characterization of that document, as well as any remaining or inconsistent allegations in this paragraph.

425.    Denied.

426.    The AbbVie Defendants admit that David Gorski is identified as the author of an article posted on www.sciencebasedmedicine.org on or around November 25, 2013, titled *Low T: The triumph of marketing over science*.  The article, being in writing, speaks for itself.  The

AbbVie Defendants deny the Complaint's characterization of that article. The cited document, ABBVIE-00009520, being in writing, speaks for itself. The AbbVie Defendants deny the Complaint's characterization of that document. Any remaining or inconsistent allegations in this paragraph are denied.

427.     Denied.

428.     The cited documents, ABBVIE-00012116 and ABBVIE-00015229, being in writing, speak for themselves. The AbbVie Defendants deny the Complaint's characterization of those documents, as well as any remaining or inconsistent allegations in this paragraph.

429.     Denied.

430.     The cited document, ABBVIE-00015219, being in writing, speaks for itself. The AbbVie Defendants deny the Complaint's characterization of that document, as well as any remaining or inconsistent allegations in this paragraph.

431.     The AbbVie Defendants admit that pharmaceutical companies are required to submit certain promotional materials to the FDA's Office of Prescription Drug Promotion (formerly DDMAC) for review. To the extent this paragraph purports to characterize unidentified written documents, such documents, being in writing, speak for themselves. The Complaint's characterization of those documents, and any remaining or inconsistent allegations in this paragraph, are denied.

432.     The cited document, ABBVIE-00015224, being in writing, speaks for itself. The AbbVie Defendants deny the Complaint's characterization of that document, as well as any remaining or inconsistent allegations in this paragraph.

433.    The cited document, ABBVIE-00378010, being in writing, speaks for itself.  The AbbVie Defendants deny the Complaint's characterization of that document, as well as any remaining or inconsistent allegations in this paragraph.

434.    The cited document, ABBVIE-00012307, being in writing, speaks for itself.  The AbbVie Defendants deny the Complaint's characterization of that document, as well as any remaining or inconsistent allegations in this paragraph.

435.    Denied.

436.    The cited document, ABBVIE-00006320, being in writing, speaks for itself.  The AbbVie Defendants deny the Complaint's characterization of that document, as well as any remaining or inconsistent allegations in this paragraph.

437.    The cited document, ABBVIE-00259360, being in writing, speaks for itself.  The AbbVie Defendants deny the Complaint's characterization of that document, as well as any remaining or inconsistent allegations in this paragraph.

438.    Denied.

439.    The AbbVie Defendants admit that John Fauber is identified as the author of an article published in the Milwaukee Wisconsin Journal Sentinel on or around August 8, 2009, titled *UW tied to male hormone marketing*.  The article, being in writing, speaks for itself.  The AbbVie Defendants deny the Complaint's characterization of that article.  The cited document, ABBVIE-FST01271592, being in writing, speaks for itself.  The AbbVie Defendants deny the Complaint's characterization of that document.  Any remaining or inconsistent allegations in this paragraph are denied.

440.    Denied.

441. The cited document, ABBVIE-00011785, being in writing, speaks for itself. The AbbVie Defendants deny the Complaint's characterization of that document, as well as any remaining or inconsistent allegations in this paragraph.

442. Denied.

443. Denied.

444. The AbbVie Defendants admit that the employees of one or more AbbVie Defendants engaged doctors at various times to perform legitimate professional services, including serving as a speaker. The cited documents, ABBVIE-00011939 and ABBVIE-00011933, being in writing, speak for themselves. The AbbVie Defendants deny the Complaint's characterization of those documents, as well as any remaining or inconsistent allegations in this paragraph.

445. Denied.

446. Denied.

447. The AbbVie Defendants admit that the employees of one or more AbbVie Defendants engaged doctors at various times to perform legitimate professional services, including serving as a speaker. Any remaining or inconsistent allegations in this paragraph are denied.

448. The cited document, ABBVIE-00012307, being in writing, speaks for itself. The AbbVie Defendants deny the Complaint's characterization of that document, as well as any remaining or inconsistent allegations in this paragraph.

449. The AbbVie Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph and therefore deny them.

450.     The cited document, ABBVIE-00220996, being in writing, speaks for itself.  The AbbVie Defendants deny the Complaint's characterization of that document, as well as any remaining or inconsistent allegations in this paragraph.

451.     Denied.

452.     Denied.

453.     Denied.

454.     Denied.

455.     Denied.

456.     The AbbVie Defendants admit that the FDA wrote a letter addressed to Unimed Pharmaceuticals, Inc. on or around April 25, 1997.  That publicly available letter, being in writing, speaks for itself.  The AbbVie Defendants deny the Complaint's characterization of the letter, as well as any remaining or inconsistent allegations in this paragraph.

457.     The cited document, ABBVIE-0036540, being in writing, speaks for itself.  The AbbVie Defendants deny the Complaint's characterization of that document, as well as any remaining or inconsistent allegations in this paragraph.

458.     The AbbVie Defendants admit that the term "andropause" is not included on AndroGel's label and that the FDA has not approved AndroGel for the stated purpose of treating "andropause."  The cited document, ABBVIE-00153284, being in writing, speaks for itself.  The AbbVie Defendants deny the Complaint's characterization of that document, as well as any remaining or inconsistent allegations in this paragraph.

459.     The cited document, ABBVIE-00018207, being in writing, speaks for itself.  The AbbVie Defendants deny the Complaint's characterization of that document, as well as any remaining or inconsistent allegations in this paragraph.

460.    Denied.

461.    The cited document, ABBVIE-00165082, being in writing, speaks for itself.  The AbbVie Defendants deny the Complaint's characterization of that document, as well as any remaining or inconsistent allegations in this paragraph.

462.    The AbbVie Defendants admit that the employees of one or more AbbVie Defendants engaged doctors at various times to perform legitimate professional services, including serving as a speaker.  The cited document, ABBVIE-00165093-104, being in writing, speaks for itself.  The AbbVie Defendants deny the Complaint's characterization of that document, as well as any remaining or inconsistent allegations in this paragraph.

463.    Denied.

464.    Denied.

465.    Denied.

466.    The AbbVie Defendants admit that the term "andropause" is not included on AndroGel's label and that the FDA has not approved a drug for the stated purpose of treating "andropause."  To the extent this paragraph purports to characterize written studies, such studies, being in writing, speak for themselves.  The Complaint's characterization of those studies, and any remaining or inconsistent allegations in this paragraph, are denied.

467.    The AbbVie Defendants lack knowledge or information sufficient to form a belief regarding the article described in this paragraph but not identified or cited in full.  As such, the AbbVie Defendants deny those allegations in this paragraph.  Any remaining or inconsistent allegations in this paragraph are denied.

468.    Denied.

469.     The cited document, ABBVIE-FST08626992, being in writing, speaks for itself. The AbbVie Defendants deny the Complaint's characterization of that document, as well as any remaining or inconsistent allegations in this paragraph.

470.     The cited documents, ABBVIE-FST08626992 and ABBVIE-00351234, being in writing, speak for themselves.  The AbbVie Defendants deny the Complaint's characterization of those documents, as well as any remaining or inconsistent allegations in this paragraph.

471.     Denied.

472.     The cited document, ABBVIE-00247072, being in writing, speaks for itself.  The AbbVie Defendants deny the Complaint's characterization of that document.  To the extent this paragraph purports to characterize unidentified written documents, such documents, being in writing, speak for themselves.  The Complaint's characterization of those documents, and any remaining or inconsistent allegations in this paragraph, are denied.

473.     Denied.

474.     Denied.

475.     The cited document, ABBVIE-00624505, being in writing, speaks for itself.  The AbbVie Defendants deny the Complaint's characterization of that document, as well as any remaining or inconsistent allegations in this paragraph.

476.     The AbbVie Defendants admit that, at various times, employees of one or more AbbVie Defendants distributed reprints of certain scientific and medical literature to physicians consistent with and as permitted by applicable regulations and/or industry guidelines.  The AbbVie Defendants deny the Complaint's characterization of the cited documents, and any remaining or inconsistent allegations in this paragraph are denied.

