**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| IN RE: TESTOSTERONE REPLACEMENT THERAPY PRODUCTS LIABILITY LITIGATION | MDL No. 2545 |
| **THIS DOCUMENT RELATES TO ALL CASES** | Master Docket Case No. 1:14-cv-01748<br><br>Honorable Matthew F. Kennelly |

**CASE MANAGEMENT ORDER #39**

**(Extension of Deadlines To Complete Axiron Non-Expert Fact Discovery)**

1. On December 19, 2014, CMO 19 set the Defendant Eli Lilly and Company and Lilly USA, LLC (collectively, "Lilly") non-expert fact discovery cut-off date for September 12, 2016. Per the order, any request to extend or reopen fact discovery after this date required a showing of good cause and due diligence.

2. On August 14, 2016, CMO 19C extended that Lilly non-expert fact discovery cut-off date to March 31, 2017 and set a non-expert fact cut-off date of April 30, 2017 as to Acrux DDS Pty Ltd and Acrux Commercial Pty Ltd (collectively, "Acrux").[1] This was agreed to by the parties and approved by the Court based upon a showing of good cause and due diligence.

3. To date, Lilly has produced almost 3 million pages of documents including 25 custodial files and 9 Lilly corporate witnesses have been deposed. Additional witnesses are scheduled to be deposed in April 2017. Acrux has produced over 115,000 pages of documents including 2 custodian files. One Acrux corporate witness has been deposed.

4. The Parties now seek a limited extension of the fact discovery cut-of date to August 18, 2017 to complete agreed upon pending fact discovery as to Lilly and Acrux (set forth in Exhibits A and B hereto) and to complete any additional discovery for which good cause exists to complete. Additionally, the parties seek to set a fact discovery cut-off date of

---

[1] Axiron® was originally developed by Acrux Pharma Pty. Eli Lilly Exports S.A. and Acrux Commercial Pty Ltd entered into a licensing agreement on March 15, 2010 for the commercialization of Axiron®.

1

September 15, 2017 to complete agreed upon pending third party discovery (set forth in Exhibit C) and any additional third party discovery for which good cause exists to complete. Because Plaintiffs' expert disclosure date is August 18, 2017, Plaintiffs will make a good faith effort to complete the third party discovery on or before August 18, 2017. (The pending list of depositions requested by plaintiffs is set forth in the attached Exhibit A. The pending list of custodial files requested by plaintiffs is set forth in the attached Exhibit B. The pending list of identified third party discovery is set forth in the attached Exhibit C.) The Parties have been working diligently and cooperatively. This second and limited extension of the fact discovery cut-off date for discovery shall not affect the summary judgment, Daubert motions or trial schedule as to the Lilly bellwether cases.

5. If a party lists for trial a witness whose deposition has not been taken, the party must provide a particularized disclosure of all subjects and contents of the witness's testimony. If an opposing party wishes to take that witness's deposition, the parties are to cooperate in arranging for this to be done promptly after the designation of the witness, subject to the disclosing party's right to promptly move the Court for a protective order precluding the deposition for good cause.

6. Any supplementation of a party's Rule 26(a)(2) disclosures must be done in accordance with and by the time limitation specified in Rule 26(e). The relevant trial date for purposes of calculating the ultimate deadline for such supplementation is January 29, 2018.

7. The primary purpose of this discovery extension is to provide additional time for Plaintiffs to complete the agreed upon pending discovery set forth in Exhibit A-C. However, with a showing of good cause Plaintiffs may request additional custodian file productions and/or depositions. The Parties shall meet and confer in good faith to determine whether any agreement can be reached. If the Parties are unable to agree that there is good cause shown for the new discovery requests in these two areas, the dispute shall be submitted promptly to the Court for resolution to determine whether there is good cause shown for the new discovery requests.

8. This Order is binding on the Parties and their counsel, including any parties subsequently made part of these proceeding, whether by filing or service only.

SO ORDERED, this 16th day of March, 2017.

```
                              _____
                              THE HONORABLE
                              Matthew F. Kennelly
```

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: TESTOSTERONE REPLACEMENT THERAPY PRODUCTS LIABILITY LITIGATION | MDL No. 2545 |
| **THIS DOCUMENT RELATES TO ALL CASES** | Master Docket Case No. 1:14-cv-01748<br><br>Honorable Matthew F. Kennelly |

## EXHIBIT A

**Plaintiffs Have Requested The Following Depositions**

**Lilly**

1. Conway Reimer – Completed
2. Nolita Stewart – Completed
3. Veronica Chase – Completed
4. Ana Vaz - Completed
5. Stephen Motsko – Completed
6. Kathryn Broderick – Completed
7. Michele Sharp – Completed
8. Paul Major - Completed
9. Shawn Heffern - Completed
10. Hu Li – Tentatively set for April 21, 2017
11. Anthony Beardsworth – Tentatively set for May 3, 2017
12. Ruth Belin – Tentatively set for April 28, 2017
13. Diane Bakaysa
14. Danielle Byrne
15. Darrell Heiselman
16. Kraig Kinchen
17. Stephen Knowles
18. Robert Lew
19. Nancy Ostrowski

**Acrux**

1. Nina Webster - Completed
2. Ross Dobinson
3. Richard Treagus
4. Adam Watkinson

4

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: TESTOSTERONE REPLACEMENT THERAPY PRODUCTS LIABILITY LITIGATION | MDL No. 2545 |
| **THIS DOCUMENT RELATES TO ALL CASES** | Master Docket Case No. 1:14-cv-01748<br><br>Honorable Matthew F. Kennelly |

## EXHIBIT B

**Plaintiffs Have Requested The Following Custodial Files**

**Lilly**

1. Kathryn Broderick - Completed
2. Kraig Kinchen – Completed
3. Stephen Knowles – Completed
4. Hu Li – Completed
5. Stephen Motsko - Completed
6. Paul Major – Completed
7. Ana Vaz – Completed
8. Veronica Chase – Completed
9. Nolita Stewart - Completed
10. Conway Reimer - Completed
11. Alma Rosalia Morquecho - Completed
12. Kristen Lynn Anderson - Completed
13. Erika Hardy - Completed
14. Shawn Heffern - Completed
15. Jennifer Brookfield Mouser - Completed
16. Michele Sharp - Completed
17. Craig Davenport - Completed
18. Jean Phillips - Completed
19. Ruth Belin - Completed
20. Holly Barce - Completed
21. Homer Wolfe - Completed
22. Angela Murff-Maxey - Completed
23. John Komacko - Completed
24. Diane Bakaysa – Completed
25. Anthony Beardsworth - Completed
26. Danielle Byrne
27. Robert Conley

28. Tim Garnett
29. Darell Heiselman
30. Robert Lew
31. Robert Metcalf
32. Nancy Ostrowski
33. Valerie Simmons
34. Don Therase
35. Shawnee Bates

**Acrux**

1. Nina Webster - Completed
2. Adam Watkinson - Completed
3. Hugh Aslop
4. Rosalie Cull
5. Ross Dobinson
6. Michael Kotsanis
7. Richard Treagus

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: TESTOSTERONE REPLACEMENT THERAPY PRODUCTS LIABILITY LITIGATION | MDL No. 2545 |
| **THIS DOCUMENT RELATES TO ALL CASES** | Master Docket Case No. 1:14-cv-01748<br><br>Honorable Matthew F. Kennelly |

## EXHIBIT C

**Plaintiffs Have Identified The Following 3rd Party Discovery**

1. Grey Global Group, LLC
2. Kendall International Inc.
3. Dr. Christina Wang
4. Dr. John Seeger