**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| IN RE: TESTOSTERONE REPLACEMENT THERAPY PRODUCTS LIABILITY LITIGATION | MDL No. 2545 |
| | Master Docket Case No. 1:14-cv-01748 |
| | Honorable Matthew F. Kennelly |
| This document applies to: | |
| *Robert Rowley v. AbbVie Inc. et al.*, Case No. 15-cv-02760 | |

**PLAINTIFF ROBERT ROWLEY'S RESPONSE TO STATEMENT OF FACTS AND MEMORANDUM OF LAW IN OPPOSITION TO BESINS HEALTHCARE INC.'S AND BESINS HEALTHCARE, S.A.'S MOTION FOR SUMMARY JUDGMENT**

Defendants Besins Healthcare, Inc. ("Besins Inc.") and Besins Healthcare, S.A. ("Besins S.A.") (together, "Besins Defendants") move for summary judgment in *Rowley v. AbbVie Inc. et al.*, Case No. 15-cv-02760, the only one of the bellwether cases in which these entities are named. Plaintiff Robert Rowley asserts two claims against the Besins Defendants: Strict Liability – Design Defect (First Claim for Relief) and Negligence (Third Claim for Relief).[1] Given the limited state of discovery concerning Besins, Inc. to date, Plaintiff Rowley does not oppose summary judgment in favor of Besins, Inc. on both these claims. Plaintiff also agrees that summary judgment in favor of Besins S.A. is appropriate with respect to his strict liability claim (First Claim), and with respect to that portion of his negligence claim (Third Claim) that pertains to manufacturing defect, but, as described below, otherwise opposes the motion of Besins, S.A. for summary judgment.

---

[1] As the Besins Defendants note, on September 30, 2015, this Court dismissed Claims Two, Four, Five, Six, Seven, and Nine against the Besins Defendants. Although the Court denied the Besins Defendants' motion to dismiss Claims One, Three, Eight, Ten, Eleven, Twelve, Thirteen, and Fourteen, Rowley has asserted only Claims One and Three of the surviving claims.

## LOCAL RULE 56.1(B) RESPONSE TO BESINS DEFENDANTS' STATEMENT OF MATERIAL FACTS

Plaintiff Rowley responds to the Besins Defendants' Statement of Facts as follows:

1.   Admit

2.   Admit

3.   Admit.

4.   Admit.

5.   Admit.

6.   Admit.

7.   Admit.

8.   Plaintiff has insufficient information and thus can neither admit nor deny.

9.   Admit.

10.   Plaintiff has insufficient information and thus can neither admit nor deny.

Plaintiff Rowley hereby adopts and incorporates by reference the statements of additional material facts set forth in: Plaintiffs' Local Rule 56.1 Response to Defendants' Statement of Material Facts in Support of Their Motion for Summary Judgment on Plaintiffs' "Off-Label" Marketing Claims; Plaintiffs' Local Rule 56.1 Response to Defendants' Statement of Material Facts in Support of Their Motion for Summary Judgment on Plaintiffs' Failure-To-Warn Claims; and Plaintiffs' Local Rule 56.1 Response to Defendants' Statement of Material Facts in Support of Their Motion for Summary Judgment Related to the Issue of Causation.

## MEMORANDUM IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

In their "me-too" motion, the Besins Defendants seek summary judgment with respect to Plaintiff Rowley' claims primarily on the basis of the motions for summary judgment filed by Defendants AbbVie Inc. and Abbott Laboratories (together, "AbbVie"). Thus, the Besins Defendants adopt and incorporate by reference two of AbbVie's three

