# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| In re: Testosterone Replacement | ) | |
| Therapy Products Liability Litigation | ) | No. 14 C 1748 |
| Coordinated Pretrial Proceedings | ) | MDL No. 2545 |
| | ) | |
| (This document applies to all cases) | ) | |

## CASE MANAGEMENT ORDER NO. 49
### (Decision on AbbVie's motion to exclude plaintiff's expert Robert Johnson – dkt. 1729)

MATTHEW F. KENNELLY, District Judge:

This order concerns the cases brought against defendants AbbVie Inc. and Abbott Laboratories (collectively AbbVie) that have been selected for bellwether trials in this multidistrict litigation (MDL) proceeding. Plaintiffs in those cases have designated Robert W. Johnson as an expert witness to testify about AbbVie's financial condition and ability to pay a potential punitive damages award. AbbVie has moved to exclude his testimony under Federal Rules of Evidence 104(a), 702, and, 403, as well as *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).

AbbVie argues Johnson lacks the appropriate qualifications to evaluate a company's financial condition and ability to pay and that the opinions he intends to offer in this case are not the product of any reliable methodology. The Court need not consider those arguments, however, because it concludes that Rule 403 provides a sufficient basis for the exclusion of Johnson's testimony. Plaintiffs do not dispute that Johnson's testimony is relevant only on the issue of punitive damages. In another decision in this proceeding, the Court has ruled that the punitive damages law of Illinois applies in the AbbVie-only bellwether cases. Under Illinois law, "evidence of net worth

is . . . the preferred method of assessing punitive damages." *Cent. Bank—Granite City v. Ziaee*, 188 Ill. App. 3d 936, 946, 544 N.E.2d 1121, 1127 (1989).

AbbVie has agreed to stipulate to its net worth as reflected in its filings with the Securities and Exchange Commission, the same filings on which Johnson relies for his analysis. Given that stipulation, the relevance and probative value of additional testimony about AbbVie's finances is unclear. By contrast, the potentially unfair prejudice arising from extended testimony regarding the wealth of AbbVie and its executives is obvious. In their response to AbbVie's motion to exclude, plaintiffs do not address AbbVie's proposed stipulation or explain why information beyond the company's net worth is necessary for the jury to make a potential punitive damages assessment. Yet it is the proponent of expert testimony who bears the burden of establishing that the testimony satisfies the Rules of Evidence. *See Lewis v. CITGO Petroleum Corp.*, 561 F.3d 698, 705 (7th Cir. 2009). The Court concludes that the risk of unfair prejudice substantially outweighs the probative value of Johnson's testimony in light of AbbVie's proposed stipulation and therefore grants AbbVie's motion to exclude [dkt no. 1729]. *See* Fed. R. Evid. 403.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: May 8, 2017