IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: TESTOSTERONE REPLACEMENT THERAPY PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) | Case No. 14 C 1748<br><br>MDL No. 2545 |
| ---------------------------------------------------- | ) | |
| This document concerns all actions. | ) | |

**CASE MANAGEMENT ORDER NO. 54**
(Pretrial conference held on May 18, 2017;
<u>affirmative defenses in bellwether trial cases</u>)

On today's date, the Court held, by telephone, a pretrial conference regarding the AbbVie bellwether trials. This arose from AbbVie's recent statement to the Court, on May 11, 2017, that it intended to assert at trial a statute of limitations defense regarding the *Konrad* case (Case No. 15-cv-966), scheduled as the first AbbVie bellwether trial, to begin on June 5, 2017. The Court directed AbbVie to provide a written proffer of its limitations defense and directed plaintiffs to respond. In its written proffer, AbbVie asserted both a statute of limitations defense and a statute of repose defense.

AbbVie's short-form answer in the *Konrad* case asserted *eighteen* affirmative defenses, the last of which stated, in its entirety, as follows: "Plaintiff's claims may be barred, in whole or in part, by applicable statutes of limitations and/or repose." At today's conference, AbbVie's counsel indicated that its short-form answer in the other bellwether trial cases likely include similar numbers of affirmative defenses pleaded in a fashion similar to those asserted in the *Konrad* case. This, and the other matters that have unfolded with regard to the limitations and repose defenses as discussed at the pretrial conference, puts at risk the viability of the carefully-constructed bellwether trial plan and the Court's ability to manage this very large multidistrict proceeding in an efficient manner.

As the Court orally advised during the pretrial conference, the Court hereby strikes the affirmative defenses asserted by AbbVie (including any affiliated entities) in all six of the remaining AbbVie bellwether trial cases (*Konrad*, No. 15-cv-966; *Mitchell*,

No. 14-cv-9178; *Nolte*, No. 14-cv-8135; *Myers*, No. 15-cv-1085; *Rowley*, No. 15-cv-2760; and *Frost*, No. 15-cv-1484).  In those cases, AbbVie is directed to replead, with particularity, any previously-asserted affirmative defenses that it contends, with reasonable care and due diligence, still apply *and* are actually still being asserted in the particular case.[1]  The amended affirmative defenses are due by 5:00 pm on Monday, May 22, 2017.  The Court notes, as it did during today's conference, that this does not authorize the assertion of previously unasserted defenses or the expansion of previously asserted defenses.  That may be done only upon an appropriate motion that must be presented pursuant to this District's local rules regarding presentment of motions.

The Court has taken under advisement plaintiffs' request to strike, with prejudice, the statute of repose and statute of limitations defenses in the *Konrad* case, as well as plaintiffs' request that if the Court does not strike the defenses, it should bifurcate them from the remainder of the trial.  The Court will endeavor to rule on these matters by the end of the day on Monday, May 22, 2017.  That said, as the Court advised at the May 11 case management conference and again today, the parties should be prepared to substitute the *Mitchell* case for *Konrad* as the AbbVie bellwether case that will proceed to trial on June 5, 2017.  The Court will make a determination on that point when it issues its ruling on the request to strike or bifurcate the repose and limitations defenses.

In order to avoid similar disruptions in the bellwether trial schedules involving defendants other than AbbVie, the Court intends to impose, via a case management order, a requirement that once a case is designated as a bellwether trial case, amended affirmative defenses are to be filed within 21 days that replead, with particularity, any previously-asserted affirmative defenses that the defendant contends, with reasonable care and due diligence, still apply *and* are actually still being asserted in the particular case.  For non-AbbVie cases that have already been designated as bellwether trial cases, the repleaded affirmative defenses will be due within 21 days of the Court's entry of the aforementioned case management order.  The plaintiffs' steering committee and

---

[1] As noted below, the Court has taken under advisement plaintiffs' request to strike, with prejudice, the repose and limitations defenses in the *Konrad* case.  The direction to replead does not mean that the Court is taking the request to strike off the table.

defense counsel are directed to confer and prepare an appropriate order to propose to the Court in this regard and are to submit it by no later than the close of business on Monday, May 22, 2017.

Date:  May 18, 2017                                          _____
                                                                     MATTHEW F. KENNELLY
                                                                     United States District Judge