UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: TESTOSTERONE REPLACEMENT THERAPY PRODUCTS LIABILITY LITIGATION | CASE NO. 1:14-CV-01748<br>MDL 2545<br><br>JUDGE MATTHEW F. KENNELLY<br><br>This Document Relates to: *Konrad* v. *AbbVie Inc.*, No. 1:15-cv-00966; *Mitchell* v. *AbbVie Inc.*, No. 1:14-cv-09178 |

### DEFENDANTS' RESPONSE TO PLAINTIFFS' PROFFER REGARDING THE CASE AGAINST ABBVIE FOR PUNITIVE LIABILITY

Although AbbVie agrees with Plaintiffs that the trial of Konrad and Mitchell should proceed without bifurcation, it strongly objects to the purported evidence set forth in Plaintiffs' punitive damages proffer, which includes evidence that is inadmissible to prove liability or entitlement to punitive damages. Accordingly, AbbVie expressly preserves its right to object to the admission of that evidence for purposes of liability or punitive damages. Plaintiffs' proffer also fails to acknowledge that they are seeking to introduce certain limited evidence that, if at all admissible, would be so only for purposes of punitive damages, such as evidence of AbbVie's net worth. Any such evidence, however, does not require bifurcation, and instead can be presented subject to a limiting instruction.

### ARGUMENT

**A.     THE TEST FOR BIFURCATION IS EXACTING AND REQUIRES CAREFUL ANALYSIS OF THE OVERLAP BETWEEN LIABILITY AND PUNITIVE DAMAGES EVIDENCE**

District courts have discretion to bifurcate trials under limited circumstances pursuant to Federal Rule of Civil Procedure 42(b), which provides: "For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." Fed. R. Civ. P. 42(b). Yet

"[n]otwithstanding this discretion, a court should not routinely order separate trials." *Keyes Fibre Co.* v. *Packaging Corp. of Am.*, 763 F. Supp. 374, 375 (N.D. Ill. 1991). A court may not bifurcate trial in circumstances where none of the Rule 42 criteria are met, or where bifurcation would "prejudice the non-moving party or violate the Seventh Amendment." *Vandersteen* v. *Kelly*, 2010 WL 659327, at *1 (N.D. Ill. Feb. 23, 2010). Bifurcation is not a "preferred" procedure in the Seventh Circuit. *See Challenge Aspen* v. *King World Prods. Corp.*, 2001 WL 1403001, at *2 (N.D. Ill. Nov. 9, 2001) ("[I]n this Circuit bifurcation is not treated as a 'preferred method' of proceeding, but rather is limited to those cases where it is appropriate to further the purposes of Rule 42(b)."); *Real* v. *Bunn-O-Matic Corp.*, 195 F.R.D. 618, 620 (N.D. Ill. 2000) ("[C]ourts should not order separate trials unless such a disposition is clearly necessary.") (citation omitted).

The decision of whether to bifurcate trial requires an assessment of whether the punitive damages evidence would be inadmissible on the issue of liability. *See Vandersteen*, 2010 WL 659327, at *2 (bifurcating punitive damages where there was "no overlap of the evidence that would be presented"); *Challenge Aspen*, 2001 WL 1403001, at *2 (denying motion to bifurcate where punitive damages and liability evidence "likely would overlap"); *see also Brom* v. *Bozell, Jacobs, Kenyon & Eckhardt, Inc.*, 867 F. Supp. 686, 690 (N.D. Ill. 1994) (bifurcating damages and liability where "the evidence pertaining to damages appears to be wholly independent").

**B.    PLAINTIFFS' PROFFER CONSISTS OF EVIDENCE THAT IS INADMISSIBLE FOR PURPOSES OF LIABILITY OR PUNITIVE DAMAGES**

Plaintiffs' proffer does little to advance the Court's consideration of the very important decision on bifurcation. It is little more than a broad, narrative overview of their purported liability evidence. Nor is it complete, because they claim to "proffer ***just some of the evidence*** that will prove willful and wanton conduct under Illinois law." (Pls. Proffer at 2 (emphasis

added).) What is notably absent from Plaintiffs' proffer is any mention of evidence that could only be relevant for purposes of punitive damages, such as evidence of AbbVie's net worth.

