IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: TESTOSTERONE REPLACEMENT THERAPY PRODUCTS LIABILITY LITIGATION | MDL No. 2545 <br> Master Docket Case No. 1:14-cv-01748 <br> Honorable Matthew F. Kennelly |
| This document applies to: *Mitchell v. AbbVie*, Case No. 1:14-cv-09178 | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF BILL OF COSTS**

**I.      INTRODUCTION**

Pursuant to 28 U.S.C. § 1920, Rule 54(d) of the Federal Rules of Civil Procedure and Local Rule 54.1, Plaintiff Jesse Mitchell respectfully submits this memorandum, together with the accompanying Declaration of Troy A. Rafferty, Esq. (the "Rafferty Decl."), in support of Plaintiff's Bill of Costs, submitted herewith. As stated in the Rafferty Declaration, these costs are correct and were necessarily incurred in this action and the services for which the fees have been charged were actually and necessarily performed.

On July 24, 2017, the Court entered judgment on Plaintiff's fraudulent misrepresentation claim. (Dkt. No. 87.) Plaintiff was awarded $150,000,000.00 in punitive damages. *Id.* As the prevailing party, Plaintiff is entitled to recover costs from Defendants. *See Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 945 (7th Cir. 1997); *see also Legget v. Gold Int'l, Inc.*, No. CV205-137, 2007 WL 439033, at *2 (S.D. Ga. Feb. 8, 2007) (taxing costs when jury only awarded punitive damages).

**II.      LEGAL STANDARD**

Under Rule 54(d)(1), a prevailing party should be granted costs, unless a federal statute, the Federal Rules of Civil Procedure or a court order provide otherwise. Among the costs the Court

1

may tax are: "(1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; [and] (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case…." 28 U.S.C. § 1920. The Seventh Circuit recognizes "a presumption that the prevailing party will recover costs, and the losing party bears the burden of an affirmative showing that taxed costs are not appropriate." *Beamon v. Marshall & Ilsley Trust Co.*, 411 F.3d 854, 864 (7th Cir. 2005).

**III.    DISCUSSION**

As set forth in the accompanying Bill of Costs and discussed in more detail below, Plaintiff seeks (1) $400 for the filing fee of the complaint; (2) $95,517.52 for depositions and trial transcripts (composed of $59,518.22 for depositions and $35,999.30 for trial transcripts); (3) $2,754 for witness fees; and ($) $1,630.08 for copying costs of trial exhibits, for a total amount of $100,301.60. *See* Rafferty Decl. Ex. A (Summary of Costs).

**A.    Fees of the Clerk - 28 U.S.C. § 1920(1)**

Plaintiff seeks recovery of the filing fee of the complaint, in the amount of $400. A copy of the receipt for the filing fee is attached as Exhibit B to the Rafferty Declaration. Plaintiff is not seeking amounts incurred in serving the complaint, deposition subpoenas or trial subpoenas.

**B.    Fees for printed or electronically recorded transcripts necessarily obtained for use in the case - 28 U.S.C. § 1920(2)**

(1)    <u>Deposition Transcripts</u>

Plaintiff seeks $59,518.22 for costs associated with original deposition transcripts, copy deposition transcripts and deposition video costs. *See* Rafferty Decl. Ex. A (Summary of Costs).

(a) *Original Deposition Transcripts*

The costs of deposition transcripts are recoverable if the depositions were "reasonably necessary." *Cengr v. Fusibond Piping Systems, Inc.*, 135 F.3d 445, 455 (7th Cir. 1998). Plaintiff seeks costs related to deposition transcripts of 15 witnesses that testified at trial, as these transcripts were all reasonably necessary to prepare for direct and cross examinations, and Defendants called every witness on their witness list. As set out in the Rafferty Declaration, Plaintiff seeks costs for the following deposition transcripts:

1. James Hynd;
2. Michael Miller;
3. Linda Scarazzini;
4. Steven Wojtanowski;
5. Janet Arrowsmith;
6. William French;
7. Mohit Khera;
8. Laurentius Marais;
9. William White;
10. Hossein Ardehali;
11. David Kessler;
12. Peggy Pence;
13. Gordon Canzler;
14. Nickolas Juliano; and
15. Jesse Mitchell.

