THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: Testosterone Replacement Therapy Products Liability Litigation Coordinated Pretrial Proceedings | ) ) ) ) | No. 14 C 1748 |
| ------------------------------------------------------------- | ) | MDL No. 2545 |
| This Document relates to: | ) ) | |
| *Owens v. Auxilium Pharms, Inc.*, Case No. 14 C 5180 | ) ) ) | |
| *Holtsclaw v. Auxilium Pharms, Inc.*, Case No. 15 C 3941 | ) ) | |

CASE MANAGEMENT ORDER NO. 65
(rulings on motions to strike affirmative defenses in
*Owens v. Auxilium Pharms, Inc.*, Case No. 14 C 5180
and *Holtsclaw v. Auxilium Pharms, Inc.*, Case No. 15 C 3941)

MATTHEW F. KENNELLY, District Judge:

Currently before the Court are the plaintiffs' motions in two bellwether trial cases to strike certain affirmative defenses asserted by Auxilium Pharmaceuticals, Inc. and other defendants, which the Court will refer to collectively as Auxilium. Following stipulations between the parties regarding a number of the originally-asserted defenses that were challenged, each case has two affirmative defenses still at issue. In making its rulings, the Court takes into account the particular procedural context, specifically that these are bellwether cases that have been selected for trial.

1. ***Owens* case**

Auxilium's affirmative defense 4 in *Owens* is an assumption-of-risk defense, alleged as follows:

> Plaintiffs had full knowledge of, accepted, and/or assumed all risks and possible adverse effects related to the use of TRT products. Plaintiffs'

recovery, therefore, is barred, diminished, reduced, or offset under the principles of assumption of the risk and/or informed consent.

Case No. 14 C 5180, dkt. no. 13, ¶ 4. This is insufficiently stated. Auxilium does not have to plead its evidence, but it must describe how it contends plaintiffs became aware of the risks in question. The defense is stricken, with leave to amend within seven days.

Auxilium's affirmative defense 22 states: "The Complaint fails to state facts sufficient to sustain a claim for, or recover of punitive damages." *Id.*, ¶ 22. The insufficiency of a plaintiff's allegations is not an affirmative defense as Federal Rule of Civil Procedure 8(c) uses that term. The defense is stricken. If Auxilium truly believed the facts as alleged were insufficient to permit a punitive damages award, it could have moved to strike the request for punitive damages, and if it contends the evidence is insufficient to support an award, it can seek partial summary judgment. But it cannot clutter the pleadings with a "defense" that is not really a defense but instead is an argument about the insufficiency of the plaintiff's allegations or evidence.

**2.** *Holtsclaw* **case**

Auxilium's affirmative defense 7 in *Holtsclaw* (in which Tennessee law evidently governs liability) reads as follows:

> The Complaint is subject to the limitations on the doctrine of strict product liability for a purported design defect and breach of warranty as set forth in the Restatement Second of Torts, Section 402A, comment k, where, as here, the manufacturer properly warns of the risks of the medication. *See Witherspoon v. Ciba-Geigy Corp.*, 1986 WL 2138 (Tenn. Ct. App. Feb. 12, 1986).

Case No. 15 C 3941, dkt. no. 18, ¶ 7. The defense is deficient because it does not identify the warnings upon which Auxilium relies. It is stricken, with leave to amend within seven days.

Auxilium's affirmative defense 16 states:

> In the event that Plaintiff recovers a verdict or judgment against [Defendant], then said verdict or judgment must be reduced by those amounts which have been paid or indemnified or will, with reasonable certainty, be paid or indemnified to Plaintiff, in whole or in part, from any collateral source including insurance, social security, workers compensation or employee benefit programs, for the cost of any medical care, dental care, custodial care, or rehabilitation services, or for any loss of earnings or other economic loss, to the extent such reduction is permitted under Tennessee law in a product liability action.

*Id.*, ¶ 16. The Court strikes the defense because it is a boilerplate allegation, worded in the hypothetical, with no factual content—in particular, identification of other sources from which plaintiff *actually* has received benefits that Auxilium *actually* contends should be offset. Auxilium has leave to amend the defense within seven days. The Court declines to adjudicate at this point plaintiff's contention that the defense is legally inapplicable. That issue may be asserted at a later appropriate time.

## Conclusion

In summary, in the *Owens* case, defense 4 is stricken with leave to amend within seven days, and defense 22 is stricken without leave to amend, and in the *Holtsclaw* case, defenses 7 and 16 are stricken with leave to amend within seven days.

Date: August 24, 2017

_____
MATTHEW F. KENNELLY
United States District Judge