THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: TESTOSTERONE | ) | Case No. 1:14-CV-01748 |
| REPLACEMENT THERAPY | ) | MDL No. 2545 |
| PRODUCTS LIABILITY LITIGATION | ) | |
| | ) | |
| This document relates to all cases | ) | Honorable Matthew F. Kennelly |

CASE MANAGEMENT ORDER # 75
(MIXED-USED BELLWETHER PLAN)

In furtherance of the advancement of this MDL, the Court hereby Orders:

I.      PROTOCOL FOR SELECTION OF MIXED-USE BELLWETHER CASES

1.      On or before October 4, 2017, Defendants will identify the pool of cases in which there is alleged mixed product usage and in which Plaintiffs have provided substantially complete Plaintiff Fact Sheets. Only cases that have been filed and served on or before July 31, 2017, and in which a substantially complete Plaintiff Fact Sheet has been served by August 18, 2017, shall be included in this pool of cases. This will serve as the pool of cases from which mixed-use bellwether cases will be selected.

2.      On or before October 11, 2017, the parties will randomly select a total of 100 cases from the pool established in paragraph 1 above. If the 100 cases randomly selected substantially differ in representation of named-defendants from the overall pool, the randomizer will be re-run until all parties agree or otherwise ordered by the Court. This will be the mixed-use bellwether selection pool.

3.      On or before November 27, 2017, for each case in the mixed-use bellwether selection pool:

    a.  Plaintiff shall supplement all sections of his/her previously served Fact Sheet. That supplementation must include the following information if not already provided:

     (1)  The name, dates of usage, and prescriber of each and every TRT product used by Plaintiff and all records or other information which document the dispensation of prescriptions and/or samples of those TRT products;

     (2)  The injury(ies) and date of injury(ies) Plaintiff attributes to his use of any TRT product and all medical records which document the diagnosis and extent of Plaintiff's alleged TRT-related injury (e.g., medical records which document nature, treatment, duration of treatment, etc.);

     (3)  Whether Plaintiff received a Package Insert, a Patient Medication Guide, a product brochure, or any other written product information for any TRT product and produce such product information if still in Plaintiff's possession; and

     (4)  A description of each TRT advertisement Plaintiff allegedly saw, read or heard, including the name of any TRT product mentioned in the advertisement, the form of the media (e.g. brochure, magazine, TV, radio, website; etc.) of the advertisement, and the dates when the advertisement was seen, read, or heard.

    b.  If during the course of supplementing his Fact Sheet, Plaintiff learns that any Defendant has been improperly named in a complaint either due to lack of product usage or product usage outside the latency period, Plaintiff will serve a stipulation of dismissal of that Defendant along with his supplemental Fact Sheet.

    c.  Defendants shall serve on plaintiffs' counsel a Defense Fact Sheet in the format attached hereto as Exhibit A.

    d.  Should either Plaintiffs or Defendants fail to serve at least 90% of the Fact Sheets as described in paragraphs 4(a) and (c) above by the required deadline, the opposing party reserves the right to move to compel, dismiss, or to seek randomly selected replacement case(s) prior to making their bellwether case selections.

   4.  On or before December 21, 2017, the Plaintiffs and Defendants shall each identify up to five cases (for a total of no more than 10 cases) that shall serve as mixed-use bellwether discovery cases. The parties should endeavor to select cases that approximate the percentage of multi-defendant and single-defendant cases from the overall mixed-use pool.

## II.    MIXED-USE BELLWETHER FACT DISCOVERY SCHEDULE

1.    Core discovery in the mixed-use discovery cases (as defined by CMO 14) may commence immediately after the mixed use bellwether discovery cases are selected and be completed on or before June 22, 2018.

2.    The parties agree that, of the mixed-use discovery cases that undergo core discovery, 2 cases will be eligible for selection as mixed-use bellwether trial cases.  The Bellwether Trial Cases shall be selected either by the Court or by agreement of the parties subject to the Court's approval.  If the Parties cannot agree on which 2 cases to select as the Bellwether Trial Cases, the parties shall submit simultaneous briefing on June 22, 2018, not to exceed 20 pages, advocating which 2 cases should be selected.  Should the Court have to decide which cases will be the 2 Bellwether Trial Cases, the Court will endeavor to issue its ruling by June 29, 2018.  If the parties agree on which cases will be the bellwether trial cases, they are to file a joint report on or before June 29, 2018.

3.    The parties are to develop and propose to the Court, by no later than October 27, 2017, a back-up plan for substitution of one or more additional Bellwether Trial Cases if one or both of the Bellwether Trial Cases designated under Section II.2 of this Order is disposed of by settlement, voluntary or involuntary dismissal, summary judgment, or by any means other than a trial on the merits.

## III.    MIXED-USE BELLWETHER EXPERT DISCOVERY SCHEDULE

1.    On or before July 27, 2018, Plaintiffs shall disclose expert witness testimony for each of the bellwether trial cases pursuant to Fed. R. Civ. P. 26(a)(2).

