**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: TESTOSTERONE | ) | |
| REPLACEMENT THERAPY | ) | Case No. 1-14-cv-1748 |
| PRODUCTS LIABILITY LITIGATION | ) | |
| | ) | MDL No. 2545 |
| This document relates to <u>all actions</u> | ) | |

**CASE MANAGEMENT ORDER NO. 84
(Enhancements to plaintiffs' fact sheets;
<u>modifications to process for dealing with deficiencies</u>)**

MATTHEW F. KENNELLY, District Judge:

      The Court recently directed the parties to make proposals for, among other things, enhancement of the existing plaintiff's fact sheet (PFS) for member cases within this MDL and shortening of the process for dealing with late or otherwise deficient PFS submissions. The two sides submitted significantly disparate proposals along with justifications for their respective proposals. The Court held a case management conference at which it made determinations regarding certain disputed matters and provided guidance regarding the remaining disputed matters, and it directed the parties to confer and make a further submission embodying the Court's determinations.

      The Court has now reviewed the revised proposals regarding enhancements to the PFS and the process for dealing with late or otherwise deficient PFS submissions. Each side accuses the other of trying to evade the Court's directives at the case management conference. Each side is right, but for each side this amounts to the pot calling the kettle black. Plaintiffs are attempting to relitigate the Court's determination that the process for dealing with late or deficient PFS submissions is to be shortened and made more stringent. Defendants are attempting to obtain enhancements to the

contents of the PFS that the Court has specifically rejected and sanctions for PFS noncompliance that have never been imposed or even, in the Court's recollection, proposed. All of this is very disappointing; the Court expected better.

The parties are directed to submit a single draft case management order (CMO), by 2:00 p.m. Chicago time today, that tracks the following directives:

- Plaintiffs' proposed "plaintiff profile form" (PPF) is adopted for all existing cases in the MDL.

- There must be a revised PFS, incorporating the material in the current PFS and adding the material from plaintiffs' proposed PPF, that applies to all newly-filed cases.

- For current cases, the PPF is to be provided within 90 days of entry of the CMO. For new cases, the combined PFS-PPF is to be provided within the time previously ordered for the current version of the PFS.

- The Court rejects defendants' proposal to enhance the requirement for plaintiffs to seek out and obtain, as part of the PFS process, records not in their possession or custody beyond what is required by the current PFS process, CMO 75, and the to-be-imposed new requirement to obtain pharmacy drug dispensation records. This is part of what the Court determined at the recent case management conference.

- The order is to include a revised version of defendants' proposed CMO ¶ II.A.4 that reads as follows: "If during the course of completing his PPF, Plaintiff learns that any Defendant has been improperly named in a complaint due to lack of relevant product usage, Plaintiff will, within 21 days of submitting his PPF,

2

voluntarily dismiss that Defendant or serve a stipulation for dismissal of that Defendant."

- Plaintiffs' proposed ¶ II.B is approved.

- Plaintiffs' proposal for an automatic 30 day extension is rejected (*see* plaintiffs' proposed CMO ¶ II.C), as is plaintiffs' proposal for notification of deficiencies by defendants and a period for cure prior to submission of deficiencies to the Court for entry of an order to show cause (*see id.* ¶¶ II.D & II.E).  The 90 day period for submission of a PPF (for existing cases) or an enhanced PFS (for newly filed cases), along with the period following issuance of an order to show cause, provides an ample opportunity for compliance.  The Court acknowledges that the Rules of Civil Procedure typically require a meet-and-confer process before filing a motion seeking a sanction for discovery noncompliance, but those same rules provide a significantly shorter period for compliance with a discovery request than the 90 day period provided for the PFS/PPF.  The trade-off is appropriate given the need for efficient management of the large number of cases within this MDL.

- Defendants' proposed ¶ II.C is approved.  A 21 day period to respond to the Court's order to show cause is sufficient in light of the 90 day period for compliance with the PFS/PPF requirement.

- Defendants' proposed ¶ II.D is to be replaced with a revised version that states, "If the Plaintiff fails to show cause within 21 days of entry of the Court's order to show cause, the Court may dismiss the Plaintiff's case with prejudice or impose another appropriate sanction."

- Defendants' proposal for imposition of a sanction upon a plaintiff who cures a PPF / PFS deficiency following issuance of an order to show cause is rejected.
- The parties are directed to confer, make appropriate compromises, and reach agreement on any remaining disputed language.

Date: December 8, 2017

_____
MATTHEW F. KENNELLY
United States District Judge