UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |
|---|---|
| IN RE: TESTOSTERONE REPLACEMENT THERAPY PRODUCTS LIABILITY LITIGATION | : : : : : : : | Civil Action No. 1:14-MD-01748<br>MDL NO. 2545<br><br>JUDGE MATTHEW F. KENNELLY |

**This document relates to: ALL ACTIONS**

## CASE MANAGEMENT ORDER NO. 85
(Supplemental Plaintiff Profile Form - PPF)

The Court hereby issues the following Case Management Order to govern the form, procedure, and schedule for the completion and service of Supplemental Plaintiff Profile Forms ("PPF") and certain documents referenced therein.

## I.  Scope of Order

**A.**  This Order applies to all Plaintiffs and their counsel of record in all cases currently pending in this litigation in which a Plaintiff Fact Sheet pursuant to CMO 9: (a) has already been served by Plaintiff; (b) is overdue; or (c) is due within thirty (30) days of entry of this Order.[1]

**B.**  The completion, service and supplementing of the PPF, pursuant to this Order, is the obligation of Plaintiff's counsel of record. This Order shall not create an obligation on the Plaintiffs' Steering Committee ("PSC") in any regard, nor shall the previously entered CMO 9 or the amended CMO 9.

---

[1] CMO 9 will be amended to incorporate the requirements of this Order into the Plaintiff Fact Sheet for all cases filed in the future and/or for cases in which the Plaintiff Fact Sheet is not currently due.

II.  **Plaintiff Profile Form**

    A.  The form PPF is attached hereto as Exhibit A. In accordance with the schedule set forth below, every Plaintiff identified in Section I.A. shall:

        1.  Complete and execute a PPF within 90 days of entry of this CMO;

        2.  Serve the completed and executed PPF upon counsel for each Defendant named in the Member Action ("Defendant") in the manner described in CMO 9 and/or Amended CMO 9; and

        3.  Produce to Defendant all responsive, non-privileged documents that are requested in the PPF.

        4.  If during the course of completing his PPF, Plaintiff learns that any Defendant has been improperly named in a complaint due to lack of relevant product usage, Plaintiff will, within 21 days of submitting his PPF voluntarily dismiss that Defendant or serve a stipulation for dismissal of that Defendant.

    B.  In completing the PPF, every Plaintiff is required to provide a PPF that is substantially complete in all respects. For a PPF to be "substantially complete in all respects," the responding Plaintiff must answer the questions contained in the PPF to the best of his or her ability.

    C.  Should any Plaintiff fail to serve an executed PPF or if a Defendant deems a Plaintiff's PPF deficient, Defendant's counsel shall notify the Court of the alleged deficiency and the Court shall issue an, "Order To Show Cause Why the Case Should Not Be Dismissed and/or Sanctions Ordered." Plaintiff's counsel shall have twenty-one (21) days to respond to said Order To Show Cause, which includes the ability to cure the alleged discovery deficiency. There shall be no imposition of a sanction for any plaintiff who cures a deficiency following issuance of an Order to Show Cause.

    D.  If the Plaintiff fails to show cause within 21 days of entry of the Court's Order To Show Cause, the Court may dismiss the Plaintiff's case with prejudice, or impose another appropriate sanction.

**III.** **Confidentiality**

All information disclosed in a PPF, as well as the PPF itself, and all related documents (including health care records and information) produced pursuant to the PPF or from any authorizations provided therewith, shall be deemed confidential and treated as "Confidential Information."

IT IS SO ORDERED, this 8th day of December, 2017.

_____
HON. MATTHEW F. KENNELLY
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

IN RE: TESTOSTERONE REPLACEMENT     Case No. 1:14-CV-01748
THERAPY PRODUCTS LIABILITY            MDL 2545
LITIGATION

This document relates to: _____     JUDGE MATTHEW F. KENNELLY.

## PLAINTIFF PROFILE FORM ("PPF")

Please provide the following information for each individual on whose behalf a claim is being made. If you are completing this questionnaire in a representative capacity, please respond to all questions with respect to the person who was treated with Testosterone Replacement Therapy ("TRT"). Those questions using the term "**You**" refer to the person who was treated with TRT. If you do not have enough room on this form to fit your complete response to any question or request, please either complete that response on a supplemental page, or on additional copies of pages for which you need more room.

