**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: TESTOSTERONE | ) | MDL No. 2545 |
| REPLACEMENT THERAPY | ) | |
| PRODUCTS LIABILITY LITIGATION | ) | Case No. 14 C 1748 |

**CASE MANAGEMENT ORDER NO. 89**
**(Allocation of trial time for January 8, 2018 AbbVie bellwether trial)**

MATTHEW F. KENNELLY, District Judge:

The next AbbVie-only bellwether trial in this MDL proceeding is set for January 8, 2017. The Court has previously determined to set reasonable limits on the amount of time for the parties to present their claims and defenses at trial, to prevent delay, ensure efficient presentation of the evidence and arguments, avoid unnecessary, cumulative, and repetitive evidence and arguments, and minimize undue burden on the jurors. It is well-established that a court has the authority to impose reasonable time limits on the parties at trial. *See* Fed. R. Civ. P. 16(c)(4) & (15); Fed. R. Evid. 611(a).

The Court has developed a good deal of familiarity with the cases from presiding over extended pretrial proceedings and, in particular, from trying several previous bellwether cases to verdict, including two AbbVie-only bellwether cases and one Auxilium-only case. For the first AbbVie bellwether trial that was tried to verdict, the Court allocated a total of seventy-eight hours, and the parties used seventy-three hours (thirty-six used by plaintiff, thirty-seven used by defendants). For the second AbbVie bellwether trial, the Court allocated a total of seventy hours, and the parties came in right about that figure (thirty-five hours used by each side). For the Auxilium bellwether trial that was tried in November 2018, the Court likewise allocated seventy hours, but the parties used a total of only about forty hours (twenty-two used by plaintiff and

eighteen used by defendant).  The Court acknowledges that the evidence regarding Auxilium may not be the same as that regarding AbbVie, but regardless, the Court observed that the Auxilium trial was tried a good deal more efficiently than the earlier trials.  It is also reasonable to expect that future trials should take less time as the parties learn from earlier trials, even where the parties and the types of injuries may differ.

The parties originally estimated that the early bellwether trials should take approximately three weeks.  Based on the Court's experience in presiding over the three previous bellwether trials, that was an overly generous estimate that essentially assumed unnecessary repetition of points and presentation of unnecessarily cumulative evidence.  The Court also notes that even with the shorter-than-three-weeks time limits imposed in the previous AbbVie bellwether trials, there was a significant amount of unnecessary repetition.  The Court believes that the trials in this MDL proceeding reasonably can and should be tried in a period of no more than two weeks but will, for the upcoming trial, allow a bit more than that.

The length of an average trial day in this courthouse is, and long has been, five hours.  Thus a two and one-half week (twelve or thirteen day) trial typically would involve no more than sixty or sixty-five hours.

The Court allocates a total of sixty-four hours to the January 8, 2018 AbbVie bellwether trial, not counting jury selection.  Given the ordinary allocation of five hours per trial day, this would amount to about thirteen full trial days, not including jury selection.  Because, however, the Court will set a longer-than-normal trial day, fewer than thirteen days will be required.

The Court sets aside the following dates for trial to the extent necessary: January 8-10, 2018 (the Court will be unavailable January 11-12), January 16-19, 2018 (January 15 is a court holiday), and January 22-25, 2018, plus further dates after January 25 as necessary. The trial day typically will extend from 9:30 or 9:45 a.m. to 12:30 p.m. and from 1:30 p.m. to 5:00 p.m., with mid-morning and mid-afternoon breaks. The Court notes that this is longer than its typical trial day and will result in a trial day of about six hours. The Court reserves the right to extend any given trial day to 5:15 or 5:30 if warranted in order to complete the trial within the dates set aside.

The Court will allocate half of the trial time to plaintiff and half to defendants. Time will count against a side's allocation whenever it is questioning a witness, arguing an objection or other matters to the Court, making an opening statement or closing argument, or otherwise presenting its case. <u>Time spent arguing evidentiary or other *in limine* matters, as well as matters relating to jury instructions, including the Court's review of written submissions on such matters,[1] will count against a side's allocation</u>. Time used for questions to witnesses by jurors will not be allocated to either side.

If a party intends to read or play deposition testimony before the jury, this may require the Court to rule on objections to designated testimony. The reading of deposition testimony will, of course, constitute trial time. Time will count against a side's allocation for all testimony that side has designated to be read. The parties are directed to confer prior to the presentation of any deposition testimony to attempt to agree upon how the time spent reading the deposition should be allocated. In this regard, the Court

---

[1] Time the Court spends reviewing written *in limine* submissions prior to or during the final pretrial conference will not count against a party's allocation.

encourages the parties to do their best to pare down deposition testimony to significant and non-repetitive matters. In addition, all such time the Court spends before or during trial considering each party's objections to deposition testimony is time that would be spent in court were the witnesses being presented live. For this reason, that time will count against the side making the objection, unless and to the extent that the Court determines that the party designating the objected-to testimony has designated testimony of limited probative value or that is otherwise unduly repetitive or cumulative.

The allocation of sixty-four hours is subject to reduction based on rulings barring or limiting claims, precluding expert witness testimony, and excluding evidence via *in limine* rulings. In addition, based on its observation and review of the opening statements and closing arguments at the previous bellwether trials, the Court has determined that the length of those parts of the trial should have specific time limitations. Opening statements will be limited to 45 minutes per side, and closing arguments will be limited to a total of 90 minutes per side (plaintiff may allocate this between opening and rebuttal as it wishes).

The Court reserves the right to adjust the total time and each side's allocation upward or downward for good cause. Good cause to adjust an allocation downward may include, among other things, presenting unduly cumulative testimony or evidence, unduly presenting evidence of minimal probative value, or making unwarranted objections to testimony or exhibits. With regard to exhibits, consistent with the Court's comments in connection with earlier trials, the Court directs the parties to confer promptly to attempt to pare down their exhibit lists, resolve foundational objections to exhibits by stipulation or otherwise, and attempt to narrow objections to exhibits to the

extent reasonably possible. The Court reserves the right to impose an overall limit on the number of exhibits introduced by each side.

Further particulars of the rules for time allocation may be addressed at or before the trial.

In addition, the Court will exercise its authority pursuant to Federal Rule of Evidence 611 to require that each witness will be called only once and will not be recalled later in the case, except to rebut evidence offered later that the party wishing to recall the witness could not reasonably have anticipated. Consistent with this directive, there will be no restriction on the scope of cross-examination of a witness called by an adverse party.

The Court also advises that to minimize interruptions in the jury's receipt of evidence, it will conduct fewer sidebar conferences than in previous bellwether trials. If a party anticipates that a matter may come up during a witness's testimony that will require discussion outside the jury's presence, the party should raise the matter beforehand at a break. Where this does not occur, and discussion outside the jury's presence is requested or is necessary, the Court may require the testimony to proceed while holding to the next break the issue to be discussed.

Finally, the Court reminds the parties that it expects and directs counsel for both sides to advise witnesses in advance of their testimony of *in limine* rulings that may impact the witness's testimony – in particular, rulings that preclude or limit admission of evidence about which the witness might otherwise testify.

Date: December 13, 2017

_____
MATTHEW F. KENNELLY
United States District Judge