# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: TESTOSTERONE REPLACEMENT THERAPY PRODUCTS LIABILITY LITIGATION | MDL NO. 2545<br><br>Master Docket No.:   1:14-cv-1748<br><br>Honorable Matthew F. Kennelly |
| THIS DOCUMENT APPLIES TO ALL CASES | |

## PLAINTIFFS' STEERING COMMITTEE'S BRIEF
## REGARDING THE SEQUENCE OF THE ACTAVIS BELLWETHER TRIALS

Ronald Johnson, Jr.
SCHACHTER, HENDY & JOHNSON PSC
909 Wrights Summit Parkway, Suite 210
Ft. Wright, KY 41011
Phone: (859) 578-4444
Fax: (859) 578-4440
Email: rjohnson@pschacter.com

Trent B. Miracle
SIMMONS HANLY CONROY
One Court Street
Alton, IL 62002
Phone: (618) 259-2222
Fax: (618) 259-2252
Email: tmiracle@simmonsfirm.com

Christopher A. Seeger
SEEGER WEISS LLP
77 Water Street
New York, NY 10005
Phone: (212) 584-0700
Fax: (212) 584-0799
Email: cseeger@seegerweiss.com

Plaintiffs' Co-Lead Counsel *on behalf of* Plaintiffs' Steering Committee

December 22, 2017

On December 13, 2017, the Court entered an Order accepting the Parties' agreement as to which two Actavis-only cases would be selected as bellwether trial cases. CMO 88, Dkt. No. 2302. That Order granted the Parties until December 22, 2017 in which to file simultaneous briefs on which case should be the primary trial case in August 2018.

The Plaintiffs' Steering Committee respectfully proposes the Court should designate *Brad Martin v. Actavis Inc., et al.* (No. 15-cv-4292) as the case to be tried on August 6, 2018 and should designate *Casey Brubaker, et al. v. Actavis Inc., et al.* (No. 15-cv-0426) as the backup trial case, should *Martin* be dismissed or otherwise resolved. *See* CMO 37, Dkt. No. 1661, ¶ 9.[1]

## I. Overview of Background Facts of Both Cases

|  | **Brad Martin** | **Casey Brubaker** |
|---|---|---|
| Date of first prescription | October 19, 2012 | December 12, 2013 |
| TRT prescribed for | Fatigue | Low libido and fatigue |
| Injury | Myocardial infarction | Myocardial infarction |
| Injury date | May 25, 2013 | March 4, 2014 |
| Age at injury | 52 | 41 |
| Time on TRT at injury | 7 months | 2 ½ months |
| Hypertension | Yes, managed | Yes |
| Hyperlipidemia | Yes, managed | Yes |
| Tobacco use | Occasional use of cigars and chewing tobacco | Smoker |
| Diabetes | No | Yes |
| Other comorbid conditions | None | Obesity, Chronic pain management |

---

[1] There are two CMOs numbered 37. CMO 37, Dkt. No. 1661 applies to Actavis cases; CMO 37, Dkt. No. 1778 applies to Auxilium cases.

## II. The *Martin* Case is a Representative Bellwether Case

The *Martin* case allows plaintiffs to present a quintessential bellwether case to a jury. Mr. Martin is a middle-aged man who was in good health, but had battled fatigue and depression for years, even though his doctor had tried a variety of remedies without success.

Mr. Martin saw TRT advertisements and particularly identified with Defendants' marketing towards men suffering from fatigue. He asked his doctor to check his testosterone level (as the marketing suggested), and when the number returned "low-normal," he was prescribed testosterone for age-related hypogonadism, in spite of the fact that he was not below the minimum threshold.

Other than the very common conditions of managed hypertension, managed hyperlipidemia, and an occasional cigar on the golf course or use of chewing tobacco at the bowling alley, Mr. Martin does not have comorbid conditions that could distract from the core causation questions to be decided at the only Actavis bellwether trial.

Thus, the *Martin* case presents a quintessential bellwether case that will further the interests of the MDL litigation by allowing Plaintiffs to present a case focusing on the Defendants' conduct and on the role Androderm had in causing Mr. Martin's myocardial infarction.

