UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: TESTOSTERONE REPLACEMENT THERAPY PRODUCTS LIABILITY LITIGATION | MDL No. 2545<br><br>Master Docket Case No. 1:14-cv-01748<br><br>Honorable Matthew F. Kennelly |
| THIS DOCUMENTS RELATES TO:<br><br>*Casey Brubaker, et al. v. Actavis, Inc., et al.*, Case No. 15-cv-0426 and<br>*Brad Martin, et al. v. Actavis, Inc., et al.*, Case No. 15-cv-4292 | |

**ACTAVIS DEFENDANTS' PROPOSAL REGARDING SELECTION OF THE
ACTAVIS-ONLY BELLWETHER TRIAL CASE FOR THE
<u>AUGUST 6, 2018 TRIAL SETTING</u>**

Pursuant to Case Management Order No. 88, Defendants Actavis, Inc., Actavis Pharma, Inc. Actavis Laboratories UT, Inc. and Anda, Inc. (hereinafter "Actavis Defendants") submit the following brief in support of their request that the Court select the case *Casey Brubaker, et al. v. Actavis, Inc., et al.*, Case No. 15-cv-0426, as the Actavis-only Bellwether Trial Case for the August 6, 2018, trial setting. Actavis Defendants further request that the Court select the case *Brad Martin, et al. v. Actavis, Inc., et al.*, Case No. 15-cv-4292, as the Alternate Bellwether Trial Case.

**I.     BACKGROUND**

    **A.     Procedural History**

On December 8, 2017, pursuant to the requirements of Case Management Order No. 37, the parties submitted a Joint Status Report advising the Court that the parties agreed to select one myocardial infarction case each for later designation as the Bellwether Trial Case and the

Alternate Bellwether Trial Case. Actavis Defendants chose *Casey Brubaker, et al. v. Actavis, Inc., et al.*, Case No. 15-cv-0426 (hereinafter "the *Brubaker* case"), and the PSC chose *Brad Martin, et al. v. Actavis, Inc., et al.*, Case No. 15-cv-4292 (hereinafter "the *Martin* case"). Both cases were PSC selections for the bellwether discovery pool.

On December 13, 2017, the Court issued CMO No. 88, selecting the *Brubaker* case and the *Martin* case as the two cases for later nomination as the Bellwether Trial Case and the Alternative Bellwether Trial Case. Accordingly, pursuant to CMO Nos. 37 and 88, the question before the Court is whether the *Brubaker* case or the *Martin* case will be set for the August 6, 2018, Actavis-only bellwether trial. The case not selected by the Court will be the Alternate Bellwether Trial Case in the event the case initially selected is dismissed or otherwise resolved prior to trial.

  **B. The *Brubaker* Case**

Plaintiff Casey Brubaker was born July 18, 1972. He is married with two children. He is a resident of Corona, California. Mr. Brubaker was 41 years old at the time he filled his first prescription for Androderm on December 13, 2013. He was prescribed Androderm by Physician's Assistant (PA) Carrington Horton. Mr. Brubaker testified that he specifically asked PA Horton to prescribe Androgel for him after he had seen television commercials for Androgel and Axiron. Mr. Brubaker's total testosterone level was measured at 137 ng/dl.

Notwithstanding Mr. Brubaker's request, PA Horton initially prescribed Testim. However, Testim was not covered by his insurance, and Mr. Brubaker's prescription was switched to Androderm because it was covered by his insurance. Mr. Brubaker never heard of Androderm until it was dispensed to him. Mr. Brubaker filled prescriptions for Androderm at Stater Brothers Super Rx Pharmacy on December 13, 2013, and February 13, 2014. He claims

2

he began taking Androderm on or about December 13, 2013, and he claims he used it until the time of his injury in March 2014.

On or about March 1, 2014, Mr. Brubaker began having chest pains that he attributed to a chest cold. The medical records indicate he initially went to the emergency room on March 3, 2014, complaining of chest pains, and he was evaluated for a myocardial infarction. A blood test revealed elevated troponin levels. It was recommended that he be admitted for further evaluation. Mr. Brubaker refused admission because he had a job interview the next day, and he left the hospital. Mr. Brubaker returned to the same emergency room the evening of March 4, 2014, after his chest pains worsened. He and his wife waited for 30-45 minutes, got impatient, and left to go to another hospital. Shortly after arrival at that hospital, Mr. Brubaker was diagnosed as having a myocardial infarction. He was transferred to another facility for an angiogram, where three stents were placed. Mr. Brubaker alleges in his lawsuit that his myocardial infarction was due to his use of Androderm.

Mr. Brubaker had multiple risk factors for myocardial infarction before he was prescribed Androderm. Mr. Brubaker had a history of obesity, diabetes, uncontrolled hypertension, and hypercholesterolemia. He also was a smoker at the time of his myocardial infarction.

