IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: TESTOSTERONE REPLACEMENT THERAPY PRODUCTS LIABILITY LITIGATION | MDL No. 2545<br>Master Docket Case No. 1:14-cv-01748<br>Honorable Matthew F. Kennelly |
| This document applies to:<br>*Konrad v. AbbVie Inc.*, No. 1:15-cv-00966 | |

**PLAINTIFF'S SUPPLEMENTAL MEMORANDUM OF LAW IN OPPOSITION TO ABBVIE'S RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW, OR ALTERNATIVELY FOR A NEW TRIAL OR REMITTITUR**

January 30, 2018

# TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................................. I

TABLE OF AUTHORITIES ........................................................................................................... II

INTRODUCTION ........................................................................................................................... 1

BACKGROUND ............................................................................................................................. 1

ARGUMENT .................................................................................................................................. 3

    THE JURY'S VERDICTS ON PLAINTIFF'S SEPARATE MISREPRESENTATION CLAIMS INDEPENDENTLY SUPPORT THE JUDGMENT AND AWARD OF DAMAGES; NO NEW TRIAL IS WARRANTED .......................................................................................................................... 3

        A.    THE COURT MUST ENDEAVOR TO RECONCILE EACH VERDICT ............................... 4

        B.    THE JURY'S MISREPRESENTATION VERDICTS RAISE NO INCONSISTENCY ............... 6

CONCLUSION ............................................................................................................................... 7

# TABLE OF AUTHORITIES

**Cases**

*American Cas. Co. of Reading, Pa. v. B. Cianciolo, Inc.*,
 987 F.2d 1302 (7th Cir. 1993) .................................................................................... 6

*Atl. & Gulf Stevedores, Inc. v. Ellerman Lines, Ltd.*,
 369 U.S. 355 (1962) .................................................................................................... 4

*Carter v. Chicago Police Officers*,
 165 F.3d 1071 (7th Cir. 1998) ................................................................................ 3, 4

*Churchill v. Norfolk & Western Railway Co.*,
 383 N.E.2d 929 (Ill. 1978) ......................................................................................... 5

*Concrete Spaces, Inc. v. Sender*,
 2 S.W.3d 901 (Tenn. 1999) ........................................................................................ 5

*Congregation of the Passion v. Touche Ross & Co.*,
 636 N.E.2d 503 (Ill. 1994) ......................................................................................... 5

*Deloughery v. City of Chicago*,
 422 F.3d 611 (7th Cir. 2005) .............................................................................. 4, 5, 7

*Deloughery v. City of Chicago*,
 No. 02 C 2722, 2004 WL 1125897 (N.D. Ill. May 20, 2004) .................................... 5

*Fox v. Hayes*,
 600 F.3d 819 (7th Cir. 2010) .................................................................................. 5, 7

*In re Estate of Marks*,
 187 S.W.3d 21 (Tenn. Ct. App. 2005) ....................................................................... 5

*Medcom Holding Co. v. Baxter Travenol Labs., Inc.*,
 106 F.3d 1388 (7th Cir. 1997) ................................................................................... 5

*Redmond v. Socha*,
 837 N.E. 2d 883 (Ill. 2005) ........................................................................................ 4

*Sizer v. Rossi Contractors*,
 No. 98 C 6967, 2002 WL 1559694 (N.D. Ill. July 16, 2002) .................................... 4

**Statutes**

Tenn. Code § 29-28-105(c) ............................................................................................ 1, 7

## INTRODUCTION

Pursuant to the Court's Minute Entry dated January 25, 2018 (*Konrad* Dkt. No. 129), Plaintiff Jeffrey Konrad submits this supplemental memorandum of law in response to the Court's request for additional briefing from the parties concerning the appropriate course if the Court concludes that there was sufficient evidence to support the jury's liability findings but that the jury's verdicts on the strict liability and negligence claims were inconsistent with each other.

## BACKGROUND

The *Konrad* trial involved four separate claims under Tennessee law, with Illinois law governing Plaintiff's claim for punitive damages. The jury found for Plaintiff on his claims of negligence, intentional misrepresentation, and misrepresentation by concealment, as well as compensatory and punitive damages, but not on his claim of strict liability. In its post-trial motion (*Konrad* Dkt. No. 118), AbbVie argued in a conclusory manner that the jury's finding in its favor on strict liability requires a new trial. While AbbVie argues that the strict liability verdict and the negligence verdict are inconsistent, it has offered no explanation as to why that purported inconsistency affected the misrepresentation claims. (Mem. in Supp. at 9-11.)

