**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| IN RE: TESTOSTERONE REPLACEMENT THERAPY PRODUCTS LIABILITY LITIGATION<br><br><br>THIS DOCUMENT RELATES TO ALL CASES | Case No. 1:14-cv-1748<br><br>MDL No. 2545<br><br><br>Hon. Matthew F. Kennelly |

**JOINT STATUS REPORT
REGARDING PRETRIAL MATTERS FOR SCHEDULED BELLWETHER TRIALS AND
CMO 75 AND 87 CASES**

Pursuant to the Court's Minute Order dated February 1, 2018, [DKT 2354] the parties jointly submit the following status report regarding the pretrial schedule and related pre-trial issues for the currently scheduled bellwether trials and CMO 75 and 87 cases.

I. ***Bellwether Trials***

Attached is a jointly proposed CMO that governs the pretrial schedule for all of the trial set bellwether cases. The parties have not included dates for the Pretrial Conferences in deference to the Court's schedule, but have assumed that will occur approximately 1 week prior to trial or as the Court deems appropriate.

II. ***CMO 75 and 87***

Attached is a jointly proposed CMO that governs the pretrial schedule for the cases selected pursuant to CMO 75 and Trial Groups 1 and 2 in CMO 87. The parties have not included dates for the Pretrial Conferences in deference to the Court's schedule and/or plans in this regard.

III.     *Recurrent Pretrial Issues*

The parties have discussed the following issues as they relate to the CMO 75 and 87 cases but either have not reached agreement or seek the Court's guidance on how the issues should be handled.

    A.     **Supplementing Expert Reports**:  The parties have conferred but not reached an agreement on how supplementing expert reports should be addressed and submit their competing proposals:

        1.     **Defendants' Proposed Language**:

To the extent the parties are utilizing experts who have previously served Rule 26(a)(2) disclosures in this litigation, any supplementation of those disclosures and opinions will be permitted only for new facts (including new scientific or medical developments and/or new facts revealed in fact discovery) not available at the time of their prior Rule 26(a)(2) disclosures.  Any reference to additional materials that have been reviewed and relied upon constitutes the supplementation.

Any supplementation of expert disclosures after the relevant Rule 26(a)(2) disclosure deadlines discussed below will be permitted only for new facts (including new scientific or medical developments and/or facts revealed in fact discovery) not available at the time of Rule 26(a)(2) disclosures and will be limited to any additional work directly related to those new facts. In the event that supplementation occurs after the expert is deposed, supplemental expert discovery will be allowed only for good cause and will be limited to the new facts in such supplements.  New expert opinions and work elicited during cross examination in expert depositions or at trial are deemed to be disclosed for purposes of compliance with Rule 26(a)(2).

      2.    **PSC Proposed Language:**

Experts may be permitted to supplement their expert reports in accordance with the Federal Rules and CMO 67.  Further, any expert who simply supplements his/her report (following a deposition) based upon a new medical literature (not available at the time of his report and deposition) shall be able to supplement his/her report with said literature being added as reliance material.  If the addition of this reliance material does not change the expert's ultimate opinion(s), then a subsequent deposition shall not be permitted.

      B.    **Opening Demonstratives**:  The parties understand it is the Court's intention to resolve objections to opening demonstratives in advance of trial, including for cases that will be tried by other judges.  As opening demonstratives are not prepared until very close to the start of trial, the parties propose exchanging demonstratives on a time agreed to by the trial counsel in the given cases, but typically by 10:00 am CT one to three days before trial and the Court notified of any objections to same by 4:00 pm CT the same day of disclosure, absent other agreement by the parties to a given case.

