IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: TESTOSTERONE REPLACEMENT THERAPY PRODUCTS LIABILITY LITIGATION | MDL No. 2545<br>Master Docket Case No. 1:14-cv-01748<br>Honorable Matthew F. Kennelly |
| This document applies to:<br>*Mitchell v. AbbVie Inc.*, No. 1:14-cv-09178 | |

**PLAINTIFF'S RESPONSE TO ABBVIE'S SUBMISSION ON
WHETHER A NEW TRIAL IS REQUIRED ON ALL CLAIMS**

## I. INTRODUCTION

Plaintiff Jesse Mitchell submits this memorandum of law in response to the submission by Defendants AbbVie Inc. and Abbott Laboratories (collectively, "AbbVie"), responding to the Court's February 6, 2018 order directing AbbVie to show cause "why the Court should not amend its new-trial order to require a new trial on all claims." (*Mitchell* Dkt. No. 114.)

As the Court noted in its order, AbbVie argued in briefing the post-trial motions in *Konrad v. AbbVie Inc.*, No. 1:15-cv-00966 (N.D. Ill.), that, if a jury has returned inconsistent verdicts, the Court must grant a new trial on all claims. *See id.* (citing *Konrad* Dkt. No. 130 at 3.) The Court further stated that, if AbbVie's arguments were correct, "then the Court may have erred in ordering a new trial only on the fraudulent misrepresentation claim in the present case, and not on the remaining claims." *Id.* The Court also guided the parties to "assume, for purposes of discussion, that there was evidence sufficient to permit a reasonable jury to find in plaintiff's favor on each of the claims that went to the jury at the end of the trial." *Id.*

Without directly responding to the Court's order to show cause, AbbVie implicitly concedes that it did argue in *Konrad* that a new trial was necessary on all claims. In short, AbbVie states that two of the three arguments it put forward in *Konrad* do require a new trial in *Mitchell* as to all issues, but it argues that a third argument it made only applies to *Konrad* and not *Mitchell*. Absent from AbbVie's submission is any reference to its acknowledgement in its

1

*Mitchell* post-trial briefing that, while it maintained there was no inconsistency in the verdict, "[i]f the Court were to order a new trial, the new trial must extend to **all issues**." (*Mitchell* Dkt. No. 109 at 1 n.1 (emphasis added); *id.* at 15 n.25.)

Though Mr. Mitchell preserves and maintains the position set forth in his opening and reply papers in support of his post-trial motion and in his opposition to AbbVie's post-trial motion in this case—*i.e.,* that the appropriate course was to *either* amend the *Mitchell* verdict to include compensatory damages *or* direct a new trial as to compensatory damages only[1]— Plaintiff recognizes that the Court has reached a different result, directing retrial of the fraudulent misrepresentation claim. *See* CMO No. 92 at 3 (*Mitchell* Dkt. No. 111). If the Court has determined (or determines) that the jury was broadly "confused or abused its power," *Stone v. City of Chicago,* 738 F.2d 896, 899 (7th Cir. 1984), such that its verdicts on each of Plaintiff's claims (strict liability, negligence, and fraudulent misrepresentation) and damages thereon cannot be reconciled, then a retrial of this action should include all claims asserted by Plaintiff. In such instance, the appropriate course would be to amend or vacate CMO No. 92, and vacate that portion of the judgment in this action entered in favor of defendants AbbVie Inc. and Abbott Laboratories on the first claim, strict liability, and on the second claim, negligence (*Mitchell* Dkt. No. 87).

## II.   BACKGROUND

### A.   The *Mitchell* and *Konrad* Jury Verdicts

The *Mitchell* trial was the first bellwether trial in this MDL to reach a jury verdict, and it involved three separate claims under Oregon law (strict liability, negligence, and fraudulent misrepresentation), with Illinois law governing Plaintiff's claim for punitive damages. The jury found for Mr. Mitchell on his claim of fraudulent misrepresentation, but not on his claims of

---

[1] *See* Pl.'s Mot. to Amend Judgment to Conform the Damages to the Undisputed Evidence or in the alternative for a New Trial on Compensatory Damages, Aug. 21, 2017 (*Mitchell* Dkt. No. 93); Pl.'s Response in Opp. to AbbVie's Mot. to Strike Punitive Damages Award and Enter Judgment as a Matter of Law, Oct. 25, 2017 (*Mitchell* Dkt. No. 108); Pl.'s Reply in Supp. of Mot. to Amend Judgment to Conform the Damages to the Undisputed Evidence or in the alternative for a New Trial on Compensatory Damages, Nov. 15, 2017 (*Mitchell* Dkt. No. 110).

strict liability or negligence. The jury awarded zero compensatory damages and $150 million in punitive damages. The *Konrad* action was the second MDL bellwether trial to reach a jury, and in that matter the jury found for Mr. Konrad on his clams under Tennessee law for negligence, intentional misrepresentation and misrepresentation by concealment, but found for AbbVie on the strict liability claim. The jury in that case awarded $140,000 in compensatory damages and $140 million in punitive damages. As in the *Mitchell* case, the issue of punitive damages was governed by Illinois law.

