IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: TESTOSTERONE REPLACEMENT THERAPY PRODUCTS LIABILITY LITIGATION | Case No. 1:14-cv-1748<br><br>MDL No. 2545<br><br>Hon. Matthew F. Kennelly |

**CASE MANAGEMENT ORDER # 102**
**(SELECTION AND WORK-UP OF ACTAVIS CASES)**

In furtherance of the advancement of this MDL, the Court orders as follows (NOTE: the Court has made modifications to the parties' proposed order, including modifications regarding the configuration and schedule for Work-Up Group 1 cases in anticipation of having some such cases trial-ready as of February-March 2019.)

**I.     PROTOCOL FOR SELECTION OF ACTAVIS WORK-UP CASES**

In addition to the bellwether pools and trials previously established pursuant to CMOs 37, 75, and 87, this Order provides for the selection and work-up of 100 cases involving Actavis, Inc., Actavis Pharma, Inc., Actavis Laboratories UT, Inc., and/or Anda, Inc. ("Actavis Defendants") in three groups of cases ("Work-Up Group 1," "Work-Up Group 2" and "Work- Up Group 3") that will be selected and worked-up on the schedule set forth below.

The protocol for selecting the Work-Up Groups will be:

A.     The Work-Up Groups will consist of two rounds of 30 cases each and one round of 40 cases.

B.     The parties will evenly split the selections in each Work-Up Group. No advance meet-and-confer is required, except as needed to comply with paragraph I.D below.

C.     The parties should select cases in which the only defendants are one or more Actavis Defendants.

D.     Work-Up Group 1 must include no less than 4 cases in which the trial venue is the

Northern District of Illinois, either because that is the district in which the case would be tried irrespective of *Lexecon* waivers, or based on mutual *Lexecon* waivers. If the parties are unable to identify sufficient cases in which the trial venue is the Northern District of Illinois, they are to fill in with cases in which the district in which the case is to be tried, irrespective of *Lexecon* waivers, is located within the Seventh Circuit. The Court reserves the right to alter the composition of Work-Up Group 1 to add or substitute cases appropriately venued for trial in the Northern District of Illinois or elsewhere within the Seventh Circuit.

**II. SCHEDULE FOR SELECTION OF WORK-UP GROUPS**

Work-Up Group selections must be exchanged on the following dates. <u>A joint status report identifying the cases selected, and their trial venues, is to be filed with the Court within 2 days after the selections are exchanged.</u>

    A.    Work-Up Group 1: April 3, 2018

    B.    Work-Up Group 2: May 15, 2018

    C.    Work-Up Group 3: June 29, 2018

**III. REQUIREMENTS FOR ALL WORK-UP GROUPS**

    A.    <u>Treating Physicians</u>: Within three (3) days of a Defendant notifying a Plaintiff of a treating physician it wants to depose, Plaintiff must notify Defendant whether Plaintiff will endeavor to handle the scheduling of the deposition. If Plaintiff fails to respond within three (3) days or elects not to handle the scheduling, Defendant will do so. If Plaintiff elects to handle the scheduling, Plaintiff will report to Defendant within seven (7) days on the progress of scheduling, and at that point, if the deposition is not scheduled, Defendant has the option to pursue the scheduling on its own.

Except with regard to this scheduling procedure, all other provisions of CMO 27 regarding contacts with treating physicians remain in full force and effect.

    B.    <u>Pleadings</u>: Answers and Notices of Affirmative Defenses are to be filed or, if already filed, supplemented, within 21 days of selection of a case for Work-Up Group. <u>Boilerplate</u>

<u>affirmative defenses are prohibited</u>. Any further amendments to complaints or answers will require a stipulation or motion to the Court. The deadline for seeking leave to amend a pleading is 42 days before the close of fact discovery.

    C.    <u>Experts</u>:

        1.    The parties intend that the limitations on expert discovery set forth in Rule 26 of the Federal Rules of Civil Procedure, including the provision of Rule 26(b)(4)(A)-(D) limiting discovery with respect to draft reports, communications with experts, and depositions of consulting experts, shall apply to all cases, whether pending in state or federal court. Accordingly, in order to foster cooperation between the MDL and state court litigations, counsel for the parties shall jointly seek to enter in all state court proceedings, whether already filed or hereafter filed, an order expressly agreeing that the limitations on expert discovery set forth in Rule 26(b)(4)(A)-(D) shall apply in all such state court proceedings. The parties shall seek to avoid duplicative expert discovery for experts.

        2.    The parties may, if they wish, retain new experts for litigation of the Work-Up Groups. If the parties use experts who have previously served Rule 26(a)(2) disclosures in this litigation, the Court expects counsel to work out, by agreement, whether those experts may simply supplement their previous reports or instead will submit new reports.

