## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **IN RE: TESTOSTERONE REPLACEMENT THERAPY PRODCUTS LIABILITY LITIGATION** | **Case No. 1:14-cv-1748**<br><br>**MDL No. 2545**<br><br>**Hon. Matthew F. Kennelly**<br><br>**This Document Relates to:**<br><br>**All Actions** |

### DEFENDANTS' MOTION TO STREAMLINE LIVE TRIAL TESTIMONY

Based on its experience in this multi-district litigation, this Court has expressed the desire to find additional efficient means to bring the next waves of cases through trial. After three trials have involved overlapping, indeed largely identical, allegations about AbbVie's conduct,[1] it makes complete sense to adopt a procedure for streamlining for upcoming trials the repetitive and time-consuming live testimony from certain witnesses called by Plaintiffs. Accordingly, AbbVie respectfully requests that the Court allow company witnesses Michael Miller and Steven Wojtanowski to testify by prior videotaped testimony.

### BACKGROUND

This Court has overseen three trials of cases involving claimed injuries allegedly caused by AbbVie's AndroGel, with additional AbbVie trials set in 2018. The Court has also issued case management orders to have cases in MDL Trial Group 1, which includes eight AbbVie cases, trial ready in the fall of this year; the *Frost* case, from the original bellwether slate, involving an alleged stroke, can also be readily available for trial. In addition, there are cases

---

[1] The Court's experience includes a fourth trial involving another defendant.

pending against AbbVie in Cook County, Illinois, and in Philadelphia County, Pennsylvania, several of which are scheduled to be tried this year.[2]

Two AbbVie employees in particular have already provided extensive deposition and trial testimony in the cases in this MDL, and AbbVie anticipates that they may be called by plaintiffs to testify, on the same issues and to the same effect, in upcoming trials. One of those witnesses is Michael Miller, the Project Leader, General Medicine Therapeutic Area, at AbbVie. He was deposed for two days on December 2-3, 2015. He testified live in *Mitchell*, on July 11 & 12, 2017. Then, on September 21 and 22, 2017, he testified live at the trial of *Konrad*. Most recently he testified live at the *Nolte* trial, on January 10 & 16, 2018; he is expected to be called to testify live again in the *Mitchell* re-trial, currently underway. Steven Wojtanowski, Vice President for Global Regulatory Affairs at AbbVie, has also provided extensive deposition and live trial testimony for cases in this MDL. He was deposed for two days on April 20-21, 2016, and he testified live in *Mitchell*, on July 6 & 7, 2017. He testified live at the *Konrad* trial on September 19-20, 2017. He testified live at the *Nolte* trial, on January 8 & 9, 2018, and most recently was called yet again by plaintiff in the *Mitchell* re-trial, on March 7 & 8, 2018.

## ARGUMENT

**I.     The Court Has the Inherent Authority and Duty to Efficiently Manage Trials.**

A court's authority to efficiently manage cases before it is fundamental to the Federal Rules. Fed. R. Civ. P. 1 ("just, speedy, and inexpensive determination"). Federal Rule of Evidence 102 explains that one of the purposes of the rules is to "eliminate unjustifiable expense

---

[2] The court overseeing *In re: AndroGel Related Cases* in Cook County set trials beginning on August 13 and October 8, 2018. *See* Case Management Scheduling Order, *In re: AndroGel Related Cases*, Case No. 2014 L 003814 (Dec. 17, 2017). The court in Philadelphia County set trials for November 13, 2018 (*Urban*) and December 3, 2018 (*Gillespie*). This litigation also includes cases against AbbVie in Mississippi, Missouri, and New York state courts.

and delay." For these reasons, the Federal Rules of Evidence provide the district court with considerable discretion to manage the presentation of evidence at trial. *See* Fed. R. Evid. 611 (encouraging the court to "exercise reasonable control over the mode and order of examining witnesses and presenting evidence so as to . . . avoid wasting time[] and protect witnesses from harassment . . . "); see also Fed. R. Evid. 403 (allowing the court to exclude even relevant evidence based on undue delay or waste of time, among other reasons).

The need for efficiency is magnified in a multidistrict litigation, like this, involving thousands of cases. Among the primary purposes of multidistrict litigation are reducing litigation costs, and saving the time and effort of the parties, the attorneys, the witnesses, and the Court. Federal Judicial Center, Manual for Complex Litigation (MCL), 4th § 20.131 (2014). Consistent with this guidance, this Court recently reiterated its goals of "ensur[ing] efficient presentation of the evidence and arguments" and "avoid[ing] unnecessary, cumulative, and repetitive evidence and arguments." *Mitchell v. AbbVie*, CMO No. 99 (Feb. 24, 2018) at 4. Armed with the experience of overseeing four trials, three involving AbbVie, it is appropriate for the Court to consider ways to streamline future trials to reduce the burden on the parties, including AbbVie company witnesses who have been required to devote significant time and attention away from their regular professional responsibilities and personal lives and interests. It is squarely within the Court's power to implement a procedure to utilize videotaped testimony[3] from these AbbVie witnesses who may be requested to testify on identical subjects in multiple cases set for trial.

