IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: TESTOSTERONE REPLACEMENT THERAPY PRODUCTS LIABILITY LITIGATION | ) ) ) ) | MDL No. 2545<br><br>Case No. 14 C 1748 |
| This document relates to: | ) ) | |
| *Medical Mut. of Ohio v. AbbVie, Inc.*, No. 1:14-cv-8857 | ) ) | Case No. 14 C 8857 |

CASE MANAGEMENT ORDER NO. 107
(Order on defendants' motion to compel spoliation discovery from plaintiff)

The defendants in this civil RICO case have moved to compel what they call "limited spoliation discovery" from plaintiff Medical Mutual of Ohio (MMO). Without crediting defendants' contention that MMO engaged in spoliation that may warrant sanctions or that may affect the pending class certification motion, the Court agrees that defendants have shown a sufficient basis for requiring answers to some of the focused interrogatories they have posed.

The Court overrules MMO's objection that these are not proper "interrogatories," an argument evidently based on the fact that they were not contained in a formal document with a caption on it. Nothing in Federal Rule of Civil Procedure 33 requires that. The eight interrogatories that defendants have posed will, of course, count against their overall limit. In addition, particularly because the case involves multiple parties on the defense side, the Court does not intend by this to encourage either side to pose questions that qualify as interrogatories in a less-than-formal way. Ordinarily, a question that a party intends as an interrogatory ought to be identified as such, and the

asking party should take care to notify the answering party about the time limits set by Rule 33.

The Court also overrules MMO's objection that defendants should not be permitted to pose the interrogatories and should be required to ask their questions only in a deposition under Federal Rule of Civil Procedure 30(b)(6).  The Rules do not require a party to make such either-or choices, subject, of course, to determination by a court that particular discovery requests (whether under Rule 33 or Rule 30(b)(6) or any other rule) are, under the circumstances, unduly burdensome or otherwise inappropriate.  The interrogatories at issue here do not impose any undue burden and are neither irrelevant nor overly broad.   The Court will adjudicate whether any Rule 30(b)(6) deposition notice is overly broad, unduly burdensome, or otherwise inappropriate if and when it is called upon to do so.

MMO also objects on the basis of the attorney-client privilege and the work product doctrine.  The Court deals with these objections next.  Here are the eight questions posed by defendants:

<u>Questions Relating To When MMO's Duty To Preserve Evidence Attached</u>

1. When did MMO first learn that it may have been injured by any allegedly wrongful conduct by Defendants in connection with their TRT products?

2. When did MMO first discuss the possibility of participating in this lawsuit, both internally and with outside counsel?

3. When did MMO retain outside counsel in connection with this lawsuit?

4. When did MMO decide to proceed with this lawsuit?

5. When did MMO's counsel begin drafting the complaint in this lawsuit?

2

Questions Relating To MMO's Implementation Of A Document Hold

6.      On what date(s) did MMO issue a document hold notice in connection with this proceeding?

7.      As to each such hold notice, by what method was it delivered (*e.g.*, email, hard-copy memo, telephone call, face-to-face conversation)?

8.      As to each such hold notice, which MMO employee(s) received it?

MMO must answer question 1, which requests only the date on which it learned that it may have suffered an injury due to defendants' allegedly wrongful conduct. The question does not call upon MMO to disclose the source of this information or its contents. There is no basis for a determination that the simple date—a relevant matter in this litigation, possibly for multiple reasons—is privileged or otherwise protected.

MMO must answer questions 2 and 3. The dates on which a party first communicated with and retained counsel are neither privileged nor protected by the work product doctrine, at least in the present circumstances. *See Condon v. Petacque*, 90 F.R.D. 53, 54-55 (N.D. Ill. 1981) (holding that the date on which the plaintiff first communicated with counsel regarding the subject matter of the lawsuit and the date of any contractual agreement with counsel were not privileged). And the same is true of the date of any *internal* communication regarding the possibility of involvement in litigation.

MMO must also answer question 4. There is no viable contention that the date on which a party decided to proceed with litigation is privileged or otherwise protected, and this information may be relevant regarding the issue of spoliation.

MMO need not answer question 5. The timing of counsel's work in drafting the complaint in this lawsuit is protected work product, and at this point defendants have not

shown a substantial need for this information, particularly in light of the fact that the Court is requiring MMO to answer questions 1 through 4.

MMO must answer questions 6, 7, and 8. The information requested in those questions about when, how, and to whom a litigation hold was given is not privileged. In this regard, the Court agrees with *Cohen v. Trump*, No. 13-cv-2591, 2015 WL 3617124, at *7 (S.D. Cal. June 9, 2015), and notes that defendants have not asked for the contents of any litigation hold communications. *See also Sloan Valve Co. v. Zurn Indus., Inc.*, No. 10 C 204, 2012 WL 1886353, at *40-41 (N.D. Ill. May 23, 2012) (noting that defendant had been directed to "file an affidavit signed by one of its officers (1) confirming that a litigation document hold memorandum was sent to [defendant's] employees regarding documents and electronic information pertaining to this litigation; and (2) identifying the date on which the memorandum was sent, to whom it was sent, and the delivery method used").

MMO is directed to provide defendants with its answers to these questions by no later than March 26, 2018.

It is so ordered.

Date: March 15, 2018

_____
MATTHEW F. KENNELLY
United States District Judge

4