**UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|   |   |
|---|---|
| In re: TESTOSTERONE REPLACEMENT THERAPY PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) **Case No**. 14-cv-01748<br>**MDL No**. 2545 |

**This document relates to:**
*Harris v. AbbVie Inc., et al., Case* No. 14-cv-07963
*Natale v. AbbVie Inc., et al.,* Case No. 16-cv-05706

### PLAINTIFFS HARRIS AND NATALE'S JOINT REPLY IN SUPPORT OF THE MOTION TO STRIKE UNTIMELY EXPERT REPORTS BY DR. GEORGE C. NEWMAN AND DR. WILLIAM WHITE

Plaintiff Edwin Clay Harris ("Harris") and Plaintiff Edward Natale Jr. ("Natale), (collectively "Plaintiffs") submit this reply in support of their joint motion to strike expert reports of Dr. George C. Newman and Dr. William White ("Newman and White Reports"). The Court should grant Plaintiffs' motion and strike the Newman and White Reports in their entirety.

### ARGUMENT

**A.  Defendants' reports go beyond rebuttal and should be stricken.**

As set forth in the Court's ruling dated April 11, 2018,[1] Plaintiffs had until April 24, 2018 to serve Dr. Ronald Ziman's report and Defendants had until May 7, 2018 to serve any "rebuttal report" to Dr. Ziman's opinion. *See* Minute Entry [Doc. No. 22].[2] The Court's April 11, 2018 ruling was specific to Dr. Ronald Ziman's report and any rebuttal that Defendants may have on Dr. Ziman's opinion. All other deadlines associated with Plaintiffs' cases are governed by Case Management Order ("CMO") 87. Defendants do not dispute that they had until April 23 to file

---
[1] The Court granted Plaintiffs' joint motion for extension to serve Dr. Ronald Ziman's report.
[2] Minute entry was entered in each individual docket.

non-rebuttal reports, *id.*, although they do dispute that they were required to seek leave to file reports as plainly required by CMO 87. *See infra* Section B. As Defendants recognize, the Court must exclude the expert reports unless the Defendants' untimely submission is either "substantially justified" or "harmless." Fed. R. Civ. P. 37(c)(1).

According to the Seventh Circuit, "[t]he purpose of the [expert] report is to provide adequate notice of the substance of the expert's forthcoming testimony and to give the opposing party time to prepare for a response." *Meyers v. National Railroad Passenger Corp.*, 619 F.2d at 734 (citing *Walsh v. Chez*, 583 F.3d, 990, 993 (7th Cir. 2009)). Meanwhile, rebuttal expert testimony is intended solely to contradict or rebut opinions on the same subject matter identified by an initial expert witness. *R & O Constr. Co. v. Rox Pro Int'l Grp., Ltd.,* No. 09-cv-01749, 2011 WL 2923703, at * 5 (D. Nev. July 18, 2011). Rebuttal expert testimony may not be used to present new opinions or simply bolster a previous expert opinion. *Id.* at *7; *Stanfield v. Dart*, No. 10-cv-6569, 2013 WL 589222, at *3 (N.D. Ill. Feb 14, 2013) (a party may not offer "rebuttal" opinion testimony only to provide additional support for its case). Expert opinions offered to bolster a party's case in chief or to add entirely new opinions are not rebuttal opinions. *Stanfield*, 2013 WL 589222, at *4. Rebuttal is testimony that "explain[s], repel[s], counteract[s] or disprove[s] evidence of an adverse party ..." *United States v. Lamoreaux,* 422 F.3d 750, 755 (8th Cir.2005) (internal quotations omitted). As the Seventh Circuit has put it, "[t]he proper function of rebuttal evidence is to contradict, impeach or diffuse the impact of evidence offered by an adverse party." *Peals v. Terre Haute Police Department,* 535 F.3d 621, 630 (7th Cir. 2008) (affirming district court's ruling precluding rebuttal witness).

Defendants' contention that their reports fall within the "same subject matter" because they cover the broad issues of general and specific causation is a construction of "rebuttal" that would

swallow the rule. By that logic, all of their experts who opined on topics that Plaintiffs' experts opined on would have been due by the rebuttal deadline (*e.g.,* their FDA regulatory expert) and subject to leave of Court per CMO 87. That is not a reasonable interpretation of the Court's order, given that CMO 87 specifically contemplated rebuttal reports *only* if good cause is shown and leave is granted. Moreover, it is clear that Defendants' interpretation of "rebuttal" is a post-hoc interpretation intended to justify the untimeliness and overbreadth of the case-specific White and general and case-specific Newman reports because those are the *only* reports they served on May 7. Moreover, even a cursory review of the reports show they go beyond rebuttal. *See* Doc. No. 2628-1 (Ex. A to Defs. Response Br.). Tellingly, Defendants served a "general report" for Newman on May 7, which mentions Dr. Ziman's opinion fleetingly on only ***one*** occasion (Doc. No. 2628-1 at 32), but served Dr. White's "general report" on April 23 – contradicting their own theory that these opinions are entirely "rebuttal." The Newman General Report is unjustifiably belated and should be stricken. And portions of the Newman and White Case-Specific Reports are also unjustified as non-rebuttal.[3]

