IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: TESTOSTERONE ) | | Case No. 14 C 1748 |
| REPLACEMENT THERAPY ) | | |
| PRODUCTS LIABILITY LITIGATION ) | | MDL No. 2545 |
| ------------------------------------------------------- ) | | |
| This document relates to: ) | | |
| *Harris v. AbbVie, Inc.*, No. 14-cv-7963 ) | | |
| *Natale v AbbVie, Inc.*, No. 16-cv-5706 ) | | |

CASE MANAGEMENT ORDER NO. 120
(*Preliminary* Order on motions to strike expert
<u>reports in *Harris* and *Natale* cases</u>)

MATTHEW F. KENNELLY, District Judge:

     In CMO 87, the Court set, for "Trial Group 1" cases, a schedule requiring plaintiff to produce Rule 26(a)(2) disclosures by 4/16/2018 and defendant to produce Rule 26(a)(2) disclosures by 4/23/2018. CMO 87 ¶ IV.A.5-6. CMO 87 further stated that any rebuttal expert disclosures would require prior leave of court and would have to be made by 4/30/2018.

     On 4/10/2018, the plaintiffs in two of the Trial Group 1 cases, *Harris v. AbbVie*, No. 14-cv-7963, and *Natale v. AbbVie*, No. 16 C 5706, moved to extend by about one week, to 4/24/2017, the deadline for the Rule 26(a)(2) disclosure of Dr. Ronald Ziman, who they described in the motion as a "case-specific expert." Plaintiffs' motion stated that they would have no objection to extending the defendants' rebuttal report deadline by one week, to 5/7/2018. Evidently plaintiffs intended this to be a reference to the third round of disclosures (true "rebuttal" disclosures), not the second (defendants' opening disclosures). In other words, it seems that they intended, without coming right out and saying so in the motion, to alter the schedule set by the Court, a schedule that specifically contemplated that plaintiff would provide its Rule 26(a)(2) disclosures *before* defendants provided theirs. Plaintiffs' apparent understanding was that the due date for Dr. Ziman's report would be extended but that the due date for defendant's corresponding report would not be.

The Court, however, misunderstood plaintiffs' apparent intention, likely because the Court did not compare the language in the motion with the language in CMO 87. In granting plaintiffs' motion, the Court entered an order stating that "The deadline for disclosure of Dr. Ziman's expert report is extended to 4/24/2018, and the deadline for disclosure of defendants' corresponding rebuttal report is extended to 5/7/2018." The Court intended the words "defendants' corresponding rebuttal report" to refer to the defendants' opening Rule 26(a)(2) disclosure on any expert or experts that would be addressing the same issue(s) as Dr. Ziman, a report that under CMO 87 would have been due on 4/23/2018. The effect of the Court's order was to give the defendants two weeks, rather than the originally-specified one week, to produce a "corresponding rebuttal report" to Dr. Ziman's report.

Defendants took the full two weeks and served, on 5/7/2018, four separate reports: a case-specific report for plaintiff Harris by Dr. William White; another case-specific report for plaintiff Harris by Dr. George Newman; a case-specific report for plaintiff Natale by Dr. Newman; and a "general" (i.e. non-case-specific) report by Dr. Newman. Plaintiffs have moved to strike each of these reports, arguing that none of them is a proper "rebuttal" report under the wording of CMO 87 and that all of them are untimely.

The parties have filed memoranda on the motion, and the Court intends to hear brief argument as scheduled on May 22, 2018. The Court wishes to set the parameters of that argument in advance, however. They are as follows:

- As indicated above, the Court appears to have misinterpreted the import of plaintiff's motion to extend the time for Dr. Ziman's report. This had the effect of giving the defendants extra time to disclose a "corresponding rebuttal report" to Dr. Ziman's report.
- The Court does not intend to rectify its error by retroactively undoing an order that defendants relied upon at least in terms of the production deadline. Plaintiffs should be prepared to advise the Court what they think should be done with the remaining expert-related deadlines, including the deadlines for briefs on *Daubert* motions, to compensate for the apparent error in defendants' favor that the Court made. (Defendants have already made a proposal on this point.)

2

- At least some of the reports by Drs. White and Newman that defendants served on May 7 qualify as rebuttal reports with respect to Dr. Ziman's report (the Court here uses the term "rebuttal" in a colloquial sense, not necessarily in the sense originally contemplated by CMO 87).
- But defendants did more than serving, in each of the two cases, a "corresponding rebuttal report," a term that was worded in the singular, not the plural. They served just one case-specific report in the Natale case, but they served *two* case-specific rebuttal reports to Dr. Ziman in the Harris case (one each by Dr. White and Dr. Newman), and they also served a general-causation report by Dr. Newman.
- The Court does not intend to leave the hashing-out of which of these reports are proper to the motion *in limine* process, which is going to be quite complicated given the need to deal with motions in numerous cases all at once. Rather, the Court is going to get this resolved now.
- With this in mind, the parties are to be prepared to discuss the following on May 22: (1) Why should the Court permit defendants to have, in the Harris case, *two* case-specific "rebuttal" reports to Dr. Ziman's report, and (2) Is it appropriate to consider Dr. Newman's general report to be a "corresponding rebuttal report" to Dr. Ziman? (This includes the question of whether defendants will be calling other witnesses in either of these cases who will be giving testimony relating to general causation and, if so, when their reports were disclosed.)

Date: May 21, 2018

_____
MATTHEW F. KENNELLY
United States District Judge