IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: TESTOSTERONE REPLACEMENT THERAPY PRODUCTS LIABILITY LITIGATION | MDL No. 2545<br>Master Docket Case No. 1:14-cv-01748<br>Honorable Matthew F. Kennelly |
| This document applies to:<br>All cases identified in AbbVie's First Notice of Deficiency (Dkt. No. 2669-1) | |

## PLAINTIFFS' STEERING COMMITTEE'S RESPONSE IN OPPOSITION TO THE ABBVIE DEFENDANTS' FIRST CORRECTED NOTICE OF DEFICIENCY PURSUANT TO CASE MANAGEMENT ORDER NO. 115

On May 16, 2018, AbbVie Inc. and Abbott Laboratories ("AbbVie") filed its First Notice of Deficiency Purusant to Case Management Order No. 115, listing 374 cases that were allegedly deficient. Only 11 of those cases have been dismissed – or 2.9%.

Nine days later on May 25, 2018, AbbVie filed the instant Corrected Notice of Deficiency that now contains 169 cases – which is to say that about half of AbbVie's original deficiency allegations were in error. Of the 169 remaining cases, AbbVie has represented that they have not received any response from counsel for 53 cases and that counsel for four other cases have either moved to withdraw as counsel or are "considering dismissal." *See* Defs.' Notice at ¶ 8. The Plaintiffs' Steering Committee submits the following response in opposition to AbbVie's Corrected Notice of Deficiency with respect to the remaining 112 cases.

### I. PLAINTIFF PROFILE FORMS ARE NOT DEFICIENT WHERE PLAINTIFFS PROVIDE SOME BUT NOT ALL PHARMACY AND MEDICAL RECORDS

CMO 115 provides that the individual plaintiffs' counsel shall have three business days to respond to any Court Order to Show Cause. To supplement those

eventual submissions, the PSC wishes to call the Court's attention to three categories of deficiencies brought forth by AbbVie.

**A. Gaps in Pharmacy Records**

AbbVie alleges that 13 profile forms are deficient because there are gaps in the pharmacy records that Plaintiffs have provided to AbbVie. To take one example, AbbVie asserts a deficiency in *Theo Coppock* (15-cv-4558) because "Plaintiff alleges AndroGel usage from 2001 to 2005 without gaps but records show no AndroGel dispensation between February 2002 and December 2002; and December 2002 and December 2003." Plaintiff Profile Forms are not deficient and their underlying actions are not subject to summary judgment where plaintiffs have provided pharmacy records evidencing some but not all of the AndroGel usage alleged in the case.

**B. Lack of Pharmacy Records Where Usage is Evidenced by Medical Records and Future Testimony**

AbbVie alleges that 64 profile forms are deficient because plaintiffs did not provide any pharmacy records evidencing AndroGel dispensation, even where medical records indicate that AndroGel was a current medication. In *Dennis McMillen* (16-cv-8941), plaintiff provided medical records showing that AndroGel was listed as a current medication not only in October 2012, but also at the time of his injury in February 2013. Plaintiff also provided signed authorizations. AbbVie continues to assert that the profile form is deficient because they do not have any *pharmacy* records for the case. AbbVie is not entitled to a premature summary judgment where they have been provided multiple medical records evidencing proof of AndroGel usage, *especially* when that proof of usage is concomitant with the injury hospitalization. Moreover, AbbVie could

have ordered the records itself. Even in the absence of pharmacy records, AbbVie is not entitled to summary judgment where, as here, the medical records create a question of fact regarding usage.

**C. Subsequent Injuries**

AbbVie also asserts 66 deficiencies where plaintiffs have provided medical records confirming diagnoses of some injuries, but not all of the alleged injuries caused by AndroGel. As one example, AbbVie continues to assert a deficiency in *Ronald Nelson* (16-cv-6068) because "Medical records not provided confirming alleged PE in 2016."

Mr. Nelson served his plaintiff fact sheet on AbbVie on August 16, 2016, identifying two pulmonary emboli that he attributed to AndroGel – one on November 24, 2013 and another one more recently in April 2016. At that time, Mr. Nelson provided 300 pages of medical records, including the diagnosis and treatment of his 2013 pulmonary embolism. Mr. Nelson also identified in his fact sheet the facility at which he received treatment for the 2016 pulmonary emblism and provided a signed authorization for the hospital. Mr. Nelson subsequently timely served a profile form which again identified that he suffered two pulmonary emboli that he attributed to AndroGel – one on November 24, 2013 and another one in April 2016. Plaintiff again provided the medical records that evidenced the 2013 pulmonary embolism.

Even though they have evidence of AndroGel usage and proof of one pulmonary embolism, AbbVie now complains that Mr. Nelson's profile form is deficient and the entire case should be summarily dismissed because plaintiffs have not provided additional records of the 2016 hospitalization. Profile forms are not deficient where, as here, plaintiffs provide medical records evidencing some but not all injuries. The profile

forms are "substantially complete." Moreover, AbbVie is free to use the medical authorizations provided to it to order the records itself.

## II. CONCLUSION

The majority of plaintiffs identified in AbbVie's corrected notice have met their obligation under the operative orders to provide signed fact sheets, authorizations, medical records, pharmacy records, and profile forms. Those plaintiffs have signed the declarations to those fact sheets and profile forms, swearing that the information is correct to the best of their knowledge. AbbVie has made the strategic decision not to order records itself. AbbVie's arguments boil down to questions of fact best reserved for questioning during depositions – of plaintiff, his spouse, and his prescribing physician. AbbVie's motion, therefore, is essentially a premature and insufficient request for summary judgment. The PSC respectfully rquests that the Court not enter an Order to Show Cause on the cases AbbVie has identified in its corrected notice of deficiencies. Alternatively, the PSC respectfully requests that the Court take these points under advisement in support of the responses filed by individual plaintiffs' counsel.

Dated: May 29, 2018

Respectfully submitted,

*/s/ Trent B. Miracle*

Trent B. Miracle
SIMMONS HANLY CONROY
One Court Street
Alton, IL 62002
Phone: (618) 259-2222
Fax: (618) 259-2252
Email: tmiracle@simmonsfirm.com

Ronald Johnson, Jr.
SCHACHTER, HENDY & JOHNSON PSC

909 Wrights Summit Parkway, Suite 210
Ft. Wright, KY 41011
Phone: (859) 578-4444
Fax: (859) 578-4440
Email: rjohnson@pschacter.com

Christopher A. Seeger
SEEGER WEISS LLP
55 Challenger Rd., 6FL
Ridgefield Park, NJ 07660
Phone: (212) 584-0700
Fax: (212) 584-0799
Email: cseeger@seegerweiss.com

Plaintiffs' Co-Lead Counsel *on behalf of*
Plaintiffs' Steering Committee

## CERTIFICATE OF SERVICE

I hereby certify that on May 29, 2018, I electronically transmitted the foregoing document to the Clerk of the United States District Court using the CM/ECF system for filing and service to all parties/counsel registered to received copies in this case.

*/s/ Brendan A. Smith*
Brendan A. Smith