IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **IN RE: TESTOSTERONE REPLACEMENT THERAPY PRODUCTS LIABILITY LITIGATION** | Master Docket No.: 1:14-cv-1748<br><br>Judge: Hon. Matthew F. Kennelly |
| This document relates to all cases. | |

### THE PLAINTIFFS' STEERING COMMITTEE'S MOTION TO COMPEL
### AND
### OPPOSITION TO ACTAVIS DEFENDANTS' MOTION TO QUASH

The Plaintiffs' Steering Committee respectfully requests the Court compel Actavis Defendants to produce former employees Christopher Cassarino, Megan Kipness, and William Reggio for trial depositions as well as to produce the Cassarino and Reggio custodial files.

Actavis Defendants have simultaneously filed a Motion to Quash asking the Court to prevent the PSC from taking the deposition of third-party witness Jessica Dziedzic. The PSC combines its arguments because the Court should deny Actavis' Motion for the same reason it should grant this Motion.

### I. Background and Timeline

Although each of the four witnesses in question have pertinent information, none was disclosed by Actavis on either its initial disclosures or within its discovery responses. Therefore, the PSC has learned of the witnesses in an iterative fashion; the existence of each of these witnesses was gleaned from the custodial files or testimony of another.

#### A. The PSC Requested These Four Witnesses and Two Custodial Files Within the Month Before Discovery Closed

On February 2, 2018, the PSC requested the Megan Kipness custodial file. (O'Brien Decl. ¶ 2, **Exhibit A**.) Even though that production was due on March 4, and even though they

did not obtain an extension, Actavis Defendants delivered the Kipness documents on March 30, 2018, which was 27 days before the discovery close. (O'Brien Decl. ¶ 3.)

On April 17, 2018, the PSC requested Actavis Defendants produce the Reggio custodial file and delivered a subpoena requesting Actavis Defendants produce Mr. Reggio for a deposition. (O'Brien Decl. ¶ 4, **Exhibit B**.) On April 26, 2018, the PSC requested Actavis Defendants produce the Cassarino custodial file and produce Mr. Cassarino and Ms. Kipness for depositions. (O'Brien Decl. ¶ 5, **Exhibit C**.) On April 27, 2018, the PSC issued a subpoena for third-party witness Jessica Dziedzic's deposition testimony.

To date, Actavis Defendants have never responded to the two custodial file requests. (O'Brien Decl., ¶ 6.) At 42 days (Reggio) and 34 days (Cassarino and Kipness), the responses are overdue.

To date, Actavis Defendants have never indicated whether they will represent Mr. Cassarino, Ms. Kipness, or Mr. Reggio. Case Management Order No. 21 required Actavis Defendants to notify the PSC within ten days if it would produce and represent the witnesses. CMO 21, III.D.2. On May 10 (23 days after the Reggio request and 14 days after the Cassarino and Kipness requests), Actavis Defendants first raised a concern with these three depositions. At that point, though, it only asked for the rationale for the depositions and challenged their relevance. (O'Brien Decl. ¶ 7, **Exhibit D**.)

### B. Weeks Later, Actavis Defendants Objected to the Depositions and the Parties Met and Conferred

Rather than respond to the file requests and answer whether it would produce and represent the three witnesses, Actavis ran out the discovery clock in silence. Discovery closed on April 27. Then, on May 10, 2018, Actavis Defendants first raised an issue with the Cassarino,

Kipness, and Reggio deposition requests when its counsel asked for the "rational [sic] for plaintiffs' request for these depositions now." (O'Brien Decl. ¶ 7, **Exhibit D**.)

In the following week, the PSC and Actavis' counsel talked and emailed several more times. However, by May 25, the Parties had reached an impasse as to the four depositions.

### C. The Timing of the PSC's Discovery Requests is Due To Actavis Defendants' Delays of the Discovery Process

#### 1. Actavis Defendants Produced the Kipness Custodial File Nearly Four Weeks Late

As to one of the deponents—Megan Kipness—the PSC requested her custodial file three months before the close of discovery. Then, without seeking an extension, and without any discussion, Actavis Defendants took nearly two months to produce the file, delivering it 27 days before the close of discovery. (O'Brien Decl. ¶ 3.) This, along with a series of other delays, left the PSC with a quickly-narrowing discovery window.[1]

#### 2. The Delays and Production Issues in the DeSpain Deposition Led to the Later Requests for Cassarino, Dziedzic, Kipness, and Reggio

Actavis Defendants disclosed Wendy DeSpain as the person most knowledgeable about regulatory affairs. The PSC requested her custodial file on April 20, 2016 and received the production five months later.

On June 27, 2017, the PSC requested Actavis produce Ms. DeSpain for a deposition. After considerable delay, the deposition was set for December 7, 2017. However, before the DeSpain deposition, it was discovered that Actavis had not accessed its PRC database or

---

[1] Arguably, the PSC should have brought these types of issues to the Court's attention more often, but many of them were able to be addressed collaboratively with Actavis Defendants. Now, however, these delays threaten to prejudice plaintiffs' interests, and the PSC must ask for the Court's intervention.

