**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| IN RE: TESTOSTERONE REPLACEMENT THERAPY PRODUCTS LIABILITY LITIGATION | Case No. 14-cv-1748<br><br>MDL No. 2545<br><br><br>Hon. Matthew F. Kennelly |
| THIS DOCUMENT RELATES TO: FRANKLIN TURNER AND LEO D. KOLHEIM, Case No. 1:15-cv-9684 | |

**JOINT STATUS REPORT
ON DEVELOPMENTS IN TURNER CASE**

The Parties submit this status report on recent developments in the *Turner* case for the Court's consideration.

**I.** *Franklin Turner v. AbbVie Inc. et al.*, **No. 1:15-cv-9684**

Plaintiff Franklin Turner is medically unfit to sit for his deposition or otherwise prosecute his case through discovery and trial because of Mr. Turner's health issues. Specifically, Mr. Turner has experienced heart issues and cognitive difficulties at two separate depositions set by agreement, as set forth in more detail below. As such, Mr. Turner's physicians have advised against setting a deposition of Mr. Turner for an indefinite period. As set forth below, the parties jointly request that this case be removed as a bellwether from the mixed use pool (and do not believe it would be advisable to even work up Mr. Turner's case as a part of the later pools of cases), but the parties disagree regarding whether AbbVie is entitled to costs incurred in preparing for and traveling to Plaintiff's depositions.

Parties' Joint Position on Removal as a Bellwether Case:

A plaintiff's deposition testimony (as well as participation in a trial) is critical to both parties. Without Mr. Turner's deposition testimony and active involvement with discovery (e.g.,

identifying all relevant healthcare providers), the Parties will be unable to ascertain essential facts related to Mr. Turner's allegations in this case. Mr. Turner's deposition has been twice set, but he has been unable to be deposed due to medical reasons. Since Mr. Turner cannot sit for another deposition (and otherwise assist with discovery and participate in a trial), until medically cleared, which does not appear to be forthcoming in the near future, the Parties respectfully request that this case be removed as a bellwether case from the mixed used trial selection group (or the later groups) to avoid prejudice to the Parties as well as the unnecessary cost and expenditure of judicial resources.

AbbVie's Position on Costs:

It is Defendant AbbVie's position that it is entitled to costs associated with preparing for and traveling to Plaintiff's two separate depositions that had been set by agreement, but which did not proceed. Prior to Plaintiff's first deposition scheduled for April 25, 2018 in Tucson, Arizona, Defendants were provided no information suggesting that Plaintiff might be medically unfit to sit for a deposition. At Plaintiffs' deposition, however, Plaintiff testified that he had informed his counsel in advance of his deposition that he could not be available for deposition due to a recent hospitalization. Plaintiff testified that he was concerned that continuing with the deposition would put his health at risk. Defendants' counsel first learned of Plaintiff's recent hospitalization and medical issues after traveling to Arizona and during the course of Plaintiff's deposition. Due to Plaintiff's medical issues, the deposition was halted shortly after beginning to allow Plaintiff to obtain medical clearance.

In light of the issues surrounding Plaintiff's initial deposition, prior to Plaintiff's second deposition, Defendants' counsel sought and received assurances from Plaintiff's counsel that Plaintiff had been medically cleared for a deposition. Defendants' counsel again traveled to

Arizona for Plaintiff's deposition, which was then scheduled for May 10, 2018. At Plaintiff's deposition, however, Plaintiff denied that he had been cleared by his doctor and again expressed that he was medically unfit to be deposed. Because Plaintiff appeared to be suffering a medical emergency, 911 was called minutes after starting the deposition out of concern for Plaintiff's well-being. Plaintiff was taken to the hospital by paramedics, and the deposition was halted. Plaintiff's counsel have since advised that Plaintiff will not be available for deposition in the near future. AbbVie has requested reimbursement for costs incurred related to Plaintiff's two failed depositions, but Plaintiff has not agreed to reimburse these costs.

Plaintiff's Position on Costs:

Plaintiff opposes the imposition of costs related to his efforts to submit to his deposition. After consulting with counsel and considering all the various issues regarding his health and the Court's scheduling order, Plaintiff made two good faith efforts to sit for his deposition. If Plaintiff and Plaintiff's counsel had not believed each of those efforts had a reasonable chance of success, Plaintiff's counsel would not have incurred their own costs related to each of the failed deposition attempts. It is Plaintiff's position that his good faith efforts to overcome his medical condition and sit for his deposition should not be held against him and that no costs should be awarded.

Respectfully submitted this 4th day of June, 2018.

*/s/ Trent B. Miracle*
Trent B. Miracle
**SIMMONS HANLY CONROY**
One Court Street
Alton, IL 62002
Telephone: (618) 259-2222
Facsimile: (618) 259-2251
tmiracle@simmonsfirm.com

*Plaintiffs' Co-Lead Counsel*

Ronald Johnson, Jr.
**SCHACHTER, HENDY & JOHNSON PSC**
909 Wrights Summit Parkway, Suite 210
Ft. Wright, KY 41011
Phone: (859) 578-4444
Fax: (859) 578-4440
rjohnson@pschachter.com

*Plaintiffs' Co-Lead Counsel*

Christopher A. Seeger
**SEEGER WEISS LLP**
77 Water Street
New York, NY 10005
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com

*Plaintiffs' Co-Lead Counsel*

------

David M. Bernick
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
1285 Avenue of the Americas
New York, NY 10019-6064
Phone: (212) 373-3405
Fax: (212) 492-0405
dbernick@paulweiss.com

Michelle Hart Yeary
**Dechert LLP**
902 Carnegie Center, Suite 500
Princeton, NJ 08540
Telephone: (609) 955-3200
Facsimile: (609) 955-3259
Email: michelle.yeary@dechert.com

Alicia J. Donahue
**Shook Hardy & Bacon**
One Montgomery St., Suite 2700
San Francisco, CA 94104
T: 415.544.1900
F: 415.391.0281
Email: adonahue@shb.com

*Attorneys for AbbVie Inc. and Abbott Laboratories*

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 4, 2018, the foregoing document was filed via the Court's CM/ECF system, which will automatically serve and send email notification of such filing to all registered attorneys of record.

*/s/ Mary H. Kim*
Mary H. Kim