**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **IN RE: TESTOSTERONE REPLACEMENT THERAPY PRODUCTS LIABILITY LITIGATION** | Master Docket No.: 1:14-cv-1748<br>Judge: Hon. Matthew F. Kennelly |
| This document relates to all cases. | |

**THE PLAINTIFFS' STEERING COMMITTEE'S MOTION FOR SANCTIONS AGAINST ACTAVIS DEFENDANTS FOR FAILING TO ATTEND THEIR OWN DEPOSITION AND FAILING TO PRODUCE REQUESTED DOCUMENTS**

The Plaintiffs' Steering Committee respectfully moves for sanctions against Actavis Defendants for failing to Attend a properly-noticed Rule 30(b)(6) deposition and for failing to produce documents in an associated document request. The deposition topics and the document requests inquired about the net worth of Actavis Defendants and about the corporate structure of Actavis Defendants—particularly after several restructurings, mergers, and acquisitions.

Even though Actavis Defendants did not attend the deposition, they moved to exclude the testimony of Plaintiffs' expert on corporate structure and valuation, and moved for summary judgment as to one of their entities (Actavis Inc.) saying it was not an appropriate defendant.

The PSC respectfully submits that a three-part sanction is appropriate:

- Denial of Actavis Defendants' Motion to Exclude the Expert Testimony of Robert Johnson;
- Denial of Actavis Defendants' Motion for Summary Judgment as to entity Actavis Inc.; and,

- An *in limine* restriction that Actavis Defendants not be able to use the subject matter or any document that should have been produced in the deposition to cross Mr. Johnson or in any other way.

## I. Background and Timeline

On November 28, 2017, the PSC sent Actavis Defendants an initial Rule 30(b)(6) deposition notice and document request. (O'Brien Decl. ¶¶ 1, 2, **Exhibits A**, **B**.) No date was selected, and the email requested Actavis Defendants' counsel review the topics and document requests and suggest a date on which it would produce the witness. ((O'Brien Decl. ¶ 1, **Exhibit A**.) The Parties discussed the pending request numerous times during their weekly calls, including on December 1, 2017, December 20, 2017, and February 9, 2018. (O'Brien Aff. ¶¶ 4, 5, 7.). Reminders were also made by letters on February 2, 2018, on February 27, 2018, and in an omnibus listing of unresolved discovery issues on April 27, 2018. (O'Brien Decl. ¶¶ 6, 8, 9, **Exhibits C**, **D**.)

Since Actavis Defendants never provided a deposition date in response to the November 2017 notice, on May 10, 2018, the PSC issued a revised Notice selecting June 1, 2018 as the date. (O'Brien Decl. ¶¶ 11, 12, **Exhibits E, F**.)[1] The Parties discussed the deposition during on calls on May 18 and May 25. (O'Brien Decl. ¶¶ 13, 14.) On the evening of May 31, Actavis Defendants sent a letter indicating they would not attend the deposition and a set of objections to the deposition topics. (O'Brien Decl. ¶¶ 15, 16 **Exhibits G**, **H**.)

The deposition went forward as scheduled, nonetheless. No Actavis Defendants designee or counsel appeared and the PSC made a statement to that effect on the record. (O'Brien Decl. ¶ 18, **Exhibit J**.)

[1] The Amended Notice is changed only as to the deposition date. The topics and document requests are unchanged.

The Rule 30(b)(6) Notice—as originally transmitted in November 2017 and as amended—included a set of document requests as well. Actavis had never responded to—or objected to—the document requests, until it transmitted a set of objections on June 8, 2018. (O'Brien Decl. ¶ 19, **Exhibit K**.) No documents were transmitted, however, and the objections do not appear to indicate any are forthcoming.

## II. Argument

### A. Actavis' Conduct is Sanctionable

A party that fails to attend a properly noticed deposition is subject to sanctions. Fed. R. Civ. P. 37(d)(1)(a)(i). The Rule explicitly includes a corporate party's failure to designate a witness. *Id.*

Actavis Defendants failed to designate a witness and suggest a date for the deposition from when the Notice was first issued in November 2017 through the close of discovery on April 27, 2018. When the PSC revised its Notice on May 10, 2018 setting the deposition for June 1, Actavis Defendants failed to attend the deposition.

Should Actavis Defendants contend their service of objections on the evening of May 31 would act to suspend the deposition, the Rule also makes clear that the mere service of objections is insufficient to stop the deposition or avoid the sanction. Fed. R. Civ. P. 37(d)(2) ("*Unacceptable Excuse for Failing to Act.* A failure described in Rule 37(d)(1)(A) is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c)."); *e.g.*, *Odongo v. City of Indianapolis*, No. 1:14-CV-00710-TWP, 2015 WL 1188769, at *4 (S.D. Ind. Mar. 13, 2015).

