**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE: TESTOSTERONE REPLACEMENT THERAPY PRODUCTS LIABILITY LITIGATION | MDL No. 2545 <br><br> Master Docket Case No. 1:14-cv-01748 <br><br> Honorable Matthew F. Kennelly |
| This document relates to: <br><br> *Gordon, Michael v. AbbVie Inc.,* No. 1:14-cv-01478 <br> *Headley, Thomas v. AbbVie Inc.,* No. 1:14-cv-01475 <br> *Nawrot, Edward v. AbbVie Inc.,* No. 1:16-cv-02649 <br> *Phillips, Sydney v. AbbVie Inc.,* No. 1:17-cv-02425 <br> *Del Favero, Ernesto v. AbbVie Inc.,* No 1:15-cv-10488 <br> *DePetro, Christopher v. AbbVie Inc.,* No. 1:15-cv-07767 <br> *Reinbolt, Jr., John v. AbbVie Inc.,* No. 16-cv-03819 <br> *Kokotos, Steven v. AbbVie Inc.,* No. 16-cv-10009 <br> *Little, Robert v. AbbVie Inc.,* No. 1:15-cv-00439 | |

## **RESPONSE TO THIRD NOTICE OF DEFICIENCY PURSUANT TO CMO 115 BY SCHACHTER HENDY JOHNSON PSC**

The Defendant, AbbVie, has submitted deficiency notices to the Court for the above referenced cases pursuant to CMO 115, making them subject to dismissal for failure to provide the information and/or documents required by the Plaintiff Profile Form (PPF). In each and every one of these cases, the Plaintiff did provide documentation of injury and proof of use as required by the PPF. Despite actual knowledge of this, the Defendant, AbbVie, has made a false representation to the Court that the PPF was not completed as required by CMO 115.

Instead of using the PPF and CMO 115 as intended, the Defendant has used CMO 115 as a proxy for dispositive motion practice based on the information provided in the PPF. In other words, if the Defendant believes that the proof of use and proof of injury provided by the PPF is insufficient to support specific causation (e.g. the use of Androgel was too remote from the date

of the injury to support a causal link), it is submitting the case to the Court under CMO 115 as deficient and subjecting it to a show cause order that could result in dismissal of the case.

A specific example *infra* is the case of Steven Kokotos where the Plaintiff alleged DVT, PE and ischemic brain injury (stroke) as a result of TRT usage. The Defendant has submitted this case as deficient on the grounds that there is no medical record showing ischemic brain injury. The Defendant, however, makes no mention of the fact that Mr. Kokotos alleged DVT and PE while using Androgel and provided medical records demonstrating those injuries in his PPF. Plaintiff provided records to Defendant that documented those injuries, as well as proof of use of Androgel. The Defendant has asked the Court to dismiss his case by representing in its deficiency notice that Plaintiff claimed only an injury of stroke and failed to provide a medical record for that injury. This is both false and misleading and shows a lack of candor before the Court. Based on the deficiency notice, the Court would believe that it is appropriate under CMO 115 to dismiss this case, but it would be completely unaware that the Plaintiff alleged two other injuries for which it did provide medical records.

But, what is even more egregious is that Mr. Kokotos did provide an MRI record that showed white matter abnormality consistent with chronic ischemic brain injury. If Defendants position is that record is insufficient to support a claim for a brain injury, then that is for a dispositive motion, not a false claim that his PPF is deficient. Defendant has submitted this Plaintiff's case on a show cause order that could result in his case being dismissed on the grounds that he failed to provide records documenting his injuries with his PPF when, in fact, the Plaintiff did provide said records, and the Defendant knew it. This is not the purpose of CMO 115.

Counsel for these Plaintiffs sent a letter (Exhibit 1) to counsel for the Defendant outlining why the PPF for each of the following cases was not deficient. Despite this, the Defendant chose to proceed with representing to this Court that these cases were deficient under CMO 115 in order to obtain a dismissal of the cases.

