**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: TESTOSTERONE REPLACEMENT THERAPY PRODUCTS LIABILITY LITIGATION | ) ) ) | MDL No. 2545 |
| ------------------------------------------------------ | ) | Case No. 14 C 1748 |
| This document relates to: | ) ) | |
| *Medical Mut. of Ohio v. AbbVie, Inc.,* No. 1:14-cv-8857 | ) ) | Case No. 14 C 8857 |

**CASE MANAGEMENT ORDER NO. 131
(Order on defendants' motion to enforce the March 15, 2018 discovery order)**

On March 15, 2018, the Court granted defendants' motion to compel limited "spoliation"-related discovery from MMO. (Case No. 14-cv-8857, Dkt. No. 356.) Defendants are not satisfied with MMO's answers to two of the interrogatories and have moved to require further answers.

On interrogatory 6—"On what date(s) did MMO issue a document hold notice in connection with this proceeding?"—defendants say that MMO's response is deficient because it provides a date only for when MMO first claims to have issued a preservation instruction, not for when it claims to have reiterated the instruction. On interrogatory 8—"As to each hold notice, which MMO employee(s) received it?"—defendants say that MMO's response is deficient because it lists only three employees who allegedly received the oral notice (including Dr. Canaday) and then states that two of them (including Dr. Canaday) told unspecified members of their staff about the notice. Defendants say that the response is written in a way that makes it impossible to determine when Dr. Canaday allegedly disseminated notice to her staff members, and they cite deposition testimony that appears to conflict with MMO's response.

Defendants ask the Court to direct MMO to identify every employee who received oral notice of a document hold and the date or dates on which each such employee received it. If MMO lacks records sufficient to respond in more detail, defendants ask the Court to direct MMO to provide a sworn answer stating as much.

The Court grants defendants' request.  In granting defendants' motion to compel, the Court already found that the interrogatories in question were appropriate given evidence suggesting that relevant records had not been preserved (without making a determination whether that was in fact the case).  The interrogatories, as worded, contemplated the level of detail defendants now request.  MMO is required to provide, within 21 days of this order, the information described in the previous paragraph of the order, and to confirm that it has answered the interrogatories to the best of its ability based on its records.  The Court notes in this regard that despite MMO's suggestion that the document hold may have been transmitted internally via word of mouth, two witnesses indicated that they may have received litigation hold notices via e-mail.  This suggests that MMO may not have engaged in the necessary diligence before answering the interrogatories in the first instance.

MMO argues that it provided only one unique litigation hold and that it need not provide dates on which it reminded employees about the hold.  This argument is unpersuasive, at least in the present context, because of legitimate questions regarding the company's preservation of relevant records, and because the duty to preserve is a continuing duty.  Finally, MMO argues that the requested information is disproportionate to the needs of the case because defendants have not provided the same information.  But MMO has filed no parallel motion to compel, and thus the issue of the need for such information from defendants is not properly before the Court.

### Conclusion

Defendants' motion to enforce the Court's March 15, 2018 order is granted to the extent stated in the present order.  Plaintiff is directed to provide the required supplemental responses within 21 days of today's date.

Date:  July 27, 2018

_____
                MATTHEW F. KENNELLY
                United States District Judge