**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| IN RE: TESTOSTERONE PRODUCT LIABILITY LITIGATION | ) ) ) ) ) ) ) ) ) | MDL-2545<br><br>U.S. DISTRICT JUDGE MATTHEW F. KENNELLY |

**QUALIFIED PROTECTIVE ORDER**

This Court retained authority to preside over and manage various aspects of the *IN RE: Testosterone Product Liability Litigation* including the entry of Orders necessary for the completion of acts defined in the Master Settlement Agreement. Certain individuals participating in the Testosterone Settlement Program have, or will have, liens asserted against them that will require resolution before distribution of proceeds can be made to those individuals.

The Master Settlement Agreement provides that Providio Lien Counsel, LLC ("PLC"), is to act as lien resolution administrator, and to identify and resolve any liens asserted by the Medicaid programs of each state and territory and of the District of Columbia (the "Single State Agencies") and where appropriate, any Other Governmental Healthcare Programs, including but not limited to: TRICARE, VA Healthcare and Indian Health Services (the "Other Governmental Programs") and any Private Health Insurance plans.

Subject to the restrictions below, this Order grants PLC the authority to provide the Single State Agencies and also any Private Health Plans or Insurers with a list of Testosterone Settlement Program Claimants in order to determine which of the Claimants are beneficiaries of Medicaid or private health insurance. The entry of an Order that is compliant with the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), Pub.L. 104-191, 42 CFR Section 431 Subpart F, titled "Safeguarding Information on Applicants and Recipients" and other applicable privacy laws, is necessary to permit the Single State Agencies, Other Governmental Programs, and Private health insurance to transmit certain protected health information of the Claimants directly to PLC to assist in the resolution of the respective agency's or entity's interests. Accordingly, the Court being sufficiently advised, **IT IS HEREBY ORDERED AS FOLLOWS:**

1. This Order shall apply to all "protected health information" and "individually identifiable health information," as defined by 45 CFR §160.103, or information that is otherwise protected from disclosure by the Privacy Act, 5 U.S.C. §551a, HIPAA, Pub.L 104191,42 CFR Section 431 Subpart F, titled "Safeguarding Information on Applicants and Recipients," and other applicable state law, created, received or collected from Medicaid and/or Other Governmental Programs, Single State Agencies, or Private Health Insurance including, but not limited to: (a) names and addresses, dates of birth, social security numbers, Medicaid and/or Other Governmental Program identification numbers and other demographic information that identifies, or could be used to identify, Claimants; (b) eligibility and entitlement information of Medicaid and/or Other Governmental Program Claimants; (c) claims information relating to the past, present, or future healthcare of Medicaid and/or Other Governmental Program and/or Private Health Insurance; and (e) claims information relating to the past, present, or future payment for the provision of healthcare to Medicaid and/or Other Governmental Program-eligible Claimants and/or those covered under Private Health Insurance.

2. The Single State Agencies and Other Governmental Programs and Private Health Insurance plans may disclose to PLC and PLC is duly authorized to receive claim and other protected health information in accordance with 45 CFR Section 164.506(c)(4)(ii) "Uses and disclosures to carry out treatment, payment or healthcare operations" and any other applicable state law.

3. To assist in the resolution of any Medicaid and/or Other Governmental Program and/or Private Health Insurance interests, the individual Single State Agencies, Other Governmental Programs and Private health insurance is hereby authorized and directed to transmit information to PLC, including claims information and other protected health information, for those Claimants in the above-captioned matter against whom they have asserted liens or reimbursement claims.

4. PLC is authorized to provide a list of Claimants to the Single State Agencies and any Private Health Insurance plans that have been identified as a potential lien holder of respective Claimants (collectively, "the Lists").

5. PLC shall not use or disclose any protected health information or individually identifiable health information subject to this Order for any purpose other than this litigation and the performance of its duties. Similarly, each Single State Agency, Other Government Program and Private Health Insurance plan shall only use the Lists for the specific purposes identified in this Order and shall only make the Lists available to those within its agency or organization who need

access to the Lists for the specific purpose stated in this paragraph. If a Single State Agency or Private Health Insurance plan utilizes outside vendors or companies to perform part or all of its tort recovery practices, those outside vendors or companies shall be expressly bound by all terms and conditions of this Order.

6. PLC shall maintain any protected health information or individually identifiable health information subject to this Order in a secure and safe area and shall exercise the standard of due and proper care with respect to the storage, custody, use, and/or dissemination of such protected health information required by HIPAA and other applicable privacy laws.

7. At the conclusion of this litigation, PLC shall certify that the protected health information or individually identifiable health information, including all copies made, has been destroyed.

**SIGNED AND ENTERED** this 1st day of August, 2018.

_____
U.S. District Judge Matthew F. Kennelly