IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| In re: TESTOSTERONE REPLACEMENT THERAPY PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) ) ) ) | MDL No. 2545<br><br>Master Docket Case No. 1:14-cv-01748<br><br>Honorable Matthew F. Kennelly |
| This document relates to: All cases | ) ) | |

## DEFENDANT ABBVIE INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO EXCEED PAGE LIMITS TO RESPOND TO MOTIONS IN LIMINE

Defendant AbbVie opposes Plaintiffs' request to file an additional twelve-page brief in response to AbbVie's motions *in limine* to address rulings this Court has already made and which ought to be applied going forward in the Fall trial cases. AbbVie briefly responds as follows:

First, Local Rule 7.1 limits an opposition to any motion to fifteen pages, and - contrary to Plaintiffs' characterization - additional briefing is not necessary to provide "context or argument as to how the prior rulings have been in fact applied." The prior rulings on motions *in limine* are straightforward in their application and do not require further briefing. As this Court has previously emphasized, "the Court's pretrial rulings apply throughout the MDL unless otherwise noted at the time." (See *Rowley,* Dkt #70 at p. 6.) Reference to the rulings themselves makes clear the circumstances under which the specific evidence is to be excluded, and the reasons for such exclusion. No additional context or argument is needed in order for these to be applied.

Second, and relatedly, far from being "mindful of the Court's time and resources" as claimed by Plaintiffs' counsel, this request seeks to re-litigate matters that have already been determined. AbbVie – seeking to save time and resources – has briefly identified, within its own

415698 v1

*in limine* motions, certain prior rulings by the Court that ought to be applied to the next wave of trials. In order to provide appropriate context AbbVie has cited to specific case management orders from this Court, including pin cites to pages where necessary. AbbVie provided all of this information and context within the fifteen-page limit set forth by the Local Rules. There is no reason Plaintiffs cannot comply as well. Simply stated, unless the Court informs the parties that further briefing is required, these issues do not need to be briefed and argued again.

Third, AbbVie notes here that it has made every effort to streamline and facilitate this process, agreeing to seven of Plaintiffs' proposed prior rulings that should apply, while Plaintiffs have only agreed to three of AbbVie's proposed rulings that should apply.

Finally, in the event this Court does grant Plaintiffs leave to file additional briefing on these matters, AbbVie requests in the alternative that it be granted an additional twelve pages in order to respond. Though AbbVie has no particular desire to re-litigate these matters, it requests, at a minimum, that it be granted the ability to respond should Plaintiffs be given leave to do so.

Dated: August 27, 2018

/s/ Alicia J. Donahue
Alicia J. Donahue
Shook, Hardy & Bacon LLP
One Montgomery, Suite 2700
San Francisco, CA 94104
Telephone: (415) 544-1900
Facsimile: (415) 391-0281
Email: adonahue@shb.com

*Attorney for AbbVie Inc. and Abbott Laboratories, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 27, 2018, the foregoing document was filed via the Court's CM/ECF system, which will automatically serve and send email notification of such filing to all registered attorneys of record.

      /s/ *Alicia J. Donahue*
      Alicia J. Donahue

415698 v1