# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: TESTOSTERONE REPLACEMENT THERAPY PRODUCTS LIABILITY LITIGATION | Civil Action No. 1:14-cv-01748<br>MDL NO. 2545<br><br>JUDGE MATTHEW F. KENNELLY |

**This document relates to: ALL ACTIONS**

## MOTION TO EXPAND THE COMMON BENEFIT FEE COMMITTEE AND FOR THE APPOINTMENT OF STEPHANIE O'CONNOR TO THE COMMON BENEFIT FEE COMMITTEE

I, Stephanie O'Connor, respectfully submit this Motion to Expand the Common Benefit Fee Committee and for my appointment to same. On November 21, 2018, this Court issued Case Management Order ("CMO") 141 (Dkt. No. 2923), appointing a Common Benefit Fee Committee consisting of five members ("Fee Committee"). I submit this motion to expand the scope of the Fee Committee to add me as a member as I believe that my participation will be of significant value to the Fee Committee, and because it is my belief that my efforts, and those of my law firm, have been significant throughout all aspects of this litigation.

Moreover, it is my firm belief that that no one in leadership, or on the current Fee Committee, would, or could, dispute the nature and quality of the work that I personally performed in conjunction with others in my law firm, all of which contributed to the efficient progression of this complex litigation up through the present. Indeed, because of this continuous and sustained effort at all times of this case – from inception through trials – your undersigned (and her firm) have rendered legal services in virtually all aspects of this mass tort litigation and at the highest level.

1

A non-exhaustive list describing the contributions made by myself as one of three "Science Co-chairs" appointed by Leadership in 2014, and that of my law firm, follows:

- I secured seven (7) of the PSC's retained experts, three (3) of whom testified at one or more trials of this matter, and all of whom have issued expert reports in compliance with Fed. R. Civ. P. 26(2)(a).

- I was personally responsible for and oversaw the submission of more than twenty (20) expert reports, consisting variously of general opinion reports, rebuttal reports, supplemental general opinion reports and numerous case-specific causation reports that were served in the seven Bellwether cases as well as the CMO 87 Trial Groups 1 and 2 cases.

- I prepared and appeared (as first chair) at the depositions of ten (10) experts retained by the Plaintiff Steering Committee ("PSC") against the AbbVie defendants, including multiple depositions of the same experts deposed on different dates by different defendants (Lilly, Actavis) between 2017 and 2018.

- I conducted the depositions of two (2) defense experts designated by Lilly in 2017.

- I prepared for and conducted (as first chair), four (4) AbbVie corporate witness depositions, all of which took place in 2016. One of these witnesses, Mayra Ballina, was called as an adverse witness at trial (*Rowley*).

- I actively participated in four (4) trials of Plaintiffs selected for the initial Bellwether pool, against the AbbVie defendants, *to wit*: *Konrad I*, *Mitchell I*, *Nolte*, and *Rowley*. With the exception of *Konrad I*, which resulted in a mistrial, I variously conducted both direct and cross-examinations of lay and expert witnesses in the remaining three (3) trials. I also briefed and argued several motions *in limine* in *Nolte*.

- I also provided expert witness and other medical and scientific support remotely to attorneys trying other Bellwether cases, in particular *Konrad II*, a trial that I was supposed to attend but was unable to due to a serious orthopedic injury.

- I directly supervised support staff from my firm (and other law firms) in the identification and inclusion of critical medical and scientific literature for inclusion on the trial exhibit lists for the four (4) Bellwether cases identified above.

- I was responsible for tracking and updating the "Materials Considered" lists for each expert designated in the seven (7) Bellwether cases in compliance with Fed. R. Civ. P. 26(2)(a).

- From the inception of this litigation, under my direct supervision, my law firm was responsible for the creation, maintenance and updating of the library of medical and scientific literature as well as defendant manufacturer documents (e.g., study reports, safety documents, adverse event reports, etc.), regularly utilized by other members of the PSC in their own work with experts and at trial.

- I was actively involved in the original Bellwether selection process (e.g., review of extensive medical records, etc.) and in the subsequent waves of trial cases (CMO 75 and 87), along with others in my law firm.

Notably, the nature and extent of the work performed by me and my law firm was recognized by this Court in its recent Order to increase the Common Benefit Fee and Expense Fund assessment from 10% to 19.5%, wherein the Court stated that part of its basis for increasing the assessment was the "greater than expected amount of work being performed by expert witnesses,"[1] As the Court further noted in its Order, "the PSC could not reasonably anticipate the second, third, and fourth waves of bellwether cases that were worked up during 2018 and scheduled for multiple overlapping trials."[2] The vast majority of the work referenced in this Court's Order on both of these issues was almost exclusively conducted by me and my firm.

It is also my belief that my inclusion on the Fee Committee, which presently consists of one female attorney and four male attorneys, would foster further diversity among the Fee Committee.

To the extent the Court wishes to maintain an odd number of Fee Committee members in order to alleviate any concern relating to ties in voting, I submit that attorney Seth Katz, whom I believe to have contributed high-level work throughout the entire litigation, would be a valued

---

[1] *See*, CMO 138 at 9 (Dkt. No. 2894).

[2] *Id*.

addition to the Fee Committee, or any other individual that this Court might deem appropriate, so as to secure the odd number of participants.[3]

Special Master Ellis is aware of my instant application and has stated she is available to be consulted regarding same, as she is familiar with my abilities having worked together not only on this litigation but other litigations in the past as well. I have also advised lead counsel regarding my intention to file the instant motion and application.

For the foregoing reasons, I respectfully request that the Common Benefit Fee Committee be expanded and my role on the Fee Committee be approved.

Respectfully submitted,

/s/ Stephanie O'Connor
Stephanie O'Connor
DOUGLAS & LONDON, P.C.
59 Maiden Lane, 6th Floor
New York, NY 10038
212-566-7500
212-566-7501 (fax)
soconnor@douglasandlondon.com

---

[3] To the extent the Court does not want to appoint a seventh member with me, the Fee Committee, even with an even number could still fashion its own protocols such that if there were a tie in votes, Special Master Ellis could serve as the tie breaking vote.

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 5, 2018, I electronically transmitted the foregoing document to the Clerk of the United States District Court using the CM/ECF system for filing and service to all parties/counsel registered to received copies in this case.

December 5, 2018.                    */s/Stephanie O'Connor*