**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: TESTOSTERONE | ) | Case No.: 1:14-cv-01748 |
| REPLACEMENT THERAPY | ) | MDL NO. 2545 |
| <u>PRODUCTS LIABIILITY LITIGATION</u> | ) | JUDGE MATTHEW F. KENNELY |

**THIS DOCUMENT RELATES TO:
ARMANDO J. ROBERTO, JR. AND ELIZABETH E. ROBERTO, #1:15-cv-7085**

<u>**MEMORANDUM IN SUPPORT OF
PLAINTIFF'S MOTION TO VACATE ORDER OF DISMISSAL**</u>

NOW COME the Plaintiffs, Armando J. Roberto, Jr., and Elizabeth E. Roberto, by and through their attorneys, Rilee & Associates, P.L.L.C., and hereby respectfully submit the following Memorandum in Support of Plaintiff's Motion to Vacate Order of Dismissal, stating in support thereof as follows:

<u>**STATEMENT OF MATERIAL FACTS**</u>

1.  On August 12, 2015, the Plaintiffs timely and directly filed their lawsuit captioned <u>Roberto, *et al*.</u> v. <u>AbbVie Inc., *et al*.</u>, #1:15-cv-07085 into MDL 2545, alleging that Plaintiff Armando J. Roberto, Jr.'s 2014 diagnosis of deep vein thrombosis ("DVT") was caused by his use of AndroGel.

2.  On December 13, 2015, the Plaintiffs timely and completely submitted a Plaintiff Fact Sheet ("PFS"), blank medical authorizations, and a <u>complete</u> copy of the Plaintiff's <u>entire</u> two hundred and twenty-seven (227) page medical record to the Defendants, with no resulting "Deficiency Notice" sent by the Defendants to the Plaintiffs. <u>See</u> Exhibit 1 – Affidavit of Cyrus F. Rilee, III, Esq.

3.  On January 18, 2019, following the global settlement of MDL 2545, as part of their participation in the Androgel Resolution Program, the Plaintiffs timely and completely submitted their claim information to the Defendants through the Androgel Settlement Portal, which included

a fully completed Plaintiff Profile Form ("PPF") executed by the Plaintiff on January 12, 2019. See Exhibit 1.

4. On March 2, 2019, undersigned counsel learned that, on February 19, 2019, the Plaintiffs' claim was deemed "ineligible," with the explanation given as "Litigation Status": {->Dismissed}. See Exhibit 1.

5. On the same date, after spending hours sorting through hundreds of ECF emails and underlying pleadings in MDL 2545, undersigned counsel learned, for the first time, the following:

    a. On December 8, 2017, this Honorable Court issued Case Management Order ("CMO") No. 85, ordering all Plaintiffs to submit a Supplemental Plaintiff Profile Form ("PPF") (Document #2295);

    b. On April 6, 2018, this Honorable Court issued CMO No. 110, Order to Show Cause Pursuant to CMO No. 85, ordering certain Plaintiffs to show cause why their lawsuits should not be dismissed for failure to comply with CMO No. 85, which included the Plaintiffs (Document # 2434);

    c. On April 6, 2018, this Honorable Court issued a text entry accompanying CMO No. 110, stating that "[t]he Plaintiff's Steering Committee is directed to make best efforts to ensure that this order is brought to the attention of counsel in the identified cases. (mk)." (*emphasis added*); and

    d. On May 11, 2018, this Honorable Court issued CMO No. 118, dismissing one hundred and fifty-nine (159) lawsuits with prejudice for failure to comply with CMO No. 85, which included the Plaintiffs' lawsuit (Document # 2612).

See Exhibit 1.

6. The Plaintiff's Steering Committee did not contact undersigned counsel at any time between December 8, 2017 and May 11, 2018. See Exhibit 1.

**ARGUMENT**

The Court may relieve a party or its legal representative from final judgment, order or proceeding for (1) mistake, inadvertence, surprise, or excusable neglect or (6) any other reason that justifies relief. Fed.R.Civ.P. 60(b)(1); (6). The Court also has the power to alter or amend a judgment. Fed.R.Civ.P. 59(e).

