**IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re: TESTERONE REPLACEMENT THERAPY PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO: | MDL No. 2545<br><br>Master Docket Case No. 1:14-cv-01748<br><br>Honorable Matthew F. Kennelly |

| |
|---|
| *Elmer Jordan v. AbbVie Inc., et al.*, Case No. 1:15-cv-03346 |
| *James Reinsel v. Endo Pharmaceuticals Inc., et al.*, Case No. 1:16-cv-00089 |
| *Craig Howard v. AbbVie Inc., et al.*, Case No. 1:16-cv-01771 |
| *Everett Adams v. Auxilium Pharmaceuticals, LLC, et al.*, Case No. 1:15-cv-11404 |
| *Joseph Forestieri v. Auxilium Pharmaceuticals, LLC, et al.*, Case No. 1:14-cv-10327 |
| *Estate of William Holland, v. AbbVie Inc., et al.*, Case No. 1:18-cv-03241 |
| *Gary Nash v. Auxilium Pharmaceuticals, LLC, et al.*, Case No. 1:16-cv-00731 |
| *Mark Petersen v. AbbVie Inc., et al.*, Case No. 1:16-cv-04909 |
| *Ted Porter v. Endo Pharmaceuticals Inc.*, Case No. 1:17-cv-03840 |
| *Ralph Richey v. AbbVie Inc., et al.*, Case No. 1:16-cv-11620 |
| *Donald Smith v. Auxilium Pharmaceuticals, LLC, et al.*, Case No. 1:15-cv-01340 |
| *Stuart and Susan Wein v. AbbVie Inc., et al.*, Case No. 1:15-cv-05672 |
| *Danny Bagwell v. AbbVie Inc., et al.*, Case No. 1:15-cv-11860 |
| *Ronnie Franklin v. AbbVie Inc., et al.*, Case No. 1:15-cv-00769 |
| *Frank Miles v. Eli Lilly and Company, et al.*, Case No. 1:15-cv-08581 |

1

**ENDO DEFENDANTS' MOTION FOR AN ORDER TO SHOW CAUSE WHY THE CASE SHOULD NOT BE DISMISSED WITH PREJUDICE FOR FAILURE TO COMPLY WITH CASE MANAGEMENT ORDER NO. 126**

Defendants Auxilium Pharmaceuticals, LLC (f/k/a Auxilium Pharmaceuticals, Inc.), Endo Pharmaceuticals Inc., and GlaxoSmithKline LLC (collectively, the "Endo Defendants") by and through undersigned counsel, hereby move the Court pursuant to Case Management Order No. 126 ("CMO 126"), ¶ B.11., for an Order To Show Cause Why The Case Should Not Be Dismissed With Prejudice directed to each Plaintiff with a TRT case pending in MDL No. 2545 against an Endo Defendant who has not submitted a settlement claim to Special Master Randi Ellis and who has failed to produce the items required by CMO 126 ¶¶ B.9. and B.10. (***See* cases listed on Ex. A[1]**). Pursuant to CMO 126, ¶ B.11., Litigating Plaintiff's counsel with a case identified on Exhibit A shall have 21 days to respond to said Order to Show Cause by either: (a) curing Plaintiff's failure to comply with the CMO 126 obligations of paragraphs B.9. and B.10.; or (b) filing a stipulation dismissing the Endo Defendants with prejudice. Pursuant to CMO 126, ¶ B.11, "[i]f [a] Litigating Plaintiff [on Exhibit A] fails to show cause within 21 days of entry of the Court's Order to Show Cause, the Court shall dismiss the Litigating Plaintiff's case with prejudice…."

**FACTUAL AND PROCEDURAL BACKGROUND**

On May 11, 2018, the Endo Defendants and Plaintiffs' Lead Counsel executed a confidential master settlement agreement (the "Agreement") that allowed for the resolution of the known testosterone replacement therapy product liability claims against the Endo Defendants.

