**IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re: TESTERONE REPLACEMENT THERAPY PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO: | MDL No. 2545<br><br>Master Docket Case No. 1:14-cv-01748<br><br>Honorable Matthew F. Kennelly |

| |
|---|
| *Damon Aaron v. AbbVie Inc., et al.*, Case No. 1:16-cv-01189 |
| *John D. and Allyson Adkins v. Auxilium Pharmaceuticals, Inc., et al.*, Case No. 1:15-cv-05747 |
| *James Alford v. AbbVie Inc., et al.*, Case No. 1:15-cv-09052 |
| *Theodore E. and Carol A. Allen v. Endo Pharmaceuticals Inc., et al.*, Case No. 1:16-cv-00201 |
| *Marvin Ballard v. Endo Pharmaceuticals Inc., et al.*, Case No. 1:16-cv-01841 |
| *John Brinson v. AbbVie Inc., et al.*, Case No. 1:16-cv-08974 |
| *Toby Brister v. Endo Pharmaceuticals Inc., et al.*, Case No. 1:15-cv-03570 |
| *Donald Burns v. Endo Pharmaceuticals Inc., et al.*, Case No. 1:14-cv-10376 |
| *Michael and Patricia Casey v. Endo Pharmaceuticals Inc., et al.*, Case No. 1:16-cv-01371 |
| *Laura L. Fisher, as the Surviving Spouse and heir of Jeffery Fisher v. Endo Pharmaceuticals Inc.*, Case No. 1:16-cv-00306 |
| *Bobby and Marsha Giles v. Auxilium Pharmaceuticals, Inc., et al.*, Case No. 1:15-cv-05370 |
| *Steven and Linda Hebert v. Auxilium Pharmaceuticals, Inc., et al.*, Case No. 1:14-cv-09321 |
| *Jerome and Yvonne Hogan v. AbbVie Inc., et al.*, Case No. 1:15-cv-06883 |
| *Robert L. Humble v. AbbVie Inc., et al.*, Case No. 1:14-cv-06324 |

| |
|---|
| *Catherine Munson, Individually and as Surviving Spouse of Luther, Deceased v. Endo Pharmaceuticals Inc., et al.*, Case No. 1:16-cv-03430 |
| *Clement Nweke v. Endo Pharmaceuticals Inc., et al.*, Case No. 1:16-cv-00059 |
| *Robert Pitts v. Eli Lilly & Company, et al.*, Case No. 1:16-cv-06080 |
| *Sherry Pudelek, Individually and as Special Administrator of the Estate of James Pudelek v. Auxilium Pharmaceuticals, Inc., et al.*, Case No. 1:15-cv-11718 |
| *Domingo and Michelle Rivera v. Endo Pharmaceuticals Inc., et al.*, Case No. 1:16-cv-06087 |
| *Samuel Rivera v. Endo Pharmaceuticals Inc., et al.*, Case No. 1:15-cv-10957 |
| *Gary Rush v. Endo Pharmaceuticals Inc.*, Case No. 1:17-cv-03286 |
| *James Ryan v. Auxilium Pharmaceuticals, Inc., et al.*, Case No. 1:17-cv-00711 |
| *Marc D. Still v. Endo Pharmaceuticals Inc., et al.*, Case No. 1:15-cv-08867 |
| *Sandra Tollett, as anticipated Personal Representative of the Estate of Lonnie Tollett v. Endo Pharmaceuticals Inc., et al.*, Case No. 1:16-cv-01157 |
| *Robert Wall v. Auxilium Pharmaceuticals, Inc., et al.*, Case No. 1:16-cv-00669 |
| *Kenneth Wilson v. Endo Pharmaceuticals Inc., et al.*, Case No. 1:17-cv-00151 |
| *Tyrone Wright v. Endo Pharmaceuticals Inc., et al.*, Case No. 1:15-cv-04909 |
| *Stephen N. Young and Maggie Rogers v. Abbott Laboratories, et al.*, Case No. 1:15-cv-08252 |

**<u>ENDO DEFENDANTS' MOTION FOR A CASE MANAGEMENT ORDER CLARIFYING THE DEADLINE TO COMPLY WITH CASE MANAGEMENT ORDER NO. 126 FOR PLAINTIFFS DEEMED INELIGIBLE FOR THE CONFIDENTIAL MASTER SETTLEMENT BY SPECIAL MASTER RANDI ELLIS</u>**

Defendants Auxilium Pharmaceuticals, LLC (f/k/a Auxilium Pharmaceuticals, Inc.), Endo Pharmaceuticals Inc., and GlaxoSmithKline LLC (collectively, the "Endo Defendants") by

and through undersigned counsel, hereby move the Court to enter a Case Management Order clarifying that the twenty eight Plaintiffs identified on Exhibit A—each of whom Special Master Randi Ellis determined is ineligible for a settlement allocation pursuant to the confidential Master Settlement Agreement as defined below—have 90 days from the entry of the Court's Order to either: (a) file a stipulation dismissing the Endo Defendants with prejudice; or (b) comply with the CMO 126 obligations of paragraphs B.9. and B.10.

