IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: TESTOSTERONE REPLACEMENT THERAPY PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) ) | MDL No. 2545 Master Docket Case No. 1:14-cv-01748 |
| This document relates to all cases | ) | Honorable Matthew F. Kennelly |

**CASE MANAGEMENT ORDER NO. 152 – CLARIFYING
THE APPLICABILITY OF CASE MANAGEMENT ORDER NOS. 126, 143, AND 144 TO
ALL PLAINTIFFS WHOSE CLAIMS ARE NOT RESOLVED (INCLUDING THOSE
DEEMED INELIGIBLE) UNDER VARIOUS SETTLEMENT PROGRAMS**

WHEREAS, on June 11, 2018, this Court entered Case Management Order No. 126 - Docket Control Order for Future Cases Against Eli Lilly, Endo, Auxilium, & GSK ("CMO 126") in order to efficiently manage cases by all Plaintiffs who may continue to litigate their claims in this MDL outside of the respective confidential settlement programs entered by the Eli Lilly Defendants and the Endo Defendants, as specified in CMO 126;

WHEREAS, on November 28, 2018, this Court entered Case Management Order No. 143 ("CMO 143") that applied the terms of CMO 126 to all Plaintiffs alleging personal injury (and related) claim(s) against the AbbVie Defendants (as specified in CMO 143) who have cases pending against the AbbVie Defendants as of the date CMO 143 was entered and do not settle under the voluntary settlement program, and all Plaintiffs with cases alleging personal injury (and related) claim(s) against the AbbVie Defendants that are newly filed in, removed to, or transferred to this MDL after the entry of CMO 143;

WHEREAS, on December 12, 2018, this Court entered Case Management Order No. 144 - Docket Control Order for Future Cases Against Actavis Entities ("CMO 144") to efficiently manage cases by all Plaintiffs who may continue to litigate their claims in this MDL outside of the

respective confidential settlement program entered into by the Actavis Defendants, as specified in CMO 144;

WHEREAS, CMO 126 and CMO 144 defined "Litigating Plaintiffs" to include Plaintiffs who "elect not to settle under the voluntary settlement program[s]," and CMO 143 defined "Litigating Plaintiffs" to include Plaintiffs who "do not to [sic] settle under the voluntary settlement program" but CMO 126 and CMO 144 inadvertently did not expressly reference Plaintiffs who the Settlement Master determined were not eligible to receive a settlement payment in the respective confidential settlement programs and CMO 143 could be misunderstood to not include such Plaintiffs deemed ineligible;

IT IS HEREBY ORDERED THAT:

### Eli Lilly and Endo Cases

1. Plaintiffs with cases pending against the Eli Lilly Defendants and/or the Endo Defendants who the Settlement Master determined were not eligible to receive a settlement payment in the respective confidential settlement programs shall be deemed Litigating Plaintiffs under CMO 126 and subject to all its terms, except that the period for compliance with paragraph B.9 shall extend to ninety (90) days following the date of entry of this Order.[1]  **Any plaintiff who fails to comply with CMO 126 and this Order (or CMO 151 where applicable) will be at risk of having this Court dismiss the case with prejudice.**

2. Counsel for Plaintiffs with cases pending against the Eli Lilly Defendants and/or the Endo Defendants who the Settlement Master determined were not eligible to receive a

---

[1] The Endo Defendants previously moved for, and this Court has entered, CMO No. 151 – Clarifying the Deadline to Comply with Case Management Order No. 126 for Plaintiffs Deemed Ineligible for the Confidential Master Settlement by Special Master Randi Ellis. The deadlines imposed by CMO 151 remain unaltered.

settlement payment in the respective confidential settlement programs are directed to immediately advise such client(s) in writing of CMO 126, CMO 151, and this Order and to verify their compliance in writing on the individual case docket, unless Plaintiffs' counsel have already satisfied this obligation in compliance with CMO 151.

       3.      To the extent counsel for Plaintiffs make reasonable efforts to immediately advise their client(s) in writing of this Order (or CMO 151 where applicable) and CMO 126, consistent with the requirements of any applicable Rules of Professional Conduct, a failure of such client(s) to meet their obligations under such Orders shall not subject the client(s) or their counsel to any sanction other than dismissal of the case(s) with prejudice.

### AbbVie Cases

       1.      Plaintiffs with cases pending against the AbbVie Defendants who the Settlement Master determines are not eligible to receive a settlement payment in the confidential settlement program shall be deemed Litigating Plaintiffs under CMO 126 and CMO 143 and subject to all terms therein. The period for compliance with paragraph B.9 of CMO 126 for Plaintiffs who the Settlement Master determines are not eligible to receive a settlement payment shall extend to ninety (90) days following the date the Settlement Master designates as the end of the Claims Package Incomplete Curing Period, which shall be published on the AndroGel Settlement Portal. The deadlines for compliance for all other Plaintiffs remain as set forth in CMO 126. **Any Plaintiff who fails to comply with CMO 126, CMO 143, and this Order will be at risk of having this Court dismiss the case with prejudice.**

       2.      Counsel for Plaintiffs with cases pending against the AbbVie Defendants who the Settlement Master determined were not eligible to receive a settlement payment in the confidential settlement program are directed to advise such client(s) in writing of CMO 126, CMO 143, and this Order immediately after the date the Settlement Master designates as the end of the

Claims Package Incomplete Curing Period, which shall be published on the AndroGel Settlement Portal, and to verify their compliance in writing on the individual case docket.

3. To the extent counsel for Plaintiffs make reasonable efforts to advise their client(s) in writing of CMO 126, CMO 143, and this Order, consistent with the requirements of any applicable Rules of Professional Conduct, a failure of such client(s) to meet their obligations under such Orders shall not subject the client(s) or their counsel to any sanction other than dismissal of the case(s) with prejudice.

### Actavis Cases

1. Plaintiffs with cases pending against one or more Actavis Defendants who the Settlement Master determines are not eligible to receive a settlement payment in the confidential Androderm Settlement Program shall be deemed Litigating Plaintiffs under CMO 144 and subject to all terms therein. The period for compliance with paragraph B.9 for Plaintiffs who the Settlement Master determines are not eligible to receive a settlement payment in the confidential Androderm Settlement Program shall extend to ninety (90) days following the date for completion of the Claim Package Deficiency Curing Period as set forth on the Androderm Settlement Program Claims Process Timeline. The deadlines for compliance for all other Plaintiffs remain as set forth in CMO 144. **Any plaintiff who fails to comply with CMO 144 and this Order will be at risk of having this Court dismiss the case with prejudice.**

2. Counsel for Plaintiffs with cases pending against one or more Actavis Defendants who the Settlement Master determines are not eligible to receive a settlement payment in the confidential Androderm Settlement Program are directed to advise such client(s) in writing of CMO 144 and this Order immediately after the date for completion of the Claim Package

-5-

Deficiency Curing Period as set forth in the Androderm Settlement Program Claims Process Timeline and to verify their compliance in writing on the individual case docket.

       3.      To the extent counsel for Plaintiffs make reasonable efforts to advise their clients in writing of CMO 144 and this Order, consistent with the requirements of any applicable Rules of Professional Conduct, a failure of such client(s) to meet their obligations under such Orders shall not subject the client(s) or their counsel to any sanction other than dismissal of the case(s) with prejudice.

**IT IS SO ORDERED**.

Dated: June 4, 2019

                                                           _____
                                                           MATTHEW F. KENNELLY
                                                           UNITED STATES DISTRICT JUDGE