# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| IN RE: TESTOSTERONE REPLACEMENT THERAPY PRODUCTS LIABILITY LITIGATION | MDL No. 2545<br>Case No. 14 C 1748 |
| This document relates to<br><br>*Smith v. Auxilium Pharmaceuticals, Inc.*,<br>No. 15 C 1340 | |

## CASE MANAGEMENT ORDER NO. 153
(Memorandum Opinion and Order on Plaintiff Smith's Motion to Transfer Venue Under 28 U.S.C. § 1404(a) or for a 90-Day Extension of the Deadline to Comply with CMO 126 in *Smith v. Auxilium Pharmaceuticals, Inc.*, No. 15 C 1340)

MATTHEW F. KENNELLY, District Judge:

Plaintiff Donald Smith alleges that defendant Auxilium Pharmaceuticals, Inc. misrepresented that its testosterone replacement therapy drug, Testim, is a safe and effective treatment for hypogonadism. He further alleges that he suffered an injury called spontaneous osteonecrosis as a result of using Testim. Osteonecrosis is a bone disease that can cause bones to collapse. Smith originally filed his case in the United States District Court for the Central District of California. The Judicial Panel on Multidistrict Litigation (JPML) later transferred Smith's case to this Court for inclusion in the above-captioned multidistrict litigation proceeding. In December 2018, Smith's then-counsel informed Auxilium's counsel that, in his opinion, Smith's case "is not eligible for the [Endo Defendants'][1] settlement program so there is no point in entering it." Smith Reply to Motion to Transfer, Ex. 1 at 1. To date, Smith has neither submitted a claim for

---

[1] Auxilium Pharmaceuticals, Inc. is one of the Endo Defendants.

settlement nor complied with Case Management Order 126. CMO 126 requires a plaintiff who has elected not to settle under the Endo Defendants' voluntary settlement program to provide certain materials no later than 90 days after the date he elects not to settle his claims.

On April 19, 2019, this Court ordered Smith to either file a stipulation dismissing the Endo Defendants with prejudice before May 10, 2019 or show cause in writing by no later than May 10, 2019, why his case should not be dismissed under CMO 126, paragraph B.11 for failure to comply with the CMO 126 obligations of paragraphs B.9 and B.10. On May 9, 2019, in response to the Court's order, Smith filed a motion under 28 U.S.C. § 1404(a) to transfer his case the United States District Court for the Central District of California. Smith argued, among other things, that neither the parties nor this Court "benefit from this case's inclusion in the MDL" because osteonecrosis is not one of the "very specific cardiovascular injuries" that have been the focus of this MDL proceeding. Smith Response to Show-Cause Order at 1-2.

Smith has since conceded that this Court lacks the authority to grant his § 1404(a) motion. *See Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 41 n.4 (1998) ("[T]he statutory language of § 1407 precludes a transferee court from granting any § 1404(a) motion . . . ."). He now asks the Court to remand his case to the United States District Court for the Central District of California (the transferor court) under 28 U.S.C. § 1407(a). In the alternative, Smith asks for a 90-day extension of the deadline to comply with CMO 126. Auxilium responds that it will agree to a 30-day extension of that deadline. But it asks the Court to immediately dismiss the case with prejudice if Smith fails to comply, rather than give him "an additional 21 days to respond

to another order to show cause." Auxilium Opposition at 1 n.1.

The Court denies Smith's motion to transfer under § 1404(a). *See Lexecon*, 523 U.S. at 41 n.4. Considering the unique nature of Smith's injury (as compared with the injuries claimed in virtually all of the other cases in the MDL) and the unexpected death of his counsel, the Court gives Smith 90 days from the date of this order to comply with CMO 126. If Smith fails to comply, the Court will dismiss his case with prejudice. Finally, the authority to remand Smith's case to the transferor court lies solely with the JPML, but this Court can submit a suggestion of remand to the JPML. *See, e.g.*, *In re Ameriquest Mortg. Co.*, No. 05 C 7097, 2016 WL 344476, at *4 (N.D. Ill. Jan. 28, 2016); *Eastman v. Biomet, Inc.*, No. 3:15-CV-585-RLM-CAN, 2016 WL 1425954, at *2 (N.D. Ind. Apr. 11, 2016). If Smith wants the Court to consider submitting a suggestion of remand, he must file a supplemental brief that more thoroughly addresses how the legal standards for such a request apply to the facts of his case. *See, e.g.*, *In re Ameriquest*, 2016 WL 344476, at *4-5; *Eastman*, 2016 WL 1425954, at *1-2. Should Smith choose to do so, the briefing process will *not* toll the 90-day deadline for complying with CMO 126.

                                                                          _____
                                                                           MATTHEW F. KENNELLY
                                                                           United States District Judge

Date: June 17, 2019