IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: TESTOSTERONE ) <br> REPLACEMENT THERAPY ) <br> PRODUCTS LIABILITY LITIGATION ) <br> ---------------------------------------------------------------) <br> THIS DOCUMENT RELATES TO ) <br> *Yount v. Eli Lilly & Co.*, No. 15 C 3486 ) | Case No. 14 C 1748 <br><br> MDL No. 2545 |

**CASE MANAGEMENT ORDER NO. 165**
**(Order on Defendants' Motion in Case No. 15 C 3486 to Dismiss Entire Action with Prejudice for Failure to Comply with Case Management Orders 126 and 154)**

Bradley and Consolacion Yount (collectively, Yount) assert claims in this multidistrict litigation proceeding against defendants Eli Lilly & Co., Lilly USA, LLC, Acrux Commercial Pty Ltd., and Acrux DDS Pty Ltd. (collectively, the Eli Lilly Defendants). Yount alleges that he suffered cardiovascular injuries as a result of taking the Eli Lilly Defendants' prescription testosterone replacement therapy (TRT) drug, Axiron. The Eli Lilly Defendants have moved to dismiss Yount's case with prejudice. For the following reasons, the Court grants the motion.[1]

In February 2019, Yount's counsel moved to withdraw from representation. The Court denied the motion and ordered Yount and his counsel to participate in a status hearing by telephone on March 12, 2019. *See* March 6, 2019 Order (Dkt. No. 26). Yount did not participate. Accordingly, the Court granted Yount's counsel's motion to withdraw from representation, meaning that Yount is now proceeding without an

---

[1] Yount previously stipulated to the voluntary dismissal with prejudice of his claims against defendants AbbVie Inc., Abbott Laboratories, AbbVie Products LLC, Unimed Pharmaceuticals, LLC, Besins Healthcare Inc. and Besins Healthcare, S.A., for cardiovascular injuries he allegedly suffered as a result of taking those defendants' prescription TRT drug, AndroGel.

attorney. *See* March 12, 2019 Order (Dkt. No. 27.) The Court also ordered Yount to show cause in writing by April 2, 2019 why his case should not be dismissed for want of prosecution. *Id.* Yount filed a written response on April 2, 2019. Finding the response satisfactory, the Court did not dismiss Yount's case.

On June 3, 2019, the Eli Lilly Defendants filed a motion for an order to show cause why Yount's case should not be dismissed with prejudice for failure to comply with the discovery obligations set forth in Case Management Order No. 126. *See* Defs.' June 3, 2019 Mot. (Dkt. No. 30). CMO 126 applies, in relevant part, to "Litigating Plaintiffs"—that is, plaintiffs "who have cases pending against" the Eli Lilly Defendants as of June 11, 2018 "and elect not to settle under the voluntary settlement program." CMO 126 (Case No. 14 C 1748, Dkt. No. 2716) at 1. Yount is a Litigating Plaintiff. CMO 126 requires Litigating Plaintiffs to provide the Eli Lilly Defendants with certain documents and/or information by "no later than 90 days after the date [the] Litigating Plaintiff elects not to settle his/her claims." *Id.* at B.9, B.10. The documents and information that Litigating Plaintiffs must provide include documentation required under Third Amended CMO 9, as well as pharmacy records, medical records, expert reports, and an affidavit certifying compliance with discovery obligations set forth in CMO 126 and Third Amended CMO 9. *See id.* at B.9. If a Litigating Plaintiff fails to timely comply with these obligations, "the Court shall issue an 'Order to Show Cause Why the Case Should Not Be Dismissed With Prejudice and/or Sanctions Ordered.'" *Id.* at B.11. A Litigating Plaintiff has 21 days to respond to that order, "which includes the ability to cure the alleged discovery deficiency." *Id.* If the Litigating Plaintiff fails to show cause within 21 days of the entry of the Court's order, "the Court shall dismiss the Litigating

Plaintiff's case with prejudice and may impose additional sanctions the Court deems appropriate." *Id.*

In their motion for a show-cause order in Yount's case, the Eli Lilly Defendants informed the Court that Yount declined a settlement offer under the Axiron Settlement Program on February 6, 2019. *See* Defs.' June 3, 2019 Mot. at 3. They also informed the Court that as of June 3, 2019, Yount had not complied with the discovery obligations of CMO 126. *See id.* at 4. Accordingly, on June 21, 2019, the Court ordered Yount to "either file a stipulation dismissing the Eli Lilly Defendants with prejudice before July 10, 2019 at 9:30 a.m. (twenty-one (21) days from this Order) or show cause in writing by no later than July 9, 2019 why [his] case should not be dismissed under CMO 126, paragraph B.11 for failure to comply with the CMO 126 obligations of paragraphs B.9 and B.10." CMO 154 (Dkt. No. 34) at 1.

To date, Yount has not filed a response to the Court's show-cause order. On September 18, 2019, the Eli Lilly Defendants moved to dismiss Yount's case with prejudice for failure to comply with both CMO 126 and the Court's show-cause order, CMO 154. *See* Defs.' September 18, 2019 Mot. (Dkt. No. 37). Because Yount has failed to comply with the discovery obligations of CMO 126 and has not responded to the Court's show-cause order, the Court grants the Eli Lilly Defendants' motion and dismisses Yount's case with prejudice.

Yount has a right to appeal this decision. If he wishes to do so, he may file a motion for reconsideration before this Court under Federal Rule of Civil Procedure 59(e) "no later than 28 days after the entry of the judgment," *see* FED. R. CIV. P. 59(e), or Federal Rule of Civil Procedure 60(b) "within a reasonable time," *see* FED. R. CIV. P.

60(b), 60(c)(1). If advancing arguments under Rule 60(b)(1)-(3), Yount must file his motion "no more than a year after the entry of the judgment or order." FED. R. CIV. P. 60(c)(1). Alternatively, Yount may appeal this order to the Court of Appeals for the Seventh Circuit. To do so, he must file a notice of appeal with the district clerk within 30 days after the entry of judgment on this order and "furnish the clerk with enough copies of the notice to enable the clerk to comply with Rule 3(d)." See FED. R. APP. P. 3(a)(1), 4(a)(1)(A). He should also review the Federal Rules of Appellate Procedure and the Circuit Rules for the United States Court of Appeals for the Seventh Circuit, which set forth additional requirements and deadlines.

## Conclusion

In sum, the Court grants defendants' motion to dismiss (Case No. 15 C 3486), Dkt. No. 37) and directs the Clerk to enter judgment dismissing this case with prejudice. The Court also directs the Clerk to place the plaintiff's letter (Dkt. No. 28) under seal because it discloses the settlement amount for plaintiffs case.

                                                    _____
                                                        MATTHEW F. KENNELLY
                                                        United States District Judge

Date: December 2, 2019