IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: TESTOSTERONE ) <br> REPLACEMENT THERAPY ) <br> PRODUCTS LIABILITY LITIGATION ) <br> ----------------------------------------------------------------) <br> THIS DOCUMENT RELATES TO ) <br> *Leschyshyn v. AbbVie Inc.*, No. 17 C 1778 ) | Case No. 14 C 1748 <br><br> MDL No. 2545 |

CASE MANAGEMENT ORDER NO. 167
(Order on Motion for Attorney Representation
in *Leschyshyn v. AbbVie Inc.*, No. 17 C 1778)

The plaintiffs in this multidistrict litigation (MDL) proceeding allege that they suffered either arterial cardiovascular injuries or injuries related to blood clots in the veins as a result of taking prescription testosterone replacement therapy (TRT) drugs. Plaintiff Alan Leschyshyn is asserting claims in this MDL against defendants AbbVie Inc. and Abbott Laboratories (collectively, AbbVie) for injuries allegedly caused by their TRT drug AndroGel. Though this case is proceeding within the MDL, Leschyshyn alleges atypical injuries. Specifically, he maintains that his use of AndroGel caused him to engage in "[c]ompulsive behaviors such as gambling or risk-taking" which "led to professional . . . sanctions and incarcerat[ion] for conspiracy to commit fraud and money laundering, etc." Master Short Form Complaint ("Compl."), Case No. 17 C 1778, Dkt. 12 ¶ 14. He also alleges that AndroGel use caused "overspending," "[m]emory impairment," and hypomania. *Id.* Leschyshyn is incarcerated in a federal prison and says that he is indigent. He has filed a renewed motion asking this Court to appoint an attorney to represent him. For the following reasons, the Court denies the motion.

**Procedural History**

Leschyshyn filed his first motion for attorney representation on June 28, 2018. He argued that he needed an attorney to represent him because he is a "layman at law," indigent, and lacks direct access to PACER. Pl.'s June 2018 Mot., Case No. 17 C 1778, Dkt. 19, at 2. An attorney, he contended, would be able to assist him with the "voluminous amount of information" in this MDL. *Id.* at 1. Significantly, Leschyshyn filed the motion approximately six weeks after the Court dismissed with prejudice a slew of cases, including his, for failure to comply with discovery obligations outlined in a previous case management order. *See* Case Mgmt. Order (CMO) No. 118, Case No. 14 C 1748, Dkt. 2612. In separate motions filed in June, July, and October 2018, Leschyshyn asked the Court to reconsider the dismissal and reinstate his case.

In November 2018, the Court reinstated the case after determining that Leschyshyn's neglect in timely satisfying the discovery obligations was excusable under Federal Rule of Civil Procedure 60(b)(1). *See* CMO No. 140, Case No. 17 C 1778, Dkt. 26, at 13-14. After reinstating the case, the Court determined that it needed more information to determine whether to ask an attorney to represent Leschyshyn. Accordingly, the Court ordered Leschyshyn to submit "(1) a print-out from the correctional institution(s) where he has been in custody during the last year showing all receipts, expenditures, and balances in his prison trust fund account(s) during that time; [and] (2) a completed copy of the form titled 'Motion for Attorney Representation' that is used in the United States District Court for the Northern District of Illinois." CMO No. 145, Case No. 17 C 1778, Dkt. 28, at 2. The Court also ordered AbbVie's counsel to "submit a copy of Leschyshyn's plaintiff fact sheet and plaintiff profile form"—documents

that contain information about Leschyshyn's claims and relevant medical history—so that the Court could "make a better assessment of Leschyshyn's case." *Id.* at 3. Leschyshyn and AbbVie's counsel promptly submitted these documents.

On February 6, 2019, the Settlement Master informed the Court that an attorney affiliated with the MDL Plaintiffs' Steering Committee was voluntarily helping Leschyshyn with settlement efforts. Among other things, the attorney had registered Leschyshyn for AbbVie's voluntary settlement program and submitted his claim for consideration. Because Leschyshyn was receiving assistance from counsel, albeit informally, the Court did not rule on his motion for attorney representation. On August 1, 2019, the Settlement Master informed the Court that she had determined Leschyshyn was ineligible to receive a settlement payment due to the nature of his alleged injuries. Specifically, under the metrics that the parties had previously established for the voluntary settlement program, altered mental status is not, on its own, a compensable injury. The Settlement Master also informed the Court that Leschyshyn had appealed the ineligibility determination and that she had denied the appeal.

