**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re: TESTOSTERONE REPLACEMENT THERAPY PRODUCTS LIABILITY LITIGATION )<br>)<br>)<br>) | Case No. 1:14-cv-01748<br>MDL No. 2545 |
| This Document Relates To:<br>*Phillips v. AbbVie, Inc.*, No. 14 C 8445, and<br>*All Cases* )<br>)<br>)<br>) | |

**CASE MANAGEMENT ORDER NO. 171
(Request to PSC for Comment on Common Benefit Fees)**

On May 5, 2020, counsel for Plaintiff Ernie Phillips asked the Court to either waive or reduce the common benefit fee amount in Mr. Phillips' case (Case No. 14 C 8445, dkt. no. 15). Counsel stated that after costs, common benefit fees, common benefits costs, and the contracted contingency fee, Mr. Phillips' gross settlement award "left him owing money." Counsel decided to waive the contingency fee, but that did not solve the problem. Counsel pointed out that the common benefit fee is based on a percentage of Mr. Phillips' recovery *before* costs, and that Mr. Phillips' contingency fee agreement calls for a 1/3 fee *after* costs. According to Mr. Phillips' counsel, the appropriate common benefit fee in Mr. Phillips' case—if any—should be based on a percentage of Mr. Phillips' recovery after costs. Mr. Phillips' counsel further stated that, based on discussions with the Settlement Master and a member of the Plaintiffs' Steering Committee, he understands that only the Court can reduce or waive the common benefit fee in Mr. Phillips' case.

After communicating with the Settlement Master, the Court learned that many plaintiffs' attorneys have complained that the common benefit fee percentage is too high. In some cases, the attorneys have stated, the common benefit fee (combined with

the other fees and costs) has reduced plaintiffs' settlement awards to zero or has left plaintiffs "owing" money. The Court reiterates that "common benefit fees are to come out of each plaintiff's individual attorney's contracted fee percentage, not out of the plaintiff's net recovery." (*See* Nov. 16, 2018 Minute Entry, Case No. 14 C 1748, dkt. no. 2917.) Accordingly, in cases where the common benefit fee exceeds the contracted contingency fee amount, it is plaintiffs' attorneys—not plaintiffs—who owe the difference. It is the Court's understanding that most plaintiffs' attorneys, where applicable, have waived their contingency fee and/or absorbed litigation costs to ensure that their clients receive a recovery. Mr. Phillips' attorney has waived the contingency fee, but he does not appear to have absorbed litigation costs.

The Court directs the Plaintiffs' Steering Committee to provide a recommendation on Mr. Phillips' attorney's request to reduce or waive the common benefit fee by May 29, 2020. The PSC should address the following issues: (1) Would it be fair for the Court entertain Mr. Phillips' attorney's request? (2) If the Court were to entertain the request, should it wait to make a decision until after it has determined how much of the common benefit holdback should be disbursed? (3) Is there merit to the argument that the common benefit fee percentage is too high? (4) If the answer to question (3) is no, please explain why. If the answer to question (3) is yes, is it possible to remedy the issue without recalculating plaintiffs' recoveries in every case? For example, could the Court redistribute leftover common benefit holdback funds (if any) to plaintiffs' attorneys that incurred losses on individual cases?

Mr. Phillips may file a response to the PSC's submission by June 5, 2020.

MATTHEW F. KENNELLY
United States District Judge

Date: May 21, 2020