**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: TESTOSTERONE REPLACEMENT THERAPY PRODUCTS LIABILITY LITIGATION | ) ) ) | Case No. 14 C 1748 |
| | ) | MDL No. 2545 |
| ------------------------------------------------- | ) | |
| This document relates to: *Martin v. Actavis*, No. 15 C 4292 | ) ) | |

**CASE MANAGEMENT ORDER NO. 180
(Trial time allocation for *Martin v. Actavis* bellwether trial)**

MATTHEW F. KENNELLY, District Judge:

In this order, the Court sets time limits regarding the upcoming bellwether trial in *Martin v. Actavis, Inc.*, Case No. 15 C 4292, which is set for trial on March 29, 2021.

The Court has previously determined to set reasonable limits on the amount of time for the parties to present their claims and defenses during the bellwether trials in this MDL proceeding, to prevent delay, ensure efficient presentation of the evidence and arguments, avoid unnecessary, cumulative, and repetitive evidence and arguments, and minimize undue burden on the jurors. It is well-established that a court has the authority to impose reasonable time limits on the parties at trial. *See* Fed. R. Civ. P. 16(c)(4) & (15); Fed. R. Evid. 611(a).

The Court has developed a great deal of familiarity with the cases from presiding over extended pretrial proceedings and, in particular, from trying a number of previous bellwether cases to verdict. The parties in the early bellwether trials estimated that the trials should take approximately three weeks. Based on the Court's experience in presiding over the previously-held bellwether trials, that was an overly generous

estimate that essentially assumed unnecessary repetition of points and presentation of unnecessarily cumulative evidence. The Court also notes that even with the shorter-than-three-weeks limits imposed in each of the previous bellwether trials, there was a significant amount of undue repetition in each trial, even as the Court's time limitations shortened with successive trials. The Court continues to believe that a trial in this MDL proceeding reasonably can and should be tried in a period of no more than two weeks.

The length of an average trial day in this courthouse is, and long has been, five hours. Thus a three week (fifteen day) trial typically would involve no more than seventy-five hours; a two-and-one-half week (twelve or thirteen day) trial typically would involve no more than sixty or sixty-five hours; and a two week (ten day) trial typically would involve no more than fifty hours.

The Court allocates a total of fifty-eight hours to the trial in *Martin v. Actavis*, not counting jury selection. Given the ordinary allotment of five hours per trial day, this is the equivalent of a trial of a little under twelve days, not counting jury selection. Because, however, the Court will hold a longer-than-normal trial day, fewer than twelve days will be required.

The Court sets aside the following dates for trial to the extent necessary: March 29-April 2, 2021, and April 5-9, 2021, plus further dates after April 9 as necessary. The trial day typically will extend from 9:30 a.m. to 12:30 p.m. and from 1:30 p.m. to 5:00 p.m., with mid-morning and mid-afternoon breaks. The Court notes that this is longer than its typical trial day and will result in a trial day of around six hours. The Court reserves the right to extend any given trial day to 5:15 or 5:30 if warranted in order to complete the trial within the dates set aside.

The Court will allocate half of the trial time to plaintiff and half to defendants. Time will count against a side's allocation whenever it is questioning a witness, arguing an objection or other matters to the Court, making an opening statement or closing argument, or otherwise presenting its case. <u>Time spent arguing evidentiary or other *in limine* matters after the final pretrial conference, including the Court's review of written submissions on such matters, will count against a side's allocation.</u>[1] The Court also reserves the right to count the time spent following the start of the trial arguing jury instruction issues. Time used for questions to witnesses by jurors will not be allocated to either side.

If a party intends to read or play deposition testimony before the jury, this may require the Court to rule on objections to designated testimony. The reading of deposition testimony will, of course, constitute trial time. Time will count against a side's allocation for all testimony that side has designated to be read. The parties are directed to confer prior to the presentation of any deposition testimony to attempt to agree upon how the time spent reading or playing the deposition should be allocated as between the parties. In this regard, the Court encourages the parties to do their best to pare down deposition testimony to significant and non-repetitive matters. In addition, all such time the Court spends before or during trial considering each party's objections to deposition testimony is time that would be spent in court were the witnesses being presented live. For this reason, that time will count against the side making the objection, unless and to the extent that the Court determines that the party designating

---

[1] Time the Court spends reviewing written *in limine* submissions and hearing argument on such matters prior to or during the final pretrial conference will not count against a party's allocation.

the objected-to testimony has designated testimony that has limited probative value, is otherwise unduly repetitive or cumulative, or is patently inadmissible on other grounds.

The allocation of fifty-six hours is subject to reduction based on rulings barring or limiting claims, precluding opinion witness testimony, and excluding or limiting evidence via *in limine* rulings and rulings made during trial. In addition, based on its observation and review of the opening statements and closing arguments at the previous bellwether trials, the Court has determined that the length of those parts of the trial should have specific time limitations. Opening statements may not exceed 45 minutes per side, and closing arguments may not exceed a total of 75 minutes per side (plaintiff's counsel may allocate time between opening and rebuttal as he wishes).

The Court reserves the right to adjust the total time and each side's allocation upward or downward for good cause. Good cause to reduce the allocation may include, among other things, rulings made hereafter barring or limiting claims, precluding opinion witness testimony, and excluding or limiting evidence via *in limine* rulings and rulings made during trial. In addition, good cause to adjust an allocation downward may include, among other things, presenting unduly cumulative testimony or evidence, unduly presenting evidence of minimal probative value, or making unwarranted objections to testimony or exhibits.

With regard to exhibits, the Court directs the parties to confer promptly to attempt to pare down their exhibit lists, resolve foundational objections to exhibits by stipulation or otherwise, and attempt to narrow objections to exhibits to the extent reasonably possible. This is in both sides' interest, as it will reduce the time needed for resolving objections at trial. The Court reserves the right to impose an overall limit on the number

of exhibits introduced by each side.

Further particulars of the rules for time allocation may be addressed at or before the trial.

In addition, the Court will exercise its authority pursuant to Federal Rule of Evidence 611 to require that each witness will be called only once and will not be recalled later in the case, except to rebut evidence offered later that the party wishing to recall the witness could not reasonably have anticipated. Consistent with this directive, there will be no restriction on the scope of cross-examination of a witness called by an adverse party. In addition, examination of a witness beyond redirect (beyond "recross," for a witness called by an adverse party) will not be permitted absent a showing at sidebar—for which the requesting party will be charged time—that the immediately preceding examination by the other side raised new points that the party has been unable to address adequately.

To minimize interruptions in the jury's receipt of evidence, the Court will limit the number and extent of sidebar conferences while the jury is present in the courtroom. If a party anticipates that a matter may come up during a witness's testimony that will require discussion outside the jury's presence, the party should raise the matter beforehand at a break. Where this does not occur, and discussion outside the jury's presence is requested or is necessary, the Court may require the testimony to proceed while holding to the next break the issue to be discussed.

Finally, the Court reminds the parties that it expects and directs counsel for both sides to advise witnesses in advance of their testimony of *in limine* rulings that may impact the witness's testimony—in particular, rulings that preclude or limit admission of

evidence about which the witness might otherwise testify.

Date:  December 2, 2020
_____
MATTHEW F. KENNELLY
United States District Judge