IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: TESTOSTERONE )<br>REPLACEMENT THERAPY )<br>PRODUCTS LIABILITY LITIGATION )<br>------------------------------------------------------------------)<br>THIS DOCUMENT RELATES TO )<br>*Leschyshyn v. AbbVie Inc.*, No. 17 C 1778 ) | Case No. 14 C 1748<br><br>MDL No. 2545 |

CASE MANAGEMENT ORDER NO. 184
(Order on plaintiff's motion for reconsideration
in *Leschyshyn v. AbbVie Inc.*, No. 17 C 1778)

*Pro se* plaintiff Alan Leschyshyn, who filed a personal injury action within this multidistrict litigation (MDL) proceeding, has moved for reconsideration of the Court's order granting summary judgment in favor of Defendants AbbVie Inc. and Abbott Laboratories (collectively, AbbVie). For the following reasons, the Court denies the motion.

**Background**

In his lawsuit, Leschyshyn alleged that his use of AndroGel—AbbVie's prescription testosterone replacement therapy (TRT) drug—caused him to develop memory impairment, hypomania, and compulsive behaviors such as gambling and risk-taking. These behaviors, he alleged, caused him to participate in financial crimes for which he is now serving a federal prison sentence. Leschyshyn asserted tort claims against AbbVie under Arizona law.

On the same day he filed this lawsuit, Leschyshyn filed a medical malpractice lawsuit in Arizona state court against the physician who prescribed him AndroGel. He alleged that AndroGel (and another drug, Parlodel) caused the same harmful behaviors

at issue here, and argued that the physician prescribed the drugs without warning him about those potential side effects. The Superior Court of Maricopa County, Arizona determined that Arizona's two-year statute of limitations for personal injury actions barred the claims and granted summary judgment in the physician's favor. *See Leschyshyn v. Patel*, No. 1 CA-CV 18-0402, 2019 WL 1276203, at *1 (Ariz. Ct. App. Mar. 25, 2019). The Arizona Court of Appeals affirmed. *See id.* The Arizona Supreme Court denied Leschyshyn's petition for review, and the United States Supreme Court denied his petition for a writ of certiorari.

On February 8, 2021, the Court granted AbbVie's motion for summary judgment in the instant case. AbbVie had argued that, as in the medical malpractice lawsuit, Leschyshyn's claims were time-barred under Arizona's two-year statute of limitations. Leschyshyn responded that he was entitled to tolling of the statute of limitations under Arizona's "unsound mind" exception. *See* ARIZ. REV. STAT. ANN. § 12-502 (West 2020). AbbVie countered that the doctrine of issue preclusion prohibited Leschyshyn from advancing the unsound mind theory because he had fully litigated that theory in the Arizona lawsuit, a final judgment was entered in the lawsuit, and the unsound mind issue was essential to the final judgment. The Court concluded that AbbVie was correct.

The Court observed, however, that Leschyshyn could be understood as making standard discovery rule arguments in addition to his tolling argument. The Court therefore considered the discovery rule arguments and determined that they, too, failed as a matter of law. One of the arguments, the Court explained, was completely intertwined with the unsound mind theory and therefore prohibited under the doctrine of

2

issue preclusion. The other argument—that AbbVie allegedly prevented Leschyshyn from learning the cause of his injury by failing to warn of the relevant side effects—was underdeveloped and therefore forfeited. Accordingly, the Court granted AbbVie's motion for summary judgment and directed the Clerk to enter judgment in favor of AbbVie and against Leschyshyn. Leschyshyn filed his motion for reconsideration on March 2, 2021.

## Discussion

Leschyshyn did not style his motion for reconsideration under any Federal Rule of Civil Procedure. Because he filed the motion within 28 days of the entry of judgment, the Court interprets it as a Rule 59(e) motion. *See* FED. R. CIV. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."). A court can grant a Rule 59(e) motion "only where the movant clearly establishes: (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Barrington Music Prods., Inc. v. Music & Arts Ctr.*, 924 F.3d 966, 968 (7th Cir. 2019) (internal quotation marks omitted); *see also, e.g.*, *Obriecht v. Raemisch*, 517 F.3d 489, 494 (7th Cir. 2008). "Rule 59(e) does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to judgment." *Barrington Music*, 924 F.3d at 968 (internal quotation marks omitted). Leschyshyn has not cleared the high bar necessary to obtain relief under this rule.