477.     The cited document, ABBVIE-00220996, being in writing, speaks for itself.  The AbbVie Defendants deny the Complaint's characterization of that document.  To the extent this paragraph purports to characterize websites or statements, such communications speak for themselves.  The AbbVie Defendants deny the Complaint's characterization of those communications.  Any remaining or inconsistent allegations in this paragraph are denied.

478.     The AbbVie Defendants admit that Thomas Mulligan is identified as an author of a study published in the International Journal of Clinical Practice on or around July 1, 2006, titled *Prevalence of Hypogonadism in Males Aged at Least 45 Years: the HIM Study* (the "HIM Study").  The study, being in writing, speaks for itself.  The AbbVie Defendants deny the Complaint's characterization of that study, as well as any remaining or inconsistent allegations in this paragraph.

479.     The AbbVie Defendants admit that Myra Frick, Dr.  Qing Zuraw, Annette Stemhagen, and Cecilia McWhirter are also listed as authors of the HIM Study.  The study and Covance Peripproval website, both being in writing, speak for themselves.  The AbbVie Defendants deny the Complaint's characterization of the study and website, as well as any remaining or inconsistent allegations in this paragraph.

480.     The cited document, ABBVIE-00243038, being in writing, speaks for itself.  The AbbVie Defendants deny the Complaint's characterization of that document, as well as any remaining or inconsistent allegations in this paragraph.

481.     Denied.

482.     The AbbVie Defendants deny the allegations in the first sentence of this paragraph.  The AbbVie Defendants are without knowledge or information sufficient to form a

belief about the truth of the remaining allegations contained in this paragraph and therefore deny them.

483.    The AbbVie Defendants admit that Stephen R.  Braun is identified as the author of an article published in JAMA Internal Medicine in or around August 2013, titled *Promoting 'Low T': A Medical Writer's Perspective*.  The article, being in writing, speaks for itself.  The AbbVie Defendants deny the Complaint's characterization of that article, as well as any remaining or inconsistent allegations in this paragraph.

484.    The AbbVie Defendants admit that Stephen R.  Braun is identified as the author of an article published in JAMA Internal Medicine in or around August 2013, titled *Promoting 'Low T': A Medical Writer's Perspective*.  The article, being in writing, speaks for itself.  The AbbVie Defendants deny the Complaint's characterization of that article, as well as any remaining or inconsistent allegations in this paragraph.

485.    Denied.

486.    The AbbVie Defendants admit that, at various times, employees of one or more AbbVie Defendants distributed reprints of certain scientific and medical literature to physicians consistent with and as permitted by applicable regulations and/or industry guidelines.  Any remaining or inconsistent allegations in this paragraph are denied.

487.    The AbbVie Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph and therefore deny them.

488.    To the extent this paragraph purports to characterize an unidentified written document, such document, being in writing, speaks for itself.  The AbbVie Defendants deny the Complaint's characterization of that document, as well as any remaining or inconsistent allegations in this paragraph.

489. The cited document, ABBVIE-00015882, being in writing, speaks for itself. The AbbVie Defendants deny the Complaint's characterization of that document, as well as any remaining or inconsistent allegations in this paragraph.

490. To the extent this paragraph purports to characterize an unidentified written document, such a document, being in writing, speaks for itself. The Complaint's characterization of that document, and any remaining or inconsistent allegations in this paragraph, are denied.

491. The cited document, ABBVIE-00165092, being in writing, speaks for itself. The AbbVie Defendants deny the Complaint's characterization of that document, as well as any remaining or inconsistent allegations in this paragraph.

492. To the extent this paragraph purports to characterize an unidentified written document, such document, being in writing, speaks for itself. The AbbVie Defendants deny the Complaint's characterization of that document, as well as any remaining or inconsistent allegations in this paragraph.

493. The AbbVie Defendants are without knowledge or information sufficient to form a belief as to what materials or other information may have "influence[d]" TPPs or P&T committees and therefore deny those allegations in this paragraph. The AbbVie Defendants deny any remaining or inconsistent allegations in this paragraph.

494. To the extent this paragraph purports to characterize unidentified communications or written documents, such communications or written documents speak for themselves. The Complaint's characterization of those communications or written documents, and any remaining or inconsistent allegations in this paragraph, are denied.

495.     To the extent this paragraph purports to characterize an unidentified written document, such document, being in writing, speaks for itself.  The Complaint's characterization of that document, and any remaining or inconsistent allegations in this paragraph, are denied.

496.     The AbbVie Defendants admit that, at various times, one or more AbbVie Defendants have provided grants to support independent research and/or resulting publications consistent with and as permitted by applicable regulations and/or industry guidelines.  Any remaining or inconsistent allegations in this paragraph are denied.

497.     The AbbVie Defendants admit that, at various times, one or more AbbVie Defendants have provided educational grants to physicians to support independent research and/or resulting publications consistent with and as permitted by applicable regulations and/or industry guidelines.  Any remaining or inconsistent allegations in this paragraph are denied.

498.     The AbbVie Defendants admit that Thomas Mulligan is identified as an author of the above-referenced "HIM Study."  The AbbVie Defendants further admit that Cecilia McWhirter is listed as a co-author.  The study, being in writing, speaks for itself.  The AbbVie Defendants deny the Complaint's characterization of that study, as well as any remaining or inconsistent allegations in this paragraph.

499.     Denied.

500.     Denied.

501.     Denied.

502.     The AbbVie Defendants admit that, at various times, one or more of the AbbVie Defendants provided grants to support medical education and/or advance patient care consistent with and as permitted by applicable regulations and/or industry guidelines.  Any remaining or inconsistent allegations in this paragraph are denied.

503.     Denied.

504.     Denied.

505.     Denied.

506.     Denied.

507.     The AbbVie Defendants admit that Harrison G. Pope, M.D. is identified as an author of a trial summarized in the American Journal of Psychiatry in or around January 2003, titled *Testosterone Gel Supplementation for Men with Refractory Depression: A Randomized, Placebo-Controlled Trial*. The paper, being in writing, speaks for itself. The AbbVie Defendants deny the Complaint's characterization of that paper, as well as any remaining or inconsistent allegations in this paragraph.

508.     The AbbVie Defendants admit that Molly M. Shores is identified as an author of an article published in the Journal of Clinical Psychiatry in or around July 2009, titled *A randomized, double-blind, placebo-controlled study of testosterone treatment in hypogonadal older men with subthreshold depression (dysthymia or minor depression)*. The article, being in writing, speaks for itself. The AbbVie Defendants deny the Complaint's characterization of that article, as well as any remaining or inconsistent allegations in this paragraph.

509.     The AbbVie Defendants admit that Dr. Abraham Morgentaler, M.D. is identified as an author of a review article published in the New England Journal of Medicine in or around 2004, titled *Risks of Testosterone-Replacement Therapy and Recommendations for Monitoring*. The article, being in writing, speaks for itself. The AbbVie Defendants deny the Complaint's characterization of that article, as well as any remaining or inconsistent allegations in this paragraph.

510. The cited documents, ABBVIE-FST02429986 and ABBVIE-00011578, being in writing, speak for themselves. The AbbVie Defendants deny the Complaint's characterization of those documents, as well as any remaining or inconsistent allegations in this paragraph.

511. The AbbVie Defendants admit that David Von Drehle is identified as the author of an article published in Time Magazine on or around August 15, 2014, titled *Manopause?! Aging, insecurity and the $2 billion testosterone industry*. The article, being in writing, speaks for itself. The AbbVie Defendants deny the Complaint's characterization of that article, as well as any remaining or inconsistent allegations in this paragraph.

512. The cited document ABBVIE-FST05331903, being in writing, speaks for itself. The AbbVie Defendants deny the Complaint's characterization of that document, as well as any remaining or inconsistent allegations in this paragraph.

513. The cited document, ABBVIE-00146988, being in writing, speaks for itself. The AbbVie Defendants deny the Complaint's characterization of that document, as well as any remaining or inconsistent allegations in this paragraph.

514. The cited documents (ABBVIE-00014772, ABBVIE-00014774, ABBVIE-00309365, and ABBVIE-00096707), being in writing, speak for themselves. The AbbVie Defendants deny the Complaint's characterization of those documents, as well as any remaining or inconsistent allegations in this paragraph.

515. The cited document, ABBVIE-00310226, being in writing, speaks for itself. The AbbVie Defendants deny the Complaint's characterization of that document, as well as any remaining or inconsistent allegations in this paragraph.