summary judgment motions: (1) Defendants' Motion to Exclude Plaintiffs' Expert Testimony on the Issue of Causation and for Summary Judgment ("Causation Motion"); and (2) Defendants' Motion for Summary Judgment on Plaintiffs' Failure-to-Warn Claims ("Failure to Warn Motion"). With respect to Besins S.A., Plaintiff Rowley hereby adopts and incorporates by reference each and every argument set forth in Plaintiffs' memoranda of law submitted in opposition to the Causation Motion, the Failure to Warn Motion, and to AbbVie's Motion for Summary Judgment on Plaintiffs' "Off-Label" Marketing Claims, and to Exclude Plaintiffs' Expert Testimony on the Issue of "Off-Label" Marketing ("Off-Label Motion"). Plaintiff Rowley also hereby adopts and incorporates by reference each and every exhibit submitted by Plaintiffs in opposition to the Causation Motion, the Failure to Warn Motion, and the Off-Label Motion, as well as Plaintiffs' Local Rule 56.1 Statements submitted in opposition to each of the three summary judgment motions.[2] For the reasons set forth therein, Besins S.A. is not entitled to summary judgment with respect to Rowley's negligence claim, except as discussed below.

Besins S.A. makes only a single argument that is specific to itself and not simply an adoption of AbbVie's arguments. Besins S.A. argues that, to the extent Rowley's negligence claim encompasses a claim for negligent manufacturing of AndroGel, Plaintiff is unable to offer evidence that the AndroGel he used had a manufacturing defect. Plaintiff Rowley concedes this is so. Rowley thus agrees that partial summary judgment with respect to the part of Rowley's Third Claim that pertains to manufacturing defect – but only to that portion -- is appropriate. (Rule 56 provides for judgment with respect to

---

[2] As noted above, with respect to Besins, Inc., Plaintiff Rowley agrees that he does not have evidence with which to dispute the facts set forth by Besins, Inc. and that summary judgment for Besins, Inc. is therefore appropriate.

a claim or "part of [a] claim. . . ." Fed. R. Civ. P. 56.) As set forth above, and as set forth in Plaintiffs' oppositions to the Causation Motion, the Failure to Warn Motion, and the Off-Label Motion, Rowley opposes summary judgment with respect to all other aspects of the Third Claim for Relief as against Besins, S.A.

## CONCLUSION

This Court should deny summary judgment with respect to Plaintiff Robert Rowley's negligence claim (Third Claim) against Besins, S.A., except insofar as the Third Claim seeks to recover for negligent manufacturing, as to which Plaintiff agrees that judgment is warranted. Plaintiff Rowley does not oppose the motion of the Besins Defendants as it applies to (a) Besins, Inc.; and (b) Plaintiff's strict liability claim (First Claim).

Dated: March 20, 2017                    Respectfully submitted,


                                         ___/s/ Trent B. Miracle_____
                                         Trent B. Miracle
                                         SIMMONS HANLY CONROY
                                         One Court Street
                                         Alton, IL 62002
                                         Phone: (618) 259-2222
                                         Fax: (618) 259-2252
                                         Email: tmiracle@simmonsfirm.com

                                         Ronald Johnson, Jr.
                                         SCHACHTER, HENDY & JOHNSON PSC
                                         909 Wrights Summit Parkway, Suite 210
                                         Ft. Wright, KY 41011
                                         Phone: (859) 578-4444
                                         Fax: (859) 578-4440
                                         Email: rjohnson@pschacter.com

                                         Christopher A. Seeger
                                         SEEGER WEISS LLP
                                         77 Water Street
                                         New York, NY 10005
                                         Phone: (212) 584-0700

4

Fax: (212) 584-0799
Email: cseeger@seegerweiss.com

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on March 20, 2017, I electronically transmitted the foregoing document to the Clerk of the United States District Court using the CM/ECF system for filing and service to all parties/counsel registered to received copies in this case.

<div style="margin-left: 40%;">

<u>*/s/ Brendan A. Smith*</u>
Brendan A. Smith
SIMMONS HANLY CONROY
One Court Street
Alton, IL 62002
Phone: (618) 259-2222
Fax: (618-259-2252
Email: bsmith@simmonsfirm.com

</div>