Plaintiffs' proffer also is deficient because much of the purported evidence on which it relies is inadmissible for the reasons discussed in detail in AbbVie's omnibus motion *in limine*. This inadmissible evidence includes:

- Marketing and promotional materials neither seen nor relied on by Plaintiffs or their physicians,[1] including marketing plans from 2000 – 2004, interactions with physicians and the Endocrine Society in connection with conferences and guidelines prior to 2006, and direct to consumer advertising prior to late 2007 when Mr. Mitchell's prescription began and 2010 when Mr. Konrad's prescription started;

- Dr. Shames' public, unofficial outreach to physicians during 2004-07;[2]

- Expert work by Plaintiffs hematologist Dr. Rinder, who is no longer even listed as a liability witness at trial;[3]

- Post-injury warning changes in 2015;[4] and

- Evidence of market changes in 2015, which have nothing to do with these Plaintiffs.[5]

This evidence is inadmissible to prove liability, and trying the punitive damages case together with liability should not create a pathway to its admission.[6]

Nor is this evidence admissible for the purpose of assessing punitive damages, as it goes to facts that are not connected to the Konrad and Mitchell cases and which attempt to put the character of AbbVie and its predecessors at issue. The Supreme Court has established that, as a

---

[1] Pls. Proffer Exs. 11, 13, 19, 20, 23, 25, 26, 30.

[2] Pls. Proffer Ex. 28.

[3] Pls. Proffer Ex. 33 (*see generally* AbbVie's Omnibus Mot. *in Limine* at 21-25, asserting that Plaintiffs should be required to establish foundation for certain documents.)

[4] Pls. Proffer Exs. 31, 35.

[5] Pls. Proffer Ex. 35.

[6] Plaintiffs have in their proffer failed to address other categories of evidence that are inadmissible in their liability case, including evidence relating to other drugs and other manufacturers (*see* AbbVie's Omnibus Mot. *in Limine* at 10-14), evidence regarding foreign regulatory actions and labeling (*id.* at 15-17), general criticisms of the FDA that are not tied to the facts at issue (*id.* at 19-20), evidence of prescriber misconduct (*id.* at 20-21), and expert opinion testimony that was not timely disclosed (*id.* at 26-29).

matter of Due Process, "A defendant's ***dissimilar acts, independent from the acts upon which liability [is] premised, may not serve as the basis for punitive damages***." *State Farm Mut. Auto. Ins. Co.* v. *Campbell*, 538 U.S. 408, 422 (2003) (emphasis added). Here, any attempt by Plaintiffs to introduce evidence that is independent from AbbVie's purported actions toward Plaintiffs—including any allegations regarding conduct *by others*, or dissimilar conduct by AbbVie *toward others*, or any suggestion that AbbVie has a bad corporate "character"—is impermissible. *See id.* at 423 ("A defendant should be punished for the conduct that harmed the plaintiff, not for being an unsavory individual or business."); *Hill* v. *City of Chicago*, 2011 WL 3840336, at *3 (N.D. Ill. Aug. 30, 2011) ("[T]angential other bad acts evidence which is independent from the acts upon which liability is premised cannot form the basis for punitive damages.").[7]

Moreover, Plaintiffs Mitchell and Konrad should not be permitted to recover punitive damages under Illinois law based on purported harms caused to other customers nationwide. *BMW of N. Am., Inc.* v. *Gore*, 517 U.S. 559, 585 (1996) (noting that punitive damages award should be related "***to the actual harm inflicted on the plaintiff***" and noting that "[w]hile each State has ample power to protect its own consumers, none may use the punitive damages deterrent as a means of imposing its regulatory policies on the entire Nation.") (emphasis added). Indeed, as this Court observed at the most recent status conference, evidence of punitive damages is "***all focused on the conduct that's at issue in the case***." *See* Tr. of May 25, 2017