Copies of the invoices for these depositions are attached as Exhibit C to the Rafferty Declaration.

While there were other depositions that were reasonably necessary for this case, Plaintiff recognizes that, for example, the deposition transcripts used for opposing AbbVie's summary judgment motions were used in a context involving multiple bellwether plaintiffs in this MDL.

Local Rule 54.1(b) limits deposition transcript costs to the then-prevailing rate that the costs of the transcript or deposition shall not exceed the regular copy rate as established by the Judicial Conference of the United States and in effect at the time the transcript or deposition was filed. *See* N.D. Ill. L.R. 54.1(b). During the time discovery was taken in this case, that amount was $3.65 per page for the original transcript. *See id.*; *see also* N.D. Ill. General Order 12-0003 (January 26, 2012).

Additionally, court reporter appearance fees may be awarded in addition to the per-page limit, but the fees shall not exceed the published rates on the Court website unless another rate was previously provided by order of court. *See* L.R. 54.1. Court reporter appearance fees may be awarded in addition to the per-page limit, but the fees shall not exceed $110 for one half day (4 hours or less), and $220 for a full day attendance fee. *See Piotrowski v. Menard, Inc.*, No. 13 C 5572, 2016 WL 7157353, at *2 n.1 (N.D. Ill. Dec. 8, 2016). The attendance fee by the court reporter engaged by Plaintiff was $95 per day, which falls below the Court's limit.

However, Plaintiff seeks higher as-billed amounts for six depositions arranged by Defendants. *See Intercontinental Great Brands LLC v. Kellogg N.A. Co.*, No. 13 C 321, 2016 WL 316865, at *3 (N.D. Ill. Jan. 26, 2016) (Kennelly, J.) (taxing "the full cost of the deposition transcripts for the depositions that IGB arranged"). Specifically, of the depositions that AbbVie noticed, Plaintiff seeks full cost of the deposition for six witnesses, composed of three of his

experts (Drs. Ardehali, Kessler, Pence), his prescribing doctor (Dr. Canzler) and his treating doctor (Dr. Juliano), and his own deposition.

With respect to Plaintiff's depositions of Defendants' experts and employees, no recovery is sought beyond that permitted by N.D. Ill. L.R. 54.1. Plaintiff is not seeking recovery for extra deposition expenses such as Realtime, exhibit scanning, rough drafts, or shipping and handling.

(b) *Deposition Transcript Copies*

Plaintiff seeks costs for copies of deposition transcripts for four expert witnesses, Drs. Arrowsmith, French, Marais, and Kessler. These copies are permitted by N.D. Ill. L.R. 54.1, which provides that "the cost of the original of such transcript or deposition together with the cost of one copy each where needed by counsel…." N.D. Ill. L.R. 54.1. These copies were necessary to accommodate the coordination of co-counsel and the taking and defending of depositions of experts prior to the expiration of the expert discovery deadline.

(c) *Video Costs*

None of the expert depositions were videotaped, and Plaintiff only seeks video costs for the deposition of one witness, James Hynd, who was the only video deposition played by Plaintiff at trial. *See* Trial Tr. at 786:13; Rafferty Decl. Ex. A.

(2) <u>Trial Transcripts</u>

Plaintiff seeks $35,999.30 for 14 days of trial transcripts, including the Realtime feed and daily delivery, which were necessary for the prosecution of this complex bellwether trial. *See* Rafferty Declaration Ex. D. Such costs are properly recoverable. *See* N.D. Ill. L.R. 54.1.