2.    On or before August 24, 2018, Defendants shall disclose expert witness testimony for each of the initial bellwether trial cases pursuant to Fed. R. Civ. P. 26(a)(2).

3.      Any request by Plaintiffs to disclose rebuttal expert witness testimony must be made by August 31, 2018. Any rebuttal disclosures allowed by the Court are to be completed by September 6, 2018.

4.      Depositions of expert witnesses are to be completed by October 5, 2018.  The parties will work cooperatively and use all best efforts to schedule the depositions of Plaintiffs' experts on a particular subject to take place before the corresponding defense expert.

5.      The parties intend that the limitations on expert discovery set forth in Rule 26 of the Federal Rules of Civil Procedure, including the provision of Rule 26(b)(4)(A)-(D) limiting discovery with respect to draft reports, communications with experts, and depositions of consulting experts, shall apply to all cases, whether pending in state or federal court. Accordingly, in order to foster cooperation between the MDL and state court litigations, counsel for the parties shall jointly seek to enter in all state court proceedings, whether already filed or hereafter filed, an order expressly agreeing that the limitations on expert discovery set forth in Rule 26(b)(4)(A)-(D) shall apply in all such state court proceedings.

## IV.     SUMMARY JUDGMENT & DAUBERT MOTIONS IN MIXED-USE BELLWETHER CASES

1.      Any motion for summary judgment or for partial summary judgment or seeking to challenge expert testimony pursuant to *Daubert* shall be filed on or before October 26, 2018.

2.      Responses to summary judgment motions and *Daubert* motions shall be filed on or before November 16, 2018.

3.      Replies in support of summary judgment motions and *Daubert* motions shall be filed on or before November 30, 2018.

## V.    MIXED-USE BELLWETHER TRIAL SCHEDULE

The first mixed-use bellwether trial shall begin on January 7, 2019.  The second mixed-use bellwether trial shall begin on a date after January 7, 2019 to be determined by the Court.

IT IS SO ORDERED.

Date:  October 13, 2017

_____
MATTHEW F. KENNELLY
UNITED STATES DISTRICT JUDGE

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

|  |  |  |
|---|---|---|
| | ) | |
| IN RE: TESTOSTERONE PRODUCTS | ) | |
| LIABILITY LITIGATION | ) | **MDL No. 2545** |
| | ) | |
| | ) | |

This Document Relates to:

**DEFENDANT FACT SHEET FOR MIXED USE RANDOM CASE POOL**

**DEFINITIONS AND INSTRUCTIONS**

As used herein, the phrase "prescribing healthcare provider" means the individual physicians or medical providers identified by Plaintiff in the Plaintiff Fact Sheet ("PFS") as a prescriber of Defendants' testosterone replacement product(s) and for whom a complete address has been provided. Responding Defendants will rely on the prescribing healthcare provider information contained in the PFS in responding to the requests for information herein and will provide information by reviewing the PFS-provided information against Defendants' records. Defendants will advise Plaintiff if they find no match or if they are unable to confirm a match.

For purposes of this DFS, Defendants will provide information based upon reasonable review of available databases and/or other sources of centralized information likely to contain responsive information. Defendants are not endeavoring to search for requested information in individual custodial files or email records.

**I.      Case Information**

This DFS pertains to the following Plaintiff: _____

**II.     Number Contacts With Prescribing Healthcare Provider**

State the total number of contacts between any Defendants' sales representative or detail person and the healthcare provider(s) who prescribed Defendants' testosterone replacement product(s) to Plaintiff (as identified in the Plaintiff's Fact Sheet) regarding said products prior to the alleged date of injury as set forth in Plaintiff's Fact Sheet. _____

**III.    Payments By Defendants To Plaintiff's Prescribing Healthcare Provider**

With respect to the healthcare provider(s) who prescribed Defendants' testosterone replacement product(s) to Plaintiff (as identified in the Plaintiff's Fact Sheet), state whether Defendant's financial payment records reflect any monetary payment to such provider(s).

Yes ☐  No ☐

**IV.     Relationship Between Defendants and Plaintiff's Prescribing Healthcare Provider**

With respect to the healthcare provider(s) who prescribed Defendants' testosterone replacement product(s) to Plaintiff (as identified in the Plaintiff's Fact Sheet), state whether Defendants have ever retained or contracted with such healthcare provider(s) to be a thought leader for Defendants with respect to Defendants' testosterone replacement product(s).

Yes ☐  No ☐

**CERTIFICATION**

I either have personal knowledge that the information provided and in connection with this Defense Fact Sheet is true, or I am informed and believe that the information provided is true. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true to the best of my knowledge, information and belief at the present time.

Further, I acknowledge that I have an obligation to supplement the above responses if I become aware of additional responsive information, or if I learn that they are in some material respects incomplete or incorrect:

Date: _____          _____
                               Signature

                               _____
                               Print Name