This PPF includes questions that were previously asked in the Plaintiff Fact Sheet ("PFS") under CMO 9. A grid identifying each previously asked question and its corresponding PFS counterpart is attached hereto as Exhibit 1. If you previously responded to these questions in the PFS, and your responses remain unchanged, you may refer back to the corresponding section of the PFS as your answer to the specific questions below herein.

1. Plaintiff's Name: _____ _____
2. Name of Person completing this Form (if different than Plaintiff): _____
3. Plaintiff's DOB:_____
4. Named Defendant(s) in the Plaintiff's Case: _____
5. Plaintiff Law Firm Name:_____

### I. TRT USAGE

A. Please indicate whether you used the following TRT products prior to the date of your alleged TRT-related injury.

| TRT Product | Yes/No/Cannot recall | How was TRT dispensed and/or obtained (pharmacy, samples, other means). List all that apply, and state name/address of the pharmacy of the dispensing facility |
|---|---|---|

| | | |
|---|---|---|
| Androderm | | |
| AndroGel | | |
| Axiron | | |
| Delatestryl | | |
| Depo-Testosterone | | |
| Fortesta | | |
| Striant | | |
| Testim | | |
| Testopel | | |
| Other (including over-the-counter), provide name(s) of product(s): _____ | | |

Identify any other relevant information to support and/or identify how you obtained your TRT:

_____

_____

_____

_____

_____

_____

B.  Produce all records or other information that documents that you or someone on your behalf was dispensed prescriptions and/or samples of the TRT products used by you prior to the date of your alleged TRT-related injuries (this information may include, but is not limited to, pharmacy records, prescription records, personal notes, medical records and/or sworn statements from prescribing healthcare provider or any other healthcare providers).

5

C. For each TRT product identified in your response to Section I.A., above, please state the following:

| TRT Product | Beginning and end dates of use (approx.) | Dates of any gaps in use |
|---|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

## II. PLAINTIFF'S INJURIES ATTRIBUTABLE TO TRT USE

A. Please indicate whether you allege any of the following injuries which you attribute to your use of testosterone replacement therapy products ("TRT products").

| **Alleged Injury** | **Yes/No** | **If yes, provide the date of injury** |
|---|---|---|
| MI (Myocardial Infarction) | | |
| CVA (Embolic stroke/TIA) | | |
| DVT (Deep Vein Thrombosis) | | |
| PE (Pulmonary Embolism) | | |
| Other (Please specify): | | |

B. Produce medical records that show your TRT-related injury (e.g., hospital discharge summary).

### III. DETAILS REGARDING WRITTEN PRODUCT INFORMATION

A. For each TRT product identified in your response to Section II, please state the following:

| TRT Product | Did Plaintiff receive the Package Insert or Medication Guide? | Did Plaintiff receive a product brochure? | Did Plaintiff receive any other written product information? |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

B. If you are still in possession of the above information, please produce it to your lawyer for production in this case. Produce all written product information in your possession.

### IV. DETAILS REGARDING MARKETING

A. A description of each TRT advertisement Plaintiff allegedly saw, read or heard, including the name of any TRT product mentioned in the advertisement, the form of the media (e.g. brochure, magazine, TV, radio, website; etc.) of the advertisement, and the dates when the advertisement was seen, read, or heard.

_____

_____

_____

_____

_____

_____

7

## DECLARATION

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that all of the information provided and in connection with this Plaintiff Profile Form is true and correct to the best of my knowledge information and belief at the present time.

Further, I acknowledge that I have an obligation to supplement the above responses if I become aware of additional responsive information, or if I learn that they are in some material respects incomplete or incorrect:

Date: _____

_____
Signature

_____
Print Name

# EXHIBIT 1

| TRT Plaintiff Profile Form Question | Corresponding Section of the TRT Plaintiff Fact Sheet |
|---|---|
| Question I(A) | Section VII(C) |
| Question I(B) | Section XII(3) |
| Question I(C) | Sections: VII(A); VII(B); and VII(C) |
| Question II(A) | Sections: VIII(A) and VIII(B) |
| Question II(B) | Section XII(3) |
| Question III(A) | Section VII(F) |
| Question III(B) | Section XII(5) |
| Question IV(A) | Sections: VII(N); VII(O); and VII(P) |