## III. The *Brubaker* Case Contains Facts that Render it Unrepresentative

In contrast with *Martin*, the *Brubaker* case presents a number of confounding factors that may divert attention from the important issues in this MDL. When the *Brubaker* case is tried, Actavis Defendants will likely claim that Mr. Brubaker's myocardial infarction was caused by multiple confounding factors (morbid obesity, chronic pain management, cigarette smoking, hyperlipidemia, and hypertension) or by a combination of these factors and their management. These risk factors underscore the precise patient profile to whom testosterone therapy should

never have been marketed, and for whom a warning was required. Additionally, the PSC can demonstrate both mechanistically and via clinical data that Androderm caused Mr. Brubaker's heart attack by significantly amplifying the risk related to his preexisting medical conditions. But, should Actavis Defendants successfully place the responsibility for Mr. Brubaker's myocardial infarction on these other factors, a defense verdict (or a de minimis plaintiff's verdict) will do nothing to advance the litigation as a whole. Even if a plurality of the case population is obese, or smokes cigarettes, or is receiving pain management, or has unmanaged hypertension, or has unmanaged hyperlipidemia, or has one or more comorbid conditions in common with Mr. Brubaker, the verdict will be distinguishable unless they have all the factors, which would be extremely rare.

In contrast, a verdict in Mr. Martin's case will be informative, even to the case population that has certain comorbidities that he does not because it will provide insight into how a jury views an Androderm case without confounding factors, from which someone with confounding factors can at least extrapolate some data.

### IV. Because Actavis Defendants Have Refused to Waive *Lexecon* for Any Case Other Than the August 2018 Trial Pick, Allowing Actavis to Pick the Trial Case Would Work Against the Goals of this MDL

In negotiating the terms of what became CMO 37 (Actavis Fact Discovery and Bellwether Selection), Actavis Defendants initially refused to waive *Lexecon* at all, and the PSC objected to what it saw as Actavis Defendants' attempt to befuddle the purpose of the MDL. *See* Joint Status Report For November 18, 2016 Case Management Conference, Dkt. No. 1601, pgs. 7-10. Eventually, Actavis Defendants compromised and agreed to waive for only the one case selected to be tried in August 2018. CMO 37, Dkt. No. 1661, ¶ 9.

As a result of Actavis' failure to waive *Lexecon* in more cases, the August 2018 trial slot represents the PSC's only opportunity in the MDL to try a case that clearly sets forth its theory

that Actavis' preclinical testing, its product development, its safety monitoring, its marketing and sales efforts, and its handling of the Androderm product were lacking and led to heart attacks and other injuries, just as the PSC has been able to try its theory against other defendants. Any additional Actavis trials would be post-remand because Actavis Defendants have made clear that the August 2018 trial will be the only bellwether trial involving Actavis Defendants. Therefore, allowing Actavis Defendants to select the case to be tried in that slot would thwart the Court's goals in this MDL.

**V.      Conclusion**

Because the August 2018 trial slot is the PSC's only chance to prepare and present its case against Actavis Defendants before remand, and because the *Martin* case is a representative case that would further the overall goals of this MDL, the PSC respectfully submits that the Court should select *Martin* as the primary trial case and *Brubaker* as the secondary case, ready to be tried if *Martin* is dismissed or otherwise resolved.

December 22, 2017                    Respectfully Submitted,

 */s/ Trent B. Miracle*
Trent B. Miracle
**SIMMONS HANLY CONROY**
One Court Street
Alton, IL 62002
Telephone: (618) 259-2222
Facsimile: (618) 259-2251
tmiracle@simmonsfirm.com

Ronald Johnson, Jr.
**SCHACHTER, HENDY & JOHNSON PSC**
909 Wrights Summit Parkway, Suite 210
Ft. Wright, KY 41011
Phone: (859) 578-4444
Fax: (859) 578-4440
rjohnson@pschachter.com

Christopher A. Seeger
**SEEGER WEISS LLP**
77 Water Street
New York, NY 10005
Phone: (212) 584 -0700
Fax: (212) 584 -0799
cseeger@seegerweiss.com

*Plaintiffs' Co-Lead Counsel*

## CERTIFICATE OF SERVICE

I transmitted a true and accurate copy of the foregoing **Plaintiffs' Steering Committee's Brief Regarding the Sequence of the Actavis Bellwether Trials** by filing a copy on the Court's electronic filing system on this date.

December 22, 2017.        */s/ Brendan A. Smith*