    C.    The *Martin* Case

Plaintiff Brad Martin was born November 22, 1960. He is married with two children. He is a resident of Sauk Rapids, Minnesota. Mr. Martin was 51 years old at the time he received his first prescription for Androderm on October 19, 2012. He was prescribed a 2mg testosterone patch by his treating physician, Dr. Stephen Firestone, after reporting lack of energy, fatigue, and decreased libido and sex drive. His total testosterone level was measured at 345 ng/dl on October 19, 2012. Mr. Martin's prescription was filled at the St. Cloud VA Medical Center Pharmacy with Androderm.

Mr. Martin alleges he was using Androderm on a daily basis when on May 25, 2013, he was diagnosed as having a myocardial infarction. He initially reported to the emergency room with complaints of burning and chest discomfort. He was transferred to another facility and was taken to the catheterization lab. A stent was placed in his left anterior descending artery due to 90-95% occlusion of that vessel. Mr. Martin was hospitalized for two days and then discharged in stable condition. Mr. Martin alleges in his lawsuit that his myocardial infarction was due to his use of Androderm. He continued to use Androderm for several months after his myocardial infarction.

Prior to his myocardial infarction, Mr. Martin had multiple risk factors for a heart attack, including hypertension, hypercholesterolemia, elevated triglycerides, obesity, and a history of smoking and significant alcohol use. He also had a family history of multi-vessel coronary artery disease and stroke.

## II.     ACTAVIS DEFENDANTS' PROPOSED TRIAL CASE

Actavis Defendants request that the Court select the *Brubaker* case as the Actavis-only case set for the August 6, 2018, trial setting. The *Brubaker* and *Martin* cases have a number of similarities. Both plaintiffs claim to have suffered a myocardial infarction due to their use of Androderm. Over 70% of the Actavis-only cases pending in the TRT MDL involve a claim of cardiovascular injury, many of which are myocardial infarction cases. Further, both Brubaker and Martin allege Androderm was the only TRT product they used prior to their injury. Neither of them requested Androderm. Mr. Brubaker and Mr. Martin also were both under the age of 65 at the time they used Androderm. Both had multiple risk factors for myocardial infarction prior to using Androderm.

However, Actavis Defendants contend that the *Brubaker* case is the case that is most appropriate for selection by the Court for the Actavis-only bellwether trial setting because Mr.

Brubaker's pre-treatment testosterone level was below the lower end of the normal concentration range (300 – 1030 ng/dl) stated in the Androderm package insert. Mr. Martin's pretreatment level, however, was within the normal concentration range. Actavis Defendants submit that a case involving a plaintiff with a pretreatment level below the normal concentration range, like Mr. Brubaker, is a more representative and appropriate case to select for the trial setting.

Moreover, selection of the *Brubaker* case should not raise any concerns for the PSC. The *Brubaker* case is the only case that both the PSC and Actavis Defendants have affirmatively selected for inclusion in the bellwether process. In accordance with Case Management Order No. 37, the PSC selected three Bellwether Cases for core discovery work-up and for potential selection as the Actavis Bellwether Trial Case. <u>The *Brubaker* case was one of the three cases initially selected by the PSC</u>. Presumably, the PSC evaluated the *Brubaker* case at the time they selected it and determined it would be appropriate for core-discovery work-up and potential selection as the Actavis Bellwether Trial Case.

After taking core-discovery in the *Brubaker* case, Actavis Defendants also determined that the circumstances of Mr. Brubaker's case and his claims against Actavis Defendants are representative of the inventory of cases in the TRT MDL against Actavis Defendants. Mr. Brubaker's use of Androderm, his exposure (or lack thereof) to Androderm marketing, his alleged injury, and his medical history are similar to a significant number of plaintiffs in other cases filed against Actavis Defendants in the TRT MDL. Therefore, the *Brubaker* case is uniquely qualified to be selected for the trial setting on August 6, 2018, because plaintiff's testosterone level was below the normal range and because it is the only case that has been identified as representative *and* selected by both the PSC and Actavis Defendants.

### III. CONCLUSION

For the foregoing reasons, Actavis Defendants request that the Court select the *Brubaker* case as the Actavis-only case set for the bellwether trial in the TRT MDL on August 6, 2018. Actavis Defendants further request that the Court designate the Martin case as the Actavis-only Alternate Bellwether Trial Case.

Dated: December 22, 2017  Respectfully submitted,

/s/ *Jeffrey D. Geoppinger*
Joseph P. Thomas
Jeffrey F. Peck
K.C. Green
Jeffrey D. Geoppinger
ULMER & BERNE LLP
600 Vine Street, Suite 2800
Cincinnati, OH 45202
Phone: (513) 698-5000
Fax: (513) 698-5001
Email: jthomas@ulmer.com
Email: jpeck@ulmer.com
Email: kcgreen@ulmer.com
Email: jgeoppinger@ulmer.com

*Attorneys for Defendants*
*Actavis, Inc., Actavis Pharma, Inc., Actavis*
*Laboratories UT, Inc., Anda, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 22, 2017, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

/s/ *Jeffrey D. Geoppinger*