In its post-trial motion, AbbVie argued that the jury's findings on strict liability and negligence are inconsistent. In particular, AbbVie pointed to the "unreasonably dangerous" element, which was common to both the strict liability and negligence claims. However, a finding that AndroGel was "unreasonably dangerous" is not an element of either of Plaintiff's claims for intentional misrepresentation or misrepresentation by concealment. Indeed, omitting the "unreasonably dangerous" element from the misrepresentation claims was discussed and agreed to by AbbVie at a charge conference where the Court reviewed Tennessee Code § 29-28-105(c), which provides that the unreasonably dangerous requirement does not apply to such claims. (Tr. 2938:20-2942:4; 2950:25-2951:3.) Importantly, the Court determined that the individual misrepresentation claims were distinct and appropriate (Tr. 2951:6-8), and instructed the jury as follows: "You must consider each claim separately." (*Konrad* Dkt. 109 at 10.)

1

Though causation was an element common to all of Plaintiff's claims, AbbVie conceded in its opening brief that "[i]t is unlikely that the jury found against Plaintiff on the issue of causation." (Mem. in Supp. at 16 n.25.) AbbVie further pointed to two facts supporting this conclusion: (i) a question from the jury during deliberations and the Court's response referring the jurors to the causation instruction, which stated that "each of Mr. Konrad's claims requires him to prove by a preponderance of the evidence that AbbVie's product or conduct was a cause in fact and a legal cause of his heart attack," stating "the fact that the jury found in Plaintiff's favor on any claim after this exchange makes it unlikely that the jury found against Plaintiff on causation;" and (ii) the jury's decision to award Plaintiff compensatory damages, because the compensatory damages instruction specifically stated that the jury could award such damages only "provided you also find the loss or harm … was legally caused by the act or omission upon which you base your finding of liability." *Id.* Though not referenced by AbbVie, causation was also an element in the punitive damages charge. (*Konrad* Dkt No. 109 at 22.)

In his Opposition (*Konrad* Dkt. No. 125), Plaintiff argued that the jury's verdicts on the strict liability and negligence claims could be harmonized.[1] But as noted in Plaintiff's Opposition, even if the verdicts on these two claims were inconsistent, the jury's verdicts on Mr. Konrad's remaining claims are properly reconciled. The jury's further verdicts on intentional misrepresentation and misrepresentation by concealment—as reinforced by its verdict on punitive damages—in no sense derive from, nor conflict with, the jury's strict liability finding. The jury's verdicts on these claims thus independently support the judgment and award of damages for the Plaintiff.

---

[1] In particular, Mr. Konrad argued that the strict liability and negligence charges have distinct foci. While the strict liability claim focuses on the product's (AndroGel's) characteristics independent of who it was presented to or used with, the negligence claim considered AbbVie's conduct surrounding the product—*e.g.,* testing or the failure to do such—and the role that played in Mr. Konrad's use of the drug and resulting injury. (Opp. at 16.). For example, as the Court instructed the jury on the negligence claim, a manufacturer or seller of a product has a duty to use reasonable care in testing a product, and "the failure to fulfill that duty is negligence." (Konrad Dkt. No. 109 at 13.). *See also* Pl.'s Opp. at 15-17.

**ARGUMENT**

**The Jury's Verdicts on Plaintiff's Separate Misrepresentation Claims Independently Support the Judgment and Award of Damages; No New Trial Is Warranted**

With its verdicts in this case, the jury found—in separate claims—that AbbVie, through its conduct, statements, and omissions concerning testosterone replacement and its drug AndroGel, caused harm and damage to Mr. Konrad. The jury's will is embodied not simply in its negligence verdict, but in its separate and distinct verdicts on intentional misrepresentation, misrepresentation by concealment, **compensatory damages**, **and punitive damages. As described below, no purported inconsistency in the strict liability and negligence findings impacts the jury's distinct conclusions on the fraud claims and damages awards.** As guided by the Court in its request for additional briefing, Plaintiff in this submission assumes *arguendo* the existence of an irreconcilable inconsistency in the strict liability and negligence verdicts. As further guided by the Court, Plaintiff assumes that his claims of negligence, intentional misrepresentation, and misrepresentation by concealment are supported by sufficient evidence to sustain the jury's liability findings. As Plaintiff understands the Court's request, these assumptions would presumably require denial of AbbVie's motion for judgment as a matter of law, and the sole remaining issues are whether (i) judgment may be entered in favor of Plaintiff in accordance with the jury's verdicts on the misrepresentation claims; or (ii) a new trial is required for all of Plaintiff's claims.