      C.    **Number of Exhibits:**  The parties agree with the Court's proposal that beginning with CMO 75 and 87 cases, the number of trial exhibits identified for actual use at trial be limited to a manageable number for pretrial rulings and that the limitation be guided by the number of exhibits admitted and used in the bellwether trials, which for some Defendants have not yet been held.  As AbbVie has tried multiple cases, Plaintiffs and AbbVie are in the best position to work on a joint set of admitted exhibits, with preserved objections, and a proposal for managing the number of additional exhibits going forward and will meet and confer and provide a report to the Court in advance of the CMC set for March 29, 2018.  The remaining Defendants will undertake the same process with Plaintiffs following their bellwether trials.

D.  **AbbVie Company Witnesses**: As the Court has advised CMO 75 and 87 cases are likely to be scheduled for trial consecutively and/or simultaneously which has raised for AbbVie a significant concern about scheduling conflicts and time commitments for AbbVie company witnesses who have been called live at multiple trials already. Based on discussions to date, the parties believe that they will not be able to reach an agreement on this issue and will need to submit briefing. AbbVie will file its motion on March 12, 2018, the PSC response will be filed on April 9, 2018, and AbbVie's reply will be due April 23, 2018.

Dated: February 16, 2018

Respectfully submitted,

/s/ *Trent B. Miracle*
Trent B. Miracle
**SIMMONS HANLY CONROY**
One Court Street
Alton, IL 62002
Telephone: (618) 259-2222
Facsimile: (618) 259-2251
tmiracle@simmonsfirm.com

*Plaintiffs' Co-Lead Counsel*

Ronald Johnson, Jr.
**SCHACHTER, HENDY & JOHNSON PSC**
909 Wrights Summit Parkway, Suite 210
Ft. Wright, KY 41011
Phone: (859) 578-4444
Fax: (859) 578-4440
rjohnson@pschachter.com

*Plaintiffs' Co-Lead Counsel*

Christopher A. Seeger
**SEEGER WEISS LLP**
77 Water Street
New York, NY 10005
Phone: (212) 584-0700

Fax: (212) 584-0799
cseeger@seegerweiss.com

*Plaintiffs' Co-Lead Counsel*

David M. Bernick
Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, NY 10019-6064
Phone: (212) 373-3405
Fax: (212) 492-0405
dbernick@paulweiss.com

*Attorney for AbbVie, Inc.*

Michelle Hart Yeary
**Dechert LLP**
902 Carnegie Center, Suite 500
Princeton, NJ 08540
Telephone: (609) 955-3200
Facsimile: (609) 955-3259
Email: michelle.yeary@dechert.com

Alicia J. Donahue
**Shook Hardy & Bacon**
One Montgomery St., Suite 2700
San Francisco, CA 94104
T: 415.544.1900
F: 415.391.0281
Email: adonahue@shb.com

*Attorneys for AbbVie Inc. and Abbott Laboratories*

Andrew K. Solow
**KAYE SCHOLER LLP**
250 West 55th Street
New York, NY 10019
Tel: (212) 836-7740
Fax: (212) 836-6776
andrew.solow@kayescholer.com

Pamela J. Yates
**KAYE SCHOLER LLP**

5

1999 Avenue of the Stars, Suite 1700
Los Angeles, CA 90067
Tel: (310) 788-1278
Fax: (310) 788-1200
pamela.yates@kayescholer.com

*Attorneys for Endo Pharmaceuticals Inc. and Auxilium Pharmaceuticals, Inc.*

Joseph P. Thomas
Jeffrey F. Peck
K.C. Green
Jeffrey D. Geoppinger
**ULMER & BERNE LLP**
600 Vine Street, Suite 2800
Cincinnati, OH 45202
Phone: (513) 698-5000
Fax: (513) 698-5001
E-mail: jthomas@ulmer.com

*Attorneys for Actavis, Inc., Actavis Pharma, Inc., Anda, Inc., Watson Laboratories, Inc., a Nevada corporation, and Watson Laboratories, Inc., a Delaware corporation*

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 16, 2018, the foregoing document was filed via the Court's CM/ECF system, which will automatically serve and send email notification of such filing to all registered attorneys of record.

*/s/ Brendan A. Smith*