### B. Parties' Post-Trial Motions in *Mitchell*

Following the *Mitchell* trial, AbbVie moved to strike the punitive damages award and enter judgment in its favor or, in the alternative to enter a judgment of liability with zero damages. (*Mitchell* Dkt. No. 76). In that motion, AbbVie made a series of arguments attacking the punitive damages award and Plaintiff's proofs on punitive damages and the fraudulent misrepresentation claim. However, in all its briefing, AbbVie never contended that a new trial was necessary. In fact, it contended that a new trial was inappropriate. (*See Mitchell* Dkt. No. 92 at 2.) In contrast to its position in the *Konrad* post-trial briefing, AbbVie did not argue that the verdict on fraudulent misrepresentation was inconsistent with those on strict liability and negligence. *Id.* ("[T]here is no inconsistency in the jury's verdict that would support a new trial…."). In his Opposition to AbbVie's motion, Mr. Mitchell argued that the verdict in this case was not inconsistent, and that the jury's verdicts could be reconciled. (*Mitchell* Dkt. No. 108 at 20.)

In its reply brief in support of its post-trial motion, however, AbbVie contended that, "[i]f the Court were to order a new trial, the new trial must extend to **all issues**." (*Mitchell* Dkt. No. 109 at 1 n.1 (emphasis added); *id.* at 15 n.25 ("[I]f this Court concludes that the verdict is inconsistent, the proper remedy would be to order a new trial on *all* issues.") (emphasis in original); *id.* ("AbbVie is not seeking a retrial, and thus is not under any obligation to affirmatively request that relief. But if this Court is inclined to order a new trial of some kind, the proper course would be to order a new trial on **all issues**.") (emphasis added).)

3

### C. AbbVie's Post-Trial Motion in *Konrad*

Contrary to the position it took in *Mitchell* (no inconsistency among the defense verdicts for Plaintiff's strict liability and negligence claims and the verdict for Mr. Mitchell on the fraud claim)*,* AbbVie argued in the *Konrad* post-trial proceedings that the jury's verdict on a single claim impugned its verdicts on all others. *Konrad* Dkt. No. 130 at 3 ("the Court cannot order a new trial limited to strict liability and negligence because those claims are 'so interwoven' with Plaintiff's misrepresentation claims"); *see also id.* at 1 (AbbVie arguing that "a new trial on strict liability and negligence would also necessitate a new trial on the misrepresentation claims, as well as on damages"). AbbVie thus argued that the assumed inconsistency between the jury's verdicts on negligence and strict liability permeated the separate misrepresentation and concealments claims.[2] Mr. Konrad's opposition brief (*Konrad* Dkt. No. 125) and his supplemental brief (*Konrad* Dkt. No. 131) detail why, as a threshold matter, the jury's findings in *Konrad* are not inconsistent, and further why, assuming *arguendo* an inconsistency between the strict liability and negligence verdicts, a new trial is not required.

### III. ARGUMENT

As the Court noted in its Memorandum Opinion and Order, "'when jury verdicts are logically incompatible, thereby indicating the jury was confused or abused its power, the district court errs when it fails to order a new trial.'" (*Mitchell* Dkt. No. 111 at 9, *quoting Stone v. City of Chicago,* 738 F.2d 896, 899 (7th Cir. 1984).) The Seventh Circuit counsels, however, that "the court, having found an irrational part of the verdict, does not annul the rest on the ground that the jury has displayed ecumenical inability or unwillingness to follow its instructions." *Am. Cas.*

---

[2] In its ruling on AbbVie's summary judgment motions, the Court rejected AbbVie's contention that Plaintiffs' misrepresentation claims are mere "repackaging" of failure to warn claims. CMO No. 48 at 12-13, MDL Dkt. No. 1897 ("Rather, [plaintiffs] assert claims for intentional and negligent misrepresentation…. In these claims, they contend that AbbVie made false statements about AndroGel's efficacy and safety. … In any event, *the Court disagrees with AbbVie's contention that these claims represent, in part, a mere relabeling (no pun intended) of plaintiffs' claims alleging failure to warn. The two are logically distinct, and even if there is overlap in their factual or legal underpinnings, there is nothing that prevents a party from asserting multiple but legally distinct claims that arise from the same events.*") (emphasis added).