**IV.    <u>WORK-UP SCHEDULES</u>**

    A.    <u>Work-Up Group 1</u>:

        1.    Supplemental PFSs shall be completed and submitted within 10 days following selection of the Work-Up Group 1 cases.

        2.    Defense Fact Sheets shall be completed and submitted within 30 days following the selection of the Work-Up Group 1 cases.

        3.    Sales representative and/or sales manager files will be produced within 30 days of any request.

        4.    Fact discovery shall be completed on or before August 31, 2018.

        5.    On or before September 14, 2018, Plaintiffs shall disclose expert witness testimony for each of the Work-Up Group cases pursuant to Fed. R. Civ. P. 26(a)(2).

6. On or before September 28, 2018, Defendants shall disclose expert witness testimony for each of the Work-Up Group cases pursuant to Fed. R. Civ. P. 26(a)(2).

7. Any rebuttal expert witness disclosures must be made by October 12, 2018, and require prior leave of Court.

8. Depositions of expert witnesses are to be completed by October 29, 2018. The parties will work cooperatively and use all best efforts to schedule the depositions of Plaintiffs' experts on a particular subject to take place before the corresponding Actavis Defendants' experts.

9. Any motion for summary judgment or for partial summary judgment or seeking to challenge expert testimony pursuant to *Daubert* shall be filed on or before November 12, 2018. Any such motions are to be omnibus motions covering common grounds and common expert witnesses/issues in multiple cases. Any motions that run afoul of this requirement will be stricken by the Court without leave to refile. The parties are expected to present to the Court by no later than October 15, 2018 a proposal for configuration and page limits for briefing summary judgment and *Daubert* motions.

10. Responses to summary judgment motions and *Daubert* motions shall be filed on or before November 30, 2018.

11. Replies in support of summary judgment motions and *Daubert* motions shall be filed on or before December 10, 2018.

12. The Court will endeavor to rule on any summary judgment motions and *Daubert* motions by December 31, 2018.

13. The Court anticipates setting some Work-Up Group 1 cases for trial as early as February 2019. The parties are to submit by January 3, 2019 a joint status report containing a joint proposal, or competing proposals, on how any surviving Work-Up Group 1 cases should be prioritized for trial. A telephone status hearing will be held on January 4, 2019, at a time to be set, at which the Court will identify which, if any cases will be tried in February-March 2019. The parties are to contact the Court by no later than December 21, 2018 to arrange the time for the January 4, 2019 status hearing.

14. For any cases set for trial in February-March 2019, an accelerated schedule for filing and briefing Motions in Limine and submitting deposition designations and objections, exhibit lists and objections, and preliminary jury instructions and objections will be set at the January 4, 2019 status hearing referenced in paragraph 13.

15. For all other cases in Work-Up Group 1 that survive summary judgment, Motions in Limine are to be filed by no later than 35 days after the Court's ruling on summary judgment.

16. Oppositions to Motions in Limine are to be filed 49 days after the Court's ruling on summary judgment.

17. Affirmative deposition designations for use at trial are to be exchanged 10 days after the Court's ruling on the Motions in Limine, or at an earlier date to be set by the Court.

18. Counter-deposition designations to affirmative deposition designations for use at trial are to be exchanged 10 days after affirmative deposition designations are exchanged.

19. Objections to deposition designations and objections to counter-deposition designations are to be filed 5 days after counter-designations are exchanged.

20. Deposition designations and objections are to be filed with the Court within 3 days of the date the objections to affirmative deposition designations and objections to counter-deposition designations are exchanged.

21. Exhibit Lists are to be exchanged and filed with the court 10 days after the Court's ruling on Motions in Limine, or at an earlier date to be set by the Court.

22. Objections to Exhibits are to be exchanged and filed with the Court 10 days after the Court's ruling on Motions in Limine.

23. Proposed preliminary jury instructions to be given at the outset of trial are to be filed 30 days after the Court's rulings on Motions in Limine, or at an earlier date to be set by the Court.

24. Proposed final jury instructions are to be filed 45 days after the Court's ruling on Motions in Limine.

B. <u>Work-Up Group 2</u>:

1. Supplemental PFSs shall be completed and submitted within 30 days following the selection of the Work-Up Group 2 cases.

2. Defense Fact Sheets shall be completed and submitted within 45 days following the selection of the Work-Up Group 2 cases.

3. Sales representative and/or manager files will be produced within 30 days of any request.

4. Fact discovery shall be completed on or before October 26, 2018.

5. On or before November 16, 2018, Plaintiffs shall disclose expert witness testimony for each of the Work-Up Group cases pursuant to Fed. R. Civ. P. 26(a)(2).

6. On or before December 14, 2018, Defendants shall disclose expert witness testimony for each of the Work-Up Group cases pursuant to Fed. R. Civ. P. 26(a)(2).