## II. Videotaped Testimony Will Minimize Duplication and Reduce the Time Required for Individual Trials.

Presentation of videotaped testimony will further the Court's goal of concluding trials in in a new fixed time frame. *See* Status Conf. Trans. (Feb. 1, 2018) at 9:17-25. In *Mitchell v.*

---

[3] It is contemplated that a trial preservation deposition would be taken, and edited to an efficient package per the Court's rulings and instructions.

*AbbVie*, the Court expressly "encourag[ed] the parties to do their best to pare down deposition testimony to significant and non-repetitive matters." CMO No. 99 (Feb. 24, 2018) at 7. The use of videotaped testimony will help the parties to do just that, editing the tape to include essential testimony only, thereby reducing the time required to conclude upcoming trials.

The Manual for Complex Litigation encourages this method and instructs MDL courts to "[c]onsider other means of reducing duplicative discovery activity and expediting later trials by measures such as videotaping key depositions or testimony given in bellwether trials . . . for use at subsequent trials . . . ." MCL 4th § 20.132. "This option is far more efficient than hauling in key witnesses … to provide testimony that would likely be similar – if not identical – to prior testimony in previous cases, duplicating discovery efforts that the MDL system is designed to prevent." Duke Law Center for Judicial Studies, *MDL Standards and Best Practices* at 10 (2014) (hereinafter, "*MDL Best Practices*").[4]

The Manual's guidance comes from a recognition that bellwether trials in an MDL involve a significant amount of facts that are common across the cases. After three AbbVie-only trials in this MDL, Plaintiffs likely can readily ascertain the facts they need to establish their respective company conduct cases for the jury. There is no need to re-invent the wheel for each of the trials that may be required in this Court. *MDL Best Practices* at 10 ("One approach for … streamlining trials is videotaping key depositions for use at subsequent trials."); see also David F. Herr & Nicole Narotzsky, The Judicial Panel's Role in Managing Mass Litigation, SN066 ALI-ABA 249 (2008) ("Consider other means of reducing duplicative discovery activity and expediting later trials by measures such as videotaping key depositions or testimony given in bellwether trials" for use at subsequent trials).

---

[4] https://law.duke.edu/sites/default/files/centers/judicialstudies/MDL_Standards_and_Best_Practices_2014-REVISED.pdf.

Live testimony, by its nature, tends to require more time to develop than videotaped testimony. Live testimony can be interrupted by objections and sidebar discussions. The use of exhibits adds logistic time; non-responsive answers, objectionable questions, and directions from the Court to counsel or witness add time that would not be needed on the video, which will contain only re-phrased questions and pertinent answers. Much of the Court's evidentiary load could be handled in advance, and eliminated from time in front of the jury. More broadly, when a witness is called to testify live, the jury and court must wait through all of the questioning and testimony, even if only portions of it are ultimately crucial to the questioning party's burden of proof or themes. A questioner may also err on the side of being over-inclusive or repetitive when dealing with a live witness. On the other hand, videotaped testimony is predictable, allowing the parties to make better strategic decisions on the witnesses they choose to call, and allowing the Court to rule at its convenience in advance on objections to inadmissible and/or cumulative evidence. There may also be less of a temptation to call two fact witnesses on the same point when the party is assured that one witness's videotaped testimony will address whatever facts are necessary. Furthermore, the party can direct the jury's attention to precisely the portions of the testimony that are relevant, as, again, objections can be addressed ahead of time.

After the AbbVie-only trials, the Court and the parties are now positioned to effectively utilize videotaped testimony to streamline presentations and help reduce the length of future trials. Mr. Miller[5] and Mr. Wojtanowski[6] have both provided extensive deposition and trial testimony on the same topics. The Court should endorse the use of videotaped testimony for

---

[5] *Compare, e.g.,* Mitchell Trial Tr. 1190:22-1192:1, 1194:3-1195:22, July 11, 2017 (testimony regarding Mr. Miller's presentation on increased exogenous testosterone, platelet activity and clotting); Konrad Trial Tr. 1047:12-1051:7, Sept. 21, 2017 (same); Nolte Trial Tr. 873:15-877:20, Jan. 16, 2018 (same).