Under Rule 37(c), "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or harmless." Fed. R. Civ. P. 37(c). Here, Defendants have yet to comply with Fed. R. Civ. P. 26(a) as they have not served a supplemental expert disclosure for the Newman and White reports. They did not provide any explanation as to why they failed to supplement the expert disclosure in their response

---

[3] Newman's case-specific report for Plaintiff Natale does not mention Dr. Ziman until his conclusion. ECF No. 2628-1 at 53. The report for Harris has only a few references to Dr. Ziman's opinions, ECF No. 2628-1 at 4, 7, except for seven separately enumerated criticisms he levies against Dr. Ziman at the end of his report, Doc. No. 2628-1 at 12-13, which might properly be considered rebuttal. Likewise, Dr. White does not mention Dr. Ziman's opinions until Section X of his report. Doc. No. 2628-2 at 13.

brief. Their failure to supplement the expert disclosure alone should be sufficient grounds for striking the Newman and White reports.

Furthermore, Defendants fail to show that their untimely submission of the reports is "substantially justified" or "harmless." First, they contend that it would not make sense to have required them to serve the Newman and White specific-causation reports before they received Dr. Ziman's report. Yet, Dr. White himself served a general causation report on April 23, demonstrating the fallacy of this argument. Moreover, while it is true that that CMO 87 originally sequenced the reports differently, when Dr. Ziman's deadline was extended, Defendants failed to request an extension on their affirmative report (as evidenced by the timely submission of Dr. White's general report on April 23).

Next, they point to an email exchange between counsel to purportedly support their interpretation of the order, but that exchange actually refutes Defendants' interpretation. Specifically, undersigned made clear that if Defendants "wants to respond to [Dr. Ziman's] opinions and bases, we have no objection to you doing so on May 7," but "[o]f course, any affirmative opinions your experts want to offer on these issues, not directly rebuttal, are due on April 23." Doc. No. 2603-1. But Defendants' went beyond rebuttal, and seek to have their experts give affirmative opinions about general and specific causation, in contravention of the parties' shared understanding.

Finally, Defendants ask the Court to deny Plaintiffs' motion because "these are AbbVie's corresponding expert reports with respect to Dr. Ziman" and that "[s]triking AbbVie's case specific causation experts is an extreme remedy not justified in this situation." *Response Br.* at 4, 5 [Doc. No. 2628]. However, they still fail to show Plaintiffs will not be prejudiced in any way if the reports are allowed, except to suggest they would allow the experts to be deposed out of time. But

that only eats away to Plaintiffs' own *Daubert*, summary-judgment, and trial preparation schedule. Moreover, by failing to adhere to the April 23 deadline, they deprived Plaintiffs of the right to determine if they wanted to prepare and seek to leave to file a rebuttal report to the White's and Newman's affirmative opinions.

For these reasons Newman's general report and the portions of both White and Newman's specific reports that are not directly rebuttal to Dr. Ziman should be stricken.

    **B.    Defendants also fail to offer a justification for not seeking leave to serve a rebuttal report.**

Even if Defendants truly believe that the Newman and White reports are rebuttal, these reports should not be allowed because they failed to comply with CMO 87. According to the Section IV. A.6 of CMO 87, any rebuttal expert witness disclosures "require prior leave of Court" and Defendants did not do so prior to serving the reports. Instead, they contend that the Court intended to grant leave by extending the deadline in CMO 87, but that argument has no merit. They did not demonstrate good cause to file rebuttal reports, nor did they explain why their affirmative opinions on general and specific causation could not have been filed by the April 23 deadline.

Allowing the Newman and White reports will be prejudicial to Plaintiffs and be advantageous to Defendants. Defendants should not be allowed to circumvent the proper procedural steps to bolster their expert opinions by incorporating affirmative opinions with rebuttal to Dr. Ziman's opinion.

With the foregoing, Plaintiffs respectfully requests that the Court grant Plaintiffs' joint motion and strike the Newman and White reports in their entirety.

Dated: May 18, 2018                                       Respectfully Submitted,

*/s/ Bradley T. Wilders*____
Bradley T. Wilders
Stueve Siegel Hanson LLP
460 Nichols Road, Suite 200
Kansas City, MO 64112
Telephone: (816) 714-7100
Facsimile: (816) 714-7101
Email: wilders@stuevesiegel.com

*Attorney for Plaintiff Edwin Clay Harris*

*/s/ Daniel C. Burke*____
Daniel C. Burke
Bernstein Liebhard LLP
10 E. 40th Street
New York, NY 10016
Telephone: (212) 779-1414
Facsimile: (212) 779-3218
Email: dburke@bernlieb.com
Email: dlee@bernlieb.com

*Attorneys for Plaintiff Edward Natale Jr.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 18, 2018 the foregoing document was filed via the Court's CM/ECF system, which will automatically serve and send email notification of such filing to all registered attorneys of record.

*/s/ Brendan Smith*____
Brendan Smith