3

produced any files from it.[2] (O'Brien Decl. ¶ 12, **Exhibit E**.) The deposition was delayed to December 14, 2017, then to January 11, 2018, then to January 31, 2018, then to February 8, 2018, and finally was conducted on March 15, 2018. (*See generally* O'Brien Decl. ¶¶ 12-25.)

Actavis Defendants had delivered a Certificate of Completeness as to the DeSpain files on November 29, 2017 (O'Brien Decl. ¶ 14, **Exhibit F**), but the Parties had to meet week after week and month after month to sort out continuing production problems. (O'Brien Decl. ¶¶ 12, 13, 15-25; *id.* at **Exhibit G**.) The repeated delays of the DeSpain deposition were due to missing files, incomplete productions, and delays in production. In fact, the final DeSpain-related production occurred on March 13, 2018 (two days prior to the deposition and 104 days after Actavis Defendants signed a Certificate of Completeness for the DeSpain custodial file).

When she was finally deposed on March 15, 2018, Ms. DeSpain—who was the Director of Regulatory Affairs in charge of Androderm—laid the groundwork in her deposition for later witness requests. The delays in getting a complete production before taking her deposition laid the groundwork for the PSC's later requests of Cassarino, Dziedzic, Kipness, and Reggio.

### D. At Actavis' Request, Six Depositions Were Voluntarily Scheduled After the Close of Discovery

As Discovery was coming to a close, the PSC detailed all open discovery issues in a letter. (O'Brien Decl. ¶ 26, **Exhibit H**.) Around this time, and after repeated production and scheduling delays, Actavis Defendants requested that it be allowed to produce six other requested witnesses after the April 27, 2018 close of discovery. The PSC consented. (O'Brien

---

[2] The Promotional Review Committee (PRC) is a committee within Actavis Defendants responsible for reviewing, approving, and submitting marketing pieces to the FDA. The PRC database contains those pieces, the submissions, the supporting documentation, and related material.

Decl. ¶¶ 27-30.) Two of those have been completed since the close of discovery, and the Parties are working on scheduling and completing the other four.

## II. The PSC and Actavis Defendants Met and Conferred Pursuant to Local Rule 37.2

Actavis Defendants first raised a concern related to the Cassarino, Kipness, and Reggio depositions on May 10, 2018 when it asked for the PSC's rationale for requesting the depositions. (O'Brien Decl. ¶ 7, **Exhibit D**.) Thereafter, the Parties discussed these three depositions—as well as the Jessica Dziedzic deposition—multiple times and exchanged proposals to resolve the dispute. (O'Brien Decl. ¶ 8.)

While the PSC does not believe Actavis Defendants' refusal to produce the witnesses or its proposed solution are made in good faith, the negotiations that led to the outcome were conducted by both Parties in good faith.

## III. Argument

Actavis refuses the three requested depositions and has moved to stop the fourth—third-party witness Jessica Dziedzic—by claiming that the requests came late enough in the discovery period that they could not be fulfilled before the close of discovery.

### A. These Depositions Are Trial Depositions for Unavailable Witnesses

Because of the limits of the Court's subpoena power, the PSC anticipates the only way to present these witnesses' testimony is via video trial deposition. Therefore, a trial preservation deposition is both necessary and entirely appropriate. *E.g.*, *Kelham v. CSX Transp., Inc.*, No. 2:12-CV-316, 2015 WL 1349987, at *2 (N.D. Ind. Mar. 25, 2015).

Moreover, trial preservation depositions are allowable outside the discovery period as long as the party taking the deposition can show it is being taken for trial preservation purposes as opposed to being taken as a pretext for failing to diligently pursue discovery. *Id.* To this end, courts consider: "the unavailability of the witness for trial, the potential for prejudice to the

opposing party, and whether the deposing party knew the information the potential witness would testify to prior to the deposition." *Charles v. Wade*, 665 F.2d 661, 664-665 (5th Cir. 1982) *cert. denied*, 460 U.S. 1036 (1983); *accord Kelham*, 2015 WL 1349987 at *2.

Actavis' Androderm-related facilities are located in Northern New Jersey and in Salt Lake City, Utah. Witnesses who work and live in those two areas are not within this Court's 100-mile subpoena power. While none of these four witnesses are current Actavis employees, all four appear to live and work in the Northern New Jersey area. (O'Brien Decl. ¶¶ 10, 11.) There is no indication the witnesses would voluntarily appear, and, thus, the witnesses are unavailable for trial. Fed. R. Civ. P. 32(a)(4)(B).