**B. <u>The Proper Sanction is Disallowing Actavis' Use of the Information Actavis Failed to Produce</u>**

Once the Court determines a sanction is appropriate, "the sanction imposed must be proportionate to the circumstances." *Collins v. Illinois*, 554 F.3d 693, 696 (7th Cir. 2009). A party's refusal to attend a deposition is among the more egregious and sanctionable conduct. For example, when it is a plaintiff who refuses to be deposed, the result is many times dismissal. *E.g.*, *Collins*, 554 F.3d at 696-697; *Maynard v. Nygren*, 372 F.3d 890, 892-893 (7th Cir.2004).

> In general, sanctions for violations of court orders should seek to serve one or more of the following purposes: (1) to remedy the prejudice caused to an innocent party by a violation of the court order; (2) to punish the party who violates an order; and/or (3) to deter others from committing like violations.

*Lobrow v. Vill. of Port Barrington*, No. 08 C 6978, 2011 WL 586240, at *2 (N.D. Ill. Feb. 7, 2011) (*citing Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976)).

In this case, the information Actavis Defendants have failed to produce—both by failing to designate and produce a witness and in failing to produce the requested documents—goes to two issues raised affirmatively by Actavis. First, Actavis Defendants have filed a Motion to Exclude the testimony of Plaintiffs' expert Robert Johnson. Second, Actavis Defendants have requested the Court dismiss one of the Actavis corporate entities. Furthermore, Actavis Defendants may seek to use inferences about the information at trial.

A proportionate sanction, considering the circumstances, *Collins*, 554 F.3d at 696, is to disallow Actavis to gain any advantage from its discovery failure. That is also the sanction that remedies the prejudice caused to Plaintiffs. *Lobrow*, 2011 WL 586240 at *2.

**1. The Court Should Strike Actavis Defendants' *Daubert* Motion Against Expert Robert Johnson**

Actavis Defendants' *Daubert* Motion to exclude the testimony of expert Robert Johnson is without merit and should be denied for the reasons explained in the Opposition to that Motion. However, in the alternative, Plaintiffs request the Court deny it as a sanction.

Plaintiffs' expert Robert Johnson will testify regarding Actavis' net worth and corporate structure. He prepared a report on Actavis Defendants' financial condition. However, because Actavis refused to comply with the discovery requests, Mr. Johnson's report is entirely based on publicly-available information. During their deposition of Mr. Johnson, Actavis Defendants ask him if he sought any information other than what was publicly available. Mr. Johnson said he did, and explained he would have preferred to receive the requested data:

> Q. Okay.· So let me make sure I understood.· You believe you did ask for financial -- for any indemnity agreements for the specific cash management policies?
>
> A. And the specific cash management policies, yes.
>
> Q. And did you get any documents?
>
> A. No.
>
> Q. All right.· And then you requested a deposition or the report or the opinion of a company witness, if any, and you don't have that yet either?
>
> A. Correct, or if there is a separate noncompany, but financial expert, who would be my opposite.

(Johnson Dep. 17:15-18:1; *see also id.* at 32:20-33:6; *id.* at 124:23-125:7.)

Actavis Defendants have moved to exclude Mr. Johnson's testimony on the basis that he lacks the very information they have refused to provide.

Their primary argument is that he evaluated the financial condition of the publicly traded parent (Actavis plc) rather than the sub-entities that are more closely tied to Androderm production. Even if this were a valid legal argument, it should be disallowed. Mr. Johnson had to base his opinion on the publicly-traded parent entity because Actavis Defendants refused to

produce a witness or documents that would provide this non-public detail. Topics 1, 2, and 3 specifically ask for sales, cost, and revenue information related directly to TRT; Topics 8, 9, and 10 are focused on entities and corporate structure (particularly after three mergers); and Topics 6 and 7 ask about the two co-promotion agreements. (O'Brien Decl. ¶ 12, **Exhibit F**.) Moreover, the associated document requests explicitly ask for the data on the individual Actavis entities. In other words, the deposition topics and document requests are the very items that would have allowed Mr. Johnson to know whether Actavis plc truly is the proper entity to focus his work on, or whether its relationship is so attenuated as to render its net worth and ability to pay irrelevant. And, having improperly deprived the litigation of these materials, Actavis Defendants should be disallowed from gaining a tactical advantage from this obstreperousness.

As another example, in their *Daubert* Motion, Actavis Defendants criticize: "Nor does he know which companies sell, market, or manufacture Androderm in the United States." Likewise, Actavis says: "Mr. Johnson conceded that he cannot trace any of the "key financial metrics" he used to reach his opinions to any specific entity among the group of companies shown in the documents he reviewed." But, Actavis lobs these criticisms after refusing to designate a witness on topics 8, 9, and 10 (dealing with the three mergers and the structure of the entities), and after failing to produce documents responsive to Document Request 1 (specifically asking for the financial documents of each entity).

In short, the entire *Daubert* Motion as to Mr. Johnson should be denied because the criticisms lobbed are directly caused by Actavis' Defendants discovery violations and the denial would offset of the prejudice caused to Plaintiffs. *Lobrow*, 2011 WL 586240 at *2.