(1) Gordon, Michael 14-cv-01478

**Alleged Deficiency:** Plaintiff alleges AndroGel usage up to November 2013 but records show last AndroGel dispensed on 4/27/2013.

The Defendant alleges that his PPF is deficient because the injury alleged on 11/24/2013 and last AndroGel prescription filled 4/27/2013.

Mr. Gordon filled his Androgel prescription on 4/27/2013, but his pharmacy had to order it by mail. On 5/8/2013, he picked up his Androgel prescription, which was a quantity of 225 as referenced on the CVS Caremark pharmacy records. According to the medical record of the prescribing physician, he was prescribed 2 pumps of Androgel daily. This prescription lasted Mr. Gordon through August 2013. Therefore, his injuries of 11/24/2013 are within 90 days of his last use of Androgel. Mr. Gordon has amended his Plaintiff Profile Form to reflect that his Androgel use stopped in August 2013.

This PPF is not deficient because, even prior to amendment, it identified and documented proof of use and proof of injury.

(2) Headley, Thomas 14-cv-01475

**Alleged Deficiency:** Plaintiff alleges AndroGel usage in 2011 but records show AndroGel dispensed on 10/21/2010 only.

The Defendant alleges his PPF to be deficient because his "injury alleged in July and December 2011 and his only AndroGel prescription was filled on 10/21/2010."

Under Section A of his PPF, Mr. Headley declares that he received samples from the prescribing physician. In addition to the records provided with the initial Plaintiff Profile Form, we provided the Peak Vista record of 5/10/2011. This record provides proof of Mr. Headley's use and also states that Dr. Unruh "will assist in any way to get the androgel." Androgel remains on the Plaintiff's medication record with Peak Vista / Dr. Unruh on 6/30/2011, 7/11/2011, 7/19/2011, 7/26/2011, 8/4/2011, 8/29/2011, 9/29/2011, 10/3/2011, 10/6/2011, 10/20/2011 and 10/24/2011. Since Mr. Headley received the Androgel from his physician, and this is stated in the Plaintiff Profile Form originally provided, Mr. Headley's Plaintiff Profile Form is not deficient. He provides evidence of proof of use and proof of injury.

(3) Nawrot, Edward 16-cv-02649

**Alleged Deficiency:** No records showing dispensation of AndroGel produced.

The Defendant alleges that the PPF is deficient because there are "no dispensation records for AndroGel produced."

Mr. Nawrot stated in his Plaintiff Profile Form that he received Androgel samples from his physician. The medical records showing Mr. Nawrot was on Androgel were provided with the Plaintiff Profile Form. Because Mr. Nawrot received samples of Androgel from his physician, there are no pharmacy dispensation records for Androgel to produce. Mr. Nawrot has provided proof of use and proof of injury. His PPF is not deficient merely because he received his Androgel directly from his physician.

(4) Phillips, Sydney for Estate of Phillips, James(Deceased) 17-cv-02425

**Alleged Deficiency:** No records showing dispensation of AndroGel produced.

The Defendant alleges the PPF to be deficient because there are "no dispensation records for AndroGel produced."

Per the records of the Cardiology Associates of North Mississippi, P.A., Mr. Phillips' Androgel prescriptions were being filled at Jim Bains' Pharmacy in Tupelo, MS. Since that time, Bains' Pharmacy has closed and the pharmacy statements have been unobtainable. Our office is again attempting to obtain these records as we believe Rite Aid Pharmacy purchased Jim Bains' Pharmacy and may have access to the necessary pharmacy statements. However, Mr. Phillips has signed a verification that he used Androgel during the time period in question, and he produced phone notes from his physician in both January and February 2011 that document usage of Androgel. The PPF is not deficient for lack of proof of use (physician notes) or proof of injury.

(5) Del Favero, Ernesto 15-cv-10488

**Alleged Deficiency:** Plaintiff alleges AndroGel usage up to November 2011 but records show AndroGel dispensed on 1/5/2009 only.

The Defendant alleges that this PPF is deficient because the "Injury alleged on 11/23/2011 and last AndroGel prescription filled on 1/5/2009."