Dismissal of an action with prejudice is a severe sanction "applicable only in extreme circumstances." Ford v. Fogarty Van Lines, Inc., 780 F.2d 1582, 1583 (11th Cir. 1986) (*quoting* State Exchange Bank v. Hartline, 693 F.2d 1350, 1352 (11th Cir. 1982)). Because dismissal with prejudice "defeats altogether a litigant's right to access to the courts," Loya v. Desert Sands Unified School District, 721 F.2d 279, 280 (9th Cir. 1983), it should be used as "a weapon of last, rather than first, resort." Magette v. Dalsheim, 709 F.2d 800, 803 (2nd Cir. 1983 (*citing* Meehan v. Snow, 652 F.2d 274, 277 (2nd Cir. 1981 (*per curiam*)). Generally, a court should dismiss a claim only where there has been a "clear record of delay or contumacious conduct by the plaintiff." Ford, 780 F.2d at 1583 (*quoting* Graves v. Kaiser Aluminum & Chemical Co., 528 F.2d 1360, 1361 (5th Cir. 1976)); Pardee v. Stock, 712 F.2d 1290, 1292 (8th Cir. 1983) (*quoting* M.S. v. Wermers, 557 F.2d 170, 175 (8th Cir. 1977); John v. State of Louisiana, 828 F.2d 1129, 111 (5th Cir. 1987) (*quoting* Price v. McGlathery, 792 F.2d 472, 474 (5th Cir. 1986) (*per curiam*)); see also Hollis v. United States, 744 F.2d 14340, 1432 (10th Cir. 1984) ("Dismissals for failure to follow the orders of the court are often the consequences of extended or repeated failure by litigants to adhere to ongoing orders of the court."); Farmers Plant Food v. Fisher, 746 F.2d 451, 452 (8th Cir. 1984) ("Dismissal … should be used only in cases of willful disobedience of an order of court or persistent and continued failure to prosecute a complaint.").

Perhaps most importantly, dismissal is usually only appropriate "where a lesser sanction would not serve the interest of Justice." Cohen v. Carnival Cruise Line, Inc., 782 F.2d 923, 925

3

(11th Cir. 1986). As the Seventh Circuit has recognized, "the particular sanction of dismissal with prejudice or judgment is 'draconian,' and 'must be infrequently resorted to by the district courts." Barnhill v. United States, 11 F.3d 1360, 1367 (7th Cir. 1993) (*citing* Marrocco v. General Motors Corp., 966 F.2d 220, 223(7th Cir. 1992); Schilling v. Walworth County Park & Planning Comm'n, 805 F.2d 272, 275 (7th Cir. 1986). As the Schilling court explained:

> In the normal course of events, justice is dispensed by the hearing of cases on their merits; only when the interests of justice are best served by dismissal can this harsh sanction be consonant with the role of the courts. We have previously indicated the limited appropriateness of the sanction of dismissal: "A dismissal with prejudice is a harsh sanction which should usually be employed only in extreme situations where there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing." Absent those circumstances, the careful exercise of judicial discretion requires that a district court consider less severe sanctions and explain, where not obvious, their inadequacy for promoting the interest of justice.

Id. (*quoting* Webber v. Eye Corp., 721 F.2d 1067, 1069 (7th Cr. 1983)).

Here, the conduct does not rise to the level of warranting the severe sanction of dismissal with prejudice. Plaintiffs' failure to comply with CMO No. 85 was caused by inadvertence and excusable neglect, and was not the result of contumacious conduct or by persistent disobedience of court orders. In the voluminous flurry of pleadings and orders in this case, undersigned counsel neglected to notice that CMO No. 85 applied to Plaintiffs' lawsuit. As such, undersigned counsel did not appreciate that any subsequent pleadings, hearings, or orders pertaining to CMO No. 85 related in any way to Plaintiffs' lawsuit. Moreover, following this Honorable Court's April 6, 2018 Order to Show Cause, in which this Honorable Court ordered that "[t]he Plaintiff's Steering Committee is directed to make best efforts to ensure that this order is brought to the attention of counsel in the identified cases," (*emphasis added*), the Plaintiff's Steering Committee did not contact undersigned counsel or otherwise ensure that the order was brought to his attention. *See* Exhibit 1. Had the Plaintiff's Steering Committee done so, the Plaintiffs would have *immediately* complied with CMO 85, submitted the PPF, and cured the defect. In addition, following the May