---

[1] Plaintiffs in the following 3 cases filed statements notifying of party's death and no motion has been filed by a representative to substitute as the Plaintiff: *Bagwell v. Endo Pharmaceuticals Inc. et al.* (15-cv-11860) (ECF No. 8, filed 8/15/18), *Forestieri v. Auxilium Pharmaceuticals, Inc.* (14-cv-10327) (ECF No. 7, filed 5/20/16), and *Franklin v. Auxilium Pharmaceuticals, Inc. et al.* (15-cv-00769) (ECF No. 12, 4/23/18).

The Agreement does not involve any admission of wrongdoing or liability by any of the Endo Defendants.

On May 11, 2018, the Court entered CMO 126, Docket Control Order for Future Cases Against Eli Lilly, Endo, Auxilium, & GSK. (ECF No. 2716.) Pursuant to paragraph B.10.a. of CMO 126, each Litigating Plaintiff (as defined in CMO 126) with personal injury (and related) claims against one or more of the Endo Defendants who does not participate in the voluntary settlement program must produce the items required by paragraph B.9. no later than 90 days after the date such Litigating Plaintiff elects not to settle his/her claims. As shown in Exhibit A, each of the fifteen Plaintiffs who have not submitted a claim submission form to Special Master Ellis filed his claim against the Endo Defendants prior to the entry of CMO 126 on June 11, 2018.

Pursuant to Special Master Ellis's Endo and Auxilium TRT Products Settlement Claims Process Timeline, each Plaintiff had until August 27, 2018, to submit his claim submission form to Special Master Ellis and each Plaintiff was automatically provided a fifteen day extension— until September 11, 2018—to submit his claim submission form to Special Master Ellis. (*See* **Ex. B.**) Despite being made aware of the September 11, 2018, claim form submission deadline on at least three separate occasions (*See* **Exs. C-E**), and also being informed on October 25, 2018, that the submitted claims for the Endo Defendants were in eligibility review (*See* **Ex. F**), to date none of the fifteen Plaintiffs on Exhibit A have submitted a claim submission form to Special Master Ellis. (*See* **Ex. G**, Declaration of Daniel Meyers, ¶ 2.)

**ARGUMENT**

Each of the fifteen Plaintiffs identified on exhibit A elected not to settle his respective claims against the Endo Defendants under the voluntary settlement program by not submitting his claim submission form to Special Master Ellis on or before September 11, 2018. Pursuant to

CMO 126, each of these Litigating Plaintiffs had ample due process notice about the requirements necessary to proceed if he elected not to settle under the voluntary settlement program.  Moreover, over *210 days* have elapsed since each Plaintiff elected not to settle under the voluntary settlement program—substantially more time than the 90 days that CMO 126 paragraph B.10.a. affords each Plaintiff to provide the items required by paragraph B.9.  To date, none of the fifteen Plaintiffs on Exhibit A have produced the items required by CMO 126 paragraphs B.9. and B.10.  (*See* **Ex. G**, Declaration of Daniel Meyers, ¶ 3.)

Pursuant to CMO 126, Defendants respectfully request that the Court issue an Order To Show Cause that will provide each Plaintiff on Exhibit A with 21 days to either: (a) cure and comply with CMO 126 obligations of paragraphs B.9. and B.10.; or (b) file a stipulation dismissing the Endo Defendants with prejudice.

April 12, 2019

Respectfully submitted,

/s/ Andrew K. Solow
Andrew Keith Solow
Arnold & Porter Kaye Scholer LLP
250 West 55th Street
New York, NY 10019-9710
(212) 836-7740
Email: andrew.solow@arnoldporter.com

Daniel Meyers
Arnold & Porter Kaye Scholer LLP
70 West Madison Street, Suite 4200
Chicago, Illinois 60602-4321
(312) 583-2393
Email:  Daniel.Meyers@arnoldporter.com

*Attorneys for Auxilium Pharmaceuticals, LLC (f/k/a Auxilium Pharmaceuticals, Inc.), Endo Pharmaceuticals Inc., and GlaxoSmithKline LLC*

## CERTIFICATE OF SERVICE

I, Daniel Meyers, hereby certify that on April 12, 2019, the foregoing document was filed via the Court's CM/ECF system, which will automatically serve and send email notification of such filing to all registered attorneys of record.

<em>/s/    Daniel Meyers</em>