## FACTUAL AND PROCEDURAL BACKGROUND

On June 11, 2018, the Endo Defendants and Plaintiffs' Lead Counsel executed a confidential master settlement agreement (the "Agreement") that allowed for the resolution of the known testosterone replacement therapy product liability claims against the Endo Defendants. The Agreement does not involve any admission of wrongdoing or liability by any of the Endo Defendants.

On June 11, 2018, the Court entered CMO 126, Docket Control Order for Future Cases Against Eli Lilly, Endo, Auxilium, & GSK. (ECF No. 2716.) Pursuant to paragraph B.10.a. of CMO 126, each Litigating Plaintiff (as defined in CMO 126) with personal injury (and related) claims against one or more of the Endo Defendants who does not participate in the voluntary settlement program must produce the items required by paragraph B.9. no later than 90 days after the date such Litigating Plaintiff elects not to settle his/her claims. As shown in Exhibit A, each of the twenty eight Plaintiffs on Exhibit A filed his claim against the Endo Defendants prior to the entry of CMO 126 on June 11, 2018.

Special Master Ellis determined that each Plaintiff identified on Exhibit A is ineligible for an allocation pursuant to the confidential Master Settlement Agreement and the deadline to appeal Special Master Ellis's determination has passed. (*See* **Ex. B**, Declaration of Daniel

Meyers, ¶ 2.) To date, none of the twenty eight Plaintiffs on Exhibit A have stipulated to dismiss the Endo Defendants with prejudice. (*See* **Ex. B**, Declaration of Daniel Meyers, ¶ 3.) To date, none of the twenty eight Plaintiffs on Exhibit A produced the items required by CMO 126 paragraphs B.9. and B.10. (*See* **Ex. B**, Declaration of Daniel Meyers, ¶ 4.)

## ARGUMENT

Special Master Ellis determined that each of the twenty eight Plaintiffs identified on Exhibit A is ineligible for an allocation pursuant to the confidential Master Settlement Agreement. Accordingly, these twenty eight Plaintiffs will not be settling under the voluntary settlement program. Therefore, pursuant to CMO 126, each of these Plaintiffs must either: (a) stipulate to dismiss the Endo Defendants with prejudice; or (b) comply with the CMO 126 obligations of paragraphs B.9. and B.10. Counsel for the Endo Defendants have reached out to counsel for Plaintiffs in these cases and have been informed by counsel for Plaintiffs in several of these cases that they intend to withdraw as counsel. To make Plaintiffs' CMO 126 obligations clear to all parties and Special Master Ellis, Defendants respectfully request that the Court issue a Case Management Order clarifying that the twenty eight Plaintiffs identified on Exhibit A have 90 days from the entry of the Court's Order to either: (a) file a stipulation dismissing the Endo Defendants with prejudice; or (b) comply with the CMO 126 obligations of paragraphs B.9. and B.10.

April 24, 2019

Respectfully submitted,

/s/ Andrew K. Solow
Andrew Keith Solow
Arnold & Porter Kaye Scholer LLP
250 West 55th Street
New York, NY 10019-9710
(212) 836-7740
Email: andrew.solow@arnoldporter.com

Daniel Meyers

4

Arnold & Porter Kaye Scholer LLP
70 West Madison Street, Suite 4200
Chicago, Illinois 60602-4321
(312) 583-2393
Email: Daniel.Meyers@arnoldporter.com

*Attorneys for Auxilium Pharmaceuticals, LLC (f/k/a Auxilium Pharmaceuticals, Inc.), Endo Pharmaceuticals Inc., and GlaxoSmithKline LLC*

## CERTIFICATE OF SERVICE

    I, Daniel Meyers, hereby certify that on April 24, 2019, the foregoing document was filed via the Court's CM/ECF system, which will automatically serve and send email notification of such filing to all registered attorneys of record.

*/s/    Daniel Meyers*