Shortly thereafter, Leschyshyn requested an update on the status of his motion for attorney representation. In response, the Court denied the motion without prejudice and gave him leave to refile it "along with an updated explanation for why he believes that appointment of counsel is appropriate given the particular circumstances of his case"; and ordered him to submit (1) updated documentation concerning receipts, expenditures, and balances in his prison trust fund account(s) during the last year, and (2) an updated copy of the form titled Motion for Attorney Representation. CMO No. 159, Case No. 17 C 1778, Dkt. 35, at 1-2. The Court also gave Leschyshyn extra time

3

to comply with the discovery obligations for plaintiffs deemed ineligible for settlement who wish to continue prosecuting their cases ("Litigating Plaintiffs"). Leschyshyn then filed a renewed motion for attorney representation and submitted the documentation the Court had requested in CMO No. 159. The renewed motion is now before the Court.

## Discussion

"[T]here is no constitutional or statutory right to court-appointed counsel in federal civil litigation." *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007); *see also, e.g., Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014). But a court has discretion to "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1); *see Pruitt*, 503 F.3d at 649. In deciding a motion for attorney representation, the court must assess (1) whether "the indigent plaintiff made a reasonable attempt to obtain counsel or [has] been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt*, 503 F.3d at 654; *Olson*, 750 F.3d at 711 (same).

The Court assumes for purposes of discussion that Leschyshyn is indigent. An authorized officer certified that in September 2019, Leschyshyn had a balance of $100 in his prison trust fund account and that his average monthly deposit during the past six months was $376. *See* Fin. Affid., Case No. 17 C 1778, Dkt. No. 36, at 4. And he says that he has "a large restitution obligation of approx. $6.5 million." Applic. to Proceed Without Prepaying Fees or Costs, Case No. 17 C 1778, Dkt. No. 29, at 5.

The Court is satisfied that Leschyshyn "made a reasonable attempt to obtain counsel." *Pruitt*, 503 F.3d at 654. He contacted more than 100 attorneys and law firms, all of whom responded that they had "[n]o interest in [his] case." Pl.'s Renewed Mot. for

4

Attorney Rep., Case No. 17 C 1778, Dkt. 37, at 1, 3.

The Court next assesses whether Leschyshyn "appear[s] competent to litigate [the case] himself" considering its difficulty. *Pruitt*, 503 F.3d at 654. The issues of difficulty and competence "are necessarily intertwined." *Id.* at 655. The fact that an attorney could present a case more effectively is not the standard; if it were, "district judges would be required to request counsel for every indigent litigant." *Id.* (internal quotation marks omitted). "Rather, the question is whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself." *Id.* In deciding this, a court may consider the plaintiff's "literacy, communication skills, educational level, and litigation experience," as well as evidence "bearing on the plaintiff's intellectual capacity and psychological history" if it is available. *Id.* at 655. And in assessing the factual and legal difficulty of the plaintiff's claims, a court considers the subject matter and "the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Id.*

Leschyshyn contends that without an appointed attorney, he will be hamstrung given his status as an inmate, as he will not be able to attend depositions, hearings, or other proceedings except by telephone or, perhaps, video. He also states that he is "not set up" to receive electronic filings and that "[t]he Court is still not providing [him] a written copy of all dockets and/or case management orders as previously requested." Pl.'s Renewed Mot. at 4; *see also* Aug. 12, 2019 Letter, Case No. 17 C 1778, Dkt. 34 (stating that he lacks PACER access).