First, he challenges the Court's determination that the doctrine of issue preclusion prohibited him from advancing his unsound mind theory. Under Arizona law,

3

the doctrine of issue preclusion "precludes relitigating an issue of fact in a later case when, in a previous case, the same issue was 'actually litigated, a final judgment was entered, and the party against whom the doctrine is to be invoked had a full and fair opportunity to litigate.'" *Crosby-Garbotz v. Fell in & for Cty. of Pima*, 246 Ariz. 54, 55, 434 P.3d 143, 144 (2019) (quoting *Chaney Bldg. Co. v. City of Tucson*, 148 Ariz. 571, 573, 716 P.2d 28, 30 (1986)); *see* Order on Mot. for Summ. J., Case Management Order No. 181 (CMO 181) at 11. Leschyshyn argues that the term "previous case" referenced in Arizona's issue preclusion jurisprudence is "vague." Mot. for Reconsideration (Pl. Mot.) [63] at 2. He contends that it does not mean "a case previously decided," but rather a case that was filed at least one day before the "later case". *Id.* at 2-3. Leschyshyn argues that there was no "previous case" here because he filed the instant lawsuit and the medical malpractice lawsuit on the same date. *Id.* But he provides no legal support for his position and therefore does not establish that the Court made a manifest error of law in determining that he was barred from advancing his unsound mind theory.

Next, Leschyshyn contends that the Court erred in concluding that his standard discovery rule arguments failed as a matter of law. He addresses only the failure-to-warn argument. That argument was: AbbVie "failed to list these 2d level of behaviors (impaired judgment, impulse control disorder, hypomania) on the prescription insert as a possible side effect, *in order for Mr. Leschyshyn's doctor & himself to be aware & vigilantly monitor them*." Leschyshyn Opp. to Mot. for Summ. J. [58] at 3 (emphasis added). In its summary judgment order, the Court quoted the first part of this sentence but omitted the portion that now appears in italics. *See* CMO 181 at 15. The Court did

4

so because it considered the italicized portion to be inherent in a failure-to-warn argument. To the extent Leschyshyn argues that the omission was an error of fact or law, he is incorrect. The italicized language does not make the failure-to-warn argument any more developed. As for Leschyshyn's references to the lack of evidence that his prescribing physician monitored him for the relevant side effects or warned him that AndroGel can cause them, *see* Pl. Mot. at 2, 4, the Court recognized that there was no such evidence. *See, e.g.*, CMO 181 at 3. Nonetheless, it determined that Leschyshyn's failure-to-warn argument was forfeited as underdeveloped. Leschyshyn makes no coherent argument that the Court's conclusion was an error of fact or law.

In another attempt to revive his failure-to-warn argument, Leschyshyn submits a second report from his medical expert, Dr. Octavio Choi, dated June 27, 2019. *See* Pl. Mot., Ex. 3 [63] at PageID #:682-85. In the report, Dr. Choi opines that AndroGel's label was inadequate to warn a reasonable consumer of the potential risk that it can cause psychiatric side effects like hypomania and impulse control disorder. According to Leschyshyn, Dr. Choi's opinion supports his argument that AbbVie's alleged failure to warn prevented him from timely discovering the cause of his injuries. Regardless of whether Dr. Choi's opinion lends such support, it is not newly discovered evidence. Leschyshyn admits that he had Dr. Choi's second expert report in July 2019, when he filed a certificate of compliance with various MDL case management orders.[1] Leschyshyn could have used Dr. Choi's second report in opposing AbbVie's motion for

---

[1] Leschyshyn appears to suggest that he filed Dr. Choi's second expert report with the Court at that time, but he did not. Even if he had, it would not affect the Court's analysis because he did not discuss the report in opposing AbbVie's motion for summary judgment.

summary judgment, but he did not. He cannot properly do so now. *See Barrington Music*, 924 F.3d at 968 (Rule 59(e) "does not allow a party to introduce new evidence or advance arguments that could and should have been presented" before the court entered judgment).

Finally, Leschyshyn repeats boilerplate legal principles that he discussed in his opposition to AbbVie's motion for summary judgment. For example, he cites *Doe v. Roe*, 191 Ariz. 313, 324, 955 P.2d 951, 962 (1998), for the proposition that a court should avoid applying the discovery rule rigidly where there is evidence of "repressed memory" or where it is difficult for a plaintiff to detect his injury. The Court addressed these principles, including Leschyshyn's reliance on *Doe*, in the summary judgment order. Leschyshyn does not show that he is entitled to relief under Rule 59(e) by repeating them here.

## Conclusion

For the foregoing reasons, the Court denies Leschyshyn's motion for reconsideration [dkt. no. 63]

							_____
							MATTHEW F. KENNELLY
							United States District Judge

Date: March 11, 2021