516. The cited document, ABBVIE-00310226, being in writing, speaks for itself. The AbbVie Defendants deny the Complaint's characterization of that document, as well as any remaining or inconsistent allegations in this paragraph.

517. The cited documents (ABBVIE-00035221, ABBVIE-00035206, and ABBVIE-00066378), being in writing, speak for themselves. The AbbVie Defendants deny the Complaint's characterization of those documents, as well as any remaining or inconsistent allegations in this paragraph.

518. The cited document, ABBVIE-FST01271177, being in writing, speaks for itself. The AbbVie Defendants deny the Complaint's characterization of that document, as well as any remaining or inconsistent allegations in this paragraph.

519. Denied.

520. The AbbVie Defendants admit that, at various times, one or more of the AbbVie Defendants utilized direct to consumer advertising through various media as well as disease state awareness materials. Any remaining or inconsistent allegations in this paragraph are denied.

521. The cited document, ABBVIE-EST13382554, being in writing, speaks for itself. The AbbVie Defendants deny the Complaint's characterization of that document, as well as any remaining or inconsistent allegations in this paragraph.

522. The cited document, ABBVIE-00020517, being in writing, speaks for itself. The AbbVie Defendants deny the Complaint's characterization of that document, as well as any remaining or inconsistent allegations in this paragraph.

523. The cited document, ABBVIE-FST08700127, being in writing, speaks for itself. The AbbVie Defendants deny the Complaint's characterization of that document, as well as any remaining or inconsistent allegations in this paragraph.

524. The cited document, ABBVIE-FST08626724, being in writing, speaks for itself. The AbbVie Defendants deny the Complaint's characterization of that document, as well as any remaining or inconsistent allegations in this paragraph.

525. The AbbVie Defendants admit that Larry Dobrow is identified as the author of an article published by Medical Marketing & Media on or around January 2, 2013, titled 2013 *All-Star Large Pharma Marketing Team of the Year: Androgel*. The article, being in writing speaks for itself. The AbbVie Defendants deny the Complaint's characterization of that article. The AbbVie Defendants further admit that one or more AbbVie Defendants supported the web-sites www.IsItLowT.com and www.DriveForFive.com. Any remaining or inconsistent allegations in this paragraph are denied.

526. Denied.

## X.    DEFENDANT AUXILIUM'S FRAUDULENT MARKETING OF TESTIM AND TESTOPEL

527–691. The AbbVie Defendants deny all allegations in these paragraphs that concern one or more of the AbbVie Defendants. As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response. To the extent a response may be required, those allegations are denied.

## XI.    DEFENDANT ELI LILLY'S FRAUDULENT MARKETING OF AXIRON

692–770. The AbbVie Defendants deny all allegations in these paragraphs that concern one or more of the AbbVie Defendants. As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response. To the extent a response may be required, those allegations are denied.

## XII.  DEFENDANT ACTAVIS' FRAUDULENT MARKETING OF ANDRODERM

771–812.    The AbbVie Defendants deny all allegations in these paragraphs that concern one or more of the AbbVie Defendants.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations are denied.

## XIII.  DEFENDANT ENDO'S FRAUDULENT MARKETING OF FORTESTA

813–884.    The AbbVie Defendants deny all allegations in these paragraphs that concern one or more of the AbbVie Defendants.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations are denied.

## XIV.  CONSPIRACY IN VIOLATION OF FEDERAL RICO LAW

885.    Denied.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations are denied.

886.    The allegations in the first sentence of this paragraph are denied.  The allegations in the second through fifth sentences of this paragraph state legal conclusions to which no response is required.  To the extent a response is required, those allegations are denied.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations are denied.

887.    Denied.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations are denied.

888.    The allegations in this paragraph state legal conclusions to which no response is required.  To the extent a response is required, the allegations in this paragraph are denied.

889.    Denied.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations are denied.

890.    Denied.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations are denied.

891.    Denied.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations are denied.

892.    Denied.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations are denied.

893.    Denied.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations are denied.

894.    Denied.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations are denied.

895.    Denied.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations are denied.

896.     Denied.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations are denied.

897.     Denied.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations are denied.

898.     Denied.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations are denied.

899.     Denied.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations are denied.

900.     Denied.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations are denied.

901.     Denied.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations are denied.

902.     Denied.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations are denied.

903. Denied. As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response. To the extent a response may be required, those allegations are denied.

904. The cited documents, ABBVIE-00020517 and ABBVIE-00296453, being in writing, speak for themselves. The AbbVie Defendants deny the Complaint's characterization of those documents, as well as any remaining or inconsistent allegations in this paragraph.

905. The cited document, ABBVIE-00296455, being in writing, speaks for itself. The AbbVie Defendants deny the Complaint's characterization of that document, as well as any remaining or inconsistent allegations in this paragraph.

906. The cited document, ABBVIE-00362575, being in writing, speaks for itself. The AbbVie Defendants deny the Complaint's characterization of that document, as well as any remaining or inconsistent allegations in this paragraph.

907. The cited document, ABBVIE-00362577, being in writing, speaks for itself. The AbbVie Defendants deny the Complaint's characterization of that document. As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response. To the extent a response may be required, those allegations, and any remaining or inconsistent allegations in this paragraph, are denied.

908. The cited document, ABBVIE-001577835, being in writing, speaks for itself. The AbbVie Defendants deny the Complaint's characterization of that document, as well as any remaining or inconsistent allegations in this paragraph.

909. Denied. As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response. To the extent a response may be required, those allegations are denied.

910.     Denied.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations are denied.

911.     As the allegations in this paragraph are not directed to the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, the allegations in this paragraph are denied.

912.     Denied.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations are denied.

913.     To the extent this paragraph purports to characterize the Men's Health Network website, that website, being in writing, speaks for itself.  The Complaint's characterization of that website, and any remaining or inconsistent allegations in this paragraph, are denied.

914.     The AbbVie Defendants admit that, at various times, one or more of the AbbVie Defendants has worked with MHN in a manner compliant with applicable laws, regulations, and/or industry guidelines.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations, and any remaining or inconsistent allegations in this paragraph, are denied.

915.     To the extent this paragraph purports to characterize the Men's Health Network website, that website, being in writing, speaks for itself.  The Complaint's characterization of that website, and any remaining or inconsistent allegations in this paragraph, are denied.

916.     Denied.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations are denied.

917.     The AbbVie Defendants admit that Jerome Groopman is identified as the author of an article in The New Yorker published on or around July 29, 2002, titled *Hormones for men: Is male menopause a question of medicine or of marketing?*  The article, being in writing, speaks for itself.  The AbbVie Defendants deny the Complaint's characterization of that article.  The cited document, ABBVIE-00150402, being in writing, speaks for itself.  The AbbVie Defendants deny the Complaint's characterization of that document.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations, and any remaining or inconsistent allegations in this paragraph, are denied.

918.     Denied.

919.     The cited document, ABBVIE-00150406, being in writing, speaks for itself.  The AbbVie Defendants deny the Complaint's characterization of that document, as well as any remaining or inconsistent allegations in this paragraph.

920.     The cited documents, ABBVIE-00150406 and ABBVIE-00150414, being in writing, speak for themselves.  The AbbVie Defendants deny the Complaint's characterization of those documents, as well as any remaining or inconsistent allegations in this paragraph.

921.     The cited documents, ABBVIE-00150416 and ABBVIE 0015836, being in writing, speak for themselves.  The AbbVie Defendants deny the Complaint's characterization of those documents.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations, and any remaining or inconsistent allegations in this paragraph, are denied.

922.     The cited document, ABBVIE-00226806, being in writing, speaks for itself.  The AbbVie Defendants deny the Complaint's characterization of that document, as well as any remaining or inconsistent allegations in this paragraph.

923.     The cited document, ABBVIE-00068139, being in writing, speaks for itself.  The AbbVie Defendants deny the Complaint's characterization of that document.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations, and any remaining or inconsistent allegations in this paragraph, are denied.

924.     The cited website, being in writing, speaks for itself.  The AbbVie Defendants deny the Complaint's characterization of that website.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations, and any remaining or inconsistent allegations in this paragraph, are denied.