---

[7] This Court's prior holding that punitive damages may be available under Illinois law does not undermine this limitation. *See, e.g.*, *Mathias* v. *Accor Econ. Lodging, Inc.*, 347 F.3d 672, 674 (7th Cir. 2003) (applying Illinois law to punitive damages and observing that "the core of the Aristotelian notion of corrective justice, and more broadly of the principle of the rule of law, is that ***sanctions should be based on the wrong done rather than on the status of the defendant; a person is punished for what he does, not for who he is, even if the who is a huge corporation***.") (emphasis added); *see also Int'l Union of Operating Eng'rs, Local 150* v. *Lowe Excavating Co.*, 870 N.E.2d 303, 311 (Ill. 2006) (citing *State Farm* to address whether a punitive damages award "violate[d] the due process clause" and concluding that award was excessive); *Turner* v. *Firstar Bank, N.A.*, 845 N.E.2d 816, 827-29 (Ill. App. Ct. 2006) (citing *State Farm* to find punitive award excessive).

4

Proceedings at 123:16-124:17 (adding that punitive damages are not about "whether the person is a good person or a bad person, or a good corporation or a bad corporation.").

Plaintiffs' proffered punitive damages evidence also is inadmissible under Rule 403, for the reasons set forth in detail in AbbVie's omnibus motion *in limine*. *See, e.g., See E.E.O.C.* v. *Indiana Bell Tel. Co*, 256 F.3d 516, 519 (7th Cir. 2001) (finding evidence admissible to punitive damages, "unless its probative value is 'substantially outweighed' by other factors [under] Fed.R.Evid. 403").

For these reasons, AbbVie expressly reserves its right to object to the admission of this evidence for purposes of liability or punitive damages.

C. **EVIDENCE THAT MAY BE ADMISSIBLE ON PUNITIVE DAMAGES ALONE IS LIMITED AND SHOULD BE ADDRESSED IN A LIMITING INSTRUCTION**

Finally, although Plaintiffs fail to acknowledge this fact in their proffer, some of the evidence they seek to introduce, to the extent it is admissible, would only be so for purposes of punitive damages. This includes evidence of AbbVie's net worth. Because Plaintiffs have withdrawn Dr. Johnson as a witness, the relevant financial figure can be admitted succinctly and without bifurcation. A limiting instruction to the jury on this evidence would be appropriate, telling the jury that the net worth figure can be considered only in the event that they find both liability and entitlement to punitive damages. AbbVie should, moreover, be permitted to respond to that financial figure with evidence showing the proportion of its profits that is devoted to research and development.

## CONCLUSION

For the foregoing reasons, AbbVie respectfully submits that bifurcation is not warranted based on Plaintiffs' proffer, and AbbVie preserves any and all objections to the evidence set forth in Plaintiffs' proffer.

Dated: May 29, 2017

| | |
|---|---|
| By:/s/ *David M. Bernick*<br>    David M. Bernick<br>    Paul, Weiss, Rifkind, Wharton & Garrison LLP<br>    1285 Avenue of the Americas<br>    New York, NY 10019-6064<br>    Tel:  (212) 373-3000<br>    dbernick@paulweiss.com<br><br>    ***Counsel for AbbVie Inc.*** | Nathan E. Hoffman<br>Dechert LLP<br>35 W. Wacker Dr., Suite 3400<br>Chicago, IL 60601-1608<br>Tel:  (312) 646-5800<br>nathan.hoffman@dechert.com<br><br>Hope S. Freiwald<br>Friedrich-Wilhelm W. Sachse<br>Michelle Hart Yeary<br>Dechert LLP<br>2929 Arch St., Cira Centre<br>Philadelphia, PA 19104-2808<br>Tel:  (215) 994-4000<br>hope.freiwald@dechert.com<br>will.sachse@dechert.com<br>michelle.yeary@dechert.com<br><br>***Counsel for AbbVie Inc. and Abbott Laboratories*** |

6

## **CERTIFICATE OF SERVICE**

I, David Bernick, hereby certify that on May 29, 2017, the foregoing document was filed via the Court's CM/ECF system, which will automatically serve and send email notification of such filing to all registered attorneys of record.

/s/ *David Bernick*

David Bernick