C. **Fees and disbursements for printing and witnesses - 28 U.S.C. § 1920(3)**

Plaintiff seeks the attendance fee for witnesses that it called live and were not employees of the Defendants. Specifically, Plaintiff seeks costs for per diem lodging (at $192 per day) and

5

subsistence (at $74 per day) in the amount of $2,754.00 for Drs. Ardehali, Kessler, Pence for those days on which trial testimony was actually given or when testifying at a deposition. The attendance fee has been calculated at $40.00 per day, pursuant to 28 U.S.C. § 1821(b). *See* Rafferty Aff. Ex. A at 2 (Summary of Costs). Plaintiff also seeks per subsistence costs for lodging, meals and incidentals these witnesses, pursuant to 28 U.S.C. § 1821(c)(4), (d). *See* Rafferty Aff. ¶¶ 8-12. *Id.* These amounts were calculated for witnesses who live too far to be expected to travel, on a daily basis, to and from their residence while in attendance at the deposition or trial, using the per diem allowance prescribed by the Administrator of General Services, pursuant to 5 U.S.C. § 5702(a), for official travel in the area of attendance by employees of the Federal Government. *See* Rafferty Decl. Ex. ¶¶ 8-12, Ex. E.

      **D.**    **Fees for exemplification and copies of papers necessarily obtained for use in the case - 28 U.S.C. § 1920(4)**

Plaintiff seeks costs for copies of trial exhibits for the *Mitchell* trial. Plaintiff made four copies of all documents admitted into evidence (totaling 4,528 pages at $0.09 per page). One copy was for counsel's use at trial with a witness, a second copy was for opposing counsel, the third copy was for the witness, and the final copy was for the jury in the event required during deliberations. *See* Rafferty Decl. ¶¶13-14, Ex. F.

**IV.**    **CONCLUSION**

For the foregoing reasons, this Court should tax Defendants with the costs enumerated in Plaintiff's Bill of Costs.

August 23, 2017                              Respectfully submitted,

                                                    */s/ Trent B. Miracle*
                                                    Trent B. Miracle
                                                    SIMMONS HANLY CONROY
                                                    One Court Street
                                                    Alton, IL 62002

Phone: (618) 259-2222
Fax: (618) 259-2252
Email: tmiracle@simmonsfirm.com

Ronald Johnson, Jr.
SCHACHTER, HENDY & JOHNSON PSC
909 Wrights Summit Parkway, Suite 210
Ft. Wright, KY 41011
Phone: (859) 578-4444
Fax: (859) 578-4440
Email: rjohnson@pschacter.com

Christopher A. Seeger
SEEGER WEISS LLP
77 Water Street
New York, NY 10005
Phone: (212) 584-0700
Fax: (212) 584-0799
Email: cseeger@seegerweiss.com

*Plaintiffs' Co-Lead Counsel on behalf of Plaintiffs' Steering Committee*

Troy A. Rafferty
Brandon L. Bogle
LEVIN, PAPANTONIO, THOMAS, MITCHELL, RAFFERTY & PROCTOR, P.A.
316 South Baylen Street, Ste. 600
Pensacola, Florida 32502
Phone: (850) 435-7043
Fax: (850) 435-7020
Email: trafferty@levinlaw.com

Bill Robins III
ROBINS CLOUD LLP
808 Wilshire, Suite 450
Santa Monica, California
Tel: (310) 929-4200
Fax: (310) 566-5900
Email: robins@robinscloud.com

David J. Diamond
GOLDBERG & OSBORNE
33 North Stone, Suite 900
Tucson, Arizona 85701
Tel: (520) 620-3975

7

Email: ddiamond@goldbergandosborne.com

*Counsel for Plaintiffs Jessie Mitchell and Kimberly Mitchell*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 23, 2017, I electronically transmitted the foregoing document to the Clerk of the United States District Court using the CM/ECF system for filing and service to all parties/counsel registered to received copies in this case.

*/s/ Brendan A. Smith*
Brendan A. Smith