There is no basis to hold a trial only as to the strict liability and negligence claims if there is sufficient evidence to support the independent misrepresentation verdicts. With respect to damages, there is no basis to upset the jury's award in Plaintiff's favor on the basis of purported inconsistencies in the strict liability and negligence verdicts. The Court's instructions to the jury on damages were independent of the instructions on the substantive claims, and the verdict did not tie an award of compensatory or punitive damages to any particular claim. Of course, courts are to "view damages evidence in the light most favorable to the verdict, and will permit the verdict to stand unless there is no rational connection between the evidence on damages and the verdict." *Carter v. Chicago Police Officers*, 165 F.3d 1071, 1082 (7th Cir. 1998) (reconciling purportedly

3

inconsistent verdicts and allowing damages to stand) (internal quotation marks and citations omitted). As described below and in Plaintiff's Opposition, even if the strict liability and negligence verdicts cannot be reconciled, the jury's verdicts with respect to intentional misrepresentation and misrepresentation by concealment are not inconsistent with strict liability, and independently support judgment for Plaintiff and the award of damages.

### A. The Court Must Endeavor To Reconcile Each Verdict

As the Supreme Court has long emphasized, courts must seek to reconcile a jury's findings rather than overturn them: "Where there is a view of the case that makes the jury's answers to special interrogatories consistent, they must be resolved that way. For ***a search for one possible view of the case which will make the jury's finding inconsistent results in a collision with the Seventh Amendment.***" *Atl. & Gulf Stevedores, Inc. v. Ellerman Lines, Ltd.*, 369 U.S. 355, 364 (1962) (emphasis); *see also Carter*, 165 F.3d at 1080 (reconciling multiple general verdicts and stating "[a] comparison between … the state and federal claims aptly demonstrates that a finding of liability on the federal claims ***did not necessarily mandate*** a finding of liability on the state claims") (emphasis added); *Sizer v. Rossi Contractors*, No. 98 C 6967, 2002 WL 1559694, at *4 (N.D. Ill. July 16, 2002) (holding that a reasonable jury could have found plaintiff established the elements of an emotional distress claim, but not the elements of a discrimination claim without generating an irrational or inconsistent result).

The Court must "exercise all reasonable presumptions in favor of the verdict or verdicts, which will not be found legally inconsistent unless absolutely irreconcilable; further, the verdict or verdicts will not be considered irreconcilably inconsistent if supported by any reasonable hypothesis." *Redmond v. Socha*, 837 N.E. 2d 883, 895-96 (Ill. 2005). A new trial is only appropriate to the extent that the jury's four verdicts on each of Plaintiff's claims are determined to be irreconcilably inconsistent. *See Deloughery v. City of Chicago*, 422 F.3d 611, 617 (7th Cir. 2005) (affirming district court's determination that two verdicts could be reconciled, but stating

4

that "[a] new trial on all claims is the appropriate remedy (rather than judgment as a matter of law) in a case in which the jury has returned inconsistent verdicts").[2]

As the Seventh Circuit has held, a court should not disturb a jury's liability and damages findings when the jury's intent was clear. *See Medcom Holding Co. v. Baxter Travenol Labs., Inc.*, 106 F.3d 1388, 1401–02 (7th Cir. 1997) ("These awards have a reasonable basis in the evidence and are not against the weight of evidence. Because the jury's intent is clear, the confusion with regard to the special verdict form does not invalidate the award."); *see also Congregation of the Passion v. Touche Ross & Co.*, 636 N.E.2d 503, 518-19 (Ill. 1994) (holding damages verdict need not be vacated because of inconsistency in awards between counts when jury's intent was clear); *Churchill v. Norfolk & Western Railway Co.*, 383 N.E.2d 929, 938 (Ill. 1978) ("Verdicts are to be construed liberally and may be amended to conform to the pleadings and evidence contained in the record whenever the intention of the jury is clear."); *Concrete Spaces, Inc. v. Sender*, 2 S.W.3d 901, 911 (Tenn. 1999) ("Well-settled law requires courts to construe the terms of a verdict in a manner that upholds the jury's findings, if it is able to do so."); *In re Estate of Marks*, 187 S.W.3d 21, 32 (Tenn. Ct. App. 2005) ("In cases in which a plaintiff has asserted multiple claims for relief, the validity of a jury's general verdict for the plaintiff will not be undermined because of the lack of material evidence to support one or more claims as long as the record contains material evidence supporting at least one of the claims.").