4

*Co. of Reading, Pa. v. B. Cianciolo, Inc.*, 987 F.2d 1302, 1305-06 (7th Cir. 1993) (directing that court should be slow to impute broad disregard of duties). The issue thus turns on whether the inconsistency described by the Court evidences a broader confusion or disregard by the jury of its duties.

Here, no party contended the *Mitchell* verdict was inconsistent. Indeed, both sides expressed the view that the verdicts—including the verdicts on strict liability and negligence—could be reconciled. The Court, however, determined that there was an "irreconcilable conflict between the jury's finding on the fraudulent misrepresentation claim and award of zero compensatory damages," which required a new trial on this claim. (*Mitchell* Dkt. No. 111 at 19.) More particularly, the Court noted that "it would violate logic to assert simultaneously that a party has been damaged and has not been damaged." (*Mitchell* Dkt. No. 111 at 8.)

The Seventh Circuit has recognized that a jury's confused responses on the verdict form for damages versus liability findings may bespeak broader confusion and warrant retrial on all issues. *See U.S. ex rel. Pileco, Inc. v. Slurry Systems, Inc.*, 804 F.3d 889, 892 (7th Cir. 2015) (affirming grant of new trial where "jury's confused responses to the damages provisions in the verdict form called into doubt the dependability of the jury's other findings").[3] Accordingly, to the extent the Court has determined (or determines) that its finding of an irreconcilable conflict between the *Mitchell* jury's liability finding on fraud and its award of zero compensatory damages evidences broader disregard of the charge or confusion by the jury, the Court should grant a new trial on all claims.

Seeking to distance itself from its prior statements and position in the *Mitchell* post-trial briefing,[4] AbbVie's response to the Court's order to show cause seems designed to obfuscate

---

[3] *See also Hopkins v. Coen*, 431 F.2d 1055, 1059-60 (6th Cir. 1970) (finding a new trial is required when the verdicts reflect a lack of understanding by the jury).

[4] *See, e.g., Mitchell* Dkt. No. 109 at 1 n.1 ("If the Court were to order a new trial, the new trial must extend to *all issues*.") (emphasis added); *see also id.* at 15 n.25. AbbVie should not be allowed to prevail on its inconsistent positions. *See New Hampshire v. Maine*, 532 U.S. 742, 749 (2001) ("where a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the

rather than answer or guide. Indeed, the bulk of AbbVie's argument is directed to emphasizing (or indeed expanding) its arguments in its post-trial motion in *Konrad*. As Plaintiff understands AbbVie's response, AbbVie—having conditioned its response based on what the Court does in *Konrad*—impracticably has no position on the issue in *Mitchell* until the Court rules in *Konrad*. AbbVie's attempt to force a linkage in the Court's rulings, which indisputably turn on different charges, verdicts, and arguments, is transparent, but in all events unavailing. As described below, AbbVie's three *Konrad* arguments fundamentally fail in their foundation.

AbbVie first argues that "the jury's verdict for AbbVie on strict liability and its verdict for plaintiff on the other three claims are inconsistent because they reflect conflicting findings with respect to adequacy of warnings, causation, or both." (*Mitchell* Dkt. No. 115 at 1.) In doing so, AbbVie erroneously assumes that the jury's finding in its favor on strict liability and in Mr. Konrad's favor on the other claims necessarily meant that its warnings for AndroGel were adequate. There simply was no finding by the jury in *Konrad* that the AndroGel label was adequate, and AbbVie's argument is mere speculation. For example, independent of any consideration of AndroGel's warnings, a rational jury could have determined that AndroGel was not unreasonably dangerous when used in the approved populations. With respect to the causation portion of AbbVie's argument, AbbVie previously conceded that "[i]t is unlikely that the jury found against Plaintiff on the issue of causation." (*Konrad* Dkt. No. 118 at 16 n.25.)

Similarly, AbbVie's second argument fails with respect to *Konrad* because, contrary to AbbVie's suggestion that a new trial is required due to a purported inconsistency in the strict liability and negligence verdicts, AbbVie ignores that the misrepresentation and concealment verdicts in *Konrad* independently support the damages awards. (*Konrad* Dkt. No. 125 at 11-15; Konrad Dkt. No. 131 at 6-7.) As the Court recognized in CMO No. 48 (at 12-13), AbbVie's argument that all of Mr. Konrad's claims are inextricably intertwined, and must all rise and fall

---

prejudice of the party who has acquiesced in the position formerly taken by him"); *Grochocinski v. Mayer Brown Rowe & Maw, LLP*, 719 F.3d 785, 796 (7th Cir. 2013) (judicial estoppel is designed "[t]o protect the integrity of the judicial process, a court needs freedom to consider the equities of an entire case").

together, is simply untrue. (MDL Dkt. No. 1897 at 12-13.) Because the jury in *Konrad* found liability on three independent claims, all of which separately supported awards of compensatory and punitive damages, any purported inconsistency between the negligence verdict and strict liability verdict is easily remedied, and the broader verdicts reconciled. *See Am. Cas. Co. of Reading, Pa.,* 987 F.2d at 1305-06.