7. Any rebuttal expert witness disclosures are to be completed January 5, 2019, with prior leave of Court.

8. Depositions of expert witnesses are to be completed by February 8, 2019. The parties will work cooperatively and use all best efforts to schedule the depositions of Plaintiffs' experts on a particular subject to take place before the corresponding Actavis Defendants' experts.

9. Any motion for summary judgment or for partial summary judgment or seeking to challenge expert testimony pursuant to *Daubert* shall be filed on or before February 22, 2019.

10. Responses to summary judgment motions and *Daubert* motions shall be filed on or before March 22, 2019.

11. Replies in support of summary judgment motions and *Daubert* motions shall be filed on or before April 5, 2019.

12. Motions in Limine are due to be filed 30 days after the Court's ruling on summary judgment.

13. Oppositions to Motions in Limine are to be filed 45 days after the Court's ruling on summary judgment.

14. Affirmative deposition designations for use at trial are to be exchanged 21 days after the Court's ruling on the Motions in Limine.

15. Counter-deposition designations to affirmative deposition designations for use at trial are to be exchanged 7 days after affirmative deposition designations are exchanged.

16. Objections to affirmative deposition designations and objections to counter-deposition designations are to be exchanged 7 days after counter- deposition designations are exchanged.

17. Deposition designations and objections are to be filed with the Court within 3 days of the date the objections to affirmative deposition designations and objections to counter-deposition designations are exchanged

18. Exhibit Lists are to be exchanged and filed with the court 30 days after the Court's ruling on Motions in Limine.

19. Objections to Exhibits are to be exchanged and filed with the Court 50 days after the Court's ruling on Motions in Limine.

20. Proposed preliminary jury instructions to be given at the outset of trial are to be filed 30 days after the Court's rulings on Motions in Limine.

21. Proposed final jury instructions are to be filed 30 days after the Court's ruling on Motions in Limine.

C. <u>Work-Up Group 3</u>:

1. Supplemental PFSs shall be completed and submitted within 30 days following the selection of the Work-Up Group 3 cases.

2. Defense Fact Sheets shall be completed and submitted within 45 days following the selection of the Work-Up Group 3 cases.

3. Sales representative and/or manager files will be produced within 30 days of any request.

4. Fact discovery shall be completed on or before March 29, 2019.

5. On or before April 22, 2019, Plaintiffs shall disclose expert witness testimony for each of the Work-Up Group cases pursuant to Fed. R. Civ. P. 26(a)(2).

6. On or before May 22, 2019, Defendants shall disclose expert witness testimony for each of the Work-Up Group cases pursuant to Fed. R. Civ. P. 26(a)(2).

7. Any rebuttal expert witness disclosures are to be completed by June 5, 2019, with prior leave of Court.

8. Depositions of expert witnesses are to be completed by August 5, 2019. The parties will work cooperatively and use all best efforts to schedule the depositions of Plaintiffs' experts on a particular subject o take place before the corresponding Actavis Defendants' experts.

9. Any motion for summary judgment or for partial summary judgment or seeking to challenge expert testimony pursuant to *Daubert* shall be filed on or before August 20, 2019.

10. Responses to summary judgment motions and *Daubert* motions shall be filed on or before September 20, 2019.

11. Replies in support of summary judgment motions and *Daubert* motions shall be filed on or before October 4, 2019.

12. Motions in Limine are due to be filed 30 days after the Court's ruling on summary judgment.

13. Oppositions to Motions in Limine are to be filed 45 days after the Court's ruling on summary judgment.

14. Affirmative deposition designations for use at trial are to be exchanged 21 days after the Court's ruling on the Motions in Limine.

15. Counter-deposition designations to affirmative deposition designations for use at trial are to be exchanged 7 days after affirmative deposition designations are exchanged.

16. Objections to affirmative deposition designations and objections to counter-deposition designations are to be filed 7 days after counter- deposition designations are exchanged.

17. Deposition designations and objections are to be filed with the Court within 3 days of the date the objections to affirmative deposition designations and

    objections to counter-deposition designations are exchanged.

18. Exhibit Lists are to be exchanged and filed with the court 30 days after the Court's ruling on Motions in Limine.

19. Objections to Exhibits are to be exchanged and filed with the Court 50 days after the Court's ruling on Motions in Limine.

20. Proposed preliminary jury instructions to be given at the outset of trial are to be filed 30 days after the Court's rulings on Motions in Limine.

21. Proposed final jury instructions are to be filed 30 days after the Court's ruling on Motions in Limine.

IT IS SO ORDERED.

Date: March 11, 2018

                  _____
                  MATTHEW F. KENNELLY
                  UNITED STATES DISTRICT JUDGE