[6] *Compare, e.g.,* Mitchell Trial Tr. 339:20-340:11, 341:2-7, July 7, 2017 (testimony regarding FDA letter concerning claims and representations about AndroGel); Konrad Trial Tr. 300:14-301:17, Sept. 19, 2017 (same); Nolte Trial Tr. 387:23-368:18, Jan. 9, 2018 (same).

these witnesses that can be pared to the critical portions and played in a streamlined fashion at future AbbVie trials. This proposal falls squarely within what the Advisory Committee Notes to Federal Rule of Evidence 611 call "avoidance of needless consumption of time, a matter of daily concern in the disposition of cases."

### III. Repeated Live Trial Appearances Would Impose Significant Burdens on AbbVie Witnesses.

With multiple AndroGel cases already tried or set for trial this year (four so far in this MDL and four in state courts), and the potential for conflicting trial schedules with the MDL court and state courts, the time requirements for litigation will place an undue burden on AbbVie company witnesses, Mr. Miller and Mr. Wojtanowski; they have already been called live by Plaintiffs, and apparently will continue to be called by Plaintiffs to testify on the exact same topics in future cases. But that burden, which risks affecting their career development objectives and personal lives, can readily be avoided through the use of videotaped testimony. Because the use of videotaped testimony presents a more efficient and convenient method of presenting this particular evidence, the Court should grant AbbVie's motion.

The Courts should recognize the burden that litigation can impose on company witnesses who have ongoing personal and professional responsibilities. This general notion underlies in part the series of cases involving higher ranking company employees; in *Patterson v. Avery Dennison Corp.*, the Seventh Circuit affirmed the district court's refusal to allow the deposition of a company witness when the plaintiff had failed to take advantage of other, less burdensome methods of obtaining the information she sought. *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681-82 (7th Cir. 2002). Likewise, the Manual for Complex Litigation advises that, "[i]n some instances, the cost and burden of obtaining the physical presence of a witness will be disproportionate to the importance of the expected testimony." MCL 4th § 12.334. This is

particularly true here, where Plaintiffs have already procured the testimony multiple times, and sworn testimony is already available to the parties.

Testifying live at future AndroGel trials will require Mr. Miller and Mr. Wojtanowski to take time away from their day-to-day professional obligations, cause them to potentially miss out on career development opportunities for themselves, and, given the volume of cases, risk a spill-over effect impacting their personal interests and obligations. Not only would they need to make time to appear at trial, potentially for multiple days at a time, but they would also need to devote time to prepare. With the number of trials on the horizon, it could easily become a full-time commitment to be available for each and every AndroGel trial in this MDL and in Cook County, which obviously would affect them personally. *See generally* Fed. R. Evid. 611 (Advisory Committee Notes) (calling for "common sense and fairness in view of the particular circumstances"). When weighed against the fact that they have already provided hours of sworn, testimony on precisely the same facts and issues, there is no justification to continue to require them to appear live for future trials.

## CONCLUSION

Using videotaped testimony for witnesses like Mr. Miller and Mr. Wojtanowski, who are expected to testify to the same facts in future trials, serves the Court's goal of efficiently and fairly managing this multidistrict litigation. With the experience of three AbbVie-only trials and several more set to occur this year, the Court is well positioned to implement this procedure and reduce the time necessary to bring these cases to resolution. Doing so provides a logical and fair way of minimizing the personal and professional burden on these witnesses who may be called at multiple trials. The Court should grant AbbVie's motion and allow Mr. Miller and Mr. Wojtanowski to appear by videotaped testimony.

Dated: March 12, 2018

By: */s/ David M. Bernick*
David M. Bernick
PAUL WEISS LLP
1285 Avenue of the Americas
New York, NY 10019-6064
Tel: (212) 373-3405
dbernick@paulweiss.com

*Attorney for AbbVie Inc.*

Michelle Hart Yeary
DECHERT LLP
100 Overlook Center, 2nd Floor
Princeton, NJ 08540
Tel: (609) 955-3277
michelle.yeary@dechert.com

Alicia Donahue
SHOOK, HARDY & BACON
1 Montgomery Street, Suite 2700
San Francisco, CA 94104
Tel: (415) 544-1900
adonahue@shb.com

*Attorneys for AbbVie Inc. and Abbott Laboratories*

8

## CERTIFICATE OF SERVICE

I, Michelle Hart Yeary, hereby certify that on March 12, 2018, the foregoing document was filed via the Court's CM/ECF system, which will automatically serve and send email notifications of such filing to all registered attorneys of record.


                                        */s/ Michelle Hart Yeary*