Actavis can claim no prejudice for three reasons. First, it created the discovery delays. The company's late unearthing of material in unchecked databases, in unexamined boxes, in third-party storage facilities, and in locations it kept uncovering, substantially delayed the discovery process in this case. In the case of Wendy DeSpain, the deposition was rescheduled six times over half a year and was just completed weeks before the close of discovery.

Second, at Actavis' own request, six other depositions were moved to after the close of discovery. (O'Brien Decl. ¶¶ 26-30.) Actavis Defendants can claim no prejudice from having to take four depositions after the close of discovery when, by its own request and with the cooperation and accommodation of the PSC, it has pushed six after the same deadline.

And, third, because of Actavis Defendant's litigation posture, the Court has begun the process of remanding cases and that process involves a quantity of depositions that dwarfs the four requested here. The PSC and Actavis Defendants have together designated 60 cases for remand workup, each of which will include several depositions. The depositions of the plaintiff,

treater, and prescriber in each alone total 180, dwarfing the potential prejudice of the four requested depositions. Moreover, another 40 cases will be designated on June 29, 2018.

Finally, the PSC knows the information Mr. Cassarino, Ms. Dziedzic, Ms. Kipness, and Mr. Reggio will provide, which further indicates these are trial depositions, not discovery depositions. *Charles v. Wade*, 665 F.2d at 664-665. The primary source of the information is the document productions from both Actavis and from third-party vendor Wedgewood Communications (which employed Ms. Dziedzic and interacted with the other three). Thus, while the witnesses are necessary to present the case to the jury, the depositions are not discovery depositions.

### B. Actavis Should be Estopped From Using the Discovery Cut to Avoid Discovery When it Created the Delays

As is detailed throughout, Actavis caused repeated discovery delays. It should not now be able to use those delays to its advantage to prevent discovery. *See, e.g.*, *Int'l Ins. Co. v. Caja Nacional De Ahorro Y Seguro*, No. 00 C 6703, 2004 WL 555618, at *3 (N.D. Ill. Mar. 18, 2004) (Darrah, J.)

In particular, Actavis' conduct related to the DeSpain deposition has delayed the entire discovery process. Also, Actavis' unilateral extra month in producing the custodial file of one of the witnesses requested here (Kipness) delayed discovery related to one of these very witnesses. Further, Actavis' request to move six other depositions past the close of discovery coupled with its refusal to produce these four indicates it is using delay and an overly formalistic reading of the Rules to its advantage. The Court should disallow this manipulation. *Id.*

### C. Actavis has Raised no Objection to the Two Custodial File Requests

Although it has refused to produce the three witnesses and has filed the Motion to Quash related to the fourth witness, Actavis Defendants have not responded in any way to the Cassarino

7

and Reggio custodial file requests. A response was due to the Reggio request on May 17 and a response was due to the Cassarino request on May 26. Fed. R. Civ. P. 34(b)(2)(A).

## IV. Conclusion

The Plaintiffs Steering Committee respectfully requests the Court:

- compel the depositions of Christopher Cassarino, Megan Kipness, and William Reggio;

- overrule Actavis Defendants' Motion to Quash and compel the deposition of Jessica Dziedzic; and,

- compel the production of the Christopher Cassarino and William Reggio custodial files.

May 29, 2018.

Respectfully Submitted,

*/s/ Trent B. Miracle*
Trent B. Miracle
**SIMMONS HANLY CONROY**
One Court Street
Alton, IL 62002
Telephone: (618) 259-2222
Facsimile: (618) 259-2251
tmiracle@simmonsfirm.com

Ronald Johnson, Jr.
**SCHACHTER, HENDY & JOHNSON PSC**
909 Wrights Summit Parkway, Suite 210
Ft. Wright, KY 41011
Phone: (859) 578-4444
Fax: (859) 578-4440
rjohnson@pschachter.com

Christopher A. Seeger
**SEEGER WEISS LLP**
77 Water Street
New York, NY 10005
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com

*Plaintiffs' Co-Lead Counsel*

## CERTIFICATE OF SERVICE

I transmitted a true and accurate copy of the foregoing **The Plaintiffs' Steering Committee's Motion to Compel and Opposition to Actavis Defendants' Motion to Quash** upon:

>Joseph P Thomas
>Jeffrey Daniel Geoppinger
>Jeffrey Francis Peck
>K.C. Green
>ULMER & BERNE LLP
>600 Vine Street
>Suite 2800
>Cincinnati, OH 45202
>(513) 698-5004
>Email: jthomas@ulmer.com
>Email: jgeoppinger@ulmer.com
>Email: jpeck@ulmer.com
>Email: kcgreen@ulmer.com
>
>*Counsel for Actavis Inc., Actavis Pharma Inc., Actavis Laboratories UT Inc., and Anda Inc.*

by filing a copy on the Court's electronic filing system on this date.

May 29, 2018.          */s/ James G. O'Brien*
                       James G. O'Brien (Ohio 0088460, Cal. 308239)