### 2. <u>The Court Should Deny Actavis Defendants' Motion for Summary Judgment Asking for Dismissal of the Entity Actavis Inc.</u>

Actavis Defendants also ask the Court to dismiss Actavis, Inc., claiming it is "a holding company." (Martin MSJ at 15.)

This is a bold position, however.

It is true that Actavis Inc. is now a "holding company," but that is far from the whole story. Until late 2012 or early 2013, this same entity was the publicly-traded parent company called "Watson Pharmaceuticals, Inc." It was shuttered and relegated to "holding company" status only in the last few years after it bought an Irish company (Actavis) and installed the purchased entity as the parent company in what was then known as a "tax inversion."[2] *See generally Gumm v. Molinaroli*, No. 16-CV-1093-PP, 2016 WL 6680462, at *1 (E.D. Wis. Nov. 14, 2016) ("According to the plaintiffs, an 'inversion' or a 'tax inversion is a process by which a U.S. domiciled corporation becomes a subsidiary of a foreign parent corporation and the shareholders of the U.S. corporation become shareholders of the new foreign parent in an exchange of their U.S. corporation's stock for stock in the new foreign parent. This process reduces the U.S. corporation's federal and state corporate income tax." (citations omitted)); *In re Medtronic, Inc. Derivative Litig.*, 68 F. Supp. 3d 1054, 1058 (D. Minn. 2014).

Actavis' position is bold not only because it minimizes the role of the former parent company, but because it does so on the heels of refusing to produce a witness on Topic 8, which requests a witness who can testify on the very merger (or tax inversion) that led to the creation of

[2] The assertions in this paragraph are made after investigating publicly-available news releases and similar information. If they are incorrect as to any detail, all the more reason for the Rule 30(b)(6) deposition on these very topics.

Actavis plc and the relegation of Actavis Inc. to its now "holding company" status. Likewise for Document Request 2, which asks for documents on the same topic.

As the parent company during the relevant time, Actavis, Inc. may be liable for the actions of its subsidiaries, depending on how much direction and control it asserted over the actions that underlie the allegations in the litigation. *See e.g.*, *Worth v. Tyer*, 276 F.3d 249, 263 (7th Cir. 2001) (Analyzing the question under the Title VII framework).

Denial of Actavis Defendants' request to dismiss Actavis Inc. is an appropriate remedy, tailored to cure the prejudice caused by the discovery refusals. *Lobrow*, 2011 WL 586240 at *2. If Actavis, Inc. truly is not a proper entity, plaintiffs should be allowed to review the discovery to confirm this, review the discovery to find a more appropriate entity, and amend with relation-back. Thus, a denial of Actavis' Motion to dismiss Actavis Inc. is a fair discovery sanction that would offset the prejudice created by the refusals.

**3. The Court Should Disallow Actavis From Presenting Any Evidence or Argument Against Mr. Johnson's Expert Opinion**

The time for making motions *in limine* has not yet arrived, so Plaintiffs respectfully request the Court allow them to address Actavis Defendants' failure to produce the discovery in those motions. Specifically, when Actavis Defendants cross Mr. Johnson at trial or argue in closing, the company should not be allowed to use the material it did not produce or imply Mr. Johnson's opinion is flawed for the reasons raised in their *Daubert* Motion.

## III. Conclusion

Because Actavis Defendants failed to designate and produce a witness responsive to a valid Rule 30(b)(6) deposition notice and have failed to produce documents in response to a valid document request, the Plaintiffs' Steering Committee respectfully requests the Court sanction Actavis Defendants:

- By denying Actavis Defendants' Motion to Exclude the Expert Testimony of Plaintiffs' corporate valuation expert, Robert Johnson;
- By denying Actavis' Defendants' request to dismiss defendant Actavis, Inc.; and,
- By disallowing Actavis Defendants from using material that it failed to produce—or implications about that material—in cross examining Mr. Johnson or arguing to the jury about these issues.

June 8, 2018.

Respectfully Submitted,

*/s/ Trent B. Miracle*
Trent B. Miracle
**SIMMONS HANLY CONROY**
One Court Street
Alton, IL 62002
Telephone: (618) 259 -2222
Facsimile: (618) 259 -2251
tmiracle@simmonsfirm.com

Ronald Johnson, Jr.
**SCHACHTER, HENDY & JOHNSON PSC**
909 Wrights Summit Parkway, Suite 210
Ft. Wright, KY 41011
Phone: (859) 578 -4444
Fax: (859) 578 -4440
rjohnson@pschachter.com

Christopher A. Seeger
**SEEGER WEISS LLP**
77 Water Street
New York, NY 10005
Phone: (212) 584 -0700
Fax: (212) 584 -0799
cseeger@seegerweiss.com

*Plaintiffs' Co-Lead Counsel*

## CERTIFICATE OF SERVICE

I transmitted a true and accurate copy of the foregoing **Motion for Sanctions for Party's Failure to Attend Its Own Deposition** by filing a copy on the Court's electronic filing system on this date.

June 8, 2018.

*/s/ James G. O'Brien*
James G. O'Brien (Ohio 0088460, Cal. 308239)