Mr. Del Favero received Androgel prescriptions from 8/2008 – 3/2009. He kept product beyond those dates and used it on later dates. On 11/21/2011, Mr. Del Favero had a pulmonary embolism and deep vein thrombosis. The fact that there is a gap between last prescription fill and injury, does not make the PPF deficient. It establishes proof of use and proof of injury.

    (6) DePetro, Christopher 15-cv-07767

**Alleged Deficiency:** Plaintiff alleges AndroGel usage up to December 2013 but records show last AndroGel dispensed on 4/19/2011.

The Defendant alleges that this PPF is deficient because the "Injury alleged on 9/6/2013 and last AndroGel prescription filled on 4/19/2011."

On 9/6/2013, Mr. DePetro experienced a CVA. We have previously provided the medical records to support Mr. DePetro's use of Androgel and his injuries. The PPF is not deficient because there is a gap between last prescription fill and injury. It establishes proof of use and proof of injury.

    (7) Reinbolt, Jr., John 16-cv-03819

**Alleged Deficiency:** Plaintiff alleges AndroGel usage up to December 2011 but records show last AndroGel dispensed in January 2011.

The Defendant alleges that the PPF is deficient because there is "No record of PE on 12/8/2011. Injury alleged 12/8/2011 and 10/19/2012 and last AndroGel prescription filled 1/3/2011."

Mr. Reinbolt was on Androgel from 8/2010 – 12/2011. The PE listed as being on 12/8/2011 is a typo and has been amended. We have previously provided the medical records to support Mr. Reinbolt's use of Androgel and his injuries. This PPF establishes proof of use and proof of injury. This PPF is not deficient.

(8) Kokotos, Steven 16-cv-10009

**Alleged Deficiency:** Medical records not provided confirming alleged CVA (stroke).

Mr. Kokotos did not allege CVA (stroke) as his only injury in his complaint, PFS and PPF. Plaintiff also alleged DVT and PE while using Androgel. Plaintiff provided records to Defendant that documented those injuries, as well as proof of use of Androgel. The Defendant does not make any mention of these injuries in its allegation that the PPF is deficient. Plaintiff's PPF is not deficient. Plaintiff also alleged an ischemic brain injury (stroke or "CVA") and provided an MRI record that showed "white matter abnormality consistent with chronic ischemic brain injury." If Defendants position is that record is insufficient to support a claim for a brain injury, then that is for a dispositive motion, not a false claim that his PPF is deficient. Plaintiff has provided documentation of proof of use and proof of injury. The PPF is note deficient.

(9) Little, Robert 15-cv-00439

**Alleged Deficiency:** No records showing dispensation of AndroGel produced.

As stated in his PPF, Mr. Little took AndroGel from October 24, 2002 through September 13, 2003. Unfortunately the pharmacies that Mr. Little used no longer have records for this time period. Plaintiff has produced the pharmacy records that are still available which only go back to 2005. Accordingly, Plaintiff has also provided the references to AndroGel prescriptions and use in multiple medical records, including, but not limited to, LIT,R-THMC-MR-95 and LIT R-HCC-MR 4, 7, 8, and 9. The fact that Mr. Little's pharmacies do not have records going back to 2002 or 2003 do no render the PPF deficient particularly given the records of prescription and use contained in the medical records.

Dated: <u>June 13, 2018</u>                                  Respectfully Submitted,

<u>*/s/ Ronald E. Johnson, Jr.*</u>
Ronald E. Johnson, Jr. (KY 88302)
Sarah N. Emery (6320113)
SCHACHTER HENDY & JOHNSON PSC
909 Wright's Summit Parkway #210
Ft. Wright, Kentucky 41011
Tel. 859.578.4444
Facsimile 859.578.4440
rjohnson@pschachter.com
semery@pschachter.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 13, 2018, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system which will automatically serve and send a notice of electronic filing to all registered attorneys of record.

<u>*/s/ Ronald E. Johnson, Jr*_____</u>
Ronald E. Johnson, Jr. (88302)