4

11, 2018 dismissal of Plaintiffs' lawsuit, undersigned counsel continued to receive ECF notification of pleadings and orders in MDL 2545, such that undersigned counsel had no reason to suspect that Plaintiffs' lawsuit had been dismissed. The Plaintiffs have otherwise complied with all other deadlines, including December, 2015 submission of the PFS, medical records, and medical authorizations, and the Plaintiffs have never asked for an extension or relief from a previous Order of this Court.

Moreover, the Defendants were not prejudiced by the Plaintiffs' failure to comply with CMO No. 85. All of the information requested in the PPF was provided to the Defendants in Plaintiffs' PFS and accompanying medical record in December, 2015. *See* Exhibit 1. Therefore, it cannot be said that the Defendants suffered any measurable prejudice simply as a result of Plaintiffs' failure to provide identical information from the PFS on the PPF. Moreover, the Plaintiff submitted the PPF to the Defendants in January, 2019 as part of the claims settlement process, thereby curing (albeit inadvertently and belatedly) the discovery defect or delay. *See* Exhibit 1.

In addition, the Defendants would not be prejudiced if the order of dismissal were vacated and the Plaintiffs lawsuit were reinstated. In light of the global settlement of MDL 2545 and the terms of the Master Settlement Agreement ("MSA"), the Defendants' global liability exposure for AndroGel claims, including Plaintiffs' claim, has been capped – meaning that the Defendants would not have to pay any additional monies to these Plaintiffs that it is not already obligated to pay in the aggregate to all Plaintiffs under the terms of the settlement. So, the Defendants would not suffer any prejudice were this Honorable Court to vacate the dismissal and reinstate the Plaintiffs' lawsuit, thereby allowing them to participate in the AndroGel Resolution Program. On the other hand, the Plaintiffs would suffer the ultimate prejudice were they to be prevented from

participating in the settlement process and recover for their timely and documented claims for damages.

Finally, and importantly, the AndroGel Resolution Program architecture and timeline allows the Plaintiffs until <u>April 12, 2019</u> to file an Eligibility Appeal. Therefore, should this Honorable Court vacate the order of dismissal and reinstate Plaintiffs' lawsuit, the Plaintiffs would be able to <u>immediately</u> become eligible to participate in the settlement process within the confines of the current settlement architecture and timeline, without the need for any amendments to the timeline or any other special accommodations for the Plaintiffs.

## **CONCLUSION**

In conclusion, under these unique circumstances, and in order to truly avoid inequity and injustice, this Honorable Court's May 11, 2018 order dismissing the Plaintiffs' lawsuit should be vacated and the Plaintiffs' lawsuit should be reinstated, such that they be allowed to proceed on the merits and fully participate in the AndroGel Resolution Program.

Respectfully submitted,

**ARMANDO J. ROBERTO, JR. AND ELIZABETH E. ROBERTO,**

By Their Attorneys,

**RILEE & ASSOCIATES, P.L.L.C.**

Date: March 3, 2019　　　　　By: /s/ Cyrus F. Rilee, III
Cyrus F. Rilee, III, Esq., #15881
264 South River Road
Bedford, NH 03110
t. 603.232.8234
f. 603.628.2241
e. crilee@rileelaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Memorandum in Support of Plaintiffs' Motion to Vacate Order of Dismissal has been served this day via CM/ECF on all counsel of record.

Date: March 3, 2019          By:    /s/ Cyrus F. Rilee, III_____
                                                        Cyrus F. Rilee, III