The Court acknowledges that litigating while incarcerated presents unique

5

challenges. But as noted, the standard is not whether a court-appointed attorney could present Leschyshyn's case more effectively, but rather whether he can coherently present the case himself. See *Pruitt*, 503 F.3d at 655. The Court concludes that he can. Leschyshyn, who is a college graduate, has advocated for himself consistently and clearly in this MDL. Initially, he filed a 39-page complaint with detailed citations to an array of sources. After his case was transferred into the MDL, he filed a master short-form complaint. Additionally, when the Court dismissed his case for failure to comply with certain discovery obligations, he cured the deficiencies and successfully moved for reinstatement. Finally, in July 2019, Leschyshyn verified that he has complied with relevant case management orders governing expedited discovery for Litigating Plaintiffs. He provided AbbVie with medical records documenting his alleged injuries; pharmacy records; "all medical records before first use of TRT to present"; "record collection production"; an affidavit verifying compliance with an earlier, discovery-related case management order; and expert reports. See Certificate of Compliance, Case No. 17 C 1778, Dkt. 33. Via these submissions, Leschyshyn has shown command not only of the relevant Federal Rules of Civil Procedure and case law, but also of the numerous case management orders that govern the MDL.

Leschyshyn contends that AndroGel caused him "[m]emory impairment." Compl. ¶ 14; *see also* Mot. for Recon. of Dismissal, Case No. 17 C 1778, Dkt. 20, at 2 (asserting that AndroGel use caused "cognitive deficits" that "impact[] [his] ability to litigate this case"). But for the reasons just noted, Leschyshyn's filings in the MDL suggest nothing of the sort. Instead, they show that he is educated, literate, able to communicate clearly, and adept at following procedural rules. He is fully capable of

6

gathering evidence, filing and responding to motions and court orders, and presenting his claims at trial.

The Court next considers the issue of the complexity of the case. The Seventh Circuit has flagged circumstances that "are typically more difficult for pro se plaintiffs"— and cases "involving complex medical evidence" are among them. *Pruitt*, 503 F.3d at 656; *see also, e.g.*, *James v. Eli*, 889 F.3d 320, 328 (7th Cir. 2018) (collecting cases). To be sure, most cases in this MDL—those in which plaintiffs allege that TRT caused either arterial cardiovascular injuries or injuries related to blood clots in the veins— present difficult medical, regulatory, and legal questions. Accordingly, the cases require, among other things, presentation of expert testimony. As noted, however, Leschyshyn's case is different from the claims of the other plaintiffs: he alleges that AndroGel use altered his mental state and caused him to engage in compulsive behavior such as conspiring to commit fraud and money laundering.

Leschyshyn's theories of injury are fanciful. Indeed, the Settlement Master has twice denied his claims because under the agreed settlement framework, altered mental state does not independently qualify for compensation. Although Leschyshyn says that he submitted an expert report to support his claims, the Court doubts that it is based on viable medical or scientific evidence. "[R]epresentation of an indigent party in a civil case does not extend to frivolous cases" such as those based on "fantastic or delusional factual allegations." *Holland v. City of Gary*, 503 F. App'x 476, 477-78 (7th Cir. 2013); *see also Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) ("[E]ven though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the indigent's claim are thin and his chances

7

of prevailing are therefore poor."); *Holmes v. Westside VA Hosp.*, No. 04 C 2287, 2007 WL 5649511, at *2 (N.D. Ill. Oct. 4, 2007) ("[T]here would be no appropriate basis to appoint counsel to represent a *pro se* party on claims that have been characterized as delusional."), *aff'd*, 297 F. App'x 522 (7th Cir. 2008). On this score, it is worth noting that attorneys who represent plaintiffs in products liability/personal injury cases take them on a purely contingent-fee basis—that is, without requiring any advance payment of fees or costs—if they are satisfied, after sufficient vetting, that the case has potential merit. Even if Leschyshyn might not be considered to be on an equal footing given his incarceration, it is somewhat telling that none of the many lawyers he says he has contacted has been willing to take the case. In sum, Leschyshyn advances "fantastic [and] delusional" claims, and this weighs against him in the Court's analysis. *Holland*, 503 F. App'x at 477.

The Court recognizes that MDLs, including this one, involve procedural complexities that may be especially challenging for pro se litigants. But as discussed above, Leschyshyn has shown that he can competently navigate the intricacies of this MDL. The Court is confident that Leschyshyn can continue doing so through expedited discovery and trial. "[A]mong a sea of people lacking counsel," Leschyshyn is not someone "who need[s] counsel the most." *Olson*, 750 F.3d at 711.

## Conclusion

For the foregoing reasons, the Court denies Leschyshyn's renewed motion for attorney representation [dkt. no. 37].

Date: February 10, 2020

_____
MATTHEW F. KENNELLY
United States District Judge