925.     The AbbVie Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph and therefore deny them.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations, and any remaining or inconsistent allegations in this paragraph, are denied.

926.     The cited document, ABBVIE-FST11185153, being in writing, speaks for itself.  The AbbVie Defendants deny the Complaint's characterization of the document.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations, and any remaining or inconsistent allegations in this paragraph, are denied.

927. The AbbVie Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph and therefore deny them. As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response. To the extent a response may be required, those allegations, and any remaining or inconsistent allegations in this paragraph, are denied.

928. The cited document, ABBVIE-00377825, being in writing, speaks for itself. The AbbVie Defendants deny the Complaint's characterization of that document, as well as any remaining or inconsistent allegations in this paragraph.

929. The cited document, ABBVIE-00223076, being in writing, speaks for itself. The AbbVie Defendants deny the Complaint's characterization of that document, as well as any remaining or inconsistent allegations in this paragraph.

930. The cited document, ABBVIE-00223090, being in writing, speaks for itself. The AbbVie Defendants deny the Complaint's characterization of that document, as well as any remaining or inconsistent allegations in this paragraph.

931. The cited document, ABBVIE-00021551, being in writing, speaks for itself. The AbbVie Defendants deny the Complaint's characterization of that document, as well as any remaining or inconsistent allegations in this paragraph.

932. Denied. As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response. To the extent a response may be required, those allegations are denied.

933. The cited document, ABBVIE-00017438, being in writing, speaks for itself. The AbbVie Defendants deny the Complaint's characterization of that document. As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no

response. To the extent a response may be required, those allegations, and any remaining or inconsistent allegations in this paragraph, are denied.

934. To the extent this paragraph purports to characterize unidentified written documents, such documents, being in writing, speak for themselves. The Complaint's characterization of those documents is denied. As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response. To the extent a response may be required, those allegations, and any remaining or inconsistent allegations in this paragraph, are denied.

935. The AbbVie Defendants admit that, at various times, one or more of the AbbVie Defendants has provided grants to support medical education and/or advance patient care consistent with and as permitted by applicable regulations and/or industry guidelines, including the independent initiatives of MHN. The cited documents, ABBVIE-FST11203990, ABBVIE-FST08623372, and ABBVIE-FST02439688, being in writing, speak for themselves. The AbbVie Defendants deny the Complaint's characterization of these documents, as well as any remaining or inconsistent allegations in this paragraph.

936. To the extent this paragraph purports to characterize a written press release, such communication, being in writing, speaks for itself. The Complaint's characterization of that press release is denied. As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response. To the extent a response may be required, those allegations, and any remaining or inconsistent allegations in this paragraph, are denied.

937. The cited document, ABBVIE-FST02426323, being in writing, speaks for itself. The AbbVie Defendants deny the Complaint's characterization of that document, as well as any remaining or inconsistent allegations in this paragraph.

938.     The cited website, being in writing, speaks for itself.  The AbbVie Defendants deny the Complaint's characterization of that website.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations, and any remaining or inconsistent allegations in this paragraph, are denied.

939.     The cited document, ABBVIE-FST15834088, being in writing, speaks for itself.  The AbbVie Defendants deny the Complaint's characterization of that document, as well as any remaining or inconsistent allegations in this paragraph.

940.     The cited document, ABBVIE-FST08659334, being in writing, speaks for itself.  The AbbVie Defendants deny the Complaint's characterization of that document.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations, and any remaining or inconsistent allegations in this paragraph, are denied.

941.     Denied.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations are denied.

942.     As the allegations in this paragraph are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, the allegations in this paragraph are denied.

943.     As the allegations in this paragraph are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, the allegations in this paragraph are denied.

944.     Denied.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations are denied.

945.     To the extent this paragraph purports to characterize TestosteroneUpdate's website, that website speaks for itself.  The AbbVie Defendants deny the Complaint's characterization of that website.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations, and any remaining or inconsistent allegations in this paragraph, are denied.

946.     The website for "TestosteroneUpdate" speaks for itself.  The AbbVie Defendants deny the Complaint's characterization of the information available at that website.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations, and any remaining or inconsistent allegations in this paragraph, are denied.

947.     The website for "TestosteroneUpdate" speaks for itself.  The AbbVie Defendants deny the Complaint's characterization of the information available at that website.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations, and any remaining or inconsistent allegations in this paragraph, are denied.

948.     The website for "TestosteroneUpdate" speaks for itself.  The AbbVie Defendants deny the Complaint's characterization of the information available at that website.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no

response.  To the extent a response may be required, those allegations, and any remaining or inconsistent allegations in this paragraph, are denied.

949.    The website for "TestosteroneUpdate" speaks for itself.  The AbbVie Defendants deny the Complaint's characterization of the information available at that website.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations, and any remaining or inconsistent allegations in this paragraph, are denied.

950.    The website for "TestosteroneUpdate" speaks for itself.  The AbbVie Defendants deny the Complaint's characterization of the information available at that website.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations, and any remaining or inconsistent allegations in this paragraph, are denied.

951.    The website for "TestosteroneUpdate" speaks for itself.  The AbbVie Defendants deny the Complaint's characterization of the information available at that website.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations, and any remaining or inconsistent allegations in this paragraph, are denied.

952.    This paragraph contains no allegations and requires no response.  To the extent a response may be required, the allegations in this paragraph are denied.

953.    The website for "TestosteroneUpdate" speaks for itself.  The AbbVie Defendants deny the Complaint's characterization of the information available at that website.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no

response.  To the extent a response may be required, those allegations, and any remaining or inconsistent allegations in this paragraph, are denied.

954.    The website for "TestosteroneUpdate" speaks for itself.  The AbbVie Defendants deny the Complaint's characterization of the information available at that website.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations, and any remaining or inconsistent allegations in this paragraph, are denied.

955.    The website for "TestosteroneUpdate" speaks for itself.  The AbbVie Defendants deny the Complaint's characterization of the information available at that website.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations, and any remaining or inconsistent allegations in this paragraph, are denied.

956.    The AbbVie Defendants admit that, at various times, one or more of the AbbVie Defendants has provided grants to support medical education consistent with and as permitted by applicable regulations and/or industry guidelines.  The AbbVie Defendants further admit that Drs.  Carson, McVary and Miner are listed as "faculty" of the "Doctor on Call Podcast," originally released on or around August 31, 2012.  The AbbVie Defendants further admit that this program was supported by an independent educational grant provided by one of the AbbVie Defendants.  The publicly available information regarding this podcast, being in writing, speaks for itself.  The Complaint's characterization of that information, and any remaining or inconsistent allegations in this paragraph, are denied.

957.    The website for "TestosteroneUpdate" speaks for itself.  The AbbVie Defendants deny the Complaint's characterization of the information available at that website.  As to any

allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response. To the extent a response may be required, those allegations, and any remaining or inconsistent allegations in this paragraph, are denied.

958. Denied. As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response. To the extent a response may be required, those allegations are denied.

959. To the extent this paragraph purports to characterize the Androgen Study Group's website, that website, being in writing, speaks for itself. The Complaint's characterization of that website is denied. As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response. To the extent a response may be required, those allegations, and any remaining or inconsistent allegations in this paragraph, are denied.

960. To the extent this paragraph purports to characterize the Androgen Study Group's website, that website, being in writing, speaks for itself. The Complaint's characterization of that website is denied. As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response. To the extent a response may be required, those allegations, and any remaining or inconsistent allegations in this paragraph, are denied.

961. Denied. As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response. To the extent a response may be required, those allegations are denied.

962. As the allegations in this paragraph are not directed at the AbbVie Defendants, the AbbVie Defendants make no response. To the extent a response may be required, the allegations in this paragraph are denied.

963.    As the allegations in this paragraph are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, the allegations in this paragraph are denied.

964.    To the extent this paragraph purports to characterize unidentified written communications, such communications, being in writing, speak for themselves.  The Complaint's characterization of those communications is denied.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations, and any remaining or inconsistent allegations in this paragraph, are denied.

965.    The AbbVie Defendants deny the allegations in the first sentence of this paragraph.  The AbbVie Defendants are without knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in this paragraph and therefore deny them.