Indeed, if there is "[a]ny plausible explanation for the verdict," a new trial must be denied. *Fox v. Hayes*, 600 F.3d 819, 844 (7th Cir. 2010)). "A party claiming that inconsistent verdicts have been returned is not entitled to a new trial unless no rational jury could have brought back the verdicts that were returned." *See Deloughery*, 422 F.3d at 617 (internal quotation marks omitted). Accordingly, this Court must attempt to reconcile all four of the verdicts in this case, and, to the

---

[2] While AbbVie cites the *Deloughery* district court opinion in its Reply (at 11), quoting language stating that a new trial is necessary on "all claims," AbbVie fails to note that *Deloughery* only involved two claims instead of the four at issue here. Indeed, that aspect of the opinion is distinguishable, as the court was able to reconcile the two claims at issue and a new trial was not necessary. *See Deloughery v. City of Chicago*, 2004 WL 1125897, at *2 (N.D. Ill. May 20, 2004) (Kennelly, J.), *aff'd*, 422 F.3d 611 (7th Cir. 2005).

extent that the two misrepresentation claims can be reconciled and a rational jury could have brought back those verdicts, a new trial is not appropriate. The Seventh Circuit's opinion in *American Cas. Co. of Reading, Pa. v. B. Cianciolo, Inc.*, 987 F.2d 1302, 1305 (7th Cir. 1993), is instructive. In that case, the jury found for the plaintiff on his claim for bad faith denial of coverage, and for the insurer on its claim that the plaintiff submitted fraudulent insurance claims. The court was able to reconcile this inconsistency, holding that it was possible under plaintiff's theory that an insured could commit fraud, but the insurer denied insurance claims for some other, illegitimate reason. The court also held that one of the two conflicting verdicts could be excised and set aside if that verdict was unsupported by the evidence. As the *American Casualty* court noted:

> A judge may dissipate the inconsistency by setting aside one of the conflicting verdicts, if that verdict was unsupported by the evidence…. Yet ***the court, having found an irrational part of the verdict, does not annul the rest on the ground that the jury has displayed ecumenical inability or unwillingness to follow its instructions***. Instead the court excises the offending verdict while enforcing the remainder.

*Id.* (emphasis added). Similarly, any inconsistency between the strict liability and negligence verdicts is remedied as *American Casualty* counsels: excising the conflicting verdict and enforcing the remainder.

### B. The Jury's Misrepresentation Verdicts Raise No Inconsistency

The elements of the claims for intentional misrepresentation and misrepresentation by concealment are distinct from those for strict liability and negligence, and the evidence adduced at trial supports those claims.[3] (*Konrad* Dkt. No. 109 at 13-17.) Additionally, the "unreasonably

---

[3] As set forth in greater detail in Plaintiffs' Opposition (at 11-15), there was ample record evidence to support Plaintiff's claims of intentional misrepresentation and misrepresentation by concealment (citations herein to "Opp. Ex." are to exhibits submitted with Plaintiff's Opposition). For example, Plaintiff demonstrated that AbbVie promoted AndroGel for unproven benefits and uses, including the treatment and prevention of the symptoms of aging. *See, e.g.,* Tr. 945:17-19, 945:24-946:7, 289:9-11, 329:21-330:10; Opp. Exs. 34-37, 2 (Trial Exs. 5-8, 9); Tr. 341:15-343:3, 350:5-11, 753:1-10, 945:4-11; Opp. Ex. 10 (Trial Ex. 23.8); Opp. Ex. 11 (Trial Ex. 25.6); Opp. Ex. 12 (Trial Ex. 238.1). AbbVie further touted long-term safety (42 months) and benefits when controlled long-term studies had not even been conducted. *See* Opp. Ex. 7 (Trial Ex. 154.8); Tr. 332:23-25, 333:14-19. Similarly, AbbVie's Shadows ad, which Mr. Konrad saw, represented that testosterone therapy could treat "low T" or symptoms such as low energy, low libido, and mood, but, even to this day, AbbVie has never established the efficacy of AndroGel for the treatment of these symptoms. *See* Opp. Ex. 5 (Trial Ex. 630); Tr. 341:15-343:3, 350:5-11; Opp. Ex. 10 (Trial Ex. 23.8); Opp. Ex.11 (Trial Ex. 25.6); Opp. Ex. 12 (Trial Ex. 238.1); *see also* Opp. Ex. 6 (Trial Ex. 81) (proven