AbbVie contends that its final *Konrad* argument would require a new trial on all claims in *Konrad,* but not in *Mitchell*. However, AbbVie's argument rests on the faulty premise that the Court must trace the jury's damages awards to specific causes of action. AbbVie is wrong. *See, e.g., Potts v. Benjamin*, 882 F.2d 1320, 1325 (8th Cir. 1989) (holding that "the jury was entitled to render compensatory and punitive damages against defendants on plaintiffs' negligence theory alone[,]" and any error in submitting strict liability to the jury was harmless); *see also Bingham v. Zolt*, 66 F.3d 553, 564 (2d Cir. 1995) ("Plaintiff is entitled to recover its full measure of compensatory damages, despite the dismissal of certain common law claims, because each claim presented an alternative theory of liability based upon the same set of facts, the same series of acts, and the same injuries caused by the same actors."); *In re Estate of Marks*, 187 S.W.3d 21, 32 (Tenn. Ct. App. 2005) ("In cases in which a plaintiff has asserted multiple claims for relief, the validity of a jury's general verdict for the plaintiff will not be undermined because of the lack of material evidence to support one or more claims as long as the record contains material evidence supporting at least one of the claims.").[5]

AbbVie's evasions aside, the Court need not and should not accept AbbVie's invitation to tether its determination in *Mitchell* to AbbVie's unfounded arguments *Konrad*.

---

[5] The cases cited by AbbVie are distinguishable. For example, in *F.E.L. Publ'ns, Ltd. v. Catholic Bishop of Chi.*, 754 F.2d 216 (7th Cir. 1985), a new trial was ordered because the jury considered what was later determined to be improper evidence, and the court could not determine how much of the jury's award, if any, was based on improperly admitted evidence. *Id.* at 222. Such is not the case here. Similarly, in *Durant v. Sur. Homes Corp.*, 582 F.2d 1081 (7th Cir. 1978), the court "erred in sending the mental distress damages issue to the jury," which again is not an issue here. *Id.* at 1085.

## IV. CONCLUSION

In response to the Court's request, AbbVie has failed to show cause why the retrial of *Mitchell* should not include Plaintiff's claims for strict liability and negligence. Indeed, doing so would be consistent with AbbVie's prior position in *Mitchell* post-trial motions that, if the Court were to order a new trial, the new trial must extend to all issues.

Dated: February 16, 2018                    Respectfully submitted,

/s/Troy Rafferty
Troy Rafferty
LEVIN PAPANTONIO THOMAS MITCHELL
RAFFERTY & PROCTOR, P.A.
316 South Baylen St.
Pensacola, FL 32502
Phone: (850) 435-7163
Email: trafferty@levinlaw.com

David R. Buchanan
SEEGER WEISS LLP
77 Water Street
New York, NY 10005
Phone: (212) 584-0700
Fax:    (212) 584-0799
Email: dbuchanan@seegerweiss.com

Bill Robins III
ROBINS CLOUD LLP
808 Wilshire Blvd, Suite 450
Santa Monica, CA 90401
Phone: (310) 929-4200
Fax:    (310) 566-5900
Email: robins@robinscloud.com

David J. Diamond
GOLDBERG & OSBORNE
33 North Stone, Suite 900
Tucson, Arizona 85701
Phone: (520) 620-3975
Email: ddiamond@goldbergandosborne.com

*Counsel for Plaintiff Jesse Mitchell*

Trent B. Miracle
SIMMONS HANLY CONROY
One Court Street
Alton, IL 62002
Phone: (618) 259-2222
Fax: (618) 259-2252
Email: tmiracle@simmonsfirm.com

8

Ronald Johnson, Jr.
SCHACHTER, HENDY & JOHNSON PSC
909 Wrights Summit Parkway, Suite 210
Ft. Wright, KY 41011
Phone: (859) 578-4444
Fax: (859) 578-4440
Email: rjohnson@pschacter.com

Christopher A. Seeger
SEEGER WEISS LLP
77 Water Street
New York, NY 10005
Phone: (212) 584-0700
Fax: (212) 584-0799
Email: cseeger@seegerweiss.com

*MDL Plaintiffs' Co-Lead Counsel*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 16, 2018, I electronically transmitted the foregoing document to the Clerk of the United States District Court using the CM/ECF system for filing and service to all parties/counsel registered to received copies in this case.

>            */s/ Troy Rafferty*
>            Troy Rafferty