966.    The cited letter, being in writing, speaks for itself.  The AbbVie Defendants deny the Complaint's characterization of that letter.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations, and any remaining or inconsistent allegations in this paragraph, are denied.

967.    The cited letter, being in writing, speaks for itself.  The AbbVie Defendants deny the Complaint's characterization of that letter.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations, and any remaining or inconsistent allegations in this paragraph, are denied.

968.     The cited letter, being in writing, speaks for itself.  The AbbVie Defendants deny the Complaint's characterization of that letter.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations, and any remaining or inconsistent allegations in this paragraph, are denied.

969.     Denied.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations are denied.

970.     The cited document, ABBVIE-FST02425733, being in writing, speaks for itself.  The AbbVie Defendants deny the Complaint's characterization of that document.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations, and any remaining or inconsistent allegations in this paragraph, are denied.

971.     The cited document, ABBVIE FST 01025427, being in writing, speaks for itself.  The AbbVie Defendants deny the Complaint's characterization of that document.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations, and any remaining or inconsistent allegations in this paragraph, are denied.

972.     The referenced information, being in writing, speaks for itself.  The AbbVie Defendants deny the Complaint's characterization of that information.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations, and any remaining or inconsistent allegations in this paragraph, are denied.

973.    The AbbVie Defendants admit that, at various times, one or more of the AbbVie Defendants has provided grants to support medical education consistent with and as permitted by applicable regulations and/or industry guidelines.  The AbbVie Defendants are without knowledge or information sufficient to form a belief about which publications Plaintiff MMO receives or has received and therefore denies those allegations.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations, and any remaining or inconsistent allegations in this paragraph, are denied.

974.    The AbbVie Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph and therefore deny them.

975.    Denied.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations are denied.

976.    Denied.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations are denied.

977.    Denied.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations are denied.

978.    Denied.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations are denied.

979.    Denied.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations are denied.

980.    Denied.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations are denied.

981.    The AbbVie Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph and therefore deny them.

982.    The AbbVie Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph and therefore deny them.

983.    Denied.

984.    Denied.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations are denied.

985.    As the allegations in this paragraph are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, the allegations in this paragraph are denied.

986.    As the allegations in this paragraph are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, the allegations in this paragraph are denied.

987.    As the allegations in this paragraph are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, the allegations in this paragraph are denied.

988. As the allegations in this paragraph are not directed at the AbbVie Defendants, the AbbVie Defendants make no response. To the extent a response may be required, the allegations in this paragraph are denied.

989. As the allegations in this paragraph are not directed at the AbbVie Defendants, the AbbVie Defendants make no response. To the extent a response may be required, the allegations in this paragraph are denied.

990. Denied. As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response. To the extent a response may be required, those allegations are denied.

991. The cited website, being in writing, speaks for itself. The AbbVie Defendants deny the Complaint's characterization of that website. As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response. To the extent a response may be required, those allegations, and any remaining or inconsistent allegations in this paragraph, are denied.

992. The AbbVie Defendants admit that AbbVie Inc. was identified by AMCP as a Silver Level Sponsor of the meeting described in this paragraph and that Jed Cicak appeared on the attendance list. The cited website, being in writing, speaks for itself. The Complaint's characterization of that website is denied. As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response. To the extent a response may be required, those allegations, and any remaining or inconsistent allegations in this paragraph, are denied.

993.     Denied.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations are denied.

994.     Denied.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations are denied.

995.     As the allegations in this paragraph are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, the allegations in this paragraph are denied.

996.     As the allegations in this paragraph are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, the allegations in this paragraph are denied.

997.     Denied.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations are denied.

998.     Denied.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations are denied.

999.     The cited website, being in writing, speaks for itself.  The AbbVie Defendants deny the Complaint's characterization of that website.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations, and any remaining or inconsistent allegations in this paragraph, are denied.

1000.   The cited documents, ABBVIE-00309217 and ABBVIE-00309232, being in writing, speak for themselves.  The AbbVie Defendants deny the Complaint's characterization of those documents, as well as any remaining or inconsistent allegations in this paragraph.

1001.   The cited website, being in writing, speaks for itself.  The AbbVie Defendants deny the Complaint's characterization of the website, as well as any remaining or inconsistent allegations in this paragraph.

1002.   The AbbVie Defendants admit that Shalender Bhasin is identified as the author of a review article published in the Journals of Gerontology in or around 2003, titled *Testosterone Supplementation for Aging-Associated Sarcopenia.*  The review article, being in writing, speaks for itself.  The AbbVie Defendants deny the Complaint's characterization of that article.  The cited document, ABBVIE-FST00858773, being in writing, speaks for itself.  The AbbVie Defendants deny the Complaint's characterization of that document, as well as any remaining or inconsistent allegations in this paragraph.

1003.   Denied.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations are denied.

1004.   Denied.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations are denied.

1005.   To the extent this paragraph purports to characterize written studies or statements, such information, being in writing, speaks for itself.  The Complaint's characterization of that information is denied.  As to any allegations that are not directed at the AbbVie Defendants, the

AbbVie Defendants make no response.  To the extent a response may be required, those allegations, and any remaining or inconsistent allegations in this paragraph, are denied.

1006.   The AbbVie Defendants admit that Dr.  Bhasin presented at the AdComm meeting on or around September 17, 2014.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations, and any remaining or inconsistent allegations in this paragraph, are denied.

1007.   The AbbVie Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph and therefore deny them.

1008.   The AbbVie Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph and therefore deny them.

1009.   The AbbVie Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph and therefore deny them.

1010.   The AbbVie Defendants admit that a presentation by this name was supported in part by an independent educational grant from one of the AbbVie Defendants.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations, and any remaining or inconsistent allegations in this paragraph, are denied.

1011.   As the allegations in this paragraph are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, the allegations in this paragraph are denied.

1012.   Denied.

1013.   The AbbVie Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph regarding the "brief video" and therefore deny those allegations.

1014.   The AbbVie Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph regarding what Dr. Dobs has "declared" or as to Dr. Dobs's interactions with other parties and therefore deny those allegations.   As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.   To the extent a response may be required, those allegations, and any remaining or inconsistent allegations in this paragraph, are denied.

1015.   The AbbVie Defendants admit that Dr. Dobs is identified as an author of a study published in the Journal of Urology in or around May 1996, titled *Improvement of sexual function in testosterone deficient men treated for 1 year with a permeation enhanced testosterone transdermal system*.   The study, being in writing, speaks for itself.   The AbbVie Defendants deny the Complaint's characterization of that study, as well as any remaining or inconsistent allegations in this paragraph.

1016.   As the allegations in this paragraph are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.   To the extent a response may be required, the allegations in this paragraph are denied.

1017.   Denied.

1018.   Denied.

1019.   As the allegations in this paragraph are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.   To the extent a response may be required, the allegations in this paragraph are denied.

1020.   The AbbVie Defendants admit that Dr.  Dobs presented at the AdComm meeting on or around September 17, 2014.  The text of her presentation speaks for itself.  The Complaint's characterization of her presentation is denied.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations, and any remaining or inconsistent allegations in this paragraph, are denied.

1021.   The AbbVie Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph and therefore deny them.

1022.   Denied.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations are denied.

1023.   The AbbVie Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph and therefore deny them.

1024.   As the allegations in this paragraph are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, the allegations in this paragraph are denied.

1025.   As the allegations in this paragraph are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, the allegations in this paragraph are denied.

1026.   As the allegations in this paragraph are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, the allegations in this paragraph are denied.

1027.   The AbbVie Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph and therefore deny them.

1028.   The AbbVie Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph and therefore deny them.

1029.   Denied.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations are denied.

1030.   The AbbVie Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph and therefore deny them.

1031.   As the allegations in this paragraph are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, the allegations in this paragraph are denied.

1032.   The website for "TestosteroneUpdate" speaks for itself.  The AbbVie Defendants deny the Complaint's characterization of the information available at that website.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations, and any remaining or inconsistent allegations in this paragraph, are denied.

1033.   To the extent this paragraph purports to characterize a written "letter to the editor," such letter, being in writing, speaks for itself.  The Complaint's characterization of that letter, and any remaining or inconsistent allegations in this paragraph, are denied.