6

dangerous" element is not included in the misrepresentation claims. *See* Tenn. Code § 29-28-105(c). A rational jury could have found that AbbVie's misrepresentations and omissions caused Mr. Konrad to pursue treatment for his fatigue and symptoms of aging—uses for which AndroGel had not been proven safe or effective—and that as a result of his consequent use of AndroGel, he suffered a heart attack and damages. Turning as they do on AbbVie's consumer advertisements, promotional materials, and sales representative messaging to doctors like Dr. Overby, the misrepresentation claims allow recovery for conduct that goes beyond the product's warnings and knowledge bases. It is likewise conceivable that a rational jury could determine that AndroGel was not unreasonably dangerous when used in the approved populations—with the specific underlying conditions indicated—to treat those underlying conditions. In short, consistent with the independent nature of the claims presented to this jury, a rational jury could find for the Plaintiff on his misrepresentation claims but not his strict liability claim. Doing so gives rise to no apparent inconsistency—let alone an irreconcilable one. *See Fox*, 600 F.3d at 844 ("Any plausible explanation for the verdict precludes" a new trial.). Accordingly, AbbVie's motion for a new trial should be denied.

## CONCLUSION

Based on the foregoing, AbbVie's post-trial motion should be denied in its entirety.

Dated: January 30, 2018

Respectfully submitted,

*/s/ David R. Buchanan*
David R. Buchanan
SEEGER WEISS LLP
77 Water Street
New York, NY 10005
Phone: (212) 584-0700
Fax: (212) 584-0799
Email: dbuchanan@seegerweiss.com

---

safe); Opp. Ex. 8 (Trial Ex. 2000.5) (promising symptom improvement); Opp. Ex. 9 (Trial 585.7) (same). After seeing the Shadows ad, Mr. Konrad made an appointment with Dr. Overby to seek treatment for his symptoms: fatigue, lower energy, weight gain, and libido, asking if testosterone treatment could help him. Tr. 1586:21-1587:1; Tr. 1587:20-1588:1; *see also* Opp. Ex. 26 (Overby Dep. 172:5-7, 172:20-173:5). AbbVie's sales representative assigned to Dr. Overby, admitted she used materials that suggested fatigue was a condition for which AndroGel could offer some benefit, even though it was not part of the approved labeling. Opp. Ex. 39 (Fields Dep. 95:25-96:19, 98:12-16); Opp. Ex. 7 (Trial Ex. 154).

Troy Rafferty
LEVIN PAPANTONIO THOMAS
MITCHELL RAFFERTY & PROCTOR, P.A.
316 South Baylen St.
Pensacola, FL 32502
(850) 435-7163
trafferty@levinlaw.com

Bill Robins III
ROBINS CLOUD LLP
808 Wilshire, Suite 450
Santa Monica, California
Tel: (310) 929-4200
Fax: (310) 566-5900
Email: robins@robinscloud.com

Matthew P. Teague, Esq.
BEASLEY, ALLEN, CROW, METHVIN,
PORTIS & MILES, P.C.
P.O. Box 4160
Montgomery, AL 36103-4160
Tel:     (334) 269-2343
Fax:    (334) 954-7555
Email: matt.teague@beasleyallen.com

*Counsel for Plaintiffs Jeffrey Konrad*

Trent B. Miracle
SIMMONS HANLY CONROY
One Court Street
Alton, IL 62002
Phone: (618) 259-2222
Fax: (618) 259-2252
Email: tmiracle@simmonsfirm.com

Ronald Johnson, Jr.
SCHACHTER, HENDY & JOHNSON PSC
909 Wrights Summit Parkway, Suite 210
Ft. Wright, KY 41011
Phone: (859) 578-4444
Fax: (859) 578-4440
Email: rjohnson@pschacter.com

Christopher A. Seeger
SEEGER WEISS LLP
77 Water Street
New York, NY 10005
Phone: (212) 584-0700
Fax: (212) 584-0799
Email: cseeger@seegerweiss.com

*MDL Plaintiffs' Co-Lead Counsel*

8

## CERTIFICATE OF SERVICE

I hereby certify that on January 30, 2018, I electronically transmitted the foregoing document to the Clerk of the United States District Court using the CM/ECF system for filing and service to all parties/counsel registered to received copies in this case.

> */s/ David R. Buchanan*
> David R. Buchanan