1034.   The AbbVie Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph and therefore deny them.

1035.   The AbbVie Defendants deny the allegations in the first sentence of this paragraph.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations, and any remaining or inconsistent allegations in this paragraph, are denied.

1036.   The cited website, being in writing, speaks for itself.  The AbbVie Defendants deny the Complaint's characterization of that website.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations, and any remaining or inconsistent allegations in this paragraph, are denied.

1037.   Denied.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations are denied.

1038.   The AbbVie Defendants admit that Jerome Groopman is identified as the author of an article published in The New Yorker on or around July 29, 2002, titled *Hormones for men: Is male menopause a question of medicine or of marketing?*  The article, being in writing, speaks for itself.  The AbbVie Defendants deny the Complaint's characterization of that article, as well as any remaining or inconsistent allegations in this paragraph.

1039.   The cited document, ABBVIE-FST02641948, being in writing, speaks for itself.  The AbbVie Defendants deny the Complaint's characterization of that document, as well as any remaining or inconsistent allegations in this paragraph.

1040.   The cited document, ABBVIE-FST00929528, being in writing, speaks for itself.  The AbbVie Defendants deny the Complaint's characterization of that document, as well as any remaining or inconsistent allegations in this paragraph.

1041.   The AbbVie Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph and therefore deny them.

1042.   The AbbVie Defendants admit that Ed Silverman is identified as the author of a blog post published in the Wall Street Journal on or around March 25, 2014, titled *A High Stakes Battle Over Testosterone*.  The blog post, being in writing, speaks for itself.  The Complaint's characterization of that blog post, and any remaining or inconsistent allegations in this paragraph, are denied.

1043.   The AbbVie Defendants admit that Dr.  Morgentaler is identified as the author of an article published in the Journal of Sexual Medicine in or around June 2014, titled *Testosterone, Cardiovascular Risk, and Hormonophobia*.  The article, being in writing, speaks for itself.  The Complaint's characterization of that article, and any remaining or inconsistent allegations in this paragraph, are denied.

1044.   The video available at the cited website speaks for itself.  The AbbVie Defendants deny the Complaint's characterization of that video, as well as any remaining or inconsistent allegations in this paragraph.

1045.   The AbbVie Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph and therefore deny them.

1046.   To the extent this paragraph purports to characterize a "video interview," the publicly-available transcript of that interview, being in writing, speaks for itself.  The Complaint's characterization of that interview, and any remaining or inconsistent allegations in this paragraph, are denied.

1047.   The cited document, ABBVIE-00603290, being in writing, speaks for itself.  The AbbVie Defendants deny the Complaint's characterization of that document, as well as any remaining or inconsistent allegations in this paragraph.

1048.   The AbbVie Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph and therefore deny them.

1049.   The cited document, ABBVIE-FST12519824, being in writing, speaks for itself. The AbbVie Defendants deny the Complaint's characterization of that document.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations, and any remaining or inconsistent allegations in this paragraph, are denied.

1050.   The statements attributed to Dr. Swerdloff, being in writing, speak for themselves.  The AbbVie Defendants deny the Complaint's characterization of those statements.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations, and any remaining or inconsistent allegations in this paragraph, are denied.

1051.   The AbbVie Defendants admit that Dr. Swerdloff presented on behalf of the Endocrine Society at the AdComm meeting on or around September 17, 2014.  Those statements, being in writing, speak for themselves.  The Complaint's characterization of those statements is denied.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations, and any remaining or inconsistent allegations in this paragraph, are denied.

1052.   The AbbVie Defendants admit that Dr. Swerdloff is identified as an author of an article published in the Journal of Adolescent Health in or around January 2014, titled *A*

*Multicenter, Open-Label, Observational Study of Testosterone Gel (1%) in the Treatment of Adolescent Boys with Klinefelter Syndrome or Anorchia*. The article, being in writing, speaks for itself. Any remaining or inconsistent allegations in this paragraph are denied.

1053. Denied. As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response. To the extent a response may be required, those allegations are denied.

1054. The cited documents, being in writing, speak for themselves. The AbbVie Defendants deny the Complaint's characterization of those documents or the purported "agree[ment]" between the listed Defendants. As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response. To the extent a response may be required, those allegations, and any remaining or inconsistent allegations in this paragraph, are denied.

1055. Denied. As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response. To the extent a response may be required, those allegations are denied.

1056. The cited document, ABBVIE-FST08642111, being in writing, speaks for itself. The AbbVie Defendants deny the Complaint's characterization of that document. As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response. To the extent a response may be required, those allegations, and any remaining or inconsistent allegations in this paragraph, are denied.

1057. The cited document, ABBVIE-FST08641931, being in writing, speaks for itself. The AbbVie Defendants deny the Complaint's characterization of that document. As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no

response.  To the extent a response may be required, those allegations, and any remaining or inconsistent allegations in this paragraph, are denied.

1058.   The cited documents, ABBVIE-FST08641931 and ABBVIE-FST01859276, being in writing, speak for themselves.  The AbbVie Defendants deny the Complaint's characterization of those documents.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations, and any remaining or inconsistent allegations in this paragraph, are denied.

1059.   The publicly available minutes from the AdComm meeting on or around September 17, 2014 speak for themselves.  The AbbVie Defendants deny the Complaint's characterization of the meeting.  The cited document, ABBVIE-FST02269445, being in writing, speaks for itself.  The AbbVie Defendants deny the Complaint's characterization of that document and deny the Complaint's allegation that the AbbVie Defendants "selected" or "recruited" the listed presenters.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations, and any remaining or inconsistent allegations in this paragraph, are denied.

1060.   Denied.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations are denied.

1061.   The cited document, ABBVIE-FST01089796, being in writing, speaks for itself.  The AbbVie Defendants deny the Complaint's characterization of that document.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no

response.  To the extent a response may be required, those allegations, and any remaining or inconsistent allegations in this paragraph, are denied.

1062.   The cited document, ABBVIE-FST01859281, being in writing, speaks for itself. The AbbVie Defendants deny the Complaint's characterization of that document.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations, and any remaining or inconsistent allegations in this paragraph, are denied.

1063.   The cited documents, ABBVIE-FST13829649 and ABBVIE-FST02273774, being in writing, speak for themselves.  The AbbVie Defendants deny the Complaint's characterization of those documents.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations, and any remaining or inconsistent allegations in this paragraph, are denied.

1064.   The cited document, ABBVIE-FST00489415, being in writing, speaks for itself. The AbbVie Defendants deny the Complaint's characterization of that document, as well as any remaining or inconsistent allegations in this paragraph.

1065.   Denied.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations are denied.

1066.   Denied.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations are denied.

1067.   Denied.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations are denied.

1068.   Denied.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations are denied.

1069.   Denied.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations are denied.

1070.   Denied.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations are denied.

1071.   The cited document, ABBVIE-00157817, being in writing, speaks for itself.  The AbbVie Defendants deny the Complaint's characterization of that document, as well as any remaining or inconsistent allegations in this paragraph.

1072.   As the allegations in this paragraph are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, the allegations in this paragraph are denied.

1073.   As the allegations in this paragraph are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, the allegations in this paragraph are denied.

1074.  As the allegations in this paragraph are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, the allegations in this paragraph are denied.

1075.  As the allegations in this paragraph are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, the allegations in this paragraph are denied.

1076.  Denied.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations are denied.

1077.  Denied.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations are denied.

1078.  Denied.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations are denied.

1079.  Denied.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations are denied.

1080.  Denied.

1081.  Denied.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations are denied.

1082.  Denied.

1083.   Denied.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations are denied.

1084.   Denied.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations are denied.

1085.   Denied.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations are denied.

1086.   Denied.

1087.   Denied.

1088.   Denied.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations are denied.

1089.   Denied.

1090.   Denied.

1091.   Denied.

1092.   Denied.

1093.   Denied.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations are denied.

1094. Denied. As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response. To the extent a response may be required, those allegations are denied.

1095. Denied. As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response. To the extent a response may be required, those allegations are denied.

1096. Denied. As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response. To the extent a response may be required, those allegations are denied.

1097. Denied. As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response. To the extent a response may be required, those allegations are denied.

1098. Denied. As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response. To the extent a response may be required, those allegations are denied.

1099. Denied. As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response. To the extent a response may be required, those allegations are denied.

## XV.   PLAINTIFF'S CLAIMS ARE TIMELY

1100. Denied.

1101. Denied.

1102. Denied.

1103.   The allegations in this paragraph state legal conclusions to which no response is required.  To the extent a response is required, the allegations in this paragraph are denied.

1104.   Denied.

1105.   To the extent this paragraph purports to characterize the FDA's communications or AndroGel's labeling, such information, being in writing, speaks for itself.  The Complaint's characterization of that information is denied.  As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, those allegations, and any remaining or inconsistent allegations in this paragraph, are denied.

1106.   Denied.

1107.   Denied.

1108.   Denied.

1109.   Denied.

1110.   The AbbVie Defendants admit that Jerome Groopman is identified as the author of an article in The New Yorker published on or around July 29, 2002, titled *Hormones for men: Is male menopause a question of medicine or of marketing?*  The article, being in writing, speaks for itself.  The AbbVie Defendants deny the Complaint's characterization of that article.  The cited document, ABBVIE-00302978, being in writing, speaks for itself.  The AbbVie Defendants deny the Complaint's characterization of that document, as well as any remaining or inconsistent allegations in this paragraph.

1111.   To the extent this paragraph purports to characterize an unidentified written document, such document, being in writing, speaks for itself.  The Complaint's characterization of that document, and any remaining or inconsistent allegations in this paragraph, are denied.

1112.   To the extent this paragraph purports to characterize an unidentified written document, such document, being in writing, speaks for itself.  The Complaint's characterization of that document, and any remaining or inconsistent allegations in this paragraph, are denied.

1113.   To the extent this paragraph purports to characterize an unidentified written communication, such communication, being in writing, speaks for itself.  The Complaint's characterization of that communication, and any remaining or inconsistent allegations in this paragraph, are denied.

1114.   To the extent this paragraph purports to characterize an unidentified written communication, such communication, being in writing, speaks for itself.  The Complaint's characterization of that communication, and any remaining or inconsistent allegations in this paragraph, are denied.

1115.   Denied.

1116.   Denied.

1117.   Denied.

1118.   The AbbVie Defendants admit that on or around February 8, 2010, the Court in *United States ex rel.  King v.  Solvay, et al.*, granted an unopposed motion to unseal sealed complaints and amended complaints.  Any remaining or inconsistent allegations in this paragraph are denied.

1119.   Denied.

1120.   Denied.

1121.   Denied.

## XVI.   INJURY TO PLAINTIFF AND TPP CLASS MEMBERS

1122–1137.   Denied.

124

## XVII.  CLASS ACTION ALLEGATIONS

1138.   The AbbVie Defendants acknowledge that Plaintiff has filed this lawsuit as a putative class action and seeks certification of a putative class as described in this paragraph. The AbbVie Defendants deny that the putative class described in this paragraph is proper or ascertainable, or that certification of any class is appropriate.

1139.   The allegations in this paragraph state legal conclusions to which no response is required.  To the extent a response is required, the allegations in this paragraph are denied.

1140.   The allegations in this paragraph state legal conclusions to which no response is required.  To the extent a response is required, the allegations in this paragraph are denied.

1141.   Denied.

1142.   As the allegations in this paragraph are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, the allegations in this paragraph are denied.

1143.   As the allegations in this paragraph are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, the allegations in this paragraph are denied.

1144.   As the allegations in this paragraph are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, the allegations in this paragraph are denied.

1145.   As the allegations in this paragraph are not directed at the AbbVie Defendants, the AbbVie Defendants make no response.  To the extent a response may be required, the allegations in this paragraph are denied.

1146.   Denied.

1147.   The allegations in this paragraph state legal conclusions to which no response is required.  To the extent a response is required, the allegations in this paragraph are denied.

1148.   The AbbVie Defendants deny that Plaintiff or any other members of the putative class are entitled to the relief described in this paragraph, or to any relief whatsoever.

1149.   The allegations in this paragraph state legal conclusions to which no response is required.  To the extent a response is required, the allegations in this paragraph are denied.

1150.   The first sentence of this paragraph is denied.  The remaining allegations in this paragraph state legal conclusions to which no response is required.  To the extent a response is required, those allegations are denied.

1151.   The AbbVie Defendants lack knowledge or information sufficient to form a belief regarding what Plaintiff "knows" regarding the difficulties described in this paragraph.  The AbbVie Defendants, however, specifically deny that the claims advanced by Plaintiff on behalf of the putative class could be manageably litigated, and specifically deny that certification of any class is appropriate.

1152.   The allegations in this paragraph state legal conclusions to which no response is required.  To the extent a response is required, the allegations in this paragraph are denied.

## XVIII. CLAIMS FOR RELIEF

1153.   The AbbVie Defendants incorporate by reference their responses to all preceding paragraphs, as if fully set forth herein.

1154–1166.   Denied.

1167–1222.   The AbbVie Defendants deny all allegations in these paragraphs that concern one or more of the AbbVie Defendants.  As to any allegations that are not directed at the AbbVie

Defendants, the AbbVie Defendants make no response. To the extent a response may be required, those allegations are denied.

1223. The AbbVie Defendants incorporate by reference their responses to all preceding paragraphs, as if fully set forth herein.

1224−1236. Denied.

1237−1292. The AbbVie Defendants deny all allegations in these paragraphs that concern one or more of the AbbVie Defendants. As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response. To the extent a response may be required, those allegations are denied.

1293. The AbbVie Defendants incorporate by reference their responses to all preceding paragraphs, as if fully set forth herein.

1294−1306. Denied.

1307−1362. The AbbVie Defendants deny all allegations in these paragraphs that concern one or more of the AbbVie Defendants. As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response. To the extent a response may be required, those allegations are denied.

1363. The AbbVie Defendants incorporate by reference their responses to all preceding paragraphs, as if fully set forth herein.

1364−1382. Denied.

1383−1462. The AbbVie Defendants deny all allegations in these paragraphs that concern one or more of the AbbVie Defendants. As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response. To the extent a response may be required, those allegations are denied.

1463. The AbbVie Defendants incorporate by reference their responses to all preceding paragraphs, as if fully set forth herein.

1464–1476. Denied.

1477–1528. The AbbVie Defendants deny all allegations in these paragraphs that concern one or more of the AbbVie Defendants. As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response. To the extent a response may be required, those allegations are denied.

1529. The AbbVie Defendants incorporate by reference their responses to all preceding paragraphs, as if fully set forth herein.

1530–1537. The AbbVie Defendants deny all allegations in these paragraphs that concern one or more of the AbbVie Defendants. As to any allegations that are not directed at the AbbVie Defendants, the AbbVie Defendants make no response. To the extent a response may be required, those allegations are denied.

## XIX. DEMAND FOR RELIEF

Responding to the unnumbered WHEREFORE paragraph following Paragraph 1537 of the Complaint, including each subpart, the AbbVie Defendants deny that the conduct of any of the AbbVie Defendants caused or contributed to Plaintiff's alleged injuries and deny that any AbbVie Defendant is liable to Plaintiff for damages or any other relief sought in the Complaint.

## AFFIRMATIVE DEFENSES

The AbbVie Defendants hereby assert the following defenses to the claims in Plaintiff's Third Amended Complaint. By alleging the matters set forth below, the AbbVie Defendants do not allege or admit that they have the burden of proof and/or the burden of persuasion with respect to any of these matters, or that Plaintiff and the putative class are relieved of their burden to prove each and every element of their claims and the damages they seek.

1. The Court lacks personal jurisdiction over one or more of the AbbVie Defendants.

2. This Court is an improper venue as to one or more of Plaintiffs' claims and/or one or more of the AbbVie Defendants.

3. Plaintiff fails to plead its claims with particularity as required by FRCP 9(b).

4. Plaintiff's claims are barred, in whole or in part, because it lacks Article III and/or statutory standing to assert them.

5. Plaintiff's state-law claims are preempted, in whole or in part, by the Federal Food, Drug, and Cosmetic Act (FDCA), its implementing regulations, and/or other sources of federal law.

6. Plaintiff's federal claims, including its RICO claims, are precluded, in whole or in part, by the Federal Food, Drug, and Cosmetic Act (FDCA), its implementing regulations, and/or other sources of federal law.

7. Plaintiff's claims, in whole or in part, fall within the primary jurisdiction of the United States Food and Drug Administration (FDA) or another federal agency.

8. Plaintiff's claims are barred, in whole or in part, by the applicable prescriptive periods, preemptive periods, statutes of repose, statutes of limitations, and/or by the doctrine of laches.

9.      Plaintiff's claims are barred, in whole or in part, by the doctrines of express and implied waiver, estoppel, equitable estoppel, collateral estoppel and/or res judicata.

10.      Plaintiff's claims are barred, in whole or in part, by Plaintiff's inequitable conduct and/or the doctrine of unclean hands.

11.      Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff has released, settled, discharged, entered into an accord and satisfaction or otherwise compromised or abandoned its claims.

12.      Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff failed to mitigate its alleged damages.

13.      Plaintiff's claims are barred, in whole or in part, because its alleged damages, if any, were not legally caused by the AbbVie Defendants and were instead legally caused by alternative, intervening, and/or supervening causes or circumstances.

14.      Plaintiff's claims are barred, in whole or in part, because their alleged damages, if any, were caused by other parties who are not in privity with or under the control of the AbbVie Defendants.

15.      Plaintiff's claims are barred, in whole or in part, because any decisions of patients to seek and/or physicians to prescribe AndroGel, and/or any alleged decision of Plaintiff to include AndroGel in its formulary and/or to reimburse for AndroGel, was made independent of any of the AbbVie Defendants' alleged acts or omissions.

16.      Plaintiff's claims are barred, in whole or in part, under the doctrines of consent, acquiescence, waiver, ratification, assumption of risk, supervening cause, lack of causation, or lack of injury, because Plaintiff neither restricted nor conditioned reimbursement based on the uses or indications for which physicians prescribed AndroGel, and/or because Plaintiff continued

to pay for AndroGel even after becoming aware of some or all of the facts alleged in the Third Amended Complaint.

17.     Plaintiff's claims are barred, in whole or in part, because the alleged communications at issue in this action constitute protected scientific and/or commercial speech under the First Amendment to the United States Constitution.

18.     Plaintiff's claims are barred, in whole or in part, by the *Noerr-Pennington* doctrine, because the challenged conduct constitutes protected petitioning activity under the First Amendment to the United States Constitution.

19.     Plaintiff's claims are barred, in whole or in part, because their alleged damages, if any, are speculative, remote and/or impossible to allocate.

20.     Plaintiff's claims are barred, in whole or in part, due to their failure to join indispensable parties.

21.     Plaintiff's claims are barred, in whole or in part, because at all relevant times the AbbVie Defendants complied in good faith with all applicable statues, rules, regulations and recommendations, including those of the FDA, concerning the labeling and marketing of AndroGel.

22.     Plaintiff's claims are barred, in whole or in part, because they violate the AbbVie Defendants' rights under the Due Process and Ex Post Facto clauses of the United States Constitution, as well as all applicable state constitutions, insofar as Plaintiff seeks to impose liability retroactively for conduct that was not actionable at the time it occurred.

23.     Plaintiff's claims for equitable relief, if any, are barred, in whole or in part, because they have an adequate remedy at law.

24.     Plaintiff's claims are barred, in whole or in part, because they would be unjustly enriched if allowed to recover all or any portion of the damages alleged, and/or because the balance of equities does not favor Plaintiff's recovery of all or any portion of the damages alleged.

25.     Plaintiff's claims are barred, in whole or in part, because of the lack of privity between them and the AbbVie Defendants.

26.     Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to provide sufficient pre-suit notice of its claims.

27.     To the extent punitive damages and/or penalty assessments are sought, Plaintiff's punitive damages and/or penalty assessments claims against the AbbVie Defendants:

(1) have no basis in law or fact;

(2) are not recoverable because the allegations in the Third Amended Complaint are legally insufficient to support a claim for punitive damages and/or penalty assessments against the AbbVie Defendants;

(3) cannot be sustained because the laws regarding the standards for determining liability for and the amount of punitive damages and/or penalty assessments fail to give the AbbVie Defendants prior notice of the conduct for which punitive damages and/or penalty assessments may be imposed and the severity of the penalty that may be imposed, and are therefore void for vagueness in violation of the AbbVie Defendants' Due Process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and applicable state constitutional provisions;

(4) cannot be sustained because any award of punitive damages and/or penalty assessments exceeding the limits authorized by law would violate the AbbVie

Defendants' Due Process and Equal Protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and applicable state constitutional provisions;

(5) cannot be sustained because an award of punitive damages and/or penalty assessments in this case, combined with any prior, contemporaneous, or subsequent judgments against the AbbVie Defendants for punitive damages and/or penalty assessments arising from the design, development, manufacture, fabrication, distribution, supply, marketing, sale, or use of the AbbVie Defendants products would constitute impermissible multiple punishments for the same wrong, in violation of the AbbVie Defendants Due Process and Equal Protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and applicable state constitutional provisions, and/or would constitute double jeopardy in violation of the United States Constitution and applicable state constitutional provisions; and

(6) cannot be sustained because any award of punitive damages and/or penalty assessments, which are penal in nature, without according the AbbVie Defendants the same protections that are accorded to all criminal defendants, including the protection against unreasonable searches and seizures, the privilege against self-incrimination, and the rights to confront adverse witnesses, a speedy trial, and the effective assistance of counsel, would violate the AbbVie Defendants' rights guaranteed by the Fourth, Fifth, and Sixth Amendments as incorporated into the Fourteenth Amendment to the United States Constitution, as well as analogous state-law constitutional provisions.

28.     Any damages recovered by Plaintiff must be limited by any applicable statutory ceilings on recoverable damages.

29.     Plaintiff's alleged damages can be attributed to several causes and accordingly should be apportioned among the various causes according to the respective contribution of each such cause to the harm sustained, if any.

30.     At all relevant times, the AbbVie Defendants acted in good faith and discharged the duties and obligations they may have owed in accordance with the applicable standard of care and law.

31.     The AbbVie Defendants are entitled to a set-off should any damages be awarded against them.

32.     This action cannot be maintained as a class action because class certification would violate the AbbVie Defendants' rights as provided by the Fifth, Seventh and Fourteenth Amendments to the United States Constitution, including but not limited to the AbbVie Defendants' right to procedural and substantive safeguards, which include traditional defenses to liability.

33.     The AbbVie Defendants hereby give notice that they intend to raise and rely upon any additional affirmative defenses that become available or apparent during discovery, and thus they reserve the right to amend this Answer to assert such defenses.

## DEMAND FOR JURY TRIAL

The AbbVie Defendants deny that Plaintiff and the putative class have asserted any viable claims that would necessitate a trial by jury. However, to the extent the Court finds any claims triable, the AbbVie Defendants demand a trial by jury on all such claims.

**WHEREFORE**, the AbbVie Defendants request that the Complaint be dismissed in its entirety with prejudice, that judgment be entered in favor of the AbbVie Defendants, that the

AbbVie Defendants be awarded costs and, to the extent provided by law, attorneys' fees, and any such other relief as the Court may deem proper.

Dated: September 30, 2016

Respectfully submitted,

*/s/ William F. Cavanaugh, Jr.*
William F. Cavanaugh, Jr.
Jonah M. Knobler (*pro hac vice*)
Niji Jain (*pro hac vice*)
**PATTERSON BELKNAP WEBB
& TYLER LLP**
1133 Avenue of the Americas
New York, NY 10036
Tel: (212) 336-2000
Fax: (212) 336-2222
wfcavanaugh@pbwt.com

*Attorneys for Defendants AbbVie Inc., Abbott
Laboratories, Abbott Products, Inc., Solvay
Pharmaceuticals, Inc., and Unimed
Pharmaceuticals, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on September 30, 2016, I caused the foregoing to be filed electronically with the Clerk of the Court using the CM/ECF system which sent notification of such filing to all registered attorneys of record.

　　/s/ William F.  Cavanaugh, Jr.
William F.  Cavanaugh, Jr.

*Attorneys for Defendants AbbVie Inc., Abbott Laboratories, Abbott Products, Inc., Solvay Pharmaceuticals, Inc., and Unimed Pharmaceuticals, LLC*